Order Filed on June 8, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING THE SIMAD DEBTORS' IMMEDIATE USE OF CASH COLLATERAL AND EXISTING BANK ACCOUNTS FOR PURPOSES OF SATISFYING PREPETITION GROSS SALARIES, PAYROLL TAXES, AND OTHER CRITICAL EXPENSES, (II) AUTHORIZING THE SIMAD DEBTORS TO SATISFY AND DIRECT PAYROLL BANKS TO HONOR CERTAIN PREPETITION GROSS SALARIES AND PAYROLL TAXES OF THEIR EMPLOYEES, (III) AUTHORIZING THE SIMAD DEBTORS' CONTINUED USE OF THEIR CASH MANAGEMENT SYSTEM, HONOR CERTAIN**

**DATED: June 8, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

53352617

**PREPETITION OBLIGATIONS RELATED THERETO, AND CONTINUE
ADDITIONAL TRANSACTIONS, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9) is

**ORDERED**.

53352617

(Page | 2)

Debtors:          SIMAD HOLDINGS LTD., *et al.*

Case No.          26-16388 (CMG)

Caption of Order: Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

Upon the *SIMAD Debtors' Emergency Motion for Entry of An Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"), for entry of an emergency interim order (this "Emergency Interim Order") (a) authorizing the SIMAD Debtors' emergency use of cash, including cash collateral, and their existing bank accounts for purposes of satisfying prepetition gross salaries, payroll taxes and other emergent expenses, and granting adequate protection as set forth herein; (b) authorizing the SIMAD Debtors to direct their payroll banks to honor certain prepetition gross salaries, payroll taxes and other related expenses of their employees; and (c) authorizing, but not directing, the SIMAD Debtors to (i) continue using their cash management system, (ii) honor certain prepetition obligations related thereto, and (iii) continue additional transactions and funding consistent with

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

53352617

(Page | 3)
Debtors:  SIMAD HOLDINGS LTD., *et al.*
Case No.  26-16388 (CMG)
Caption of Order:  Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

the SIMAD Debtors' historical practices funded through a centralized account under the control of the SIMAD CRO; and (d) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in relation  to the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** on an interim basis as set forth herein.

2.  The SIMAD Debtors are authorized, but not directed, on an interim basis, to use their cash, including cash collateral, and existing bank accounts for the limited purpose of satisfying prepetition gross salaries, payroll taxes and other emergent expenses necessary to open

53352617

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

the camps to become operational, relating to the period from the Petition Date, through and including June 15, 2026, in accordance with the budget attached hereto as **Schedule 1**.

3.      The SIMAD Debtors' existing banks are hereby authorized and directed to receive, process, honor and pay all checks, drafts, and automatic clearing house and wire transfers drawn on the SIMAD Debtors' bank accounts to the extent authorized herein or directed by the SIMAD Debtors, whether presented, drawn or issued before or after the commencement of the bankruptcy case for payment by the holder thereof, provided that sufficient funds, whether deposited prior to or subsequent to the commencement of the bankruptcy case, are in, or otherwise are available pursuant to the SIMAD Debtors' cash management system to fund, the relevant bank accounts to cover and permit payment thereof.

4.      Any objections to the entry of this Emergency Interim Order, to the extent not withdrawn or settled, are overruled.

5.      All parties' rights and remedies, including the Reserving Lenders and the MCA Lenders, are reserved.  Any objection to the Court's entry of further interim or final relief may be preserved for a further hearing on the relief sought in this Motion or any other or additional relief sought by the SIMAD Debtors at a later date.  Notwithstanding, upon written notice to all parties on no less than one (1) business days' notice, the SIMAD Debtors may seek an extension of the relief granted in this Emergency Interim Order subject to approval of this Court.

53352617

(Page | 5)
Debtors:          SIMAD HOLDINGS LTD., *et al.*
Case No.          26-16388 (CMG)
Caption of Order: Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

6.      Pursuant to sections 361 and 363(e) of the Bankruptcy Code, to the extent that the Trustees and Bondholders, Bank of New Hampshire, and Metropolitan Partners Group Administration, LLC (collectively, the "Reserving Lenders") hold valid and enforceable security interests in the cash collateral covered by this order, those Reserving Lenders shall be entitled to adequate protection of such interest retroactive to the Petition Date consistent with sections 363(e) 361, 507(b) or other applicable provisions of the Bankruptcy Code. Notwithstanding anything contained in the Motion or herein, all rights of the Reserving Lenders, and any other secured creditors to object to any form of adequate protection and to request adequate protection are reserved.

7.      Bank of New Hampshire Replacement Liens. As adequate protection for and solely to the extent of the amount of diminution in value from and after the Petition Date of its interests in the aggregate amount of cash collateral used by any Debtor solely with respect to which Bank of New Hampshire has a valid, perfected security interest in its cash on a dollar for dollar basis, the imposition of the automatic stay, and any other act or omission which causes diminution in the value of its interests in the cash collateral (collectively, the "Diminution in Value"), Bank of New Hampshire is hereby granted, pursuant to sections 361 and 363 of the Bankruptcy Code, valid, binding, enforceable and perfected replacement liens upon and security interests in all of such applicable Debtor's presently owned or hereafter acquired property and assets, whether such

53352617

(Page | 6)
Debtors:            SIMAD HOLDINGS LTD., *et al.*
Case No.            26-16388 (CMG)
Caption of Order:   Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief

property and assets were acquired by such Debtor before or after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located, and the proceeds and products thereof solely to the extent of any Diminution in Value (the "Replacement Liens"); provided that the Replacement Liens shall not attach to any property recovered as a result of transfers or obligations avoided or actions maintained or taken pursuant to Sections 542, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code.  Notwithstanding the consolidated nature of the Budget, each Debtor's authorization to utilize the Bank of New Hampshire's cash collateral is limited to the payment of expenses solely with respect to the particular Debtor that is a loan party under the Bank of New Hampshire's loan documents.

8.      Notwithstanding the relief granted in this Emergency Interim Order and any actions taken pursuant to such relief, nothing in this Emergency Interim Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is a secured claim, an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Emergency Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request, approval, or

53352617

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (or otherwise affect the SIMAD Debtors' rights under section 365 of the Bankruptcy Code); (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (i) a waiver of the obligation of any party in interest to file a proof of claim.  Any payment made pursuant to this Emergency Interim Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the SIMAD Debtors' rights to subsequently dispute such claim.

9.      The SIMAD Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Emergency Interim Order.

53352617

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

10.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the SIMAD Debtors' designation of any particular check or electronic payment request as approved by this Emergency Interim Order.

11.     The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or otherwise deemed waived.

12.     The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Emergency Interim Order in accordance with the Motion.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Emergency Interim Order shall be effective and enforceable immediately upon entry hereof.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15.     Any party may move for modification of this Emergency Interim Order in accordance with Local Rule 9013-5(e).

53352617

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief |

16.    Within two (2) calendar days after entry of this Emergency Interim Order, the SIMAD Debtors shall serve a copy of this Emergency Interim Order on each applicable bank and financial institution that is directed to comply with the terms of this Emergency Interim Order.

17.    The SIMAD Debtors shall serve a copy of this Emergency Interim Order on (i) the Bond Trustee, (ii) the U.S. Trustee, (iii) the MCA Lenders, (iv) Bank of New Hampshire, (v) Metropolitan Partners Group Administration, LLC, and (vi) any other party in interest that is entitled to notice as the SIMAD Debtors become aware of such parties.

18.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Emergency Interim Order.

53352617

Schedule 1

Budget

53352617

**13-Week Cash Flow Forecast**

**Camp:** **Consolidated by Week**

| | USD in thousands ($000) | Total |
|---|---|---|
| | **Forecast/Actual** | **Ending Jun 05, 2026** |
| **No.** | **Period Ended** | **Ending Jun 12, 2026** |
| **I. Net Cash Flow** | | |
| 1. | Camper Deposits | 5,283 |
| 2 | Tuition Refunds | (90.9) |
| 3. | Other Receipts | 154 |
| 4. | Intercompany Funding | - |
| 5. | Rental Income | 64 |
| **6.** | **Total Receipts** | **5,410.2** |
| | | |
| 7. | Payroll & Benefits | (1,333) |
| 8. | Camp Vendor Payments | (2,372) |
| 9. | Camp Operations & Supplies | (1,040) |
| 10. | Credit Cards | (51) |
| 11. | Rent Utilities & Maintenance | (1,625) |
| 12. | Insurance | (96) |
| 13. | Marketing & Enrollment | (111) |
| 14. | Non-Bankruptcy Legal & Pro Fees | (19) |
| 15. | Other Operating | (421) |
| 16. | Intercompany | - |
| 17. | Management Fee | (30) |
| 18. | Taxes | (117) |
| **19.** | **Operating Disbursements** | **(7,214.4)** |