**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SIMAD DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE SIMAD DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE SIMAD DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH SIMAD DEBTOR, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS AND (II) GRANTING RELATED RELIEF**

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY COURT:

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") state as follows in support of this motion (the "Motion"):[2]

**Relief Requested**

1.      The SIMAD Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"):  (i) authorizing, but not directing, the SIMAD Debtors to (a) file a consolidated list of the SIMAD Debtors' fifty (50) largest unsecured creditors in lieu of filing a separate creditor list for each SIMAD Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each SIMAD Debtor, and (c) redact certain personally identifiable information of natural persons, and (ii) granting related relief.  In addition, the SIMAD Debtors request that the Court schedule a final hearing approximately twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of the Final Order approving the relief requested herein.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The SIMAD Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]   A detailed description of the SIMAD Debtors and their business, including the facts and circumstances giving rise to the SIMAD Debtors' chapter 11 cases, is set forth in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the SIMAD Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5.      On June 4, and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 26-16388 (CMG) pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].  The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

6.      Information regarding the SIMAD Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

**Basis for Relief**

**I.     Cause Exists to Authorize the SIMAD Debtors to File a Single Consolidated List of Their Top Fifty Unsecured Creditors and Prepare a List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each SIMAD Debtor.**

7.      Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtor's creditors.  *See* 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1).  Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the names, addresses and claims of the creditors that hold the 20 largest unsecured claims, excluding insiders."  *Id.* 1007(d).  This list is primarily used by the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

8.      The SIMAD Debtors request authority to file a single list of their fifty (50) largest general unsecured creditors on a consolidated basis (the "Top 50 List").[3]  Because the top creditor lists for each individual SIMAD Debtor could overlap, and certain SIMAD Debtors may have fewer than fifty (50) significant unsecured creditors, the SIMAD Debtors submit that filing separate lists for each SIMAD Debtor would be of limited utility.  In addition, the exercise of compiling separate top creditor lists for each individual SIMAD Debtor could consume an excessive amount of the SIMAD Debtors', and their advisors', limited time and resources.  The .SIMAD Debtors believe that the Top 50 List will better aid the U.S. Trustee in the efforts to communicate with these creditors.

---

[3]     If any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable SIMAD Debtor will file an unconsolidated Top 50 List within fourteen (14) days of any such conversion.

9. Allowing the SIMAD Debtors to prepare and maintain a single consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each SIMAD Debtor, is warranted under the circumstances of these chapter 11 cases where there are numerous creditors and parties in interest. Converting the SIMAD Debtors' computerized information to a format compatible with the matrix requirements and preparing separate lists of creditors for each SIMAD Debtor would be expensive, time consuming, and administratively burdensome. Accordingly, the SIMAD Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

10. The SIMAD Debtors, working together with Kroll Restructuring Administration LLC as their proposed claims and noticing agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent"), are currently preparing a single, consolidated list of the SIMAD Debtors' creditors in electronic format. The SIMAD Debtors are prepared to make the Consolidated Creditor Matrix available in electronic form to any party in interest upon request, or in non-electronic form at such requesting party's sole cost and expense, and the SIMAD Debtors intend to file a copy of the Consolidated Creditor Matrix on the docket.

11. Courts in this District have granted relief similar to the relief requested herein. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. May 21, 2026) (authorizing a consolidated list of the debtors' thirty largest creditors); *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 3, 2026) (same); *In re STG Logistics, Inc*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re United Site Servs., Inc.*, No. 25-23630 (MBK) (Bankr. D.N.J. Feb. 2, 2026) (same); *In re Del Monte Foods Corp. II Inc.*, No. 25-16984 (MBK) (Bankr. D.N.J. Aug. 5, 2025) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. Aug. 26, 2024) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J.

5

June 11, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re WeWork, Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Dec. 20, 2023) (same); *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Oct. 19, 2023) (authorizing a consolidated list of the debtors' 50 largest creditors).[4]

12.     Contemporaneously herewith, the SIMAD Debtors have filed an *Application for Designation as a Chapter 11 Complex Case.* If the Court grants the SIMAD Debtors' application, the *General Order Governing Chapter 11 Complex Case Procedures* (the "Complex Case Procedures") will govern these proceedings. In jointly administered cases, such as the SIMAD Debtors' cases, the Complex Case Procedures expressly provide for the filing of a Consolidated Creditor Matrix containing no less than thirty (30) and no more than fifty (50) largest creditors. *See* Complex Case Procedures, III.C.

13.     Accordingly, the SIMAD Debtors submit that filing a Top 50 List and a Consolidated Creditor Matrix is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under these facts and circumstances, and in the best interests of the SIMAD Debtors' estates.

**II.     Redaction of Certain Confidential Information of Natural Persons Is Warranted.**

14.     The public has a common law "right of access to judicial proceedings and records[.]" *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). However, when appropriate, the Bankruptcy Code permits courts to protect individuals from undue risk of identity theft or other unlawful injury via limiting the public's access to information, placing pleadings and other motions under seal or otherwise entering orders to prohibit the dissemination

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the SIMAD Debtors' proposed counsel.

of sensitive information. *See* 11 U.S.C. § 107(c); *see also In re Cendant*, 260 F.3d at 194 (noting

the public's right of access "is not absolute") (citation and internal quotation marks omitted);

*Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the

right of access is firmly entrenched, so also is the correlative principle that the right is not

absolute.") (citation and internal quotation marks omitted).

15.     Section 107 of the Bankruptcy Code authorizes the Court to issue orders to prevent

disclosing confidential information that could result in potential harm.  Section 107(b) of the

Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and
> on the bankruptcy court's own motion, the bankruptcy court
> may . . . protect an entity with respect to a trade secret or confidential
> research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

16.     Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with
> respect to the following types of information to the extent the court
> finds that disclosure of such information would create undue risk of
> identity theft or other unlawful injury to the individual or the
> individual's property:
>
> > (A) Any means of identification (as defined in section
> > 1028(d) of title 18 [of the United States Code]) contained in
> > a paper filed, or to be filed, in a case under this title.
> >
> > (B) Other information contained in a paper described in
> > subparagraph (A).

11 U.S.C. § 107(c)(1).

17.     Respectfully, the SIMAD Debtors submit that it is appropriate to grant them

authority to redact the names (as described below), email addresses and home addresses of the

SIMAD Debtors' individual creditors—including employees—from any pleading filed or to be

filed with the Court in these chapter 11 cases. This personal information could be used by various bad actors to perpetrate identity theft and phishing scams or to locate survivors of domestic violence, harassment, or stalking who have taken steps to conceal their whereabouts. This risk is not hypothetical. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which, until then, had not been publicly available. This unfortunate event forced the employee to change addresses again for safety concerns. Recently, in the *Celsius* bankruptcy case currently pending in the Southern District of New York, there have been at least twelve phishing scams that have been uncovered. *See In re Celsius Network, LLC*, No. 22-10964 (MG) [Dkt. Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, and 4070]. The SIMAD Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these Chapter 11 Cases (if any) and other parties in interest upon reasonable request.

18.    Further, of particular importance in these chapter 11 cases is the protection of camper and employee information. All of the SIMAD Debtors' campers and many of the SIMAD Debtors' employees, including camp counselors, are minors under the age of 18. It is of the utmost importance to the SIMAD Debtors that such campers' and employees' information be protected. In addition to the redaction of email addresses and home addresses of campers and employees, the SIMAD Debtors seek authority to redact the camper and employee names in full in order to comply with the Bankruptcy Rules. *See* Bankruptcy Rule 9037 (a)(1) (providing unless the Court orders otherwise, that "the name of an individual other than the debtor known to be and identified as a minor . . . may include only . . . the minor's initials"). Absent this relief, the SIMAD Debtors

8

would risk the inadvertent and inappropriate disclosure of  information relating to minors and would be forced to conduct a timely and expensive review of each employee file at each of the different camp entities to ensure compliance with the Bankruptcy Rules.  In order to avoid such additional time and expense, and minimize any risk of inadvertent disclosure, the redaction of such names in full is warranted here.

19. Courts in this jurisdiction and within the Third Circuit have granted the relief requested herein in comparable chapter 11 cases. *See, e.g., In re David's Bridal, LLC, et al.,* Case No. 23-12121 (CMG) (Bankr. D.N.J. April 19, 2023) (authorizing the debtors to redact the names, homes addresses, and email addresses of employees who are minors and customers); *In re New Rite Aid, LLC, et al.*, No. 25-14861 (MBK) (Bankr. D.N.J. June 9, 2025) (authorizing the debtors to redact the home addresses, e-mail addresses and any other personally identifiable information, not including names, of natural persons that the Debtors identified as employees and individual customers, unless such names have already been made public in litigation); *In re Joann Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (authorizing the debtors to redact the names, home addresses, and email addresses of individual customers listed on the creditor matrix, schedules and statements, and other documents filed with the court); *In re PGX Holdings, Inc.*, No. 23 10719 (CTG) (Bankr. D. Del. July 19, 2023) (same); *In re SiO2 Medical Products, Inc.*, No. 23 10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 7, 2023) (authorizing the debtors, on an interim basis, to redact the home and email addresses of individuals listed on the creditor matrix, schedules and statements, and other documents filed with the court); and *In re Rite Aid Corporation*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 18, 2023) (authorizing, on an interim basis, the debtors to redact the name,

home address and email addressed for all natural persons.)

20.     In addition to granting the requested relief, bankruptcy courts in other districts within the Third Circuit have stressed the importance of permitting debtors to redact individual creditors' personally identifiable information, including home addresses in particular.  In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Chief Judge Sontchi observed that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020).  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16.  Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . .  The court can completely avoid contributing to the risk by redacting the addresses.  And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses."  Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp.*, LLC, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).  And, in *Forever 21*, Judge Gross overruled the U.S. Trustee's objection and found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

21.     For these reasons, pursuant to section 107(c)(1) of the Bankruptcy Code, the

10

Debtors respectfully submit that cause exists to authorize the SIMAD Debtors to redact personally identifiable information – including email addresses and home addresses – in respect of the SIMAD Debtors' individual creditors (including employees) who are listed on the Consolidated Creditor Matrix or any other document filed with the Court. In addition, and solely with respect to employees, the SIMAD Debtors submit that cause exists to authorize the redaction of such employee names. Without this relief, the SIMAD Debtors would unnecessarily render individuals more susceptible to identity theft, could potentially disclose information of minors, and could jeopardize the safety of individuals who, unbeknownst to the SIMAD Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**The Requirements of Bankruptcy Rule 6003(a) Are Satisfied**

22.     Bankruptcy Rule 6003(a) empowers a court to grant relief within the first twenty-one (21) days after the Petition Date to the extent that "relief is needed to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003(a).  As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the viability of the SIMAD Debtors' operations. Failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the SIMAD Debtors' operations at this critical juncture and cause immediate and irreparable harm.  The requested relief is necessary for the SIMAD Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders.  The SIMAD Debtors have demonstrated that the requested relief is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

11

## Reservation of Rights

23.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made

12

pursuant to the Court's order is not intended and should not be construed as an admission as to the

validity of any particular claim or a waiver of the SIMAD Debtors' rights to subsequently dispute

such claim.

### **Notice**

24.     The SIMAD Debtors will provide notice of this Motion to the following parties or

their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the

Mishmeret Trust Company; (c) the SIMAD Debtors' fifty (50) largest unsecured creditors

(on a consolidated basis); (e) any known secured creditors; (f) the merchant cash advance lenders;

(g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue

Service; (i) the attorney general in the states where the SIMAD Debtors conduct business

operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The

SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice

need be given.

[<em>Remainder of page intentionally left blank.</em>]

**WHEREFORE**, the SIMAD Debtors request that the Court enter the Interim Order and

Final Order, in substantially the forms submitted herewith, granting the relief requested herein and

such other relief as is just and proper under the circumstances.

Dated: June 14, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          dbass@coleschotz.com
          fyudkin@coleschotz.com
          dharris@coleschotz.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

|  |  |
|---|---|
| In re:<br><br>SIMAD HOLDINGS, LTD., *et al*.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**INTERIM ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF THE SIMAD DEBTORS' FIFTY LARGEST UNSECURED
CREDITORS, (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF
SUBMITTING A SEPARATE MAILING MATRIX FOR EACH SIMAD DEBTOR, AND
(C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF
NATURAL PERSONS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through seven (7), is **ORDERED.**

---

[1]  A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

Upon the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing, but not directing, the SIMAD Debtors to (a) file a consolidated list of the SIMAD Debtors' fifty largest unsecured creditors (b) file a consolidated list of creditors in lieu of filing separate creditors lists for each SIMAD Debtor, (c)  redact certain personally identifiable information of individuals, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter an interim order consistent with Article III of the United States Constitution; and this Court having found that the SIMAD Debtors' notice of the Motion was appropriate under

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on [●]**, 2026 at _____ (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the following parties on or before _____, **2026 at 4:00 p.m. (Eastern Time)**: (i) proposed counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn. Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), David M. Bass (dbass@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Daniel J. Harris, Esq. (dharris@coleschotz.com);  (ii) the Office of the United States Trustee for the District of New Jersey, One Newark Center, Suite 2100 Newark, New Jersey 07102, Attn. Jeffrey M. Sponder (jeffrey.m.sponder@usdoj.gov); and (iii) any party that has requested notice pursuant to Bankruptcy Rule 2002.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The SIMAD Debtors are authorized on an interim basis pursuant to section 105(a)

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable SIMAD Debtor shall file a list of its own top fifty unsecured creditors within fourteen (14) days of such conversion.

4.      The SIMAD Debtors are authorized on an interim basis to file a single consolidated list of their fifty (50) largest unsecured creditors.

5.      The SIMAD Debtors are authorized on an interim basis to file a consolidated list of creditors in the proposed lead case in lieu of filing a separate creditors list and mailing matrix for each SIMAD Debtor.

6.      The SIMAD Debtors are authorized, on an interim basis, pursuant to section 107(b) of the Bankruptcy Code, to redact (i) the names, addresses, and email addresses of their campers, (ii) the names, addresses, and email addresses of their employees, and (iii) addresses and email addresses of other natural persons other than campers or employees (not names) from any filings with the Court or made publicly available in these chapter 11 cases; *provided*, *however*, that the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a chapter 11 plan, or thereafter, or in connection with a conversion of the SIMAD Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases.

7.      The SIMAD Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases, (d) the Proposed Claims and Noticing Agent, and (e) any party in interest reasonably related to these chapter 11 cases, upon a request to the SIMAD Debtors (email being sufficient) or to the Court that represents that the unredacted list will be utilized solely for giving notice in the chapter 11 cases and otherwise be maintained in confidence; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy obligation under any privacy or data protection law or regulation. The SIMAD Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

8. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

9. The SIMAD Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on the website of the Proposed Claims and Noticing Agent.

10. For the avoidance of doubt, the SIMAD Debtors shall file an unredacted Consolidated Creditor Matrix under seal with the Court.

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

11.     The SIMAD Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

12.     Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

13.     To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the SIMAD Debtors who shall work in good faith, with the assistance of the Proposed Claims and Noticing Agent, to effectuate the service on such party's behalf.

14.     The requirements set forth in Bankruptcy Rule 6003(a) are satisfied by the contents of the Motion or otherwise deemed waived.

15.     The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

16.     The terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry hereof.

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

18.     The SIMAD Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

19.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

20.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS, LTD., *et al*.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE SIMAD DEBTORS' FIFTY LARGEST UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH SIMAD DEBTOR, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through six (6), is **ORDERED.**

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
|---|---|
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

Upon the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"), for entry of a final order (this "Final Order") (i) authorizing, but not directing, the SIMAD Debtors to (a) file a consolidated list of the SIMAD Debtors' fifty largest unsecured creditors (b) file a consolidated list of creditors in lieu of filing separate creditors lists for each SIMAD Debtor, and (c) redact certain personally identifiable information of individuals, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the

---

2   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** on a final basis as set forth herein.

2.    The SIMAD Debtors are authorized pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1, to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top fifty (50) unsecured creditors within fourteen (14) days of such conversion.

3.    The SIMAD Debtors are authorized to file a single consolidated list of their fifty (50) largest unsecured creditors.

21.    The SIMAD Debtors are authorized, on a final basis, pursuant to section 107(b) of the Bankruptcy Code to redact (i) the names, addresses, and email addresses of their campers, (ii) the names, addresses, and email addresses of their employees, and (iii) addresses and email addresses of other natural persons other than campers or employees (not names) from any filings with the Court or made publicly available in these chapter 11 cases; *provided*, *however*, that the U.S. Trustee reserves all rights with respect to such redactions at a hearing regarding confirmation of a chapter 11 plan, or thereafter, or in connection with a conversion of the SIMAD

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code or a dismissal of the chapter 11 cases.

4.      The SIMAD Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) the Proposed Claims and Noticing Agent, (e) any party in interest upon a request to the SIMAD Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  The SIMAD Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.      The SIMAD Debtors shall file a redacted version of the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court as well as post it on the Claims and Noticing Agent's website.

7.      For the avoidance of doubt, the SIMAD Debtors shall file an unredacted

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

Consolidated Creditor Matrix under seal with the Court.

8.      The SIMAD Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

9.      The SIMAD Debtors, through the Claims and Noticing Agent, are authorized, on a final basis, to serve all pleadings and papers on all parties listed on the Consolidated Creditor Matrix (including via email if available).

10.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon natural persons whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

11.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the SIMAD Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

12.      The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

13.      This Final Order shall be effective and enforceable immediately upon entry hereof.

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief |

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.