**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SIMAD DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE SIMAD DEBTORSTO USE CASH
COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE
PREPETITION SECURED PARTIES, (III) SCHEDULING A FINAL
HEARING, (IV) MODIFYING THE AUTOMATIC STAY, AND
(V) GRANTING RELATED RELIEF**

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY COURT:

---

[1]     A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") state the following in support of this motion (this "Motion"):[2]

**Preliminary Statement**

1.      As described more fully in the First Day Declaration, the SIMAD Debtors commenced these chapter 11 cases to stabilize the SIMAD Debtors' summer camp business and pursue a restructuring that benefits all stakeholders.  Executing on this strategy, as well as funding ordinary course obligations and the administrative expenses of these chapter 11 cases, requires immediate access to liquidity.  Because substantially all of the SIMAD Debtors' cash and cash equivalents constitute Cash Collateral[3] under various funded debt obligations, however, section 363(c)(2) of the Bankruptcy Code prohibits the SIMAD Debtors from accessing their cash on hand absent relief from this Court.  The SIMAD Debtors therefore filed this Motion to obtain immediate access to their Cash Collateral.

2.      Given the SIMAD Debtors' anticipated funding needs, the SIMAD Debtors and their advisors engaged with their known secured creditors with a purported and identifiable interest in Cash Collateral (the "Putative Secured Parties") since the filing these chapter 11 cases to

---

[2]   A description of the SIMAD Debtors and their business, as well as the facts and circumstances giving rise to the SIMAD Debtors' chapter 11 cases, is set forth in greater detail in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors in Support of the SIMAD Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously herewith and incorporated by reference herein.  Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration, later in this Motion, or the Interim Orders.

[3]   "Cash Collateral" has the meaning set forth in the Bankruptcy Code:

Cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

negotiate the terms of consensual use of the Cash Collateral.  Following good-faith, arm's-length negotiations, the SIMAD Debtors and the Putative Secured Parties have agreed or are in the process of negotiating the consensual use of Cash Collateral on the terms set forth on **Exhibits A through I** (the "Interim Orders").  In addition, the SIMAD Debtors agreed to operate according to a detailed cash collateral budget and grant certain adequate protection liens and claims to induce the Putative Secured Parties to consent to the SIMAD Debtors' use of Cash Collateral.  Such concessions are consistent with cash collateral arrangements in chapter 11 cases of similar size and complexity and are fair and necessary under the circumstances.

3.      The initial budget attached hereto as **Exhibit J** (the "Initial Budget"), which was developed by the SIMAD Debtors' management, FTI Consulting, Inc., the SIMAD Debtors' proposed financial advisor, and the SIMAD Debtors' stakeholders, outlines the SIMAD Debtors' postpetition cash flow forecast over next two weeks of these chapter 11 cases.  The Initial Budget includes all reasonable, necessary, and foreseeable expenses that the SIMAD Debtors expect to incur in prosecuting these chapter 11 cases and continuing to operate the SIMAD Debtors' business.  The Initial Budget establishes that, subject to the continued access to Cash Collateral, the SIMAD Debtors will have sufficient cash on hand to operate their business over the next two weeks.

4.      The Interim Orders also contemplate the SIMAD Debtors' providing the Putative Secured Parties with adequate protection (the "Adequate Protection Package") to protect against the postpetition diminution in value of their Prepetition Collateral, including Cash Collateral. The Adequate Protection Package includes customary superpriority replacement liens and, where appropriate, superpriority claims.

3

5.     The terms and conditions of the SIMAD Debtors' use of Cash Collateral embodied in the proposed Interim Orders represent the best option available to the SIMAD Debtors under the circumstances and constitute a reasonable compromise with the Putative Secured Parties to fund necessary operations while the SIMAD Debtors administer these chapter 11 cases.  Without access to the Cash Collateral, the SIMAD Debtors, their creditors, and their estates would suffer immediate and irreparable harm because the SIMAD Debtors would be forced to immediately cease operations, resulting in a disorderly liquidation and profound destruction of value to the detriment of all parties in interest, including the SIMAD Debtors, the Putative Secured Parties, and the SIMAD Debtors' campers, employees, and vendors.  Therefore, the SIMAD Debtors' access to Cash Collateral is critical to preserving and maximizing the value of their estates for the benefit of all stakeholders and should be approved.

### Relief Requested

6.     The SIMAD Debtors seek entry of the Interim Orders, and final orders (the "Final Order"), (a) authorizing the SIMAD Debtors to use Cash Collateral, (b) granting adequate protection, solely to the extent provided in the Interim Order, to the Putative Secured Parties, (c) scheduling a final hearing (the "Final Hearing") within approximately twenty-one days after the commencement of these chapter 11 cases to consider entry of the Final Order, (d) modifying the automatic stay imposed by section 362 of the Bankruptcy Code (the "Automatic Stay") to the extent necessary to implement and effectuate the terms of the Orders, and (e) granting related relief.

### Jurisdiction and Venue

7.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6,

4

2025 (Bumb, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  The SIMAD Debtors confirm their consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The bases for the relief requested herein are sections 105(a), 362(d), 363(b), 507(a), and 541(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532  (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 9013-1, and 9013-5 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

10.      On June 4, and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 26-16388 (CMG) pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].  The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

11.      Information regarding the SIMAD Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the chapter 11 cases can be found in the First Day Declaration, which is incorporated herein by reference.

**Summary of SIMAD Debtors' Prepetition Secured Claims**

12.     The following table summarizes the SIMAD Debtors' prepetition secured debt:

| | Prepetition Secured Claims (As of the Petition Date)[4] | | |
|---|---|---|---|
| | **Borrowers / Guarantors** | **Camp Name(s)** | **Estimated Total Amount Outstanding** |
| **Mishmeret Trust Company Ltd.** | Achim Landco LLC<br>Achim Operatingco LLC<br>BAHS Holdings LLC<br>BAHS Operating Inc.<br>Banner Landco LLC<br>Banner Operatingco LLC<br>Club Getaway Landco, LLC<br>Club Getaway Operatingco, LLC<br>Country Roads Landco LLC<br>Country Roads Operatingco LLC<br>Eagle's Landing Day Camp LLC<br>Green Lane Landco, LLC<br>Green Lane Operatingco, LLC<br>Greenvilleland LLC<br>Intermediate SIMAD I LLC<br>Island Lake Campco LLC<br>Island Lake Landco LLC<br>Lavco LLC<br>Lavland LLC<br>Malka Operatingco LLC<br>Meadowbrook Landco LLC<br>Meadowbrook Operatingco LLC<br>Mill Road Landco LLC<br>Mogenavco LLC<br>Mogenavland LLC<br>Mohawk Country Day School, Inc.<br>Mohawkcampco LLC<br>Mohawkland LLC<br>RDM Camps, LLC<br>Rolling Hills Landco LLC<br>Rolling Hills Operatingco LLC<br>Shab Holdings LLC<br>Shab Operating Inc.<br>SIMAD Equities LLC<br>SIMAD Holdings, Ltd. | Camp Achim<br>Banner Day Camp<br>Camp Chen-A-Wanda<br>Club Getaway<br>Country Roads Day Camp<br>Eagles Landing Day Camp<br>Camp Echo<br>Greenville Land / Malka<br>Camp Green Lane<br>Island Lake Camp<br>Camp Lavi<br>Camp Lokanda<br>Meadowbrook Country Day Camp<br>Mohawk Day Camp<br>Camp Mogen Avraham<br>Rolling Hills Country Day Camp | $214,022,000 |
| **Bank of New Hampshire** | Belgrade Lakes Summer Camps LLC<br>Camp Med-O-Lark, Inc.<br>Iafaoperatingco, LLC<br>Iafalandco, LLC | Blue Star Camps<br>Indian Acres Camp for Boys & Forest Acres Camp for Girls | $29,110,000 |

---

[4]     The following information is preliminary and subject to further review and revision by the SIMAD Debtors. Inclusion of indebtedness herein is not an acknowledgement of any liens and claims of the lenders identified herein and the SIMAD Debtors reserve all rights with respect to such loans. In addition, shortly prior to the Petition Date, various UCCs were filed against several SIMAD Debtors by CT Corporation Systems, as representative, and Corporation Service Company, as representative.

| | | | |
|---|---|---|---|
| | Mainewekeelaco, LLC<br>Poland Campco LLC<br>Poland Landco LLC<br>Waukeela Landco LLC<br>Waukeela Operatingco LLC<br>Wekeeland LLC<br>Washington Lake, LLC<br>WM Camp, LLC<br>WM Land, LLC | Camp Med-O-Lark<br>New England Golf & Tennis<br>  Camp<br>Camp North Star<br>Camp Waukeela<br>Camp Wekeela<br>Windsor Mountain Summer<br>  Camp | |
| **Wayne Bank** | Meadowbrook Landco LLC<br>Meadowbrook Operatingco LLC<br>Mesorahco LLC<br>Mesorahland LLC<br>Shab Holdings LLC<br>Shab Operating Inc. | Camp Echo<br>Camp Mesorah<br>Pine Forest Camp<br>Meadowbrook Country Day<br>  Camp | **$22,127,000** |
| **Fidelity Bank** | One Canal Place Leasing LLC<br>One Canal Place Real Estate LLC | N/A | **$19,967,000** |
| **Visions Credit Union** | RDM Camps LLC | Camp Lokanda | **$17,980,708** |
| **Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC** | Banner Landco LLC<br>Banner Operatingco LLC<br>Belgrade Lakes Summer Camps LLC<br>Camp Med-O-Lark, Inc.<br>Iafalandco, LLC<br>Iafaoperatingco, LLC<br>Mainewekeelaco LLC<br>Meadowbrook Landco LLC<br>Meadowbrook Operatingco LLC<br>Mesorahco LLC<br>Mesorahland LLC<br>Poland Campco LLC<br>Poland Landco LLC<br>Shab Holdings LLC<br>Shab Operating Inc.<br>Washington Lake, LLC<br>Waukeela Landco LLC<br>Waukeela Operatingco LLC<br>Wekeeland LLC<br>WM Camp, LLC<br>WM Landco LLC | Banner Day Camp<br>Blue Star Camps<br>Indian Acres Camp for Boys &<br>  Forest Acres Camp for<br>  Girls<br>Camp Med-O-Lark<br>New England Golf & Tennis<br>  Camp<br>Camp North Star<br>Camp Waukeela<br>Camp Wekeela<br>Windsor Mountain Summer<br>  Camp<br>Meadowbrook Country Day<br>  Camp | **$14,975,000** |
| **Mizzen Capital, LP** | Banner Operatingco LLC<br>Banner Landco LLC<br>BAHS Operating Inc.<br>BAHS Holdings LLC<br>Pine Forest Campco LLC<br>Shab Operating Inc.<br>Shab Operating LLC<br>Mohawkcampco LLC<br>Mohawkland LLC<br>Mohawk Country Day School, Inc.<br>Mogenavco LLC<br>Mogenavland LLC<br>Mesorahco LLC<br>Mesorahland LLC<br>WM Camp, LLC | Camp Chen-a-Wanda<br>Camp Echo<br>Mohawk Day Camp<br>Camp Mogen Avraham<br>Pine Forest Camp<br>Camp Mesorah<br>Windsor Mountain Summer<br>  Camp | **$9,828,000** |

| | WM Land, LLC | | |
|---|---|---|---|
| **HT Northstar Property Limited Liability Company and HT Property Management, LLC** | Poland Landco LLC | Camp North Star | $3,860,000 |
| **Bank of America, National Association** | Summit Camp, LLC | Summit Camp and Travel | $3,380,000 |
| **U.S. Small Business Administration** | Achim Operatingco LLC<br>BAHS Holdings LLC<br>BAHS Operating Inc.<br>Banner Landco<br>Bluestar Landco LLC<br>Camp Med-O-Lark, Inc.<br>Club Getaway Landco, LLC<br>Country Roads Landco LLC<br>Eagles Landing Day Camp LLC<br>Greenvilleland LLC<br>Kiwi Landco LLC<br>Lavland LLC<br>Malka Operatingco LLC<br>Meadowbrook Landco LLC<br>Mogenavco LLC<br>Mogenavland LLC<br>Mohawkland LLC<br>Mesorahland LLC<br>Poland Landco LLC<br>Shab Operating Inc.<br>Wekeeland LLC | Camp Achim<br>Banner Day Camp<br>Blue Star Camps<br>Camp Chen-a-Wanda<br>Club Getaway<br>Country Roads Day Camp<br>Camp Echo<br>Eagle's Landing Day Camp<br>Greenville Land / Malka<br>Kiwi Country Day Camp<br>Camp Med-O-lark<br>Meadowbrook Country Day Camp<br>Camp Mesorah<br>Mohawk Day Camp<br>Camp Mogen Avraham<br>Camp North Star<br>Camp Wekeela | $3,254,897 |
| **HomeTrust Bank** | Bluestar Landco, LLC<br>Bluestar Operatingco, LLC | Blue Star Camps | $3,114,000 |
| **Community Bank, National Association** | Chateaugay Campco LLC<br>Chateaugay Landco LLC | Camp Chateaugay | $2,286,000 |
| **Putnam County Savings Bank** | Kiwi Operatingco LLC<br>RDM Camps LLC | Kiwi Country Day Camp | $489,000 |

**Basis for Relief**

I.    **The SIMAD Debtors' Request to Use Cash Collateral and Proposed Adequate Protection Is Appropriate.**

13.    Section 363 of the Bankruptcy Code governs the SIMAD Debtors' use of property of their estates, including Cash Collateral.  Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor may use Cash Collateral where "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."  11 U.S.C. § 362(c)(2).  To the extent consent is required, the Putative Secured Parties have, or shall be deemed to have, consented to the SIMAD Debtors' use of the Cash Collateral, subject to the terms and limitations set forth in the Orders.

14.    Section 363(e) of the Bankruptcy Code provides for adequate protection of interests in property when a debtor uses Cash Collateral.  Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay.  *See In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).  While section 361 of the Bankruptcy Code provides examples of forms of adequate protection, such as granting replacement liens and administrative claims, courts decide what constitutes sufficient adequate protection on a case-by-case basis.  *See In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994); *In re Satcon Tech. Corp.*, No. 12-12869, 2012 WL 6091160, at *6 (Bankr. D. Del. Dec. 7, 2012); *In re N.J. Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *14 (Bankr. D.N.J. June 29, 2006); *In re Columbia Gas Sys., Inc.*, Nos. 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992); *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (citing 2 Collier on Bankruptcy ¶ 361.01 [1] at 361-66 (15th ed. 1993) (explaining that adequate protection can take many forms and "must be determined based upon equitable considerations arising from the particular facts of each proceeding")).

9

15.     The concept of adequate protection is designed to shield a secured creditor from diminution in the value of its interest in collateral during the period of a debtor's use. *See In re Carbone Cos.*, 395 B.R. 631, 635 (Bankr. N.D. Ohio 2008) ("The test is whether the secured party's interest is protected from diminution or decrease as a result of the proposed use of cash collateral."); *see also In re Cont'l Airlines, Inc.*, 154 B.R. 176, 180–81 (Bankr. D. Del. 1993) (holding that adequate protection for use of collateral under section 363 of the Bankruptcy Code is limited to use-based decline in value). As set forth in the Interim Orders, the SIMAD Debtors propose to provide the Putative Secured Parties with the Adequate Protection Package to protect against the postpetition diminution in value of their Prepetition Collateral, including Cash Collateral.

16.     The SIMAD Debtors respectfully submit that the proposed adequate protection is sufficient to protect the Putative Secured Parties from any diminution in value to the Prepetition Collateral during the interim period. *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) (evaluating "whether the value of the debtor's property will increase as a result of the" use of collateral in determining sufficiency of adequate protection); *see also In re Salem Plaza Assocs.*, 135 B.R. 753, 758 (Bankr. S.D.N.Y. 1992) (holding that debtor's use of cash collateral to pay operating expenses, thereby "preserv[ing] the base that generates the income stream," provided adequate protection to the secured creditor).

17.     The importance and appropriateness of allowing debtors to use cash collateral and granting adequate protection to prepetition secured parties in large chapter 11 cases has been repeatedly recognized by courts in this district, and such courts have granted relief similar to the relief requested herein. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 6, 2026) (authorizing debtors to use cash collateral and granting adequate protection in the

10

form of, among other things, replacement liens on prepetition collateral, superpriority administrative claims pursuant to section 507(b), and fees and expenses); *In re Multi-Color Corp., et al.*, No. 26-10910 (MBK) (Bankr. D.N.J. Mar. 27, 2026) (same); *STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024) (same); *In re Invitae Corp.*, No. 24-1136 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re WeWork Inc.* No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 9, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 16, 2023) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same).

18.     In light of the foregoing, the SIMAD Debtors submit that the Adequate Protection Package is appropriate.   The proposed adequate protection is (a) necessary to protect the Prepetition Secured Parties against any diminution in value of the Prepetition Collateral and (b) fair and appropriate under the circumstances to ensure the SIMAD Debtors can continue using the Cash Collateral for the benefit of their estates.

## II.     Failure to Obtain the Immediate Interim Use of Cash Collateral Would Cause Immediate and Irreparable Harm.

19.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fourteen days after the service of such motion.  Upon request, however, the Court is authorized to conduct a preliminary expedited hearing on this Motion and authorize the SIMAD Debtors' proposed use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the SIMAD Debtors' estates.  *See* Fed. R. Bankr. P. 4001(b)(2).  Section 363(c)(3) of the Bankruptcy Code authorizes the court to authorize the use of cash collateral at a preliminary hearing "if there is a reasonable likelihood that the [debtor] will prevail at [a] final hearing." 11 U.S.C. § 363(c)(3).

11

20.     The SIMAD Debtors have an immediate postpetition need to use the Cash Collateral.  The SIMAD Debtors cannot maintain the value of their estates during the pendency of these chapter 11 cases without access to cash.  The SIMAD Debtors will use Cash Collateral to, among other things, pay employees, vendors, key service providers, and to make payments that are necessary for the continued management, operation, and preservation of the SIMAD Debtors' business.  As of the Petition Date, the SIMAD Debtors have approximately $18,800,000 million of cash on hand.  Absent the ability to use Cash Collateral, the SIMAD Debtors will be unable to continue to operate their business in the near term or otherwise fund these chapter 11 cases.  If the SIMAD Debtors' proposed use of Cash Collateral were denied, the SIMAD Debtors would suffer immediate and irreparable harm to their business reputation and relationships with employees, vendors, and customers.  In short, the SIMAD Debtors' use of Cash Collateral is vital to preserve and maximize the value of their estates.

21.     The SIMAD Debtors therefore seek immediate authority to use the Cash Collateral as set forth in this Motion and in the proposed Interim Orders to prevent immediate and irreparable harm to their estates pending the Final Hearing pursuant to Bankruptcy Rule 4001(b). The SIMAD Debtors submit that they have satisfied the requirements of Bankruptcy Rule 4001 to support an expedited preliminary hearing and immediately access Cash Collateral on an interim basis.

**III.     The Automatic Stay Should Be Modified on a Limited Basis.**

22.     The proposed Interim Orders provides that the automatic stay provisions of section 362 of the Bankruptcy Code will be modified to permit the SIMAD Debtors to grant the adequate protection liens and claims.

23.     The SIMAD Debtors have determined, in an exercise of their business judgment, that such stay modification is appropriate under the circumstances, in the context of a negotiated, consensual cash collateral order.  Stay modifications of this kind are ordinary and are reasonable

12

and fair under the circumstances of these chapter 11 cases.  Courts in this district and others have granted similar relief in other recent chapter 11 cases.  *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 6, 2026) (modifying the automatic stay as necessary to effectuate the terms of the order); *In re Multi-Color Corp., et al.*, No. 26-10910 (MBK) (Bankr. D.N.J. Mar. 27, 2026) (same); *STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 10, 2026) (same); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. Apr. 4, 2024); *In re Invitae Corp.*, No. 24-1136 (MBK) (Bankr. D.N.J. Mar. 18, 2024) (same); *In re WeWork Inc.* No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 9, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D. N.J. Oct. 16, 2023) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. May 24, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 24, 2023) (same).

**The Requirements of Bankruptcy Rule 6003(a) Are Satisfied**

24.     Bankruptcy Rule 6003(a) empowers a court to grant certain relief within the first twenty-one days after the Petition Date to the extent that such "relief is needed to avoid immediate and irreparable harm."  As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the viability of the SIMAD Debtors' operations.  Failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the SIMAD Debtors' operations at this critical juncture and cause immediate and irreparable harm.  The requested relief is necessary for the SIMAD Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders.  The SIMAD Debtors have demonstrated that the requested relief

13

is "needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003(a), and the Court should grant the requested relief.

## Waiver of Bankruptcy Rules 6004(a) and 6004(h)

25.     The SIMAD Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the SIMAD Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

## Waiver of Local Bankruptcy Rule 4001-3

26.     The SIMAD Debtors request that the Court waive the requirements of Local Bankruptcy Rule 4001-3.  In light of the number of Interim Orders attached as **Exhibits A through I**, the SIMAD Debtors respectfully request that the Court waive the requirements to describe each Interim Order and the adequate protection packages described therein.

## Reservation of Rights

27.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of

14

any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the SIMAD Debtors' rights to subsequently dispute such claim.

## No Prior Request

28.     The SIMAD Debtors previously requested and obtained limited relief with respect the relief sought in this Motion. *See Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts For Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of their Employees, (III) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief* [Docket No. 7].

15

## Notice

29.     The SIMAD Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Mishmeret Trust Company; (c) the SIMAD Debtors' fifty (50) largest unsecured creditors (on a consolidated basis); (e) any known secured creditors; (f) the merchant cash advance lenders; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the attorney general in the states where the SIMAD Debtors conduct business operations; (j) the Putative Secured Parties; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the SIMAD Debtors request that the Court enter the Interim Orders and the Final Orders granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

Dated: June 14, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
                wusatine@coleschotz.com
                dbass@coleschotz.com
                fyudkin@coleschotz.com
                dharris@coleschotz.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

16

**Exhibit A**

**Interim Order**

**(Mishmeret Trust and Bank of New Hampshire)**

**[*To be filed*]**

**Exhibit B**

**Interim Order**

**(U.S. Small Business Administration)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>　　Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

**INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE
CASH COLLATERAL OF THE U.S. SMALL BUSINESS
ADMINISTRATION PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R.
BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED**.

---

[1]　　A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral of the U.S. Small Business Administration (the "SBA") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.    **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.    **Pre-Petition Debt.**  On varying dates prior to the Petition Date in 2020, the SBA made various (COVID-19) Economic Injury Disaster Loans (each an "EIDL" and collectively, the "EIDLs") to certain of the SIMAD Debtors.  The EIDLs are comprised of the following:

(Page | 3)

Debtors:   SIMAD HOLDINGS LTD., *et al.*

Case No.   26-16388 (CMG)

Caption of Order:   Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date

| SIMAD Debtor | Loan Number | Outstanding Amount (as of the Petition Date |
|---|---|---|
| Camp Med-o-Lark, Inc. | 5983637902 | $464,678.21 |
| Wekeeland LLC | 7463268105 | $145,803.09 |
| Greenvilleland LLC | 6575018100 | $147,873.53 |
| Meadowbrook Landco LLC | 7713238100 | $131,019.26 |
| Mohawkland LLC | 9285808009 | $147,344.50 |
| Bluestar Landco LLC | 9250418010 | $147,372.78 |
| Club Getaway Landco, LLC | 4525948100 | $147,951.79 |
| Eagles Landing Day Camp LLC | 5898867907 | $144,634.60 |
| Achim Operatingco LLC | 2762177800 | $147,172.64 |
| Mogenavco LLC | 6260148208 | $147,478.12 |
| Mesorahland LLC | 7450808102 | $147,810.32 |
| Banner Landco | 5427108107 | $147,905.09 |
| BAHS Operating Inc. | 5887957904 | $146,989.95 |
| SHAB Operating Inc. | 5907647903 | $147,677.15 |
| BAHS Holdings LLC | 4918988102 | $147,915.40 |
| Malka Operatingco LLC | 7991328005 | $148,141.28 |
| Kiwi Landco LLC | 7430088103 | $144,762.05 |
| Country Roads Landco LLC | 6745818108 | $126,188.17 |
| Mogenavland LLC | 7056558101 | $147,857.73 |
| Lavland LLC | 9265438106 | $121,164.05 |
| Poland Landco LLC | 7003928101 | $57,157.00 |

The SBA asserts that each EIDL is evidenced by a Promissory Note and secured by a Security Agreement, granting the SBA a blanket lien on all of each SIMAD Debtor's tangible and intangible personal property, whether owned as of the date of the Security Agreement or thereafter acquired (with respect to each SIMAD Debtor and each EIDL, the "Collateral"). The SBA asserts that its security interest in the Collateral of each applicable SIMAD Debtor was perfected by the filing of a UCC-1 Financing Statement with the applicable Secretary of State of each of the applicable SIMAD Debtors and that as a result the SBA asserts a valid, perfected security interest in each applicable SIMAD Debtor's "cash collateral" as that term is defined in 11 U.S.C. § 363(a), including but not limited to all cash, deposit accounts, accounts receivable, and other cash

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

equivalents in which the SBA asserts that it holds a security interest.  The Debtors do not stipulate to any of the facts concerning the EIDL Loans or the transactions referenced in any of the EIDLs or the loan or related documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

E.   **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64).  The SBA may assert that some of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and may constitute the SBA's cash collateral as defined by 11 U.S.C. § 363(a).

F.   **Necessity and Best Interest.**  The SIMAD Debtors require immediate authority to use cash to maintain to continue their business operations without interruption in furtherance of these chapter 11 cases.  The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing.  The terms of the SIMAD Debtors' use of cash pursuant to this Order, subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.   **Purposes.**  The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.      **Use of Collateral.**  The SIMAD Debtors are authorized to use cash that constitutes Collateral of the SBA, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

2.      **Adequate Protection**

(a)      As adequate protection for use of any Collateral, the SBA shall be entitled to the following:

(i)      SBA is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of the applicable SIMAD Debtor that the SBA held in the pre-petition Collateral, if any.

(ii)      The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the SBA taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)      Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect the SBA's interest in the cash collateral, the SBA shall have a super-priority administrative expense claim, pursuant

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

to 11 U.S.C. § 507(b), senior to any and all claims against the SIMAD Debtors under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

3. **No Implied Consent**.  No consent by the SBA to use of cash collateral, and no consent by the SBA to, or failure of the SBA to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of the SBA with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) the SBA has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of the SBA to object to any other use is fully preserved.  Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of the SBA.

4. **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)    This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit the SBA to the relief granted herein; (ii) bar the SBA or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

to notice of same; or (iii) require the SBA to make any loans or advances to the SIMAD Debtors.

Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by the SBA or the SIMAD Debtors or any trustee from otherwise seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from the SBA and other parties-in-interest entitled to notice of same.

(b) The Order may be modified for cause shown by the SIMAD Debtors, the SBA or any other party-in-interest on due notice. No such modification, however, shall deprive the SBA of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c) Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between the SBA and the SIMAD Debtors, that the SBA has any valid claims against the SIMAD Debtors, or that the SBA has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors. The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of the SBA. In the event the SBA's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to the SBA shall be null and void.

5. **Default Hearing.** In the event the SIMAD Debtors default under or violate this Order, the SBA may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

6.      **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of the SBA collateral, if any, and to the provisions of this Order, including the adequate protection being offered to the SBA in connection with the SIMAD Debtors' use of the SBA's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to the SBA and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) the SBA, all other known secured creditors and their respective counsel, if

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of the U.S. Small Business Administration Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been

appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit C**

**Interim Order**

**(Wayne Bank)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

**INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE CASH COLLATERAL OF WAYNE BANK PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby

**ORDERED**.

---

[1]     A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Wayne Bank on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.    **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.    **Pre-Petition Debt.**

(i)    The Camp Mesorah Loan.  On or about August 8, 2017, certain of the SIMAD Debtors, Mesorahland LLC ("Mesorahland") as "Borrower," and Mesorahco LLC ("Mesorahco" and together with Mesorahland, the "Camp Mesorah Debtors"), Shab Holdings LLC, Shab

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Operating Inc., Meadowbrook Landco LLC, Meadowbrook Operatingco LLC as "Corporate Guarantors," (collectively, with Mesorahland, the "Wayne Bank-Mesorah Loan Party Debtors") entered into that certain Loan Agreement with Wayne Bank, together with other related loan documents, including a Mortgage on certain real property owned by Mesorahland, a Subordinated Mortgage and Security Agreement on real property owned by Meadowbrook Landco LLC, a Supplemental Mortgage and Security Agreement from Shab Holdings LLC, an Assignment of Rents, Leases and Profits (from each of Mesorahland, Shab Holdings LLC and Meadowbrook Landco LLC) and Security Agreements (with the Camp Mesorah Debtor) (collectively, and with such ancillary loan or related documents, the "Wayne Bank-Mesorah Loan Documents" and the loan granted thereby, the "Camp Mesorah Loan").  Wayne Bank asserts that its principal loan balance is approximately $3,733,140 as of the Petition Date.  Wayne Bank asserts that pursuant to the Wayne Bank-Mesorah Loan Documents it has a blanket lien on all of the Camp Mesorah Debtors' personal property, whether owned as of the date of the Security Agreements or thereafter acquired (with respect to each Camp Mesorah Debtor, the "Camp Mesorah Collateral") and other supporting collateral from the Other Wayne Bank-Mesorah Loan Party Debtors (together with the Camp Mesorah Collateral, the "Mesorah Loan Collateral").  Wayne Bank asserts that its security interest in the Mesorah Loan Collateral of each applicable Wayne Bank-Mesorah Loan Party Debtors was perfected by the recording of its Mortgages and the Assignment of Rents, Leases and Profits and by the filing of UCC-1 Financing Statements with the Secretaries of State of New York and Pennsylvania and that as a result Wayne Bank asserts a valid, perfected security interest in each applicable Wayne Loan Party's "cash collateral" as that term is defined in 11 U.S.C. § 363(a),

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

including but not limited to all cash, deposit accounts, accounts receivable, and other cash equivalents in which Wayne Bank asserts that it holds a security interest.  The SIMAD Debtors do not stipulate to any of the facts concerning the Wayne Bank-Mesorah Loan or the transactions referenced in any of the Wayne Bank-Mesorah Loan Documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

(ii)     The Pine Forest Camps Loan.  On or about December 7, 2022, Pine Forest Landco LLC and Pine Forest Campco LLC (collectively, the "Pine Forest Debtors") entered into that certain Loan Agreement with Wayne Bank for two (2) loans to be advanced to the Pine Forest Debtors, together with other related loan documents, including an Open-End Mortgages and Security Agreements on certain real properties and personal property owned by the Pine Forest Debtors, Assignments of Rents, Leases and Profits, and separate Security Agreements (collectively, and with such ancillary loan or related documents, the "Wayne Bank-Pine Forest Loan Documents" and the loans granted thereby, the "Pine Forest Loan").  Wayne Bank asserts that its principal loan balance for the two (2) loans is approximately $13,834,962 and $4,558,550, respectively, as of the Petition Date.  Wayne Bank asserts that pursuant to the Wayne Bank-Pine Forest Loan Documents it has a blanket lien on all of the Pine Forest Debtors' personal property, whether owned as of the date of the Security Agreement or thereafter acquired (with respect to each Pine Forest Debtor, the "Pine Forest Loan Collateral" and together with the Mesorah Loan Collateral, the "Collateral").  Wayne Bank asserts that its security interest in the Collateral of each applicable Pine Forest Debtor was perfected by the recording of its Mortgage and the Assignment

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

of Leases and Rents and by the filing of UCC-1 Financing Statements with the Secretary of State

of Pennsylvania and that as a result Wayne Bank asserts a valid, perfected security interest in each

applicable Pine Forest Debtor's "cash collateral" as that term is defined in 11 U.S.C. § 363(a),

including but not limited to all cash, deposit accounts, accounts receivable, and other cash

equivalents in which Wayne Bank asserts that it holds a security interest.  The SIMAD Debtors do

not stipulate to any of the facts concerning the Pine Forest Loan or the transactions referenced in

any of the Wayne Bank-Pine Forest Loan Documents, including whether the documents were

properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights

with respect thereto

E.      **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes,

*inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees,

charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term

"proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as

the term "proceeds" is described in UCC Section 9-102(a)(64).  Wayne Bank may assert that some

of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and

may constitute Wayne Bank's cash collateral as defined by 11 U.S.C. § 363(a).

F.      **Necessity and Best Interest.**  The SIMAD Debtors require immediate authority to

use cash to maintain to continue their business operations without interruption in furtherance of

these chapter 11 cases.  The SIMAD Debtors' use of the cash to the extent and on the terms and

conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates

pending a final hearing.  The terms of the SIMAD Debtors' use of cash pursuant to this Order,

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.     **Purposes.**  The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.     **Use of Collateral.**  The SIMAD Debtors are authorized to use cash that constitutes Collateral of Wayne Bank, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

2.     **Adequate Protection**

(a)     As adequate protection for use of any Collateral, Wayne Bank shall be entitled to the following:

(i)     Wayne Bank is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of the Pine Forest Debtors that Wayne Bank held in the pre-petition Collateral, if any.

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

(ii)     The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Wayne Bank taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)     Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect Wayne Bank's interest in the cash collateral, Wayne Bank shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against the Pine Forest Debtors under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

3.     **No Implied Consent**.  No consent by Wayne Bank to use of cash collateral, and no consent by Wayne Bank to, or failure of Wayne Bank to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Wayne Bank with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Wayne Bank has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of Wayne Bank to object to any other use is fully preserved. Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Wayne Bank.

4.    **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)    This is an interlocutory order. Nothing contained herein shall be deemed or construed to: (i) limit Wayne Bank to the relief granted herein; (ii) bar Wayne Bank or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Wayne Bank to make any loans or advances to the SIMAD Debtors. Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Wayne Bank or the SIMAD Debtors or any trustee from otherwise seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Wayne Bank and other parties-in-interest entitled to notice of same.

(b)    The Order may be modified for cause shown by the SIMAD Debtors, Wayne Bank or any other party-in-interest on due notice. No such modification, however, shall deprive Wayne Bank of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c)    Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Wayne Bank and the SIMAD Debtors, that Wayne Bank has any valid claims against the SIMAD Debtors, or that Wayne Bank has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of Wayne Bank. In the event Wayne Bank's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Wayne Bank shall be null and void.

5. **Default Hearing.** In the event the SIMAD Debtors default under or violate this Order, Wayne Bank may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6. **Relief from the Automatic Stay.** The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Wayne Bank collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Wayne Bank in connection with the SIMAD Debtors' use of Wayne Bank's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Wayne Bank and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United

(Page | 10)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Wayne Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Wayne Bank, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**<u>Exhibit D</u>**

**Interim Order**

**(Community Bank)**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

---

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

---

## INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE CASH COLLATERAL OF COMMUNITY BANK, NATIONAL ASSOCIATION PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Community Bank, National Association ("Community Bank") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.     **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.     **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.     **Pre-Petition Debt.**  On or about June 23, 2022, Chateaugay Campco LLC and Chateaugay Landco LLC (collectively, the "Chateaugay Debtors") entered into that certain Loan Agreement with Community Bank, together with other related loan documents, including a

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Mortgage on certain real property owned by Chateaugay Landco LLC, an Assignment of Leases and Rents and a Security Agreement (collectively, and with such ancillary loan or related documents, the "Community Bank Loan Documents" and the loan granted thereby, the "Chateaugay Loan").  Community Bank asserts that its principal loan balance is approximately $2,285,692 as of the Petition Date.  Community Bank asserts that pursuant to the Community Bank Loan Documents it has a blanket lien on all of the Chateaugay Debtors' personal property, whether owned as of the date of the Security Agreement or thereafter acquired (with respect to each Chateaugay Debtor, the "Collateral").  Community Bank asserts that its security interest in the Collateral of each applicable Chateaugay Debtor was perfected by the recording of its Mortgage and the Assignment of Leases and Rents and by the filing of UCC-1 Financing Statements with the Secretary of State of New York and that as a result Community Bank asserts a valid, perfected security interest in each applicable Chateaugay Debtor's "cash collateral" as that term is defined in 11 U.S.C. § 363(a), including but not limited to all cash, deposit accounts, accounts receivable, and other cash equivalents in which Community Bank asserts that it holds a security interest.  The SIMAD Debtors do not stipulate to any of the facts concerning the Chateaugay Loan or the transactions referenced in any of the Chateaugay Loan Documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

E.      **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

"proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64). Community Bank may assert that some of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and may constitute Community Bank's cash collateral as defined by 11 U.S.C. § 363(a).

F.   **Necessity and Best Interest.**  The SIMAD Debtors require immediate authority to use cash to maintain to continue their business operations without interruption in furtherance of these chapter 11 cases. The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing. The terms of the SIMAD Debtors' use of cash pursuant to this Order, subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.   **Purposes.**  The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.   **Use of Collateral.**  The SIMAD Debtors are authorized to use cash that constitutes Collateral of Community Bank, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

2.    **Adequate Protection**

(a)    As adequate protection for use of any Collateral, Community Bank shall be entitled to the following:

(i)    Community Bank is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of the Chateaugay Debtors that Community Bank held in the pre-petition Collateral, if any.

(ii)    The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Community Bank taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)    Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect Community Bank's interest in the cash collateral, Community Bank shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against the Chateaugay Debtors under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

3.    **No Implied Consent**.  No consent by Community Bank to use of cash collateral, and no consent by Community Bank to, or failure of Community Bank to object to, any

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Community Bank with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals. Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Community Bank has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of Community Bank to object to any other use is fully preserved. Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Community Bank.

4.      **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)      This is an interlocutory order. Nothing contained herein shall be deemed or construed to: (i) limit Community Bank to the relief granted herein; (ii) bar Community Bank or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Community Bank to make any loans or advances to the SIMAD Debtors. Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Community Bank or the SIMAD Debtors or any trustee from otherwise seeking other and

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Community Bank and other parties-in-interest entitled to notice of same.

(b)     The Order may be modified for cause shown by the SIMAD Debtors, Community Bank or any other party-in-interest on due notice.  No such modification, however, shall deprive Community Bank of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c)     Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Community Bank and the SIMAD Debtors, that Community Bank has any valid claims against the SIMAD Debtors, or that Community Bank has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.  The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of Community Bank.  In the event Community Bank's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Community Bank shall be null and void.

5.     **Default Hearing.**  In the event the SIMAD Debtors default under or violate this Order, Community Bank may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6.     **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Community Bank, National Association Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Community Bank collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Community Bank in connection with the SIMAD Debtors' use of Community Bank's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Community Bank and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Community Bank, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit E**

**Interim Order**

**(HomeTrust Bank)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

　　Debtors.

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

## INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE CASH COLLATERAL OF HOMETRUST BANK PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

---

[1]　　A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Hometrust Bank, National Association ("Hometrust Bank") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.    **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.    **Pre-Petition Debt.**  On or about September 21, 2021, Bluestar Landco, LLC, as Borrower, and Bluestar Operatingco, LLC, as Guarantor (collectively, the "Bluestar Debtors") entered into that certain Agreement with Hometrust Bank, together with other related loan

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

documents, including a Promissory Note, a Deed of Trust, an Assignment of Rents, and Limited Liability Company Resolution to Grant Collateral (each executed by Bluestar Landco, LLC) and a Commercial Guaranty and a Limited Liability Company Resolution to Grant Collateral/Guarantee (each executed by Bluestar Operatingco, LLC) (collectively, and with such ancillary loan or related documents, the "Hometrust Bank Loan Documents" and the loan granted thereby, the "Bluestar Loan"). Hometrust Bank asserts that its principal loan balance is approximately $3,133,976 as of the Petition Date. Hometrust Bank asserts that pursuant to the Hometrust Bank Loan Documents it has a blanket lien on all of the Bluestar Debtors' personal property, whether owned as of the date of the Security Agreement or thereafter acquired (with respect to each Bluestar Debtor, the "Collateral"). Hometrust Bank asserts that its security interest in the Collateral of each applicable Bluestar Debtor was perfected by the recording of its Deed of Trust and Assignment of Rents and by the filing of UCC-1 Financing Statements with the Secretary of State of North Carolina and that as a result Hometrust Bank asserts a valid, perfected security interest in each applicable Bluestar Debtor's "cash collateral" as that term is defined in 11 U.S.C. § 363(a), including but not limited to all cash, deposit accounts, accounts receivable, and other cash equivalents in which Hometrust Bank asserts that it holds a security interest. The SIMAD Debtors do not stipulate to any of the facts concerning the Bluestar Loan or the transactions referenced in any of the Bluestar Loan Documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

E.      **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64).  Hometrust Bank may assert that some of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and may constitute Hometrust Bank's cash collateral as defined by 11 U.S.C. § 363(a).

F.      **Necessity and Best Interest.**  The SIMAD Debtors require immediate authority to use cash to maintain to continue their business operations without interruption in furtherance of these chapter 11 cases.  The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing.  The terms of the SIMAD Debtors' use of cash pursuant to this Order, subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.      **Purposes.**  The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

1.      **Use of Collateral.**  The SIMAD Debtors are authorized to use cash that constitutes Collateral of Hometrust Bank, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

2.      **Adequate Protection**

(a)      As adequate protection for use of any Collateral, Hometrust Bank shall be entitled to the following:

(i)      Hometrust Bank is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of the Bluestar Debtors that Hometrust Bank held in the pre-petition Collateral, if any.

(ii)      The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Hometrust Bank taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)      Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect Hometrust Bank's interest in the cash collateral, Hometrust Bank shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against the Bluestar Debtors under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

(Page | 6)
Debtors:           SIMAD HOLDINGS LTD., *et al.*
Case No.           26-16388 (CMG)
Caption of Order:  Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of
                   Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P.
                   4001 and Scheduling Final Hearing Date

3.      **No Implied Consent**.  No consent by Hometrust Bank to use of cash collateral, and no consent by Hometrust Bank to, or failure of Hometrust Bank to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Hometrust Bank with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Hometrust Bank has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of Hometrust Bank to object to any other use is fully preserved.  Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Hometrust Bank.

4.      **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)      This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit Hometrust Bank to the relief granted herein; (ii) bar Hometrust Bank or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Hometrust Bank to make any loans or advances to the SIMAD Debtors.  Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Hometrust Bank or the SIMAD Debtors or any trustee from otherwise seeking other and further

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Hometrust Bank and other parties-in-interest entitled to notice of same.

(b)     The Order may be modified for cause shown by the SIMAD Debtors, Hometrust Bank or any other party-in-interest on due notice.  No such modification, however, shall deprive Hometrust Bank of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c)     Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Hometrust Bank and the SIMAD Debtors, that Hometrust Bank has any valid claims against the SIMAD Debtors, or that Hometrust Bank has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.  The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of Hometrust Bank.  In the event Hometrust Bank's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Hometrust Bank shall be null and void.

5.     **Default Hearing.**  In the event the SIMAD Debtors default under or violate this Order, Hometrust Bank may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6.     **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

(Page | 8)
Debtors:        SIMAD HOLDINGS LTD., *et al.*
Case No.        26-16388 (CMG)
Caption of Order:   Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of
                Hometrust Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P.
                4001 and Scheduling Final Hearing Date

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Hometrust Bank collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Hometrust Bank in connection with the SIMAD Debtors' use of Hometrust Bank's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Hometrust Bank and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Hometrust Bank, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit F**

**Interim Order**

**(Bank of America)**

<table>
<tr><td colspan="2">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

</td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

</td></tr>
</table>

**INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE CASH COLLATERAL OF BANK OF AMERICA, N.A. PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Bank of America, National Association ("Bank of America") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.    **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.    **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.    **Pre-Petition Debt.**  On or about September 30, 2022, Summit Camp, LLC ("Summit Camp") entered into that certain Loan Agreement with Bank of America, together with other related loan documents, including a Open-End Mortgage, Assignment of Rents Security

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Agreement and Fixture Filing (the "Mortgage and the Assignment of Leases and Rents") on certain real property owned by Summit Camp and a Security Agreement (collectively, and with such ancillary loan or related documents, the "Bank of America Loan Documents" and the loan granted thereby, the "Bank of America Loan").  Bank of America asserts that its principal loan balance is approximately $3,380,079 as of the Petition Date.  Bank of America asserts that pursuant to the Bank of America Loan Documents it has a blanket lien on all of Summit Camp's personal property, whether owned as of the date of the Security Agreement or thereafter acquired (the "Collateral"). Bank of America asserts that its security interest in the Collateral of Summit Camp was perfected by the recording of its Mortgage and the Assignment of Leases and Rents and by the filing of a UCC-1 Financing Statement with the Secretary of State of Pennsylvania and that as a result Bank of America asserts a valid, perfected security interest in Summit Camp's "cash collateral" as that term is defined in 11 U.S.C. § 363(a), including but not limited to all cash, deposit accounts, accounts receivable, and other cash equivalents in which Bank of America asserts that it holds a security interest.  The SIMAD Debtors do not stipulate to any of the facts concerning the Bank of America Loan or the transactions referenced in any of the Bank of America Loan Documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

E.      **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

the term "proceeds" is described in UCC Section 9-102(a)(64). Bank of America may assert that some of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and may constitute Bank of America's cash collateral as defined by 11 U.S.C. § 363(a).

F.     **Necessity and Best Interest.** The SIMAD Debtors require immediate authority to use cash to maintain to continue their business operations without interruption in furtherance of these chapter 11 cases. The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing. The terms of the SIMAD Debtors' use of cash pursuant to this Order, subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.     **Purposes.** The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.     **Use of Collateral.** The SIMAD Debtors are authorized to use cash that constitutes Collateral of Bank of America, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

2.    **Adequate Protection**

(a)    As adequate protection for use of any Collateral, Bank of America shall be entitled to the following:

(i)    Bank of America is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of Summit Camp that Bank of America held in the pre-petition Collateral, if any.

(ii)    The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Bank of America taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)    Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect Bank of America's interest in the cash collateral, Bank of America shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against Summit Camp under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

3.    **No Implied Consent**.  No consent by Bank of America to use of cash collateral, and no consent by Bank of America to, or failure of Bank of America to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

the consent of Bank of America with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Bank of America has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of Bank of America to object to any other use is fully preserved.  Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Bank of America.

4.    **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)    This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit Bank of America to the relief granted herein; (ii) bar Bank of America or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Bank of America to make any loans or advances to the SIMAD Debtors.  Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Bank of America or the SIMAD Debtors or any trustee from otherwise seeking other and further

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Bank of America and other parties-in-interest entitled to notice of same.

(b)      The Order may be modified for cause shown by the SIMAD Debtors, Bank of America or any other party-in-interest on due notice.  No such modification, however, shall deprive Bank of America of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c)      Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Bank of America and the SIMAD Debtors, that Bank of America has any valid claims against the SIMAD Debtors, or that Bank of America has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.  The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of Bank of America.  In the event Bank of America's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Bank of America shall be null and void.

5.      **Default Hearing.**  In the event the SIMAD Debtors default under or violate this Order, Bank of America may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6.      **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Bank of America, N.A. Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Bank of America collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Bank of America in connection with the SIMAD Debtors' use of Bank of America's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Bank of America and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Bank of America, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit G**

**Interim Order**

**(Putnam County Savings Bank)**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors
and Debtors in Possession*

</td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

</td></tr>
</table>

**INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS TO USE CASH
COLLATERAL OF PUTNUM COUNTY SAVINGS BANK PURSUANT TO 11 U.S.C.
§ 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE**

    The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED**.

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Putnum County Savings Bank on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.     **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the SIMAD Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.     **Chapter 11 Filed.**  The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2026 and June 5, 2026 (collectively, the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.     **Pre-Petition Debt.**  On or about August 28, 2013, Kiwi Operatingco LLC ("Kiwi Operating") obtained a loan from Putnum County Savings Bank pursuant to which Kiwi Operating executed among other documents, a Mortgage Note and a Security Agreement (collectively, and with such ancillary loan or related documents, including the documents executed by RDM Camps

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

LLC described below, the "Putnum County Savings Bank Loan Documents" and the loan granted thereby, the "Putnum County Savings Bank Loan"). The Putnam County Savings Bank Loan was guaranteed by RDM Camps LLC ("RDC Camps") pursuant to a Guaranty of Payment dated August 13, 2013, and secured by a Collateral Security Agreement. Putnum County Savings Bank asserts that its principal loan balance under the Putnum County Savings Bank Loan is approximately $488,952 as of the Petition Date. Putnum County Savings Bank asserts that pursuant to the Putnum County Savings Bank Loan Documents, it has a blanket lien on all of personal property of each of Kiwi Operating and RDM Camps, whether owned as of the date of the respective security agreements (the "Collateral"). Putnum County Savings Bank asserts that its security interest in the Collateral of each of Kiwi Operating and RDM Camps was perfected by the filing of UCC-1 Financing Statements with the Secretary of State of New York and that as a result Putnum County Savings Bank asserts a valid, perfected security interest in the "cash collateral" of Kiwi Operating and RDM Camps as that term is defined in 11 U.S.C. § 363(a), including but not limited to all cash, deposit accounts, accounts receivable, and other cash equivalents in which Putnum County Savings Bank asserts that it holds a security interest. The SIMAD Debtors do not stipulate to any of the facts concerning the Putnum County Savings Bank Loan or the transactions referenced in any of the Putnum County Savings Bank Loan Documents, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

   E.  **Cash Collateral.** "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees,

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64).  Putnum County Savings Bank may assert that some of the cash being held by the SIMAD Debtors derives from, at least in part, the Collateral, and may constitute Putnum County Savings Bank's cash collateral as defined by 11 U.S.C. § 363(a).

F.      **Necessity and Best Interest.**  The SIMAD Debtors require immediate authority to use cash to maintain to continue their business operations without interruption in furtherance of these chapter 11 cases.  The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing.  The terms of the SIMAD Debtors' use of cash pursuant to this Order, subject to the SIMAD Debtors' reservation of rights herein, are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.      **Purposes.**  The SIMAD Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

(Page | 5)

| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
|---|---|
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

1.      **Use of Collateral.** The SIMAD Debtors are authorized to use cash that constitutes Collateral of Putnum County Savings Bank, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

2.      **Adequate Protection**

(a)      As adequate protection for use of any Collateral, Putnum County Savings Bank shall be entitled to the following:

(i)      Putnum County Savings Bank is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of Kiwi Operating and/or RDM Camps that Putnum County Savings Bank held in the pre-petition Collateral, if any.

(ii)      The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Putnum County Savings Bank taking possession of its Collateral or filing financing statements, mortgages or other documents.

(b)      Subject to the limitations set forth in Paragraph 2(a)(i)(x)-(z), and solely to the extent that the adequate protection herein provided is insufficient to protect Putnum County Savings Bank's interest in the cash collateral, Putnum County Savings Bank shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against Kiwi Operating and/or RDM Camps under 11 U.S.C. § 507(a)(2), whether in this

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee and any other adequate protection super-priority lien having priority in the Collateral.

3.      **No Implied Consent**.  No consent by Putnum County Savings Bank to use of cash collateral, and no consent by Putnum County Savings Bank to, or failure of Putnum County Savings Bank to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Putnum County Savings Bank with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Putnum County Savings Bank has not consented or agreed to the applicable SIMAD Debtors' use of the Collateral and (b) the right of Putnum County Savings Bank to object to any other use is fully preserved.  Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Putnum County Savings Bank.

4.      **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)      This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit Putnum County Savings Bank to the relief granted herein; (ii) bar Putnum County Savings Bank or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Putnum County

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Savings Bank to make any loans or advances to the SIMAD Debtors.  Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Putnum County Savings Bank or the SIMAD Debtors or any trustee from otherwise seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Putnum County Savings Bank and other parties-in-interest entitled to notice of same.

(b)     The Order may be modified for cause shown by the SIMAD Debtors, Putnum County Savings Bank or any other party-in-interest on due notice.  No such modification, however, shall deprive Putnum County Savings Bank of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(c)     Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Putnum County Savings Bank and the SIMAD Debtors, that Putnum County Savings Bank has any valid claims against the SIMAD Debtors, or that Putnum County Savings Bank has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.  The SIMAD Debtors reserve all rights concerning the same, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging the validity, extent, and priority of any of the alleged claims and liens of Putnum County Savings Bank.  In the event Putnum County Savings Bank's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Putnum County Savings Bank shall be null and void.

(Page | 8)
Debtors:              SIMAD HOLDINGS LTD., *et al.*
Case No.              26-16388 (CMG)
Caption of Order:     Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of
                      Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed.
                      R. Bankr. P. 4001 and Scheduling Final Hearing Date

5.    **Default Hearing.**  In the event the SIMAD Debtors default under or violate this Order, Putnum County Savings Bank may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6.    **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

## FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Putnum County Savings Bank collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Putnum County Savings Bank in connection with the SIMAD Debtors' use of Putnum County Savings Bank's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Putnum County Savings Bank and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to Use Cash Collateral of Putnum County Savings Bank Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Putnum County Savings Bank, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit H**

**Interim Order**

**(Fidelity Bank)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

### INTERIM ORDER AUTHORIZING ONE CANAL PLACE REAL ESTATE LLC AND ONE CANAL PLACE LEASING LLC TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

---

[1]     A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by One Canal Place Real Estate LLC and One Canal Place Leasing LLC (the "One Canal Debtors"), for authority to use the cash collateral of Fidelity Bank ("Fidelity") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.      **Notice and Hearing.**  Notice of the Motion and of the interim hearing on the One Canal Debtors' use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B.      **Chapter 11 Filed.**  The One Canal Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 5, 2026 (the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C.      **Pre-Petition Debt.**  Fidelity asserts an aggregate claim against the One Canal Debtors in the approximate amount of $20,000,000 in principal as of the Petition Date, allegedly secured by liens on those assets of the One Canal Debtors that are described in that certain *Loan*

(Page | 3)
Debtors:          SIMAD HOLDINGS LTD., *et al.*
Case No.          26-16388 (CMG)
Caption of Order: Interim Order Authorizing One Canal Place Real Estate LLC and One Canal
                  Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2)
                  and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date

*Agreement* dated March 26, 2026 (the "Loan Agreement" and the collateral described therein, the

"Collateral").  The Debtors do not stipulation to any facts concerning the Loan Agreement or the

transactions referenced in the Loan Agreement or related documents, including whether the

documents were properly entered into, authorized, are effective, were funded, or otherwise, and

reserve all rights with respect thereto.

E.      **Cash Collateral.**  "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes,

*inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees,

charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term

"proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as

the term "proceeds" is described in UCC Section 9-102(a)(64).  Fidelity may assert that some of

the cash being held by the One Canal Debtors derives from, at least in part, the Collateral, and may

constitute Fidelity's cash collateral as defined by 11 U.S.C. § 363(a).

F.      **Necessity and Best Interest.**  The One Canal Debtors require immediate authority

to use cash to maintain to continue their business operations without interruption in furtherance of

these chapter 11 cases.  The One Canal Debtors' use of the cash to the extent and on the terms and

conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates

pending a final hearing.  The terms of the One Canal Debtors' use of cash pursuant to this Order,

subject to the One Canal Debtors' reservation of rights herein, are fair and reasonable, reflect the

One Canal Debtors' exercise of prudent business judgment, and constitute reasonably equivalent

value and fair consideration.

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

G.   **Purposes.**  The Debtors must be authorized to use the cash to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.   **Use of Collateral.**  The One Canal Debtors are authorized to use cash that constitutes Collateral of Fidelity, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets.

2.   **Adequate Protection**

(a)   As adequate protection for use of any Collateral, Fidelity shall be entitled to the following:

(i)   Fidelity is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (i) only to the extent such use results in a diminution of its interest in the Collateral; (ii) only to the extent such pre-petition liens are valid; and (iii) with the same priority in the post-petition collateral and proceeds thereof of the One Canal Debtors that Fidelity held in the pre-petition Collateral, if any.

(ii)   The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Fidelity taking possession of its Collateral or filing financing statements, mortgages or other documents.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

(b)     To the extent that the adequate protection herein provided is insufficient to protect Fidelity's interest in the cash collateral, Fidelity shall have a super-priority administrative expense claim, pursuant to 11 U.S.C. § 507(b), senior to any and all claims against the One Canal Debtors under 11 U.S.C. § 507(a)(2), whether in this proceeding or in any succeeding proceeding, subject only to fees of the United States Trustee.

3.     **Continuation of Payments**.  On or before the tenth (10th) day of each calendar month (commencing in July 2026), the One Canal Debtors shall remit to Fidelity all base rent, common area maintenance, real estate taxes, and insurance payable under the Loan Agreement (the "Payments"), which Payments shall be made so long as Fidelity takes no adverse action in these Chapter 11 cases against the One Canal Debtors.  No motion or application by Fidelity to establish the extent or validity of its lien shall be deemed to be an "adverse action" within the intent of this paragraph.

4.     **No Implied Consent**.  No consent by Fidelity to use of cash collateral, and no consent by Fidelity to, or failure of Fidelity to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Fidelity with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals. Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a) Fidelity has not consented or agreed to the One Canal Debtors' use of the Collateral and (b) the right of Fidelity to object to any other use is fully preserved.  Notwithstanding the foregoing,

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

nothing in this paragraph (or otherwise herein) shall prevent the One Canal Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Fidelity.

5.     **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)     This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit Fidelity to the relief granted herein; (ii) bar Fidelity or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same; or (iii) require Fidelity to make any loans or advances to the One Canal Debtors.  Nothing herein shall be construed to prohibit the One Canal Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Fidelity or the One Canal Debtors or any trustee from otherwise seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Fidelity and other parties-in-interest entitled to notice of same.

(b)     The Order may be modified for cause shown by the Debtors, Fidelity or any other party-in-interest on due notice.  No such modification, however, shall deprive Fidelity of its interest in the property (pre-petition and post-petition) of the One Canal Debtors to the extent valid.

(c)     Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Fidelity and the One Canal Debtors, that Fidelity has any valid claims against the One Canal Debtors, or that Fidelity has a valid lien on the cash collateral or any of the other assets of the One Canal Debtors.  The One

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Canal Debtors reserve all rights concerning, and nothing herein shall prevent the One Canal Debtors or any Committee from challenging, the validity, extent, and priority of any of the alleged claims and liens of Fidelity.  In the event Fidelity's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to Fidelity shall be null and void.

6.     **Default Hearing.**  In the event the One Canal Debtors default under or violate this Order, Fidelity may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

7.     **Relief from the Automatic Stay.**   The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

**FINAL HEARING**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the One Canal Debtors' use of Fidelity collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Fidelity in connection with the One Canal Debtors' use of Fidelity's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the Debtors, counsel to Fidelity and the Office of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, in Courtroom _____ of the United States Bankruptcy Court, Trenton, New Jersey.  If no objections are filed and advocated at such hearing,

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing One Canal Place Real Estate LLC and One Canal Place Leasing LLC to use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## <u>NOTICE</u>

IT IS FURTHER ORDERED that the One Canal Debtors serve a copy of this Order and by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Fidelity, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the Debtors' twenty (20) largest unsecured creditors.

**Exhibit I**

**Interim Order**

**(Newtek)**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

</td><td></td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

   Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

(Joint Administration Requested)

</td></tr>
</table>

### INTERIM ORDER AUTHORIZING THE SIMAD DEBTORS' USE OF CASH COLLATERAL, IF ANY, OF NEWTEK BUSINESS SERVICES HOLDCO 6, INC./NBL SPV II, LLC PURSUANT TO 11 U.S.C. § 363(c)(2) AND FED. R. BANKR. P. 4001 AND SCHEDULING FINAL HEARING DATE

The relief set forth on the following pages, numbered two (2) through eleven (11) is

**ORDERED**.

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

THIS MATTER having been opened to the Court by the SIMAD Debtors, for authority to use the cash collateral, if any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC (collectively, "Newtek") on an interim basis pursuant to Federal Rule of Bankruptcy Procedure 4001(b) and 11 U.S.C. §363(c)(2) (the "Motion"); and it appearing that notice of the Motion, together with notice of the interim hearing thereon, has been adequate; and the Court having considered the Motion; and after due deliberation and with good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Notice and Hearing.** Notice of the Motion and of the preliminary hearing on the SIMAD Debtors' interim use of cash collateral of Newtek, if any, has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B. **Chapter 11 Filed.** The SIMAD Debtors each filed their petitions under Chapter 11 of the Bankruptcy Code on June 4, 2025 (the "Petition Date") and are presently operating as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner or official committee of unsecured creditors (a "Committee") has been appointed in these Chapter 11 cases.

C. **Pre-Petition Transaction(s).** On or about June 30, 2025, certain of the SIMAD Debtors, IAFAOPERATINGCO, LLC; Belgrade Lakes Summer Camps LLC; Waukeela

(Page | 3)
Debtors:            SIMAD HOLDINGS LTD., *et al.*
Case No.            26-16388 (CMG)
Caption of Order:   Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if
                    Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC
                    Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and
                    Scheduling Final Hearing Date

Operatingco LLC; Mainewekeelaco LLC; Poland Campco LLC; Wm Camp, LLC; Camp Med-O-

Lark, Inc.; and Banner Operatingco LC, as "Borrower," allegedly entered into that certain Business

Loan Agreement, pursuant to which Newtek funded the sum of $15,000,000 in accordance with

the terms Business Loan Agreement.  In accordance with the Business Loan Agreement, the

"Borrower" as "Grantor" executed, among other documents, a Commercial Security Agreement,

whereby Grantor allegedly granted to Newtek "a security interest in the Collateral to secure the

Indebtedness …"  Collateral was defined in the Commercial Security Agreement as follows:

> The word "Collateral" as used in this Agreement means the
> following described property, whether now owned or hereafter
> acquired, whether now existing or hereafter arising, and wherever
> located, in which Grantor is giving to Lender a security interest for
> the payment of the Indebtedness and performance of all other
> obligations under the Note and this Agreement:
>
> All inventory, equipment, accounts (including but not limited to all
> health-care-insurance receivables), chattel paper, instruments
> (including but not limited to all promissory notes), letter-of-credit
> rights, letters of credit, documents, deposit accounts, investment
> property, money, other rights to payment and performance, and
> general intangibles (including but not limited to all software and all
> payment intangibles); all oil, gas and other minerals before
> extraction; all oil, gas, other minerals and accounts constituting as-
> extracted collateral; all fixtures; all timber to be cut; all attachments,
> accessions, accessories, fittings, increases, tools, parts, repairs,
> supplies, and commingled goods relating to the foregoing property,
> and all additions, replacements of and substitutions for all or any
> part of the foregoing property; all insurance refunds relating to the
> foregoing property; all good will relating to the foregoing property;
> all records and data and embedded software relating to the foregoing
> property, and all equipment, inventory and software to utilize,
> create, maintain and process any such records and data on electronic
> media; and all supporting obligations relating to the foregoing
> property; all whether now existing or hereafter arising, whether now

(Page | 4)

| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
|---|---|
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.:

Certain of the SIMAD Debtors IAFALANDCO, LLC, Waukeela Landco LLC, Wekeeland LLC, Poland Landco LLC, WM Landco LLC, Washington Lake, LLC, and Banner Landco LLC each executed a Commercial Guaranty, allegedly guaranteeing the payment and performance of "Borrower." In accordance with the Business Loan Agreement, Borrower is obligated to maintain

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

a depository account with Newtek Bank, National Association and Borrower entered into a Control Agreement – Deposit Account with Newtek.  The SIMAD Debtors do not stipulate to any of the facts surrounding the above-described documents or the transactions referenced therein, including whether the documents were properly entered into, authorized, are effective, were funded, or otherwise, and reserve all rights with respect thereto.

According to searches conducted by the SIMAD Debtors, which the SIMAD Debtors assume are correct but with respect to which the SIMAD Debtors reserve all rights, Newtek caused to be filed (i) a UCC-1 financing statement with the Secretary of State of Illinois on June 15 2025, asserting a "Blanket Lien" on the assets of: Banner Operatngco LLC, Iafa Operatingco, LLC, Belgrade Lakes Summer Camps LLC, Mainewkeelaco, LLC, Polandcampco LLC, WM Camp, LLC, Camp Med-O-Lark, Inc., Indian Acres Camp for Boys, Camp Kennebec, Camp Wekeela, Camp North Star of Maine, Windsor Mountain Summer Camp and Banner Day Camp  as "Debtor" and (ii) a UCC-1 Financing Statement with the Secretary of State of Maine on June 15, 2025, asserting a lien on "Inventory, equipment, accounts, health-care-insurance receivables, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, all software, payment intangibles, oil, gas, minerals before extraction, fixtures, timber to be cut, all attachments, accessions, accessories, fitting, increases, tools, parts, repairs, supplies, and commingled goods relating to the property" of Belgrade Lakes Summer Camps, LLC, Iafa Operatingco, LLC, Mainewekeelaco, LLC, Poland Campco LLC, WM Camp, LLC, Camp Med-

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

O-Lark, Inc., Banner Operatingco LLC, Indian Acres Camp for Boys, Camp Kennebec, Camp Wekeela, Camp North Star of Maine, Windsor Mountain Summer Camp, and Banner Day Camp. Each of the UCC-1 Financing Statements was filed by Newtek Business Solutions Holdco 6, Inc. and subsequently assigned to NBL SPV II, LLC (and then to U.S. Bank National Association and its successors and assigns, as Indenture Trustee).

E. **Cash Collateral.** "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64). Newtek may assert, which the SIMAD Debtors dispute and reserve all rights in all respects, that the funds received by the SIMAD Debtors, if any, in the operation of the SIMAD Debtors' businesses and some or all of the funds on hand at the SIMAD Debtors are "Collateral" within the meaning of Commercial Security Agreement and constitute Cash Collateral of Newtek as defined by 11 U.S.C. § 363(a).

F. **Necessity and Best Interest.** In connection with the operation of the SIMAD Debtors' businesses, including the opening and operation of the applicable camps, the SIMAD Debtors require immediate authority to use cash on which Newtek may assert, which the SIMAD Debtors dispute and reserve all rights in all respects, it has a perfected security interest and lien, constitutes Collateral within the meaning of the Commercial Security Agreement, and constitutes Cash Collateral of Newtek as defined by 11 U.S.C. § 363(a), to continue their business operations

(Page | 7)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

without interruption in furtherance of these chapter 11 cases.  The SIMAD Debtors' use of the cash to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates pending a final hearing.  The terms of the SIMAD Debtors' use of cash pursuant to this Order are fair and reasonable, reflect the SIMAD Debtors' exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.      **Purposes.**  The SIMAD Debtors must be authorized to use cash, even to the extent such cash constitutes Collateral within the meaning of Commercial Security Agreement, and constitutes Cash Collateral of Newtek as defined by 11 U.S.C. § 363(a), to (i) maintain and preserve their assets, and (ii) continue operation of their business.

AND the Court having determined there is a reasonable likelihood that the SIMAD Debtors will prevail upon the merits at the final hearing of the motion as required by 11 U.S.C. § 363(c)(3); and for good cause shown,

**IT IS ORDERED** as follows:

1.      **Use of Collateral.**  The SIMAD Debtors are authorized to use cash that constitutes Collateral within the meaning of the Commercial Security Agreement and constitutes Cash Collateral of Newtek as defined by 11 U.S.C. § 363(a), if any, subject to the terms of this Order, in order to continue their business operations and maintain and preserve their assets. Notwithstanding anything in this Order to the contrary, pending further order of the Court, the SIMAD Debtors shall not be authorized to use any amounts in a depository account with Newtek

(Page | 8)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Bank, National Association and/or subject to a Control Agreement – Deposit Account with Newtek.

2. **<u>Adequate Protection</u>**

(a)     As adequate protection for use of any Collateral, Newtek shall be entitled to the following:

(i)     Newtek is granted a replacement perfected security interest under 11 U.S.C. § 361(2): (x) only to the extent such use results in a diminution of its interest in the Collateral; (y) only to the extent such pre-petition claims and liens are valid; and (z) with the same priority in the post-petition collateral and proceeds thereof of the SIMAD Debtors that Newtek held in the pre-petition Collateral, if any.

(ii)     The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of Newtek taking possession of its Collateral or filing financing statements, mortgages or other documents.

3. **<u>No Implied Consent</u>**.  No consent by Newtek to use of cash collateral, and no consent by Newtek to, or failure of Newtek to object to, any administrative claims, including fees and expenses of professionals, shall be implied to constitute the consent of Newtek with respect to use of its Collateral (including any cash collateral) pursuant to the provisions of 11 U.S.C. § 506(c) or otherwise, to make payment of such administrative claims, including fees and expenses of professionals.  Except as set forth in the first sentence of paragraph 1 of this Order, and as necessary to make payments of quarterly fees due and owing to the Office of the United States Trustee, (a)

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

Newtek has not consented or agreed to the SIMAD Debtors' use of the Collateral and (b) the right of Newtek to object to any other use is fully preserved.  Notwithstanding the foregoing, nothing in this paragraph (or otherwise herein) shall prevent the SIMAD Debtors from seeking authority to continue to use any Collateral (including any cash collateral) over the objection of Newtek.

4. **Interlocutory Order and No Modification of Creditor's Adequate Protection.**

(a)    This is an interlocutory order.  Nothing contained herein shall be deemed or construed to: (i) limit Newtek to the relief granted herein; (ii) bar Newtek or any other party from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the SIMAD Debtors and other parties-in-interest entitled to notice of same; or (iii) require Newtek to make any loans or advances to the SIMAD Debtors. Nothing herein shall be construed to prohibit the SIMAD Debtors, any Committee or any other party or party in interest from opposing any such relief sought by Newtek or the SIMAD Debtors or any trustee from otherwise seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice from Newtek and other parties-in-interest entitled to notice of same.

(b)    The Order may be modified for cause shown by the SIMAD Debtors, Newtek or any other party-in-interest on due notice.  No such modification, however, shall deprive Newtek of its interest in the property (pre-petition and post-petition) of the SIMAD Debtors to the extent valid.

(Page | 10)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

(c)     Nothing herein shall constitute a finding by the Court with respect to the existence, validity, or enforceability of any prepetition arrangement between Newtek and the Debtors, that Newtek has any valid claims against the Debtors, or that Newtek has a valid lien on the cash collateral or any of the other assets of the SIMAD Debtors.  The SIMAD Debtors reserve all rights concerning, and nothing herein shall prevent the SIMAD Debtors or any Committee from challenging, the validity, extent, and priority of any of the alleged claims and liens of Newtek.  In the event the Lender's alleged lien on cash collateral is determined to be invalid, then the adequate protection provided hereunder to the Lender shall be null and void.

5.     **Default Hearing.**  In the event the SIMAD Debtors default under or violate this Order, Newtek may request a hearing within ten (10) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within forty-eight (48) hours).

6.     **Relief from the Automatic Stay.**  The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified solely to the extent necessary to implement and effectuate the terms and conditions of this Order.

### FINAL HEARING

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to the SIMAD Debtors' use of Newtek's collateral, if any, and to the provisions of this Order, including the adequate protection being offered to Newtek in connection with the SIMAD Debtors' use of Newtek's collateral, if any, shall file with the Clerk of this Court and serve upon counsel for the SIMAD Debtors, counsel to Newtek and the Office

(Page | 11)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Interim Order Authorizing the SIMAD Debtors to use Cash Collateral, if Any, of Newtek Business Solutions Holdco 6, Inc. and/or NBL SPV II, LLC Pursuant to 11 U.S.C. § 363(c)(2) and Fed. R. Bankr. P. 4001 and Scheduling Final Hearing Date |

of the United States Trustee by or before __:___ p.m. on the _____ day of _____, 2026, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __:__ __.m. on the _____ day of _____, 2026, before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Judge, in Courtroom #3 of the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.  If no objections are filed and advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).

## NOTICE

IT IS FURTHER ORDERED that the SIMAD Debtors serve a copy of this Order and Notice by first class mail, within two (2) business days from the date hereof, on: (a) the Office of the United States Trustee; (b) Newtek, all other known secured creditors and their respective counsel, if known; and (c) counsel to any Committee appointed under 11 U.S.C. § 1102 if one has been appointed and, if not, to each of the SIMAD Debtors' twenty (20) largest unsecured creditors.

**Exhibit J**

**Initial Budget**

[*To be filed*]