<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**WALSH PIZZI O'REILLY FALANGA LLP**
Stephen V. Falanga, Esq.
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
P: 973.757.1100
D: 973.757.1107
F: 973.757.1090
sfalanga@walsh.law
-and-
**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein, Esq. (*admitted hac vice*)
Gregory R. Papeika, Esq. (*admitted hac vice*)
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5059
Tel: (203) 836-2815
egoldstein@goodwin.com
gpapeika@goodwin.com

*Counsel to Mizzen Capital, LP, Mizzen Capital
II, LP, and Mizzen Management, LLC*

</td><td></td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

*Jointly Administered*

</td></tr>
</table>

---

[1]       A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**LIMITED OBJECTION OF MIZZEN CAPITAL II, LP TO SIMAD DEBTORS' MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
SIMAD DEBTOR BORROWERS TO OBTAIN POSTPETITION FINANCING**

Mizzen Capital II, LP ("Mizzen") hereby files this Limited Objection (the "Limited Objection") to the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtor Borrowers to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Dkt. No. 225] (the "DIP Motion"), and respectfully states as follows:

**STATEMENT OF FACTS**

1.    Mizzen is a pre-petition secured creditor holding a mortgage lien on real property owned by Banner Landco LLC ("Banner Landco"), one of the Debtors in these chapter 11 cases and a Grantor Borrower[2] as contemplated in the Debtors' DIP Motion.  Pursuant to that certain *Mortgage, Assignment of Leases and Rents and Security Agreement* dated May 2, 2024 (the "Banner Mortgage"), Banner Landco granted to Mizzen a mortgage on real property located at 1225 Riverwoods Road, Lake Forest, Illinois (the "Banner Property"), which was recorded in Lake County, Illinois on May 6, 2024.  .  A true and correct copy of the recorded Banner Mortgage is attached hereto as **Exhibit A.**

2.    The Banner Mortgage secures the obligations of Banner Landco as guarantor under that certain Note Purchase Agreement dated May 2, 2024 (the "Note Purchase Agreement"), by and between SIMAD Holdings LLC, as borrower, various other parties, including Banner Landco, as guarantors, Mizzen, as agent and purchaser, and other purchasers, pursuant to which Mizzen and other note purchasers purchased notes in the aggregate original principal amount of $5,000,000

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the DIP Motion.

from SIMAD Holdings LLC.  As of the Petition Date, the outstanding principal amount owed under the indebtedness under the NPA is at least $3 million.

3.  On June 24, 2026, the Debtors filed the DIP Motion, seeking authority to obtain up to $180,000,000 in post-petition financing secured by priming liens on all of the Debtors' assets, including the Banner Property, pursuant to 11 U.S.C. § 364(d) (the "DIP Financing").

### MIZZEN'S LIMITED OBJECTION

4.  Mizzen files this Limited Objection as the proposed DIP Financing fails to provide adequate protection to Mizzen, as required under the Bankruptcy Code.  Section 364(d) provides that a court may authorize a debtor to obtain credit secured by a senior or equal lien on property of the estate that is already subject to a lien only if, among other things, "there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. § 364(d)(1)(B).  When seeking to obtain a priming lien pursuant to Section 364(d), the debtor bears the burden of proof on showing that pre-petition secured creditors are adequately protected.  *See* 11 U.S.C. § 364(d)(2); *In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994) ("A debtor has the burden to establish that the holder of the lien to be subordinated has adequate protection.").  Such a determination "is made on a case by case basis," and a proposal for adequate protection "should provide the pre-petition secured creditor with the same level of protection it would have had if there had not been post-petition superpriority financing." *In re Swedeland Dev. Grp., Inc.*, 16 F.3d at 564.

5.  As of the Petition Date, the outstanding principal balance owed to Mizzen under the Note Purchase Agreement was not less than $3,000,000.  The Debtors have not offered Mizzen adequate protection and have made no showing that Mizzen will remain adequately protected as a result of the DIP Financing.  Mizzen therefore respectfully requests that the Court deny the DIP

3

Motion to the extent the liens granted pursuant to the DIP Financing will prime Mizzen's lien on the Banner Property, without Mizzen receiving adequate protection to prevent any diminution in its collateral value caused by the DIP Financing.

### RESERVATION OF RIGHTS

6.　　Mizzen expressly reserves all rights, claims, and defenses with respect to the DIP Motion and the DIP Financing, including, without limitation, the right to (a) supplement or amend this Limited Objection, (b) object to any final order approving the DIP Financing, (c) seek additional adequate protection, and (d) assert any and all other rights and remedies available to Mizzen under applicable law.

### RELIEF REQUESTED

**WHEREFORE**, Mizzen respectfully requests that the Court (a) deny the DIP Motion to the extent it seeks to prime Mizzen's lien without providing Mizzen adequate protection, as required under Section 364, and (b) grant Mizzen such other and further relief as the Court deems just and appropriate.

[*remainder of page intentionally left blank*]

4

Dated: June 25, 2026

Respectfully submitted,

*/s/ Stephen Falanga*
Stephen V. Falanga, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
P: 973.757.1100
D: 973.757.1107
F: 973.757.1090
sfalanga@walsh.law

*-and-*

**SHIPMAN & GOODWIN LLP**
Eric S. Goldstein, Esq. (*admitted pro hac vice*)
Gregory R. Papeika, Esq. (*admitted pro hac vice*)
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5059
Tel: (203) 836-2815
egoldstein@goodwin.com
gpapeika@goodwin.com

*Attorneys for Mizzen Capital, LP, Mizzen Capital II,*
*LP, and Mizzen Management, LLC*

## CERTIFICATE OF SERVICE

I, Stephen V. Falanga, hereby certify that on this 25th day of June 2026, I caused the foregoing *Limited Objection of Mizzen Capital II, LP to SIMAD Debtors' Motion for Entry of Interim and Final Orders Authorizing SIMAD Debtor Borrowers to Obtain Postpetition Financing* and supporting documents to be served by this Court's CM/ECF system and email to the proposed counsel to the Debtors and counsel to the Office of the United States Trustee listed on the following page.


Dated: June 25, 2026                                 */s/ Stephen Falanga*
                                                     Stephen V. Falanga


6

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Email:<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>***Proposed Counsel to the Debtors and the Debtors in Possession*** | **COLE SCHOTZ P.C.**<br>Carol E. Thompson, Esq. (*pro hac vice* pending)<br>500 Delaware Avenue<br>Suite 600<br>Wilmington, DE 19801<br>Phone: (302) 652-3131<br>Fax: (302) 652-3117<br>Email: cthompson@coleschotz.com<br><br>***Proposed Counsel to the Debtors and the Debtors in Possession*** |
| **COLE SCHOTZ P.C.**<br>Julie A. Aberasturi, Esq. (*pro hac vice* pending)<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Telephone: (212) 752-8000<br>Facsimile: (212) 752-8393<br>Email: jaberasturi@coleschotz.com<br><br>***Proposed Counsel to the Debtors and the Debtors in Possession*** | **Office of the United States Trustee**<br>One Newark Center, Suite 2100<br>Newark, NJ  07102<br>Telephone: (973) 645-3014<br>ATTN: Jeffrey M. Sponder, Esq.<br>Email: jeffrey.m.sponder@usdoj.gov |

# <u>EXHIBIT A</u>

# Banner Mortgage