UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Maxim B. Litvak, Esq. (admitted *pro hac vice*)
Theodore S. Heckel, Sr., Esq. (*pro hac vice* forthcoming)
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:    bsandler@pszjlaw.com
          rfeinstein@pszjlaw.com
          mlitvak@pszjlaw.com
          theckel@pszjlaw.com

*Counsel to Metropolitan Partners Group Administration, LLC; Metropolitan Partners Fund VIII Investments LLC; Metropolitan Partners Fund VIII LP; Metropolitan Levered Partners Fund VIII LP; and Metropolitan Offshore Partners Fund VII, LP*

| | |
|---|---|
| In re: | Case No. 26-16388 (CMG) |
| SIMAD HOLDINGS LTD., *et al.*, | Chapter 11 |
| Debtors.[1] | Judge:  Hon. Christine M. Gravelle |

**METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC, METROPOLITAN PARTNERS FUND VIII INVESTMENTS LLC, METROPOLITAN PARTNERS FUND VIII LP, METROPOLITAN LEVERED PARTNERS FUND VIII LP, AND METROPOLITAN OFFSHORE PARTNERS FUND VII, LP'S OBJECTION TO BID PROCEDURES MOTION**

Metropolitan Partners Group Administration, LLC, Metropolitan Partners Fund VIII

Investments LLC, Metropolitan Partners Fund VIII LP, Metropolitan Levered Partners Fund VIII

---

[1]  A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtors' tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holding Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

4923-2886-4440.6 56838.00001

LP, and Metropolitan Offshore Partners Fund VII, LP (together, "Metropolitan"), creditors of certain of the above-captioned SIMAD Debtors, hereby submit this objection to the *SIMAD Debtors' Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 227] (the "Bidding Procedures Motion"), and in support thereof, Metropolitan respectfully states as follows:

1.      Late yesterday, June 24, 2026, the Debtors filed the Bidding Procedures Motion and asked that it be heard on an emergency basis. The hearing on the Motion is set for tomorrow, June 26, 2026 at 10:00 a.m. The Motion is a "naked sale motion" with no stalking horse bidder and, importantly, fixes July 17, 2026 as the deadline for all bids on the Debtors' 30 summer camp in contemplation of an auction to be held July 28, 2026. That bid deadline would allow for no more than 15 business days for the sale process. Metropolitan is deeply concerned that this proposed timeline will be highly value destructive.

2.      No official creditors' committee has been appointed in the case to date. The unsecured claims listed by the Debtors exceed $100 million dollars including Metropolitan's approximate $25 million claim. Unsecured creditors' recovery could be extinguished even before a creditors' committee is formed were the Court to enter an order tomorrow approving bid procedures with a July 17, 2026 as the deadline for bids and a July 28, 2026 auction.

3.      There is no urgency to having the Bidding Procedures Motion heard before the formation of an official committee which can effectively represent the many unsecured creditors in this case whose recovery could be decimated by such an unreasonably short timeline for the sale process. Notably, none of the Debtors' camp assets were exposed to the market for sale at all prior

to the Debtors' crash landing bankruptcy. And these assets are likely worth well more than the aggregate of the Debtors' secured indebtedness. According to the prospectus for the Bond offering, the camps were valued at an aggregate of approximately $465 million as of 18 months ago, and amount that is substantially more (by tens of millions of dollars) than the aggregate of the Bond debt and the mortgages on the underlying properties.[2] Significant value will be lost if this unreasonably truncated timeline is approved. Many potential bidders may decline to participate in the process given all of the steps they would have to undertake to make a bid for one or more of the 30 camps, including financial due diligence, real property and environmental due diligence, meeting with camp managers, arranging their financing, etc. It is possible that if otherwise qualified bidders simply pass on the opportunity, some camps may go unsold and be shuttered, a result that serves no one. This would be a tragic loss that could be avoided by a slightly relaxed schedule that extends several more weeks and gives prospective bidders the opportunity to formulate a bid rather than a process lasts all of 15 business days with the intervening July 4th holiday. The Court should only approve a sale timeline should allow a reasonable time for potential purchases to conduct their diligence, make financial arrangements and negotiate purchase agreements so that the value of the Debtors' assets can truly be maximized for the benefit of all constituents.[3]

4.      As to the concern that if the camps are not normalized by visiting day parents will not sign up for next summer, there could be permanent shutdowns of many camps, this concern is dramatic but overstated (given that many of these camps are decades old with no clear substitutes).

---

[2] See Leitner Berman appraisal included Prospectus annexed hereto as Exhibit A at pp. 343 – 513 generally and in particular p. 346.showing an aggregate fair market value of $465 million as of year end 2024.

[3] The Bondholders, who are not fiduciaries, only care about bringing in enough proceeds to satisfy their debts, leaving $100 million of unsecured creditors high and dry.

Importantly, as a consequence of obtaining DIP financing, the camps will be able to operate on a business as usual basis the entire season.  The Debtors represent in their DIP financing motion that the proposed new money financing will provide them with all of the liquidity they need to operate the camps without disruption for the balance of the summer season.  Significantly, the DIP motion does **not** include any milestones such that there will be no event of default if the bid deadline is a date other than July 17, 2026 or the Auction takes place after July 28, 2026 as proposed. These camps are generational assets that are not going to disappear overnight, and their substantial value will be squandered if a fire sale process is put in place (and on less than two days' notice and before the appointment of a committee). With the interim financing in place, the Debtors will be able to continue operating uninterrupted with sufficient liquidity while the details and timeline of the sale process is developed in consultation with all the affected constituencies, including an official committee once appointed.

5.       Moreover, a slight delay in the hearing does not mean the sale process can't begin in earnest immediately.  Metropolitan is advised that the Debtors' investment banker has already set up a data room so potential buyers can begin immediately to conduct diligence in order to formulate a bid.

6.       Metropolitan respectfully requests the motion be adjourned until after a committee is formed, and failing that occurring, that the motion be denied unless the bid deadline is changed to a later date to allow for proper marketing of the Debtors' assets and the negotiation of purchase agreements for the camp assets.

4923-2886-4440.6 56838.00001                                                4

Dated:  June 25, 2026

*/s/ Bradford J. Sandler*

Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Maxim B. Litvak, Esq. (admitted *pro hac vice*)
Theodore S. Heckel, Sr., Esq. (*pro hac vice* forthcoming)
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:     (212) 561-7700
Email:          bsandler@pszjlaw.com
                rfeinstein@pszjlaw.com
                mlitvak@pszjlaw.com
                theckel@pszjlaw.com

*Counsel to Metropolitan Partners Group Administration, LLC, Metropolitan Partners Fund VIII Investments LLC, Metropolitan Partners Fund VIII LP, Metropolitan Levered Partners Fund VIII LP, and Metropolitan Offshore Partners Fund VII, LP*

4923-2886-4440.6 56838.00001                    5

**EXHIBIT A**