UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>COHEN TAUBER SPIEVACK & WAGNER P.C.<br>Joseph M. Vann, Esq.<br>420 Lexington Avenue<br>Suite 2400<br>New York, New York 10170<br>(212) 586-5800<br>jvann@ctswlaw.com<br><br>*Attorneys for Congregation Tal Leyisroel (f/k/a Vaad Linyonei Birur Yahadus), a New Jersey non-profit corporation* | **HEARING DATE:**<br>**July 13, 2026 at 10:00 a.m.** |
| In re:<br><br>SIMAD HOLDINGS LTD.,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**RESERVATION OF RIGHTS, LIMITED OBJECTION AND RESPONSE OF
CONGREGATION TAL LEYISROEL TO DEBTORS' MOTIONS FOR USE OF CASH
COLLATERAL, DIP FINANCING, SALE PROCEDURES AND SALES OF ASSETS,
(PARTICULARLY AS RELATING TO DEBTOR GREENVILLELAND LLC)**

Congregation Tal Leyisorel (f/k/a Vaad Linyonei Birur Yahadus), a New Jersey non-profit

corporation doing business as Camp Tal ("Camp Tal"), hereby files this reservation of rights,

limited objection and response (the "Response") to the various motions (collectively, the

"Motions") that have been filed by the Debtors in the above-captioned jointly administered cases

for the entry of interim and/or final orders seeking use of cash collateral, obtaining DIP

Financing, authorizing bidding procedures and sales of assets sales, [1] particularly to the extent

---

[1] Such Motions and related interim orders include, but are not limited to, ECF Docket Nos. 227, 298 (regarding bidding procedures and sale of assets), ECF Docket Nos. 225, 299 (regarding DIP Financing) and ECF Docket Nos. ECF Docket Nos. 61, 150, 167 (cash collateral).

applicable to the Debtor Greenvilleland, LLC  ("Greenvilleland")[2] and/or its campground property and related assets located at 150 Ingalside Road, Greenville, New York 12083 (the "Tal Campground") which Camp Tal, as tenant, leases on a year round basis pursuant to a Lease (as defined herein) with Greenvilleland, as landlord, that continues to and including October 1, 2029, and respectfully states in support thereof, as follows:

## SUMMARY STATEMENT

Camp Tal, a non-profit entity operates a camp (independent of any Debtor) on the Tal Campground pursuant to a 5-year Lease (as defined herein) with Greenvilleland, as landlord, for a Term (as defined in the Lease) that continues through October 1, 2029, and permits the Tenant to occupy the Tal Campground on a year-round basis (including summer camp sessions) to and including October 1, 2029. Camp Tal has prepaid almost all rent due under the Lease, as more particularly detailed herein.  To the extent that any of the Motions seeks to determine, affect or alter any Camp Tal's rights under the Lease (including, without limitation, its possessory rights as tenant under the Lease for the full remaining Term or the priority of the Lease vis-a-vis any asserted interests of the Debtor's creditors or mortgagees against the Tal Campground), Camp Tal files this Response to record its reservation of rights, limited objection and response to all such Motions, and respectfully asserts that no such determination may be made by this Court adverse to Camp Tal's interests under the Lease absent the commencement of (a) an adversary proceeding on notice to Camp Tal (to the extent of any challenge to the validity and priority of the Lease including vis-a-vis any other asserted interests in the Tal Campground (including, without limitation, those that may be asserted by Debtor or its pre-petition or post-petition

---

[2] On June 4, 2026, Greenvilleland filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code which was assigned Case No. 26-16411 and is presently being jointly administered with other Debtors in this jointly administered case as captioned above.

mortgagees) or (b) a motion under Section 365 of the Bankruptcy Code addressed to Camp Tal

regarding assumption or rejection of the Lease (subject to Camp Tal's rights under Section 365 to

dispute any cure amount alleged by the Debtors (in the event of an assumption of the Lease)

and/or Camp Tal's rights to elect remain in possession and apply prepaid rent to recoup rent due

under the Lease under Section 365(h)(1)(A)(ii) (in the event of an attempted rejection of the

Lease).[3]

## **BACKGROUND**

**I. CAMP TAL, AN INDEPENDENT NON-PROFIT ENTITY, OPERATES A CAMP ON THE TAL CAMPGROUND PREMISES PURSUANT TO A PREPAID LEASE WITH GREENVILLELAND.**

1. Camp Tal is an independent nonprofit entity that leases the Tal Campground

Premises from Greenvilleland.

2. Camp Tal operates a camp for approximately 700 campers and has already

commenced its Summer 2026 season (its second year) on the Tal Campground Premises.

3. Camp Tal is an approved site sponsor for the Summer Food Program administered

by the New York State Education Department. A description of such programs based upon

income eligibility of its campers can be found at

https://www.cn.nysed.gov/summerfoodserviceprogram.[4]

---

[3] The Debtors have not yet filed any Motion (or served any Notice) regarding any assumption or rejection of the Lease. Accordingly, Camp Tal fully reserves its rights on all such issues until any appropriate deadline that may be scheduled to respond any such Motion or Notice. Camp Tal also notes that the "challenge periods" for parties in interest to object to liens and/or priorities granted in those various cash collateral and DIP financing orders that, as Camp Tal can best decipher relates to Greenvilleland and its assets, do not expire for at least approximately 60-75 days, respectively, *see*, *e.g.*, ECF No. 167, para. 8 (75 days from entry of order) 335, para. 12 (75 days from entry of order). ***Accordingly, no Debtors or lenders are prejudiced by the reservation of rights set forth in this Response***.

[4] Camp Tal estimates more than half of its overall camper body under the age of 19, many from lower income families, will likely qualify for reimbursement under the Summer Food Program.

## II.      THE LEASE.

4.      Camp Tal is tenant under that certain Lease Agreement, dated as of September 18, 2024, regarding the Tal Campground (the "Lease"), between Camp Tal, as tenant, and Greenvilleland, as landlord (the "Landlord").

5.      The Term (as defined in the Lease) commenced on September 10, 2024, and continues to and including October 1, 2029. A true copy of the Lease is attached hereto as Exhibit A.

6.      Camp Tal has maintained open and continuous possession of the Premises (as defined in the Lease) since the commencement of the Term.

7.      At Landlord's request, Camp Tal has prepaid the rent under the Lease into the 5th year of the lease (i.e. 2029).[5]

8.       Upon information and belief, Greenvilleland owns no other meaningful assets aside from the Tal Campground Premises and the facilities thereon, as leased to Camp Tal under the Lease.

## III.      CAMP TAL OPERATES INDEPENDENTLY FROM THE DEBTORS.

9.      Given the nature of these bankruptcy cases and the fact that many of the other camps involved in these cases are Debtor-owned and operated, it bears emphasis that Camp Tal is completely independent of any of the Debtors in this case. Significantly, unlike other camps in these cases that are owned and operated by one of the Debtors, Camp Tal runs an independent camp on the Tal Campground Premises and its connection to the Debtors is to Greenvilleland in its capacity as Landlord under the Lease.

---

[5] Specifically, at its Landlord's request, Camp Tal prepaid (at various times) an aggregate of $4.6 million of rent due under the lease, covering the period of the Lease through approximately May or June 2029.  There remains only about $400,000 rent remaining yet to be paid under the Lease which will not become due until the period approximately May/June through September 30/October 1, 2029.

4902-0613-2666, v. 11

## CAMP TALS' RESERVATION OF RIGHTS, LIMITED OBJECTION AND RESPONSE

10.    Camp Tal assumes that the Motions do not seek to challenge or interfere with the Lease and Camp Tal's rights therein or seek to affect the validity or priority of Camp Tal's Lease as an interest in the Tal Campground Premises, whether vis-à-vis the Debtors or any of the Debtors' creditors or pre-petition or post-petition mortgagees (including any post-petition mortgages granted as part of any DIP Financing order). None of the Motions on their face appear to address Camp Tal or the Lease directly and none seem to seek a determination of Camp Tal's rights under the Lease (including, without limitation, its possessory rights as tenant under the Lease for the full remaining Term, or a determination of the priority of the Lease vis-a-vis any asserted interests of the Debtors' creditors or mortgagees against the Tal Campground Premises).

11.    Nonetheless, in an abundance of caution, and given the significant number of pleadings filed on this case in the short time these cases have been pending (often on shortened notice) without clear indication always on their face or in their title as to which specific creditors and Debtors they seek to impact, Camp Tal files this Response to record its reservation of rights, limited objection and response to all such Motions, and respectfully asserts that no determination may be made by this Court adverse to Camp Tal's interests in and under the Lease (including, without limitation, its possessory rights as tenant under the Lease for the full remaining term or the priority of the Lease with full credit for prepaid rent vis-a-vis the Debtors and any of the Debtor's creditors or mortgagees against the Tal Campground Premises), absent (a) an independent adversary proceeding on notice to Camp Tal (to the extent of any challenge to the validity and priority of the Lease) or (b) a motion under Section 365 of the Bankruptcy Code regarding assumption or rejection of the Lease (subject to Camp Tal's rights under Section 365 to dispute any cure amount alleged by the Debtors, in the event of an assumption of the Lease,

5

and/or Camp Tal's rights to elect to remain in possession and apply prepaid rent to offset/recoup rent due under the Lease under Section 365(h)(1)(A)(ii) in the event of an attempted rejection of the Lease).

12.     With regard to any potential challenge to the priority of Camp Tal's under the Lease, it is well established in this Circuit that determinations of property rights affecting property of a debtor's estate must be made only pursuant to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7001(2), which requires that an adversary proceeding be commenced to "determine the validity, priority, or extent of [an] interest in property. See, SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin), 530 F.3d 230 (3d Cir. 2008); In re Whitehall Jewelers Holdings, Inc., No. 08-11261, 2008 WL 2951974, at *4, 6 (Bankr. D. Del. July 28, 2008) ("Prior to SLW Capital, courts had routinely disregarded Rule 7001(2) in matters similar to the one at issue. … However, it is clear after SLW Capital that the law in this Circuit requires strict application of Rule 7001(2) in circumstances where, as here, a debtor seeks to invalidate a creditor's interest").

13.     This extends to any assertion by the Debtor or any mortgagee against the Premises regarding priority of any such mortgagee as against the Lease, as by the plain words of Bankruptcy Rule 7001 an adversary proceeding is required to "determine validity, priority, or extent of [an] interest in property." (Emphasis Supplied).

14.     In this respect, Camp Tal understands the Premises appear to be encumbered by a mortgage dated December 31, 2025 (the "Mortgage"), between Landlord, as mortgagor, and Mishmeret Trust Company Ltd., as mortgagee.

15.     Camp Tal notes as a further reservation of its rights that the Lease was in existence prior to the Mortgage. The rights of Camp Tal under the 5-year Lease should therefore

4902-0613-2666, v. 11

be superior to the rights of the mortgagee under the Mortgage, or (ii) of any prospective purchaser of the Premises.  See, Vitale v. Pinto, 118 A.D.2d 774, 776 (2d Dep't 1986) and Phelan v. Brady, 23 N.E. 1109 (1890), and Camp Tal reserves fully the right to assert such positions among any others in the event of any adversary proceeding addressed to such issues.

16.     In addition, Camp Tal reserves its rights fully with regards to any Section 365 Motion that may filed by the Debtors in respect of the Lease (none has yet been filed), to assert Camp Tal's rights under Section 365 as tenant under the Lease, including, without limitation, its rights under Section 365 of the Bankruptcy Code reserved to any tenant of any lease (which binds a debtor's estate and anyone asserting any interest in a leased premises through or via a debtor's estates), including, without limitation, in this instance,  the right of full credit of all prepaid rent under the Lease towards future rent under the Lease (in the event of an assumption of the Lease) and, in the event of any proposed rejection, the right to elect to retain in possession of the Premises pursuant to the Lease for the remainder of the Term (i.e. through October 1, 2029), including, without limitation, the right to recoup and apply towards future rent amounts from the prepaid rent during any post-rejection period. See, In re Revel AC Inc., 909 F.3d 597 (3rd Cir. 2018).

17.     Finally, Camp Tal's counsel sent a letter on June 30, 2026 (the "Letter) to counsel for the Debtors to advise Debtors regarding the circumstance of the Lease and the rights Camp Tal intends to assert in this Court when and as appropriate. A copy of that letter is annexed hereto as Exhibit B.

18.     Given the rights set forth in the Letter and the positions set forth herein, Camp Tal may be the most viable purchaser of the Premises and is prepared to enter into discussions regarding same.

7

19.     Camp Tal has separately reached out to the Chief Restructuring Officer retained by the Debtors to discuss such a possible transaction and awaits the opportunity to commence such discussions.[6]  Camp Tal welcomes a discussion with the Debtors in furtherance of any such possible transaction.

## CONCLUSION

WHEREFORE, Camp Tal respectfully requests that this Court: (a) determine that any Orders on any of the Motions be without waiver of, and with recognition of, the reservation of Camp Tal's rights under the Lease, subject to a determination of same in a properly commenced and noticed adversary proceeding, or as applicable, Section 365 Motion, directed and served upon Camp Tal and (b) grant such other and further relief as this Court deems just and proper.

Dated:  July 6, 2026                     Respectfully submitted,

**COHEN TAUBER SPIEVACK & WAGNER P.C.**

By:  */s/ Joseph M. Vann*
    Joseph M. Vann (NJ Bar No. 041031987)
    420 Lexington Avenue, Suite 2400
    New York, New York 101709
    Phone: (212) 586-5800
    Fax:   (212) 586-5095
    Email: jvann@ctswlaw.com

*Counsel for Congregation Tal Leyisroel (f/k/a Vaad Linyonei Birur Yahadus), a New Jersey non-profit corporation*

---

[6] Cam Tal's counsel has not received a response to the Letter.  However, as this Response was being finalized for filing, the assistant to the Chief Restructuring Officer responded to Camp Tal's separate direct outreach, seeking to schedule a time for an initial conversation with Camp Tal sometime later this week, which Camp Tal welcomes.

4902-0613-2666, v. 11