# EXHIBIT B

# C | T | S | W

### COHEN TAUBER SPIEVACK & WAGNER P.C.

Joseph M. Vann

Main:   212-381-8724
Email:   jvann@ctswlaw.com

June 30, 2026

**VIA EMAIL - msirota@coleschotz.com**
Michael D. Sirota
Cole Schotz P.C.
25 Main Street Hackensack,
New Jersey 07601

Re:   In re Simad Holdings Ltd., et al (collectively the "Debtors")/Case No. 26-16388 (CMG) United States Bankruptcy Court, District of New Jersey (the "Case")

Dear Mr. Sirota:

My firm represents Congregation Tal Leyisorel (f/k/a Vaad Linyonei Birur Yahadus), a New Jersey non-profit corporation doing business as Camp Tal ("CONGREGATION TAL LEYISROEL" or "Tenant").

CONGREGATION TAL LEYISROEL is the tenant under that certain Lease Agreement dated as of September 18, 2024 (the "Lease") between CONGREGATION TAL LEYISROEL, as tenant and Greenvilleland LLC, as landlord (the "Landlord") one of the Debtors in the Case. A copy of the Lease is attached hereto as Exhibit A.

The Term (as defined in the Lease) commenced on September 10, 2024 and continuities through and including October 1, 2029. CONGREGATION TAL LEYISROEL has maintained open and continuous possession of the Premises (as defined in the Lease) since the commencement of the Term.

We have been advised by CONGREGATION TAL LEYISROEL that pursuant to Landlord's request, CONGREGATION TAL LEYISROEL prepaid $4.6 million of rent to Landlord since the commencement of the Lease, as agreed by CONGREGATION TAL LEYISROEL. A portion of the advance rent has already been applied to satisfy the annual rent for lease years through and including October 1, 2026, leaving a balance of prepaid rent not yet applied to rent payments under the Lease of $2.6 million (the "Prepaid Rent") which will cover the lease years commencing October 2026 through some portion of lease year 2029 (the "Prepaid Rent Period").  Remaining rent thereafter (which will be an approximately $400,000) will be paid monthly by Tenant commencing sometime around May/June 2029 through the end of the term of Lease (*i.e.* October 1, 2029).

C | T | S | W

Michael D. Sirota
Cole Schotz P.C.
June 30, 2026
Page 2 of 2

Additionally, we understand the Premises appear to be encumbered by a mortgage dated December 31, 2025 (the "Mishmeret Mortgage") between Landlord, as mortgagor and Mishmeret Trust Company Ltd., as mortgagee (the "Mishmeret").

The Lease was in existence prior to the Mishmeret Mortgage.  The Lease and the rights of CONGREGATION TAL LEYISROEL under the Lease (including the Prepaid Rent) is therefore superior to the rights of (i) Mishmeret under the Mishmeret Mortgage, and (ii) any purchaser of the Premises.  See Vitale v. Pinto, 118 A.D.2d 774, 776 (2d Dep't 1986) and Phelan v. Brady, 23 N.E. 1109 (1890).

It has come to our attention that the Debtors filed a motion in the Case to approve bid procedures, approve stalking horse bid protections, scheduling bid deadlines and auctions with respect to their assets - Docket number 227 (the "Bid Procedures Motion"), and that on June 26, 2026, the Bankruptcy Court entered and order approving the Bid Procedures Motion (Docket number 298) (the "Bid Procedures Order").

Please be advised that any auction or sale of the Premises must be subject to the Lease and the rights of CONGREGATION TAL LEYISROEL under the Lease (including the Prepaid Rent).  Accordingly, any bid with respect to the purchase of the Premises must include the assumption of the Lease and the rights of CONGREGATION TAL LEYISROEL under the Lease (including the Prepaid Rent).

In the event the Debtors reject the Lease, Section 365(h) of the Bankruptcy Code provides protections to the Tenant by giving Tenant the option of retaining possession of the Premises pursuant to the Lease for the remainder of the Term (as defined in the Lease, *i.e.* through October 1, 2029), including the right to recoup/offset future rent amounts from the Prepaid Rent, and to recoup/offset amounts for any unperformed obligations of Landlord from either Prepaid Rent or future rents (after Prepaid Rent has been fully used). See In re Revel AC Inc., 909 F.3d 597 (3rd Cir. 2018).

We would like this matter to be resolved well in advance of the July 21, 2026 date of the Notice of Executory Contract/Lease Assumption per the Bid Procedures Order, but in the meantime we reserve all rights and remedies of CONGREGATION TAL LEYISROEL pending satisfactory resolution.

Lastly, as the Camp season has started for our client, please direct all notices and emails to our client to its Camp address at the leased premises instead of its Lakewood, NJ office address, with copies to the undersigned (please provide a copy of any prior communications or notices sent by your office to our client at its Lakewood office address during June 2026).

4908-4868-8568, v. 5

C | T | S | W

Michael D. Sirota
Cole Schotz P.C.
June 30, 2026
Page 3 of 3

The Camp address for our client is as follows:

Congregation Tal Leyisroel
150 Ingalside Road
Greenville NY 12083
Attn: Benjamin Bar

We are available to discuss this matter with you at your earliest convenience.  Please let us know your earliest availability.

Very truly yours,

Joseph M. Vann

Enc.

cc (via email):  Daniel J. Harris – dharris@coleschotz.com
Warren A. Usatine - wusatine@coleschotz.com
David M. Bass - dbass@coleschotz.com
Felice R. Yudkin - fyudkin@coleschotz.com

4908-4868-8568, v. 5