**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the SIMAD Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM, MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV) APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

---

[1]    A complete list of the SIMAD Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holdings, Ltd.'s principal place of business and the SIMAD Debtors' service address in these Chapter 11 Cases is 50 Quality Street, #110357, Trumbull, CT 06611.

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") respectfully state the following in support of this motion (this "Motion"):

**Relief Requested**

1. The SIMAD Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the following relief:

(a) setting Bar Dates (as defined herein) for creditors to submit Proofs of Claim (as defined herein), as summarized in the table below;

(b) approving the procedures described herein for submitting Proofs of Claim and the form of the Proof of Claim attached as **Exhibit 1** to the Order (the "Proof of Claim Form");

(c) approving the form and manner of service of the notice of the Bar Dates, substantially in the form attached as **Exhibit 2** to the Order (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached as **Exhibit 3** to the Order, allowing for publication notice as described in this Motion; and

(d) granting related relief.

| BAR DATES | |
|---|---|
| **General Claims Bar Date**<br><br>(Applicable to 503(b)(9) Claims[2]) | Establishing **August 14, 2026, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for all Persons and Entities[3] to submit proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against the SIMAD Debtors (the "General Claims Bar Date"). |

---

[2] "503(b)(9) Claims" are Claims for the value of goods received by the SIMAD Debtors within twenty (20) days before the Petition Date, where such goods were sold to the SIMAD Debtors in the ordinary course of such Debtors' businesses. *See* 11 U.S.C. § 503(b)(9).

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code (as defined herein) shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

| BAR DATES | |
|---|---|
| **Governmental Bar Date** | Solely as to Governmental Units, establishing **December 2, 2026, at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each such Governmental Unit to file Proofs of Claim asserting Claims against the SIMAD Debtors that arose on or before the Petition Date (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event that the SIMAD Debtors amend their Schedules (as defined herein), **establishing the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the SIMAD Debtors provide notice of the amendment to the Schedules, as the last date and time by which claimants holding Claims affected by the amendment must file Proofs of Claim against the SIMAD Debtors** (such later date, the "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | Solely as to Claims arising from the SIMAD Debtors' rejection of executory contracts and unexpired leases, **establishing the later of (a) (i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the SIMAD Debtors' rejection of the applicable executory contract or unexpired lease** as the last date and time by which claimants holding Claims based upon such rejection must file Proofs of Claim against the SIMAD Debtors, **unless otherwise ordered by the Court** (such later date, the "Rejection Damages Bar Date" and together with the General Claims Bar Date, the Governmental Bar Date, the Amended Schedules Bar Date, collectively, the "Bar Dates"). |

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.) (the "Standing Order").  The SIMAD Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 5005, and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

**Background**

5. On June 4 and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 26-16388 (CMG) pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no official committees have been appointed or designated.

6. Information regarding the SIMAD Debtors' history and business operations, capital structure and primary secured indebtedness, and the events leading up to the commencement of the Chapter 11 Cases can be found in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 62], which is incorporated herein by reference.

**The Proposed Bar Dates**

7. Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a Claim against the SIMAD Debtors that arose prior to the Petition Date, and whose Claim is not scheduled in the

SIMAD Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") or whose Claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that a Proof of Claim filed by a Governmental Unit shall be timely filed if filed before one-hundred eighty (180) days after the entry of the order for relief. The SIMAD Debtors intend to file their schedules by August 3, 2026.

8. The SIMAD Debtors propose to allow creditors (other than Governmental Units) until **5:00 p.m., prevailing Eastern Time, on August 14, 2026**, and Governmental Units until **5:00 p.m., prevailing Eastern Time, on December 2, 2026**, to file Proofs of Claim. The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond. Creditors may file a Proof of Claim that is different than the amount set forth in the Schedules, in which case the SIMAD Debtors will reconcile the filed Proof of Claim with the filed Schedules. Any creditor's filed Proof of Claim will supersede any amount listed on the Schedules, subject to review and objection by the SIMAD Debtors or any party in interest.

**I. General Claims Bar Date**.

9. The SIMAD Debtors request that the Court establish **August 14, 2026, at 5:00 p.m., prevailing Eastern Time**, as the General Claims Bar Date. The General Claims Bar Date would be the date and time by which all Entities, other than Governmental Units holding Claims, must file Proofs of Claim, including requests for payment under section 503(b)(9), so that such Proofs of Claim are actually received by Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent") as of the General Claims Bar Date, unless such Entity's Claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Claims Bar Date would apply to all Claims against the SIMAD Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured

Claims, unsecured priority Claims, unsecured non-priority Claims, and rejection damage Claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases.

**II.     Governmental Bar Date**.

10.     Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."  11 U.S.C. § 502(b)(9). The SIMAD Debtors request that the Court establish **December 2, 2026, at 5:00 p.m., prevailing Eastern Time**, as the Governmental Bar Date for all Governmental Claims.  The Governmental Bar Date would apply to all Governmental Units holding Claims against the SIMAD Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including Governmental Units with Claims against the SIMAD Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the SIMAD Debtors were a party.  All Governmental Units holding such Claims against the SIMAD Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Notice and Claims Agent by the Governmental Bar Date.

**III.     Amended Schedules Bar Date**.

11.     In the event that the SIMAD Debtors further amend their Schedules, in accordance with Bankruptcy Local Rule 1009-1, the SIMAD Debtors request that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding Claims affected by the amendment must file Proofs of Claim with respect to such Claims so that such Proofs of Claim are actually received by the Notice and Claims Agent as of the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) **5:00 p.m., prevailing Eastern Time,**

**on the date that is thirty (30) calendar days** from the date on which the SIMAD Debtors provide notice of the amendment to the Schedules.

**IV.     Rejection Damages Bar Date**.

12.     The SIMAD Debtors also seek to require any Person or Entity that holds a Claim arising from the rejection of an executory contract or unexpired lease to submit a Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, **5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days** from the date of entry of such order, unless otherwise ordered by the Court.  The SIMAD Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the SIMAD Debtors reject any executory contract or unexpired lease.

<u>**The Proposed Procedures for Submitting Proofs of Claim**</u>

**I.     Proposed Filing Procedures**

    **A.     Parties and Forms**.

13.     All holders of Claims shall file Proofs of Claim, using the Proof of Claim Form, by the General Claims Bar Date, **<u>except</u>** as set forth below:

(a)     All Governmental Units shall file Proofs of Claim by the Governmental Bar Date.

(b)     All holders of rejection Claims shall file Proofs of Claim by the Rejection Damages Bar Date.

(c)     All holders of Claims affected by an amendment to the Schedules shall file Proofs of Claim by the Amended Schedules Bar Date.

14. In addition to the exceptions listed in the paragraph above, the SIMAD Debtors propose that Entities holding the following Claims be **exempt** from any requirement to file a Proof of Claim on account of the below Claims before any Bar Date:

(a) any Claim that has already been asserted in a Proof of Claim against the SIMAD Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a SIMAD Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b) any Claim that is listed on the Schedules filed by the SIMAD Debtors, *provided* that (i) the Claim is *not* scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c) any Claim that has previously been allowed by order of this Court;

(d) any Claim that has already been paid in full by any of the SIMAD Debtors;

(e) any Claim for which a different deadline has previously been fixed by this Court;

(f) any Person or Entity that holds an equity interest in the SIMAD Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the SIMAD Debtors who wishes to assert a Claim (as opposed to an ownership interest) against any of the SIMAD Debtors (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(g) any Claim held by a current or former employee of the SIMAD Debtors already paid pursuant to an order of the Court authorizing the SIMAD Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(h)     any Professional Compensation Claim;[4]

(i)     any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(j)     any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(k)     any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including as set forth in any interim or final orders entered by the Court approving the SIMAD Debtors' entry into any postpetition debtor-in-possession financing facility and any amendment thereto (in each case, the "DIP Order"), which shall include the DIP Orders entered at Docket Nos. 299, 335 and 370;

(l)     any Claim held by a SIMAD Debtor against another SIMAD Debtor; and

(m)     any Claim held by any Person or Entity solely against a non-debtor entity.

15.     The SIMAD Debtors prepared and now seek approval of the Proof of Claim Form attached as **Exhibit 1** to the Order, which, although based on Official Form 410, is modified to allow creditors to request payment for Claims under section 503(b)(9) of the Bankruptcy Code.

16.     So long as a creditor otherwise complies in all respects with the Order, the creditor can submit a Proof of Claim in hard copy or through the SIMAD Debtors' case website established by the Notice and Claims Agent, at https://restructuring.ra.kroll.com/SIMAD/.

---

[4]     "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses.  To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

**II.      Proposed Preparation and Filing Instructions**.

17.      The SIMAD Debtors request that the Court require all Proofs of Claim submitted

in these Chapter 11 Cases be consistent with the following:

(a)      *Contents*.   Each Proof of Claim must:   (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with a Proof of Claim Form provided by the SIMAD Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website, at https://restructuring.ra.kroll.com/SIMAD/, by the claimant or by an authorized agent or legal representative of the claimant;

(b)      *Receipt of Service*.   Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

(c)      *Supporting Documentation*.   Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent (which may be an email) of the SIMAD Debtors' counsel, which consent shall not be unreasonably withheld, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon written request no later than ten (10) business days from the date of such request; *provided, further* that failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim;

(d)      *Section 503(b)(9) Claim*.   In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the SIMAD Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the SIMAD Debtors under section 546(c) of the Bankruptcy Code (if applicable).

> **PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
> BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**
>
> **PROOFS OF CLAIM
> SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE
> ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**III.     Consequences of Failing to Timely Submit a Proof of Claim**.

18.     In accordance with Bankruptcy Rule 3003(c)(2), the SIMAD Debtors propose that any Person or Entity that is required, but fails, to submit a Proof of Claim in accordance with the Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such Claim including any such Claim asserting administrative expense status under section 503(b)(9) of the Bankruptcy Code against the SIMAD Debtors (or submitting a Proof of Claim with respect to that Claim), and the SIMAD Debtors and their property, will be forever discharged from any and all indebtedness or liability with respect to or arising from that Claim.  Moreover, such creditor will be prohibited from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim. Such Person or Entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

### <u>The Bar Date Notice</u>

19.     Among other things, the Bar Date Notice:  (a) identifies the Bar Dates; (b) includes detailed procedures for submitting a timely and accurate Proof of Claim; (c) lists the parties who are not required to submit a Proof of Claim; (d) describes the consequences of failing to submit a Proof of Claim in accordance with the Order; and (e) provides creditors with the name and

telephone number of the Notice and Claims Agent, where questions may be addressed and from whom additional information may be obtained.

20.     With the assistance of the Notice and Claims Agent, by no later than five (5) business days after entry of the Order, the SIMAD Debtors will serve the Bar Date Notice and a Proof of Claim Form by email and/or first-class mail, as applicable, in accordance with the *Chapter 11 Complex Case Management Order* [Docket No. 297] (as amended, supplemented, or modified by order of the Court, the "Case Management Procedures") on:

(a)     the Master Service List (as defined in the Case Management Procedures);

(b)     any statutory committee appointed in these chapter 11 cases;

(c)     all known creditors and other known holders of potential Claims against the SIMAD Debtors as of the date of entry of the Order, including all Persons or Entities listed in the Schedules for which the SIMAD Debtors have mailing addresses or email addresses;

(d)     all Entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Order;

(e)     all known equity and interest holders of the SIMAD Debtors as of the date of entry of the Order;

(f)     all known and beneficial holders of public securities in the SIMAD Debtors;[5]

(g)     all Entities who are party to executory contracts and unexpired leases with the SIMAD Debtors;

(h)     all Entities who are party to litigation with the SIMAD Debtors;

(i)     all current employees;

(j)     all regulatory authorities that regulate the SIMAD Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

---

[5]   The SIMAD Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known and beneficial holders of public securities in the SIMAD Debtors.

(k)     all taxing authorities for the jurisdictions in which the SIMAD Debtors maintain or conduct business.

21.     The SIMAD Debtors also intend to provide notice of the Bar Dates by publication to help ensure that all potential claimants receive adequate notice of the Bar Dates.  Specifically, the SIMAD Debtors propose to publish the Bar Date Notice, modified for publication substantially in the form attached as Exhibit 3 to the Order, on one occasion in a national publication.

22.     Further, the SIMAD Debtors shall post the Proof of Claim Form and the Bar Date Notice on the SIMAD Debtors' case website established by the Notice and Claims Agent at https://restructuring.ra.kroll.com/SIMAD/.

### Basis for Relief Requested

**I.      Authority to Approve the Bar Dates and the Procedures for Filing Proofs of Claim**.

23.     Generally, claimants must submit a proof of claim to assert a claim in a bankruptcy proceeding.  *See* 11 U.S.C. § 501(a).  Bankruptcy Rule 3003(c)(3) typically governs the submission of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust and Sav. Assoc. v. 203 N LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  Indeed, prolonged uncertainty regarding the aggregate liabilities of the bankruptcy estate could delay or derail the bankruptcy process to the detriment of creditors and parties in interest.  Further, the absence of such a deadline, in contrast, would prolong claimholder uncertainty, increase the costs and expenses incurred by the SIMAD Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law — "secur[ing] within a limited period the prompt

and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995); *see also Ellis v. Westinghouse Elec. Co., LLC*, 11 F. 4th 221, 232 (3d Cir. 2021) (stating that a bar date "not only allows the trustee or debtor-in-possession to estimate the debtor's potential liabilities, it is also essential in formulating a viable reorganization plan. Without a final claims deadline, participants in the reorganization process would be hindered by undue caution in their negotiations and in voting on the plan.").

24.     The Case Management Procedures incorporate the Court's *Gen. Order Governing Chapter 11 Complex Case Procedures*, which provides that the deadlines for filing proofs of claim set forth in Local Rule 3003-1 do not apply to these Chapter 11 Cases.  Rather, the SIMAD Debtors are required to file this Motion to establish appropriate deadlines and procedures to file proofs of claim.

25.     Recognizing the importance of setting deadlines for submitting claims against the SIMAD Debtors, courts in this jurisdiction have regularly approved relief similar to that requested in this Motion.  *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. D.N.J. June 18, 2026) (establishing deadlines by which certain holders of claims were required to file proofs of claims); *In re Eddie Bauer LLC*, No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. April 4, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. March 18, 2024) (same); *In re Careismatic Brands, LLC,* No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re DirectBuy Home Improvement, Inc.,* No. 23-19159 (SLM) (Bankr. D.N.J. Dec. 5, 2023) (same); *In re Rite Aid Corp.*, No. 23-

18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. July 19, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same).[6]

26. Further the SIMAD Debtors submit that the adjustments to the Proof of Claim Form set forth herein are justified and warranted under the circumstances present here. Courts in this and other jurisdictions regularly adjust a proof of claim form with respect to fixing bar dates for submit Claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. June 18, 2026) (permitting Debtors to utilize a modified proof of claim form); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. April 4, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. March 18, 2024) (same); *In re Careismatic Brands, LLC,* No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re DirectBuy Home Improvement, Inc.*, No. 23-19159 (SLM) (Bankr. D.N.J. Dec. 5, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Technologies, Inc.*, No. 23-13359 (JKS) (Bankr. D.N.J. July 20, 2023) (same).

27. To ensure that the SIMAD Debtors are able to confirm and consummate a chapter 11 plan, the SIMAD Debtors will require accurate information regarding the nature,

---

[6] Due to the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request.

validity, amount, and status of all Claims that will be asserted against their estates in these Chapter 11 Cases. It is important that the SIMAD Debtors begin the Claims analysis and reconciliation process as soon as possible pursuant to clear procedures designed to both limit confusion on the part of creditors and facilitate an efficient process that conserves estate resources. Fixing the Bar Dates as set forth herein will help the SIMAD Debtors accomplish the foregoing objectives.

28. The Bar Dates herein comply with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, are appropriate, and should be approved. Further, the proposed timeline provides that the Rejection Damages Bar Date is the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, which satisfies Local Rule 3003-1(b). Accordingly, the SIMAD Debtors request that the Court establish the Bar Dates set forth herein.

**II.      The Procedures for Submitting Proofs of Claim Should Be Approved**.

29. The SIMAD Debtors have worked to design procedures that: (a) provide creditors with ample notice and opportunity to submit Proofs of Claim; (b) provide a clear process for effecting the same; and (c) achieve administrative and judicial efficiency. Indeed, the procedures described above are calibrated to achieve the twin goals of providing comprehensive notice and clear instructions to creditors, on the one hand, and allowing these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

30. Among other things, the procedures provide clear instructions for submitting Proofs of Claim that are calculated to avoid confusion or uncertainty among creditors that might lead them to submit unnecessary protective Proofs of Claim or multiple Proofs of Claim, which,

in either event, would result in unnecessary expense and delay in the Claims reconciliation process for all parties affected thereby.

31. The SIMAD Debtors propose that claimants be permitted to submit Proofs of Claim in person, by hand delivery, via mail, or through Kroll's website. Although Proofs of Claim submitted by facsimile or email will not be accepted, the SIMAD Debtors propose that Proofs of Claim be permitted to be submitted electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/SIMAD/. A similar electronic interface has been utilized in other large bankruptcy cases. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. June 18, 2026) (approving procedures for submission of proofs of claim through electronic interface); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. April 4, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. March 18, 2024) (same); *In re Careismatic Brands, LLC,* No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re DirectBuy Home Improvement, Inc.*, No. 23-19159 (SLM) (Bankr. D.N.J. Dec. 5, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. July 19, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same).

32. These procedures will facilitate the claims process by establishing protocols for noticing and publishing the Bar Dates and providing claimants with clear instructions regarding

the procedures and other requirements for submitting a Proof of Claim. Accordingly, these procedures should be approved.

**III.    The Proposed Notice and Service Satisfy Due Process Requirements**.

33.    Bankruptcy Rule 2002(a)(7) requires that the SIMAD Debtors provide claimants at least twenty-one (21) days' notice by mail of the time fixed for submitting proofs of claim pursuant to Bankruptcy Rule 3003(c). In addition, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or that it is desirable to supplement other notice. Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

34.    In conjunction with setting deadlines to file Proofs of Claim, the SIMAD Debtors must give appropriate notice to interested parties. The SIMAD Debtors propose to mail and/or email the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to their unknown creditors. This procedure is consistent with applicable case law and practice in this district. *See, e.g.*, *In re FreshRealm, Inc.*, No. 26-14656 (MEH) (Bankr. June 18, 2026) (relying on publication to give notice to its unknown creditors); *In re Eddie Bauer LLC*, Case No. 26-11422 (SLM) (Bankr. D.N.J. Mar. 16, 2026) (same); *In re STG Logistics, Inc.*, No. 26-10258 (MEH) (Bankr. D.N.J. Feb. 11, 2026) (same); *In re Del Monte Foods Corp. II.*, No. 25-16984 (MBK) (Bankr. D.N.J. Sept. 25, 2025) (same); *In re CCA Construction, Inc.*, No. 24-22548 (CMG) (Bankr. D.N.J. Jun. 25, 2025); *In re Thrasio Holdings, Inc.*, No. 24-11840 (CMG) (Bankr. D.N.J. April 4, 2024) (same); *In re Invitae Corp.*, No. 24-11362 (MBK) (Bankr. D.N.J. March 18, 2024) (same); *In re Careismatic Brands, LLC*, No. 24-10561 (VFP) (Bankr. D.N.J. Feb. 29, 2024) (same); *In re DirectBuy Home Improvement, Inc.*, No. 23-19159 (SLM) (Bankr. D.N.J. Dec. 5, 2023) (same); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Nov. 20, 2023) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. July 19, 2023) (same); *In*

*re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re*

*David's Bridal, LLC*, No. 22-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same).

35.     To determine the adequacy of notice given to a creditor, bankruptcy law

distinguishes between "known" and "unknown" creditors. *Chemetron*, 72 F.3d at 346. As the

Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written

notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (citations omitted). A

"known" creditor is one whose identity is either known or is "reasonably ascertainable by the

debtor." *Id.* (citing *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). An

"unknown" creditor is one whose "interests are either conjectural or future or, although they could

be discovered upon investigation, do not in due course of business come to knowledge [of the

debtor]." *Id.* (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).

36.     Where a creditor is known to the SIMAD Debtors, due process requires that the

SIMAD Debtors take reasonable steps, such as direct mailing, to provide actual notice of the

deadline for submitting proofs of claim. A creditor's identity is "reasonably ascertainable" if that

creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v.*

*Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in

"impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at

317. Rather, the required search is limited to a debtor's "books and records." *See Chemetron*, 72

F.3d at 347. Further, debtors are not required to publish notice in an excessive number of

jurisdictions. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (finding

it impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor

possibly may read).

37.     The SIMAD Debtors submit that the relief requested herein provides clear notice of the Bar Dates as set forth herein in satisfaction of the requirements of the Bankruptcy Rules and is consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the General Claims Bar Date is established as proposed, the SIMAD Debtors intend to cause the Bar Date Notice to be served by email and/or first-class mail, as applicable, within five (5) business days of entry of the Order.  This will provide for at least thirty (30) days' notice of the General Claims Bar Date.

38.     After the initial mailings of the Bar Date Notices and Proof of Claim Forms, the SIMAD Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[7] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity interest holders) decline to pass along notices to these parties and instead provide their names and addresses to the SIMAD Debtors for direct mailing; and (d) additional potential claimants become known to the SIMAD Debtors.  In these and similar circumstances, the SIMAD Debtors request that the Court permit it to make supplemental mailings of the Bar Date Notices and Proof of Claim Forms at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors, and such claimants shall submit their Claims by the later of (i) the applicable Bar Date, or (ii) on the date that is thirty (30) calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Form. The SIMAD Debtors believe that these proposed supplemental mailings will help provide

---

[7]   If notices are returned as "return to sender" without a forwarding address, the SIMAD Debtors request that they should not be required to mail additional notices to such creditors.

actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

39.     To provide creditors unknown to the SIMAD Debtors with constructive notice of the Bar Dates herein, the SIMAD Debtors propose to publish the Bar Date Notice, modified as necessary, in a national edition of *The New York Times* and any such other publication that the SIMAD Debtors deem appropriate on one occasion prior to the General Claims Bar Date.

40.     In light of the foregoing, service and publication of the Bar Date Notice is reasonably designed to reach all interested parties in a cost-effective manner and satisfies the requirements of the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.   Accordingly, the SIMAD Debtors request that the Court deem the form of Bar Date Notice and mailing and publication thereof good, adequate, and sufficient notice of the Bar Dates set forth herein.

## **Reservation of Rights**

41.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code;

(f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## No Prior Request

42.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

43.     The SIMAD Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) counsel to BNH; (c) counsel to the Mishmeret Trust Company; (d) the SIMAD Debtors' fifty (50) largest unsecured creditors (on a consolidated basis); (e) any known secured creditors; (f) the merchant cash advance lenders; (g) the United States Attorney's Office for the District of New Jersey; (h) the Internal Revenue Service; (i) the attorney general in the states where the SIMAD Debtors conduct business operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The

SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### Conclusion

**WHEREFORE**, the SIMAD Debtors request that the Court enter an order, in substantially in the form of Order attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper under the circumstances.

[*Remainder of Page Intentionally Left Blank.*]

Dated: July 7, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             dbass@coleschotz.com
             fyudkin@coleschotz.com
             dharris@coleschotz.com

*Proposed Counsel to the SIMAD Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the SIMAD Debtors
and Debtors in Possession*

</td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

</td><td>

Chapter 11

Case No. 26-16439 (CMG)

(Jointly Administered)

</td></tr>
</table>

**ORDER (I) SETTING BAR DATES FOR SUBMITTING PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9),
(II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND
REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM,
MANNER, AND PROCEDURES FOR FILING PROOFS OF CLAIM, (IV)
APPROVING NOTICE THEREOF, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through thirteen (13), is

**ORDERED**.

---

[1]    A complete list of the SIMAD Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these Chapter 11 Cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

Upon the *SIMAD Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "Motion")[1] for entry of an order (this "Order") (a) setting Bar Dates for creditors to submit Proofs of Claim in these Chapter 11 Cases, (b) approving the procedures described herein for submitting Proofs of Claim in these Chapter 11 Cases and the form of Proof of Claim attached hereto as **Exhibit 1**, (c) approving the forms and manner of service of the notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice"), including the publication version of the Bar Date Notice, substantially in the form attached hereto as **Exhibit 3**, and allowing for publication notice as described in the Motion, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Except as otherwise provided herein and notwithstanding Local Rule 3003-1, all Persons and Entities including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts, that assert a Claim (as defined in section 101(5) of the Bankruptcy Code) against the SIMAD Debtors that arose before the Petition Date, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim"), shall submit a written proof of such Claim so that it is *actually received* by Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent") before **5:00 p.m., prevailing Eastern Time, on August 14, 2026** (the "General Claims Bar Date"), in accordance with this Order.

3. Notwithstanding any other provision of this Order, Proofs of Claim submitted by Governmental Units (as defined in section 101(27) of the Bankruptcy Code) must be submitted so as to be *actually received* by the Notice and Claims Agent before **5:00 p.m., prevailing Eastern Time, on December 2, 2026** (the "**Governmental Bar Date**").

4. Any Person or Entity that holds a Claim arising from the rejection of an executory contract or unexpired lease (each such party, a "**Rejection Counterparty**" and collectively, "**Rejection Counterparties**") must submit a Proof of Claim based on such rejection on or before

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

the later of (a) the applicable Bar Date and (b) any date this Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, unless otherwise ordered by the Court (the "Rejection Damages Bar Date"). The SIMAD Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the SIMAD Debtors reject such executory contract or unexpired lease.

5.      Unless otherwise agreed to by the SIMAD Debtors, in the event the SIMAD Debtors amend or supplement their Schedules, the SIMAD Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders must submit their Claims by the later of (a) the applicable Bar Date and (b) **5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days** after such Person or Entity is served with notice that the SIMAD Debtors have amended their Schedules in a manner that affects such Person or Entity (any such date, the "Amended Schedules Bar Date").

6.      In accordance with Bankruptcy Rule 3003(c)(2), any holder of a Claim that is not excepted from the requirements of this Order and fails to timely submit a Proof of Claim in the appropriate form shall be forever barred, estopped, and enjoined from (a) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such Claim, (b) participating in any distribution in these Chapter 11 Cases on account of such Claim, and (c) receiving further notices regarding such Claim.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

7. The following procedures for the submission of Proofs of Claim asserting Claims against the SIMAD Debtors in these Chapter 11 Cases shall apply:

(a) ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with a Proof of Claim Form provided by the SIMAD Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website, at https://restructuring.ra.kroll.com/SIMAD/, by the claimant or by an authorized agent or legal representative of the claimant;

(b) ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

(c) ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent (which may be an email) of the SIMAD Debtors' counsel, which consent shall not be unreasonably withheld, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to Debtors' counsel upon written request no later than ten (10) business days from the date of such request; *provided, further* that failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim;

(d) ***Section 503(b)(9) Claim***. In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the SIMAD Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the SIMAD Debtors under section 546(c) of the Bankruptcy Code (if applicable).

(Page | 6)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

---

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED**.

---

8.  Persons or Entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

(a)  any Claim that has already been asserted in a Proof of Claim against the SIMAD Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a SIMAD Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b)  any Claim that is listed on the Schedules filed by the SIMAD Debtors, *provided* that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c)  any Claim that has previously been allowed by order of this Court;

(d)  any Claim that has already been paid in full by any of the SIMAD Debtors;

(e)  any Claim for which a different deadline has previously been fixed by this Court;

(f)  any Person or Entity that holds an equity interest in the SIMAD Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the SIMAD Debtors who wishes to assert a Claim (as opposed to an ownership interest)

(Page | 7)

Debtors: SIMAD HOLDINGS LTD., *et al.*

Case No. 26-16388 (CMG)

Caption of Order: Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief

against a SIMAD Debtor (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(g) any Claim held by a current or former employee of the SIMAD Debtors already paid pursuant to an order of the Court authorizing the SIMAD Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(h) any Professional Compensation Claim;[2]

(i) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(j) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(k) any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including as set forth in any interim or final orders entered by the Court approving the SIMAD Debtors' entry into any postpetition debtor-in-possession financing facility and any amendment thereto (in each case, the "DIP Order"), which shall include the DIP Orders entered at Docket Nos. 299, 335 and 370;

---

[2] "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

(Page | 8)

| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
|---|---|
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

(l)     any Claim held by a SIMAD Debtor against another SIMAD Debtor; and

(m)     any Claim held by any Person or Entity solely against a non-debtor entity.

9.     Notwithstanding anything to the contrary in this Order and except as otherwise provided in the DIP Order, each of the agents for the financing thereunder and the pre- and post-petition lenders under each of the DIP Orders shall be authorized, but not required, to, in their sole and absolute discretion, file a single "Master Proof of Claim" with respect to all claims relating to or arising out of the applicable DIP Order or related loans, which, if filed, shall be deemed filed not only in the above-captioned lead case, but also in the Chapter 11 Case of each of the SIMAD Debtors.  The filing of such Master Proof of Claim shall have the same effect as if each applicable holder of a claim related to the applicable DIP Order had individually filed a Proof of Claim against each of the SIMAD Debtors on account of such holder's claims. The Master Proofs of Claim shall not be required to identify whether any pre- or post-petition lender under a financing facility related to the DIP Order, as applicable, acquired its claim from another party and the identity of any such party or to be amended to reflect a change in the holders of the claims set forth therein or a reallocation among the holders of the claims asserted therein resulting from the transfer of all or any portion of such Claims.  The provisions of this paragraph and each Master Proof of Claim are intended solely for the purpose of administrative convenience and shall not affect (a) the right of any pre-petition lender to vote separately on any plan proposed in these Chapter 11 Cases, (b) any party's exemption from filing Proofs of Claim under a DIP Order or otherwise, or (c) any other rights of the parties under a DIP Order or otherwise. The parties under the DIP Orders shall not be

(Page | 9)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

required to file with Master Proofs of Claim any instruments, agreements or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements or other documents will be provided upon written request to counsel for such party, as applicable.

10.     Nothing in this Order shall prejudice the rights of the SIMAD Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules.

11.     The Proof of Claim Form, substantially in the forms attached to this Order as **Exhibit 1**, and the Bar Date Notice, substantially in the form attached to this Order as **Exhibit 2**, are hereby approved.

12.     No later than five (5) business days following entry of this Order, the SIMAD Debtors shall cause the Bar Date Notice and the Proof of Claim Form, substantially in the form annexed as **Exhibit 3** to the Order to be served within by email and/or first-class mail with postage prepaid, as applicable, in accordance with the Case Management Procedures, on:

(a)     the Master Service List (as defined in the Case Management Procedures);

(b)     the Committee;

(c)     all known creditors and other known holders of potential Claims against the SIMAD Debtors as of the date of entry of the Order, including all Persons or Entities listed in the Schedules for which the SIMAD Debtors have mailing addresses or email addresses;

(d)     all Entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Order;

(e)     all known equity and interest holders of the SIMAD Debtors as of the date of entry of the Order;

(Page | 10)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

(f)     all known and beneficial holders of public securities in the SIMAD Debtors;[3]

(g)     all Entities who are party to executory contracts and unexpired leases with the SIMAD Debtors;

(h)     all Entities who are party to litigation with the SIMAD Debtors;

(i)     all current employees;

(j)     all regulatory authorities that regulate the SIMAD Debtors' businesses, including consumer protection, environmental, and permitting authorities; and

(k)     all taxing authorities for the jurisdictions in which the SIMAD Debtors maintain or conduct business.

13.     After the initial emailing and mailing of the Bar Date Notice and Proof of Claim Form, the SIMAD Debtors shall, to the extent the SIMAD Debtors have alternative contact information for the claimant, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) notices served by email are confirmed to be undeliverable; (c) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to distribute notices to these parties and instead return their names and addresses to the SIMAD Debtors for direct mailing; and (d) additional potential claimants or parties in interest become known to the SIMAD Debtors. In this regard, the SIMAD Debtors may make supplemental mailings of the Bar Date

---

[3]     The SIMAD Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known and beneficial holders of public securities in the SIMAD Debtors.

[4]     To the extent that any notices are returned as "returned to sender" without a forwarding address the SIMAD Debtors shall not be required to mail additional notices to such creditors.

(Page | 11)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al*. |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

Notices and Proof of Claim Form in these and similar circumstances at any time up to seven (7) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors, and such claimants shall submit their Claims by the later of (i) the applicable Bar Date, or (ii) on the date that is thirty (30) calendar days after such person or entity is re-served with the Bar Date Notice and Proof of Claim Forms.

14. Pursuant to Bankruptcy Rules 2002(f) and 2002(*l*), the SIMAD Debtors shall publish a form of the Bar Date Notice (modified as necessary), substantially in the form annexed as **Exhibit 3** to the Order, in either the national edition of *The New York Times* and any such other publication that the SIMAD Debtors deem appropriate on one occasion prior to the General Claims Bar Date.

15. Any Person or Entity who desires to rely on the Schedules will have the responsibility for determining that such Person's or Entity's Claim is accurately listed in the Schedules.

16. Entry of this Order is without prejudice to the right of the SIMAD Debtors to seek a further order of this Court fixing a date by which holders of Claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

17. Notwithstanding anything to the contrary in this Order or any actions taken pursuant to such relief, nothing in this Order is intended or should be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against

(Page | 12)
Debtors:         SIMAD HOLDINGS LTD., *et al.*
Case No.         26-16388 (CMG)
Caption of Order: Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief

the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

(Page | 13)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief |

18.     The SIMAD Debtors and the Notice and Claims Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20.     Entry of this Order is without prejudice to the right of the SIMAD Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the General Claims Bar Date established herein must submit such Proofs of Claim or interest or be barred from doing so.

21.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Proof of Claim Form**

**United States Bankruptcy Court for the District of New Jersey**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| SIMAD Holdings Ltd. (Case No. 26-16388) | Rolling Hills Operatingco LLC (Case No. 26-16377) | Rolling Hills Landco LLC (Case No. 26-16379) |
| Country Roads Operatingco LLC (Case No. 26-16381) | Country Roads Landco LLC (Case No. 26-16382) | Eagle's Landing Day Camp LLC (Case No. 26-16384) |
| Meadowbrook Operatingco LLC (Case No. 26-16385) | Meadowbrook Landco LLC (Case No. 26-16386) | Mill Road Landco LLC (Case No. 26-16387) |
| Intermediate SIMAD 1 LLC (Case No. 26-16389) | SIMAD Equities LLC (Case No. 26-16390) | Achim Landco LLC (Case No. 26-16391) |
| BAHS Holdings LLC (Case No. 26-16392) | Achim Operatingco LLC (Case No. 26-16393) | BAHS Operating Inc. (Case No. 26-16394) |
| Banner Landco LLC (Case No. 26-16395) | Banner Operatingco LLC (Case No. 26-16396) | Belgrade Lakes Summer Camps LLC (Case No. 26-16397) |
| Bluestar Landco, LLC (Case No. 26-16398) | Camp Med-O-Lark, Inc. (Case No. 26-16399) | Bluestar Operatingco, LLC (Case No. 26-16400) |
| Chateaugay Landco LLC (Case No. 26-16401) | Club Getaway Operatingco, LLC (Case No. 26-16402) | Chateaugay Campco LLC (Case No. 26-16403) |
| Green Lane Operatingco, LLC (Case No. 26-16404) | Club Getaway Landco, LLC (Case No. 26-16405) | IAFALANDCO, LLC (Case No. 26-16406) |
| Island Lake Campco LLC (Case No. 26-16408) | Green Lane Landco, LLC (Case No. 26-16409) | Kiwi Operatingco LLC (Case No. 26-16410) |
| Greenvilleland LLC (Case No. 26-16411) | Waukeela Operatingco LLC (Case No. 26-16412) | IAFAOPERATINGCO, LLC (Case No. 26-16414) |
| MaineWekeelaco, LLC (Case No. 26-16415) | Mesorahco LLC (Case No. 26-16416) | Island Lake Landco LLC (Case No. 26-16417) |
| Mogenavco LLC (Case No. 26-16418) | Lavco LLC (Case No. 26-16419) | Mohawkcampco LLC (Case No. 26-16420) |
| Pine Forest Campco LLC (Case No.26-16421) | Lavland LLC (Case No. 26-16422) | Poland Campco LLC (Case No. 26-16423) |
| Malka Operatingco LLC (Case No.26-16424) | RDM Camps, LLC (Case No. 26-16425) | Shab Operating Inc. (Case No. 26-16426) |
| Mesorahland LLC (Case No.26-16427) | Washington Lake, LLC (Case No. 26-16428) | Mogenavland LLC (Case No. 26-16429) |
| Wekeeland LLC (Case No. 26-16430) | Mohawkland LLC (Case No. 26-16431) | WM Land, LLC (Case No. 26-16432) |
| Pine Forest Landco LLC (Case No. 26-16433) | WM Camp, LLC (Case No. 26-16434) | Poland Landco LLC (Case No. 26-16435) |
| Waukeela Landco LLC (Case No. 26-16436) | Summit Camp, LLC (Case No. 26-16437) | Shab Holdings LLC (Case No. 26-16438) |
| One Canal Place Leasing LLC (Case No. 26-16549) | One Canal Place Real Estate LLC (Case No. 26-16550) | Quadstar Realty LLC (Case No. 26-16567) |
| Mohawk Country Day School, Inc. (Case No. 26-16568) | | |

Modified Form 410

Modified Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number        Street

City                State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier (if you use one):

_ _ _ _ – _ _ _ _ – _ _ _ _ – _ _ _ _

**Where should payments to the creditor be sent?** (if different)

Name

Number        Street

City                State            ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known)_____        Filed on _____
                                                                                                                                     MM  / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

❏ No

❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

❏ No

❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

❏ No

❏ Yes. The claim is secured by a lien on property.

**Nature of property:**

❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

❏ Motor vehicle

❏ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

❏ Fixed

❏ Variable

**10. Is this claim based on a lease?**

❏ No

❏ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

❏ No

❏ Yes. Identify the property: _____

**Proof of Claim**                                                                                           page 3

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br><br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br><br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
                 MM / DD / YYYY

_____
    Signature

**Name of the person who is completing and signing this claim:**

Name      _____
                First name          Middle name          Last name

Title      _____

Company      _____
                Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      _____
                Number          Street

                _____
                City                 State          ZIP Code

Contact phone      _____      Email      _____

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                    12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/SIMAD.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
SIMAD Holdings, Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
SIMAD Holdings, Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://restructuring.ra.kroll.com/SIMAD/EPOC-Index.

## Do not file these instructions with your form

## **Exhibit 2**

### **Bar Date Notice**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**TO:    ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE SIMAD DEBTORS**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m., prevailing Eastern Time, on August 14, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit proofs of claim (each, a "Proof of Claim") against the estates of the above-captioned debtors and debtors in possession (the "SIMAD Debtors").

Except for those holders of the Claims (as defined herein) listed below under "Claims for Which Proofs of Claim Need Not be Filed" that are specifically excluded from the General Claims Bar Date submission requirement, the General Claims Bar Date, the Rejection Damages Bar Date, the Supplemental Bar Date, and the Governmental Bar Date (each as defined herein and collectively, the "**Bar Dates**") and the procedures set forth below for submitting Proofs of Claim apply to all Claims against the SIMAD Debtors that arose prior to April 27, 2026 (the "Petition Date"), the date on which the SIMAD Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim**"**).

In addition, Governmental Units have until **5:00 p.m., prevailing Eastern Time, on December 2, 2026** (the date that is the one-hundred and eighty (180) days after the Petition Date) (the "**Governmental Bar Date**"), to submit Proofs of Claim.

---

[1]    A complete list of the SIMAD Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these Chapter 11 Cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2]    Except as otherwise defined herein, all terms specifically defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein:  (a) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (b) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (c) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

> **A holder of a possible Claim against the SIMAD Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

## Who Must Submit a Proof of Claim

You **MUST** submit a Proof of Claim to vote on a chapter 11 plan filed by the SIMAD Debtors or to share in distributions from the SIMAD Debtors' estates if you have a Claim that arose before the Petition Date and it is *not* one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the SIMAD Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What to Submit

The SIMAD Debtors are enclosing a Proof of Claim form for use in this case. You may utilize the Proof of Claim Form(s) provided by the SIMAD Debtors to submit your Claim.

Your Proof of Claim Form must **NOT** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the SIMAD Debtors' notice and claims agent, Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent"), by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers, and/or visiting the SIMAD Debtors' restructuring website at: https://restructuring.ra.kroll.com/SIMAD/.

The following procedures for the submission of Proofs of Claim against the SIMAD Debtors in these Chapter 11 Cases shall apply:

(a)    *Contents*. Each Proof of Claim must:  (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with a Proof of Claim Form provided by the SIMAD Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website, at https://restructuring.ra.kroll.com/SIMAD/, by the claimant or by an authorized agent or legal representative of the claimant;

2

(b) ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

(c) ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent (which may be an email) of the SIMAD Debtors' counsel, which consent shall not be unreasonably withheld, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such supporting documentation to SIMAD Debtors' counsel upon written request no later than ten (10) business days from the date of such request; *provided, further* that failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim;

(d) ***Section 503(b)(9) Claim***.  In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also:  (i) include the value of the goods delivered to and received by the SIMAD Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the SIMAD Debtors under section 546(c) of the Bankruptcy Code (if applicable).

## When and Where to Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by:  (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/SIMAD/, or (ii) by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following addresses:

**If by First-Class U.S. Mail:**

**SIMAD Holdings Ltd. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by Overnight Courier or Hand Delivery Mailing:**

**SIMAD Holdings Ltd. Claims Processing**
**c/o Kroll Restructuring Administration, LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

---

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**

**PROOFS OF CLAIM
SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

---

### <u>Claims for Which Proofs of Claim Need Not Be Filed</u>

Persons or Entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

(a)     any Claim that has already been asserted in a Proof of Claim against the SIMAD Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a SIMAD Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b)     any Claim that is listed on the Schedules filed by the SIMAD Debtors, *provided* that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c)     any Claim that has previously been allowed by order of this Court;

(d)     any Claim that has already been paid in full by any of the SIMAD Debtors;

(e)     any Claim for which a different deadline has previously been fixed by this Court;

(f)     any Person or Entity that holds an equity interest in the SIMAD Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the SIMAD Debtors who wishes to assert a Claim (as opposed to an ownership interest) against a SIMAD Debtor (including a Claim relating to such equity interest

4

or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(g) any Claim held by a current or former employee of the SIMAD Debtors already paid pursuant to an order of the Court authorizing the SIMAD Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(h) any Professional Compensation Claim;[3]

(i) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(j) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(k) any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including as set forth in any interim or final orders entered by the Court approving the SIMAD Debtors' entry into any postpetition debtor-in-possession financing facility and any amendment thereto (in each case, the "DIP Order"), which shall include the DIP Orders entered at Docket Nos. 299, 335 and 370;

(l) any Claim held by a SIMAD Debtor against another SIMAD Debtor;

(m) any Claim held by a SIMAD Debtor against another SIMAD Debtor; and

(n) any Claim held by any Person or Entity solely against a non-debtor entity.

---

[3] "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE SIMAD DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE SIMAD DEBTORS.  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE SIMAD DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

### Executory Contracts and Unexpired Leases

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the SIMAD Debtors' rejection of the applicable executory contract or unexpired lease (the "**Rejection Damages Bar Date**").  The SIMAD Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the SIMAD Debtors reject any executory contract or unexpired lease.

### Amended Schedules Bar Date

In the event the SIMAD Debtors amend or supplement their Schedules, the SIMAD Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days after such person or entity is served with notice that the SIMAD Debtors have amended their Schedules in a manner that affects such Person or Entity (any such date, the "**Amended Schedules Bar Date**").

### The SIMAD Debtors' Schedules and Access Thereto

You may be listed as the holder of a Claim against the SIMAD Debtors in the SIMAD Debtors' Schedules.

Copies of the SIMAD Debtors' Schedules are available:  (a) from the Notice and Claims Agent by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers, and/or visiting the SIMAD Debtors' restructuring website at: https://restructuring.ra.kroll.com/SIMAD/; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Court at Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102.

If you rely on the SIMAD Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

6

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the SIMAD Debtors' Schedules and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

## Reservation of Rights

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the SIMAD Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date

ANY HOLDER OF A CLAIM THAT IS <u>NOT</u> LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.  SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

[*Remainder of page intentionally left blank*]

Dated: [●], 2026

/s/ *Draft*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:       msirota@coleschotz.com
             wusatine@coleschotz.com
             dbass@coleschotz.com
             fyudkin@coleschotz.com
            dharris@coleschotz.com

*Proposed Counsel to the SIMAD Debtors and
Debtors in Possession*

## Exhibit 3

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATES FOR SUBMITTING
PROOFS OF CLAIM AND CLAIMS UNDER SECTION
503(B)(9) OF THE BANKRUPTCY CODE AGAINST THE SIMAD DEBTORS**

**PLEASE TAKE NOTICE THAT** the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") has entered the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief* (the "**Bar Date Order**") [Docket No. ●] establishing **5:00 p.m., prevailing Eastern Time, on August 14, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[2] (including individuals, partnerships, corporations, joint ventures and trusts) to submit proofs of claim (each, a "Proof of Claim") against the SIMAD Debtors (the "SIMAD Debtors").  A copy of the Bar Date Order, and any exhibits thereto are available (i) at the SIMAD Debtors' expense upon request to Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent"), by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers, (ii) for no charge by visiting the SIMAD Debtors' restructuring website at https://restructuring.ra.kroll.com/SIMAD/, or (iii) for a fee via PACER by visiting http://ecf.njb.uscourts.gov.

The Bar Date Order requires that all Entities (collectively, the "Claimants") holding or wishing to assert a Claim that arose or is deemed to have arisen prior to **June 4, 2026** (the "Petition Date"), against the SIMAD Debtors to submit a Proof of Claim so as to be actually

---

[1]   A complete list of the SIMAD Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these Chapter 11 Cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2]   Except as otherwise defined herein, all terms specifically defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

received by the Notice and Claims Agent on or before the applicable bar date as set forth below (collectively, the "Bar Dates").

| General Claims Bar Date<br><br>(Applicable to 503(b)(9) Claims[3]) | All Claimants holding or wishing to assert a Claim must submit a Proof of Claim with respect to such Claim so as to be **actually received** by the Notice and Claims Agent by **August 14, 2026, at 5:00 p.m., prevailing Eastern Time** (the "General Claims Bar Date"), including parties asserting Claims pursuant to section 503(b)(9) of the Bankruptcy Code. |
|---|---|
| **Governmental Bar Date** | All Governmental Units holding or wishing to assert a Claim against the SIMAD Debtors arising (or deemed to arise) before the Petition Date (whether secured, unsecured priority or unsecured non-priority) must submit a Proof of Claim so as to be **actually received** by the Notice and Claims Agent by **December 2, 2026, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date"). |
| **Amended Schedules Bar Date** | In the event the SIMAD Debtors amend or supplement their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), the SIMAD Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the **General Claims Bar Date** or the **Governmental Bar Date**, as applicable, and (b) **5:00 p.m., prevailing Eastern Time**, **on the date that is thirty (30) days** from the date on which the SIMAD Debtors provide notice of the amendment to the Schedules in a manner that affects such person or entity (such later date, the "Amended Schedules Bar Date"). |
| **Rejection Damages Bar Date** | If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit a Proof of Claim based on such rejection on or before the later of (a) the **General Claims Bar Date** or the **Governmental Bar Date**, as applicable, and (b) **5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days** following entry of the order approving the SIMAD Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date"). The SIMAD Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the SIMAD Debtors reject any executory contract or unexpired lease. |

---

[3] "503(b)(9) Claims" are Claims for the value of goods received by the SIMAD Debtors within twenty (20) days before the Petition Date, where such goods were sold to the SIMAD Debtors in the ordinary course of such Debtors' businesses. *See* 11 U.S.C. § 503(b)(9).

2

### When and Where to Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent *actually receives* the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/SIMAD/, or (ii) by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an *original* signature, at the following addresses:

**If by First-Class U.S. Mail:**

**SIMAD Holdings Ltd. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by Overnight Courier or Hand Delivery Mailing:**

**SIMAD Holdings, Ltd. Claims Processing**
**c/o Kroll Restructuring Administration, LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

---

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL,
BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**

**PROOFS OF CLAIM
SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE
ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

---

**Contents of Proofs of Claim.** Each Proof of Claim must: (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with the form of Proof of Claim attached as **Exhibit 1** to the Bar Date Order (the "Proof of Claim Form") as provided by the SIMAD Debtors or Official Form 410; and (iv) be signed or electronically transmitted through the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/SIMAD/ by the Claimant or by an authorized agent or legal representative of the Claimant.

**Section 503(b)(9) Claim.** In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the SIMAD Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the SIMAD Debtors under section 546(c) of the Bankruptcy Code (if applicable).

**Consequences of Failing to Timely Submit Your Proof of Claim.**  Any Claimant who is required, but fails, to submit a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such Claim against the SIMAD Debtors (or submitting a Proof of Claim with respect thereto).  In such event, the SIMAD Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such Claim, and such holder shall not be permitted to vote to accept or reject any plan filed in these Chapter 11 Cases or participate in any distribution on account of such Claim or receive further notices regarding such Claim.

**Reservation of Rights.**  Nothing contained in this notice is intended to or should be construed as a waiver of the SIMAD Debtors' right to:  (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Additional Information**.  If you have any questions regarding the Claims process and/or if you wish to obtain a copy of the Bar Date Order (which contains a more detailed description of the requirements for submitting Proofs of Claim), a Proof of Claim Form, or related documents, you may do so by visiting the SIMAD Debtors' restructuring website at https://restructuring.ra.kroll.com/SIMAD  or contacting the Notice and Claims Agent by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers and/or writing to the following address:  SIMAD Holdings, Ltd., et al. Claims Processing, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163.