Newtek\IAFA Operating\Cash Collateral Objection - Objection

**CHARTWELL LAW**
John J. Winter, Esquire (JW-043481990)
Robert J. Murtaugh, Esquire (RM-007812001)
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone: (610) 666-7700
*Attorneys for NBL SPV II, LLC*

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| **SIMAD HOLDINGS LTD, et al.,** | : DISTRICT OF NEW JERSEY |
| Debtors. | : Trenton Vicinage |
| | : Chapter 11 Case No. 26-16388 (CMG) |
| **SIMAD HOLDINGS LTD, et al.,** | : (Jointly Administered) |
| Movant, | : |
| v. | : Hearing Date: July 16, 2026, 10:00 a.m. |
| **NBL SPV II, LLC,** | : Responses Due: July 10, 2026, 5:00 p.m. |
| Respondent. | : Related to D.I. Nos. 7, 11, 61, 105, 143, 312 |
| | : |

**OBJECTION TO SIMAD DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE SIMAD DEBTORS TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION SECURED PARTIES, (III) SCHEDULING A FINAL HEARING, (IV) MODIFYING THE AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF** <u>FILED ON BEHALF OF NBL SPV II, LLC</u>

**NOW COMES** NBL SPV II, LLC, by and through its undersigned counsel, and submits the following Objection to the Simad Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Simad Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief (D.I. No. 61, the "Motion"):

## I. <u>PARTIES, JURISDICTION AND VENUE.</u>

1.      NBL SPV II, LLC is a New York limited liability company, with an address for purposes of notices and service of papers located at 200 S. Orange Avenue, Suite 1175, Orlando, FL 32801.

1

2.      The Debtor, Simad Holdings Ltd. ("Simad" or "Debtor"), has an address for service of notices and papers located at 50 Quality Street, #110357, Trumbull, CT 06611.

3.      On June 4, 2026 (the "Petition Date"), Simad filed a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey, thereby commencing the above-captioned case (the "Bankruptcy").

4.      The Court has jurisdiction to entertain the Motion and this Objection pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. § 1409.

5.      The Motion and this Objection involve a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (M) and (O).

6.      The Motion and this Objection are brought pursuant to 11 U.S.C. §363(a), (b), (c) and (e), and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

## II.  BACKGROUND.

7.      On June 30, 2025, IAFA Operating Co., LLC, a Maine limited liability company ("IAFA Operating"), Belgrade Lakes Summer Camps LLC, a Maine limited liability company ("Belgrade Lakes"), Waukeela Operatingco LLC, a New Hampshire limited liability company ("Waukeela Operating"), Mainewekeelaco LLC, a Maine limited liability company ("Mainewekeelaco"), Poland Campco LLC, a Maine limited liability company (Poland Campco"), Wm Camp, LLC, a New Hampshire limited liability company ("Wm Camp"), Camp Med-O-Lark, Inc., a Maine not-for-profit corporation ("Camp Med-O-Lark") and Banner Operatingco LLC, an Illinois limited liability company ("Banner Operating", and, together with IAFA Operating, Belgrade Lakes, Waukeela Operating, Mainewekeelaco, Poland Campco, Wm

Camp and Camp Med-O-Lark, the "Borrowers") jointly and severally borrowed the original

principal amount of $15,000,000 (the "Newtek Loan") from Newtek Business Services Holdco 6,

LLC ("Newtek"), pursuant to a Business Loan Agreement of like date and even amount (the

"Newtek Loan Agreement").

8. As evidence of their obligation to repay the Loan, the Borrowers executed and

delivered to Newtek a "Promissory Note" dated June 30, 2025, in the original amount of

$15,000,000 (the "Note"). The Note provided for a twenty-five (25) year term (the "Term"), and

required the Borrrowers to make 299 monthly payments of $175,355.30/each, beginning with the

payment due on August 5, 2025, with a final payment of due on July 5, 2050. The Note provided

for a variable interest rate based on the 5-year Treasury Rate as posted in the Wall Street Journal,

plus 9.5% *per annum*, for an initial rate of $13.32%.  The Note provided for a a late charge equal

to 5% of each payment made 10 days or more late, and a prepayment penalty equal to 5% the

first year, 3% the second year and 1% during the third year of the Term.

9. As security for repayment of the Loan, Borrowers executed and delivered to

Newtek a "Commercial Security Agreement") dated June 20, 2025, covering substantially all of

Borrowers' personal property, including, without limitation,

> All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on

3

electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

10. To perfect the security interests thus granted, To perfect the security interests granted under the Commercial Security Agreement, Newtek caused to be filed (i) a UCC-1 financing statement with the Secretary of State of Illinois on June 15 2025, asserting a "Blanket Lien" on the assets of: Banner Operatngco LLC, Iafa Operatingco, LLC, Belgrade Lakes Summer Camps LLC, Mainewkeelaco, LLC, Polandcampco LLC, WM Camp, LLC, Camp Med-O-Lark, Inc., Indian Acres Camp for Boys, Camp Kennebec, Camp Wekeela, Camp North Star of Maine, Windsor Mountain Summer Camp and Banner Day Camp as "Debtor" and (ii) a UCC-1 Financing Statement with the Secretary of State of Maine on June 15, 2025, asserting a lien on "Inventory, equipment, accounts, health-care-insurance receivables, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles, all software, payment intangibles, oil, gas, minerals before extraction, fixtures, timber to be cut, all attachments, accessions, accessories, fitting, increases, tools, parts, repairs, supplies, and commingled goods relating to the property" of Belgrade Lakes Summer Camps, LLC, Iafa Operatingco, LLC, Mainewekeelaco, LLC, Poland Campco LLC, WM Camp, LLC, Camp Med-O-Lark, Inc., Banner Operatingco LLC, Indian Acres Camp for Boys, Camp Kennebec, Camp Wekeela, Camp North Star of Maine, Windsor Mountain Summer Camp, and Banner Day Camp. Each of the UCC-1 Financing Statements was filed by Newtek Business Solutions Holdco 6, Inc. and subsequently assigned to NBL SPV II, LLC (and then to U.S. Bank National Association and its

4

successors and assigns, as Indenture Trustee).

11.    With respect to the security interest granted to Newtek in accounts, Camp Med-O-Lark executed a Control Agreement with respect to its bank account at Newtek Bank, N.A.

12.    As security for the repayment of the Loan, 2203 Grand Canal Boulevard Real Estate LLC, a California limited liability company (444 E. 58th St., Apt. 3C, New York, NY 10022) executed a "Commercial Guaranty", and a "Deed of Trust" in favor of Newtek, dated June 20, 2025, in the maximum amount of $15,000,000 covering its real property located at 2203 Grand Canal Blvd., Stockton, CA 95207, which was duly recorded in San Joaquin County, California.  A separate Assignment of Rents was also executed and recorded.

13.    As security for the repayment of the Loan, 201 Centre Drive Real Estate LLC, a Virginia limited liability company (444 E. 58th St., Apt. 3C, New York, NY 10022) executed a "Commercial Guaranty", and a "Deed of Trust" in favor of Newtek, dated June 20, 2025, in the maximum amount of $15,000,000 covering its real property located at 201 Centre Drive, Stephens City, VA 22655, Tax Map Number 86-A-102G, which was duly recorded in  Frederick County, Virginia.  A separate Assignment of Rents was also executed and recorded.

14.    As security for the repayment of the Loan, 1401 US Highway 49B Real Estate LLC, an Arkansas limited liability company (444 E. 58th St., Apt. 3C, New York, NY 10022) executed a "Commercial Guaranty", as well as a Mortgage in favor of Newtek, dated June 20, 2025, in the maximum lien amount of $3,097,000 covering its real property located at 1401 Highway 49 B, Paragould, AR 72450, Tax ID Number 1004-30310-004, which was duly recorded in Greene County, Arkansas.  A separate Assignment of Rents was also executed and recorded.

15. As security for the repayment of the Loan, 4800 USH 280 Real Estate LLC, an Alabama limited liability company (20a Grove St., Hicksville, NY 11801) executed a "Commercial Guaranty" and a "Mortgage" in favor of Newtek, dated June 20, 2025, in the maximum lien amount of $15,000,000 covering its real property located at 4800 U.S. Hwy 280 W, Opelika, AL 36801, which was duly recorded in Tuscaloosa County, Alabama.  A separate Assignment of Rents was also executed and recorded.

16. As security for the repayment of the Loan, IAFALANDCO, LLC, a Maine limited liability company (1745 Bear Pond Rd., Hartford, ME 04220) executed a "Commercial Guaranty" dated June 30, 2025.

17. As security for the repayment of the Loan, Waukeela Landco, LLC, a limited liability company (23 Brownfield Rd., Eaton Center, NH 03832) executed a "Commercial Guaranty" dated June 30, 2025.

18. As security for the repayment of the Loan, Wekeeland LLC, a limited liability company (20A Grove St., Hicksville, NY 11801) executed a "Commercial Guaranty" dated June 30, 2025.

19. As security for the repayment of the Loan, Poland Landco LLC, a limited liability company (20A Grove St., Hicksville, NY 11801) executed a "Commercial Guaranty" dated June 30, 2025.

20. As security for the repayment of the Loan, Wm Land LLC, a limited liability company (One World Way, Windsor, NH 03244) executed a "Commercial Guaranty" dated June 30, 2025.

21. As security for the repayment of the Loan, Banner Landco, LLC, a limited

6

liability company (1177 Riverwoods Rd., Lake Forest, IL 60045) executed a "Commercial Guaranty" dated June 20, 2025.

22.     As security for the repayment of the Loan, 2203 Grand Canal Boulevard Leasing LLC, a California limited liability company (448 E. 58th St., Apt. 3C, New York, NY 10022) executed a "Commercial Guaranty" dated June 20, 2025.

23.     As security for the repayment of the Loan, 201 Centre Drive Leasing LLC, a Virginia limited liability company (448 E. 58th St., Apt. 3C, New York, NY 10022) executed a "Commercial Guaranty" dated June 20, 2025.

24.     As security for the repayment of the Loan, 7335 Gladiolus LLC, a Florida limited liability company (20a Grove St., Hicksville, NY 11801) executed a "Commercial Guaranty", and a "Mortgage" in favor of Newtek, dated June 20, 2025, in the maximum lien amount of $15,000,000 covering its real property located at 7335 Gladiolus Drive, Fort Myers, FL 33909, Tax ID No. 26-45-24-00-00015.0060, which was duly recorded in Lee County, Florida.  A separate Assignment of Rents was also executed and recorded.

25.     As security for the repayment of the Loan, 1133 Northwest L Street Real Estate LLC, an Indiana limited liability company (444 E 58th St., Apt.3C, New York, NY 10022) executed a "Commercial Guaranty", as well as a Mortgage in favor of Newtek, dated June 20, 2025, in the maximum lien amount of $15,000,000 covering its real property located at 1133 NW L Street, Richmond, IN 47374, which was duly recorded in Wayne County, Indiana.  A separate Assignment of Rents was also executed and recorded.

26.     As security for the repayment of the Loan, Wilshire Lofts LLC, an Oklahoma limited liability company (444 E 58th St., Apt.3C, New York, NY 10022)) executed a Mortgage

in favor of Newtek, dated June 20, 2025, in the maximum lien amount of $15,000,000 covering its real property located at 6708 Wilshire Blvd., Oklahoma City, OK 73132, Tax ID No. 2816-14-015-1920, which was duly recorded in Oklahoma County, Oklahoma.   A separate Assignment of Rents was also executed and recorded.

27.     As security for repayment of the Loan, Simad Holdings LLC, a limited liability company (20a Grove St., Hicksville, NY 11801) executed and delivered to Newtek a "Commercial Guaranty" dated June 30, 2025.

28.     As security for repayment of the Loan, David Shabsells (60 Carthage Rd., Scarsdale, NY 10583) executed and delivered to Newtek a "Commercial Guaranty" dated June 30, 2025.

29.     As security for repayment of the Loan, Michael Shabsells (444 E. 58th St., Apt 3C, New York, NY 10022) executed and delivered to Newtek a "Commercial Guaranty" dated June 30, 2025.

30.     Due to their voluminous nature, copies of the loan documents described above are not being attached hereto as Exhibits.  However, they are available for review upon request.

31.     As of July 4, 2026, the Loan was due for the December 1, 2023 payment, and as of the Petition Date, the following sums are due and owing under the Business Loan Agreement, Note, Commercial Security Agreement, Guarantees, Mortgages and Assignments of Rents (collectively, the "Loan Documents"):

| | |
|---|---|
| Principal Balance: | $14,930,789.11 |
| Interest to 7-4-2026: | 165,731.76 |
| Total Expenses: | 845,058.56 |
| **Total Due:** | **$15,941,579.43** |

Together with additional interest accruing after July 4, 2026
at the contract rate, of 13.32 percent (13.32%) *per annum*,
Or $5,524.39 *per diem*, any late charges as may be assessed, and
such fees and costs accruing as are permitted by the terms
of the Loan Documents and applicable law, including, without
limitation, attorney's fees and costs.

32.     NBL SPV II, LLC's cash collateral includes not just the proceeds of the Borrowers' and Guarantors' personal property collateral, but the rents, revenues and profits derived from each of the properties against which NBL SPV II, LLC has recorded a mortgage and an assignment of rents.

33.     NBL SPV II, LLC is concerned about the proceeds, rents, revenues and profits derived from its collateral are being commingled with similar proceeds from other creditors' collateral, and therefore requests a detailed accounting, property by property, of all income received and expenses paid.

### III.  DEBTORS' MOTION TO UTILIZE CASH COLLATERAL.

34.     On June 14, 2026, Simad filed its Motion, seeking, *inter alia,* authorization to utilize cash collateral, as defined in Bankruptcy Code § 363(a) (D.I. No. 61), which has been scheduled for final hearing July 16, 2026.

35.     The Motion identified NBL SPV II, LLC as among the creditors having security interests in the Debtor's personal property, and an interest in cash collateral.

36.     The Debtor's cash collateral budget does not provide for any debt service to NBL SPV II, LLC.

37.     NBL SPV II, LLC objects to the Motion because it does not propose to make any

9

adequate protection payments to NBL SPV II, LLC, and NBL SPV II, LLC is entitled to receive its full regular monthly payments by way of adequate protection equal, at least, to the amount of its monthly interest accruals under its Loan, because its Collateral is subject to continued use, wear and tear and/or dissipation by the Debtors.

38.     Moreover, to the extent that the Debtors plan to file a Plan of Reorganization, NBL SPV II, LLC hereby reserves its right to exercise its election under 11 U.S.C.§ 1111(b) to waive its general unsecured claims, if any, and have its secured claim treated as fully secured.

39.     The burden of proving adequate protection of a creditor falls upon the debtor seeking to use cash collateral.  *In re Diaconx Corp.,* , 69 B.R. 333 (Bankr.E.D.Pa.1987).  The Debtor has failed to meet its burden.

## IV.  <u>RELIEF REQUESTED</u>.

40.     Paragraphs 1 through 39 above are incorporated herein by reference.

41.     Pursuant to 11 U.S.C. §363(c)(2), the Simad Debtors cannot use NBL SPV II, LLC's Cash Collateral without its consent, or authorization from the Court, which, in turn, entitles NBL SPV II, LLC to adequate protection of its interests therein pursuant to 11 U.S.C. §363(e), for which payment of current interest accruals is appropriate, as is proof of insurance.

42.     NBL SPV II, LLC hereby reserves the right to amend this objection.

**WHEREFORE,** NBL SPV II, LLC respectfully requests that the Motion be denied, or, alternatively, conditioned upon the Debtor's provision of adequate protection on such terms and subject to such conditions as are just and proper under the circumstances, including, without limitation: (a) requiring the Debtors to provide a separate budget for each parcel of real property;

(b) requiring the Debtors to make monthly payments to NBL SPV II, LLC so as to cover ongoing interest accruals; (c) requiring the Debtors provide proof of property, casualty, general liability and flood insurance; (d) scheduling a further hearing on the Debtors' continued use of Cash Collateral; and (e) affording such other and further relief as is just and proper under the facts and circumstances presented.

Respectfully submitted,

**CHARTWELL LAW**

Dated: July 9, 2026

By: /s/ John J. Winter
    John J. Winter, Esq./Robert J. Murtaugh, Esq.
    Pa. ID Nos. 46849/57494
700 American Avenue, Suite 303
King of Prussia, PA 19406
Telephone Number (610) 666-7700
Telecopier Number (610) 666-7704
*(Attorneys for NBL SPV II, LLC)*