| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way, Suite 110<br>P.O. Box 218<br>Parsippany, NJ 07054<br>Telephone: (973) 538-4006<br>Warren J. Martin Jr., Esq.(wjmartin@pbnlaw.com)<br>Kelly D. Curtin, Esq. (kdcurtin@pbnlaw.com)<br><br>*Counsel to DH1 Holdings LLC* |

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

## REPLY OF DH1 HOLDINGS LLC IN SUPPORT OF
## ENTRY OF FINAL ORDER APPROVING MESORAH
## EMERGENCY DIP TERM SHEET

DH1 Holdings LLC ("DH1" or the "DIP Lender"), as successor to Wayne Bank, by and through its undersigned counsel, Porzio, Bromberg & Newman, P.C., respectfully submits this reply ("Reply") in response to the *Reservation of Rights of Mizzen Capital, LP With Respect to Consent Order Approving Mesorah Emergency DIP Term Sheet on an Interim Basis* [Dkt. No. 400] (the "Reservation of Rights"), and in support of entry of the *Consent Order Approving Mesorah Emergency DIP Term Sheet on an Interim Basis* [Dkt. No. 287] (the "Consent Order")[2] on a final basis, and respectfully represents as follows:

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings, Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Consent Order and the Emergency DIP Term Sheet, attached to the Consent Order at Exhibit A, as applicable.

1

10367648

## PRELIMINARY STATEMENT

1.      On June 26, 2026, this Court entered the Consent Order authorizing DH1, as successor to Wayne Bank, to provide debtor-in-possession financing to the Mesorah Debtors (Mesorahco LLC and Mesorahland LLC) under the existing Wayne Loan Agreement. The Consent Order approved an initial DIP advance of up to $1,800,000 on an interim basis, with junior secured creditor Mizzen Capital, LP's ("Mizzen") express consent.

2.      Paragraph 15 of the Consent Order provided that a final hearing would be conducted on July 13, 2026 at 10:00 a.m. (ET), and that any objections to the Consent Order must be filed by July 7, 2026 at 5:00 p.m. (ET).  Paragraph 15 further provides:

> *If no objections are filed and advocated at such hearing, then this Consent Order shall continue in full force and effect and shall be deemed a final order without further notice or hearing in accordance with Fed. R. Bankr. P. 4001(d)(3).*

3.      No objection to the Consent Order has been filed.  On July 7, 2026, Mizzen filed the Reservation of Rights.  As set forth below, the Reservation of Rights is not an objection to the Consent Order, and accordingly, the Consent Order should be entered as a final order without modification.

## ARGUMENT

**I.     The Reservation of Rights Is Not an Objection and Does Not Preclude Entry of the Final Order.**

4.      Mizzen's filing is expressly styled as a "Reservation of Rights" — not as an objection. The filing does not ask this Court for any relief, does not request modification of any provision of the Consent Order, and does not oppose entry of the Consent Order as a final order. The substance of the filing is limited to a single point: Mizzen reserves its right to withhold consent to DIP Advances beyond the $1,800,000 already approved on an interim basis. But an out of the money junior secured creditor's consent to the Final DIP Order is far from the only way that the

2

10367648

DIP would be approved.  Specifically, Paragraph 16 of this Court's Interim DIP Order provides that "further DIP Advances beyond $1,800,000 as may approved at a final hearing shall be subject to Mizzen's written consent *or pursuant to court order*." *See* Consent Order ¶ 16 (emphasis added). Mizzen's consent is irrelevant if the Court decides to allow the camp to remain open by approving the Final DIP.   And importantly, the deadline to object to entry of the final order passed on July 7, 2026 at 5:00 p.m. (ET) without Mizzen filing any objection to the Final DIP.

5.        Mizzen had ample opportunity to object and failed to do so before the deadline. The Reservation of Rights adds nothing to the existing terms of the Consent Order, is not an objection within the meaning of Paragraph 15 or Fed. R. Bankr. P. 4001(d)(3), and provides no basis to withhold entry of the final order.

**II.    The Consent Order Should Be Entered as a Final Order**

6.        The Court should not hold up entry of the final order.  The hearing and objection deadline have been noticed since June 26, 2026, when the Consent Order was entered.  Mizzen is an active participant in this case from the get-go, and has had more than sufficient time and opportunity to raise any substantive challenge to the DIP financing, yet chose not to do so.

7.        Because no objection has been filed, the Consent Order should be entered as a final order without modification, in accordance with Paragraph 15 of the Consent Order and Fed. R. Bankr. P. 4001(d)(3).  The Mesorah Debtors have an ongoing and immediate need for the DIP financing.  Camp Mesorah is currently operating its summer program and requires continued funding.  Entry of the final DIP order is necessary to authorize DH1 the ability to advance the remaining $2,200,000 tranche.

10367648

## <u>CONCLUSION</u>

WHEREFORE, DH1 Holdings LLC respectfully requests that this Court enter the Consent

Order as a final order, without modification, in accordance with Paragraph 15 thereof and Fed. R.

Bankr. P. 4001(d)(3), and grant such other and further relief as the Court deems just and proper.

Dated: July 9, 2026                                        Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**

*/s/ Warren J. Martin Jr.*
Warren J. Martin Jr., Esq.
Kelly D. Curtin, Esq.
5 Sylvan Way, Suite 110
P.O. Box 218
Parsippany, NJ 07054
Telephone: (973) 538-4006
Email: wjmartin@pbnlaw.com
        kdcurtin@pbnlaw.com

*Counsel to DH1 Holdings LLC*

4

10367648

## <u>CERTIFICATE OF SERVICE</u>

I, Warren J. Martin Jr., Esq., hereby certify that on July 9, 2026, a true and correct copy of

the foregoing *Reply of DH1 Holdings LLC in Support of Entry of Final Order Approving Mesorah*

*Emergency DIP Term Sheet* was served via the Court's CM/ECF system upon all parties entitled

to notice in accordance with the applicable rules and orders of this Court.


*/s/ Warren J. Martin Jr.*
Warren J. Martin Jr., Esq.

10367648