**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (*pro hac vice* pending)
Kristin K. Going (*pro hac vice* pending)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (*pro hac vice* pending)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.,* | Case No.: 26-16388 (CMG) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**STATEMENT AND RESERVATION OF RIGHTS OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
WITH RESPECT TO THE NOTICE OF PRIVATE SALE TRANSACTION
REGARDING THE ACHIM DEBTORS AND FUTURE PRIVATE SALES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby respectfully submits this statement and reservation of rights (this "Reservation of Rights") with respect to the *Notice of Private Sale Transaction*, filed on July 9, 2026 [Docket No. 433] (the "Achim Private Sale Notice"), pursuant to the Private Sale Procedures approved by the *Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 298] (the "Bidding Procedures Order").[2] In support of the Reservation of Rights, the Committee respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The Committee acknowledges that value-maximizing sales of the Debtors' camp properties are the best path forward in these chapter 11 cases, and that speed and certainty of execution carry particular weight where the assets are operating summer camps with value tied to the 2026 Camp Season. Consistent with that view, the Committee *supports* the Achim Private Sale and does not object to its consummation in accordance with the Private Sale Procedures.

2.      The Committee's support for the Achim Private Sale, however, should not be understood as an endorsement of all future proposed private sales or the Private Sale Procedures

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Achim Private Sale Notice or the Bidding Procedures Order, as applicable.

themselves. *First*, the Private Sale Procedures permit the Debtors to sell *any* estate asset—including any camp property—without an auction, on seven (7) calendar days' notice, and to obtain entry of a sale order upon a certificate of no objection without any hearing or evidentiary record establishing that the price is fair, that the asset was adequately marketed, or that a sound business justification exists for foregoing a competitive process.

3.      *Second*, a private sale notice is not required to disclose the marketing history of the asset, whether competing offers were received, or whether the proposed purchaser has any relationship with the Debtors or their current or former insiders—disclosure that is particularly important in these cases given the questions that have been raised regarding prepetition transfers among the Debtors, the DAMIS debtors, and their common former principals. The concern is especially acute for unsecured creditors, whose recoveries depend on maximizing value above asserted secured claims and preserving any unencumbered value for the estates.

4.      Accordingly, the Committee submits this Reservation of Rights to make clear that its support for the Achim Private Sale is limited to that transaction and shall not constitute precedent or a waiver as to any future private sale or with respect to the proceeds of the Achim Private Sale.  The Committee is focused on working constructively with the Debtors and other parties in interest on future sale transactions and expects to be consulted—***meaningfully and in advance***—in connection with any future proposed private sale.

## BACKGROUND

### I.    General Background

5.    On June 4, 2026, and June 5, 2026 (collectively, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On July 9, 2026, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See* Docket No. 438.  No trustee or examiner has been appointed in these chapter 11 cases.

### II.    The Bidding Procedures Order and the Achim Private Sale Notice

7.    On June 26, 2026, prior to the appointment of the Committee, the Court entered the Bidding Procedures Order, which, among other things, approved the Bidding Procedures, including the Private Sale Procedures, pursuant to which the Debtors may, in their business judgment and in consultation with the Consultation Parties, select a Successful Bidder for any of the Assets without holding an Auction.

8.    On July 9, 2026, the Debtors filed the Achim Private Sale Notice with respect to the Achim Debtors, the first sale transaction proposed under the Private Sale Procedures. *See* Docket No. 433.

9.    Pursuant to the Achim Private Sale Notice, Debtors Achim Operatingco LLC and Achim Landco LLC (collectively, the "Achim Debtors") propose to sell substantially all of their assets, including the real property known as Camp Achim located at 60 Pleasant Acres Road, Catskill, New York (the "Acquired Assets"), to Camp Achim LLC or its designee (the "Proposed Purchaser"), pursuant to the proposed Asset Purchase Agreement dated as of July 3, 2026

(the "<u>APA</u>"), for a purchase price consisting of (a) $7,000,000 in cash, (b) the Cure Amounts, and (c) the assumption of the Assumed Liabilities, free and clear of all Encumbrances pursuant to section 363(f) of the Bankruptcy Code, with all Encumbrances to attach to the proceeds of the sale in the same order, priority, and validity, and to the same extent, as existed prior to the Closing (the "<u>Achim Private Sale</u>"). The deadline to object to the Achim Private Sale and the proposed form of sale order (the "<u>Proposed Sale Order</u>") is July 17, 2026, and, absent objection, the Debtors may file a certificate of no objection and submit the Proposed Sale Order to the Court for approval without further notice or a hearing.

## THE COMMITTEE SUPPORTS THE ACHIM PRIVATE SALE

10.   As set forth above, the Committee has reviewed the Achim Private Sale Notice, the APA, and the Proposed Sale Order and believes the Achim Private Sale represents a value-maximizing transaction. *First*, the Assumed Liabilities include the Achim Debtors' accounts payable for the 2026 Camp Season and accrued and unpaid amounts due to employees. *Second*, the APA preserves potentially valuable estate claims by excluding from the Acquired Assets the Bankruptcy Causes of Action and any claims against the Sellers' directors, officers, insiders, and affiliates. *Third*, the transaction preserves the going-concern operation of Camp Achim for the benefit of campers, families, and employees during the 2026 Camp Season.  Accordingly, the Committee believes the Achim Private Sale represents a value-maximizing outcome that is in the best interests of the Achim Debtors' estates under the circumstances.

## THE PRIVATE SALE PROCEDURES RAISE CONCERNS

11.   As noted above, the Committee's support for the Achim Private Sale should not be understood as an endorsement of any other proposed private sale or the Private Sale Procedures themselves. Section XII of the Bidding Procedures permits the Debtors, in their business judgment

and after *mere* consultation with the Consultation Parties, to select a Successful Bidder for *any* of the Assets—including any specific camp property—without holding an Auction. Private sales, by their nature, forgo the competitive tension of an open auction process, and the structural features of the Private Sale Procedures compound that concern. The Bidding Procedures Order was entered prior to the formation of the Committee, and the Committee accordingly had no opportunity to be heard with respect to the Private Sale Procedures before their approval.

12.   Specifically, and without limitation: (a) the Private Sale Procedures afford parties in interest only seven (7) calendar days from the filing of a private sale notice to object, a period that is inadequate for the Committee to conduct meaningful diligence regarding valuation, marketing, and lien issues with respect to any given asset; (b) absent a timely objection, the Debtors may obtain entry of a sale order upon a certificate of no objection, without any hearing or evidentiary record establishing that the private sale price is fair, that the asset was adequately marketed, or that a sound business justification exists for foregoing an auction; (c) a private sale notice is not required to disclose the marketing history of the asset, whether any competing offers or indications of interest were received, or whether the proposed purchaser has any relationship with the Debtors or their current or former insiders, principals, or affiliates—disclosure that is particularly important in these cases given the questions that have been raised regarding prepetition transfers of entities and assets among the Debtors, the DAMIS debtors, and their common former principals; and (d) while the Bidding Procedures grant Bank of New Hampshire, the Bond Trustee, the DIP Agent, and other Secured Creditors a consent right over any Private Sale in which the net purchase price would not indefeasibly pay their asserted secured claims in full, the Private Sale Procedures afford no analogous protection to unsecured creditors, whose recoveries depend on the

maximization of value above asserted secured claims and on the preservation of unencumbered value and challenge rights.

## **RESERVATION OF RIGHTS**

13.   The Committee intends to evaluate each proposed private sale on its own merits, considering, among other things, the nature of the asset, the extent and adequacy of the prepetition and postpetition marketing efforts, the identity of the proposed purchaser and its relationship, if any, to the Debtors or their current or former insiders, the proposed purchase price relative to the asset's value, and the treatment and allocation of sale proceeds. The Committee expects the Debtors to consult with the Committee, as a Consultation Party under the Bidding Procedures, in advance of—and not concurrently with—the filing of any future private sale notice, and to provide the Committee and its advisors with the applicable purchase agreement, valuation and marketing information, and lien and proceeds analyses *sufficiently in advance* of any filing to permit meaningful review within the abbreviated objection period.

14.   Accordingly, the Committee expressly reserves, and does not waive, all of its rights, claims, defenses, and remedies with respect to any future proposed private sale or other sale transaction, including, without limitation, the right to: (a) object to any future private sale noticed under the Private Sale Procedures, or any proposed form of order or other documentation related thereto, on any and all grounds; and (b) contest whether a private sale, as opposed to a competitive auction or other marketing process, is appropriate for any particular asset, and to seek to compel an auction or further marketing of any asset proposed to be sold by private sale.

15.   The Committee further reserves the right to amend, modify, or supplement this Reservation of Rights at any time, and to raise additional arguments and objections at any hearing,

7

and nothing herein shall constitute an admission of fact or law or a waiver of any of the Committee's rights.

Dated: July 17, 2026

Respectfully submitted,

*/s/ Evan M. Lazerowitz*
**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (*pro hac vice* pending)
Kristin K. Going (*pro hac vice* pending)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (*pro hac vice* pending)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*