**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**



**Order Filed on July 20, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| |
|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Proposed Counsel to the Debtors* |

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT
BETWEEN CAMP ACHIM LLC AND THE ACHIM DEBTORS,
(II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF
ACHIM OPERATINGCO LLC AND ACHIM LANDCO LLC FREE AND
CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO
11 U.S.C. §§ 363(b), AND 363(f), (III) AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES PURSUANT TO 11 U.S.C. § 365, AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through fourteen (14), is

hereby **ORDERED**.

**DATED: July 20, 2026**

*Honorable Christine M. Gravelle, Chief Judge*
*United States Bankruptcy Judge*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings, Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Page 2

Debtors:      SIMAD HOLDINGS LTD., *et al.*

Case No.:     26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

Upon the notice of private sale (the "Private Sale Notice") filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") on July 9, 2026 [Docket No. 433], the Asset Purchase Agreement[2] dated as of July 3, 2026 (the "APA"), by and among Camp Achim LLC, a New York limited liability company (or its designee) (the "Buyer"), and Achim Operatingco LLC and Achim Landco LLC(the "Achim Debtors" or "Sellers"), the Bidding Procedures Order entered on June 26, 2026 [Docket No. 298] (the "Bidding Procedures Order"), any other documents filed in support thereof, and the Court having considered the Private Sale Notice and any responses or objections thereto; and the objection deadline of July 17, 2026 having expired; and the Court having held a hearing (the "Sale Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Sale Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.      Jurisdiction and Venue.  This Court has jurisdiction over the Debtors' chapter 11 cases, including this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the District of New Jersey.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]   Capitalized terms sed but not otherwise defined herein have the meaning ascribed to them in the Bidding Procedures Order or Asset Purchase Agreement, as applicable.

Page 3

Debtors:       SIMAD HOLDINGS LTD., *et al.*

Case No.:      26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

B.      Statutory Predicates.  The statutory predicates for the relief sought herein are Sections 105(a), 363(b), 363(f), 363(m), 365, and 1146(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

C.      Notice.  Proper, timely, adequate, and sufficient notice of the Private Sale Notice, the APA, and the Sale Hearing was provided to all parties entitled to notice in accordance with the Bidding Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including (i) counsel to the Buyer (The Law Office of Esther Ovadia), (ii) the Office of the United States Trustee, (iii) all creditors and parties in interest in these chapter 11 cases, (iv) all parties asserting liens on the Acquired Assets, including Mishmeret Trust Company Ltd., and the U.S. Small Business Administration, (v) all non-debtor counterparties to the Assumed Contracts, and (vi) all applicable governmental authorities.  The Private Sale Notice was filed on July 9, 2026, and the 7-day objection deadline of July 17, 2026 expired with no objections filed (or all objections having been resolved, withdrawn, or overruled).  No further or other notice of the Private Sale Notice, the APA, or the Sale Hearing is required.

D.      Sound Business Purpose.  The Debtors have demonstrated a sound business purpose and compelling justification for consummating the sale of the Acquired Assets (as defined in the APA) to the Buyer under 11 U.S.C. § 363(b).  The Buyer is willing to acquire the property for the Purchase Price of: (a) $7,000,000 in cash; (b) the Cure Amounts; and (c) the assumption of Assumed

Page 4

Debtors:      SIMAD HOLDINGS LTD., *et al.*

Case No.:    26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

---

Liabilities, without this consideration, Camp Achim will not have sufficient liquidity to continue to operate throughout this summer.  The Debtors' decision to sell the Acquired Assets outside a plan of reorganization pursuant to the Private Sale Procedures approved in the Bidding Procedures Order was an exercise of the Debtors' sound business judgment, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and should be approved.

E.      Adequate Consideration; Cash, Cure Amounts, and Assumed Liabilities.   The consideration provided by the Buyer for the Acquired Assets constitutes fair and adequate consideration.  The Purchase Price consists of (a) $7,000,000 in cash; (b) the Cure Amounts; and (c) the assumption of Assumed Liabilities

F.      Arm's Length Transaction; Good Faith Purchaser.   The APA was negotiated, proposed, and entered into by the Sellers and the Buyer without collusion, in good faith, and from arm's length bargaining positions.  Neither the Buyer nor any of its Affiliates (as defined in the APA) is an insider of the Debtors as that term is defined in 11 U.S.C. § 101(31).  The Buyer is a good faith purchaser of the Acquired Assets within the meaning of 11 U.S.C. § 363(m) and is entitled to all of the protections afforded thereby.  The Buyer has not engaged in any conduct that would prevent the application of 11 U.S.C. § 363(m).  The APA was not entered into for the purpose of hindering, delaying, or defrauding any creditor of the Debtors.

G.      Free and Clear.  The Sellers are the rightful owners of the Acquired Assets.  The Acquired Assets shall be transferred to the Buyer free and clear of all liens, claims, interests, and encumbrances of any kind or nature whatsoever, including without limitation any encumbrances in

Page 5

Debtors: SIMAD HOLDINGS LTD., *et al.*

Case No.: 26-16388 (CMG)

Caption of Order: Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

favor of Mishmeret Trust Company Ltd. in its capacity as (i) DIP Agent and (ii) the Trustee for the Series A Bondholders of SIMAD Holdings, Ltd., Klirmark Opportunity Fund IV LP, and the U.S. Small Business Administration (SBA) (collectively, "Encumbrances"),[3] other than Permitted Encumbrances and Assumed Liabilities as set forth in the APA, pursuant to 11 U.S.C. § 363(f), because in each case one or more of the conditions set forth in 11 U.S.C. § 363(f)(1) through (5) have been satisfied with respect to each such Encumbrance. All holders of Encumbrances who did not object to the sale, or whose objections were overruled, are deemed to have consented to the sale pursuant to § 363(f)(2). All Encumbrances shall attach to the proceeds of the sale with the same validity, extent, and priority as existed immediately prior to the sale.

H.     No Successor Liability. The Buyer is not a successor to the Sellers or their estates by reason of any theory of law or equity and shall not assume or be deemed to assume, or in any way be responsible for, any liability or obligation of the Sellers or their estates, including without limitation any bulk transfer law, tax, or theory of successor, transferee, or vicarious liability, whether known or unknown as of the Closing (as defined in the APA), now existing or hereafter arising, whether fixed or contingent, and whether asserted or unasserted, with respect to the Sellers, the Acquired Assets, or any obligation of the Sellers arising prior to the Closing, except as expressly

---

[3]     The Encumbrances include a UCC-1 Financing Statement filed against, among other entities, Achim Landco LLC and Achim Operatingco LLC, one day prior to the Petition Date, on June 3, 2026, with the Secretary State of New York, Filing No. 20260603059980-8, by Corporation Service Company, As Representative. The Debtors dispute the validity of that Encumbrance (and any underlying debt relating thereto).

Page 6

Debtors:      SIMAD HOLDINGS LTD., *et al.*

Case No.:     26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

provided in the APA as an Assumed Liability.  The Assumed Liabilities are limited solely to those liabilities described in the APA.

I.        Assumption and Assignment of Contracts.  The assumption and assignment of the Assumed Contracts (as defined in the APA) to the Buyer pursuant to Section 365 of the Bankruptcy Code is integral to the APA, is in the best interests of the Debtors, their estates, and their creditors, and represents a valid and proper exercise of the Debtors' business judgment.  The Buyer has demonstrated adequate assurance of future performance under the Assumed Contracts within the meaning of 11 U.S.C. §§ 365(b)(1) and 365(f)(2).  The Cure Amounts, as determined by the Bankruptcy Court and to be paid by the Buyer in connection with the Closing, are sufficient to satisfy all monetary defaults required to be cured under 11 U.S.C. § 365(b)(1)(A).

J.        Transfer Taxes.  The transfer of the Acquired Assets to the Buyer pursuant to this Order and the APA constitutes a transfer under a plan confirmed under Section 1146(a) of the Bankruptcy Code, or alternatively pursuant to Section 363 of the Bankruptcy Code, and is exempt from stamp taxes, transfer taxes, real estate transfer taxes, mortgage recording taxes, and similar taxes under applicable state or federal law.

K.        Private Sale Procedures.  The Transaction was conducted in accordance with the Private Sale Procedures approved under the Bidding Procedures Order [Docket No. 298].  The Private Sale Notice was duly filed on July 9, 2026, and the notice and objection period was completed in full compliance with the requirements of the Bidding Procedures Order.

Page 7
Debtors:      SIMAD HOLDINGS LTD., *et al.*
Case No.:     26-16388 (CMG)
Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

L.      Legal Authority.  The legal requirements for approval of the sale have been satisfied. The sale is authorized pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(f), and 365.

M.      Waiver of Stay.  Good cause has been shown for waiver of the 14-day stay periods under Bankruptcy Rules 6004(h) and 6006(d).  The Transaction should be consummated promptly to preserve the going-concern value of Camp Achim.  Immediate effectiveness of this Order is warranted.

**IT IS HEREBY ORDERED THAT:**

1.      Approval of the APA and the Transaction.  The APA, including all exhibits, schedules, and ancillary documents thereto, and the transaction contemplated thereby (the "Transaction"), are hereby approved in their entirety pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(f), and 365.  The Sellers are authorized and directed to perform under, consummate, and implement the terms of the APA together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and consummate the Transaction.  This Order is in form and substance reasonably acceptable to the Buyer as required under the APA.

2.      Transfer Free and Clear.  Pursuant to 11 U.S.C. §§ 363(b), and 363(f), the Sellers are authorized and directed to sell, assign, transfer, convey, and deliver the Acquired Assets (as defined in the APA) to the Buyer (or its designee), and the Buyer is authorized to acquire the Acquired Assets, free and clear of all Encumbrances of any kind or nature whatsoever, including without limitation all liens, claims, and encumbrances of Mishmeret Trust Company Ltd., and the U.S. Small Business Administration, other than Permitted Encumbrances and Assumed Liabilities

Page 8
Debtors:       SIMAD HOLDINGS LTD., *et al.*
Case No.:     26-16388 (CMG)
Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC
and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of
Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens,
Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III)
Authorizing the Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

(as defined in the APA). All such Encumbrances shall attach to the proceeds of the sale with the same validity, extent, and priority as existed immediately prior to the sale. To the extent any junior lienholder asserts an interest in the Acquired Assets, such interest is extinguished upon entry of this Order.

3.       Good Faith Finding; Section 363(m) Protections.   The Buyer is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to all of the protections afforded thereby. The reversal or modification on appeal of the authorization provided herein to consummate the Transaction shall not affect the validity of the sale to the Buyer unless such authorization is duly stayed pending such appeal. The Buyer has acted in good faith in all respects in connection with this proceeding. Neither the Sellers nor the Buyer have engaged in any action or inaction that would cause or permit the sale to be avoided, or costs or damages to be imposed, under 11 U.S.C. § 363(n).

4.       No Successor Liability.   The Buyer shall not be deemed, by operation of law or otherwise, a successor to the Sellers or their estates, and the Buyer shall have no successor, transferee, or vicarious liabilities of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, and whether asserted or unasserted. Without limiting the generality of the foregoing, and except to the extent the Buyer expressly assumes an Assumed Liability under the APA, the Buyer shall not have any liability whatsoever with respect to the Sellers' or their predecessors' businesses or operations, or any liabilities of the Sellers that arise, are based on, relate to, or are in any way attributable to periods prior to the Closing, including without limitation any (a) liabilities on any theory of successor or transferee

Page 9
Debtors:        SIMAD HOLDINGS LTD., *et al.*
Case No.:       26-16388 (CMG)
Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC
and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of
Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens,
Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III)
Authorizing the Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

liability, (b) liabilities arising under any environmental law, (c) liabilities relating to the Debtors'

employees, (d) liabilities under any collective bargaining agreement, (e) liabilities under any

pension or benefit plan, or (f) liabilities arising under any bulk transfer or similar laws.

5.       Assumption and Assignment of Assumed Contracts.   Pursuant to 11 U.S.C. §§

365(a), 365(b), and 365(f), the Sellers are authorized and directed to assume and assign to the Buyer,

and the Buyer is authorized to accept the assignment of, the Assumed Contracts listed on Schedule

2.10(a) to the APA, effective as of the Closing.  The Buyer has provided adequate assurance of

future performance under the Assumed Contracts within the meaning of 11 U.S.C. §§ 365(b)(1)(C)

and 365(f)(2)(B).  Anti-assignment provisions in the Assumed Contracts shall not restrict, limit, or

prohibit the assumption and assignment of such contracts and do not constitute a breach or default

thereunder.  The Buyer's contract designation period under the APA may be extended by the Buyer

in its discretion as provided therein.

6.       Cure Amounts.  The Cure Amounts set forth on Schedule 2.10(a) to the APA, or as

otherwise determined by the Court, represent all amounts that must be paid to cure all defaults under

the Assumed Contracts pursuant to 11 U.S.C. § 365(b)(1).  Upon payment by the Buyer of the Cure

Amounts at Closing, all defaults under the Assumed Contracts shall be deemed cured, and non-

debtor counterparties shall be forever barred from asserting any claim or cause of action against the

Buyer arising from any pre-Closing default under the Assumed Contracts.

7.       Transfer Taxes.  Pursuant to 11 U.S.C. § 1146(a), the sale, transfer, and delivery of

the Acquired Assets to the Buyer shall not be subject to any stamp tax, transfer tax, real estate

Page 10
Debtors:      SIMAD HOLDINGS LTD., *et al.*
Case No.:    26-16388 (CMG)
Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC
and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of
Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens,
Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III)
Authorizing the Assumption and Assignment of Certain Executory Contracts and
Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

transfer tax, mortgage recording tax, or similar tax.  All federal, state, and local governmental agencies and recording offices, including any County Clerk's Office, are directed to accept for recording any and all documents, instruments, or deeds necessary to effectuate and consummate the Transaction, free and clear of any transfer taxes, document stamps, or similar charges.

8.      Buyer Designation Right.  The Buyer is authorized to assign its rights under the APA and this Order to any affiliate or designee of the Buyer (the "Designee") without further order of this Court and without the consent of the Sellers; provided that the Buyer shall remain liable for all of its obligations thereunder following any such assignment.  Any such Designee shall be deemed a good faith purchaser entitled to all of the protections of 11 U.S.C. § 363(m) and this Order.

9.      Injunction.  All Persons (as defined in 11 U.S.C. § 101(41)) are forever prohibited and enjoined from taking any action against the Buyer (or its Designee), its successors, assigns, properties, or the Acquired Assets to recover any claim, Encumbrance, or interest that such Person had or may have had with respect to the Sellers or the Acquired Assets that is extinguished or otherwise discharged by this Order, except as expressly permitted by this Order or the APA.  This injunction shall specifically apply to, without limitation, Mishmeret Trust Company Ltd., and the U.S. Small Business Administration with respect to any liens, claims, or interests they may assert against the Acquired Assets.

10.      Direction to Third Parties.  All entities that are presently, or on the Closing Date may be, in possession of any of the Acquired Assets are hereby directed to surrender possession of

Page 11

Debtors:      SIMAD HOLDINGS LTD., *et al.*

Case No.:     26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

such Acquired Assets to the Buyer on the Closing Date.  On the Closing Date, the Sellers' creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their Encumbrances on the Acquired Assets, if any, as such Encumbrances may have been recorded or may otherwise exist.  The Sellers shall cooperate with the Buyer during the 90-day period following the Closing Date with respect to transition matters as provided in the APA.

11.      Self-Executing.  The provisions of this Order authorizing the sale and transfer of the Acquired Assets free and clear of all Encumbrances shall be self-executing, and neither the Sellers nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.  If any Person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents evidencing any Encumbrance against the Acquired Assets shall not have delivered to the Buyer at or before Closing, in proper form for filing, termination statements, releases, or instruments of satisfaction, then (i) the Buyer is authorized to execute and file such termination statements, releases, or instruments of satisfaction on behalf of such Person, and (ii) a certified copy of this Order may be filed with any recording office as conclusive evidence of the release of all such Encumbrances.

12.      Recording.  This Order shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of

Page 12
Debtors:       SIMAD HOLDINGS LTD., *et al.*
Case No.:      26-16388 (CMG)
Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

law, the duties of their office, or otherwise, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Acquired Assets.  A certified copy of this Order may be filed with the appropriate clerk or recording office and shall constitute conclusive evidence of the free and clear transfer of the Acquired Assets to the Buyer.

13.      Waiver of Stay.  Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry, and the 14-day stays imposed by such rules are hereby waived.  The Sellers and the Buyer are authorized to close the Transaction immediately upon satisfaction of the conditions to closing set forth in the APA, but in no event later than the Outside Date of twenty-one days from the Effective Date (as defined in the APA) of the APA.

14.      Binding Effect.  This Order shall be binding upon (a) the Sellers, (b) all creditors of the Sellers, (c) holders of Encumbrances on the Acquired Assets, (d) all non-debtor counterparties to the Assumed Contracts, and (e) all other parties in interest and their respective successors and assigns, whether or not such parties were served with notice of the Sale Hearing, and (f) any trustees, examiners, or other fiduciaries subsequently appointed in the Sellers' chapter 11 cases or upon a conversion to chapter 7 of any Seller's case. This Order shall inure to the benefit of the Buyer and its successors, assigns, and Designees.

15.      Survival.  The terms and provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) confirming any chapter 11 plan in

Page 13

Debtors:       SIMAD HOLDINGS LTD., *et al.*

Case No.:      26-16388 (CMG)

Caption of Order:  Order (I) Approving Asset Purchase Agreement Between Camp Achim LLC and the Achim Debtors, (II) Authorizing the Sale of Substantially All Assets of Achim Operatingco LLC and Achim Landco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief

these cases, (b) converting these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, (c) dismissing these chapter 11 cases, or (d) pursuant to which this Court abstains from hearing these cases.  The terms of this Order shall continue in full force and effect notwithstanding any such subsequent order.

16.       Conflicts.  To the extent that any provision of this Order conflicts with any provision of the APA, the terms of this Order shall govern and control.  To the extent that there is any inconsistency between this Order and any other order entered in these chapter 11 cases, the terms of this Order shall govern.

17.       Retention of Jurisdiction.  This Court retains exclusive jurisdiction to (a) enforce and implement the terms and provisions of this Order and the APA, including all amendments thereto and any waivers and consents thereunder, (b) resolve any disputes arising in connection with this Order, the APA, or the Transaction, (c) interpret, implement, and enforce the provisions of this Order, (d) adjudicate any claims or disputes regarding the Cure Amounts, (e) protect the Buyer and its successors, assigns, and Designees against any Encumbrances in accordance with this Order, and (f) enter such further orders as may be necessary or appropriate to implement or effectuate the provisions of this Order.