**LOEB, BLOCK & PARTNERS LLP**
Navin Pal
505 Park Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 755-5510
Email: npal@loebblock.com

*Counsel to American Institute for Foreign Study, Inc. d/b/a Camp America*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| **SIMAD HOLDINGS LTD., et al.,**[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF AMERICAN INSTITUTE FOR FOREIGN STUDY, INC. D/B/A
CAMP AMERICA TO PROPOSED ZERO CURE AMOUNT FOR CAMP CHEN-A-
WANDA
LETTER OF AGREEMENT AND LIMITED OBJECTION TO PRIVATE SALE**

American Institute for Foreign Study, Inc. d/b/a Camp America ("Camp America"), by and through its undersigned counsel, submits this objection (the "Objection") to the proposed cure amount of "None" for the Letter of Agreement, dated September 8, 2025, between Camp America and Camp Chen-A-Wanda (the "Camp America Agreement"), identified on Schedule 2.10(a) to the Asset Purchase Agreement filed in connection with the proposed private sale of substantially all assets of BAHS Operating Inc. and BAHS Holdings LLC (collectively, the "BAHS Debtors") to Eleven11 Holdings LLC (the "Buyer") [Docket No. 509]. In support, Camp America states as follows:

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address is 50 Quality Street, #110357, Trumbull, CT 06611.

1

## PRELIMINARY STATEMENT

1. The proposed transaction contemplates the assumption and assignment of the Camp America Agreement to the Buyer while listing the estimated cure amount as "None." Camp America disputes that proposed cure amount. Camp America's books and records reflect unpaid obligations arising under or relating to the Camp America Agreement. The Camp America Agreement may not be assumed and assigned unless all defaults are cured, Camp America is compensated for actual pecuniary loss resulting from such defaults, and adequate assurance of future performance is provided, as required by 11 U.S.C. § 365(b)(1).

2. Based on Camp America's presently available records, the correct cure amount attributable to the Camp America Agreement is $32,798.70, subject to reconciliation, supplementation, and adjustment for additional amounts that become due before assumption and assignment.  The Letter of Agreement and supporting invoices are attached as Exhibit A.

3. Camp America does not object to assumption and assignment of the Camp America Agreement if, and only if, the final order approving the transaction requires payment in full of the correct cure amount at or before assignment and preserves Camp America's right to object to the Buyer's adequate assurance of future performance.

## BACKGROUND

4. On June 4 and June 5, 2026, the SIMAD Debtors commenced these chapter 11 cases. The BAHS Debtors operate Camp Chen-A-Wanda.

5. On July 17, 2026, the SIMAD Debtors filed the Notice of Private Sale Transaction [Docket No. 509] (the "Private Sale Notice"), including a proposed sale order and an asset purchase agreement (the "APA"). The Private Sale Notice identifies BAHS Operating Inc. and

BAHS Holdings LLC as the sellers, Eleven11 Holdings LLC as the proposed purchaser, and consideration consisting of $17,000,000 in cash, Cure Amounts, and assumed liabilities.

6. Schedule 2.10(a) to the APA identifies the Camp America Agreement as an Assumed Contract but states the estimated cure amount as "None." The schedule identifies the agreement as the "Letter of Agreement, dated 09/08/2025, between the American Institute for Foreign Study, Inc. d/b/a Camp America and Camp Chen-A-Wanda."

7. The APA defines "Cure Amounts" as all amounts that must be paid and all obligations that must be satisfied under 11 U.S.C. § 365(b)(1)(A) and (B) in connection with assumption and assignment. The proposed sale order further provides that payment of the Cure Amounts would cure all defaults and forever bar counterparties from asserting claims against the Buyer arising from pre-closing defaults.

8. Camp America timely objects because the proposed "None" cure amount does not account for unpaid obligations under or relating to the Camp America Agreement and would improperly extinguish Camp America's cure rights if allowed to become binding.

**OBJECTION**

9. Section 365(b)(1) of the Bankruptcy Code conditions assumption of an executory contract on cure, compensation for actual pecuniary loss, and adequate assurance of future performance. The burden rests with the party seeking assumption to establish satisfaction of those requirements.

10. Camp America disputes the proposed zero cure treatment. Its presently available records reflect a contract-specific cure amount of $32,798.70. Camp America requests that the Court determine that amount, or require the BAHS Debtors and Buyer to reconcile it with Camp America before any assumption or assignment.

11. To the extent the BAHS Debtors contend that any invoice or charge is not attributable to the Camp America Agreement, Camp America requests a debtor-by-debtor and invoice-by-invoice reconciliation identifying the obligor, contractual basis, payment history, and proposed treatment. Camp America reserves the right to supplement this Objection after receiving that information.

12. Camp America further requests adequate assurance of the Buyer's future performance, including disclosure of the proposed assignee, its financial ability to perform, its payment procedures and terms, and its treatment of obligations arising before closing but after the petition date.

13. Nothing in this Objection waives or limits Camp America's rights with respect to: (a) any proof of claim; (b) any administrative expense claim for postpetition goods or services; (c) rejection damages; (d) setoff or recoupment; (e) claims against non-debtor parties; or (f) amounts arising under other Camp America agreements.

## RESERVATION OF RIGHTS

14. Camp America reserves all rights to amend or supplement this Objection, including the stated cure amount, upon further review of its records, the BAHS Debtors' books and records, any revised assumption notice, any amended APA or schedules, and adequate assurance information concerning the Buyer.

## CONCLUSION

WHEREFORE, Camp America respectfully requests that the Court enter an order: (a) sustaining this Objection; (b) rejecting the proposed "None" cure amount for the Camp America Agreement; (c) requiring payment in full of the correct cure amount of $32,798.70, as supplemented or determined by the Court, at or before assumption and assignment; (d) requiring

adequate assurance of future performance; (e) preserving Camp America's claims and defenses;

and (f) granting such other and further relief as the Court deems just and proper.


Dated: July 24, 2026


Respectfully submitted,
Loeb, Block & Partners LLP



By:___/s/ Navin Pal_____
Navin Pal, Esq.
505 Park Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 755-5510
Email: npal@loebblock.com

*Counsel to American Institute for Foreign
Study, Inc. d/b/a Camp America*

**CERTIFICATE OF SERVICE**

I certify that on July 24, 2026, the foregoing Objection was filed through the Court's CM/ECF system and served by electronic mail upon the following parties, and upon all parties entitled to notice under the applicable case-management and sale procedures:

1. Counsel to the SIMAD Debtors: Cole Schotz P.C., Michael D. Sirota (msirota@coleschotz.com), Warren A. Usatine (wusatine@coleschotz.com), David M. Bass (dbass@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), and Daniel J. Harris (dharris@coleschotz.com).

2. Counsel to the Proposed Purchaser: Brach Eichler L.L.C., Jay Sabin (jsabin@bracheichler.com) and David L. Tsin (dtsin@bracheichler.com).

3. Co-counsel to Mishmeret Trust Company: Chapman & Cutler LLP, Michael Friedman (friedman@chapman.com), Jorge Coronel (jcoronel@chapman.com), and Stephen R. Tetro II (stetro@chapman.com); and Riker Danzig LLP, Joseph L. Schwartz (jschwartz@riker.com) and Daniel A. Bloom (dbloom@riker.com).

4. Counsel to the U.S. Small Business Administration: Christine B. Nell (Christine.Nell@sba.gov).

5. Office of the United States Trustee: Jeffrey M. Sponder (Jeffrey.M.Sponder@usdoj.gov) and Tina L. Oppelt (Tina.L.Oppelt@usdoj.gov).

6. Counsel to the Official Committee of Unsecured Creditors: McDermott Will & Schulte LLP, Attn: Darren Azman (dazman@mcdermottlaw.com), Kristin K. Going (kgoing@mcdermottlaw.com), and Rachel Biblo Block (rbibloblock@mcdermottlaw.com) and Robinson & Cole LLP, Attn: Evan M. Lazerowitz (elazerowitz@rc.com).