**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COZEN O'CONNOR**
A Pennsylvania Professional Corporation
Mark E. Felger, Esq.
Simon E. Fraser, Esq.
1010 Kings Highway South
Cherry Hill, NJ 08034
Telephone: (302) 295-2024
mfelger@cozen.com
sfraser@cozen.com

***Counsel to Jay Freedman and Adam Weiner***

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*, | Case No. 26-16388 (CMG) |
| | (Jointly Administered) |
| Debtors. | |
| | **Related Docket Nos.  227, 298** |

### RESERVATION OF RIGHTS OF MINORITY INTEREST HOLDERS JAY FREEDMAN AND ADAM WEINER WITH RESPECT TO SALE MOTION, AND BANKRUPTCY CASES OF DEBTORS GREEN LANE OPERATINGCO, LLC AND <u>GREEN LANE LANDCO, LLC GENERALLY</u>

Jay Freedman and Adam Weiner, by and through their undersigned counsel, submit this Reservation of Rights with respect to: (i) the *SIMAD Debtors' Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 227] (the "<u>Sale Motion</u>") filed in the above-captioned jointly administered bankruptcy cases; and (ii) the bankruptcy cases (together, the "<u>Bankruptcy Cases</u>") of debtors Green Lane Landco, LLC ("<u>Green Lane Land</u>") and Green Lane Operatingco, LLC ("<u>Green Lane Operating</u>" and, together with Green Lane Land, the "<u>Green Lane Debtors</u>") generally.  In support, Mr. Freedman and Mr. Weiner respectfully state:

1.      Mr. Freedman and Mr. Weiner each hold 24.5% of the membership interests of each of the Green Lane Debtors.  The remaining 51% of the membership interests of each Green Lane Debtor is held by debtor SIMAD Equities LLC.  Mr. Freedman's and Mr. Weiner's interests in the Green Lane Debtors are set out in the *List of Equity Security Holders*, filed with the Petition in each of the Green Lane Debtors' bankruptcy cases.  See Docket No. 1 in case No. 26-16404 (Green Lane Operating), and Docket No. 1 in case No. 26-16409 (Green Lane Land).  As well as minority owners, Mr. Freedman and Mr. Weiner are also the longstanding operators of the camp owned by the Green Lane Debtors ("Camp Green Lane").

2.      On July 27, 2011, Mr. Freedman entered into a certain written agreement with the Green Lane Debtors and the other equity members therein.[1]  On that same date, Mr. Weiner entered into a certain materially identical written agreement with the same counterparties.  Each agreement provided, among other things, that certain enumerated acts by the Green Lane Debtors would require the unanimous approval of all of the members.  These enumerated acts include, among other things, the filing of a voluntary petition for bankruptcy relief, the consent to entry of an order for bankruptcy relief, and the effecting of any liquidation, dissolution, or winding up of the Green Lane Debtors or any of their subsidiaries.

3.      At no time have Mr. Freedman and/or Mr. Weiner ever approved the filing of a voluntary bankruptcy petition for either, or both, of the Green Lane Debtors.  Moreover, at no time has anybody ever solicited or requested such approval from Mr. Freedman and/or Mr. Weiner.  Put simply, the Green Lane Debtors filed their respective Petitions in these Bankruptcy Cases without the approval of Mr. Freedman and/or Mr. Weiner.  Indeed, the inaptly-titled *Joint Unanimous*

---

[1] At that time, the other equity owners were brothers Michael and David Shabsels, who later transferred their interests to debtor SIMAD Equities LLC.

*Written Consent of the Manager and Majority-In-Interest Member* accompanying each of the Green Lane Debtors' Petitions is signed <u>only</u> by Mr. Michael Shabsels, on behalf of SIMAD Equities LLC, and as the manager of each of the Green Lane Debtors.  The consent of the 49% interest in each Green Lane Debtor held by Mr. Freedman and Mr. Weiner together was neither requested nor obtained.  Accordingly, the two Bankruptcy Cases were filed without the necessary corporate authority.

4.       Moreover, the Green Lane Debtors were each solvent as of the commencement of the Bankruptcy Cases, and remain so today.  None of the debts referenced in the Debtors' "first day" filings on the lead docket in these jointly administered cases were either necessary for, or used for the benefit of, Camp Green Lane, including without limitation the debt associated with the Debentures (Series A),[2] the MCA Loans, or any of the other indebtedness described in the Debtors' First Day Declaration and Cash Collateral Motion (the "<u>Indebtedness</u>").[3]  Moreover, none of the Indebtedness was properly authorized under the Green Lane Debtors' LLC operating agreements, other than the amount of the Debentures (Series A) used to refinance the existing mortgage debt on the camp.  The Indebtedness is therefore avoidable with respect to the Green

---

[2] Mr. Freedman and Mr. Weiner indeed consented to the Debentures (Series A), but understood that Camp Green Lane's liability would be limited to the approximately $777,000 of bank debt that was being refinanced through the Debentures (Series A).  To be clear, the existing bank debt was not in default and there was no business reason to refinance it.

[3] The term "First Day Declaration" means the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 62].  The term "Cash Collateral Motion" means the *SIMAD Debtors' Emergency Motion for Entry of an Interim Order (I) Authorizing the SIMAD Debtors' Immediate Use of Cash Collateral and Existing Bank Accounts for Purposes of Satisfying Prepetition Gross Salaries, Payroll Taxes, and Other Critical Expenses, (II) Authorizing the SIMAD Debtors to Satisfy and Direct Payroll Banks to Honor Certain Prepetition Gross Salaries and Payroll Taxes of Their Employees, (II) Authorizing the SIMAD Debtors' Continued Use of Their Cash Management System, Honor Certain Prepetition Obligations Related Thereto, and Continue Additional Transactions, and (IV) Granting Related Relief* [Docket No. 7].  The terms "Debentures (Series A)" and "MCL Loans" have the meanings provided in the First Day Declaration and/or the Cash Collateral Motion.

Lane Debtors.  Mr. Freedman and Mr. Weiner intend to take appropriate action in this regard, and reserve all rights.

5.      Because the filing of the Petition for each Green Lane Debtor was unauthorized, their respective Bankruptcy Cases should be dismissed.  Mr. Freedman and Mr. Weiner intend to file a motion to dismiss these cases.  In the meantime, they file the instant reservation of rights in advance of the deadline for parties to object to the Sale Motion, and hereby reserve and preserve all of their rights under applicable law with respect to the Green Lane Debtors, these Bankruptcy Cases, and the Sale Motion, including without limitation all of their rights with respect to the issues raised herein.

Dated:  July 24, 2026                     **COZEN O'CONNOR**

                                          */s/ Simon E. Fraser*
                                          Mark E. Felger, Esq. (#046701996)
                                          Simon E. Fraser, Esq. (#026821999)
                                          1201 N. Market Street, Suite 1001
                                          Wilmington, DE 19801
                                          Telephone:  (302) 295-2000
                                          mfelger@cozen.com
                                          sfraser@cozen.com

                                          *Counsel to Jay Freedman and Adam Weiner*