**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.,* | Case No.: 26-16388 (CMG) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS WITH RESPECT TO THE NOTICE OF
PRIVATE SALE TRANSACTION REGARDING CAMP CHEN-A-WANDA**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned jointly administered chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned proposed counsel, hereby respectfully submits this statement (the "Statement") with respect to the *Notice of Private Sale Transaction*, filed on July 17, 2026 [Docket No. 509] (the "Sale Notice"), concerning the sale of Camp Chen-A-Wanda (the "Chen-A-Wanda Private Sale") pursuant to the Private Sale Procedures approved by the *Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 298] (the "Bidding Procedures Order").[2]  In support of the Statement, the Committee respectfully states as follows:

**STATEMENT**

1.      The Committee continues to support the Debtors' efforts to conduct a value-maximizing sale process for their camp properties.  The Committee also recognizes that speed of execution is particularly important given the nature of the Debtors' assets.  At the same time, the Committee believes all stakeholders will benefit from a process that preserves parties' substantive and procedural rights while the Debtors and the Committee work cooperatively to move the sale process forward.

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bidding Procedures Order and the Bidding Procedures approved thereby, as applicable.

2.      The Committee submits this Statement to ensure that (a) counterparties to the executory contracts being assumed and assigned in connection with the Chen-A-Wanda Private Sale (the "Assumed Contracts") receive adequate notice of the proposed assignment and (b) any cure amounts with respect to the Assumed Contracts are reconciled against the Debtors' books and records and accurately reflected in the sale materials.

3.      *First*, the Bidding Procedures Order established Assumption and Assignment Procedures that "govern the assumption and assignment of all of the SIMAD Debtors' Executory Contracts and Unexpired Leases to be assumed and assigned in connection with any Sale Transaction(s)[.]" Bidding Procedures Order ¶ 21.  The Assumption and Assignment Procedures require that, no later than July 21, 2026, the Debtors file and serve an Assumption Notice in a specified form attached to the Bidding Procedures Order.  *Id.* ¶ 21(a).

4.      On July 21, 2026, the Debtors filed a *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 558].  That notice, however, did not list contracts associated with Camp Chen-A-Wanda as being potentially subject to assumption and assignment.  Instead, the Debtors included as an exhibit to the Sale Notice a proposed asset purchase agreement (the "Proposed APA"), which includes a schedule listing numerous Assumed Contracts.

5.      The Committee is concerned that the only way counterparties to the Assumed Contracts could discover that their contracts are being assumed and assigned is if they knew to review the schedules attached to the Proposed APA.  Further, the Private Sale Procedures only require the Debtors to "serve the Private Sale Notice on the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, any Secured Creditor with respect to the Assets subject to the Private Sale, and any party reasonably known to allege it is a Secured Creditor with respect to the

Assets subject to the Private Sale Notice." The Private Sale Procedures do not require serving a Private Sale Notice on contract counterparties, so it is unclear whether counterparties have received the Proposed APA and schedule of Assumed Contracts.

6.      *Second*, the Committee is continuing to work with the Debtors to ensure that the proposed cure payments reflect any amounts owed to counterparties. For each Assumed Contract, the schedule attached to the Proposed APA provides that the estimated cure amount is "None." The Committee's advisors, however, identified certain Assumed Contracts for which amounts may be owed to counterparties, and the Committee is working with the Debtors to reconcile those amounts against the Debtors' books and records. The Committee appreciates the Debtors' willingness to work with the Committee on that reconciliation and believes employing this process with respect to all Assumed Contracts will help ensure that any cure amounts included in the sale materials are complete and accurate.

7.      To assign a contract or lease, a debtor must first "assume[] such contract or lease in accordance with the provisions of [section 365]." 11 U.S.C. § 365(f)(2)(A). One requirement for assumption is that the debtor cure outstanding defaults. *See id.* at § 365(b)(1)(A); *see also In re Thane Int'l, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018) ("Cure is a critical component of assumption."). Courts have recognized that debtors have an obligation to cure outstanding defaults in connection with assumption. *Adventure Res. Inc. v. Holland*, 137 F.3d 786, 798 (4th Cir. 1998) (describing the "statutory duty to cure any existing default"); *In re Off. Prod. of Am., Inc.*, 140 B.R. 407, 410 (Bankr. W.D. Tex. 1992) (debtors have an "affirmative duty" to "cur[e] any outstanding defaults"). Accurate cure information therefore benefits all parties by helping ensure that any assumption and assignment proceeds on a clear and reliable record.

8.     The Committee's goal is not to delay the Chen-A-Wanda Private Sale, but to support an orderly process in which all parties are given sufficient notice and the Debtors' records, the sale materials, and counterparties' rights are aligned.  Accordingly, the Committee respectfully requests that the Debtors (a) confirm that counterparties to the Assumed Contracts receive notice of the proposed assignment and a sufficient opportunity to object and (b) continue working with the Committee to update the applicable sale materials to reflect good faith estimates of any cure costs due with respect to the Assumed Contracts.

[*Remainder of page intentionally left blank*]

Dated: July 24, 2026

Respectfully submitted,

*/s/ Evan M. Lazerowitz*

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

*-and-*

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

*-and-*

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

6