| | |
|---|---|
| **From:** | Thea Mullis <theam@campontour.com> |
| **Sent:** | Thursday, July 30, 2026 3:55 PM |
| **To:** | Chambers of CMG |
| **Cc:** | mercerhelp.mailbox@njcourts.gov |
| **Subject:** | Objection to Sale |
| **Attachments:** | Objection to Proposed Sale (4).pdf |

**CAUTION - EXTERNAL:**

I am writing because I have to express deep and immediately urgent concerns about the SIMAD auction of camps I participated in yesterday. This is Case No. 26-16388 (CMG) in Mercer County overseen by Judge Gravelle.

Myself and others under the LLC "MOH" set the initial high bid for Summit Camp, one of the 30 some combined property and business assets being sold as part of SIMAD/DAMIS holdings chapter 11 restructuring.

We have had multiple issues within this process including:

- Failure of the debtors to provide key documentation in the portal, and subsequently uploading this documentation after key dates had already passed (including the July 17th bid deadline date)
- Communication leaks from within the debtors' organization leading to other bidders identities and information before the auction date, including that of myself and my co-investors
- Evident potential collusion occurring during the actual auction hearing, which was recorded, when I and my team were put into a separate room while others continued the auction process without our involvement
- Failure to provide an open and clear process before, during, and after the auction proceeding, such that myself and my team could be adequately prepared, respond, and communicate during the proceedings

The timeliness of my concerns is very great. This case is set to head to sale hearings on Tuesday, August 4th. I believe my rights as a bidder were significantly violated in this process. I do not trust that the investment firm handling this case protected my identity as a bidder, nor that the team conducting this entire process, including yesterday's auction, did so in an ethical and open manner. I very much wish to speak to someone about my concerns to put an outsider prospective on this case before multiple camps, including the one I have a very narrowly short bid on (Summit), are sold to bidders that potentially used unethical tactics in achieving their outcomes.

Respectfully,
Thea Mullis

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**In re:**
SIMAD Holdings Ltd., et al.

The cases are pending before the Honorable Christine M. Gravelle and are jointly administered under Case No. 26-16388.

# Objection to Proposed Sale to Sheperd Baum

The undersigned respectfully objects to approval of the proposed sale of Summit Camp to **Sheperd Baum** and requests that the Court deny approval of the proposed Sale Order or, at minimum, defer approval pending further review of the integrity of the auction process.

## Basis for Objection

The integrity of a bankruptcy auction depends upon a fair, transparent, and competitive bidding process. Based upon observations made during the auction, the objector has substantial concerns that the auction may not have been conducted in accordance with the Court's Bidding Procedures Order or the requirements governing sales under section 363 of the Bankruptcy Code.

Among other concerns, the conduct of the auction created the appearance that the successful bidder may have coordinated with one or more other bidders and/or received treatment inconsistent with the level playing field contemplated by the Court's approved bidding procedures. While the objector is not asking the Court to make findings of wrongdoing based solely upon appearances, the circumstances warrant careful judicial review before approval of an irrevocable sale.

The Court's Bidding Procedures Order specifically requires that:

  - each bidder participating in the auction confirm that it has not engaged in collusion regarding the bidding process;
  - the auction be conducted openly;
  - all parties in interest be permitted to attend; and
  - the bidding be documented, recorded, or videotaped.

Because the Court expressly required that the auction be recorded, the objector respectfully requests that the Court review the complete recording of the Zoom auction before entering a Sale Order.

The recording may provide objective evidence concerning:

  - communications and interactions among participants;
  - whether all bidders received equal treatment;
  - whether the bidding procedures were applied consistently;
  - whether any bidder engaged in conduct inconsistent with the prohibition against collusive bidding;

1

- whether the auctioneer administered the auction in a fair and impartial manner; and
- whether the successful bidder qualifies as a good-faith purchaser entitled to the protections afforded by the Bankruptcy Code.

The objector does not ask the Court to presume misconduct. Rather, because approval of a bankruptcy sale depends upon confidence in the integrity of the auction process, the Court should independently review the record before concluding that the sale resulted from an open, competitive, and non-collusive auction.

If review of the recording reveals conduct inconsistent with the Court's procedures or raises unresolved factual questions, the objector respectfully requests that the Court conduct an evidentiary hearing, permit appropriate discovery concerning the auction process, and require testimony from the auctioneer and any other witnesses necessary to determine whether the sale process complied with the Bankruptcy Code and the Court's Bidding Procedures Order.

## Requested Relief

Accordingly, the objector respectfully requests that the Court:

1. Review the complete recording or video of the auction before approving the proposed sale;
2. Determine whether the auction complied with the Court's Bidding Procedures Order and the requirements governing bankruptcy sales;
3. Determine whether the successful bidder qualifies as a good-faith purchaser under section 363 of the Bankruptcy Code;
4. If necessary, conduct an evidentiary hearing concerning the integrity of the auction process, including any evidence of bidder coordination, unequal treatment of bidders, or procedural irregularities;
5. Deny approval of the proposed sale unless the Court is satisfied that the auction was conducted fairly, openly, competitively, and free from collusion; and
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Thea Mullis**
912-423-9196
theam@campontour.com

2