**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY (TRENTON)**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **SIMAD HOLDINGS LTD.,** ***et al.*****,** | **Case No. 26-16388 (CMG)** |
| **Debtors.**[1] | **(Jointly Administered)** |

# SCHEDULE OF ASSETS AND LIABILITIES FOR ONE CANAL PLACE REAL ESTATE LLC (CASE NO. 26-16550)

1 A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtor's service in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT, 06611.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**GLOBAL NOTES AND**
**STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE SIMAD DEBTORS' SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**General Disclosure and Disclaimer**

SIMAD Holdings, Ltd. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "SIMAD Debtors"), filed their respective Schedules of Assets and Liabilities (each, a "Schedule" and, collectively, the "Schedules") and Statements of Financial Affairs (each, a "Statement" and, collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of New Jersey (the "Court"). The SIMAD Debtors, with the assistance of their legal and financial advisors, prepared the unaudited Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These global notes and statements of limitations, methodology and disclaimers regarding the SIMAD Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to, and referenced in connection with, any review of the Schedules and Statements.[2]

The SIMAD Debtors reserve the right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such SIMAD Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings, Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] These Global Notes supplement, and are in addition to, any specific notes contained in each SIMAD Debtor's Schedules or Statements. The fact that the SIMAD Debtors prepared a Global Note with respect to any of the individual SIMAD Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the SIMAD Debtors to exclude the applicability of such Global Note to any of the SIMAD Debtors' other Schedules and Statements, as appropriate.

constitute an admission by the SIMAD Debtors that such claim is not "contingent," "unliquidated," or "disputed."

The Schedules and Statements are unaudited and reflect the SIMAD Debtors' reasonable efforts to report certain financial information of each SIMAD Debtor on a stand-alone, unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each SIMAD Debtor.

In preparing the Schedules and Statements, the SIMAD Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the SIMAD Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may not have been available.

Neither the SIMAD Debtors nor any of their respective officers, directors, managers, employees, members, the Chief Restructuring Officer, the Associate Restructuring Officer, or their agents, consultants, advisors, or attorneys (collectively, the "Preparing Parties") guarantees or warrants the accuracy, completeness, or correctness of the data provided herein or in the Schedules and Statements, and none of the Preparing Parties shall be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Preparing Parties expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States Bankruptcy Court for the District of New Jersey, or order of the Court. In no event shall any of the Preparing Parties be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the SIMAD Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if any of the Preparing Parties is advised of the possibility of such damages.

The Schedules and Statements have been signed by Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, and an authorized signatory for each of the SIMAD Debtors. In reviewing and signing the Schedules and Statements, Mr. Ravid has relied upon the efforts, statements, advice, and representations of personnel of the SIMAD Debtors and the SIMAD Debtors' advisors and other professionals, including FTI Consulting, Inc. ("FTI") as the SIMAD Debtors financial advisor. Mr. Ravid was retained by the SIMAD Debtors on June 2, 2026, two days prior to the June 4, 2026 Petition Date (defined below) and FTI was retained four days after the Petition Date. Since their respective engagements, Mr. Ravid and FTI have worked diligently to compile the most complete and accurate information reasonably available and, in doing so, have necessarily relied upon the SIMAD Debtors' existing books, records, and information systems in preparing the Schedules and Statements. Further, given the scale of the SIMAD Debtors' businesses, Mr. Ravid has not (and practically could not have) personally verified the accuracy of each statement and representation in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses. Accordingly, Mr. Ravid's execution of the Schedules and Statements should not be construed as a guarantee or certification of the completeness or accuracy of every item therein, but rather reflects his good-faith reliance on the information available to him and the work performed by the SIMAD Debtors' personnel and professional advisors

Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the SIMAD Debtors. The SIMAD Debtors reserve their right to amend the Schedules and Statements from time-to-time as may be necessary or appropriate; *provided*, that the SIMAD Debtors, their agents, and their advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law

## Global Notes and Overview of Methodology

1. **Description of the Cases**. The SIMAD Debtors commenced these voluntary cases under chapter 11 of the Bankruptcy Code on June 4 and June 5, 2026 (the "Petition Date"). The SIMAD Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 8, 2026, the Court entered an order authorizing the joint administration of the cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. On July 10, 2026, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 438]. Notwithstanding the joint administration of the SIMAD Debtors' cases for procedural purposes, each SIMAD Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of the SIMAD Debtors as of the Petition Date, and the liability data of the SIMAD Debtors is as of the close of business on the Petition Date.

2. **Unknown Amounts.** Some of the scheduled liabilities may be unknown and unliquidated at this time. In such cases, the amounts may be listed as "Unknown", "Undetermined" or "To Be Determined." Accordingly, the Schedules and Statements may not accurately reflect the aggregate amount of the SIMAD Debtors' liabilities.

3. **Prepetition v. Post-Petition.** The SIMAD Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information that was available to the SIMAD Debtors and their professionals during the preparation of these Schedules and Statements. As additional information becomes available, the allocation of liabilities between prepetition and post-petition periods may change.

4. **Currency**. All amounts shown in the Schedules and Statements are in U.S. Dollars.

5. **GAAP.** Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under GAAP, the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP. Additionally, the SIMAD Debtors do not follow GAAP in preparing their financial statements.

6. **Intangibles and Intellectual Property.** The SIMAD Debtors own or use intellectual property that is material to their operations, including registered and unregistered trademarks, service marks, trade names, and logos associated with each of the separately branded summer camps, together with domain names, websites, social media accounts, camper and alumni databases, enrollment and registration platforms, marketing materials, curricula, and program content. Because each camp is separately branded and historically operated with its own management team and dedicated operational infrastructure, records relating to intellectual property are maintained at the camp level and are not centralized. The SIMAD Debtors have made reasonable efforts to identify and schedule such assets, but the SIMAD Debtors' books and records may not reflect all intangible assets, and certain intellectual

property may be unregistered, may be held in the name of a non-debtor affiliate, predecessor owner, or individual, or may be subject to license, co-ownership, or reversionary arrangements not memorialized in writing. The values ascribed to intangible assets, where scheduled, may be listed as "Unknown," and the omission of any intangible asset from the Schedules and Statements is not an admission that such asset does not exist or is not property of the applicable SIMAD Debtor's estate. The SIMAD Debtors reserve all rights with respect to the identification, ownership, characterization, and valuation of all intangible assets and intellectual property.

7. **Schedule D and Challenge of Liens**. Except as otherwise agreed in connection with any financing order or other order of the Court or agreement with the SIMAD Debtors, the SIMAD Debtors reserve the right to dispute or to challenge the validity, priority, perfection, extent, characterization, enforceability, or immunity from avoidance of any lien or security interest (including, without limitation, mechanic's, materialman's, tax, judgment, or other similar liens) purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Without limiting the foregoing, the SIMAD Debtors expressly reserve all rights with respect to (a) financing statements filed against one or more Debtors shortly prior to the Petition Date, including those filed by CT Corporation System, as representative, and Corporation Service Company, as representative; (b) the validity, perfection, and priority of any asserted security interest of any merchant cash advance or short-term funder or lender, including whether any such party holds a perfected interest in cash or deposit accounts; (c) the proper characterization of any purported purchase of receivables as a secured financing or loan; and (d) the extent to which any obligation scheduled as secured is instead unsecured, undersecured, or subject to avoidance. Moreover, although the SIMAD Debtors may have scheduled claims of various creditors as secured claims, the SIMAD Debtors reserve their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Because certain assets are subject to asserted liens held by more than one creditor, the listing of a claim on the Schedule D of a particular Debtor is not a determination of priority as among such creditors. The descriptions provided on Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

8. **Setoff or Recoupment Rights.** The SIMAD Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of a SIMAD Debtor, or inchoate statutory lien rights. In addition, certain parties may assert rights of setoff or recoupment arising from (a) authorizations permitting automated clearing house or other direct debits from the SIMAD Debtors' deposit accounts; (b) deposits, retainers, or prepayments held by vendors, utility providers, insurers, or professionals; and (c) credits, refunds, or adjustments owing between the SIMAD Debtors and camper families or vendors. The SIMAD Debtors have not undertaken to identify all such parties, and the omission of any party from Schedule D is not an admission or acknowledgement of the validity, enforceability, or priority of any asserted setoff or recoupment right. The SIMAD Debtors reserve all rights and defenses with respect to any such assertion, including under sections 362, 553, and 558 of the Bankruptcy Code.

9. **Ordinary Course of Business.** In the ordinary course of business, the SIMAD Debtors' vendor invoices are received, processed, and paid through a combination of camp-level accounting personnel and centralized disbursement functions, which historically included accounts maintained by or administered through affiliated entities, including DAMIS Holdings LLC, a separately administered debtor affiliate. Occasionally debits and/or credits may be applied against amounts otherwise due to vendors. These amounts may arise due to disputed invoices, disputed service periods, damaged or non-conforming goods, seasonal service adjustments, general billing errors, among other matters. Vendor

claims are listed at the amounts entered on the applicable SIMAD Debtor's books and records as of the Petition Date, which may reflect credits or allowances due from such creditors to the applicable SIMAD Debtor. The actual amount owed or owing by such vendors is subject to change upon application of pending and/or future credits and debits. Because certain vendors provided goods or services to more than one camp and were paid from centralized or shared accounts, a liability recorded on the books of one Debtor may relate in whole or in part to goods or services provided to another Debtor or to a non-debtor affiliate, and the SIMAD Debtors reserve all rights to reallocate such liabilities among the applicable entities. Accordingly, such vendor balances are subject to potential amendment in due course of treatment in these Chapter 11 Cases. The SIMAD Debtors reserve all of their rights with respect to such credits and allowances.

10. **Executory Contracts and Unexpired Leases**. While reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The SIMAD Debtors reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. Given the seasonal nature of the SIMAD Debtors' operations, the SIMAD Debtors are party to a substantial volume of agreements that are entered into, performed, and expire within a single camp season, including camper enrollment and registration agreements, seasonal staff and camp director employment or engagement agreements, international staff placement and visa sponsorship arrangements, food service and provisioning agreements, transportation and busing agreements, medical and health services agreements, equipment rentals, and off-season facility use or group rental agreements. Listing or omitting any such agreement is not an admission or legal conclusion as to whether it constitutes an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code, and the SIMAD Debtors reserve all rights with respect to the characterization, assumption, assignment, and rejection of all such agreements. In addition, the SIMAD Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments and letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. The SIMAD Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the SIMAD Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. The SIMAD Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission or a legal conclusion that such contract or agreement is an executory contract or unexpired lease. The SIMAD Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements, or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. All of the SIMAD Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on exist. Accordingly, the SIMAD Debtors and their directors, managers, officers, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein.

11. **Insiders and Employees.** The SIMAD Debtors employ personnel directly, including camp directors, counselors, educational staff, medical staff, kitchen staff, maintenance teams, and administrative personnel, and the SIMAD Debtors' workforce fluctuates substantially on a seasonal basis.

Certain staff members are foreign nationals who reside in the United States pursuant to work visas. Employee-related obligations are recorded at the entity level at which the applicable employee is engaged; however, because personnel historically supported more than one camp and payroll was in certain instances processed centrally, obligations recorded on the books of one SIMAD Debtor may relate in whole or in part to services rendered to another SIMAD Debtor or to a non-debtor affiliate. The SIMAD Debtors reserve all rights to reallocate such obligations.

Where the Schedules and Statements require information regarding insiders and/or officers and directors, the SIMAD Debtors have included, without limitation, (a) the direct and indirect equity holders of SIMAD Holdings Ltd.; (b) the holders of minority equity interests in individual Debtors; (c) the directors, officers, managers, or persons in similar positions of the SIMAD Debtors and their affiliates; (d) the Chief Restructuring Officer; (e) employees or other persons that are, or were during the relevant period, officers or persons in control of the SIMAD Debtors or their affiliates; (f) family members of the foregoing; and (g) affiliated entities, including DAMIS Holdings LLC and other affiliates whose chapter 11 cases are being separately administered, and non-debtor affiliates. The listing of a party as an insider is not intended to be, nor should it be construed as, a legal characterization of such party as an insider for purposes of section 101(31) of the Bankruptcy Code, and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Employees who are not directors or officers of the SIMAD Debtors or related entities have not been included in this disclosure. Nothing contained in the Schedules and Statements is deemed to be an admission or legal conclusion as to the comprehensive scope of the inclusion or exclusion of persons qualifying as "insiders" and may not be used for: (a) the purposes of determining (i) control of the SIMAD Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the SIMAD Debtors; or (iv) whether such individual or entity (or the SIMAD Debtors) could successfully argue that they are not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. The SIMAD Debtors reserve all rights to amend, supplement, and revise the Schedules and Statements regarding any matters concerning their "insiders," as such term is defined in the Bankruptcy Code and its progeny. Furthermore, certain of the individuals or entities identified as insiders may not have been insiders for the entirety of the twelve-month period before the Petition Date, but the SIMAD Debtors have included them herein out of an abundance of caution.

12. **Directors and Officers.** The SIMAD Debtors have disclosed the identity of those certain directors, officers, and related persons referenced in the preceding paragraph in Part 13, Question 28 of the Statements. The SIMAD Debtors' inclusion of these persons in Question 28 of the Statements is not intended to be an admission or a legal conclusion as to the status of such persons as "Directors," "Officers," "Managers," "Insiders," or otherwise a "person in control" of the SIMAD Debtors. For the sake of clarity and out of an abundance of caution, the SIMAD Debtors have included such persons in response to Question 28 of the Statements for the purpose of candid disclosure of information in these Chapter 11 Cases. The SIMAD Debtors reserve all rights to amend, supplement, and revise the Schedules and Statements with regard to any matters concerning any persons deemed to be "Directors," "Officers," "Managers," "Insiders," "Chief Restructuring Officer," or otherwise a "person in control" of the SIMAD Debtors, as such terms may be defined in the Bankruptcy Code and its progeny. The SIMAD Debtors reserve all rights to require an order from the Court regarding the scope of particular persons deemed to be "Directors," "Officers," "Managers," "Insiders," or otherwise a "person in control" of the SIMAD Debtors.

13. **Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to one or more other Debtors or to non-debtor affiliates. The SIMAD Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the SIMAD Debtor that is the party to the applicable Litigation Action. Because certain

Litigation Actions name multiple Debtors, name a camp by its trade name rather than by the name of the SIMAD Debtor entity that owns or operates it, or arise from events occurring at a property owned by one Debtor and operated by another, the identification of a particular SIMAD Debtor as the obligor with respect to any Litigation Action is subject to revision. Certain Litigation Actions in which a SIMAD Debtor may not have been a named party as of the Petition Date have been included in the Schedules and Statements out of an abundance of caution. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the SIMAD Debtors of liability, of the validity of any Litigation Action, or of the amount of any potential claim that may result from any claims with respect to any Litigation Action, or of the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future. To the extent any Litigation Action is or may be covered by insurance, the scheduling of such Litigation Action is without prejudice to the rights of the SIMAD Debtors and their estates with respect to such coverage.

14. **Summary of Reporting Policies and Practices.** The following conventions were adopted by the SIMAD Debtors in preparation of the Schedules and Statements:

**a. Fair Market Value; Book Value.** Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the assets and liabilities as listed in the applicable SIMAD Debtor's books and records. Where the current market value of an asset is unknown, the SIMAD Debtors have based their valuation on book value or have stated that the value is unknown; however, the actual value may differ, and in many cases may differ materially. Real property is generally listed at book value, which may not reflect fair market value, and no appraisal has been obtained with respect to most of the SIMAD Debtors' real property. The SIMAD Debtors are conducting a marketing and sale process with respect to certain of their assets; nothing in the Schedules and Statements reflects, or should be construed as an indication of, the value that may be realized in any such transaction. Further, nothing contained in the Schedules and Statements reflects information that should be used or considered in connection with any tax obligations of the SIMAD Debtors.

**b. Leased Real and Personal Property.** In the ordinary course of their business, the SIMAD Debtors may lease real property and various articles of personal property, including, without limitation, vehicles, furniture, fixtures, program equipment, and other equipment, from certain third-party lessors. The SIMAD Debtors have endeavored to include all such leases in the Schedules and Statements. The property subject to leases is not reflected in the Schedules and Statements as either owned property or assets of the SIMAD Debtors or property or assets of third parties within the control of the SIMAD Debtors. Nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement) or the assets subject to such leases, and the SIMAD Debtors reserve all of their rights with respect to all such issues, including any challenges thereto.

**c. Disputed, Contingent and/or Unliquidated Claims.** Schedules D, E, and F permit the SIMAD Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The SIMAD Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on the Schedules and Statements as to amount, liability, or status.

15. **Global Notes Control.** Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In

the event that the Schedules or Statements differ from any of the Global Notes, the Global Notes shall control.

16. **<u>Reservation of Rights</u>**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The SIMAD Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but do not undertake any obligation to do so, except as required by applicable law. Nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the SIMAD Debtors against any third party or issues involving substantive consolidation, defenses, statutory or equitable subordination, and/or causes of action arising under the provisions of chapter 3 or chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. The joint administration of these Chapter 11 Cases for procedural purposes is not, and shall not be construed as, a substantive consolidation of the SIMAD Debtors' estates.

a. **No Admission.** Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against any SIMAD Debtors, any assertion made therein or herein, or a waiver of any of the SIMAD Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b. **Claims Description**. Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the SIMAD Debtors that such amount is not "disputed," "contingent," or "unliquidated." The SIMAD Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." The listing of a claim does not constitute an admission of liability by the SIMAD Debtors, and the SIMAD Debtors reserve the right to amend the Schedules and Statements accordingly.

c. **Recharacterization**. The SIMAD Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. Nevertheless, due to the complexity of the SIMAD Debtors' businesses, the SIMAD Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items. Accordingly, the SIMAD Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

d. **Classifications**. The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F as either "priority," or "unsecured priority," or (iii) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the SIMAD Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the SIMAD Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise. Moreover, although the

SIMAD Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the SIMAD Debtors' assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Court, the SIMAD Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

e. **Estimates and Assumptions**. To prepare these Schedules and Statements and report information on a legal entity basis, the SIMAD Debtors were required to make certain reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities, and the reported amounts of revenues and expenses as of the Petition Date. Actual results could differ from such estimates. The SIMAD Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

f. **Causes of Action**. Despite reasonable efforts, the SIMAD Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The SIMAD Debtors reserve all rights with respect to any claim, controversy, demand, right, action, suit, obligation, liability, debt, account, defense, offset, power, privilege, license, lien, indemnity, guaranty, interest, damage, remedy, cause of action, proceeding, agreement, or franchise of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, whether arising before, on, or after the Petition Date, in contract, in tort, at aw, in equity, or otherwise. Causes of action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law or in equity; (b) any claim based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, violation of local, state, federal, or foreign law, or breach of any duty imposed by law or in equity, including securities laws, negligence, and gross negligence; (c) the right to object to or otherwise contest claims or interests; (d) claims pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (e) such Claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code; and (f) any avoidance actions arising under chapter 5 of the Bankruptcy Code or under similar local, state, federal, or foreign statutes and common law, including fraudulent transfer laws, and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of action, or avoidance actions, or in any way prejudice or impair the assertion of such claims or causes of action.

g. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The SIMAD Debtors have

made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the SIMAD Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

17. **Other Methodology**

a. **Basis of Presentation**. For financial reporting purposes, the SIMAD Debtors generally prepare non-consolidated financial statements, which include financial information for the SIMAD Debtors and certain non-Debtor affiliates. Combining the assets and liabilities set forth in the SIMAD Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under GAAP. Therefore, these Schedules and Statements neither purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the SIMAD Debtors. Unlike the consolidated financial statements, these Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Information contained in the Schedules and Statements has been derived from the SIMAD Debtors' books and records and historical financial statements.

The SIMAD Debtors attempted to attribute the assets and liabilities, certain required financial information, and various cash disbursements to the proper Debtor entity. However, due to limitations within Debtors' accounting systems, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the SIMAD Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the collection, ownership, and valuation of certain assets and the amount and nature of certain liabilities, a SIMAD Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Petition Date or at any time prior to or after the Petition Date. Likewise, a SIMAD Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent on the Petition Date or at any time prior to or after the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the SIMAD Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

b. **Reporting Date**. Unless otherwise noted, the Schedules and Statements generally reflect the SIMAD Debtors' books and records as of the Petition Date, adjusted for authorized payments under the First Day Orders (as defined herein).

**c.** **Confidentiality or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a SIMAD Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (*e.g.*, home addresses and other information), or concerns for the privacy of the SIMAD Debtors' creditors and clients, including compliance with HIPPA requirements. The alterations will be limited to only what is necessary to protect the SIMAD Debtor or the applicable third party. The SIMAD Debtors may also be authorized or required to redact certain information from the public

record pursuant to orders of the Court authorizing the SIMAD Debtors to redact, seal, or otherwise protect such information from public disclosure.[3]

d. **Consolidated Entity Accounts Payable and Disbursement Systems**. Receivables and payables among the SIMAD Debtors and among the SIMAD Debtors and their non-Debtor affiliates are reported on Statement 4, Schedule A/B, and Schedule E/F, respectively, per the SIMAD Debtors' unaudited books and records. As described more fully in the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtors to (A) Continue Using Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing SIMAD Debtor Bank Accounts, Business Forms, and Books and Records, (D) Authorize Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 57] (the "Cash Management Motion"), the SIMAD Debtors utilize a cash management system in the ordinary course of business to collect and disburse funds generated by their operations (the "Cash Management System"). The SIMAD Debtors maintain cash collection and disbursements systems utilizing numerous bank accounts at the camp-level.

The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the SIMAD Debtors regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the SIMAD Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes.

Prior to the Petition Date, the SIMAD Debtors, certain SIMAD Debtor affiliates in the separately jointly administered cases styled as *In re DAMIS Holdings LLC*, Case No. 26-16439 (CMG) (Bankr. D.N.J.), and non-Debtor affiliates engaged in intercompany transactions (the "Intercompany Transactions") which resulted in intercompany receivables and payables (the "Intercompany Claims"). The SIMAD Debtors maintain strict records of the Intercompany Claims and can ascertain, trace, and account for all Intercompany Transactions. Pursuant to the *Second Interim Order (I) Authorizing the SIMAD Debtors to (A) Continue Using Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing SIMAD Debtors' Bank Accounts, Business Forms, and Books and Records, (D) Authorizing Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 549] (the "Cash Management Order"), the Court has granted the SIMAD Debtors authority to continue to engage in Intercompany Transactions in the ordinary course of business subject to certain limitations set forth therein. Thus, intercompany balances as of the Petition Date, as set forth in Schedule A/B and Schedule E/F may not accurately reflect current positions. The Intercompany Transactions reflect the transactions currently listed in the SIMAD Debtors' books and records as of the Petition Date.

In addition, certain of the SIMAD Debtors act on behalf of other SIMAD Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or

---

[3] Such as the *Amended Final Order (I) Authorizing the SIMAD Debtors to (A) File a Consolidated List of the SIMAD Debtors' Fifty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each SIMAD Debtor, and (C) Redact Certain Personally Identifiable Information of Natural Persons and (II) Granting Related Relief* [Docket No.260].

obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any SIMAD Debtor entity is an obligor with respect to any such payment. The SIMAD Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

e. **Duplication**. Certain of the SIMAD Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the SIMAD Debtors have determined to only list such assets, liabilities, and prepetition payments once.

f. **Net Book Value of Assets**. In many instances, current market valuations are not maintained by or readily available to the SIMAD Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the SAIMD Debtors to obtain current market valuations for all assets. As such, unless otherwise indicated, net book values as of the Petition Date are presented for all assets. When necessary, the SIMAD Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the SIMAD Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. At times when it was difficult to ascertain the net book value, the gross book value and related accumulated depreciation is listed. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the SIMAD Debtors with respect to such asset. Nothing in the SIMAD Debtors' Schedules and Statements shall be, or shall be deemed to be, an admission that any SIMAD Debtor was solvent or insolvent as of the Petition Date or any time prior to the Petition Date.

g. **Net book values and reporting of assets in Schedule AB**. Due to the manner in which the SIMAD Debtors maintain certain fixed asset and intangible asset records, accumulated depreciation and accumulated amortization are not always maintained or readily distinguishable by the specific asset category in a manner that permits direct mapping to the underlying asset reflected on these Schedules. Accordingly, certain tangible or intangible assets, together with their related accumulated depreciation or accumulated amortization, may be reported within a Schedule AB question other than the question in which such assets would otherwise be classified if maintained on a fully asset-specific basis. The SIMAD Debtors have made reasonable efforts to classify assets consistently based on the information available; however, the presentation in these Schedules should not be interpreted as reflecting a legal determination regarding the nature, classification, ownership, or value of any such asset. Any such classification differences are solely the result of limitations in the SIMAD Debtors' accounting records and fixed asset systems and are not intended to misstate the SIMAD Debtors' assets or financial position.

h. **Payment of Prepetition Claims Pursuant to First Day Orders**. Following the Petition Date, the Court entered various orders authorizing the SIMAD Debtors to, among other things, pay certain prepetition: (i) service fees and charges assessed by the SIMAD

Debtors' banks; (ii) insurance obligations; (iii) employee wages, salaries, and related items (including, but not limited to, employee benefit programs and supplemental workforce obligations); and (iv) critical vendor obligations (collectively, the "First Day Orders"). As such, outstanding liabilities may have been reduced by any Court-approved post-petition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. The SIMAD Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to an order of the Court (including the First Day Orders).

i. **Other Paid Claims**. To the extent the SIMAD Debtors have reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Court approval. To the extent the SIMAD Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the SIMAD Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

j. **Accounts Receivable**. The accounts receivable information listed on the Schedules includes receivables from the SIMAD Debtors' customers and are calculated net of any amounts that, as of the Petition Date, may be owed to such customers in the form of offsets or other adjustments or refunds pursuant to the SIMAD Debtors' customer program policies and day-to-day operating policies and any applicable Court order.

k. **Property and Equipment**. Unless otherwise indicated, owned property and equipment are stated at net book value. Certain intangibles are listed in the asset schedules for the respective SIMAD Debtor. Such treatment may not reflect actual legal ownership.

l. **Inventory, Property, and Equipment.** The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment, and the SIMAD Debtors reserve all of their rights with respect to such liens (if any). UCC liens as of the Petition Date, if any, are listed on Schedule D.

m. **Excluded Assets and Liabilities**. Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules. Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only, and certain assets with a net book value of zero are not included in the Schedules. Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, and lease rights, if any. In addition, and as set forth above, the SIMAD Debtors may have excluded amounts for which the SIMAD Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court. Other immaterial assets and liabilities may have been excluded.

n. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements and exclude items identified

as "unknown" or "undetermined." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a SIMAD Debtor is a guarantor of debt held by another SIMAD Debtor, the amounts reflected in these Schedules are inclusive of each SIMAD Debtor's guarantor obligations.

o. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the SIMAD Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the SIMAD Debtors or (ii) be net of accrued credits, allowances, rebates, trade debits, or other adjustments that are actually owed by a creditor to the SIMAD Debtors on a post-petition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and post-petition payments, if applicable. The SIMAD Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including but not limited to, the right to assert claims objections and/or setoffs with respect to the same.

p. **Guarantees and Other Secondary Liability Claims**. The SIMAD Debtors exercised their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "Guarantees") in their secured financings, debt instruments, and other agreements. However, a review of these agreements, specifically the SAIMD Debtors' unexpired leases and executory contracts, is ongoing. Where such Guarantees have been identified, they have been included in the relevant Schedules G and H for the affected SIMAD Debtor or SIMAD Debtors. The SIMAD Debtors have reflected the obligations under the Guarantees for both the primary obligor and the guarantors with respect to their secured financings and debt instruments on Schedule H. Guarantees embedded in the SIMAD Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements inadvertently may have been omitted. The SIMAD Debtors may identify additional Guarantees as they continue their review of their books and records and contractual agreements. The SIMAD Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional Guarantees are identified

q. **Allocation of Liabilities**. The SIMAD Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change. The SIMAD Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

r. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the SIMAD Debtors are scheduled as "unliquidated."

s. **Fully Depreciated Assets**. In preparing these Schedules of Assets and Liabilities, the SIMAD Debtors have generally excluded tangible and intangible assets that are fully depreciated in accordance with the SIMAD Debtors' books and records. As a result, certain assets that remain in the SIMAD Debtors' possession or are still used in their operations, but have a net book value of zero due to full depreciation, may not be reflected on Schedule AB. The exclusion of such assets is based solely on their accounting

treatment and is not intended to represent a determination regarding the existence, ownership, operational status, or value of any such assets.

**Specific Schedule Disclosures**

Schedules A/B, D, E/F, G, and H may contain explanatory or qualifying notes that pertain to the information provided in the Schedules. Those Schedule-specific notes are incorporated herein by reference. Unless otherwise noted, the asset totals listed on the Schedules are derived from amounts included in the SIMAD Debtors' books and records as of the Petition Date. To the extent there are unknown or undetermined amounts, the actual total may be different from the total listed.

**1. Schedule A/B**

a. **Part 1**. The SIMAD Debtors' cash management system is composed of numerous bank accounts, (each, a "Bank Account" and, collectively, the "Bank Accounts"), and is more fully described in the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtors to (A) Continue Using Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing SIMAD Debtor Bank Accounts, Business Forms, and Books and Records, (D) Authorize Intercompany Transactions; and (II) Granting Related Relief* [Docket No. 57]. Further details with respect to the Cash Management System are provided in the Cash Management Motion.

b. **Part 2**. The SIMAD Debtors maintain certain camper deposits in the ordinary course of their business operations. These deposits are included in the Schedules for the appropriate legal entity. Other types of deposits include, among other things, security deposits, and utility deposits. Certain prepaid or amortized assets are not listed in Part 2 in accordance with the SIMAD Debtors' accounting policies. The amounts listed in Part 2 do not necessarily reflect values that the SIMAD Debtors will be able to collect or realize.

c. **Part 3**. The SIMAD Debtors' accounts receivable information includes receivables from the SIMAD Debtors' customers, vendors, or third parties, which are calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the SIMAD Debtors' customer programs and day-to-day operations or may, in the SIMAD Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables.

d. **Part 4**. Part 4 identifies only subsidiaries owned directly by the SIMAD Debtor entity. Subsidiaries owned indirectly by the SIMAD Debtor entity are not listed. Ownership interests in subsidiaries, partnerships, and joint interests have been listed in Schedule A/B, Question 15 as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

e. **Part 7**. Actual realizable values may vary significantly relative to net book values as of the Petition Date.

f. **Part 8**. Property leased by the SIMAD Debtors is listed in Schedule G and is not listed in Part 8 of Schedule A/B, with the exception of any lease or security deposits for such

property, which is listed on Schedule A/B. Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

g. **Part 9**. Property owned or leased by the SIMAD Debtors is listed in Schedule G and is not listed in Part 9 of Schedule A/B, with the exception of any lease or security deposits for such property, which is listed on Schedule A/B. Furthermore, property values are scheduled in accordance with the SIMAD Debtor's books and records which may not comport with the legal owner of record. Actual realizable values of the assets identified may vary significantly relative to net book values as of the Petition Date.

h. **Part 10**. Part 10 identifies the various trademarks, permits and website domains owned and maintained by the SIMAD Debtors. The Schedules may not list the value of such intangible assets as no recent appraisals have been performed.

i. **Part 11**. The SIMAD Debtors maintain approximately 27 insurance policies administered by multiple third-party insurance carriers. The insurance policies provide coverage for, among other things, the SIMAD Debtors' real and personal property, general liability, crime liability, cyber liability, automobile liability, workers' compensation, directors' and officers' liability, and employer and employment practices liability. The SIMAD Debtors more fully describe such policies in the *SIMAD Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the SIMAD Debtors to (A) Maintain Insurance Coverage and Pay Related Prepetition Obligations, (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, and (C) Continue to Pay Broker Fees, and (II) Granting Related Relief* [Docket No. 60] and the related final order entered on July 20, 2026 (the "Insurance Order"). Any policies owned by suppliers to which SIMAD Debtor entities may have been added as a beneficiary are not included.

   In addition, the SIMAD Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer actions were not listed because the SIMAD Debtors have not completed an analysis of such potential claims. The SIMAD Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

## 2. Schedule D

a. The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. To the best of the SIMAD Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

b. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Court that is or becomes final, the SIMAD Debtors and/or their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any SIMAD Debtor and, subject to the foregoing limitations, note as follows: (a) although the SIMAD Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the SIMAD Debtors' assets in which such creditors may have a lien has been undertaken, and (b) the descriptions provided on Schedule D and herein are intended to be a summary. Detailed descriptions of the SIMAD Debtors' prepetition debt structure, guarantees, and

descriptions of collateral relating to each debt, if any, contained on Schedule D are contained in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 62] (the "First Day Declaration").

c. The SIMAD Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the SIMAD Debtors, or judgment or statutory lien rights. The SIMAD Debtors have not investigated which of the claims may include such rights, and their population is currently unknown.

d. Except as listed in Schedules D and H, the SIMAD Debtors are unable to ascertain if multiple creditors have an interest in the same property.

**3. Schedule E/F**

a. **Part 1**. The claims listed on Part 1 arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part 1. To the best of the SIMAD Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

The SIMAD Debtors have not listed any wage or wage-related obligations that the SIMAD Debtors have paid pursuant to the First Day Orders on Part 1. The SIMAD Debtors believe that all such claims for wages, salaries, expenses, benefits and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these chapter 11 cases pursuant to the authority granted to the SIMAD Debtors in the relevant First Day Orders. The SIMAD Debtors reserve their right to dispute or challenge whether creditors listed on Part 1 are entitled to priority claims under the Bankruptcy Code.

b. **Part 2**. The SIMAD Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable SIMAD Debtor's Schedule. Certain creditors listed on Part 2 may owe amounts to the SIMAD Debtors, and, as such, the SIMAD Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the SIMAD Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the SIMAD Debtors by a creditor. Additionally, certain creditors may assert mechanics' or other similar liens against the SIMAD Debtors for amounts listed on Part 2. The SIMAD Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any SIMAD Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The SIMAD Debtors have made reasonable efforts to include all unsecured creditors on Part 2. The SIMAD Debtors, however, believe the possibility exists that there are instances where creditors have yet to provide proper invoices for prepetition goods or services.

Unless otherwise noted, the claims listed on Part 2 are based on the SIMAD Debtors' books and records as of the Petition Date. The SIMAD Debtors have excluded workers' compensation claims from the Statements because the SIMAD Debtors are fully insured for and continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Final Order (I) Authorizing the SIMAD Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* [Docket No. 548] (the "Wages Order").

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves.

Part 2 does not include reserves for liabilities that may have arisen under litigation in which a SIMAD Debtor is a defendant unless there is a final judgment or a settlement agreement.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable SIMAD Debtor. The SIMAD Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Court has authorized the SIMAD Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each SIMAD Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for post-petition payments made under some or all of the First Day Orders. Each SIMAD Debtor's Schedule E/F will reflect some of that SIMAD Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain SIMAD Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Court and the SIMAD Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**4. Schedule G**

a. Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "Agreements") as of the filing of the Statements and Schedules, the SIMAD Debtors' collection and review process of the Agreements is ongoing and inadvertent errors, omissions, or over or under-inclusion may have occurred. The SIMAD Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, master service agreements and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The Agreements listed on Schedule

G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

b. Although the SIMAD Debtors made diligent efforts to attribute an executory contract to its rightful SIMAD Debtor, in certain instances, the SIMAD Debtors may have inadvertently failed to do so. Accordingly, the SIMAD Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G

**5. Schedule H**

a. The SIMAD Debtors are party to various debt agreements which were executed by multiple SIMAD Debtors. The guaranty obligations under prepetition secured credit agreements are noted on Schedule H for each individual SIMAD Debtor. In the ordinary course of their businesses, the SIMAD Debtors may be involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. To the extent such claims are listed elsewhere in the Schedules of each applicable SIMAD Debtor, they have not been set forth individually on Schedule H. In the event that two or more SIMAD Debtors are co-obligors with respect to a scheduled debt or guaranty, such debt or guaranty is listed in the Schedules and Statements of each such SIMAD Debtor at the full amount of such potential claim. No claim set forth on the Schedules and Statements of any SIMAD Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other SIMAD Debtors or non-Debtors. To the extent these Global Notes include notes specific to Schedules D-G, such Global Notes also apply to the co-Debtors listed in Schedule H. The SIMAD Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

b. The listing of any purported debt, security interest, codebtor, or guarantor on Schedule H shall not be construed as, and is not, a concession that any such debt is valid, nor shall it constitute a waiver of the SIMAD Debtors' rights to contest the validity, enforceability, priority, or amount of any purported debt listed. The SIMAD Debtors reserve all rights with respect to the information and parties listed, including the right to contest, dispute, object to, or otherwise challenge the validity, enforceability, priority, or amount of any purported debt, claim, lien, security interest, codebtor obligation, or guaranty.

**Specific Notes with Respect to the SIMAD Debtors' Statements of Financial Affairs**

**1. Statement 1**. The income stated in the SIMAD Debtors' response to Statement 1 is consistent with the revenue disclosed in compliance with GAAP:

a. **FY 2025:** Comprised of revenues for the fiscal year ended December 31, 2025.

b. **Stub Period 2026**: Comprised of revenues through June 4, 2026.

c. **Rent**: The "Campco" entities pay rent to the "Landco" entities; this is an expense to Campco and revenue to Landco.

2. **Statement 3**. As described in the Cash Management Motion, the SIMAD Debtors utilize their cash management system in the ordinary course of business to collect and disburse funds generated by their operations.

   a. The payments disclosed in Statement 3 are based on payments made by the SIMAD Debtors with payment dates from March 6, 2026 through June 4, 2026. Amounts still owed to creditors will appear on the Schedules for each SIMAD Debtor, as applicable.

   b. The response to Statement 3 excludes regular salary payments and disbursements or transfers for this period, which are listed, to the extent required, on Statement 4.

   c. The response to Statement 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on Statement 11.

   d. The SIMAD Debtors' books and records reflect 1,599 payments, totaling $1,043,539 in the aggregate, for which the identity of the payee could not be determined. No individual payment exceeded $12,000. Accordingly, such payments have been aggregated and reported as payments to "Unknown Payee" for each applicable SIMAD Debtor.

3. **Statement 4**. This discloses only one side of the transaction; amounts that have flowed out of the respective SIMAD Debtor entity are listed here. In some cases there are amounts that flowed to the respective SIMAD Debtor entity from the other party. Additionally, across all SIMAD Debtors, there were 51 payments totaling $614,976 in the aggregate to parties whose identities could not be determined based on the SIMAD Debtors' books and records. No individual payment exceeded $30,000. These payments are reflected in the aggregate as payments to "Unknown Payee" for each respective SIMAD Debtor. The SIMAD Debtors have included these payments in response to this question out of an abundance of caution because they are unable to determine, based on the available books and records, whether any such payments were made to insiders.

4. **Statement 7**. Information provided on Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. While the SIMAD Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the SIMAD Debtors' response to Statement 7. The SIMAD Debtors reserve all of their rights to amend or supplement their response to Statement 7.

5. **Statement 9**. For the avoidance of doubt, question 9 excludes de minimis charitable contributions.

6. **Statement 11**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable SIMAD Debtor's response to Statement 11. Additional information regarding the SIMAD Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

7. **Statement 16**. The SIMAD Debtors collect a limited amount of information about customers and their representatives. Examples of the types of information collected by the SIMAD Debtors include, among other things, name, mailing address, telephone number, medical information, and banking information.

**8.** **Statement 26**. The SIMAD Debtors have provided financial statements to a variety of potential lenders over the last two years. While a reasonable commercial effort has been made to list all parties to whom information was provided, it is possible that of the parties to whom information was provided are not on this list.

**9.** **Statement 30**. Refer to the Methodology section regarding all payments to insiders.

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| Fill in this information to identify the case: |
|---|
| Debtor name **One Canal Place Real Estate LLC** |
| United States Bankruptcy Court for the: **District of New Jersey (Trenton)** |
| Case number (if known) **26-16550** |

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

| | | |
|---|---|---|
| 1a. | **Real property:** Copy line 88 from Schedule A/B | $ **18,000,000.00 PLUS UNDETERMINED AMOUNTS** |
| 1b. | **Total personal property:** Copy line 91A from Schedule A/B | $ **481,767.05 PLUS UNDETERMINED AMOUNTS** |
| 1c. | **Total of all property:** Copy line 92 from Schedule A/B | $ **18,481,767.05 PLUS UNDETERMINED AMOUNTS** |

## Part 2: Summary of Liabilities

| | | |
|---|---|---|
| 2. | ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D) Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D | $ **UNDETERMINED** |
| 3. | ***Schedule E/F:*** **Creditors Who Have Unsecured Claims** (Official Form 206E/F) | |
| **3a.** | **Total claim amounts of priority unsecured claims:** Copy the total claims from Part 1 from line 5a of *Schedule E/F.* | $ **UNDETERMINED** |
| **3b.** | **Total amount of claims of nonpriority amount of unsecured claims:** Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* | +$ **6,009,399.63** |
| 4. | **Total liabilities** Lines 2 + 3a + 3b | $ **6,009,399.63** |

**Fill in this information to identify the case:**

Debtor name **One Canal Place Real Estate LLC**

United States Bankruptcy Court for the: **District of New Jersey (Trenton)**

Case number (if known) **26-16550**

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

■ No. Go to Part 2.

☐ Yes. Fill in the information below

| | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|---|
| 2. | **Cash on Hand** | |

| | All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|---|
| 3. | **Checking, savings, money market, or financial brokerage accounts** | | | |
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |

| | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|---|
| 4. | **Other cash equivalents** *(Identify all)* | |

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

**$0.00**

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

**Part 2: Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes. Fill in the information below

**Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

**Current value of debtor's interest**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | | |
|---|---|---|---|
| 8.1 | UNKNOWN | PREPAID REAL ESTATE TAXES | $481,767.05 |

9. **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. **$481,767.05**

**Part 3: Accounts receivable**

10. **Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes. Fill in the information below

**Current value of debtor's interest**

11. **Accounts receivable**

12. **Total of Part 3.**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. **$0.00**

**Part 4: Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes. Fill in the information below

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity: % of ownership

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17. **Total of Part 4.**
Add lines 14 through 16. Copy the total to line 83. **$0.00**

**Part 5: Inventory, excluding agriculture asset**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

- ■ No. Go to Part 6.
- ☐ Yes. Fill in the information below

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19. **Raw materials**

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

20. **Work in progress**

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

21. **Finished goods, including goods held for resale**

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

22. **Other inventory or supplies**

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84. **$0.00**

24. **Is any of the property listed in Part 5 perishable?**

☐ No.
☐ Yes.

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes. Book value ______ Valuation method ______ Current Value ______

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No.
☐ Yes.

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes. Fill in the information below

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

28. **Crops-either planted or harvested**

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

29. **Farm animals** *Examples: Livestock, poultry, farm-raised fish*

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

30. **Farm machinery and equipment** *(Other than titled motor vehicles)*

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

31. **Farm and fishing supplies, chemicals, and feed**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

32. **Other farming and fishing-related property not already listed in Part 6**

33. **Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. **$0.00**

34. **Is the debtor a member of an agricultural cooperative?**

☐ No.
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No.
  ☐ Yes.

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No.
☐ Yes. Book value ______ Valuation method ______ Current Value ______

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No.
☐ Yes.

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 7: Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No. Go to Part 8.

☐ Yes. Fill in the information below

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 40. | **Office fixtures** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 42. | **Collectibles** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86 **$0.00**

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No.

☐ Yes.

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

## Part 8: Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.

☐ Yes. Fill in the information below

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors,floating homes, personal watercraft, and fishing vessels

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

49. **Aircraft and accessories**

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. **$0.00**

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No.

☐ Yes.

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No.

☐ Yes.

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

■ Yes. Fill in the information below

| | Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 55. | **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1 | BUILDINGS; 365 CANAL STREET, NEW ORLEANS, LA 70130 | OWNED | $12,000,000.00 | BOOK VALUE | $12,000,000.00 |
| 55.2 | LAND IMPROVEMENTS; 365 CANAL STREET, NEW ORLEANS, LA 70130 | OWNED | $6,000,000.00 | BOOK VALUE | $6,000,000.00 |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.2 and entries from any additional sheets.
Copy the total to line 88

**$18,000,000.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

■ No.

☐ Yes.

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No.

■ Yes.

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

## Part 10: Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes. Fill in the information below

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 60. | **Patents, copyrights, trademarks, and trade secrets** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 61. | **Internet domain names and websites** | | | |
| 61.1 | DOMAIN: HTTPS://DAMISHOLDINGS.COM | UNDETERMINED | N/A | UNDETERMINED |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 62. | **Licenses, franchises, and royalties** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 63. | **Customer lists, mailing lists, or other compilations** | | | |

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 64. | **Other intangibles, or intellectual property** | | | |
| 64.1 | CLOSING COSTS | UNDETERMINED | N/A | UNDETERMINED |

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

65. **Goodwill**

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.
**UNDETERMINED**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?

■ No.
☐ Yes.

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

■ No.
☐ Yes.

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

■ No.
☐ Yes.

**Part 11: All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes. Fill in the information below

**Current value of debtor's interest**

71. **Notes receivable**
Description (include name of obligor)

Total face amount doubtful or uncollectible amount

**Current value of debtor's interest**

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

| | | Current value of debtor's interest |
|---|---|---|
| 73. | **Interests in insurance policies or annuities** | |

| | | Current value of debtor's interest |
|---|---|---|
| 74. | **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 74.1 | CLAIMS AGAINST DAMIS HOLDINGS LLC, ET AL (JOINTLY ADMINISTERED)<br>**Nature of claim** UNDER INVESTIGATION<br>**Amount requested** UNDETERMINED | UNDETERMINED |
| 74.2 | CLAIMS AGAINST MICHAEL & DAVID SHABSELS<br>**Nature of claim** UNDER INVESTIGATION<br>**Amount requested** UNDETERMINED | UNDETERMINED |

| | | Current value of debtor's interest |
|---|---|---|
| 75. | **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |

| | | Current value of debtor's interest |
|---|---|---|
| 76. | **Trusts, equitable or future interests in property** | |

| | | Current value of debtor's interest |
|---|---|---|
| 77. | **Other property of any kind not already listed Examples:** Season tickets, country club membership | |

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90. **UNDETERMINED**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

- ■ No.
- ☐ Yes.

Debtor **One Canal Place Real Estate LLC** Case number (*if known*) **26-16550**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | | Current value of real property |
|---|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | $481,767.05 | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | | |
| 83. | **Investments.** *Copy line 17, Part 4.* | $0.00 | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | $0.00 | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | | |
| 88. | **Real property.** *Copy line 56, Part 9.........................................................................................>* | | | $18,000,000.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | UNDETERMINED | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + UNDETERMINED | | |
| 91. | **Total. Add lines 80 through 90 for each column** | $481,767.05 UNDETERMINED | +91b. | $18,000,000.00 |
| 92. | **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | | $18,481,767.05 UNDETERMINED |

**Fill in this information to identify the case:**

Debtor name **One Canal Place Real Estate LLC**

United States Bankruptcy Court for the: **District of New Jersey (Trenton)**

Case number (if known) **26-16550**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below

**Part 1: List Creditors Who Have Secured Claims**

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | | *Column A* Amount of claim<br>Do not deduct the value of collateral. | *Column B* Value of collateral that supports this claim |
|---|---|---|---|
| 2.1 **Secured creditor name and mailing address**<br>CHTD COMPANY<br>P.O. BOX 2576<br>SPRINGFIELD IL 62708<br>**Secured creditor's email address**<br>UCCSPREP@CSCGLOBAL.COM<br>**Date debt was incurred**<br>6/5/2026<br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority.<br>UNDETERMINED | **Describe debtor's property that is subject to a lien**<br>ALL PRESENT AND FUTURE ASSETS OF THE DEBTOR.<br>**Describe the lien**<br>UCC #20260605061207-3<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*<br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☒ Contingent<br>☒ Unliquidated<br>☒ Disputed | UNDETERMINED | UNDETERMINED |
| 2.2 **Secured creditor name and mailing address**<br>FIDELITY BANK<br>RANDY CROCHET<br>3829 VETERANS BLVD<br>METAIRIE LA 70002<br>**Secured creditor's email address**<br><br>**Date debt was incurred**<br>3/31/2026<br>**Last 4 digits of account number**<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority.<br>UNDETERMINED | **Describe debtor's property that is subject to a lien**<br>COLLATERAL INCLUDES ACCOUNTS, GENERAL INTANGIBLES, CHATTEL PAPER, INSTRUMENTS; COVERS PROCEEDS, REPLACEMENTS, ACCESSIONS AND AFTER-ACQUIRED PROPERTY WHERE APPLICABLE<br>**Describe the lien**<br>UCC #36-2026-10507<br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes *Fill out Schedule H: Codebtors (Official Form 206H)*<br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☒ Unliquidated<br>☐ Disputed | UNDETERMINED | UNDETERMINED |

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. **UNDETERMINED**

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

**Part 2:** **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.
If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

| Fill in this information to identify the case: |
|---|
| Debtor name **One Canal Place Real Estate LLC** |
| United States Bankruptcy Court for the: **District of New Jersey (Trenton)** |
| Case number (if known) **26-16550** |

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**

Name

## Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Priority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | Total claim | Priority amount |
|---|---|---|---|---|
| 2.1 | CITY OF NEW ORLEANS BUREAU OF THE TREASURY<br>1300 PERDIDO ST<br>ROOM 1W40<br>NEW ORLEANS LA 70112 | ■ Contingent<br>■ Unliquidated<br>☐ Disputed | UNDETERMINED | UNDETERMINED |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 8 | ☐ No<br>☐ Yes | | |
| 2.2 | INTERNAL REVENUE SERVICE<br>PO BOX 71052<br>PHILADELPHIA PA 17176-6052 | ■ Contingent<br>■ Unliquidated<br>☐ Disputed | UNDETERMINED | UNDETERMINED |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 8 | ☐ No<br>☐ Yes | | |
| 2.3 | LOUISIANA DEPARTMENT OF REVENUE<br>617 N 3RD ST, BATON ROUGE<br>BATON ROUGE LA 70802 | ■ Contingent<br>■ Unliquidated<br>☐ Disputed | UNDETERMINED | UNDETERMINED |
| | **Date or dates debt was incurred**<br>VARIOUS | **Basis for the claim:**<br>POTENTIAL TAX LIABILITY | | |
| | **Last 4 digits of account number** | **Is the claim subject to offset?** | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 8 | ☐ No<br>☐ Yes | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**

Name

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

BLOC FUNDING
1512 EAST 36TH ST
BROOKLYN NY 11234

**As of the petition filing date, the claim is:** Check all that apply

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**$1,500,000.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** MCA GUARANTEE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

CLEARVIEW FUNDING GROUP
515 BROADHOLLOW ROAD
SUITE 1500
MELVILLE NY 11747

**As of the petition filing date, the claim is:** Check all that apply

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

**$1,000,000.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** MCA GUARANTEE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.3 **Nonpriority creditor's name and mailing address**

ONE CANAL PLACE LEASING LLC
50 QUALITY STREET, #110357
TRUMBULL CT 06611

**As of the petition filing date, the claim is:** Check all that apply

- ■ Contingent
- ■ Unliquidated
- ☐ Disputed

**$3,509,399.63**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** INTERCOMPANY PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | **Total of claim amounts** |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ UNDETERMINED |
| **5b. Total claims from Part 2** | 5b. + | $ 6,009,399.63 |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $ 6,009,399.63 PLUS UNDETERMINED AMOUNTS |

**Fill in this information to identify the case:**

Debtor name **One Canal Place Real Estate LLC**

United States Bankruptcy Court for the: **DISTRICT OF NEW JERSEY (TRENTON)**

Case number (if known) **26-16550**

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

■ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | AT&T | AT&T<br>PO BOX 5076<br>CAROL STREAM IL 60197-5076 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT | BAKER, DONELSON, BEARMAN CALDWELL & BERKOWITZ, PC<br>ATTN: NOAH KRESSLER<br>365 CANAL ST<br>STE 3100<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 5,894 DAYS | |
| | **List the contract number of any government contract** | | |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest** | BUILDING UTILITIES | BERNHARD TME<br>GREG O'BRIANT<br>PO BOX 251758<br>LITTLE ROCK AR 72225 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**

Name

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT 6TH AMENDMENT | CHEHARDY, SHERMAN, WILLIAMS RECILE & HAYES LLP<br>1 GALLERIA BLVD<br>STE 1100<br>METAIRIE LA 70001 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT 7TH AMENDMENT | COOPER MANAGEMENT SERVICES, INC<br>118 N ROYAL ST<br>STE 1100<br>MOBILE AL 36602 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.6 | **State what the contract or lease is for and the nature of the debtor's interest** | MANAGEMENT AGREEMENT | CORPORATE REALTY INC.<br>MICHAEL J. SIEGEL<br>201 ST. CHARLES AVENUE<br>SUITE 3811<br>NEW ORLEANS LA 70170 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.7 | **State what the contract or lease is for and the nature of the debtor's interest** | PEST CONTROL | DA EXTERMINATING CO<br>JED D'ARENSBOUNG<br>4440 WABASH STREET<br>METAIRE LA 70001 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.8 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT 4TH AMENDMENT | ED&F MAN LIQUID PRODUCTS<br>365 CANAL ST<br>STE 2929<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 1,237 DAYS | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| **2. List all contracts and unexpired leases** | | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| 2.9 | **State what the contract or lease is for and the nature of the debtor's interest** | LEASE AGREEMENT 5TH AMENDMENT | ED&F MAN LIQUID PRODUCTS<br>365 CANAL ST<br>STE 2929<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 1,237 DAYS | |
| | **List the contract number of any government contract** | | |
| 2.10 | **State what the contract or lease is for and the nature of the debtor's interest** | PROPERTY MANAGEMENT | ELECTRONIC TENANT SOLUTIONS<br>JEANNE BOOTH<br>1234 31ST STREET NW<br>WASHINGTON DC 20007 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.11 | **State what the contract or lease is for and the nature of the debtor's interest** | ELECTRICITY | ENTERGY NEW ORLEANS LLC<br>1600 PERDIDO ST<br>BLDG 505<br>NEW ORLEANS LA 70112 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.12 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE AMENDMENT | ETI INC<br>1246 N DENVER AVE<br>LOVELAND CO 80537 |
| | **State the term remaining** | 1,174 DAYS | |
| | **List the contract number of any government contract** | | |
| 2.13 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE 8TH AMENDMENT | FOLEY & JUDELL LLP<br>365 CANAL ST<br>STE 2600<br>NEW ORLEANS LA 70130-1138 |
| | **State the term remaining** | 383 DAYS | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.14 | **State what the contract or lease is for and the nature of the debtor's interest** | PLANT MAINTENANCE | FORSTALL INTERIORSCAPES<br>CHRIS FORSTALL<br>PO BOX 3147<br>COVINGTON LA 70434 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.15 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE AMENDMENT | GULF COAST OFFICE PRODUCTS<br>5801 RIVER OAKS ROAD SOUTH<br>NEW ORLEANS LA 70123 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.16 | **State what the contract or lease is for and the nature of the debtor's interest** | FIRE CONTROL SERVICES | ITS FIRE ALARM SECURITY LLC<br>1725 S. HULLEN ST.<br>METAIRIE LA 70001 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.17 | **State what the contract or lease is for and the nature of the debtor's interest** | SOFTWARE DEVELOPMENT | LOOKFAR LABS<br>2831 ST CLAUDE AVE<br>STE 203<br>NEW ORLEANS LA 70117 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.18 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE 7TH AMENDMENT | PERRIER & LACOSTE LLC<br>HOLLY PERRIER<br>ONE CANAL PL<br>365 CANAL ST, STE 2550<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 515 DAYS | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.19 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE 6TH AMENDMENT | PHELPS DUNBAR LLP<br>PHELPS DUNBAR<br>365 CANAL STREET<br>SUITE 2000<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 1,326 DAYS | |
| | **List the contract number of any government contract** | | |
| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest** | POSTAGE | PITNEY BOWES<br>PO BOX 981026<br>BOSTON MA 02298-1096 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.21 | **State what the contract or lease is for and the nature of the debtor's interest** | POLISH OF DOORS, WINDOWS, ELEVATORS | PRECISION METAL<br>SHANE RUNNELS<br>4713 JEFFERSON HWY<br>NEW ORLEANS LA 70121 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.22 | **State what the contract or lease is for and the nature of the debtor's interest** | MARBLE/GRANITE SERVICE | PREMIER SOURCE INC<br>TERRY RAPPOLD<br>661 TIME SAVER AVE.<br>HARAHAN LA 70123 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.23 | **State what the contract or lease is for and the nature of the debtor's interest** | JANITORIAL SERVICES | RAMELLI JANITORIAL SERVICES<br>ROBERT RAMELLI<br>PO BOX 51193<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**

Name

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.24 | **State what the contract or lease is for and the nature of the debtor's interest** | WASTE REMOVAL | REPUBLIC SERVICES<br>PO BOX 70168<br>CHARLOTTE NC 28272-1068 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.25 | **State what the contract or lease is for and the nature of the debtor's interest** | PHONE INSTALLATIONS AND MONTHLY SUBSCRIPTION | RING STREET, LLC<br>SARAH TUTTLE<br>7258 RING STREET<br>NEW ORLEANS LA 70124 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.26 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE AMENDMENT | SALLEY HITE MERCER & RESOR LLC<br>365 CANAL ST<br>NEW ORLEANS LA 70130 |
| | **State the term remaining** | 2,271 DAYS | |
| | **List the contract number of any government contract** | | |
| 2.27 | **State what the contract or lease is for and the nature of the debtor's interest** | ELEVATOR SERVICE | SCHINDLER ELEVATOR CORPORATION<br>KATHERINE HILL<br>656 TIME SAVER AVE.<br>HARAHAN LA 70123 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.28 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE AMENDMENT | SCHOUEST, BAMDAS, SOSHEA, BEN-MAIER & EASTHAM<br>5956 SHERRY LN<br>DALLAS TX 75225 |
| | **State the term remaining** | 870 DAYS | |
| | **List the contract number of any government contract** | | |

Debtor **One Canal Place Real Estate LLC** Case number (if known) **26-16550**
Name

| 2. List all contracts and unexpired leases | | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest** | KEY CARDS,CARD READERS, SENSORS | SONITROL VERIFIED ELECTRONIC SECURITY<br>3621 W BEECHWOOD AVE<br>FRESNO CA 93711-0648 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.30 | **State what the contract or lease is for and the nature of the debtor's interest** | EMERGENCY EQUIPMENT | SOS TECHNOLOGIES<br>PO BOX 58935<br>NEW ORLEANS LA 70158 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.31 | **State what the contract or lease is for and the nature of the debtor's interest** | SECURITY SERVICES | WEISER SECURITY SERVICES, INC.<br>CHARLES PETERSON<br>4005 ST. CLAUDE AVE.<br>NEW ORLEANS LA 70117 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |
| 2.32 | **State what the contract or lease is for and the nature of the debtor's interest** | OFFICE LEASE / LEASE AMENDMENT | WELLS FARGO VENDOR FINANCIAL SERVICES, LLC<br>800 WALNUT ST<br>DES MOINES IA 50309-3891 |
| | **State the term remaining** | UNDETERMINED | |
| | **List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

Debtor name **One Canal Place Real Estate LLC**

United States Bankruptcy Court for the: **District of New Jersey (Trenton)**

Case number (if known) **26-16550**

☐ Check if this is an amended filing

Official Form 206H

# Schedule H: Your Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | ONE CANAL PLACE LEASING LLC | 50 QUALITY STREET, #110357<br>TRUMBULL CT 06611 | FIDELITY BANK | ■ D 2.2<br>☐ E/F<br>☐ G |

**Exhibit 1 (Schedule H)**

**Co-Debtors to MCA Loans/Guarantees Listed in Schedule EF Part 2***

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| ACE FUNDING SOURCE LLC | $7,000,000.00 | BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; Lavco LLC; Lavland LLC; Meadowbrook Landco LLC; Mesorahco LLC; Mohawkcampco LLC; Shab Operating Inc.; Waukeela Landco LLC | Camp Kent LLC |
| AGILE CAPITAL FUNDING, LLC, AS COLLATERAL AGENT, AND AGILE LENDING, LLC | $1,500,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Poland Landco LLC; Quadstar Realty LLC; RDM Camps, LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; WM Camp, LLC; WM Land, LLC | Kiwi Landco LLC |

*The information contained herein is provided solely for purposes of complying with the SIMAD Debtors' reporting obligations under the Bankruptcy Code. The listing of any purported debt, security interest, codebtor, or guarantor herein shall not be construed as, and is not, a concession that any such debt is valid, nor shall it constitute a waiver of the SIMAD Debtors' rights to contest the validity, enforceability, priority, or amount of any purported debt listed herein. The SIMAD Debtors reserve all rights with respect to the information and parties listed herein, including the right to contest, dispute, object to, or otherwise challenge the validity, enforceability, priority, or amount of any purported debt, claim, lien, security interest, codebtor obligation, or guaranty.

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| AGILE CAPITAL FUNDING, LLC, AS COLLATERAL AGENT, AND AGILE LENDING, LLC | $2,040,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Poland Landco LLC; Quadstar Realty LLC; RDM Camps, LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; WM Camp, LLC; WM Land, LLC | Kiwi Landco LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| AMERICAN CHOICE CAPITAL | $1,000,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Island Lake Landco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawk Country Day School, Inc.; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Pine Forest Landco LLC; Poland Campco LLC; Poland Landco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Landco LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC; WM Land, LLC | Camp Kent LLC; Kiwi Landco LLC |
| AMERICAN CHOICE CAPITAL | $1,700,000.00 | BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Lavco LLC; Lavland LLC; Meadowbrook Landco LLC; Mesorahco LLC; Mohawkcampco LLC; Shab Operating Inc.; Waukeela Landco LLC; Wekeeland LLC | Camp Kent LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| AUSTIN BUSINESS FINANCE, LLC | $1,000,000.00 | Achim Operatingco LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Landco LLC; Club Getaway Operatingco, LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Island Lake Landco LLC; Kiwi Operatingco LLC; Lavland LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mohawkcampco LLC; Pine Forest Campco LLC; Poland Campco LLC; Poland Landco LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC; WM Land, LLC | Kiwi Landco LLC |
| BLOC FUNDING | $1,500,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Malka Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; One Canal Place Leasing LLC; One Canal Place Real Estate LLC; Pine Forest Campco LLC; RDM Camps, LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Washington Lake, LLC; Waukeela Landco LLC | Camp Kent LLC; Kiwi Landco LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| CASHERA PRIVATE CREDIT INC. | $2,000,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Chateaugay Landco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawk Country Day School, Inc.; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Pine Forest Landco LLC; Poland Campco LLC; Poland Landco LLC; RDM Camps, LLC; Rolling Hills Landco LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC; WM Land, LLC | Kiwi Landco LLC |
| CLEARVIEW FUNDING GROUP | $1,000,000.00 | BAHS Operating Inc.; Club Getaway Landco, LLC; Lavco LLC; One Canal Place Leasing LLC; One Canal Place Real Estate LLC; Quadstar Realty LLC; Washington Lake, LLC | |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| E ADVANCE SERVICES LLC | $1,000,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Operating Inc.; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Camp Med-O-Lark, Inc.; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; IAFAOPERATINGCO, LLC; Kiwi Operatingco LLC; Lavco LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mogenavco LLC; Mohawkcampco LLC; Poland Campco LLC; RDM Camps, LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Waukeela Operatingco LLC; WM Camp, LLC | |
| FAIRPARK CAPITAL LLC | $2,500,000.00 | Achim Landco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; Lavco LLC; Mohawkcampco LLC; Pine Forest Campco LLC; Shab Operating Inc.; Waukeela Landco LLC | Camp Kent LLC; Kiwi Landco LLC |
| FINWISE BANK (MULLIGAN FUNDING) | $7,500,000.00 | BAHS Operating Inc.; Banner Operatingco LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; MaineWekeelaco, LLC; Mohawkcampco LLC; SIMAD Holdings Ltd. | |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| FUNDERS WEST | $4,500,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Chateaugay Landco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Island Lake Landco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawk Country Day School, Inc.; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Pine Forest Landco LLC; Poland Campco LLC; Poland Landco LLC; RDM Camps, LLC; Rolling Hills Landco LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC; WM Land, LLC | Kiwi Landco LLC |
| FUNDING CLUB LLC | $1,940,000.00 | BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; Lavco LLC; Lavland LLC; Meadowbrook Landco LLC; Mesorahco LLC; Mohawkcampco LLC; Shab Operating Inc.; Waukeela Landco LLC; Wekeeland LLC | Camp Kent LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| LNS GROUP LLC D/B/A LNS GROUP | $5,890,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Chateaugay Landco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Island Lake Landco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; Mogenavco LLC; Mohawkcampco LLC; Pine Forest Campco LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Operating Inc.; Waukeela Landco LLC | Camp Kent LLC; Kiwi Landco LLC |
| OPTIMUM LENDING PARTNERS | $2,500,000.00 | BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Bluestar Operatingco, LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Green Lane Operatingco, LLC; Lavco LLC; Lavland LLC; Meadowbrook Landco LLC; Mesorahco LLC; Mohawkcampco LLC; Shab Operating Inc. | Camp Kent LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| ORCAFUNDING LLC | $1,000,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Chateaugay Landco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Island Lake Landco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Landco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawk Country Day School, Inc.; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Pine Forest Landco LLC; Poland Campco LLC; Poland Landco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Landco LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC; WM Land, LLC | Camp Kent LLC; Greenpoint Equty Holding LLC; Kiwi Landco LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| REDSTONE ADVANCE INC. | $3,500,000.00 | Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC | Camp Kent LLC |
| THE MERCHANT MARKETPLACE HOLDINGS CORP. | $500,000.00 | Club Getaway Operatingco, LLC; Mesorahco LLC; Rolling Hills Operatingco LLC | |
| THE MERCHANT MARKETPLACE HOLDINGS CORP. | $1,000,000.00 | BAHS Operating Inc.; Club Getaway Operatingco, LLC; Mesorahco LLC; Rolling Hills Operatingco LLC; Shab Operating Inc. | |
| THE MERCHANT MARKETPLACE HOLDINGS CORP. | $2,500,000.00 | Achim Operatingco LLC; BAHS Operating Inc.; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Operatingco, LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; MaineWekeelaco, LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mogenavco LLC; Mohawkcampco LLC; Pine Forest Campco LLC; Poland Campco LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Operating Inc.; Summit Camp, LLC; Waukeela Operatingco LLC; WM Camp, LLC | Kiwi Cares INC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| VAULT 26 CAPITAL LLC | $1,000,000.00 | Achim Landco LLC; Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Belgrade Lakes Summer Camps LLC; Bluestar Landco, LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Landco LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Landco, LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC | Camp Kent LLC d/b/a Camp Kent |
| WYNWOOD CAPITAL GROUP LLC | $3,000,000.00 | Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC | Camp Kent LLC |

| MCA Creditor | MCA Amount | Debtor Guarantors and Borrowers | Non-Debtor Guarantors and Borrowers |
|---|---|---|---|
| WYNWOOD CAPITAL GROUP LLC | $5,811,250.00 | Achim Operatingco LLC; BAHS Holdings LLC; BAHS Operating Inc.; Banner Landco LLC; Banner Operatingco LLC; Belgrade Lakes Summer Camps LLC; Bluestar Operatingco, LLC; Camp Med-O-Lark, Inc.; Chateaugay Campco LLC; Club Getaway Landco, LLC; Club Getaway Operatingco, LLC; Country Roads Operatingco LLC; Eagle's Landing Day Camp LLC; Green Lane Operatingco, LLC; Greenvilleland LLC; IAFAOPERATINGCO, LLC; Island Lake Campco LLC; Kiwi Operatingco LLC; Lavco LLC; Lavland LLC; MaineWekeelaco, LLC; Malka Operatingco LLC; Meadowbrook Operatingco LLC; Mesorahco LLC; Mesorahland LLC; Mogenavco LLC; Mogenavland LLC; Mohawkcampco LLC; Mohawkland LLC; Pine Forest Campco LLC; Poland Campco LLC; Quadstar Realty LLC; RDM Camps, LLC; Rolling Hills Operatingco LLC; Shab Holdings LLC; Shab Operating Inc.; SIMAD Holdings Ltd.; Summit Camp, LLC; Washington Lake, LLC; Waukeela Landco LLC; Waukeela Operatingco LLC; Wekeeland LLC; WM Camp, LLC | Camp Kent LLC |

**Fill in this information to identify the case:**

Debtor name **One Canal Place Real Estate LLC**

United States Bankruptcy Court for the: DISTRICT OF NEW JERSEY (TRENTON)

Case number (if known) **26-16550**

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and Signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 3, 2026**

X **/s/ Assaf Ravid**
Signature of individual signing on behalf of the debtor

**Assaf Ravid**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor