**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| SIMAD Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON SIMAD DEBTORS' MOTION FOR
ENTRY OF AN ORDER SUPPLEMENTING AND AMENDING THE ORDER (I)
AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF
RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE
RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **August 24, 2026, at 11:00 a.m. (prevailing**

**Eastern Time)** (the "Hearing"), or as soon thereafter as counsel may be heard, the above-

captioned debtors and debtors in possession (the "SIMAD Debtors"), by and through their

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

undersigned counsel, shall move the *SIMAD Debtors' Motion for Entry of an Order Supplementing and Amending the Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Retain Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion") before the Honorable Chief Judge Christine M. Gravelle, United States Bankruptcy Judge, in Courtroom 3 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, New Jersey 08608 (the "Court"), for entry of an order (the "Order"), substantially in the form submitted with the Motion.

**PLEASE TAKE FURTHER NOTICE** that, in support of the relief requested in the Motion, the SIMAD Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the Hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at https://restructuring.ra.kroll.com/SIMAD. You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: August 3, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:     msirota@coleschotz.com
              wusatine@coleschotz.com
              dbass@coleschotz.com
              fyudkin@coleschotz.com
              dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

3

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SIMAD DEBTORS' MOTION FOR ENTRY OF AN ORDER SUPPLEMENTING AND AMENDING THE ORDER (I) AUTHORIZING THE SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE,
UNITED STATES BANKRUPTCY COURT:

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully state the following in support of this motion (the "Motion"):

## Relief Requested

1.       By this Motion, the SIMAD Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (a) supplementing and amending the *Order (I) Authorizing the SIMAD Debtors to Retain and Employ (A) ELAR Group, LLC to Provide Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* [Docket No. 541] (the "Retention Order"), and (b) granting related relief.

## Jurisdiction and Venue

2.       The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).  The SIMAD Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules.

2

**Background**

5.        On June 4 and 5, 2026 (the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].  The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 9, 2026, the Office of the U.S. Trustee appointed the Committee in these Chapter 11 Cases (the "Committee").  [Docket No. 438].

6.        A detailed description of the SIMAD Debtors and their business, including the facts and circumstances giving rise to the SIMAD Debtors' Chapter 11 Cases, is set forth in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 62], incorporated herein by reference.

**Retention of the Restructuring Officers**

7.        On June 22, 2026, the SIMAD Debtors filed the *SIMAD Debtors' Motion for Entry of an Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* [Docket No. 205].  On July 20, 2026, the Court entered the Retention Order, authorizing Elar Group, LLC to provide the SIMAD Debtors restructuring officers and designate Assaf Ravid as Chief Restructuring Officer ("CRO") and Daniel Sasson as Associate Restructuring Officer ("ARO" and together with the CRO, the "Restructuring Officers") under the terms and compensation set forth therein.

8.        Given the unprecedented and emergent circumstances under which these Chapter 11 cases were filed, the Restructuring Officers have spent an exorbitant amount of time, on an expedited timeline, to become familiar with the SIMAD Debtors' operations, debt structure,

3

creditors, business and related matters, in order to take full control of the SIMAD Debtors' operations and guide the SIMAD Debtors through the Chapter 11 process.  Notably, these cases involve summer camps and were initiated as campers were starting the camp season, requiring the Restructuring Officers to address extensive emergencies raised by camp directors, parents, creditors and a myriad of other stakeholders.  In the face of the unique challenges presented by these Chapter 11 Cases, the Restructuring Officers have already made substantial progress in preserving and maximizing the value of the SIMAD Debtors' estates for the benefit of all stakeholders.  Most recently, the Restructuring Officers prepared the SIMAD Debtors for a robust auction process that commenced on July 28, 2026, following an expedited marketing process and the implementation of Court-approved bidding procedures designed to maximize value for the estates.  The sale process generated substantial interest from both strategic and financial buyers. In that regard, more than 100 interested parties executed non-disclosure agreements and received access to diligence materials.  The process yielded numerous qualified indications of interest and bids, multiple stalking horse proposals, and several private sale opportunities. The Restructuring Officers engaged with prospective purchasers to maximize value and evaluate transaction alternatives across the portfolio.  In that regard, the auction process included multiple rounds of bidding on both an individual basis and by potential buyers interested in purchasing multiple camps.  During the auction process, the Debtors improved the offers and maximized value of all camps as will be reflected in the Notice of Successful Bidders that will be filed in the short term.

9.      The Restructuring Officers have also successfully stabilized operations during the Debtors' critical summer camp season and secured the liquidity necessary to maintain operations throughout these Chapter 11 cases.  To date, the Debtors have obtained approval of cash collateral arrangements and two debtor-in-possession financing facilities providing approximately $210

4

million in aggregate postpetition financing authority.  In addition, the Restructuring Officers have implemented an extensive asset monetization strategy.  Less than two months after the Petition Date, the Debtors obtained approval of bidding procedures, negotiated and documented multiple asset sale transactions, designated stalking horse bidders, and pursued at least four (4) private sales transactions involving camp assets.  Through these efforts, the Restructuring Officers have preserved going-concern value, maintained operations across thirty (30) camps during the 2026 season, and positioned the SIMAD Debtors to maximize stakeholder recoveries through a competitive and Court-supervised sale process.

10.     The CRO has devoted, and continues to devote, no fewer than eighty (80) hours per week and resources far in excess of those anticipated in connection with his retention, while the ARO is devoting at least thirty-five (35) hours per week.  More than just the devotion of excessive hours, the Restructuring Officers have been available 24/7 to all parties-in-interest both domestically and internationally.  Thus, the fee structure set forth in the Retention Order no longer adequately reflects the scope, complexity, and volume of services being provided by the Restructuring Officers in these Chapter 11 Cases.

11.     The Retention Order provides "[i]n the event the SIMAD Debtors seek to . . . materially change the terms of either of the Engagement Letters by . . . modifying the compensation structure or amount of the compensation, a motion to modify the retention shall be filed."  Retention Order ¶ 5(b).  Additionally, Paragraph 5(e) of the Retention Order specifically contemplates success fees for the CRO and states, "Success fees, completion fees, transaction fees, or other back-end fees may be sought by separate applications and shall be subject to approval by

the Court at the conclusion of these Chapter 11 Cases on a reasonableness standard and are not being preapproved by entry of this Order."

12.     In light of the size and complexity of the SIMAD Debtors' business, the exigent nature of these Chapter 11 Cases, the substantial responsibilities assumed by the Restructuring Officers, and the value-maximizing initiatives being undertaken for the benefit of the estates, the SIMAD Debtors have determined that the Retention Order should be amended to provide for (i) a transaction-based Success Fee for the CRO and (ii) a Completion Fee for the ARO, each payable upon the achievement of specified value-enhancing milestones in these Chapter 11 Cases, as more fully set forth below.

**Modified Compensation**

**I.     The Success Fee**

13.     The SIMAD Debtors seek to modify the CRO's retention such that the CRO shall also be eligible to receive a transaction-based success fee (the "Success Fee") upon the consummation of one or more asset sales during the term of the engagement.  The Success Fee shall be calculated based upon the aggregate gross proceeds[2] realized from all asset sales completed during the engagement period.  Specifically, the CRO shall receive:

   a.     a fee equal to 0.6% of aggregate sale proceeds in excess of $215 million up to and including $250 million;

   b.     a fee equal to 0.9% of aggregate sale proceeds in excess of $250 million up to and including $300 million; and

---

[2]     "Gross proceeds" shall mean the total amount of cash and the fair market value of any property paid or payable directly or indirectly to the SIMAD Debtors, or its affiliates in connection with, or in anticipation of, an asset sale, including, without limitation, (i) any amounts paid into escrow or otherwise held back to support indemnification or similar obligations in connection with such asset sale, (ii) the present value of any contingent consideration to be paid in the future, and (iii) any credit bid, to the extent permitted under the Bankruptcy Code, assumption, or payoff of indebtedness for borrowed money or other liabilities.

c.  a fee equal to 1.5% of aggregate sale proceeds in excess of $300 million.

The Success Fee shall be calculated on a tiered basis, such that each percentage applies only to the applicable portion of aggregate sale proceeds within the corresponding tier.  In no event shall the total Success Fee payable exceed $1 million.

## II.  The Completion Fee

14.  The SIMAD Debtors seek to modify the ARO's retention such that the ARO shall also be eligible to receive incentive compensation in the amount of $200,000 (the "Completion Fee", and together with the Success Fee, the "Modified Compensation") earned upon the earlier of (x) the consummation of a Chapter 11 plan of reorganization; and (y) the sale, transfer, or other disposition of all or a substantial portion of the assets or equity of the Debtors in one or more transactions.

15.  For the avoidance of doubt, except as expressly set forth herein with respect to the Modified Compensation, nothing in this Motion seeks to alter, modify, or amend the Retention Order, which shall remain in full force and effect.  Further, nothing contained herein shall waive, impair, or otherwise affect the rights of any party in interest with respect to the allowance or payment of any Modified Compensation.  The SIMAD Debtors acknowledge that any Modified Compensation shall remain subject to a separate application and approval by this Court, after notice and an opportunity for hearing, to the extent required under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any order of this Court.

### Basis for Relief

16.  The SIMAD Debtors seek to modify the Retention Order as set forth above pursuant to section 363 of the Bankruptcy Code.  Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1). "In determining

7

whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions." *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987) (requiring the debtor to show a "good business reason" for a proposed transaction under section 363(b)).

17.     Additionally, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See* 11 U.S.C. § 105(a); *see also U.S. v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code").

18.     Amending the Retention Order to provide for the Modified Compensation constitutes a sound exercise of the SIMAD Debtors' business judgment.  Since their retention, the Restructuring Officers have devoted substantial time, attention, and effort to these Chapter 11 Cases, including assuming operational control of the SIMAD Debtors' business, stabilizing operations, addressing creditor and stakeholder matters, evaluating restructuring and strategic alternatives, and overseeing initiatives designed to preserve and maximize value for the SIMAD Debtors' estates.  In particular, the Restructuring Officers have played a critical role in developing and implementing the SIMAD Debtors' sale strategy, coordinating the marketing and sale process for the SIMAD Debtors' assets, and working to achieve the highest and best value available for creditors and other stakeholders.

19.     The proposed Modified Compensation, together with the Restructuring Officers'

monthly compensation, is also below market for the types of sales and transactions contemplated

by, and already completed during, the Restructuring Officers' engagement. *See In re DAMIS*

*Holdings LLC, et al.*, Case No. 26-16439 (CMG) (sale transaction fee of 1.5% of aggregate

transaction value of each sale transaction in addition to $1,050 hourly rate for CRO); *In re*

*FreshRealm Inc., et al.*, Case No. 26-14656 (MEH) (completion fee of $2.5 million in addition to

$1,200–1,600 hourly rate for CRO); *In re Ascend Elements Inc., et al.*, Case No. 25-11950 (CTG)

($1.5 million completion fee in addition to $1,200–1,600 hourly rate for CRO); *In re OTB Holding*

*LLC, et al.*, Case No. 24-10674 (JKS) ($500,000 completion fee in connection with services as

CRO in addition to $1,100–1,575 hourly rate); *In re First Brands Group LLC, et al.*, Case No. 23-

10754 (CTG) ($10 million completion fee upon consummation of a chapter 11 plan or substantially

all asset/equity sale in connection with services as CRO in addition to $1,100–1,575 hourly rate);

*In re National Realty Investment Advisors, LLC, et al.,* Case No. 22-14539 (JKS) ($900,000

success fee to CRO approved where the CRO's monthly fee was $100,000.00 and the CRO

achieved $30 million in sale closing proceeds).

20.     The proposed Modified Compensation appropriately aligns the Restructuring

Officers' compensation with the results achieved and the value created for the estates, while

incentivizing the continued pursuit and consummation of value-maximizing transactions.

Moreover, the Success Fee is entirely performance-based and payable only upon the successful

consummation of asset sales that generate value for the SIMAD Debtors' estates. Similarly, the

Completion Fee is payable only upon the consummation of a Chapter 11 plan of reorganization,

or the sale, transfer, or other disposition of all or a substantial portion of the assets or equity of the

SIMAD Debtors. As such, the Restructuring Officers will receive additional compensation only

9

if their efforts result in value generated for the benefit of the estates and their creditors.  In light of the substantial efforts already undertaken by the Restructuring Officers, the significant responsibilities assumed during these Chapter 11 Cases, and the anticipated benefits to the SIMAD Debtors' estates and creditors, the SIMAD Debtors submit that the proposed amendment to the Retention Order is reasonable, appropriate, and in the best interests of the SIMAD Debtors, their estates, and all parties in interest.

### Waiver of Bankruptcy Rule 6004(a) and 6004(h)

21.      To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### No Prior Request

22.      No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Notice

23.      The SIMAD Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Mishmeret Trust Company; (c) the Committee; (d) any known secured creditors; (e) the merchant cash advance lenders; (f) the United States Attorney's Office for the District of New Jersey; (g) the Internal Revenue Service; (h) the attorney general in the states where the SIMAD Debtors conduct business operations; (i) the Payment Processors; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

11

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the SIMAD Debtors respectfully request that the Court enter the Order,

substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and

(b) granting such other relief as is just and proper.


Dated: August 3, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
              wusatine@coleschotz.com
              dbass@coleschotz.com
              fyudkin@coleschotz.com
              dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

12

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**ORDER SUPPLEMENTING AND AMENDING THE ORDER (I) AUTHORIZING THE
SIMAD DEBTORS TO RETAIN (A) ASSAF RAVID AS CHIEF RESTRUCTURING
OFFICER AND (B) DANIEL SASSON AS ASSOCIATE RESTRUCTURING OFFICER,
AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5), is

**ORDERED**.

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page | 2)

Debtors:          SIMAD HOLDINGS LTD., *et al*.
Case No.          26-16388 (CMG)
Caption of Order: Order Supplementing and Amending the Order (I) Authorizing the SIMAD
                  Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B)
                  Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related
                  Relief

Upon the *SIMAD Debtors' Motion for Entry of an Order Supplementing and Amending the Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* (the "Motion"),[2] for entry of an order (this "Order"):  (a) supplementing and amending the *Order (I) Authorizing the SIMAD Debtors to Retain and Employ (A) ELAR Group, LLC to Provide Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief* [Docket No. 541] (the "Retention Order"), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order Supplementing and Amending the Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief |

in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Retention Order is hereby supplemented and amended solely with respect to the compensation provisions applicable to Assaf Ravid, in his capacity as Chief Restructuring Officer (the "CRO"), and Daniel Sasson, in his capacity as Associate Restructuring Officer (the "ARO" and, together with the CRO, the "Restructuring Officers"), to provide for a Success Fee and a Completion Fee, as described herein.

3.      The CRO shall be eligible to receive a transaction-based success fee (the "Success Fee") upon the consummation of one or more asset sales during the term of his engagement. The Success Fee shall be calculated based upon the aggregate gross proceeds,[1] which shall include any and all credit bids, realized from all asset sales completed during the engagement period, paid as follows:

        a.   a fee equal to 0.6% of aggregate sale proceeds in excess of $215 million up to and including $250 million;

---

[1]   "Gross proceeds" shall mean the total amount of cash and the fair market value of any property paid or payable directly or indirectly to the SIMAD Debtors, or its affiliates in connection with, or in anticipation of, an asset sale, including, without limitation, (i) any amounts paid into escrow or otherwise held back to support indemnification or similar obligations in connection with such asset sale, (ii) the present value of any contingent consideration to be paid in the future, and (iii) any credit bid, to the extent permitted under the Bankruptcy Code, assumption, or payoff of indebtedness for borrowed money or other liabilities.

(Page | 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order Supplementing and Amending the Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief |

> b. a fee equal to 0.9% of aggregate sale proceeds in excess of $250 million up to and including $300 million; and
>
> c. a fee equal to 1.5% of aggregate sale proceeds in excess of $300 million.

The Success Fee shall be calculated on a tiered basis, such that each percentage applies only to the applicable portion of aggregate sale proceeds within the corresponding tier. In no event shall the total Success Fee payable exceed $1 million.

4. The ARO shall be eligible to receive incentive compensation in the amount of $200,000 (the "Completion Fee", and together with the Success Fee, the "Modified Compensation") earned upon the earlier of (x) the consummation of a Chapter 11 plan of reorganization; and (y) the sale, transfer, or other disposition of all or a substantial portion of the assets or equity of the Debtors in one or more transactions.

5. Nothing in this Order shall be deemed to alter, modify, or amend the Retention Order except as expressly set forth herein, and the Retention Order shall otherwise remain in full force and effect.

6. The Modified Compensation is subject to Court approval and the Restructuring Officers shall be required to file final fee applications in connection with the Modified Compensation.

7. To the extent there is any inconsistency between the terms of the Retention Order and this Order, the terms of this Order shall govern.

(Page | 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | Order Supplementing and Amending the Order (I) Authorizing the SIMAD Debtors to Retain (A) Assaf Ravid as Chief Restructuring Officer and (B) Daniel Sasson as Associate Restructuring Officer, and (II) Granting Related Relief |

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

10.    The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the services provided by the Restructuring Officers.