**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF RYAN B. JACOBSON, ESQ, ON BEHALF OF**
**PROPOSED ORDINARY COURSE PROFESSIONAL AMUNDSEN DAVIS LLC**

I, **Ryan B. Jacobson, Esq**, pursuant to section 1746 of title 28 of the United States Code,

hereby declare that the following is true to the best of my information, knowledge, and belief:

1.      I am an **equity member** of the law firm, **Amundsen Davis LLC**, located at **150**

**North Michigan Avenue, Suite #3300, Chicago, Illinois 60601** (the "Company").

---

[1]     A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

2.	SIMAD Holdings Ltd., and/or its affiliated debtors (collectively, the "SIMAD Debtors") have requested that the Company provide certain **legal services** to the SIMAD Debtors, and the Company has consented to provide such services.

3.	The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the SIMAD Debtors, or other parties in interest in these cases. The Company does not perform services for any such person in connection with these cases. In addition, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the SIMAD Debtors or their estates.

4.	Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the SIMAD Debtors with any other person other than the principals and regular employees of the Firm.

5.	Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the SIMAD Debtors or their estates.

6.	The SIMAD Debtors owe the Company **$0** for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.]

7.	As of the Petition Date, which was the date on which the SIMAD Debtors commenced these chapter 11 cases, the Company **was not** party to an agreement for indemnification with the SIMAD Debtors.

8.      To the extent an OCP Agreement contains dispute resolution language, any such dispute resolution language is revised to reflect that it is not in effect during the pendency of these chapter 11 cases.

9.      The Company **does not expect** to use independent contractors or subcontractors in connection with providing services to the SIMAD Debtors.

10.     At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

11.     I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **August 5, 2026**, in **Chicago, Illinois** (United States).

RYAN B. JACOBSON, ESQ.
for AMUNDSEN DAVIS LLC

3