| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## NOTICE OF FILING OF BUYER DECLARATIONS IN SUPPORT OF THE PROPOSED SALES

**PLEASE TAKE NOTICE** the Debtors submit the following declarations in support of entry of sale orders approving the sale transactions for certain of the Debtors' camp assets:

1. Attached hereto as **Exhibit 1** is the *Declaration of Dov Perkal in Support of Sale* in support of the proposed Sale of the SHMA Camps;

2. Attached hereto as **Exhibit 2** is the *Declaration of Chris Chang in Support of Sale* in support of the proposed Sale of Banner Day Camp and Rolling Hills Day Camp;

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

3. Attached hereto as **Exhibit 3** is the *Declaration of Shepherd Baum in Support of Sale* in support of the proposed Sale of Summit Camp and Travel;

4. Attached hereto as **Exhibit 4** is the *Declaration of Christopher Walkley in Support of Sale* in support of the proposed Sale of New England Golf & Tennis Camp;

5. Attached hereto as **Exhibit 5** is the *Declaration of David Rosen in Support of Sale* in support of the proposed Sale of Camp Lokanda, Camp North Star, Camp Echo, Camp Wekeela, Indian Acres Camp for Boys & Forest Acres Camp for Girls, and Camp Med-o-Lark;

6. Attached hereto as **Exhibit 6** is the *Declaration of Donald M. Epstein in Support of Sale* in support of the proposed Sale of Country Roads Day Camp;

7. Attached hereto as **Exhibit 7** is the *Declaration of David Schreiber in Support of Sale* in support of the proposed Sale of Club Getaway;

8. Attached hereto as **Exhibit 8** is the *Declaration of Craig Odiorne in Support of Sale* in support of the proposed Sale of Island Lake Camp;

9. Attached hereto as **Exhibit 9** is the *Declaration of Andrew Shlensky in Support of Sale* in support of the proposed Sale of Camp Waukeela;

10. Attached hereto as **Exhibit 10** is the *Declaration of David Light in Support of Sale* in support of the proposed Sale of Mohawk Day Camp;

11. Attached hereto as **Exhibit 11** is the *Declaration of Mario Del Cueto in Support of Sale* in support of the proposed Sale of Eagle's Landing Day Camp;

12. Attached hereto as **Exhibit 12** is the *Declaration of Jay Freedman in Support of Sale* in support of the proposed Sale of Camp Green Lane;

13. Attached hereto as **Exhibit 13** is the *Joint Declaration of Jacob Labovitz and Kerry Labovitz in Support of Sale* in support of the proposed Sale of Windsor Mountain Summer Camp;

14. Attached hereto as **Exhibit 14** is the *Declaration of Neil Milano in Support of Sale* in support of the proposed Sale of Meadowbrook Country Day Camp; and

15. Attached hereto as **Exhibit 15** is the *Declaration of Seth Herschthal in Support of Sale* in support of the proposed Sale of Bluestar Camps.

Dated: August 9, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            dbass@coleschotz.com
            fyudkin@coleschotz.com
            dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit 1</u>**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

</td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

</td></tr>
</table>

## DECLARATION OF DOV PERKAL IN SUPPORT OF SALE

I, Dov Perkal, declare under penalty of perjury as follows:

1.      I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between SHMA, LLC and Mogenavco LLC and Mogenavland LLC, (II) Authorizing the Sale of Substantially All Assets of Mogenavco LLC and Mogenavland LLC, Free and Clear of All Liens, Claims, and Encumbrances Pursuant to*

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am a member of SHMA LLC ("SHMA"), the Buyer under the Asset Purchase Agreement.

3.      I am currently an employee of the Debtor Mogenavco LLC..

4.      I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.      I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.      I am an operator of certain camps known, collectively, as The SHMA  Camps, Camp Sternberg, Camp Avraham Heller and Camp Mogen Avraham.  I have served as the Camp Director for these camps for the last 16 years.

7.      SHMA is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.      On July14, 2026, SHMA delivered a non-binding expression of interest to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

9.      SHMA participated in the Auction to purchase the Acquired Assets.

10.     On August 4, 2026, the Debtors announced that SHMA is the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

11.     I confirm that neither SHMA nor I have engaged in any collusion with respect to the Transaction.  Additionally, SHMA did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transaction, except as previously disclosed and consented to by the Debtors.

12.     Neither SHMA nor I am  an "insider" or "affiliate" of any of the Debtors, including the Seller[s], as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between SHMAor myself and the Debtors.

13.     Neither SHMA nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14.     SHMA, its counsel , and SHMA's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.     Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore,  I confirm that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I

3

believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the

Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on August _9_, 2026                    _____

Dov Perkal
Member
SHMA LLC

4

**Exhibit 2**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* | |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## DECLARATION OF CHRIS CHANG IN SUPPORT OF SALE

I, Chris Chang, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between YES Camps, LLC, as Buyer, and Banner Operatingco LLC and Banner Landco LLC, as Sellers, (II) Authorizing the Sale of Substantially All Assets of Sellers Free and Clear of All Liens, Claims, and Encumbrances Pursuant to*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

3.3

*11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* and the proposed *Order (I) Approving Asset Purchase Agreement Between YES Camps, LLC, as Buyer, and Rolling Hills Landco LLC and Rolling Hills Operatingco LLC, as Sellers, (II) Authorizing the Sale of Substantially All Assets of Sellers Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* (collectively, the "Sale Orders").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.       I am the authorized representative of YES Camps, LLC ("Buyer"), the Buyer under the Asset Purchase Agreements.

3.       Neither I nor Buyer has, or has previously had, any relationship with the above-captioned debtors, except in connection with the sale contemplated by the APAs and the associated Transactions.

4.       Buyer and its counsel have negotiated the Transactions at arm's length, in good faith, and without collusion.

5.       I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transactions on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.       The Buyer, a strategic buyer, and its affiliates are a national youth-enrichment platform whose mission is to serve as a long-term steward of the businesses it partners with and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Orders, Asset Purchase Agreements or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

communities those businesses serve.  The Buyer and its affiliates have deep operating experience running summer camps and youth-enrichment organizations.

7.    The Buyer is financially capable of consummating the Transactions and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.    On July 6, 2026, the Buyer delivered a non-binding expression of interest to the Debtors and timely submitted a bid for substantially all of the Sellers' assets in accordance with the Bidding Procedures Order on July 17, 2026.  I was advised that Buyer was a Qualified Bidder and that its bid was a Qualified Bid in accordance with the Bidding Procedures Order.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreements.

9.    Buyer participated in the Auction to purchase the Acquired Assets.

10.    On August 4, 2026, the Debtors announced that Buyer was the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

11.    I confirm that neither Buyer nor I have engaged in any collusion with respect to the Transactions.  Additionally, Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, other than other affiliates of Buyer and its employees, representatives, investors, and advisors, except as previously disclosed and consented to by the Debtors.

12.    Neither Buyer nor I is an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, officers, directors, or stockholders exists between Buyer and the Debtors.

13.    Neither Buyer nor I have any agreements with any insiders of the Debtors regarding the Transactions that have not been disclosed to the Debtors or this Court.

3

14. I, Buyer, Buyer's counsel, and Buyer's other advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreements, and complied with the Bidding Procedures Order and the proposed Sale Orders.

15. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreements were negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16. Furthermore, Buyer confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore, I believe that consummation of the Transactions is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2026         */s/ Chris Chang*_____
                                    Chris Chang
                                    Authorized Signatory
                                    YES Camps, LLC

**Exhibit 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## DECLARATION OF SHEPHERD BAUM IN SUPPORT OF SALE

I, Shepherd Baum, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between Summit Camp and Travel LLC, 168 Duck Harbor Land LLC, and Summit Camp, LLC, (II) Authorizing the Sale of Substantially All Assets of Summit Camp, LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b),*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am the sole Member and Manager of each of Summit Camp and Travel LLC and 168 Duck Harbor Land LLC (collectively, the "Buyers"), the Buyers under the Asset Purchase Agreement.

3.      I am currently Director of the camp business operated by Debtor Summit Camp, LLC, having operated the camp for 10 years.

4.      Summit Camp is a special-needs summer camp and travel program now in its fifth decade of serving boys and girls ages eight to 23 who, despite a genuine capacity for friendship, have difficulty making and maintaining age-appropriate peer relationships, including children with ADHD, learning disabilities, autism spectrum diagnoses, anxiety, and related challenges.  The Camp provides its campers with both personal and interpersonal success in a warm, accepting community where each child can be who they are without fear of rejection, which is why generations of families have affectionately known Summit as the "Magic on the Hill."

5.      I am deeply committed to preserving and building upon Summit Camp's decades-long legacy and mission.  I believe the Transaction will allow the Camp Business to continue operating without interruption for the benefit of its campers and their families, will preserve the specialized program and supportive community that these children and families depend upon, and will provide stability and continuity for the Camp's staff and the children it serves for years to come.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

6.      I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

7.      I am not a manager of any of the Debtors, including the Seller, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Seller, or any of their parent companies.

8.      The Buyers are financially capable of consummating the Transaction and have more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

9.      On July 13, 2026, the Buyers delivered a non-binding expression of interest to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

10.     The Buyers participated in the Auction to purchase the Acquired Assets.

11.     On August 4, 2026, the Debtors announced that the Buyers are the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

12.     I confirm that neither the Buyers nor I have engaged in any collusion with respect to the Transaction.  Additionally, the Buyers did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transaction, other than other affiliates of the Buyers, Buyers' counsel, lenders, and other advisors, except as previously disclosed and consented to by the Debtors.

13.     Other than as set forth in paragraph 3 above, neither the Buyers nor I am an "insider" or "affiliate" of any of the Debtors, including the Seller, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity

of incorporators, officers, directors, or stockholders exists between the Buyers or myself and the Debtors.

14.     Neither the Buyers nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

15.     I, the Buyers, and our respective counsel and advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

16.     Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

17.     Furthermore, I confirm that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 8, 2026          */s/ Shepherd Baum*
                                    Shepherd Baum
                                    Member and Manager
                                    Summit Camp and Travel LLC
                                    168 Duck Harbor Land LLC

4

**Exhibit 4**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF CHRISTOPHER WALKLEY IN SUPPORT OF SALE**

I, Christopher Walkley, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between Bank of New Hampshire and Belgrade Lakes Summer Camps LLC, (II) Authorizing the Sale of Substantially All Assets of Belgrade Lakes Summer Camps LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f),*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*363(k), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* (the "<u>Sale Order</u>")[2]. I have personal knowledge of the facts set forth herein and, if called to testify, I could do so competently.

2.     I am the SVP—Senior Commercial Banking Manager of Bank of New Hampshire ("<u>BNH</u>").  BNH or its designee (to be identified prior to Closing) is the Buyer under that certain Credit Bid Asset Purchase Agreement, dated as of August 3, 2026, with Belgrade Lakes Summer Camps LLC, as Seller (the "<u>Asset Purchase Agreement</u>").

3.     BNH is a prepetition secured lender to certain of the Debtors, including Seller, and also serves as debtor-in-possession lender under the Final DIP Order entered in these chapter 11 cases. BNH's claims are secured by first priority liens and security interests against substantially all of the assets of the applicable loan parties, including the Acquired Assets contemplated by the Asset Purchase Agreement.

4.     BNH is represented by Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.     On July 24, 2026, BNH filed a notice with the Court generally reserving its right to credit bid for its collateral at any time during the Auction and expressly reserving its right to determine, in its sole discretion, whether, when, and to what extent it would exercise its credit bid rights under section 363(k) of the Bankruptcy Code and the Bid Procedures.

6.     On August 3, 2026, BNH submitted the Asset Purchase Agreement as a credit bid pursuant to section 363(k) of the Bankruptcy Code and the Bid Procedures with respect to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

Acquired Assets, which constitute collateral securing the Prepetition Obligations and obligations under the DIP Loans.

7.      BNH negotiated the Transaction and the Asset Purchase Agreement at arm's length, in good faith, and without collusion. BNH did not agree with any other bidder or potential purchaser to control price or otherwise chill bidding in connection with the sale process.

8.      Neither BNH nor I is an "insider" or "affiliate" of any of the Debtors, including Seller, as those terms are defined in section 101 of the Bankruptcy Code. No common identity of incorporators, officers, directors, or equity holders exists between BNH or me, on the one hand, and the Debtors, on the other hand.

9.      Neither BNH nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or the Court.

10.     BNH and its counsel have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation and execution of the Asset Purchase Agreement and have complied with the Bid Procedures Order and the proposed Sale Order.

11.     Based on the foregoing, I believe there should be a finding of good faith, and I respectfully request that the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

12.     BNH confirms that any personally identifiable information included among the Acquired Assets will be protected in the same manner that such information was protected by the Debtors. Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on August 9, 2026          */s/ Christopher Walkley*
                                    Christopher Walkley
                                    SVP—Senior Commercial Banking Manager
                                    Bank of New Hampshire

**Exhibit 5**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

COLE SCHOTZ P.C.
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF DAVID ROSEN IN SUPPORT OF SALE**

I, David Rosen, declare under penalty of perjury as follows:

1.     I am submitting this declaration in support of the proposed orders (the "Sale Orders") approving the various asset purchase agreements (the "Asset Purchase Agreements") entered into between (i) American Youth Camping Holdco LLC; and (ii) each of Debtors RDM Camps, LLC; Poland Campco LLC; Poland Landco LLC; Shab Holdings LLC, Shab Operating

---

[1]     A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Inc.; MaineWekeelaco, LLC; Wekeeland LLC; IAFALANDCO, LLC; IAFAOPERATINGCO, LLC; and Camp Med-O-Lark, Inc.[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am the authorized representative of American Youth Camping Holdco LLC, the Buyer under the Asset Purchase Agreements.

3.      The Buyer has counsel and negotiated the Transactions at arm's length, in good faith, and without collusion.

4.      I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transactions on behalf of any of the Debtors including the Sellers, or any of their parent companies.

5.      The Buyer is financially capable of consummating the Transactions and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

6.      On July 9, 2026, I delivered a non-binding expression of interest to the Debtors. Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

7.      I participated in the Auction to purchase the Acquired Assets.

8.      On August 4, 2026, the Debtors announced that American Youth Camping, Inc., an affiliate of American Youth Camping Holdco LLC, was the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

9.      I confirm that neither American Youth Camping, Inc., American Youth Camping Holdco LLC (together, "AYC") nor I have engaged in any collusion with respect to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Orders, Asset Purchase Agreements or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

Transactions. Additionally, neither AYC nor I communicated with any other Qualified Bidder interested in the Acquired Assets nor took any actions or had any discussions with third parties about the Transactions, except as previously disclosed and/or consented to by the Debtors.

10. Neither AYC nor I am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between AYC or myself and the Debtors.

11. Neither AYC nor I have any agreements with any insiders of the Debtors regarding the Transactions that have not been disclosed to the Debtors or this Court.

12. AYC, AYC's counsel, and AYC's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

13. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

14. Furthermore, AYC confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore, I believe that consummation of the Transactions is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2026          */s/ David Rosen*_____
                                    David Rosen
                                    Authorized Representative
                                    American Youth Camping Holdco LLC

**Exhibit 6**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

COLE SCHOTZ P.C.
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## DECLARATION OF DONALD M. EPSTEIN IN SUPPORT OF SALE

I, Donald M. Epstein, declare under penalty of perjury as follows:

1.    I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Country Roads Landco, LLC and Country Roads Operatingco, LLC and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the*

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

4917-9758-1253.v1

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am the President of the Jewish Community Center of Greater Monmouth County ("JCC"), the Buyer under the Asset Purchase Agreement.

3.      I have no prior relationship with the Debtors.

4.      I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.      I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.      The Buyer currently operates an existing camp and pre-school at its facility located at 100 Grant Avenue, Deal, New Jersey 07723.

7.      I am financially capable of consummating the Transaction and have more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.      On July 23, 2026, the Buyer delivered a non-binding expression of interest to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.      I, along with my counsel, participated in the Auction to purchase the Acquired Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

4917-9758-1253.v1

10. On August 4, 2026, the Debtors announced that the JCC was the Successful Bidder with respect to the Acquired Assets. *See* Docket No. 789.

11. I confirm that neither the JCC nor I have engaged in any collusion with respect to the Transaction. Additionally, the JCC did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, except as previously disclosed and consented to by the Debtors.

12. Neither the JCC nor I am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between the JCC or myself and the Debtors.

13. Neither the JCC nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14. The JCC's counsel, and JCC's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16. Furthermore, the JCC confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore, I

3

4917-9758-1253.v1

believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the

Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on August 7, 2026

Donald M. Epstein
President
Jewish Community Center of Greater Monmouth County

4

4917-9758-1253.v1

**Exhibit 7**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. LBR 9004-1(b) | |
| **COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* | |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## DECLARATION OF DAVID SCHREIBER IN SUPPORT OF SALE

I, DAVID SCHREIBER, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving the Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of CLUB GETAWAY OPERATINGCO, LLC and CLUB GETAWAY LANDCO, LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m),*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*(III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2] I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2. I am the Manager of LGTFPS HOLDINGS LLC (the "Buyer"), the Buyer under the Asset Purchase Agreement.

3. I am currently, and have been for about 15 years, the operator/camp director at Club Getaway (owned by the Sellers) and employed in that role by the applicable Seller (that is, CLUB GETAWAY OPERATINGCO, LLC). Before that, I was the director for another camp located in Pennsylvania for about 9 years.

4. I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5. I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6. The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

7. On July 17, 2026, the Buyer delivered a non-binding expression of interest to the Debtors. Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

8. The Buyer participated in the Auction to purchase the Acquired Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

9. On August 4, 2026, the Debtors announced that the Buyer is the Successful Bidder with respect to the Acquired Assets. *See* Docket No. 789.

10. I confirm that neither the Buyer nor I have engaged in any collusion with respect to the Transaction. Additionally, the Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transaction, except as previously disclosed and consented to by the Debtors.

11. Neither the Buyer nor I am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between the Buyer or myself and the Debtors.

12. Neither the Buyer nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

13. The Buyer, the Buyer's counsel, and the Buyer's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

14. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

15. Furthermore, the Buyer confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore,

I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026

David Schreiber
Manager
LGTFPS Holdings LLC

4

**Exhibit 8**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

COLE SCHOTZ P.C.
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case Nos. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF CRAIG ODIORNE IN SUPPORT OF SALE

I, Craig Odiorne, declare under penalty of perjury as follows:

1.     I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Island Lake Landco LLC and Island Lake Campco LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the*

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2] I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2. I am the Authorized Member of CMAO, LLC, a Pennsylvania limited liability company ("Buyer"), the Buyer under the Asset Purchase Agreement.

3. I am currently the operator of Island Lake Camp and have more than five (5) years of continuous operating experience at the camp under current and prior ownership.

4. I have my own counsel and negotiated the Transactions at arm's length, in good faith, and without collusion.

5. I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transactions on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6. The Buyer is a strategic buyer, and I am the current operator of Island Lake Camp with more than five (5) years of continuous operating experience at the camp. I have maintained enrollments, staff certifications, regulatory compliance, and community relationships throughout my tenure. The Buyer's members, myself and Monica Odiorne, are committed to ensuring continuity of operations, preserving jobs, and maintaining the camp's enrollment and community standing.

7. The Buyer is financially capable of consummating the Transactions and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

8.    On July 17, 2026, the Buyer delivered a non-binding expression of interest to the Debtors. Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.    The Buyer participated in the Auction to purchase the Acquired Assets.

10.    On August 4, 2026, the Debtors announced that the Buyer is the Successful Bidder with respect to the Acquired Assets. *See* Docket No. 789.

11.    I confirm that neither the Buyer nor I have engaged in any collusion with respect to the Transactions. Additionally, the Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, other than CMAO Land Co., LLC, except as previously disclosed and consented to by the Debtors.

12.    Neither the Buyer nor I am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between the Buyer or myself and the Debtors.

13.    Neither the Buyer nor I have any agreements with any insiders of the Debtors regarding the Transactions that have not been disclosed to the Debtors or this Court.

14.    The Buyer, the Buyer's counsel, and the Buyer's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.    Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was

3

negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore, the Buyer confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transactions is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026
Craig Odiorne
Authorized Member
CMAO, LLC

4

**Exhibit 9**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case Nos. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ANDREW SHLENSKY IN SUPPORT OF SALE

I, Andrew Shlensky, declare under penalty of perjury as follows:

1.    I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Waukeela Landco, LLC and Waukeela Operatingco, LLC and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and*

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2] I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am the buyer under the Asset Purchase Agreement. I submitted my bid, participated in the Auction, and was named the Successful Bidder in my individual capacity. As permitted by Section 10.06 of the Asset Purchase Agreement, prior to the Closing I intend to assign the Asset Purchase Agreement to one or more legal entites formed for the purpose of consummating the Transaction, each of which will be owned and controlled by me. I will provide the Sellers with written notice of any such assignment in accordance with Section 10.06 of the Asset Purchase Agreement.

3.      I have no prior business relationship with the debtors.

4.      I have my own counsel and negotiated the Transactions at arm's length, in good faith, and without collusion.

5.      I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors, including the Sellers or any of their parent companies.

6.      I am a strategic buyer with substantial experience in the summer camp industry. I am the Owner and Director of North Star Camp in Hayward, Wisconsin and also the owner of Camp WeHaKee and The Road Less Traveled.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

7.  I am financially capable of consummating the Transaction and have more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.  On July 24, 2026, I delivered an Asset Purchase Agreement to the Debtors. Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.  I participated in the Auction to purchase the Acquired Assets.

10.  On August 4, 2026, the Debtors announced that I am the Successful Bidder with respect to the Acquired Assets. *See* Docket No. 789.

11.  I confirm that I have not engaged in any collusion with respect to the Transactions. Additionally, I did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, except as previously disclosed and consented to by the Debtors.

12.  I am not an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between myself and the Debtors.

13.  I do not have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14.  I, my counsel, and my advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.     Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore,  I confirm that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026

Andrew Shlensky
Individually, as Buyer
Under the Asset Purchase Agreement

4

**Exhibit 10**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

|  |  |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

### DECLARATION OF DAVID LIGHT IN SUPPORT OF SALE

I, David Light, declare under penalty of perjury as follows:

1.      I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement by and among FW CampCo LLC, MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc., (II) Authorizing the Sale of Substantially All Assets of MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. Free and*

---

[1]   A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.  I am the President of FW CampCo LLC (along with its affiliates, "Buyer").  FW CampCo LLC is the Buyer under the Asset Purchase Agreement.

3.  Buyer was represented by counsel and negotiated the Transactions at arm's length, in good faith, and without collusion.

4.  I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transactions on behalf of any of the Debtors including the Sellers, or any of their parent companies.

5.  The Buyer is a strategic buyer led by professionals with extensive experience investing in operationally-intensive real estate assets, amongst many other sectors including schools.  Subject to any required permits and authorizations, Buyer intends to work with the Sellers to achieve a seamless transition and uninterrupted operation of Mohawk Country Day School and Mohawk Day Camp.

6.  The Buyer is financially capable of consummating the Transactions and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

7.  On July 17, 2026, the Buyer delivered a Qualified Bid to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

8.  Buyer participated in the Auction to purchase the Acquired Assets.

9.  On August 4, 2026, the Debtors announced that Buyer is the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

10.  I confirm that neither Buyer nor I have engaged in any collusion with respect to the Transactions.  Additionally, except as previously disclosed and consented to by the Debtors, Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, other than other affiliates of Buyer.

11.  Neither Buyer nor I am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between  Buyer or myself and the Debtors.

12.  Neither Buyer nor I have any agreements with any insiders of the Debtors regarding the Transactions that have not been disclosed to the Debtors or this Court.

13.  Buyer and Buyer's counsel have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

14.  Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

15.     Furthermore,  Buyer confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transactions is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 7, 2026          */s/ David Light*_____
                                    David Light
                                    President
                                    FW CampCo LLC

4

**<u>Exhibit 11</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

---

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

---

### DECLARATION OF MARIO DEL CUETO IN SUPPORT OF SALE

I, Mario Del Cueto, declare under penalty of perjury as follows:

1.     I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Eagle's Landing Day Camp LLC and Mill Road Landco LLC and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and*

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2]   I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.   I am the Buyer under the Asset Purchase Agreement.  I submitted my bid, participated in the Auction, and was named the Successful Bidder in my individual capacity.  As permitted by Section 10.06 of the Asset Purchase Agreement, prior to the Closing I intend to assign the Asset Purchase Agreement to one or more legal entities formed for the purpose of consummating the Transaction, each of which will be owned and controlled by me.  I will provide the Sellers with written notice of any such assignment in accordance with Section 10.06 of the Asset Purchase Agreement.

3.   Except as set forth in this paragraph, I have never been employed by any of the Debtors and have no business relationship with any of the Debtors, including the Sellers.[3]   I am not, and have never been, a director, officer, or person in control of any of the Debtors.  I am currently the Assistant Director of Black Bear Lake Day Camp in Millstone, New Jersey, which is not affiliated with the Debtors.

4.   I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.   I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement, or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.
[3] For the avoidance of doubt, in the summer of 2023, I had a seasonal, non-managerial role as an independent contractor at Mohawk Day Camp. That engagement concluded in 2023.

2

6.      I am a strategic buyer with substantial experience in the summer camp industry.  I have thirteen summers of camp experience.  I hold a dual M.B.A./M.A. from Stanford University's Graduate School of Business and Graduate School of Education, and I worked as a management consultant at Bain & Company.  I currently serve as Assistant Director at Black Bear Lake Day Camp in Millstone, New Jersey.  I am the founder of The Camp Consultant, through which I have toured camp sites, attended and presented at industry conferences, and consulted for numerous summer camps.  I also co-founded and served as Director of Mountain Camp Marin, which I grew from no campers to 242 campers in its first year and in which I doubled camper-weeks in its second year.

7.      I am financially capable of consummating the Transaction and have more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.      On July 17, 2026, I delivered a Qualified Bid to the Debtors to acquire the Eagle's Landing Day Camp Sale Package.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.      I participated in the Auction, which commenced on July 28, 2026 and continued through August 3, 2026, to purchase the Acquired Assets.

10.     On August 4, 2026, the Debtors announced that I am the Successful Bidder with respect to the Acquired Assets.  *See Docket No. 789.*

11.     I confirm that I have not engaged in any collusion with respect to the Transaction. Additionally, I did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transaction, except as previously disclosed and consented to by the Debtors.

3

12.     I am not an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between myself and the Debtors.

13.     I do not have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14.     I, my counsel, and my advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.     Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore, I confirm that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026

Signed by:

Mario Del Cueto
D1F83A1D5A364E6...

Mario Del Cueto
Individually, as Buyer
under the Asset Purchase Agreement

4

**Exhibit 12**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

---

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

## DECLARATION OF JAY FREEDMAN IN SUPPORT OF SALE

I, Jay Freedman, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement by and Between Camp Green Lane, LLC as Buyer, and Debtors Green Lane Operatingco, LLC and Green Lane Landco, LLC as Sellers; (II) Authorizing the Sale of the Acquired Assets Free and Clear of all Liens, Claims, and Encumbrances Pursuant to 11 U.S.C.*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

117309952\4

*§§ 363(b), and 363(f); (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365; and (IV) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.        I am a 50% owner of Camp Green Lane, LLC (the "Buyer").  The other 50% of the Buyer is owned by Adam Weiner.

3.        Mr. Weiner and I are currently co-operators of the Camp.  Together, Mr. Weiner and I collectively own 49% of Debtors Green Lane Operatingco, LLC and Green Lane Landco, LLC.

4.        Through its professionals, the Buyer negotiated the Transaction at arm's length, in good faith, and without collusion.

5.        I am not a managing member of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.        Mr. Weiner and I have been co-operators of the Camp since 2011, and we each spent summers there as teenagers.

7.        The Buyer is financially capable of consummating the Transaction and has sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.        On July 17, 2026, the Buyer delivered a Qualified Bid to the Debtors in accordance with the Bidding Procedures Order.  Since then, the Parties engaged in extensive negotiations over the terms of the APA.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, the APA, and/or the Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

2

9.      The Buyer participated in the Auction to purchase the Acquired Assets.

10.     On August 4, 2026, the Debtors announced that the Buyer is the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

11.     I confirm that neither the Buyer nor I engaged in any collusion with respect to the Transaction.  Additionally, the Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, except as previously disclosed and consented to by the Debtors.

12.     Neither the Buyer nor I is an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between the Buyer, myself, and the Debtors.

13.     Neither the Buyer nor I have any agreements with any insiders of the Debtors regarding the Transactions that have not been disclosed to the Debtors or this Court.

14.     The Buyer and its counsel have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the APA, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.     Based on the foregoing, I believe there should be a finding of good faith, and request that the Bankruptcy Court enter the proposed Sale Order and find that the APA was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore, the Buyer confirms that, following Closing, any personally identifiable information that may be included in the Acquired Assets will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that

3

117309952\4

consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2026          /s/ Jay Freedman
                                     Jay Freedman
                                     Member
                                     Camp Green Lane, LLC

4

117309952\4

**Exhibit 13**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* | |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## JOINT DECLARATION OF JACOB LABOVITZ AND KERRY LABOVITZ IN SUPPORT OF SALE

We, Jacob Labovitz and Kerry Labovitz, declare under penalty of perjury as follows:

1.    We are submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of WM CAMP, LLC and WM LAND, LLC and Clear of All Liens, Claims, and Encumbrances Pursuant to*

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2] We have personal knowledge of the facts set forth herein and if called to testify we can do so competently.

2.      We are the members and sole or controlling owners of Red Pines, LLC ("Red Pines"), the Buyer under the Asset Purchase Agreement.

3.      We are currently minority equity members of the Sellers and serve as the current operators of the Camp Business (as such term is defined in the APA) commonly known as Windsor Mountain Summer Camp located at One World Way, Windsor, New Hampshire.

4.      We have our own independent counsel, Buchanan Ingersoll & Rooney, P.C., and we have negotiated the Transaction and the APA at arm's length, in good faith, transparently and entirely without collusion.

5.      Although we are minority members of the Seller and operators of the Camp Business, neither we nor the Buyer are managers of any of the Debtors, including the Sellers, and we did not authorize (and have no legal authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.      As the operators of the Camp Business, our primary objective in entering into this Transaction is to ensure the absolute operational continuity of the Windsor Mountain Summer Camp for its campers, families, staff, counselors, and local vendors.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

7.      The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.      On July 16, 2026, the Buyer delivered a non-binding expression of interest to the Debtors.  Since then, the parties have engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.      The Buyer actively participated in the court-supervised Auction to purchase the Acquired Assets conducted in accordance with the Bidding Procedures Order. The Auction featured active bidding and robust participation from independent, third-party bidders.

10.     At the conclusion of the Auction, the Debtors analyzed all bids for the Acquired Assets and determined that Red Pine's bid for the Acquired Assets represented the "highest and best" bid for these assets.  Accordingly, Red Pine was selected as the Successful Bidder.  *See* Docket No. 789.  We confirm that neither Red Pines nor we have engaged in any collusion, manipulation or unfair behavior with respect to the Transaction and/or the Auction.  Additionally, the Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, except as previously disclosed and consented to by the Debtors.

11.     We acknowledge that as minority owner of the Sellers and operators of the Camp Business, we and the Buyer constitute an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code However, as set forth herein, our relationship has been fully disclosed, and the Transaction was subject to a rigorous, open-market competitive auction process that successfully neutralized any insider advantage and established that the Purchase Price reflects the fair market value of the Acquired Assets.

3

12.     Neither Red Pine nor we have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

13.     Red Pines, its counsel, and its advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement and complied with the Bidding Procedures Order and the proposed Sale Order.

14.     Based on the foregoing, we believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

15.     Furthermore, Red Pines confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction[s] is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9, 2026            */s/ Jacob Labovitz*
                                      JACOB LABOVITZ
                                      Managing Member
                                      Red Pines, LLC

Executed on August 9, 2026            */s/ Kerry Labovitz*
                                      KERRY LABOVITZ
                                      Member
                                      Red Pines, LLC

5

**Exhibit 14**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

## DECLARATION OF NEIL MILANO IN SUPPORT OF SALE

I, Neil Milano, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Meadowbrook Operatingco LLC and Meadowbrook Landco LLC Clear of All Liens, Claims, and Encumbrances Pursuant to*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1

*11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.  I am the Manager of Coleman Investments LLC ("Coleman"), the Buyer under the Asset Purchase Agreement.

3.  I have no prior relationship with and have never been employed by the Debtors.

4.  Coleman has its own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.  I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.  The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

7.  On July 23, 2026, the Buyer delivered a non-binding expression of interest to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

8.  Coleman participated in the Auction to purchase the Acquired Assets.

9.  On August 4, 2026, the Debtors announced that Coleman was the Successful Bidder with respect to the Acquired Assets.  *See* Docket No. 789.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 Docket No. 298, as applicable.

2

4918-8443-5653, v. 4

10.	I confirm that neither Coleman nor I have engaged in any collusion with respect to the Transaction.  Additionally, neither Coleman nor I communicated with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transaction, other than other affiliates of Coleman.

11.	Neither Coleman nor I are an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between Coleman or myself and the Debtors.

12.	Neither Coleman nor I have any agreements with any insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

13.	Coleman and I, our counsel, John Capetta, Esq. and Mandelbaum Barrett PC, have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

14.	Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

15.	Furthermore, Coleman confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

3

4918-8443-5653, v. 4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Executed on August __, 2026

DocuSigned by:

Neil Milano
Manager
Coleman Investments LLC

4

4918-8443-5653, v. 4

**<u>Exhibit 15</u>**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

</td></tr>
<tr><td>

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

    Debtors.

</td><td>

Chapter 11

Case Nos. 26-16388 (CMG)

(Jointly Administered)

</td></tr>
</table>

## DECLARATION OF SETH HERSCHTHAL IN SUPPORT OF SALE

I, Seth Herschthal, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Bluestar Operating Co, LLC and Bluestar Landco, LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the*

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* (the "Sale Order").[2]  I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.      I am the Managing Member of New Blue StarOpco, LLC., the buyer (the "Buyer") under the Asset Purchase Agreement.

3.      I am currently employed by the Debtors as the Camp Director and Operator of the Bluestar Camp, along with my wife, Lauren Popkin Herschthal.

4.      I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

5.      I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors including the Sellers, or any of their parent companies.

6.      My wife and I each currently own a 15% equity interest in the Sellers.

7.      The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.      On July 17, 2026, the Buyer delivered a non-binding expression of interest to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

9.      Buyer participated in the Auction to purchase the Acquired Assets.

10.     On August 4, 2026, as set forth in a notice filed with the Court, the Debtors announced Buyer as the Successful Bidder with respect to the Acquired Assets.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

11.     I confirm that neither Buyer nor I have engaged in any collusion with respect to the Transaction.  Additionally, Buyer did not communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, except as previously disclosed and consented to by the Debtors.

12.     Neither Buyer nor I am an "insider" or "affiliate" of any of the Debtors, except the Sellers as disclosed herein, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between Buyer, myself and the Debtors.

13.     Neither Buyer nor I have any agreements with any other insiders of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14.     The Buyer and I,  as well as all professional legal and financial advisors to the Buyer have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15.     Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

16.     Furthermore, Buyer and I confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors.  Therefore, I believe that consummation of the Transaction[s] is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.


Executed on August 9, 2026

_/s/ Seth Herschthal_____
Seth Herschthal
Managing Member
New Bluestar Opco LLC

4