**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

### SECOND NOTICE OF FILING OF BUYER DECLARATIONS IN SUPPORT OF THE PROPOSED SALES

**PLEASE TAKE NOTICE** that, on August 9, 2026, the Debtors submitted certain declarations in support of entry of sale orders approving the sale transactions for certain of the Debtors' camp assets. *See* Docket No. 830.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit 1** is the *Declaration of David Brecher in Support of Sale* in support of the proposed Sale of Camp Lavi.

---

[1]    A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD.  The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Dated: August 10, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email:      msirota@coleschotz.com
             wusatine@coleschotz.com
             dbass@coleschotz.com
             fyudkin@coleschotz.com
             dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

**<u>Exhibit 1</u>**

**<u>Exhibit 1</u>**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 26-16388 (CMG)<br><br>(Jointly Administered) |

## DECLARATION OF DAVID BRECHER IN SUPPORT OF SALE

I, David Brecher, declare under penalty of perjury as follows:

1.      I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement, (II) Authorizing the Sale of Substantially All Assets of Lavco LLC and Lavland LLC and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), and 363(m), (III) Authorizing the Assumption and Assignment*

---

[1]      A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, (IV) Approving Related Releases and Findings Pursuant to 11 U.S.C. §§ 105(a) and Rule 9019, and (V) Granting Related Relief* (the "Sale Order").[2] I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2.     I am a Director and the Authorized Representative of Ohel Children's Home and Family Services, Inc. ("Ohel"), the [Buyer] under the Asset Purchase Agreement.

3.     I have never had and do not now have any prior relationship/employment with the Debtors.

4.     I [have my own counsel and] negotiated the Transaction[s] at arm's length, in good faith, and without collusion.

5.     I am not a manager of any of the Debtors, including the Seller[s], and I did not authorize (and have no authority to authorize) the Transaction[s] on behalf of any of the Debtors including the Seller[s], or any of their parent companies.

6.     The Buyer is a strategic buyer with more than 15 years of experience relevant to the owners and operation of summer camp as the sole member of the owner/operator of Camp Kaylie.

7.     The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

8.     On July 28, 2026, the Buyer delivered a binding bid, for the purchase of the Camp Lavi assets, to the Debtors.  Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

9. Ohel participated in the Auction to purchase the Acquired Assets.

10. On August 4, 2026, the Debtors announced that Ohel was the Successful Bidder with respect to the Acquired Assets. *See* Docket No. [_____].

11. I confirm that neither Ohel nor I have engaged in any collusion with respect to the Transaction. Additionally, Ohel did not prior to the Auction communicate with any other Qualified Bidder interested in the Acquired Assets and did not take any actions or have any discussions with third parties about the Transactions, other than other affiliates of Ohel, except as previously disclosed and consented to by the Debtors.

12. Neither Ohel nor I is/am an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and except as otherwise set forth herein, no common identity of incorporators, officers, directors, or stockholders exists between Ohel or myself and the Debtors.

13. Neither Ohel nor I has any agreement with any insider of the Debtors regarding the Transaction that have not been disclosed to the Debtors or this Court.

14. I, Ohel, and my and Ohel's counsel, and my and Ohel's advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

15. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

3

16. Furthermore, Ohel confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10, 2026

David Brecher
Director and the Authorized Representative
For Ohel Children's Home and Family Services, Inc.

4