**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Order Filed on September 30, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**FAEGRE DRINKER BIDDLE & REATH LLP**
Michael P. Pompeo
600 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000 (Telephone)
(973) 360-9831 (Facsimile)
michael.pompeo@faegredrinker.com

-and-

Ian J. Bambrick (*pro hac vice*)
Patrick A. Jackson (*pro hac vice*)
Sarah E. Silveira (*pro hac vice*)
222 Delaware Ave. Suite 1410
Wilmington, DE 19801
(302) 467-4200 (Telephone)
(302) 467-4201 (Facsimile)
ian.bambrick@faegredrinker.com
patrick.jackson@faegredrinker.com
sarah.silveira@faegredrinker.com

*Counsel to the DAMIS Debtors and Debtors in Possession*

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Adam C. Rogoff (*pro hac vice*)
Megan M. Wasson (*pro hac vice*)
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100 (Telephone)
(212) 715-8000 (Facsimile)
adam.rogoff@hsfkramer.com
megan.wasson@hsfkramer.com

*Co-Counsel to the DAMIS Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>DAMIS Holdings LLC, *et al.*,<br><br>Debtors | Chapter 11<br><br>Case No. 26-16439 (CMG)<br><br>(Jointly Administered) |

**ORDER EXTENDING THE DEADLINE FOR THE DAMIS DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED.**

**DATED: September 30, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (the "DAMIS Debtors")[2] for entry of an order (this "Order"), pursuant to section 365(d)(4) of the Bankruptcy Code, granting the Initial DAMIS Debtors[3] an extension, through and including December 31, 2026, of the statutory deadline for the Initial DAMIS Debtors to assume or reject the Real Property Leases; and upon consideration of the Motion and all pleadings related thereto; and the Court having found that due and proper notice of the Motion has been given and no other or further notice of the Motion is required under the circumstances; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 1334 and 157, and the Standing Order; and the Court having found that this Court's consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b), and that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found and determined that the relief requested in the Motion and provided for herein is in the best interest of the DAMIS Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS/. The location of DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[3] For the avoidance of doubt, the relief requested hereby applies to the DAMIS Debtors that commenced their Chapter 11 Cases on June 4, 2026 (the "Initial DAMIS Debtors").

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365(d)(4)(B) of the Bankruptcy Code, the deadline under section 365(d)(4)(A) for the Initial DAMIS Debtors to assume or reject the Real Property Leases is hereby extended through and including December 31, 2026 (the "Assumption/Rejection Period"); provided that if the DAMIS Debtors file a motion to assume or reject a Lease prior to such date, the time period within which the DAMIS Debtors must assume or reject such Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3. The DAMIS Debtors shall perform all the obligations of the DAMIS Debtors arising from and after the order for relief under any Real Property Lease, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of the Bankruptcy Code, including any ground rents and tax payments.

4. The entry of this Order shall be without prejudice to the rights of the Initial DAMIS Debtors to seek further extension of the Assumption/Rejection Period in accordance with section 365(d)(4)(B)(ii) of the Bankruptcy Code.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The DAMIS Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.