**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**SIMAD DEBTORS' EMERGENCY MOTION FOR ENTRY OF A SUPPLEMENTAL ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF MOHAWK COUNTRY DAY SCHOOL INC. AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE JUDGE CHRISTINE M. GRAVELLE
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") respectfully submit

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

the *Declaration of Assaf Ravid in Support of the SIMAD Debtors' Emergency Motion For Entry of a Supplemental Order (I) Authorizing the Sale of Substantially All Assets of Mohawk Country Day School Inc. and (II) Granting Related Relief* (the "Ravid Declaration") and state the following in support of this motion (the "Motion"):[2]

## RELIEF REQUESTED

1. The SIMAD Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Supplemental Mohawk Sale Order"), supplementing the Mohawk Sale Order (as defined below) to provide that the Sale Transaction complies with New York Not-For-Profit Law ("N-PCL") §§ 510–511 because (a) the consideration and the terms of the sale of the assets (the "School Assets") of Mohawk Country Day School (the "School") are fair and reasonable to the School and (b) the purposes of the School will be promoted by the sale of the School Assets.

## JURISDICTION AND VENUE

2. This United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). The SIMAD Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

[2] A detailed description of the SIMAD Debtors and their business, including the facts and circumstances giving rise to the SIMAD Debtors' chapter 11 cases, is set forth in the *Declaration of Assaf Ravid, in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 62]. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration, the Bidding Procedures Order, or the Mohawk Sale Order (each as defined below).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105, 363, and 541 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

**BACKGROUND**

5. On June 4 and 5, 2026 (the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 9, 2026, the Office of the U.S. Trustee appointed the Committee in these Chapter 11 Cases (the "Committee"). [Docket No. 438].

6. A detailed description of the SIMAD Debtors and their businesses, including the facts and circumstances giving rise to the SIMAD Debtors' Chapter 11 Cases is set forth in the First Day Declaration, which is incorporated herein by reference.

7. On June 26, 2026, the Court entered an order granting the relief set forth in the SIMAD Debtors' motion to establish bidding procedures in connection with the sale process and approving the bidding procedures contemplated thereby [Docket No. 298] (the "Bidding Procedures Order").

8. Pursuant to the Bidding Procedures Order, on July 28 through July 30, 2026, the SIMAD Debtors held an auction of the SIMAD Debtors' various camp assets. Following the auction, the SIMAD Debtors submitted the *Declaration of J. Scott Victor in Support of Entry of*

*Sale Orders Approving the Sale Transaction(s) For Certain of the SIMAD Debtors' Camp Asset* [Docket No. 825] (the "Victor Declaration"), which provided the factual predicate for approval, among other transactions, the Sale Transaction between the Mohawk entities and FW Campco LLC. Among other things, the Victor Declaration detailed the marketing and sale process, the conduct of the auction, the SIMAD Debtors' process for obtaining the highest and best offers for the SIMAD Debtors' assets, and the results of the auction.

9. On August 10, 2026, the Court held the sale hearing and, on the record at that hearing, including the Victor Declaration, approved the sale of certain of the camp assets (the "Sale Hearing").

10. On August 14, 2026, the Court entered the *Order (I) Approving Asset Purchase Agreement By and Among FW Campco LLC, Mohawkcampco LLC, Mohawkland LLC, and Mohawk Country Day School, Inc., (II) Authorizing the Sale of Substantially All Assets of Mohawkcampco LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* [Docket No. 860] (the "Mohawk Sale Order").

11. Consistent with the Victor Declaration, the Mohawk Sale Order contains the following factual findings:

> E. Sound Business Purpose. The Debtors have demonstrated a sound business purpose and compelling justification for consummating the sale of the Acquired Assets (as defined in the APA) to the Buyer under 11 U.S.C. § 363(b). . . . The Debtors' decision to sell the Acquired Assets outside of a plan of reorganization pursuant to the procedures approved in the Bidding Procedures Order was an exercise of the Debtors' sound business judgment, is in the best

interests of the Debtors, their estates, their creditors, and all parties in interest, and should be approved.

G. Arm's Length Transaction; Good Faith Purchaser. The APA was negotiated, proposed, and entered into by the Sellers and the Buyer without collusion, in good faith, and from arm's length bargaining positions.

I. Sale Process; Consultation. The Debtors, in consultation with the Consultation Parties (as defined in the Bidding Procedures Order), including counsel to Mishmeret Trust Company Ltd., in its capacities as DIP Agent and as trustee for the Series A Bondholders, and the Committee, conducted a marketing and sale process for the Acquired Assets in accordance with the Bidding Procedures Order. Accordingly, the Buyer's bid, as reflected in the APA, constitutes the highest or otherwise best offer for the Acquired Assets.

12. Since the Sale Hearing and following entry of the Mohawk Sale Order, the SIMAD Debtors and the Buyer, FW Campco LLC, have been working diligently to consummate the Sale Transaction, including obtaining all of the necessary regulatory approvals. N-PCL §§ 510–511 are among the regulations that relate to the ownership and operation of the School due to its status as a not-for-profit corporation. These provisions, discussed below, generally provide that the sale, lease, exchange, or disposition of all or substantially all of the assets of a charitable not-for-profit corporation require specific internal authorization and external approval from either the New York Attorney General or the New York State Supreme Court.

13. Notwithstanding these statutory requirements, the Debtors have an emergent need to close the Sale Transaction with FW Campco LLC with respect to the School Assets and simply do not have the time or resources required to engage in the formal regulatory process provided in N-PCL §§ 510–511. Given that the Victor Declaration and the Court's factual findings in the Mohawk Sale Order already support the record necessary for approval under N-PCL §§ 510–511, as supplemented by the Ravid Declaration submitted with this Motion, the Debtors seek entry of the Supplemental Mohawk Sale Order providing that (a) the consideration and the terms of the

sale of the School Assets are fair and reasonable to the School and (b) the purposes of the School will be promoted by the sale of the School Assets.

14. ***Critically, the New York Attorney General has advised the Debtors that it does not object to the entry of the Supplemental Mohawk Sale Order.***

## BASIS FOR RELIEF

### A. This Court Should Enter the Supplemental Mohawk Sale Order Providing That the Sale Transaction Satisfies the Requirements of NY NFP §§ 510–511

15. Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to enter into a transaction outside the ordinary course of its business so long as there is a "sound business purpose" that justifies such action. *See* 11 U.S.C. § 363(b)(1); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("[U]nder normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification.") (citation omitted); *Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near Herculean task"); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (holding that judicial approval under section 363 of the Bankruptcy Code requires a showing that there is a good business reason).

16. With respect to non-profit entities, section 363(d)(1) provides that the trustee (or debtor in possession) may sell property under subsection (b) or (c) in the case of a non-profit corporation "only in accordance with nonbankruptcy law applicable to the transfer of property by a debtor that is such a corporation or trust; and only to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362." 11 U.S.C. § 363(d)(1). In addition, section 541(f) of the Bankruptcy Code provides that, notwithstanding any other provisions of the Bankruptcy Code, property that is held by a debtor that is a not-for-profit corporation, exempt from

tax under the Internal Revenue Code, "may be transferred to an entity that is not such a corporation, but only under the same conditions as would apply if the debtor had not filed a case under this title." 11 U.S.C. § 541(f).

17. Here, the School is a not-for-profit that is subject to the Not-For-Profit Corporation Laws in New York. In the context of a disposition of all or substantially all of a not-for-profit corporation's assets, N-PCL § 510 provides for a process that governs for authorization of a sale transaction. N-PCL § 510. In turn, N-PCL § 511 defines the content of the petition that must be filed with the New York State Court for approval of the subject transaction. N-PCL § 511. Specifically, section 511(a) provides that the petition shall set forth the following information:

1. The name of the corporation, the law under or by which it was incorporated.

2. The names of its directors and principal officers, and their places of residence.

3. The activities of the corporation.

4. A description, with reasonable certainty, of the assets to be sold, leased, exchanged, or otherwise disposed of, or a statement that it is proposed to sell, lease, exchange or otherwise dispose of all or substantially all the corporate assets more fully described in a schedule attached to the petition; and a statement of the fair value of such assets, and the amount of the corporation's debts and liabilities and how secured.

5. The consideration to be received by the corporation and the disposition proposed to be made thereof, together with a statement that the dissolution of the corporation is or is not contemplated thereafter.

6. That the consideration and the terms of the sale, lease, exchange or other disposition of the assets of the corporation are fair and reasonable to the corporation, and that the purposes of the corporation, or the interests of its members will be promoted thereby, and a concise statement of the reasons therefor.

7. That such sale, lease, exchange or disposition of corporate assets, has been recommended or authorized by vote of the directors in accordance with law, at a meeting duly called and held, as shown in a schedule annexed to the

petition setting forth a copy of the resolution granting such authority with a statement of the vote thereon.

8. Where the consent of members of the corporation is required by law, that such consent has been given, as shown in a schedule annexed to the petition setting forth a copy of such consent, if in writing, or of a resolution giving such consent, adopted at a meeting of members duly called and held, with a statement of the vote thereon.

9. A request for court approval to sell, lease, exchange or otherwise dispose of all or substantially all the assets of the corporation as set forth in the petition.

N-PCL § 511(a).

18. At least one court has held that bankruptcy courts are authorized to decide whether a transaction satisfies section 511 of the N-PCL because such courts have "exclusive jurisdiction over the estate and the disposition of its assets." *In re HHH Choices Health Plan, LLC*, 554 B.R. 697, 700 (Bankr. S.D.N.Y. 2016).

19. In light of the sale of School Assets to FW Campco LLC, the SIMAD Debtors require entry of a Court order providing that the Sale Transaction satisfies the requirements of NY N-PCL §§ 510–511. As in *HHH Choices*, this Court can and should determine whether the Sale Transaction satisfies N-PCL § 511(a) in light of its control over the assets of the SIMAD Debtors' estates and the disposition of assets under sections 541(a) and 363(b) of the Bankruptcy Code, respectively. *See HHH Choices*, 554 B.R. at 702. The record of these chapter 11 cases—including the Victor Declaration, the Ravid Declaration, and the Court's factual findings in the Mohawk Sale Order—support the Court's approval under N-PCL §§ 510–511. As a result, the Court should enter the Supplemental Mohawk Sale Order as proposed.

**B. Relief Under Bankruptcy Rules 6004(h) and 6006(d) is Appropriate**

20. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed for 14 days after the order is entered." Additionally, Bankruptcy Rule

6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease ... is stayed for 14 days after the order is entered." The SIMAD Debtors request that the Supplemental Sale Order be effective immediately upon its entry by providing that the 14-day stays under Bankruptcy Rules 6004(h) and 6006(d) are waived.

21. The purpose of Bankruptcy Rules 6004(h) and 6006(d) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h) and 6006(d). Although Bankruptcy Rules 6004(h) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, the leading treatise on bankruptcy suggests that the 14-day stay should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to procedure." 10 *Collier on Bankruptcy* 6004.10 (15th rev. ed. 2006). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

22. To allow the Sale Transaction to close promptly following entry of the Supplemental Mohawk Sale Order, the SIMAD Debtors hereby request that the Court waive the 14-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

**NO PRIOR REQUEST**

23. No previous motion for the relief sought herein has been made to this or any other Court.

**NOTICE**

24. The SIMAD Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the

Mishmeret Trust Company; (c) Counsel for the Committee; (d) any known secured creditors; (e) the United States Attorney's Office for the District of New Jersey; (f) the Internal Revenue Service; (g) the attorney general in the states where the SIMAD Debtors conduct business operations, including New York; (h) the New York State Education Department; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (j) counsel to FW Campco LLC. The SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the SIMAD Debtors respectfully request that the Court enter the Proposed Order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: October 2, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**SUPPLEMENTAL ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF MOHAWK COUNTRY DAY SCHOOL INC. AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), including MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. (the "School" and, together with MohawkCampCo LLC and Mohawkland LLC, the "Sellers"), for entry of an order (this "Supplemental Order") supplementing the *Order (I) Approving Asset Purchase Agreement by and among FW CampCo LLC, MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc., (II) Authorizing the Sale of Substantially All Assets of MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* [Docket No. 860] (the "Sale Order")[2] to make findings pursuant to sections 363(d)(1) and 541(f) of title 11 of the United States Code (the "Bankruptcy Code") and sections 510 and 511 of the New York Not-for-Profit Corporation Law (the "N-PCL") with respect to the sale of the assets of the School set forth in the APA (the "School Assets") and reflected in the Schedules of Assets and Liabilities for Mohawk Country Day School, Inc. [Docket No. 756][3] to FW CampCo LLC (together with any successor and permitted assigns, or designees, the "Buyer"), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

2 Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Sale Order, the Asset Purchase Agreement approved thereby (the "APA"), or the Motion, as applicable.

3 Details on the School Assets may also be found in the Schedules of Assets and Liabilities for Mohawk Country Day School, Inc. [Docket No. 756].

*Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, including as to the Office of the Attorney General of the State of New York, Charities Bureau (the "New York Attorney General") and the New York State Education Department ("SED"), and that no other notice need be provided; and this Court having reviewed the Motion, the *Declaration of Assaf Ravid in Support of the SIMAD Debtors' Emergency Motion For Entry of a Supplemental Order (I) Authorizing the Sale of Subtantially All Assets of Mohawk Country Day School Inc. and (II) Granting Related Relief* (the "Ravid Declaration"), the *Declaration of David Light in Support of Sale* [Docket No. 830, Exhibit 10], and the *Declaration of J. Scott Victor in Support of the Sale* [Docket No. 825] (the "Victor Declaration"), and having heard the statements and evidence in support of the relief requested therein at a hearing before this Court held on October 5, 2026 (the "Hearing"); and upon the record of the hearing on the sale held on August 10, 2026 (the "Sale Hearing") and all of the proceedings had before this Court; and no objections to the Motion having been filed; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Jurisdiction and Venue. This Court has jurisdiction over the Debtors' chapter 11 cases, including this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the District of New Jersey. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court retained jurisdiction under paragraph 24 of the Sale Order to enforce and implement the Sale Order and to resolve any disputes arising thereunder.

B. Statutory Predicates. The statutory predicates for the relief granted herein are sections 105(a), 363(b), 363(d)(1), and 541(f) of the Bankruptcy Code, N-PCL §§ 510 and 511, and Bankruptcy Rules 6004 and 9014.

C. Notice. Proper, timely, adequate, and sufficient notice of the Motion, the relief requested therein, and the Hearing has been provided in accordance with the Order Shortening Time entered by this Court. The notice provided to all known creditors of the School of the motion to approve the sale [Docket No. 227], the Sale Hearing, the Sale Order, the Motion, and the Hearing in these chapter 11 cases satisfies N-PCL § 511(c), and no further notice to creditors is required under N-PCL § 511(c). The New York Attorney General has been afforded a reasonable opportunity to object and to be heard and has advised the Debtors that it does not object to the entry of this Supplemental Order. The New York Attorney General has waived the fifteen (15) days' notice to which it is entitled under N-PCL § 511 with respect to the Motion and the Hearing, solely for the purposes of the Motion and the relief granted in this Supplemental Order in these chapter 11 cases and without prejudice to its right to receive such notice in any other matter. To the extent any

other applicable rule would require a longer notice period as to any other party in interest, cause exists to shorten such period pursuant to Bankruptcy Rule 9006(c), and the notice provided is sufficient. Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice is required.

D. The School. The School is a not-for-profit education corporation organized under the laws of the State of New York and chartered by the Board of Regents of The University of the State of New York. The School is a charitable corporation within the meaning of N-PCL § 102(a)(3-a) and is a corporation that is not a moneyed, business, or commercial corporation within the meaning of section 363(d)(1) of the Bankruptcy Code.

E. Corporate Authority. The School has full corporate power and authority to execute the APA and all other documents contemplated thereby and to consummate the sale of the School Assets, and the sale of the School Assets has been duly authorized by all necessary corporate action on the part of the School, including the approval required by N-PCL § 510(a)(1). No consents or approvals, other than those expressly provided for in the APA and this Supplemental Order, are required for the School to consummate the sale of the School Assets, except for any licensing, chartering, or other regulatory approvals required for the Buyer (or its designee) to operate the School following the Closing, which are not affected by this Supplemental Order.

F. Consideration Fair and Reasonable. The consideration to be received for the School Assets, and the terms and conditions of the sale of the School Assets, are fair and reasonable within the meaning of N-PCL § 511(d). The sale of the School Assets is in the best interests of the School,

its creditors, and its estate under applicable bankruptcy and nonbankruptcy law, specifically including N-PCL §§ 510 and 511.

G. Purposes of the School Promoted. The sale of the School Assets promotes the purposes of the School and the interests of its members.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Supplementation of the Sale Order. Pursuant to sections 105(a), 363(b), 363(d)(1), and 541(f) of the Bankruptcy Code, the Sale Order is hereby supplemented solely to add the findings and determinations set forth herein with respect to the School Assets, and the Sale Order shall be read together with this Supplemental Order.

3. N-PCL §§ 510 and 511 Determinations. Pursuant to sections 363(d)(1) and 541(f) of the Bankruptcy Code and N-PCL § 511(d), this Court finds and determines that (a) the consideration and the terms of the sale of the School Assets are fair and reasonable to the School, and (b) the purposes of the School will be promoted by the sale of the School Assets. The sale of the School Assets to the Buyer (or its designee) pursuant to the APA and the Sale Order complies with applicable nonbankruptcy law governing the transfer of the School Assets, specifically including N-PCL §§ 510 and 511, and is approved pursuant to N-PCL §§ 510 and 511.

4. No Further Court Approval Required. Pursuant to section 1221(e) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, and this Court having made the determinations required by N-PCL § 511 on notice to the New York Attorney General, no application to, or approval of, the Supreme Court of the State of New York, any county court, ,

or any other court is required as a condition to the consummation of the sale of the School Assets to the Buyer, and the Sellers and the Buyer (or its designee) are authorized to consummate the sale of the School Assets without any such application to or approval of any such court.

5. Sale Order Otherwise Unmodified. Nothing in this Supplemental Order shall be deemed to alter, modify, or amend the Sale Order or the APA except as expressly set forth herein, and the Sale Order shall otherwise remain in full force and effect. To the extent there is any inconsistency between the terms of the Sale Order and this Supplemental Order, the terms of this Supplemental Order shall govern; *provided*, *however*, that nothing herein shall limit or impair any right, protection, or finding in favor of the Buyer (or its designee) under the Sale Order.

6. Notice. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of N-PCL § 511(b), Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice, including in light of the New York Attorney General's Waiver described above.

7. Waiver of Stay. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Supplemental Order shall be effective and enforceable immediately upon entry hereof.

8. Authorization. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Supplemental Order.

9. Notice to the New York Attorney General. Within three (3) business days after entry of this Supplemental Order, the Debtors shall serve a copy of this Supplemental Order on the New York Attorney General. The Debtors shall provide written notice to the New York Attorney

General (a) within five (5) business days after agreement between Buyer and Sellers pursuant to the terms of the APA, which notice shall state (i) the date of the Closing, (ii) the portion of the Purchase Price allocated to the School Assets, if any, and (iii) the application of the proceeds of the sale of the School Assets in accordance with the Sale Order and any other applicable order of this Court, and shall attach a copy of the closing statement; (b) promptly if the sale of the School Assets is abandoned or the APA is terminated; or (c) if the Closing has not occurred within ninety (90) days after entry of this Supplemental Order, within five (5) business days after the expiration of such ninety (90) day period, which notice shall describe the status of the sale. All service and notices required by this paragraph shall be made by first-class mail and electronic mail to: Office of the Attorney General of the State of New York, Charities Bureau, 28 Liberty Street, New York, New York 10005, Attn: Nelida Lara, Nelida.Lara@ag.ny.gov, or to such other person or address as the New York Attorney General may designate in writing.

10. Retention of Jurisdiction. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Supplemental Order and the sale of the School Assets.