**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF ASSAF RAVID IN SUPPORT OF SIMAD DEBTORS' EMERGENCY MOTION FOR ENTRY OF A SUPPLEMENTAL ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF MOHAWK COUNTRY DAY SCHOOL INC. AND (II) GRANTING RELATED RELIEF**

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

I, Assaf Ravid, hereby declare as follows:

1. I presently serve as Chief Restructuring Officer (the "CRO") for the SIMAD Debtors pursuant to an engagement letter dated as of June 2, 2026. I am authorized to submit this declaration (the "Declaration") on behalf of the SIMAD Debtors in support of approval of the *SIMAD Debtors' Emergency Motion for Entry of a Supplemental Sale Order (I) Authorizing the Sale of Substantially All Assets of Mohawk Country Day School Inc. and (II) Granting Related Relief* (the "Motion").[2]

2. Unless otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, my discussions with the SIMAD Debtors' professionals, or other interested parties, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the SIMAD Debtors' operations and financial affairs. If I were called to testify, I would testify competently to the facts set forth herein. I am over the age of 18 years and authorized to submit this Declaration.

3. By way of the Motion, the SIMAD Debtors seek entry of an Order supplementing the Mohawk Sale Order to provide that the Sale Transaction complies with N-PCL and that the purposes of Mohawk Country Day School will be promoted by the Sale Transaction. This approval is necessary to allow the parties to promptly close the Sale Transaction.

4. In accordance with the N-PCL, the SIMAD Debtors seek to supplement the record to comply with N-PCL §§ 510–511. In that regard, the SIMAD Debtors attest that:

(a) Mohawk Country Day School, Inc. is a New York not-for-profit education corporation. Mohawk Country Day School is a private pre-

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Motion.

school located in White Plains, New York for children aged two through six.

(b) The members of the Board of Trustees of Mohawk Country Day School consist of Michael Shabsels, David Shabsels and Adam Wallach.

(c) Pursuant to the Written Consent of the Board of Trustees of Mohawk Country Day School, Inc. dated June 5, 2026 [Case No. 26-16568, Docket No. 1], I was authorized to, among other things, take and perform all acts necessary to effectuate the successful prosecution of the Chapter 11 cases and the effective restructuring or liquidation of the SIMAD Debtors' assets.

(d) Following confirmation of a Chapter 11 plan and termination of any transition services agreements with the Buyer, the SIMAD Debtors intend to dissolve Mohawk Country Day School and surrender the charter in accordance with applicable New York law.

(e) As set forth on the record of the Sale Hearing, the purposes of Mohawk Country Day School and the interests of its members will be promoted by the sale due to the Buyer's intention to continue operating the school.

5. Based on the foregoing, I believe that the SIMAD Debtors have satisfied N-PCL §§ 510–511.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 2, 2026

By: *s/ Assaf Ravid*

Assaf Ravid
Chief Restructuring Officer
SIMAD Holdings, Ltd.