**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**Order Filed on October 1, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE, EXTENDING THE DEADLINE FOR THE SIMAD DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

**DATED: October 1, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon the *SIMAD Debtors' Motion for Entry of an Order Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending the Deadline for the SIMAD Debtors to Assume or Reject Unexpired Leases of Non-Residential Real Property* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"), for entry of an order (this "Order"): (a) granting the SIMAD Debtors a ninety (90) day extension of the statutory deadline for the Debtors to assume or reject any leases, subleases, and other agreements under which any SIMAD Debtor is a lessee and that may be considered unexpired leases of non-residential real property under applicable law (collectively, the "Leases"); and (b) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the SIMAD Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"), if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 365(d)(4) of the Bankruptcy Code, the deadline under section 365(d)(4) of the Bankruptcy Code for the SIMAD Debtors to assume or reject any Leases is hereby extended: (i) for the SIMAD Debtors who filed voluntary petitions commencing their Chapter 11 Cases on June 4, 2026, through and including **December 31, 2026**, and (ii) for the SIMAD Debtors who filed voluntary petitions commencing their Chapter 11 Cases on June 5, 2026, through and including **January 4, 2027** (collectively, the "**Assumption/Rejection Period**"); *provided that* if the SIMAD Debtors file a motion to assume or reject a Lease prior to such date, the time period within which the SIMAD Debtors must assume or reject such Lease pursuant to section 365(d)(4)(B)(i) of the Bankruptcy Code shall be deemed extended through and including the date that the Court enters an order granting or denying such motion.

3. This Order shall be without prejudice to the SIMAD Debtors' rights to seek a further extension of the Assumption/Rejection Period in accordance with section 365(d)(4) of the Bankruptcy Code.

4. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or

otherwise of a type specified or defined in the Motion or the relief granted in this Order; (e) an implication, admission or finding that any particular lease, contract, instrument, or other document constitutes an unexpired lease of nonresidential real property subject to the provisions of section 365(d)(4) of the Bankruptcy Code; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (h) a waiver or limitation of the SIMAD Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (i) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (j) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (k) a waiver of the obligation of any party in interest to file a proof of claim.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of his Order are immediately effective and enforceable upon its entry.

8. The SIMAD Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

United States Bankruptcy Court

District of New Jersey

In re: Case No. 26-16388-CMG
SIMAD Holdings Ltd. Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1
Date Rcvd: Oct 01, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2026 Signature: /s/Gustava Winters