COLE SCHOTZ P.C.
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**Order Filed on September 30, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**ORDER RESOLVING LIMITED OBJECTION AND RESPONSE OF CONGREGATION TAL LEYISROEL TO DEBTORS' SALE MOTION AND NOTICE OF SUCCESSFUL BIDDERS, PARTICULARLY AS RELATING TO DEBTORS GREENVILLELAND LLC AND MALKA OPERATINGCO LLC**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

**ORDERED.**

**DATED: September 30, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS, LTD, *et al.* |
| Case No.: | 26-16388 (CMG) |
| Caption of Order: | ORDER RESOLVING LIMITED OBJECTION AND RESPONSE OF CONGREGATION TAL LEYISROEL TO DEBTORS' SALE MOTION AND NOTICE OF SUCCESSFUL BIDDERS, PARTICULARLY AS RELATING TO DEBTORS GREENVILLELAND LLC AND MALKA OPERATINGCO LLC |

Upon the *SIMAD Debtors' Motion for Entry of an Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction(s), (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. 227], and (B) the *Notice of Successful Bidders with Respect to Certain of the SIMAD Debtors' Assets* [Docket No. 789], particularly to the extent they are applicable to the Debtors Greenvilleland, LLC ("Greenvilleland") and Malka Operatingco LLC ("Malka"), and in resolution of the *Reservation of Rights, Limited Objection and Response of Congregation Tal Leyisroel to Debtors' Motions for Use of Cash Collateral, DIP Financing, Sale Procedures and Sales of Assets (Particularly as Relating to Debtor Greenvilleland LLC)* [Docket No. 393] and *Supplemental Reservation of Rights, Limited Objection and Response of Congregation Tal Leyisroel to Debtors' Sale Motion and Notice of Successful Bidders, Particularly as Relating to Debtors Greenvilleland LLC and Malka Operatingco LLC* [Docket No. 806] (the "Objections") filed by Congregation Tal Leyisroel d/b/a Camp Tal ("Camp Tal") and the *SIMAD Debtors' Reply to the Supplemental Reservation of Rights, Limited Objection and Response of Congregation Tal Leyisroel to Debtors' Sale Motion and Notice of Successful Bidders, Particularly as Relating to Debtors GreenvilleLand LLC and Malka Operatingco LLC* [Docket No. 904] (the "Reply") filed by the above-captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"); and this Court having found that it has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District*

*Court for the District of New Jersey*, entered July 23, 1984, and amended June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and this matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that no other or further notice is required or necessary under the circumstances; and this Court having determined that it may enter an order consistent with Article III of the United States Constitution; and after due deliberation and consideration, and for good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Objections and the Reply are resolved and withdrawn with prejudice on the terms set forth herein.

2. As adequate protection of Camp Tal's asserted interest in Greenvilleland, Camp Tal is hereby granted an allowed senior secured claim against Greenvilleland in the amount of $800,000 (the "Allowed Secured Claim").

3. The Allowed Secured Claim shall be senior to all other liens, claims, interests, and encumbrances against Greenvilleland, except that the Allowed Secured Claim shall be subject and subordinate only to: (a) the liens and claims of Mishmeret Trust Company Ltd. ("Mishmeret")[4];

[4] Greenvilleland is encumbered by, *inter alia*, (i) a Mortgage Consolidation and Modification Agreement dated December 31, 2025, from Greenvilleland LLC, Mortgagor and Mishmeret Trust Company Ltd., Mortgagee, , recorded on February 3, 2026, in Instrument No. M2026-208, (ii) an Assignment of Leases and Rents, dated December 31, 2025, made from Greenvilleland LLC, assignor, to Mishmeret Trust Company Ltd., assignee, recorded on February 3, 2026, in Instrument No. D2026-203; (iii) a UCC-1 filed by Mishmeret Trust Company Ltd. with the New York Secretary of State on January 29, 2026, Filing No. 202601298054869; and (iv) a UCC-1

and (b) all liens, claims, superpriority claims, and other rights approved pursuant to the *Final Order (I) Authorizing the SIMAD Debtor Loan Parties to Obtain Postpetition Financing from the Bank of New Hampshire, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Claims, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 547] (the "Bondholder Final DIP Order") entered in these chapter 11 cases (the "Cases"). To the extent there are insufficient funds to satisfy the Allowed Secured Claim in full from the proceeds of sale of the assets of Greenvilleland, Camp Tal shall have a super-priority administrative expense claim (the "Superpriority Adequate Protection Claim"), pursuant to 11 U.S.C. § 507(b), senior to any and all claims against the DIP Borrowers (as defined in the Bondholder Final DIP Order) under 11 U.S.C. § 507(a)(2), other than all claims of Mishmeret in its capacities as DIP Agent on behalf of all DIP Lenders and as trustee for the Series A Bondholders, including on account of the Superpriority DIP Claim (as defined in the Bondholder Final DIP Order).

4. The Allowed Secured Claim shall be paid on the date of but following the full and final repayment and satisfaction of all claims of Mishmeret in its capacities as DIP Agent on behalf of all DIP Lenders and as trustee for the Series A Bondholders, including any amounts allowable thereunder.

filed by Mishmeret Trust Company Ltd. with the Green County, NY Clerk on February 18, 2026, Filing No. UCC-2026-00103.

5. Except as expressly provided herein, the Allowed Secured Claim and the Superpriority Adequate Protection Claim, and all other rights and remedies of Camp Tal granted by the provisions of this Order shall survive, shall maintain their priority as provided in this Order, and shall not be primed, modified, altered, impaired, or discharged in any manner whatsoever in any further or other order of this Court.

6. Except as expressly set forth herein, Camp Tal reserves all other claims, rights, and remedies it may have, including such rights under section 365(h) of the Bankruptcy Code, if applicable; provided, however, that any claims or associated rights and remedies shall remain subject to all rights, claims and defenses of the SIMAD Debtors, including Greenvilleland and Malka, and their respective estates, including the rights of the SIMAD Debtors and any other party in interest to object to any such claims pursuant to section 502(a) of the Bankruptcy Code or to otherwise seek disallowance, subordination, recharacterization of such claims, or otherwise challenge such claims, rights or remedies under any other applicable provision of law, provided further, however, that notwithstanding anything to the contrary in this Order, upon any rejection of the Lease, if applicable, Camp Tal's shall have any and all possessory rights pursuant to section 365(h) and the terms of the Lease which shall remain unaffected by this Order.

7. Greenvilleland and Camp Tal acknowledge, stipulate, and agree that there exist no default or other act of nonperformance under the Lease (as defined in the Objections) as of the date hereof, and, as such, there exists no monetary or non-monetary claim or obligation required to be cured under section 365(b)(1) of the Bankruptcy Code upon the assumption and assignment

of the Lease, if applicable, and Camp Tal owes no rent or other monetary obligations as of the date of the entry of this Order, subject to all future rent or other obligations under the Lease on and after the date hereof, and shall not oppose the assumption and assignment of the Lease, if applicable, to Cho Pro Holdings, LLC or its permitted designee under its Asset Purchase Agreement ("APA") with Greenvilleland ( "Cho Pro"), or assert, seek allowance of, or otherwise pursue any cure claim in connection therewith. In the event that after entry of this Order either Greenvilleland or Camp Tal contends that a default or other act of nonperformance has occurred under the Lease after entry of this Order and prior to the closing of the APA, such party shall reasonably promptly notify the other party, by email to its respective counsel, and Cho Pro, by email to Cho Pro's counsel at Bhirschhorn@andersonbowman.com. If no such notice is given by any party on or before the Closing Date (provided that Debtors and ChoPro have given at least three (3) business days prior notice of the Closing of the APA), Greenvilleland and Camp Tal are conclusively deemed to have waived, as of the Closing Date, any claim that a default or other act of nonperformance existed under the Lease prior to the Closing Date. Notwithstanding the foregoing, each of Greenvilleland, Camp Tal and Cho Pro expressly reserves all of its rights, remedies, and defenses, if any, under 11 U.S.C. § 365(b), and nothing in this Section shall be construed as a waiver thereof.

8. Camp Tal shall not assert any claim against the SIMAD Debtors or Cho Pro or its successors, assigns, estates, or representatives for, or seeking, credit under the Lease for "prepaid rent," as set forth in the Objections (provided, however, nothing herein is intended to modify, or

expunge Camp Tal's filed unsecured claims subject to the SIMAD Debtors' right to object to same).

9. Camp Tal and its president, Benjamin Bar, each hereby agree to irrevocably waive any right to commence any action, proceeding, claim, or dispute against any of the SIMAD Debtors, including Greenvilleland and Malka, or against Cho Pro, pursuant to the *heter iska*, in any Orthodox Jewish Court of Law, or otherwise in accordance with the laws and rules established by Rabbinical authorities, provided, however that nothing herein shall waive any right to pursue such claims against any other person under the terms of the *heter iska*, whether in an Orthodox Jewish Court of Law or otherwise.

10. This Order shall be binding upon the SIMAD Debtors, Cho Pro, Camp Tal and all other parties in interest in these cases, and the Court shall retain exclusive jurisdiction to interpret, implement, enforce, and resolve any disputes arising from or relating to this Order.

[Signatures appear on the following page

The undersigned counsel, acknowledge, stipulate and agree, on behalf of Congregation Tal Leyisroel (f/k/a Vaad Linyonei Birur Yahadus) and Benjamin Bar, that the relief granted herein shall be binding upon such parties.

COHEN TAUBER SPIEVACK & WAGNER P.C.

By: *\/s/ Joseph M. Vann*
Joseph M. Vann, Esq.
Robert Bogosian, Esq.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Phone: (212) 586-5800
Fax: (212) 586-5095
Email: jvann@ctswlaw.com
rboghosian@ctswlaw.com

-and -

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP

By: */s/ Kevin J. Nash*
Kevin J. Nash, Esq.
125 Park Avenue, 12th Floor
New York, NY 10017
Phone: (212) 586-5800
Fax: (212) 586-5095
Email: knash@gwfglaw.com

*Co-Counsel for Congregation Tal Leyisroel (f/k/a Vaad Linyonei Birur Yahadus), a New Jersey non-profit corporation and Benjamin Bar*

United States Bankruptcy Court
District of New Jersey

In re: Case No. 26-16388-CMG
SIMAD Holdings Ltd. Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1
Date Rcvd: Oct 01, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2026 Signature: /s/Gustava Winters