**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*

**Order Filed on October 6, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**SUPPLEMENTAL ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL ASSETS OF MOHAWK COUNTRY DAY SCHOOL INC. AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is hereby

**ORDERED**.

**DATED: October 6, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), including MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. (the "School" and, together with MohawkCampCo LLC and Mohawkland LLC, the "Sellers"), for entry of an order (this "Supplemental Order") supplementing the *Order (I) Approving Asset Purchase Agreement by and among FW CampCo LLC, MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc., (II) Authorizing the Sale of Substantially All Assets of MohawkCampCo LLC, Mohawkland LLC, and Mohawk Country Day School, Inc. Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), 363(f), and 363(m), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365, and (IV) Granting Related Relief* [Docket No. 860] (the "Sale Order")[2] to make findings pursuant to sections 363(d)(1) and 541(f) of title 11 of the United States Code (the "Bankruptcy Code") and sections 510 and 511 of the New York Not-for-Profit Corporation Law (the "N-PCL") with respect to the sale of the assets of the School set forth in the APA (the "School Assets") and reflected in the Schedules of Assets and Liabilities for Mohawk Country Day School, Inc. [Docket No. 756][3] to FW CampCo LLC (together with any successor and permitted assigns, or designees, the "Buyer"), and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Sale Order, the Asset Purchase Agreement approved thereby (the "APA"), or the Motion, as applicable.

[3] Details on the School Assets may also be found in the Schedules of Assets and Liabilities for Mohawk Country Day School, Inc. [Docket No. 756].

*Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, including as to the Office of the Attorney General of the State of New York, Charities Bureau (the "New York Attorney General") and the New York State Education Department ("SED"), and that no other notice need be provided; and this Court having reviewed the Motion, the *Declaration of Assaf Ravid in Support of the SIMAD Debtors' Emergency Motion For Entry of a Supplemental Order (I) Authorizing the Sale of Subtantially All Assets of Mohawk Country Day School Inc. and (II) Granting Related Relief* (the "Ravid Declaration"), the *Declaration of David Light in Support of Sale* [Docket No. 830, Exhibit 10], and the *Declaration of J. Scott Victor in Support of the Sale* [Docket No. 825] (the "Victor Declaration"), and having heard the statements and evidence in support of the relief requested therein at a hearing before this Court held on October 5, 2026 (the "Hearing"); and upon the record of the hearing on the sale held on August 10, 2026 (the "Sale Hearing") and all of the proceedings had before this Court; and no objections to the Motion having been filed; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Jurisdiction and Venue. This Court has jurisdiction over the Debtors' chapter 11 cases, including this matter, pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference of the United States District Court for the District of New Jersey. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court retained jurisdiction under paragraph 24 of the Sale Order to enforce and implement the Sale Order and to resolve any disputes arising thereunder.

B. Statutory Predicates. The statutory predicates for the relief granted herein are sections 105(a), 363(b), 363(d)(1), and 541(f) of the Bankruptcy Code, N-PCL §§ 510 and 511, and Bankruptcy Rules 6004 and 9014.

C. Notice. Proper, timely, adequate, and sufficient notice of the Motion, the relief requested therein, and the Hearing has been provided in accordance with the Order Shortening Time entered by this Court. The notice provided to all known creditors of the School of the motion to approve the sale [Docket No. 227], the Sale Hearing, the Sale Order, the Motion, and the Hearing in these chapter 11 cases satisfies N-PCL § 511(c), and no further notice to creditors is required under N-PCL § 511(c). The New York Attorney General has been afforded a reasonable opportunity to object and to be heard and has advised the Debtors that it does not object to the entry of this Supplemental Order. The New York Attorney General has waived the fifteen (15) days' notice to which it is entitled under N-PCL § 511 with respect to the Motion and the Hearing, solely for the purposes of the Motion and the relief granted in this Supplemental Order in these chapter 11 cases and without prejudice to its right to receive such notice in any other matter. To the extent any

other applicable rule would require a longer notice period as to any other party in interest, cause exists to shorten such period pursuant to Bankruptcy Rule 9006(c), and the notice provided is sufficient. Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice is required.

D. The School. The School is a not-for-profit education corporation organized under the laws of the State of New York and chartered by the Board of Regents of The University of the State of New York. The School is a charitable corporation within the meaning of N-PCL § 102(a)(3-a) and is a corporation that is not a moneyed, business, or commercial corporation within the meaning of section 363(d)(1) of the Bankruptcy Code.

E. Corporate Authority. The School has full corporate power and authority to execute the APA and all other documents contemplated thereby and to consummate the sale of the School Assets, and the sale of the School Assets has been duly authorized by all necessary corporate action on the part of the School, including the approval required by N-PCL § 510(a)(1). No consents or approvals, other than those expressly provided for in the APA and this Supplemental Order, are required for the School to consummate the sale of the School Assets, except for any licensing, chartering, or other regulatory approvals required for the Buyer (or its designee) to operate the School following the Closing, which are not affected by this Supplemental Order.

F. Consideration Fair and Reasonable. The consideration to be received for the School Assets, and the terms and conditions of the sale of the School Assets, are fair and reasonable within the meaning of N-PCL § 511(d). The sale of the School Assets is in the best interests of the School,

its creditors, and its estate under applicable bankruptcy and nonbankruptcy law, specifically including N-PCL §§ 510 and 511.

G. Purposes of the School Promoted. The sale of the School Assets promotes the purposes of the School and the interests of its members.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Supplementation of the Sale Order. Pursuant to sections 105(a), 363(b), 363(d)(1), and 541(f) of the Bankruptcy Code, the Sale Order is hereby supplemented solely to add the findings and determinations set forth herein with respect to the School Assets, and the Sale Order shall be read together with this Supplemental Order.

3. N-PCL §§ 510 and 511 Determinations. Pursuant to sections 363(d)(1) and 541(f) of the Bankruptcy Code and N-PCL § 511(d), this Court finds and determines that (a) the consideration and the terms of the sale of the School Assets are fair and reasonable to the School, and (b) the purposes of the School will be promoted by the sale of the School Assets. The sale of the School Assets to the Buyer (or its designee) pursuant to the APA and the Sale Order complies with applicable nonbankruptcy law governing the transfer of the School Assets, specifically including N-PCL §§ 510 and 511, and is approved pursuant to N-PCL §§ 510 and 511.

4. No Further Court Approval Required. Pursuant to section 1221(e) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, and this Court having made the determinations required by N-PCL § 511 on notice to the New York Attorney General, no application to, or approval of, the Supreme Court of the State of New York, any county court, ,

or any other court is required as a condition to the consummation of the sale of the School Assets to the Buyer, and the Sellers and the Buyer (or its designee) are authorized to consummate the sale of the School Assets without any such application to or approval of any such court.

5. Sale Order Otherwise Unmodified. Nothing in this Supplemental Order shall be deemed to alter, modify, or amend the Sale Order or the APA except as expressly set forth herein, and the Sale Order shall otherwise remain in full force and effect. To the extent there is any inconsistency between the terms of the Sale Order and this Supplemental Order, the terms of this Supplemental Order shall govern; *provided*, *however*, that nothing herein shall limit or impair any right, protection, or finding in favor of the Buyer (or its designee) under the Sale Order.

6. Notice. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of N-PCL § 511(b), Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice, including in light of the New York Attorney General's Waiver described above.

7. Waiver of Stay. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Supplemental Order shall be effective and enforceable immediately upon entry hereof.

8. Authorization. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Supplemental Order.

9. Notice to the New York Attorney General. Within three (3) business days after entry of this Supplemental Order, the Debtors shall serve a copy of this Supplemental Order on the New York Attorney General. The Debtors shall provide written notice to the New York Attorney

General (a) within five (5) business days after the Closing, which notice shall state (i) the date of the Closing and (ii) the application of the proceeds of the sale of the School Assets in accordance with the Sale Order and any other applicable order of this Court, and shall attach a copy of the closing statement; (b) within five (5) business days after the allocation of the Purchase Price pursuant to section 2.10 of the APA has been determined, the portion of the Purchase Price allocated to the School Assets, if any; (c) promptly if the sale of the School Assets is abandoned or the APA is terminated; or (d) if the Closing has not occurred within ninety (90) days after entry of this Supplemental Order, within five (5) business days after the expiration of such ninety (90) day period, which notice shall describe the status of the sale. All service and notices required by this paragraph shall be made by first-class mail and electronic mail to: Office of the Attorney General of the State of New York, Charities Bureau, 28 Liberty Street, New York, New York 10005, Attn: Nelida Lara, Nelida.Lara@ag.ny.gov, or to such other person or address as the New York Attorney General may designate in writing.

10. Retention of Jurisdiction. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Supplemental Order and the sale of the School Assets.