| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1<br><br>WARD W. BENSON<br>STEPHEN S. HO<br>Trial Attorneys, Tax Litigation Branch<br>Civil Division, Department of Justice<br>P.O. Box 227<br>Washington, D.C. 20044<br>(202) 514-9642<br>(202) 514-6866 (Fax)<br>ward.w.benson@usdoj.gov<br>stephen.s.ho@usdoj.gov<br>Counsel for the United States | Chapter 11<br><br>Case No. 26-16388 (CMG) |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors. | |

**UNITED STATES' OBJECTION TO APPLICATION TO SHORTEN TIME**

The Court should deny the debtors' application to shorten time (Dkt. No. 1337) regarding their motion that seeks to establish a class-skipping settlement fund. (Dkt. No. 1336). $13 million will be paid to general unsecured creditors without, it would appear, providing for all priority creditors or administrative expenses. The application requests a hearing on shortened notice, with objections due at noon the day before the hearing. That seems designed to ensure that even if objecting parties have adequate time to prepare their responses, the Court surely won't have adequate time to review them.

Now is not the appropriate time to consider the relief sought. No plan has been proposed. There is no opportunity for outside parties to judge the reasonableness of the settlement or take any discovery. "The essential point [of the definition of notice and a hearing in 11 U.S.C. § 102(1)] is that the court should give counsel a *meaningful* opportunity to be heard." *In re*

*Rosson*, 545 F.3d 764, 775 (9th Cir. 2008) (emphasis added) (quoting *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo*), 468 F.3d 592, 603 (9th Cir.2006)). The relief sought in the settlement motion can, and should, be considered in the context of plan confirmation, given that it seeks to determine the ultimate distributions to unsecured creditors. Moreover, the debtors' approach will only be efficient if no party—whether the United States or any other administrative or priority creditor—chooses to appeal the approval of the settlement. The Court should not assume that to be the case.

Nor are there exigent circumstances that justify the debtors' request. "[C]ause under Rule 9006(c) … 'is not shown when the cause for expedited hearing is one of the movant's own making.'" *In re Schindler*, No. 09-71199-AST, 2011 WL 1258531, at *2 (Bankr. E.D.N.Y. Mar. 31, 2011) (quoting *In re Villareal*, 160 B.R. 786, 787 (Bankr.W.D.Tex.1993) (citing *Off. Comm. of Disputed Litig. Creditors v. McDonald Inv., Inc.*, 42 B.R. 981, 987 (N.D.Tex.1984))). The "Outside Date" debtors cite as a deadline for resolution is purely a creation of the parties. The Term Sheet setting forth the deadline purports to have been entered into yesterday—at most a matter of hours before the application was filed. The Term Sheet itself also states that the deadline may be moved by agreement of the parties. The cause, if not totally illusory, is thus solely of the debtors' own making.

The Court should therefore deny the application to shorten consideration of the settlement motion. The relief is not necessary, and in the end, it would be more expeditious and efficient to require the debtors simply to pursue the normal plan confirmation process.

//

Dated: October 12, 2026

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Ward W. Benson*
WARD W. BENSON
STEPHEN S. HO
Trial Attorneys
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 514-9642 (Benson)
(202) 514-6866 (Fax)
ward.w.benson@usdoj.gov
*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to all parties registered to receive such filing.

*/s/ Ward W. Benson*
WARD W. BENSON
Trial Attorney
U.S. Department of Justice
*Attorney for the United States of America*