**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee*
*of Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*, | Case No.: 26-16388 (CMG) |
| Debtors.[1] | (Jointly Administered) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO UNITED STATES' OBJECTION TO APPLICATION TO SHORTEN TIME**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this response (this "Response") to the *United States' Objection to Application to Shorten Time* [Docket No. 1340] (the "Objection") filed by the United States (the "Objector"). In support of this Response, the Committee respectfully states as follows:

**RESPONSE**

1. The relief the Objection seeks is about scheduling, not substance. To the extent the Objection previews arguments on the merits, it is wrong, and the Committee reserves all rights to address those arguments at the hearing on the Settlement Motion.[2]

2. The Debtors' cases have had no approved budget since September 11, 2026. The reason is simple: the Lender Parties have made clear that they will not fund these cases unless and until the Committee's challenges are resolved. That position did not dictate the Committee's view of the merits of any potential challenge. The Committee completed its investigation, pressed its position, and negotiated hard. The result is a significant concession by the Lender Parties: a $13 million voluntary contribution from amounts otherwise recoverable on account of their secured claims, held outside the estates for the benefit of general unsecured creditors, together with, among other things, a budget that funds these cases, a protected escrow for professional fees, the Lender Parties' support for a plan establishing a liquidating trust, and their cooperation in pursuing claims

---

2 Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Joint Motion of the Debtors, the Official Committee of Unsecured Creditors, and the Lender Parties for Entry of an Order (I) Approving Settlement Pursuant to Bankruptcy Rule 9019, and (II) Granting Related Relief* [Docket No. 1336] (the "Settlement Motion").

against non-settling third parties. The Lender Parties' position does, however, dictate when, and whether, these cases will be funded on a path toward confirmation. The Settlement resolves that impasse. It provides a budget agreed to by the Debtors, the Committee, and the Lender Parties, funded in full from sale proceeds before the Lender Parties receive any further amounts. Every day the Settlement goes unapproved is another day these cases go unfunded.

3. The parties who have lived with these cases over the last three months understand this. They have been through the sale process, the dispute over the Committee's challenges, and the lapse of the budget. The Objector, which has engaged in these cases only recently and only on a discrete tax issue, lacks that context. It claims to be concerned about the payment of administrative and priority claims, yet it asks the Court to keep the estates without the funding needed to pay them.

4. The Settlement also avoids full-scale litigation over the Committee's challenges to Mishmeret's liens and claims, which would be costly, slow, and uncertain for every party. The challenge period is tolled while approval of the Settlement remains pending, and every day of delay keeps the dispute open and risks reviving the challenges. The key constituents in these cases—the Debtors, the Committee, and the lenders—negotiated hard, compromised, and agreed on a Settlement that allows the cases to move forward. Simply put, the Settlement turns a costly fight into a path forward. The Objection would turn it back.

5. Moreover, the Objection treats the Settlement Motion as though it arose in a vacuum. It did not, and the Objector cannot ask the Court to pretend otherwise. The Settlement comes after hard-fought negotiations, a lapsed budget, and challenges that threatened to consume these estates. The Objector does not engage with any of that; instead, it offers no viable alternative and identifies no real prejudice. The Objector's principal scheduling concern is that, under the

proposed schedule, the Court will not have enough time to review any objections to the Settlement Motion. The Committee is confident that the Court can and will set a schedule that allows for full and appropriate review, as is its practice.

*6.* The Objector instead proposes to wait until plan confirmation. But the Settlement alone is not a plan and does not dictate the terms of one. It resolves the Committee's challenges and funds these cases. The Settlement and a plan are separate steps, and the first need not wait for the second. Deferring the Settlement to confirmation is not a schedule. It is a standstill that would leave these cases without funding in the meantime. No creditor benefits from that outcome, including the Objector.

*7.* What the Objector hopes to gain from its objection campaign remains a mystery. What everyone else stands to lose does not. Delay is not cost-free. These cases do not pause while the Settlement Motion is pending. The Debtors must continue to manage their remaining assets, close the remaining camp sales, and comply with their obligations as debtors in possession, all without an approved budget. Administrative expenses continue to accrue every day, but without a budget there is no certainty as to how or when they will be paid. That uncertainty affects every party in these cases. It also keeps the parties from turning in full force to a chapter 11 plan—the process through which claims will ultimately be paid. Every day of delay adds to the cost of administering these estates. Approving the Settlement promptly provides certainty and a funded path to a plan. Delaying it prolongs the uncertainty and adds to the cost.

*[Remainder of page intentionally left blank]*

## CONCLUSION

8. Accordingly, the Committee respectfully requests that the Court overrule the Objection, schedule the hearing on the Settlement Motion as soon as possible, and grant such other relief as is just and proper.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Evan M. Lazerowitz*

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*