| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**TROUTMAN PEPPER LOCKE LLP**<br>Deborah Kovsky-Apap (N.J. Bar No. 030942003)<br>Alex R. Rovira (*pro hac vice*)<br>875 Third Avenue<br>New York, NY 10281-2101<br>Telephone: 212-704-6000<br>Fax: 212-704-6288<br>Email: deborah.kovsky@troutman.com<br>alex.rovira@troutman.com<br><br>*Counsel for Church Mutual Insurance Company, S.I.* | |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Lead Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**CHURCH MUTUAL INSURANCE COMPANY, S.I.**

Church Mutual Insurance Company, S.I. ("Church Mutual"), by and through its undersigned counsel, hereby objects and reserves its rights (this "Objection") to the *Motion of Yoav Cochav, as PNG of JC, a Minor, and Individually, for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Reform Act of 1978* [Docket No. 1120] (the "Motion") filed by Yoav Cochav, individually and as parent and natural guardian of JC, a minor (the "Movant"). In support of its Objection, Church Mutual respectfully states as follows:

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

## BACKGROUND

1. On June 4 and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief in the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 26-16388 (CMG) pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, Church Mutual and the SIMAD Debtors entered into a group insurance policy whereby Church Mutual agreed to provide insurance to the SIMAD Debtors in connection with, among other things, their individual camps under a single group policy that provided insurance coverage for all or substantially all of the SIMAD Debtors' camps. Details regarding the coverage provided by Church Mutual to the SIMAD Debtors, including policy numbers and term expiration dates, can be found in the *Notice of Filing Amended Schedule of Insurance Policies* [Dkt. No. 535] (collectively, the "Church Mutual Insurance Policies").

3. The Motion asserts that Movant seeks to bring suit for an eye injury allegedly sustained by the minor JC on July 10, 2024, while at Camp Lavie, which is alleged to be owned by Debtor LAVCO, LLC. *See* Motion, ¶ 4. The Motion further alleges that the SIMAD Debtors "had" an insurance policy with Church Mutual in the amount of $1,000,000 per occurrence, "which said policy provided liability insurance on behalf of Debtors for the injuries incurred by Movant." *Id.* at ¶ 5. The Motion does not identify a policy number, policy period, named insured, or claimed number for any such insurance policy.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

4. Church Mutual files this Objection out of an abundance of caution to protect and preserve all of its rights, claims, defenses, and interests under any applicable Church Mutual Insurance Policies, the Bankruptcy Code, and any other applicable law.

5. Church Mutual also asserts that, for the sake of efficiency, any and all claims against the SIMAD Debtors must be administered through the claims process of the Court and pursuant to the Bankruptcy Code.

6. Furthermore, Church Mutual objects to the Motion to the extent it suggests, or any order entered thereon could be construed to find, that the Insurance Policies afford coverage for Movant's claims, that Church Mutual has any duty to defend or indemnify any SIMAD Debtor, or that Church Mutual "will pay the costs of Debtors' defense and cover same to the policy limits." *Id.* at ¶ 8.

7. Accordingly, Church Mutual respectfully requests that any order entered by this Court granting the Motion include the following language: "Nothing in this Order shall constitute a determination or admission regarding the existence or scope of insurance coverage, or alter, modify, expand, or waive any of the terms, conditions, exclusions, limits, or defenses under any policy issued by Church Mutual Insurance Company, S.I., all of which are expressly preserved."

8. Church Mutual expressly reserves, and does not waive, any and all rights, remedies, claims and defenses under the Insurance Policies, any other policy it may have issued to the SIMAD Debtors, and applicable law, including, without limitation, the right to: (a) dispute, deny or limit coverage; (b) assert any and all coverage defenses, terms, conditions, exclusions, limitations, deductibles, self-insured retentions, and limits of liability; (c) seek a declaratory

judgment or other determination of its rights and obligations in an appropriate forum; and (d) supplement or amend this Objection and be heard at any hearing on the Motion.

9. Nothing in this Objection or any order entered on the Motion shall constitute or be construed as: (a) an admission that the Insurance Policies or any other policy affords coverage for Movant's claims; (b) an acknowledgment of any obligation to defend, indemnify, or pay any claim, judgment or settlement; (c) a waiver of, or estoppel with respect to, any right or defense of Church Mutual; or (d) a consent to the jurisdiction of this Court to determine coverage.

WHEREFORE, for the reasons set forth herein, Church Mutual respectfully requests that any stay relief order as to the Motion reserves all of Church Mutual's rights, claims, counterclaims, defenses, and remedies as described herein; and that the Court grant such other and further relief as it deems just and proper.

Dated: October 13, 2026

**TROUTMAN PEPPER LOCKE LLP**

*/s/ Deborah Kovsky-Apap*

Deborah Kovsky-Apap (N.J. Bar No. 030942003)
Alex R. Rovira (*pro hac vice*)
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Email: deborah.kovsky@troutman.com
alex.rovira@troutman.com

*Counsel for Church Mutual Insurance Company, S.I.*