**CHAPMAN AND CUTLER LLP**
Michael Friedman (admitted *pro hac vice*)
Jorge Eric Coronel Hamilton (admitted *pro hac vice*)
1270 Avenue of the Americas, 30th Floor
New York, New York 10020
Telephone: (212) 655-2508
friedman@chapman.com
jcoronel@chapman.com

Stephen Richard Tetro II (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 845-3859
stetro@chapman.com

*Co-Counsel to Mishmeret Trust Company Ltd., as DIP Agent and Prepetition Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*

**RIKER DANZIG LLP**
Joseph L. Schwartz
Daniel A. Bloom
John D. Stern
7 Giralda Farms, Suite 250
Madison, New Jersey 07940
Telephone: (973) 538-0800
jschwartz@riker.com
dbloom@riker.com
jstern@riker.com

*Co-Counsel to Mishmeret Trust Company Ltd., as DIP Agent and Prepetition Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 26-16388 (CMG)<br><br>(Jointly Administered) |

# REPLY OF MISHMERET TRUST COMPANY LTD. TO THE UNITED STATES' OPPOSITION TO SETTLEMENT MOTION AND JOINDER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY (A) IN SUPPORT OF THE JOINT MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 AND (II) GRANTING RELATED RELIEF, AND (B) IN RESPONSE TO THE UNITED STATES' OPPOSITION TO SETTLEMENT MOTION

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Mishmeret Trust Company Ltd. ("Mishmeret"), as DIP Agent[2] and prepetition Trustee for the Series A Bondholders (the "Bondholders") of bonds (the "Bonds") issued by debtor SIMAD Holdings Ltd., by and through its undersigned co-counsel, hereby submits this (i) Reply (the "Reply") to the *United States' Opposition to Settlement Motion* [Docket No. 1368] (the "Objection") filed by the United States of America (the "United States") on behalf of the Internal Revenue Service in response to the *Joint Motion of the Debtors, the Official Committee of Unsecured Creditors, and the Lender Parties for Entry of an Order (I) Approving Settlement Pursuant to Bankruptcy Rule 9019, and (II) Granting Related Relief* [Docket No. 1336] (the "Settlement Motion"), and (ii) Joinder (the "Joinder") to *The Official Committee of Unsecured Creditors' Reply (A) in Support of the Joint Motion for Entry of an Order (I) Approving Settlement Pursuant to Bankruptcy Rule 9019 and (II) Granting Related Relief and (B) in Response to the United States' Opposition to Settlement Motion* [Docket No. 1376] (the "Committee Reply").[3]

In support of the Reply and Joinder, Mishmeret respectfully states as follows:

## PRELIMINARY STATEMENT

The Objection incorrectly and inaccurately suggests that several positions in the Settlement Motion are "diametrically opposed" to positions the Debtors and Mishmeret took in earlier briefing and oral argument related to the Debtors' Tax Motion[4]. However, the parties' description of the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Committee Reply, as applicable.

[3] Mishmeret hereby joins in and adopts the arguments contained in the Committee Reply as though they are fully set forth herein.

[4] Specifically, the Objection references the *SIMAD Debtors' Emergency Motion Requesting a Determination of Certain Tax Withholding Obligations Pursuant to the Foreign Investment in Real Property Tax Act of 1980* [Docket No. 1141] (the "Tax Motion"), and the *Reply in Support of SIMAD Debtors' Emergency Motion Requesting a Determination of Certain Tax Withholding Obligations Pursuant to the Foreign Investment in Real Property Tax Act of 1980* [Docket No. 1305] (the "Tax Motion Reply").

Debtors' assets as fully encumbered by valid liens, followed by Mishmeret's agreement to settle with the Committee -- rather than litigate a potential lien challenge by the Committee -- are not inconsistent or "diametrically opposed" positions. For this reason, Mishmeret submits this Reply to correct the record on that narrow point.

The balance of the Objection, challenging the Settlement's compliance with the Bankruptcy Code's priority scheme, the "fair and equitable" standard, and the applicable factors governing approval of a compromise, is addressed by the Committee Reply, which Mishmeret joins in and fully adopts.

For these reasons, as well as for those set forth herein and in the Committee Reply, Mishmeret respectfully requests that the Court overrule the Objection and approve the Settlement Motion.

**REPLY**

**I. The United States' Suggestion That the Debtors or Mishmeret Made Inconsistent Representations With Respect to Mishmeret's Liens is Incorrect**

1. In the Objection, the United States asserts that "the [Settlement Motion] takes several positions that are diametrically opposed to assertions the debtors and Mishmeret made while briefing and arguing" the Tax Motion, suggesting that these allegedly inconsistent positions undermine the Debtors' and Mishmeret's statements to the Court. *See* Objection, pp. 4-5. First, the Objection points to the contention advanced in briefing the Tax Motion that the Debtors' real property was "unquestionably fully encumbered such that all sale proceeds would be paid directly to secured lenders". *See id*. The United States goes on to suggest that Mishmeret's subsequent decision to settle a potential lien challenge by the Committee creates an inconsistency between positions taken in the Tax Motion and in the Settlement Motion. The United States is wrong.

2. However, in the Tax Motion Reply, the Debtors readily acknowledged that tens of millions of dollars' worth of the liens and mortgages against the Exempt Entities' assets, were "concededly, disputed." *See* Tax Motion Reply[5] ¶ 24. Further, Mishmeret could—and does—maintain that its liens were valid and unavoidable while agreeing to settle, rather than litigate, the Committee's informal, unadjudicated challenges to certain of those liens. Settling a dispute to avoid the cost, delay, and uncertainty of litigation does not make a party's position on the merits inconsistent or "diametrically opposed." It is the ordinary course of a "compromise or settlement" contemplated by Bankruptcy Rule 9019. *See In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

3. Nor can any oral statement by Mishmeret's own counsel support these unfounded contentions advanced by the United States. At the October 5 hearing, Mishmeret's counsel responded to a series of questions from the Court concerning the anticipated flow of sale proceeds. In response to the Court's question as to whether sale proceeds would go to secured creditors, Mishmeret's counsel confirmed the operation of the Final DIP Order -- upon the release of liens, "the proceeds of sale will go to pay the secured creditors under the roll-up, which was . . . ordered by [the Court]," with "the first $116 million" applied to the DIP roll-up and the remainder held as cash collateral to be paid to secured creditors. *See* 10/5/26 Hearing Tr. 30:7-16.

4. The Court then asked further questions about the Debtors' capital structure. Mishmeret's counsel responded by describing, among other things, the scope of the Mishmeret lien and the payment waterfall, and, in response to the Court's direct question about "potential tax debt,"

[5] *See id.*

the layers of prepetition debt, DIP debt, asserted unsecured claims, and administrative expense claims that would have to be satisfied before any value reached SIMAD Holdings Ltd. on account of such a claim, Mishmeret's counsel concluded that its liens would "exceed these proceeds without question." *See id*. 45:14-46:15. This exchange did not address the informal lien Challenge that was being raised by the Committee. Mishmeret's subsequent decision to settle the Committee's informal Challenge, rather than engage in costly and risky litigation, certainly is not inconsistent or "diametrically opposed" to anything represented to the Court by Mishmeret.[6]

**JOINDER**

5. Mishmeret joins in and adopts the arguments advanced by the Committee in the Committee Reply, as if fully set forth herein.

**RESERVATION OF RIGHTS**

6. Nothing in this Reply and Joinder shall be deemed a waiver, release, or limitation of any of Mishmeret's rights, claims, remedies, or defenses, all of which are expressly reserved, including without limitation Mishmeret's rights under the Final DIP Order and its right to supplement this Reply and Joinder and to be heard further at any hearing on the Settlement Motion or the Objection.

[*Remainder of page left intentionally blank.*]

[6] To the extent the Objection's suggestion of inconsistency rests on statements attributed to the Debtors, rather than to Mishmeret, that point is fully and directly addressed in the Committee Reply, and Mishmeret joins in and adopts that response.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Committee Reply, Mishmeret respectfully requests that the Court (i) overrule the Objection, (ii) approve the Settlement Motion, and (iii) grant such other and further relief as the Court deems just and proper.

October 23, 2026
Madison, New Jersey

**RIKER DANZIG LLP**

By: /s/ *Joseph L. Schwartz*
Joseph L. Schwartz
Daniel A. Bloom
John D. Stern
7 Giralda Farms, Suite 250
Madison, New Jersey 07940
Telephone: (973) 538-0800
jschwartz@riker.com
dbloom@riker.com
jstern@riker.com

**CHAPMAN AND CUTLER LLP**
Michael Friedman (admitted *pro hac vice*)
Jorge Eric Coronel Hamilton (admitted *pro hac vice*)
1270 Avenue of the Americas, 30th Floor
New York, New York 10020
Telephone: (212) 655-2508
friedman@chapman.com
jcoronel@chapman.com

Stephen Richard Tetro II (admitted *pro hac vice*)
320 South Canal Street
Chicago, Illinois 60606
Telephone: (312) 845-3859
stetro@chapman.com

*Co-Counsel to Mishmeret Trust Company Ltd., as DIP Agent and Prepetition Trustee for the Series A Bondholders of SIMAD Holdings Ltd.*