**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DEBTORS' JOINDER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY (A) IN SUPPORT OF THE JOINT MOTION FOR ENTRY OF AN ORDER (I) APPROVING SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 AND (II) GRANTING RELATED RELIEF, AND (B) IN RESPONSE TO THE UNITED STATES' OPPOSITION TO SETTLEMENT MOTION**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, submit this joinder (this "Joinder") in support of *The Official Committee of Unsecured Creditors' Reply (A) In Support of the Joint Motion for Entry of*

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*an Order (I) Approving Settlement Pursuant to Bankruptcy Rule 9019 and (II) Granting Related Relief, and (B) In Response to the United States' Opposition to Settlement Motion* [Docket No. 1376] (the "Reply") and *Joint Motion of the Debtors, the Official Committee of Unsecured Creditors, and the Lender Parties for Entry of an Order (I) Approving Settlement Pursuant to Bankruptcy Rule 9019, and (II) Granting Related Relief* [Docket No. 1336] (the "Settlement Motion" and the term sheet attached to the proposed order thereto, the "Settlement"), and in response to the *United States' Opposition to Settlement Motion* [Docket No. 1368] (the "Objection") of the United States of America (the "United States").[2] In support of the Reply and the Settlement Motion, and in response to the Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors will not repeat all of the factual and legal arguments set forth in the Settlement Motion and the Reply, all of which support approval of the Settlement before the Court. Rather, the Debtors submit this Joinder to emphasize a straightforward but critical reality that underscores the importance of the Settlement: the initial budget approved in the Final DIP Order expired on September 11, 2026, and the Lender Parties were unwilling to agree to a revised budget unless and until the issues regarding the Committee's Challenge Rights were resolved. Recognizing the funding gap that existed, the hard-fought Settlement includes an agreement among the Debtors, the Lender Parties, and the Committee on a revised Approved Budget that provides a clear path to confirmation of a chapter 11 plan and the assurance that the Debtors will have sufficient funding to get to the finish line. Absent an agreement on the Approved Budget, there was no path forward for the Debtors to fund these chapter 11 cases on a consensual basis.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Settlement Motion, the Reply, or the Objection, as applicable.

2. Importantly, the Settlement resolves claims and causes of action that could have been asserted by the Committee against the Lender Parties and does not determine the allowance, priority, or treatment of any claims, including those administrative tax claims asserted by the sole objector, the United States. The issue of the treatment of claims remains squarely before the Court and will be addressed, if necessary, through the plan confirmation and claims reconciliation processes. In fact, the Settlement *helps to facilitate* all parties' (including the United States') ability to litigate any remaining disputes because it establishes a viable path to confirmation of a chapter 11 plan that will allow the Debtors' estates to engage in a claims reconciliation process and conduct an orderly liquidation. Absent approval of the Settlement, the estates risk further delay, increased administrative costs, and erosion of value, all to the detriment of creditors, including the United States.

3. Although the Debtors are not parties to the Settlement itself, the Debtors support the Settlement as it confers substantial and immediate benefits on the Debtors' estates. As set forth herein and in the Reply, the Settlement is not only fair and reasonable, but essential to maximizing value and advancing these chapter 11 cases toward confirmation. The Court should approve the Settlement Motion and overrule the Objection.

## **Joinder**

4. The Debtors support the Settlement Motion and the Reply and join in the arguments set forth therein. The Debtors submit this Joinder to highlight the significant benefits the Settlement provides to these estates and to address certain issues raised by the Objection. The Settlement Motion should be approved, and the Objection overruled, for two reasons.

5. First, the Settlement satisfies the standard required for approval of a settlement under Bankruptcy Rule 9019. Contrary to the United States' position, the Court does not need to determine the ultimate merits of the Committee's Challenge Rights or conduct a mini-trial

regarding the parties' competing claims and defenses. To the contrary, the Court need only determine whether the Settlement is fair, equitable, and falls within the range of reasonableness after considering the likelihood of success in litigation, the complexity, expense, and delay associated with continued litigation, and the interests of creditors. *See In re Martin*, 91 F.3d 389, 393-95 (3d Cir. 1996).

6. Under this standard, the Settlement is plainly reasonable. From the estates' perspective, it resolves all disputes between two of the Debtors' major constituencies and provides a consensual framework under which these chapter 11 cases may proceed. It contemplates the approval of a new Approved Budget that is expected to fund the remainder of the chapter 11 cases—an outcome that was not a foregone conclusion only a few weeks ago. Ultimately, the Settlement eliminates substantial litigation and allows the parties to focus their efforts on the pursuit of confirmation of a chapter 11 plan.

7. Second, nothing in the Settlement prejudices the rights of holders of claims against the Debtors' estates, including the United States. The Settlement Motion seeks approval of the Settlement that was the product of good-faith, hard-fought negotiations between the Lender Parties and the Committee. It has no bearing on whether the United States will ultimately hold an allowed administrative tax claim or how and whether any such claim may ultimately be treated under a chapter 11 plan. Nothing in the Settlement waives the United States' right to assert its rights or claims.

8. The value to the estates through the Settlement cannot be overstated—while the resolution provides that a $13 million Settlement Fund will be set aside for the benefit of holders of general unsecured claims, the estates also benefit from the resolution of potentially expensive and uncertain litigation, the approval of the Approved Budget, and certainty regarding continued

funding of the chapter 11 cases. The practical alternative to the Settlement is not a better deal—it is renewed litigation over the Committee's Challenge Rights and the uncertainty regarding an exit strategy for the chapter 11 cases. Compromises approved under Bankruptcy Rule 9019 do not require the Debtors' estates to gamble on years of expensive litigation where, as here, major case parties have reached a reasonable settlement that advances the interests of all stakeholders, including the United States. The Settlement creates the only presently negotiated path to confirmation and should be approved.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (i) overrule the Objection, (ii) grant the Settlement Motion and enter the proposed order approving the Settlement pursuant to Bankruptcy Rule 9019, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: October 24, 2026

/s/ *Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*