**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |
| In re:<br><br>DAMIS HOLDINGS LLC, *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16439 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF KENNETH SCHAINMAN IN SUPPORT OF SALE**

I, KENNETH SCHAINMAN, declare under penalty of perjury as follows:

1. I am submitting this declaration in support of the proposed *Order (I) Approving Asset Purchase Agreement Between LKQE Associates, LLC, Kiwi OperatingCo, LLC, Kiwi LandCo, LLC, and Dasmas LandCo, LLC, (II) Authorizing the Sale of Substantially All Assets of Kiwi OperatingCo, LLC, Kiwi LandCo, LLC, and Dasmas LandCo, LLC Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b), and 363(f), (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant*

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS. The location of Debtor DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

*to 11 U.S.C. § 365, and (IV) Granting Related Relief* (the "Sale Order").[3] I have personal knowledge of the facts set forth herein and if called to testify I can do so competently.

2. I am the Managing Member of LKQE Associates, LLC ("LKQE"), the Buyer under the Asset Purchase Agreement.

3. I have my own counsel and negotiated the Transaction at arm's length, in good faith, and without collusion.

4. I am not a manager of any of the Debtors, including the Sellers, and I did not authorize (and have no authority to authorize) the Transaction on behalf of any of the Debtors, including the Sellers, or any of their parent companies.

5. The Buyer is a strategic buyer with over 15 years of involvement in owning and/or running camps. I am a former owner/operator of Mohawk Day Camp in White Plains, New York. I grew up going to, then working at, Mohawk, where my parents were Directors for fifty years. I worked as an Assistant Director for three years from 1992 to 1995, then again as a Director between 2004 and 2009. After Camp Mohawk was purchased by the Shabsels brothers through one of the Debtors herein, I served as an owner and its sole Director from January 2010 to February 2016. I owned 25 percent of Camp Mohawk, and sold my 25% interest in Mohawk to DAMIS Holdings, LLC, an entity owned and controlled by the Shabsel brothers in 2017. In addition, I was the founder and Owner/Director of SummerQuest Day Camp in Bedford, NY, from 2009 to 2010, after which its clientele was folded into Mohawk. Since that time, I have had no role or ownership interest in Camp Mohawk or any of the other camps owned by any of the debtors.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Order, Asset Purchase Agreement or Bidding Procedures Order entered on June 26, 2026 [Docket No. 298], as applicable.

6. The Buyer is financially capable of consummating the Transaction and has more than sufficient financial resources to provide adequate assurance of future performance pursuant to Sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

7. On July 8, 2026, the Buyer delivered a non-binding expression of interest to the Debtors. Since then, the parties engaged in extensive negotiations over the terms of the Asset Purchase Agreement.

8. On October 21, 2026, LKQE, as the Stalking Horse Bidder, participated in the Auction to purchase the Acquired Assets.

9. On October 22, 2026, the Debtors announced that LKQE was the Successful Bidder with respect to the Acquired Assets. *See* Docket No. 1474.

10. I confirm that neither LKQE nor I have engaged in any collusion with respect to the Transaction. Additionally, neither I nor LKQE communicated with any other Qualified Bidder interested in the Acquired Assets, other than routine social niceties at a day camp conference, and did not take any actions or have any discussions with third parties about the Transaction.

11. Neither LKQE nor I are an "insider" or "affiliate" of any of the Debtors, including the Sellers, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, officers, directors, or stockholders exists between LKQE or myself and the Debtors.

12. Neither LKQE nor I have any agreements with any insiders of the Debtors regarding the Transaction.

13. LKQE and Mark Lichtenstein of Akerman LLP, as counsel to LKQE, have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with

the negotiation of the Asset Purchase Agreement, and complied with the Bidding Procedures Order and the proposed Sale Order.

14. Based on the foregoing, I believe there should be a finding of good faith, and request the Court enter the proposed Sale Order and find that the Asset Purchase Agreement was negotiated at arm's length, in good faith, and without collusion pursuant to section 363(m) of the Bankruptcy Code.

15. Furthermore, LKQE confirms that any personally identifiable information will be protected in the same manner that such information was protected by the Debtors. Therefore, I believe that consummation of the Transaction is permitted pursuant to section 363(b)(1)(A) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2026

*/s/ Kenneth Schainman*
Kenneth Schainman
Managing Member
LKQE Associates, LLC