COLE SCHOTZ P.C.
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the SIMAD Debtors*

**Order Filed on October 7, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered)<br><br>Hearing Date: September 29, 2026, at 1:00 p.m. |

# ORDER DENYING MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT EXECUTORY CONTRACT AND RELEASE ESCROW FUNDS AND PROVIDING FOR RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: October 7, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings, Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon the motion (the "Motion") of Michael James and Rosemarie James (collectively, the "Movants") seeking to compel debtor to assume or reject executory contract and to release escrow funds [Docket No. 1063], as supplemented [Docket Nos. 1085, 1087, 1088 and 1114]; and the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), including Mohawk Campco LLC ("Mohawk"), having filed that certain letter objecting to the relief sought in the Motion [Docket No. 1184] (the "Objection"); and the Movants having filed a reply [Docket No. 1191] (the "Reply"), seeking, among other things, that the Court disregard or strike the Objection as untimely; and as set forth in the Motion and the Objection, prior to the commencement of the above referenced chapter 11 cases, the Movants and 193 Old Tarrytown Road LLC ("193") entered into that certain Residential Contract of Sale (the "Contract") pursuant to which 193 contracted to purchase real property from the Movants located at 193 Old Tarrytown Road, White Plains, NY (the "Property"); and in connection with that Contract and potential purchase of the Property, Mohawk transferred $80,000 to an escrow account maintained by the Movant's counsel, Frank Acocella, Esq. ("Escrowee"), which amount (the "Escrowed Funds") remains in the escrow account of Escrowee (the "Escrow Account"); and the Court having held a hearing (the "Hearing") on September 29, 2026, at which the Court considered the relief requested in the Motion and the Reply, together with the arguments of the Movants and the Debtors; and for the reasons set forth on the record of the Hearing, the Court having denied the relief set forth in the Motion and the Reply; and during the Hearing, the Movant and the Debtors agreed to the allocation and disbursement of the Escrowed Funds as set forth in this Order, which agreement

was approved by the Court on the record of the Hearing; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** as follows**:**

1. The (i) Motion and (ii) the Movant's request to disregard or strike the Objection as untimely, are each denied.

2. Escrowee is authorized and directed to disburse from the Escrow Account the Escrowed Funds as follows:

   a. $18,000.00 to the Movants, to be paid to an account designated by the Movants;

   b. $2,000.00 to Escrowee for legal services provided to the Movants; and

   c. $60,000.00 to Mohawk, to be paid to an account designated by counsel for the Debtors.

3. Upon the disbursement of the Escrowed Funds, the parties to this Order are deemed to release one other from any and all claims, whether as to the Escrowed Funds, or otherwise, including with respect to the Contract; *provided*, *however*, that nothing herein is intended to release any claims held by or against 193, including, without limitation, any claims that the Movants may have against 193 for damages for 193's alleged failure to perform under the Contract.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

5. Notwithstanding anything in the Bankruptcy Rules or the Bankruptcy Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors shall serve a copy of this Order on 193, which service shall be made upon bankruptcy counsel for David Shabels.

United States Bankruptcy Court

District of New Jersey

In re: Case No. 26-16388-CMG

SIMAD Holdings Ltd. Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1

Date Rcvd: Oct 07, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 09, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 09, 2026 Signature: /s/Gustava Winters