# EXHIBIT A

**Retention Order [Docket No. 914]**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**Order Filed on August 24, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*, | Case No.: 26-16388 (CMG) |
| Debtors.[1] | (Jointly Administered) |

ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026

**DATED: August 24, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

(Page 2)

Debtors: SIMAD HOLDINGS LTD., *et al.*

Case No. 26-16388 (CMG)

Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 10, 2026

---

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for the approval of the Committee's retention and employment of McDermott Will & Schulte LLP ("McDermott") as counsel in connection with these chapter 11 cases, effective July 10, 2026; and upon consideration of the declaration of Darren Azman (the "Azman Declaration"), which is attached to the Application as **Exhibit B**, and the declaration of Kelly Smith Brown (the "Smith Brown Declaration"), which is attached to the Application as **Exhibit C**; and this Court having jurisdiction pursuant to Sections 157 and 1334 of Title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to Sections 1408 and 1409 of Title 28 of the United States Code; and this Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and this Court being satisfied, based on the representations made in the Application and the Azman Declaration,

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 10, 2026

---

that McDermott (a) does not represent or hold any interest adverse to the Committee in connection with these chapter 11 cases, (b) is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code, and (c) does not represent any entity having an adverse interest in connection with these chapter 11 cases as required by Section 1103 of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application, the Azman Declaration, and the Smith Brown Declaration establish good cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted and approved as set forth herein effective as of July 10, 2026.

2. In accordance with Section 1103(a) of the Bankruptcy Code and, with respect to McDermott's hourly rates, Section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and to retain McDermott as its counsel in these chapter 11 cases, on the terms and conditions set forth in the Application and the Azman Declaration, as modified by the terms of this Order.

3. McDermott shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of*

---

*Expenses of Professionals Retained by Order of This Court* [Docket No. 550], and such other applicable procedures and orders of this Court. McDermott shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and any interim and final fee application(s) to be filed by McDermott in these chapter 11 cases.

4. Notwithstanding anything to the contrary in the Application, McDermott shall not seek reimbursement of any fees or costs from the estate arising from the defense of any of McDermott's monthly fee statements or fee applications in these chapter 11 cases.

5. McDermott shall provide ten (10) business days' notice to the U.S. Trustee, the Debtors, and the Committee appointed in these chapter 11 cases in connection with any subsequent increase of the hourly rates listed in the Application and shall file such notice with this Court. The U.S. Trustee and the Debtors retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in Section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

6. To the extent that this Order is inconsistent with the Application, the Azman Declaration, or the Smith Brown Declaration, the terms of this Order shall govern.

(Page 5)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 10, 2026 |

---

7. The Committee and McDermott are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application, including, without limitation, executing any additional or supplemental documents incidental to the relief granted herein.

8. McDermott shall (a) comply with the requirements of Local Rule 2016-1; (b) only bill fifty percent (50%) for non-working travel; (c) use billing and expenses categories that are substantially similar to those set forth in the U.S. Trustee Guidelines (Exhibit D-1, "Summary of Compensation Requested by Project Category"); and (d) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

9. Notwithstanding anything in the Application to the contrary, McDermott shall, to the extent that McDermott uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "<u>Contractors</u>") in these chapter 11 cases, (a) pass through the cost of such Contractors at the same rate that McDermott pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure that the Contractors (to the extent they are attorneys or accountants) (i) are subject to the same conflict checks and disclosures as required by McDermott and (ii) file with the Court such disclosures required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee applications, and/or final fee applications filed in these cases.

(Page 6)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MCDERMOTT WILL & SCHULTE LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JULY 10, 2026

---

10. No agreement or understanding exists between McDermott and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these chapter 11 cases, nor shall McDermott share or agree to share compensation received for services rendered in connection with these chapter 11 cases with any other person other than as permitted by Section 504 of the Bankruptcy Code.

11. McDermott will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, McDermott will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

12. McDermott shall coordinate with the other Committee professionals and avoid duplication of services provided by any of the Committee's other retained professionals.

13. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

14. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

---

15. This Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to this Order or its interpretation, implementation, or enforcement.

**EXHIBIT B**

**Azman Declaration**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF DARREN AZMAN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY MCDERMOTT WILL & SCHULTE LLP AS COUNSEL EFFECTIVE JULY 10, 2026**

I, Darren Azman, declare as follows:

1. I am a partner of the firm of McDermott Will & Schulte LLP ("McDermott" or the "Firm"). McDermott maintains offices at, among other places, One Vanderbilt Avenue, New York, New York 10017. I am a member in good standing of the Bars of the States of New York and Massachusetts, and I have been admitted to practice in the U.S. Courts of Appeals for the Second and Third Circuits, and the U.S. District Courts for the District of Massachusetts and the Eastern and Southern Districts of New York. There are no disciplinary proceedings pending against me.

2. I am familiar with the matters set forth herein and make this Declaration in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated

---

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

debtors and debtors in possession (collectively, the "Debtors"), for the approval of the Committee's retention and employment of McDermott as counsel in connection with these chapter 11 cases, effective July 10, 2026.

3. On July 9, 2026, under Section 1102 of title 11 of the United States Code (the "Bankruptcy Code"), the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Committee. *See* Docket No. 438. The Committee currently comprises: (a) Smaller Earth Group dba Camp Leaders; (b) American Institute for Foreign Study, Inc. dba Camp America; (c) Tavezio; (d) Kelly Smith Brown, Individually; and (e) Camp Specialists Ltd.

4. On July 10, 2026, the Committee selected McDermott to serve as the Committee's counsel in connection with these chapter 11 cases, subject to the Court's approval.

5. The Committee anticipates that McDermott will, in connection with these chapter 11 cases and subject to orders of this Court, provide a range of services to the Committee,[3] including, but not limited to, the following:

(a) advising the Committee regarding its rights, powers, and duties in these chapter 11 cases;

(b) assisting and advising the Committee in its consultations and negotiations with the Debtors and other parties in interest in connection with the administration of these chapter 11 cases;

(c) soliciting information from and providing information to the Debtors' unsecured creditors as a group;

(d) assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and negotiating with holders of claims against and interests in the Debtors;

3 By separate application, the Committee shall file an application to retain RC as co-counsel to the Committee. McDermott will coordinate the division of responsibilities with RC throughout the engagement to ensure that there is no duplication of services rendered on the Committee's behalf.

(e) assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and their insiders and of the operation of the Debtors' businesses;

(f) assisting the Committee in its analysis of, and negotiations with, the Debtors and other parties in matters related to, among other things, the assumption or rejection of executory contracts and unexpired leases, the sale or other disposition of property of the Debtors' estates, the financing of other transactions, and the terms of one or more plans of reorganization or liquidation of the Debtors and accompanying disclosure statements and related plan documents;

(g) assisting and advising the Committee on its communications with the Debtors' unsecured creditors as a group regarding significant matters in these chapter 11 cases;

(h) representing the Committee at all hearings and other proceedings before the Court;

(i) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee as to their propriety and, to the extent deemed appropriate by the Committee, support, join, or object thereto;

(j) advising and assisting the Committee with respect to any legislative, regulatory, or governmental activities;

(k) assisting the Committee in its review and analysis of the Debtors' various agreements;

(l) preparing, on behalf of the Committee, any pleadings, including, without limitation, motions, memoranda, complaints, objections, or comments in connection with any matter related to the Debtors or these chapter 11 cases;

(m) investigating and analyzing any claims belonging to the Debtors' estates; and

(n) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's rights, powers, and duties, as set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law.

**PROFESSIONAL COMPENSATION**

6. McDermott intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive Office for the United States Trustee (the "U.S. Trustee Guidelines"), the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 550] (the "Compensation Order"), and any other applicable procedures and orders of the Court (collectively, the "Fee Guidelines").

7. McDermott's hourly rates are subject to periodic adjustments (typically effective as of January of each year) to reflect economic and other conditions. The current standard hourly rates that McDermott charges for the services of professionals and paraprofessionals employed in its U.S. offices that may be involved in bankruptcy and restructuring matters are:

| **Title** | **2026 Standard Rates** |
|---|---|
| Partners/Counsel | $1,675–$2,795 |
| Associates | $985–$1,645 |
| Non-Lawyer Professionals | $135–$1,915 |

8. McDermott has informed the Committee that McDermott's policy is to charge its clients in all areas of practice for expenses incurred in connection with its representation of its clients. McDermott will charge for expenses in a manner and at rates consistent with charges made

generally to its other clients in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of the Court. Such expenses include, among other things, mail and express mail charges, special or hand delivery charges, travel expenses, expenses for computerized research, and transcription costs. McDermott will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.

9. No promises were received by McDermott, any partner, any counsel, any attorney who is "of counsel" to McDermott, or any associate of McDermott, as to compensation in connection with these chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. Neither McDermott, nor any partner of McDermott, any counsel, any attorney who is "of counsel" to McDermott, or any associate of McDermott, has any agreement with any other entity to share with such entity any compensation received by McDermott in connection with these chapter 11 cases.

**DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS**

10. In connection with its proposed retention by the Committee in these chapter 11 cases, McDermott undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Committee. Specifically, McDermott obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Interested Parties"), and such parties are listed on **Schedule 1** attached hereto.

11. In preparing this Declaration, through my colleagues, I submitted to McDermott's computerized client and conflict database (the "Conflict Database") an extensive list of interested parties and significant creditors (as set out on **Schedule 1,** the "Searched Parties"). The Searched

Parties were originally obtained from Debtors' counsel. An attorney then reviewed the results and removed from consideration obvious name coincidences or other "false hits." In addition, McDermott further distributed an email to all McDermott attorneys requesting that they disclose connections with the Debtors, their affiliates, the U.S. Trustee, or the Bankruptcy Court. McDermott performed this inquiry consistent with its normal and customary practices.

12. The Conflict Database maintained by McDermott is designed to include every matter on which the Firm is now and has been engaged, by which entity the Firm is now or has been engaged, and, in each instance, the identity of certain related parties and adverse parties and certain of the attorneys in the Firm that are knowledgeable about the matter. It is the policy of McDermott that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, McDermott maintains and systematically updates this system in the regular course of business of the Firm, and it is the regular practice of the Firm to make and maintain these records.

**REPRESENTATION OF PARTIES IN INTEREST**

13. To the extent that I have been able to ascertain that McDermott has been retained within the last three years to represent any of the Searched Parties in matters unrelated to the chapter 11 cases, such facts are disclosed on **Schedule 2** attached hereto.[4] In connection with the

[4] As referenced in Schedule 2, the term "current client" (the "Current Clients") means a client to whom time was posted in the 12 months preceding July 10, 2026 (the "Retention Date"); the term "former client" means a client to whom time was posted between 12 and 36 months preceding the Retention Date, but for whom no time has been posted in the 12 months preceding the Retention Date; the term "closed client" means a client to whom time was posted in the 36 months preceding the Retention Date, but for which the client representation has been closed. As a general matter, McDermott discloses connections with former clients or closed clients for whom time was posted in the last 36 months but does not disclose connections if time was billed more than 36 months before the Retention Date.

Case 26-16388-CMG Doc 914 Filed 03/10/26 Entered 03/10/26 16:14:13 Desc Main Document Page 15 of 47

services to be rendered to the Committee, McDermott will not commence a cause of action against any Current Client with respect to these chapter 11 cases, unless McDermott has received a waiver from the Current Client allowing McDermott to commence such an action. In connection with these chapter 11 cases, to the extent any causes of action are commenced by or against any Current Client, and a waiver letter is not obtained permitting McDermott to participate in such action, Robinson & Cole LLP ("RC") will represent the Committee and the interests of the Debtors' unsecured creditors. McDermott is not disqualified from acting as the Committee's counsel merely because it represents certain of the Searched Parties in matters unrelated to these chapter 11 cases. McDermott submits that it is a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code.

14. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, McDermott, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed by the U.S. Trustee, or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of New Jersey, except as disclosed on **Schedule 2** or otherwise described herein.

## CONNECTIONS WITH PARTIES REPRESENTING ONE PERCENT OR MORE OF MCDERMOTT'S REVENUES FOR 2024, 2025, OR 2026

15. At the inception of each engagement for which a declaration is required under Bankruptcy Rule 2014, McDermott reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of McDermott and, as a result, made payments to McDermott for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceed one

percent of McDermott's total revenues for such calendar year. In connection with this Declaration, McDermott has reviewed similar information for the years 2024, 2025, and 2026.

16. Except as specifically disclosed below, McDermott's revenues for services rendered on behalf of each of the parties in interest in **Schedule 2** represent less than one percent of McDermott's annual revenue in each of calendar years 2024, 2025, and 2026.

**SPECIFIC DISCLOSURES**

17. McDermott delivered a standard Regulation S exemption opinion to the Tel Aviv Stock Exchange in connection with a debenture offering by SIMAD Holdings Ltd. Such opinions are based on the type of debentures, not the issuer. McDermott's involvement was limited to delivery of the opinion. McDermott dealt exclusively with Israeli securities counsel handling the offering and had no direct dealings with the company. This is the only matter for which McDermott has represented SIMAD Holdings Ltd. The Firm's involvement in this matter was de minimis with only a single time entry of 2.5 hours in November 2025. The matter is closed and is not substantially related to work to be performed under McDermott's representation of the Committee in these chapter 11 cases. Out of an abundance of caution, (a) McDermott has established an ethical wall that restricts attorneys and paraprofessionals who rendered services on this matter from accessing documents and electronic information related to these chapter 11 cases, and (b) to the extent such matters arise during these chapter 11 cases, the Committee's co-counsel, RC, will handle any matters related to the Regulation S opinion on behalf of the Committee.

18. McDermott represented Damis Holdings LLC in connection with the United States government's review of loans obtained through the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan program ("EIDL"). Damis Holdings LLC is a debtor in a separately administered chapter 11 case pending in this District. The engagement letter also listed

Michael Shabsels, David Shabsels, Randolph Mittasch, and Joshua Friedman as the clients, some of whom are equity holders and former officers of Damis Holdings LLC. This is the only matter for which McDermott has represented the clients. McDermott's representation was limited in nature, lasted approximately six months commencing in October 2024, and the last work date was February 2025. The lead attorney on the engagement is no longer with McDermott. Out of an abundance of caution, (a) McDermott has established an ethical wall that restricts attorneys and paraprofessionals who rendered services on behalf of the PPP Clients from accessing documents and electronic information pertaining to McDermott's representation of the Committee, and vice versa, and (b) RC will handle any matters related to those PPP and EIDL loans on behalf of the Committee.

19. I have been advised that an associate attorney at McDermott is in a relationship with an associate attorney at Cole Schotz P.C. ("Cole Schotz"), which serves as counsel to the Debtors. Although I understand the Cole Schotz associate is involved in the representation of the Debtors, the McDermott associate is not involved in McDermott's representation of the Committee.

20. Several partners at the Firm have children who attend or have attended one of the Debtors' camps, including Banner Day Camp and Camp Lavi.

**OTHER CONNECTIONS AND GENERAL DISCLOSURES**

21. McDermott performed general diligence to determine any connections beyond what is disclosed in the attached schedules. McDermott may have represented in the past and/or currently or in the future may represent entities (other than parties in the attached schedules) not known currently to McDermott in matters wholly unrelated to these chapter 11 cases that may be parties in interest in these chapter 11 cases. To the extent that McDermott discovers any such

information or needs to update the information disclosed herein, McDermott will disclose such information by filing a supplemental declaration in accordance with Bankruptcy Rule 2014.

22. McDermott in the past has represented parties potentially adverse to the Debtors in matters wholly unrelated to these chapter 11 cases.

23. Certain entities owned by current or former McDermott attorneys and senior staff ("Attorney Investment Entities") have investments in funds or companies that may, directly or indirectly, be affiliated with the Debtors or one or more of their creditors, hold investments in the debt or equity securities of the Debtors or one or more of their creditors, may be adverse to the Debtors or one or more of their creditors, or conduct commercial transactions with the Debtors or one or more of their creditors (each, a "Passive Holding"). The Attorney Investment Entities are passive and have no management or other control rights in such funds or companies. Notwithstanding this, other persons may in the future assert that a Passive Holding creates, in certain circumstances, a conflict between McDermott's exercise of its independent professional judgment in rendering advice to the Committee and the financial interest of McDermott attorneys participating in the Attorney Investment Entities, and such other persons might seek to limit the Committee's ability to use McDermott to advise the Committee on a particular matter. While McDermott cannot control what a person might assert or seek, McDermott believes its judgment will not be compromised by virtue of any Passive Holding.

24. From time to time, McDermott's partners, counsel, associates, and employees may personally directly acquire a debt or equity security of the Debtors or a company which may be (or become) one of the Debtors' creditors or other parties in interest in these chapter 11 cases. McDermott has a long-standing policy prohibiting attorneys and employees from using confidential information that may come to their attention in the course of their work. In this regard,

all of McDermott's attorneys and employees are barred from trading in securities with respect to which they possess confidential information.

**AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**

25. Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) McDermott does not hold or represent any interest adverse to the interest of the Debtors' estates with respect to the matters on which McDermott is to be employed, (b) McDermott is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, (c) McDermott does not represent any other entity having an adverse interest in connection with these chapter 11 cases, except as permitted under Section 1103(b) of the Bankruptcy Code, and (d) McDermott has no connection with the Debtors, their creditors, or any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of New Jersey, except as disclosed or otherwise described herein.

**STATEMENT REGARDING THE U.S. TRUSTEE GUIDELINES**

26. The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Guidelines:

**Question 1:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response: No.

**Question 2:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response: No.

**Question 3:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing

rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response: McDermott did not represent the Committee prior to these chapter 11 cases.

**Question 4:** Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: The Committee and McDermott expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, and any other orders of the Court, recognizing that in the course of these chapter 11 cases there may be unforeseeable fees and expenses that will need to be addressed by the Committee and McDermott.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 3, 2026

*/s/ Darren Azman*
Darren Azman
Partner
McDermott Will & Schulte LLP

## SCHEDULE 1

**Searched Parties**

## SIMAD Holdings – Amended Parties in Interest

**Debtors**

ROLLING HILLS OPERATINGCO LLC
ROLLING HILLS LANDCO LLC
COUNTRY ROADS OPERATINGCO LLC
COUNTRY ROADS LANDCO LLC
EAGLE’S LANDING DAY CAMP LLC
MEADOWBROOK OPERATINGCO LLC
MEADOWBROOK LANDCO LLC
MILL ROAD LANDCO LLC
SIMAD HOLDINGS LTD.
INTERMEDIATE SIMAD 1 LLC
SIMAD EQUITIES LLC
ACHIM LANDCO LLC
BAHS HOLDINGS LLC
ACHIM OPERATINGCO LLC
BAHS OPERATING INC.
BANNER LANDCO LLC
BANNER OPERATINGCO LLC
BELGRADE LAKES SUMMER CAMPS LLC
BLUESTAR LANDCO, LLC
CAMP MED-O-LARK, INC.
BLUESTAR OPERATINGCO, LLC
CHATEAUGAY LANDCO, LLC
CHATEAUGAY CAMPCO, LLC
CLUB GETAWAY OPERATINGCO, LLC
GREEN LANE OPERATINGCO, LLC
CLUB GETAWAY LANDCO, LLC
IAFALANDCO, LLC
ISLAND LAKE CAMPCO, LLC
GREEN LANE LANDCO, LLC
KIWI OPERATINGCO, LLC
GREENVILLELAND LLC
WAUKEELA OPERATINGCO LLC
IAFAOPERATINGCO, LLC
MAINEWEKEELACO, LLC
MESORHACO, LLC
ISLAND LAKE LANDCO, LLC
MOGENAVCO, LLC
LAVCO, LLC
MOHAWKCAMPCO, LLC
PINE FOREST CAMPCO, LLC
LAVLAND, LLC
POLAND CAMPCO, LLC
MALKA OPERATINGCO, LLC
RDM CAMPS, LLC

SHAB OPERATING INC.
MESORAHLAND, LLC
WASHINGTON LAKE, LLC
MOGENAVLAND LLC
WEKEELAND LLC
MOHAWKLAND LLC
WM LAND, LLC
PINE FOREST LANDCO LLC
WM CAMP, LLC
POLAND LANDCO, LLC
WAUKEELA LANDCO, LLC
SUMMIT CAMP, LLC
SHAB HOLDINGS LLC
ONE CANAL PLACE LEASING LLC
ONE CANAL PLACE REAL ESTATE LLC
QUADSTAR REALTY LLC
MOHAWK COUNTRY DAY SCHOOL, INC.

**Directors & Officers**
ADAM WEINER*
DAVID SCHREIBER*
DAVID SHABSELS*
IVAN BELLOTTO*
JACOB LABOVITZ*
JAY FREEDMAN*
JOSEPH STANSKY*
KARLA BELLOTTO*
KERRY LABOVITZ *
LAUREN POPKIN-HERSCHTHAL*
MICHAEL SHABSELS*
RONEN GABBAY*
SETH HERSCHTHAL
STACY KOTELOV*

**Bankruptcy Judges**
CHIEF JUDGE CHRISTINE M. GRAVELLE
HON. MICHAEL B. KAPLAN
HON. ANDREW B. ALTENBURG, JR.
HON. JERROLD N. POSLUSNY, JR.
HON. JOHN K. SHERWOOD
HON. MARK E. HALL
HON. ROSEMARY GAMBARDELLA
HON. STACEY L. MEISEL
HON. VINCENT F. PAPALIA
HON. EAMONN J. O'HAGAN

**<u>Separately Administered Debtors</u>**
1000 ACRES HOLDINGS, LLC
1101 EAST GLENDALE BOULEVARD REAL ESTATE LLC
1101 EAST GLENDALE BOULEVARD LEASING LLC
11200 WEST FLORISSANT AVENUE LEASING LLC
11200 WEST FLORISSANT AVENUE REALTY LLC
1133 NORTHWEST L STREET LEASING LLC
1133 NORTHWEST L STREET REAL ESTATE LLC
1135 EAST CHOCOLTE AVENUE LEASING LLC
12 CAMBRIDGE DRIVE LEASING LLC
12 CAMBRIDGE DRIVE REALTY LLC
1323 AUGUSTA WEST PARKWAY LEASING LLC
1323 AUGUSTA WEST PARKWAY REAL ESTATE LLC
1401 US HIGHWAY 49B REAL ESTATE LLC
149 EMERALD STREET LEASING LLC
149 EMERALD STREET REAL ESTATE LLC
1600 EASTCHASE PARKWAY LEASING LLC
1600 EASTCHASE PARKWAY REAL ESTATE LLC
1912 MEMORIAL DRIVE REAL ESTATE LLC
194 WASHINGTON AVENUE LEASING LLC
194 WASHINGTON AVENUE REAL ESTATE LLC
200 GREAT POND DRIVE LEASING LLC
200 GREAT POND DRIVE REAL ESTATE LLC
201 CENTRE DRIVE LEASING LLC
201 CENTRE DRIVE REAL ESTATE LLC
2195 HARLEM ROAD LEASING LLC
2195 HARLEM ROAD REAL ESTATE LLC
2203 GRAND CANAL BOULEVARD LEASING LLC
2203 GRAND CANAL BOULEVARD REAL ESTATE LLC
2302 WINDSONG DRIVE LEASING LLC
2434 SOUTH INTERSTATE 35E LEASING LLC
2434 SOUTH INTERSTATE 35E REAL ESTATE LLC
250 PROGRESSIVE LEASING LLC
250 PROGRESSIVE REAL ESTATE LLC
2547 BRINDLE DRIVE LEASING LLC
2547 BRINDLE DRIVE REAL ESTATE LLC
2974 COPPERCREEK ROAD LEASING LLC
3385 NEWMARK DRIVE LLC
3413 TITTABWASSEE ROAD LEASING LLC
3413 TITTABWASSEE ROAD REAL ESTATE LLC
348 MORRIS AVENUE REAL ESTATE LLC
400 GREENS ROAD LEASING LLC
400 GREENS ROAD REAL ESTATE LLC
4200 PARK AVENUE LEASING LLC
4238 BAY ROAD LEASING LLC
4238 BAY ROAD REAL ESTATE LLC

44 SOUTHPOINT DRIVE LEASING LLC
45 COMMERCE DRIVE LEASING LLC
45 COMMERCE DRIVE REAL ESTATE LLC
4650 WESTWAY PARK BOULEVARD LEASING LLC
4650 WESTWAY PARK BOULEVARD REAL ESTATE LLC
4800 USH 280 LEASING LLC
4800 USH 280 REAL ESTATE LLC
5707 MACCORKLE AVENUE LEASING LLC
5707 MACCORKLE AVENUE REAL ESTATE LLC
7335 GLADIOLOUS LLC
771 CORPORATE DRIVE LEASING LLC
771 CORPORATE DRIVE REAL ESTATE LLC
830 COUNTY ROAD 64 LEASING LLC
830 COUNTY ROAD 64 REAL ESTATE LLC
90 PLEASANT VALLEY STREET LEASING LLC
90 PLEASANT VALLEY STREET REAL ESTATE LLC
BELMON APARTMENT PARTNERS LLC
CATSKILL WINE AND FOOD FESTIVAL LLC
DAMIS HOLDINGS LLC
DAMIS VENTURE LLC
DASMAS LANDCO LLC
EAST HARTFORD PROPERTIES LEASING LLC
EAST HARTFORD PROPERTIES REAL ESTATE LLC
FAIRPLAIN PLAZA LEASING LLC
FAIRPLAIN PLAZA REAL ESTATE LLC
HIGHLAND PARK PARTNERS LLC
MATTESON CENTER LEASING LLC
MATTESON CENTER REAL ESTATE LLC
MONTCLAIR CONDO HOLDINGS LLC
OKLAHOMA WILSHIRE LOFTS LEASING LLC
OKLAHOMA WILSHIRE LOFTS REAL ESTATE LLC
ROCKING HORSE RANCH LANDCO LLC
ROCKING HORSE RANCH OPERATINGCO LLC
SECONDARY PARAGOULD LLC
SIMAD HOLDINGS LLC
SIMAD VENTURE LLC
SOUTH LOOP WEST LEASING LLC
SOUTH LOOP WEST REAL ESTATE LLC
SOUTHWEST OHIO ASSOCIATES LLC
SPLASHDOWN BEACH LANDCO LLC
SPLASHDOWN BEACH OPERATINGCO LLC
STONY CREEK OPERATING CO, LLC
TURNPIKE ROAD HOLDINGS LLC
WG OPERATINGCO LLC
WOODLANDS EAGLE TIMBER LEASING LLC

**Bankruptcy Professionals**
ASSAF RAVID
COLE SCHOTZ P.C.
FAEGRE DRINKER BIDDLE & REATH LLP
PASHMAN STEIN WALDER HAYDEN P.C.
KIRKLAND & ELLIS LLP
DANIEL Y. SASSON
FTI CONSULTING, INC.
KROLL RESTRUCTURING ADMINISTRATION
MIKEWORLDWIDE
M3 PARTNERS
ROBINSON & COLE LLP

**Banks/Lenders/Administrative Agents**
ACE FUNDING SOURCE LLC
ASEND BANK
AGILE CAPITAL FUNDING, LLC
AGILE LENDING, LLC
AMERICAN CHOICE CAPITAL LLC
AUSTIN BUSINESS FINANCE, LLC
BANK IOWA
BANK OF AMERICA
BANK OF CLARK COUNTY
BANK OF NEW HAMPSHIRE
BARZELL
BEACON BANK
BLOC FUNDINGBYLINE BANK
CASHERA PRIVATE CREDIT INC.
CHASE BANK
CLEARVIEW FUNDING GROUP
COMMUNITY BANK
E ADVANCE SERVICES LLC
ENTERGY
FAIRPARK CAPITAL LLC
FINWISE BANK (MULLIGAN FUNDING)
FIRST CITIZENS BANK
FIRST FINANCIAL BANK
FUNDERS WEST
FUNDING CLUB LLC
HOMETRUST BANK
IOU FINANCIAL
KETA CONSTRUCTION COMPANY
LIBERTAS
LIFETIME FUNDING LLC D/B/A LIFETIME FUNDING
LNS GROUP LLC D/B/A/ LNS GROUP
THE MERCHANT MARKETPLACE HOLDINGS CORP.

METROPOLITAN PARTNERS GROUP MANAGEMENT, LLC
METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC
MISHMERET TRUST COMPANY LTD
NBT BANK
NORWAY SAVINGS BANK
NEWCO CAPITAL GROUP VI LLC
OCEAN FUNDING CORP.
OPTIMUM LENDING PARTNERS
ORCAFUNDING LLC
PCSB
PROVIDENT BANK
RAMP BANK
REDSTONE ADVANCE INC
TIDEWAY
TD BANK
TRANSPARENCY ADVANCE D/B/A NITRO ADVANCE LLC
UNION BANK
VAULT 26 CAPITAL LLC
WAYNE BANK
WYNWOOD CAPITAL GROUP LLC

**Creditors' Committee Members**
SMALLER EARTH GROUP dba CAMP LEADERS
AMERICAN INSTITUTE FOR FOREIGN STUDY INC. DBA CAMP AMERICA
TAVEZIO
CAMP SPECIALISTS LTD
KELLY SMITH BROWN, INDIVIDUALLY

**Equity Holders**
EZRIEL FRANKEL
MARK SHER
STACY KOTELOV
LAUREN POPKIN-HERSCHTHAL
ADAM WEINER
JAY FREEDMAN
IVAN BELLOTTO
KARLA BELLOTTO
JOSEPH STANSKY
RONEN GABBAY
DAVID SHABSELS
MICHAEL SHABSELS
GLYNIS CONYER
ALAN SMITH
BETON HOLDINGS LLC
JACOB LABOVITZ
KERRY LABOVITZ

**Insurers**
ALLIANZ GLOBAL CORPORATE & SPECIALTY
BROWN & BROWN OF GARDEN CITY, INC.
CHURCH MUTAL INSURANCE
FEDERAL INSURANCE COMPANY
MIDVALE INDEMNITY COMPANY
PHILADELPHIA INDEMNITY INSURANCE COMPANY
RSG UNDERWRITING
THE HARTFORD INSURANCE GROUP
THE TRAVELERS INDEMNITY COMPANY

**Proposed Acquiror**
CAMP ACHIM LLC

**Taxing Authorities/ Governmental/ Regulatory Agencies**
COMMONWEALTH OF PENNSYLVANIA
STATE OF NEW JERSEY DEPT OF LABOR A
CCH INCORPORATED
ANDERSEN TAX HOLDINGS LLC
CHESTER COUNTY TREASURER
CITY OF BETHLEHEM
INTERNAL REVENUE SERVICE
NEW YORK DEPT OF STATE
WAKE COUNTY REVENUE DEPT
COMMONWEALTH OF PENNSYLVANIA
HELLO BEE LLC
NORTH CAROLINA DEPARTMENT OF LABOR OSHA
WEST GOSHEN TOWNSHIP
SAN FRANCISCO TAX COLLECTOR
N.C. DEPARTMENT OF REVENUE
COMMONWEALTH OF PENNSYLVANIA
NORTH CAROLINA DEPT OF
DELAWARE DEPT OF LABOR
SPRINGFIELD TOWNSHIP
TREASURER LOWER MARION
EDGECOMBE COUNTY TAX COLLECTOR
ANDERSEN TAX LLC
PENNSYLVANIA HAZARDOUS MATERIAL
GALAXY US OPCO INC.
NORTH CAROLINA DEPARTMENT OF REVENUE
PENNSYLVANIA DEPARTMENT OF REVENUE
NEW HAMPSHIRE DIVISION OF EMERGENCY SERVICES AND COMMUNICATIONS
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NORTH CAROLINA DEPARTMENT OF REVENUE

ILLINOIS DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
TOWN OF FRANCONIA
WAKE COUNTY REVENUE DEPARTMENT
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
PHILADELPHIA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
NYC DEPARTMENT OF FINANCE
CONNECTICUT DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
PENNSYLVANIA DEPARTMENT OF REVENUE
WAKE COUNTY REVENUE DEPARTMENT
CITY OF BETHLEHEM
ILLINOIS DEPARTMENT OF REVENUE,
NEW JERSEY DIVISION OF TAXATION,
NYS SALES TAX PROCESSING,
NORTH CAROLINA DEPARTMENT OF REVENUE
PA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
WEST GOSHEN
MECKLENBURG COUNTY
ANDERSEN TAX HOLDINGS LLC
ANDERSEN TAX LLC
ILLINOIS DEPT. OF REVENUE
MAINE REVENUE SERVICES
LANCASTER COUNTY
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
NORTH CAROLINA DEPT. OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
PENNSYLVANIA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NORTH CAROLINA DEPARTMENT OF REVENUE
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
DURHAM COUNTY, NC
PENNSYLVANIA DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
(EASTERN) LEBANON COUNTY TREASURER
ILLINOIS DEPARTMENT OF REVENUE
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NORTH CAROLINA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER

NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPT. OF REVENUE SERVICES
ILLINOIS DEPARTMENT OF REVENUE
PENNSYLVANIA DEPT. OF REVENUE
NEW JERSEY DIVISION OF TAXATION
MAINE REVENUE SERVICES
ILLINOIS DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
CONNECTICUT DEPARTMENT OF LABOR
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF NEW JERSEY UNCLAIMED PROPERTY DIVISION
MAINE DEPARTMENT OF THE SECRETARY OF STATE
STATE OF DEPARTMENT OF ENVIRONMENTAL CONSERVATION
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NEW YORK ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE
EEOC PHILADELPHIA DISTRICT OFFICE
ENVIRONMENTAL PROTECTION AGENCY
STATE OF CONNECTICUT UNCLAIMED PROPERTY DIVISION
STATE OF NORTH CAROLINA UNCLAIMED PROPERTY PROGRAM
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF NORTH CAROLINA ATTORNEY GENERAL
MAINE SECRETARY OF STATE
SECRETARY OF STATE-ILLINOIS
STATE OF ILLINOIS ATTORNEY GENERAL
DELAWARE SECRETARY OF STATE
SECRETARY OF STATE NEW JERSEY
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
NORTH CAROLINA SECRETARY OF STATE
STATE OF CONNECTICUT ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NORTH CAROLINA ATTORNEY GENERAL
STATE OF PENNSYLVANIA ATTORNEY GENERAL
STATE OF PENNSYLVANIA BUREAU OF CONSUMER PROTECTION
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
SECRETARY OF STATE NORTH CAROLINA
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE-ILLINOIS INTERNAL REVENUE SERVICE
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY REGION 2 RCRA PROGRAMS BRANCH
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY BUREAU OF SOLID WASTE MANAGEMENT
ILLINOIS SECRETARY OF STATE
STATE OF ILLINOIS ATTORNEY GENERAL
EEOC NEW YORK DISTRICT OFFICE

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
STATE OF ILLINOIS UNCLAIMED PROPERTY DIVISION
ILLINOIS SECRETARY OF STATE
NORTH CAROLINA DEPARTMENT OF LABOR
NEW YORK DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
STATE OF NEW YORK CONSUMER PROTECTION DIVISION
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY
STATE OF CONNECTICUT CONSUMER PROTECTION DIVISION
ILLINOIS SECRETARY OF STATE
EEOC BUFFALO LOCAL OFFICE
EEOC PITTSBURGH AREA OFFICE
PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION (DEEP)
STATE OF MAINE UNCLAIMED PROPERTY DIVISION
EEOC NEWARK AREA OFFICE
STATE OF PENNSYLVANIA DEPT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE CONNECTICUT
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
SECRETARY OF STATE PENNSYLVANIA
SECRETARY OF STATE NEW YORK
STATE OF NEW YORK UNCLAIMED PROPERTY DIVISION
STATE OF PENNSYLVANIA UNCLAIMED PROPERTY DIVISION
STATE OF NEW JERSEY ATTORNEY GENERAL
NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
STATE OF NEW JERSEY CONSUMER AFFAIRS DIVISION
MAINE DEPARTMENT OF LABOR
DURHAM COUNTY ENGINEERING AND ENVIRONMENTAL SERVICES UTILITIES DIVISION
COLORADO DEPARTMENT OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE
HARTFORD DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA
CITY OF GREENVILLE
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
GREELEY SALES TAX DIVISION
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CONNECTICUT DEPT. OF REVENUE SERVICES
STATE OF CONNECTICUT ATTORNEY GENERAL
OFFICES OF THE UNITED STATES ATTORNEYS
WASHINGTON DC ATTORNEY GENERAL

WAYNE COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
WESTCHESTER COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
PUTNAM COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
WASHINGTON COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
CITY OF GREELEY TAX DEPARTMENT
CITY OF HARTFORD
CITY OF KENT
CITY OF GREENVILLE
COLORADO DEPARTMENT OF REVENUE
DC OFFICE OF FINANCE AND TREASURY
CITY OF WASHINGTON
CONNECTICUT OFFICE OF THE TREASURER
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CITY OF LAKEWOOD-FINANCE DEPT.
GREENVILLE BOROUGH TAX COLLECTOR
CONNECTICUT COMMISSIONER OF REVENUE SERVICES
SOUTH STRABANE TOWNSHIP
NORTH FRANKLIN TOWNSHIP
TOWN OF WINDSOR
WAYNE COUNTY, PA AUDITOR
WASHINGTON TOWNSHIP TREASURER
NORTH FRANKLIN TOWNSHIP
TOWN OF BERLIN
THE DC OFFICE OF TAX AND REVENUE
WASHINGTON COUNTY TREASURER
TOWN OF HAMDEN
MONMOUTH COUNTY NJ COUNTY CONSUMER PROTECTION AGENCY
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS
TOWN OF CATSKILL
TOWN OF THOMPSON
TOWN OF LAKE FOREST
HENDERSONVILLE COUNTY
TOWN OF MERRILL
MANALAPAN TOWNSHIP
BRUNSWICK TOWNSHIP
BURLINGHAM TOWN
GREEN LANE BOROUGH
FRYEBURG TOWN OFFICE
STARRUCCA BOROUGH TAX COLLECTOR
GLEN SPEY TOWN
LONG VALLEY
TOWN OF GUILFORD
SWAN LAKE
TOWN OF BELGRADE

TOWN OF POLAND
TOWN OF EATON

**U.S. Trustee Office**
ADELA ALFARO
ANGELIZA ORTIZ-NG
DANIEL C. KROPIEWNICKI
DAVID GERARDI
FRAN B. STEELE
FRANCYNE D. ARENDAS
JAMES STIVES
JEFFREY SPONDER
KIRSTEN K. ARDELEAN
LAUREN BIELSKIE
MICHAEL ARTIS
PETER J. D'AURIA
RACHEL WOLF
SAMANTHA LIEB
SAVANNA CRUZ
TIA GREEN
TINA L. OPPELT
WILLIAM J. ZIEMER

**Utilities**
8X8, INC.
AMPION
ARCHIE'S INC.
AT&T WIRELESS
AXIOM
BANNON'S SANITATION
BLUE RIDGE
CASELLA WASTE
CASELLA WASTE / PINE TREE
CASSELLA
CASTELLA WASTE
CENTRAL MAINE POWER
CENTRAL MAINE POWER
CENTRAL MAINE POWER (CMP)
COMCAST
COMCAST BUSINESS
COMCAST/XFINITY
COMED
CON EDISON
CONSOLIDATED EDISON
DIRECT FIBER
DUMPSTER NORTH CONWAY INCINERATOR

ELECTRIC CENTRAL MAINE POWER
EVERSOURCE
EVERSOURCE ENERGY
FERREL GAS
FIRMSTONE OIL
FIRST ENERGY (PENELEC)
FIRST LIGHT
FIRSTLIGHT FIBER
FOURLEAF VOICE
FOWLER
GAS DEAD RIVER COMPANY
GORDONS CORNER
GRANITE STATE COMMUNICATIONS
GREGORY'S DISPOSAL
HELIX TELECOM INC.
HIGHHOUSE ENERGY
INTERNET/PHONES CAMP
JCP&L
JCPL
MAINE WATER CO
NEWTEL
NJNG
NORTH SHORE GAS
NYSEG
OOMA
OPTIMUM
OPTIMUM CABLE
ORANGE & ROCKLAND
PECO
PENELEC
PENELEC (FIRST ENERGY)
PPL
PSE&G
REPUBLIC SERVICES
RINGCENTRAL
SANICO
SIPTRUNK
SLIC
SOUTH BRUNSWICK WATER UTILITY
SPECTRUM
SPECTRUM BUSINESS
SPECTRUM MOBILE
STARLINK
SUBURBAN PROPANE
TELESYS AND STARLINK
THOMPSON SANITATION

TOWN OF GREENBURGH
TOWN OF HILLSBOROUGH
UBIQUITI
UNIFI PROTECT
VERIZON
VERIZON BUSINESS
VERIZON WIRELESS VONAGE
WASTE MANAGEMENT
WASTE MANAGEMENT
WASTE MANAGEMENT OF NEW HAMPSHIRE
WASTE MANAGEMENT OF NEW JERSEY, INC.
WELSH SANITATION SERVICE
WIN WASTE INNOVATIONS
ZOOM

**Vendors**
ABBIE SOPHIA, LLC
AIFS CAMP AMERICA
AMUSEMENT SUPPLY CO
B&B ELECTRIC, LLC
BD CAMP TRIPS
BERNAS CONSTRUCTION LLC
BMA CONTRACTING, INC
BROWN COACH, INC.
CAMP LEADERS (SMALLER EARTH LIMITED)
CAROLINA GOLF CARS
CAROLINA LANDSCAPE MANAGEMENT
CBH ELECTRIC INC
COUNTY LINE SHEDS
CRUSTERS
CUSTOM POOLS & SPAS
DRISCOLL FOODS
FRANKEL DISPOSABLES B
FRANKEL DISPOSABLES G
GZA INC.
HALES BUS GARAGE
HOFFMAN PRODUCTIONS, INC
HOME DEPOT CREDIT SERVICES
IENA
IVY OAKS
IVY OAKS ANALYTICS
JOHN ROSS, INC
KOSHERLINE LLC
LOWE’S
MTC DJ SERVICE
NYSIF WORKERS’ COMPENSATION

OXFORD HEALTH PLANS
POLJAK ASSOCIATES
POND HILL RANCH
ROYAL KOSHER B
RYCHIK DESIGN & CONSTRUCTION CO., INC.
SIMPLY SUSHI
TRI STATE BUSSING LLC
UPSTATE DAIRY/ GOLDEN FLOW- BOYS KITCHEN
WATERMARK LANDSCAPE ARCHITECTURE
WYDE LUMBER & SUPPLY

# SCHEDULE 2

## Current, Former, and Closed Clients

**CURRENT[1] CLIENTS[2]**

| **Name of Entity Searched** | **Name of Entity and/or Affiliate of Entity that is a McDermott Client** |
|---|---|
| Allianz Global Corporate & Specialty | Allianz Resolution Management |
| Bank of America | Bank of America |
| Blue Ridge | Blue Ridge Capital, L.L.C. |
| Chase Bank | JPMorgan Chase Bank N.A. |
| Comcast/Xfinity | Comcast Corporation |
| Entergy | Johnson Controls International Plc (Entergy Security Corporation is a subsidiary) |
| First Citizens Bank | First-Citizens Bank & Trust Company |
| FTI Consulting, Inc. | FTI Consulting, Inc. |
| Home Depot Credit Services | Home Depot, Inc. |
| IOU Financial | IOU Financial |
| Jay Freedman | Fidelity Investments (Jay Freedman is a client contact) |
| Kirkland & Ellis LLP | Kirkland & Ellis |
| Kroll Restructuring Administration | Kroll LLC |
| Optimum | Captive Resources LLC / Optimum Insurance Ltd. |
| PPL | PPL LLC |
| Spectrum; Spectrum Mobile | Charter Communications; Spectrum |
| Waste Management; Waste Management of New Hampshire; Waste Management of New Jersey, Inc. | Waste Management Inc. |

1 The term "current client" means a client to whom time was posted in the 12 months preceding July 10, 2026, the date that the Committee selected McDermott as its proposed counsel.

2 McDermott may currently represent or have previously represented certain affiliates of the entities disclosed herein, and the disclosure is accordingly broad in scope.

## FORMER[1] CLIENTS

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that was a Former McDermott Client |
|---|---|
| TD Bank | TD Wealth; TD Bank, N.A. |
| First Financial Bank | First Financial Bank |

[1] The term "former client" means a client to whom time was posted between 12 and 36 months preceding July 10, 2026, the date that the Committee selected McDermott as its proposed counsel, but for whom no time has been posted in the 12 months preceding July 10, 2026.

**CLOSED[1] CLIENTS**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Closed McDermott Client |
|---|---|
| Michael Shabsels; David Shabsels | Michael Shabsels (a/k/a Michael Shabsels, David Shabsels, Randolph Mittasch, Joshua Friedman, and Damis Holdings LLC) |
| Verizon; Verizon Wireless | Verizon Wireless, Inc. |
| Andersen Tax LLC | Andersen Tax LLC |
| Eversource | Eversource Energy |

1 The term "closed client" means a client to whom time was posted in the 36 months preceding July 10, 2026, the date the Committee selected McDermott as its proposed counsel, but for which the client representation has been closed.

# <u>EXHIBIT C</u>

**Smith Brown Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF**
**KELLY SMITH BROWN**
**IN SUPPORT OF THE APPLICATION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO RETAIN AND EMPLOY MCDERMOTT**
**WILL & SCHULTE LLP AS COUNSEL EFFECTIVE JULY 10, 2026**

I, Kelly Smith Brown, declare that the following statements are true and correct to the best of my knowledge after due inquiry as described herein.

1. I am over the age of 21 and I serve as the Chair of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I am, in all respects, competent and authorized under the Bylaws to make this declaration in support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of McDermott Will & Schulte LLP as Counsel Effective as of July 10, 2026* (the "Application").[2]

2. I have reviewed and am familiar with the contents of the Application, as well as the Azman Declaration, which is attached to the Application as **Exhibit B**. Except as otherwise noted,

---

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

I have personal knowledge as to all the information set forth below. I submit this Declaration solely in my capacity as Chair of the Committee.

3. This Declaration is provided pursuant to D.2 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective as of November 1, 2013 (the "U.S. Trustee Guidelines") promulgated by the Office of the United States Trustee (the "U.S. Trustee"). I am informed by McDermott that the U.S. Trustee Guidelines require that any application for employment of an attorney under Sections 327 or 1103 of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

a. The identity and position of the person making the verification.

b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

c. The number of firms the client interviewed.

d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.

4. McDermott was selected by the Committee as its counsel on July 10, 2026, after the Committee interviewed RC as well as three other law firms. As a member of the Committee, I was directly involved in the Committee's decision to select McDermott as its counsel in these chapter 11 cases and actively participated in negotiating the terms of McDermott's employment together with other members of the Committee.

5. I understand that McDermott has extensive experience in and knowledge of complex chapter 11 matters and has represented official and unofficial committees, debtors, and other primary case parties in numerous complex and prominent chapter 11 bankruptcy cases in recent years, including cases in this jurisdiction. For these reasons, the Committee believes McDermott possesses the requisite knowledge and expertise in the areas of law relevant to these chapter 11 cases and is well qualified to represent the Committee as its counsel.

6. I and other members of the Committee have reviewed McDermott's standard rates for bankruptcy services, as set forth in the Application. Based upon representations made to the Committee by McDermott, I understand that those rates are consistent with McDermott's rates for comparable non-bankruptcy engagements and the billing rates and terms of other comparably skilled firms for providing similar services. Based on these representations, the Committee members' experience in both the bankruptcy field and in other fields in which the Debtors operate, and the information learned through the counsel interview process, the Committee believes these rates are reasonable.

7. In addition, I am advised that McDermott's hourly rates are subject to annual adjustments in January of each year to reflect economic and other conditions. I am further advised that, pursuant to ABA Formal Ethics Opinion 11-458, "periodic, incremental increases in a lawyer's regular hourly billing rates are generally permissible if such practice is communicated clearly to and accepted by the client at the commencement of the client-lawyer relationship and any periodic increases are reasonable under the circumstances." I am further advised that, pursuant to ABA Formal Ethics Opinion 11-458, "the client need not agree to pay the modified fee to have the lawyer continue the representation." McDermott disclosed to the Committee its rates in effect

as of July 2026. If McDermott seeks to adjust its rate structure, the Committee expressly reserves the right to reject such modification.

8. I understand that McDermott's fees and expenses will be subject to review, comment, and objection (if warranted) by parties-in-interest and are subject to Court approval, including pursuant to interim and final fee applications that McDermott will file with the Court.

9. In addition to the fee application process and Court approval, I and/or the other members of the Committee will monitor McDermott's interim fee applications to ensure that the fees and expenses requested are reasonable and the corresponding services were necessary or beneficial to the Debtors' estates and the Committee. McDermott may amend and supplement its budget and staffing plan as these chapter 11 cases develop to reflect changed circumstances and unanticipated developments in a timely fashion. If the Committee has an objection to any fees and expenses requested by McDermott that cannot be resolved to the Committee's satisfaction informally, McDermott has informed me that it will file a notice of objection on the Committee's behalf. In so doing, I understand that McDermott reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such objection to the extent it cannot be resolved informally by the parties.

10. Nothing contained in this Declaration is intended to (a) limit McDermott's ability to request allowance and payment of fees and expenses pursuant to Sections 330 and 331 of the Bankruptcy Code and the Compensation Order, (b) restrict McDermott's right to defend any objection raised to the allowance or payment of such fees, or (c) prevent the Committee from formally opposing any fees or expenses requested by McDermott, including retaining conflicts counsel, if necessary, to prosecute any such fee objection.

11. The facts set forth in this Declaration are based upon my personal knowledge, my review of the relevant documents, information provided to me or verified by McDermott, and my personal opinion based upon my experience, knowledge, and information provided to me. I am authorized to submit this Declaration as Chair of the Committee, and, if called upon to testify, I would testify competently to the facts set forth herein.

12. Based on the foregoing, the Committee is of the opinion that it is necessary to retain and employ McDermott as its counsel, effective as of July 10, 2026, and that such retention and employment is in the best interests of the Debtors' estates.

[*Remainder of Page Intentionally Left Blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 3, 2026

*/s/ Kelly Smith Brown*
Kelly Smith Brown, solely in my capacity as the Chair of the Official Committee of Unsecured Creditors of SIMAD Holdings Ltd., *et al.*