**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON SIMAD DEBTORS' FIRST**
**<u>OMNIBUS OBJECTION TO CLAIMS (SECURED MCA CLAIMS)</u>**

**PLEASE TAKE NOTICE** that on **<u>December 3, 2026, at 12:00 p.m. (prevailing Eastern Time)</u>**, or as soon thereafter as counsel may be heard, the above captioned debtors and debtors-in-possession (collectively, the "<u>SIMAD Debtors</u>"), by and through their undersigned counsel, shall move the *SIMAD Debtors' First Omnibus Objection to Claims (Secured MCA Claims)*

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(the "Objection") before the Honorable Christine M. Gravelle, Chief United States Bankruptcy Court Judge, in Courtroom 3 of the United States Bankruptcy Court for the District of New Jersey, 402 East State Street, Trenton, NJ 08608 (the "Court"), for entry of an order (the "Order"), substantially in the form submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Objection, the SIMAD Debtors shall rely on the accompanying Objection, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Objection is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Objection shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the United States Bankruptcy Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the SIMAD Debtors' case website at https://restructuring.ra.kroll.com/simad/. You may also obtain copies of any pleadings by visiting

the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: October 29, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SIMAD DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS**
**(SECURED MCA CLAIMS)**

TO THE HONORABLE CHRISTINE M. GRAVELLE,
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

The above-captioned debtors and debtors-in-possession (the "SIMAD Debtors"), by and through their undersigned counsel, hereby file this omnibus objection (the "Objection"), seeking

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), reclassifying the misclassified claims (the "Misclassified Claims") listed on Schedule 1 attached to the Proposed Order (the "Schedule"). In support of the Objection, the SIMAD Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of New Jersey (this "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 502 and 506 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), and the Court's *Chapter 11 Complex Case Procedures*, as amended December 2, 2025 (the "Complex Case Procedures").

**BACKGROUND**

**A. The Chapter 11 Cases**

4. On June 4 and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 26-16388 (CMG) pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. The SIMAD Debtors are managing their remaining assets and winding down their affairs as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On or about July 10, 2026, the Office of the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors (the "Committee").

5. On June 26, 2026, the Court entered the *Chapter 11 Complex Case Management Order* [Docket No. 297] (the "Case Management Order"), *inter alia*, determining that the Complex Case Procedures apply to these chapter 11 cases.

6. On July 7, 2026, the SIMAD Debtors filed a motion [Docket No. 403] seeking entry of an order establishing deadlines for filing proofs of claim against the SIMAD Debtors. On July 16, 2026, the Court entered an order [Docket No. 482] (the "Bar Date Order"), establishing (i) August 14, 2026, as the deadline for all creditors other than Governmental Units (as defined in the Bar Date Order), including claimants asserting claims under section 503(b)(9) of the Bankruptcy Code, to file proofs of claim against the SIMAD Debtors arising, or deemed to have arisen, before the Petition Date (the "General Bar Date"); (ii) December 2, 2026, as the deadline for all Governmental Units to file a claim against the SIMAD Debtors (the "Governmental Bar Date"); (iii) in the event the SIMAD Debtors amend or supplement their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which the SIMAD Debtors provide notice of the amendment to their Schedules, as the last date and time by which claimants holding claims affected by such amendment must file proofs of claim against the SIMAD Debtors; and (iv) in the event of claims arising from the SIMAD Debtors' rejection of executory contracts and unexpired leases, the later of (a) the General Bar Date or Governmental Bar Date, as applicable, and (b) 5:00 p.m.

(prevailing Eastern Time) on the date that is thirty (30) calendar days following entry of the order approving the SIMAD Debtors' rejection of the applicable executory contract or unexpired lease.

**B. The Claims Reconciliation Process**

7. Pursuant to the Complex Case Procedures, a copy of which is attached to the Case Management Order [Docket No. 297], the SIMAD Debtors are authorized to file omnibus objections to no more than 250 claims at a time. Specifically, the Complex Case Procedures empower the SIMAD Debtors to, among other things, object to claims where:

> (i) the amount claimed contradicts the debtor's books and records; (ii) the claims were incorrectly or improperly classified; (iii) the claims seek recovery of amounts for which the debtors are not liable; (iv) the claims do not include sufficient documentation to ascertain the validity of the claims or the claims fail to sufficiently specify the basis for the claims; (v) the [c]laims are filed against nondebtors, the wrong debtor or are filed against multiple debtors, except to the extent permitted under any bar date order entered in the applicable case, (vi) the claims are disallowed under section 502 of the Bankruptcy Code and (vii) the claimant has withdrawn the claim formally pursuant to either a pleading or the entry of a Court order.

Complex Case Procedures, VIII(b)(ii).

8. The SIMAD Debtors, together with their financial advisor, FTI Consulting, Inc., have been working diligently to analyze and reconcile the approximately 1,970 proofs of claim filed against the SIMAD Debtors' estates and the approximately 1,590 liabilities listed on the Schedules. As part of that process, the SIMAD Debtors have identified the Misclassified Claims filed by two merchant cash advance funders asserting secured status without, to the best of the SIMAD Debtors' knowledge, any UCC-1 financing statement of record in the claimant's name, each of which is identified on the Schedule.

## RELIEF REQUESTED

9. By this Objection, the SIMAD Debtors object to the Misclassified Claims pursuant to sections 502 and 506 of the Bankruptcy Code, Bankruptcy Rule 3007, Local Rule 3007-1, and

the Complex Case Procedures. The SIMAD Debtors respectfully request entry of the Proposed Order reclassifying each of the Misclassified Claims as set forth on the Schedule.

**OBJECTION**

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the prima facie validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 173. The burden of persuasion is always on the claimant. *Id*. at 174.

11. A claim, however, should not be allowed if that claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. *See* 11 U.S.C. § 502(b)(1). If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *See Allegheny Int'l*, 954 F.2d at 174.

12. Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in a single objection," including claims that "duplicate other claims" or "have been amended by later proofs of claim." Bankruptcy Rule 3007(d)(2). As set forth above, the Complex Case Procedures set forth numerous other grounds on which objections to more than one claim may be joined in an omnibus objection. *See* Complex Case Procedures VIII(b)(ii).

13. Pursuant to section 506(a)(1) of the Bankruptcy Code, "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1). Additionally, where the underlying security instrument does not create a valid lien, a creditor's interest is unsecured. *See In re Fontaine*, 231 B.R. 1, 7 (Bankr. D.N.J. 1999).

14. The SIMAD Debtors submit that each of the claims identified on the Schedule constitutes a Misclassified Claim because the claimant has improperly classified the nature of its asserted claim against the SIMAD Debtors. Based on the SIMAD Debtors' review of their books and records, their Schedules (including Schedule D), and the filed proofs of claim (including any supporting documentation), the SIMAD Debtors have determined that the Misclassified Claims have been improperly classified as "secured" claims when they should be classified as "unsecured" claims. This is the case for several reasons.

15. First, American Choice Capital LLC's claims against Rolling Hills Operatingco LLC and BAHS Operating Inc. (Claim Nos. 1472 and 1479) are solely predicated on their "guaranty of the obligations" of non-SIMAD Debtor DAMIS Holdings, LLC. These two claims are thus, at most, unsecured guaranty claims against the SIMAD Debtors in respect of the obligations of a non-SIMAD Debtor entity. Moreover, American Choice Capital LLC's Standard Merchant Cash Advance Agreement defines the "Merchant" as DAMIS Holdings, LLC and it

arguably only received a "security interest" in collateral to secure DAMIS Holdings, LLC's performance under the agreement. *See* American Choice Capital LLC Standard Merchant Cash Advance Agreement [Claim No. 1472 at 7] ("To secure Merchant's performance obligations to FUNDER under this Agreement and any future agreement with FUNDER, Merchant hereby grants to FUNDER a security interest in collateral"). As such, American Choice Capital LLC cannot establish the *prima facie* validity of its purported secured claim under *Allegheny* nor has it satisfied the requirements of Bankruptcy Rule 3001(d) to provide evidence that the security interests in Rolling Hills Operatingco LLC and BAHS Operating Inc. have been perfected. 954 F.2d at 173–74; *see also* Fed. R. Bankr. P. 3001(d) ("If a creditor claims a security interest in the debtor's property, the proof of claim must be accompanied by evidence that the security interest has been perfected.").

16. Second, the SIMAD Debtors are not aware of validly filed UCC-1 financing statements that would be sufficient to perfect any security interest granted to the claimants with respect to the Misclassified Claims. Moreover, no UCC-1 financing statements were filed as attachments to the Misclassified Claims in violation of Bankruptcy Rule 3001(d), nor do the SIMAD Debtors' Schedules or the UCC lien searches obtained by the SIMAD Debtors reflect any UCC-1 financing statement naming any holder of a Misclassified Claim as secured party. *See* Fed. R. Bankr. P. 3001(d).

17. In addition, the Misclassified Claims improperly rely on UCC § 9-309 to establish the secured nature of the claims. Under UCC § 9-309(2), an "assignment of accounts or payment intangibles" is automatically perfected upon attachment without the need to file a financing statement. None of the subject MCA Loans (as defined below) constitutes an "assignment of accounts or payment intangibles" under UCC § 9-309(2).

18. Similarly, under UCC § 9-309(3), a sale of a payment intangible is automatically perfected upon attachment without the need to file a financing statement. *See* UCC § 9-309(3). However, the American Choice Capital LLC and E Advance Services LLC[2] transactions are not a "sale" of "payment intangibles" sufficient to bring them within UCC § 9-309(3). First, the Misclassified Claims all arise out of merchant cash advance agreements styled as purchases of future receipts (the "MCA Agreements") and the advances made thereunder (the "MCA Loans") that were loans and not true sales of receivables. For the reasons discussed in the *SIMAD Debtors' (I) Memorandum of Law in Support of Determination that the OrcaFunding Sale of Future Receipts Agreements are Disguised Loans and Not True Sales and (II) Opposition to OrcaFunding LLC's Memorandum of Law in Support of a Determination that the OrcaFunding Sale of Future Receipts Agreements are Sales, Not Loans* [Docket No. 1156] (the "Brief") and the record of the hearing on the matter on September 29, 2026 (the "OrcaFunding Hearing"), the subject MCA Loans are not true sales of receivables. The SIMAD Debtors adopt and incorporate the arguments made in the Brief and at the OrcaFunding Hearing to support their position that the Misclassified Claims are not true sales but rather disguised loans. On this basis alone, UCC § 9-309(3) is not applicable.

19. Second, even if the Misclassified Claims relate to true sales, section 9-309(3) is inapplicable because the alleged purchases were not of "payment intangibles." Rather, the applicable MCA Agreements define "Future Receipts" as either "all of Merchant's future accounts, contract rights, and other obligations arising from or relating to the payment of monies from Merchant's customers and/or other third party payors," or "proceeds of each future sale made by

[2] Claim No. 398 was filed by "E Advance Services, Inc." but executed by "E Advance Services LLC" as the party to the Purchase and Sale of Future Receipts Agreement. For purposes of this Objection, the SIMAD Debtors believe that E Advance Services LLC is the proper party.

Seller" and "all payments" relating thereto. *See* American Choice Capital LLC Standard Merchant Cash Advance Agreement [Claim No. 1472 at 2]; E Advance Services LLC Purchase and Sale of Future Receipts Agreement [Claim No. 383 at 1]. Given that the "future sales" of the SIMAD Debtors constitute assets such as camp tuition payments and related fees, such receipts fall within the definition of "accounts" under the UCC. *See* UCC § 9-102(a)(2) (defining "accounts" as "a right to payment of a monetary obligation"). As a result, the subject claimants were required to file UCC-1 financing statements to perfect any security interest in such accounts under UCC § 9-310(a). *See* UCC § 9-310(a) (setting forth the general rule that a UCC-1 must be filed to perfect all security interests, subject to non-applicable exceptions).

20. Accordingly, the SIMAD Debtors seek entry of an order modifying and reclassifying the Misclassified Claims identified on the Schedule to reflect the appropriate unsecured status of the Misclassified Claims and authorizing the claims register to be updated accordingly.

21. The relief requested herein is limited to the classification of the Misclassified Claims and does not seek to allow, disallow, or fix the amount of any Misclassified Claim. The SIMAD Debtors' books and records reflect liabilities to the holders of the Misclassified Claims that are materially lower than the amounts asserted, and the SIMAD Debtors expressly reserve the right to object to the amount of each Misclassified Claim, including on the basis that the amount asserted exceeds the SIMAD Debtors' books and records, in one or more subsequent omnibus objections.

## **RESERVATION OF RIGHTS**

22. The SIMAD Debtors hereby reserve their right to amend, modify, and supplement this Objection, prior to the hearing before the Court on this Objection, if any; *provided*, *however*,

that nothing in this Objection shall affect the SIMAD Debtors' right to object to the Misclassified Claims at a future date on a basis other than as set forth in this Objection.

23. Notwithstanding anything to the contrary herein, nothing contained in this Objection or any actions taken pursuant to any order granting the relief requested by this Objection is intended or should be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, priority claim, secured claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Objection are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

**SEPARATE CONTESTED MATTERS**

24. Each of the Misclassified Claims objected to by the SIMAD Debtors in the Objection constitutes a separate contested matter under Bankruptcy Rule 9014. The SIMAD Debtors respectfully request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

**NO PRIOR REQUEST**

25. No prior request for the relief sought in the Objection has been made to this or any other court.

**NOTICE**

26. The SIMAD Debtors will provide notice of this Objection to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) counsel to the Mishmeret Trust Company; (c) counsel for the Committee; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) the claimants that filed the Misclassified Claims and/or their counsel of record. The SIMAD Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, for the reasons stated herein, the SIMAD Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

Dated: October 29, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

Debtors.

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

**ORDER GRANTING SIMAD DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS**
**(SECURED MCA CLAIMS)**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Upon consideration of the *SIMAD Debtors' First Omnibus Objection to Claims (Secured MCA Claims)* (the "Objection")[1] on behalf of the above-captioned debtors and debtors-in-possession (collectively, the "SIMAD Debtors"), and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the SIMAD Debtors' notice of the Objection was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Objection is **SUSTAINED** as set forth herein.

2. Each Misclassified Claim listed on **Schedule 1** hereto shall be reclassified as a general unsecured claim in the amount asserted, as set forth on Schedule 1, without prejudice to the right of the SIMAD Debtors or any other party in interest to object to the amount of such claim

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

on any basis. The Misclassified Claims will remain on the claims register, and such claims are neither allowed nor disallowed at this time and may be subject to any future objection on any basis. Nothing herein shall constitute, nor shall it be deemed to constitute, the allowance of any of the Misclassified Claims.

3. The SIMAD Debtors are authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

4. Kroll Restructuring Administration, LLC (the "Claims Agent") is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

5. The SIMAD Debtors, their estates, any successors thereto, and any other party in interest shall retain and shall have the right to object in the future to any of the Misclassified Claims on any additional grounds, and the SIMAD Debtors shall retain and shall have the right to amend, modify and/or supplement the Objection as may be necessary.

6. Notwithstanding anything to the contrary herein, nothing contained in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the SIMAD Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the SIMAD Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, priority claim, secured claim or otherwise of a type specified or defined in the Objection or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the SIMAD Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in,

or other encumbrance on property of the SIMAD Debtors' estates; (g) a waiver or limitation of the SIMAD Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the SIMAD Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief granted in this Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (j) otherwise affecting the SIMAD Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

7. The SIMAD Debtors' objection to each Misclassified Claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each of the Misclassified Claims. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

8. This Order is without prejudice to the rights of the SIMAD Debtors, the SIMAD Debtors' estates, any successors thereto, and any other party in interest to object to any other claim filed in these chapter 11 cases.

9. The Court shall retain jurisdiction over the claimants whose claims are subject to the Objection with respect to any matter arising from or related to the Objection or this Order, including the interpretation, enforcement and implementation of this Order.

10. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

11. Notwithstanding anything in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

**Schedule 1**

**Schedule 1**

**Misclassified Claims**

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount: Claim Nature | Asserted Claim Amount: Claim Amount | Modified Claim Amount: Claim Nature | Modified Claim Amount: Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 1 | American Choice Capital LLC | 8/14/2026 | 1472 | Rolling Hills Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,311,625.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,311,625.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,311,625.00<br>$1,311,625.00 |
| 2 | American Choice Capital LLC | 8/14/2026 | 1479 | BAHS Operating Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $3,622,562.50<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,622,562.50 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,622,562.50<br>$3,622,562.50 |
| 3 | E Advance Services LLC | 8/12/2026 | 383 | BAHS Operating Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 4 | E Advance Services LLC | 8/12/2026 | 392 | Achim Landco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 5 | E Advance Services LLC | 8/12/2026 | 393 | Banner Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 6 | E Advance Services LLC | 8/12/2026 | 394 | Belgrade Lakes Summer Camps LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 7 | E Advance Services LLC | 8/12/2026 | 395 | Bluestar Landco, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 8 | E Advance Services LLC | 8/12/2026 | 396 | Camp Med-O-Lark, Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |

**Schedule 1**

**Misclassified Claims**

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Modified Claim Amount | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount |
| 9 | E Advance Services LLC | 8/12/2026 | 397 | Club Getaway Operatingco, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 10 | E Advance Services LLC | 8/12/2026 | 399 | Eagle's Landing Day Camp LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 11 | E Advance Services LLC | 8/12/2026 | 400 | Green Lane Operatingco, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 12 | E Advance Services LLC | 8/12/2026 | 401 | Kiwi Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 13 | E Advance Services LLC | 8/12/2026 | 402 | Lavland LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 14 | E Advance Services LLC | 8/12/2026 | 403 | MaineWekeelaco, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 15 | E Advance Services LLC | 8/12/2026 | 404 | Malka Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 16 | E Advance Services LLC | 8/12/2026 | 405 | Meadowbrook Landco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |

**Schedule 1**

**Misclassified Claims**

| | | | | | Asserted Claim Amount | | Modified Claim Amount | |
|---|---|---|---|---|---|---|---|---|
| **#** | **Name of Claimant** | **Date Claim Filed** | **Claim Number** | **Debtor Name** | **Claim Nature** | **Claim Amount** | **Claim Nature** | **Claim Amount** |
| 17 | E Advance Services LLC | 8/12/2026 | 406 | Mesorahco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 18 | E Advance Services LLC | 8/13/2026 | 407 | Mogenavco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 19 | E Advance Services LLC | 8/13/2026 | 408 | Mohawkcampco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 20 | E Advance Services LLC | 8/13/2026 | 410 | Poland Campco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 21 | E Advance Services LLC | 8/13/2026 | 411 | RDM Camps, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 22 | E Advance Services LLC | 8/13/2026 | 412 | Shab Operating Inc. | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 23 | E Advance Services LLC | 8/13/2026 | 413 | Summit Camp, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 24 | E Advance Services LLC | 8/13/2026 | 414 | Waukeela Landco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |

## Schedule 1
## Misclassified Claims

| # | Name of Claimant | Date Claim Filed | Claim Number | Debtor Name | Asserted Claim Amount | | Modified Claim Amount | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount |
| 25 | E Advance Services LLC | 8/13/2026 | 416 | WM Camp, LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 26 | E Advance Services LLC | 8/14/2026 | 1329 | Meadowbrook Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 27 | E Advance Services LLC | 8/14/2026 | 1432 | Achim Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 28 | E Advance Services LLC | 8/14/2026 | 1437 | Waukeela Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 29 | E Advance Services LLC | 8/14/2026 | 1469 | Lavco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |
| 30 | E Advance Services, Inc. | 8/12/2026 | 398 | Country Roads Operatingco LLC | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $1,404,327.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,404,327.00<br>$1,404,327.00 |