**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**Order Filed on October 10, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

Debtors.

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

**STIPULATION AND CONSENT ORDER AUTHORIZING THE ONE CANAL DEBTORS TO ASSUME THE BAKER DONESLSON LEASE AS MODIFIED HEREIN**

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED.**

**DATED: October 10, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

1 A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

This consent order (the "Consent Order") is made by and among One Canal Place Leasing LLC ("One Canal Leasing") and One Canal Real Estate LLC ("One Canal Real Estate", together with One Canal Leasing, the "One Canal Debtors") and Baker, Donelson, Bearman, Cadwell & Berkowitz, PC ("Baker Donelson" and together with One Canal, the "Parties"), by and through their duly authorized representative or undersigned counsel. The Parties hereby stipulate and agree as follows:

**WHEREAS**, as on June 5, 2026 (the "Petition Date"), each of the One Canal Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which cases are being jointly administered together with their affiliated debtors and debtor-in-possession in the above-captioned case.

**WHEREAS**, prior to the Petition Date, on or about February 2, 2026, Baker Donelson, as tenant, and OCP Office Owner LLC, as landlord, entered into that certain lease agreement (the "Lease")[2] for a portion of the premises located at 365 Canal Street, New Orleans, Louisiana known as One Canal Place (the "Property").

**WHEREAS,** on or about March 27, 2026, the One Canal Debtors acquired the Property and are the successor-in-interest to OCP Office Owner LLC and are the landlords under the Lease.

**WHEREAS,** the One Canal Debtors have agreed to modify and assume the Lease, as set forth herein.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Lease.

**WHEREAS,** the One Canal Debtors shall have, by no later than October 1, 2026, filed a motion or appropriate application with the Court seeking approval to assume the Lease pursuant to Section 365 of the Bankruptcy Code, which the One Canal Debtors have satisfied by the filing of the related *Application in Lieu of Motion in Support of Entry of the Stipulation And Consent Order Authorizing The One Canal Debtors To Assume The Baker Donelson Lease As Modified* (the "Application"), seeking entry of this Consent Order.

**WHEREAS,** the One Canal Debtors shall seek to obtain entry of this Consent Order on or before October 31, 2026; *provided, however*, that notwithstanding the One Canal Debtors' timely filing of the Application, if the One Canal Debtors are unable to obtain entry of this Consent Order and Baker Donelson does not agree to extend the October 31, 2026 deadline, the One Canal Debtors shall be authorized to reject the Lease.

**WHEREAS,** the Parties intend for this Consent Order to serve as an amendment to the Lease.

**WHEREAS,** the One Canal Debtors believe that the assumption of the Lease is in the best interest of the One Canal Debtors' estates.

**WHEREAS**, the Parties have agreed upon the terms set forth in this Consent Order, for which the Parties hereby seek approval.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Consent Order and are incorporated herein.

2. The Debtors are authorized to assume the Lease, as modified herein, pursuant to Section 365 of the Bankruptcy Code.

3. Effective immediately, Baker Donelson shall undertake responsibility for the construction of the base building restrooms located on thirty-first (31st) and thirty-second (32nd) floors of the Property and satisfying the One Canal Debtors' duty to contribute $243,021.00 towards the project.

4. Upon the entry of this Consent Order, the Commencement Date, as defined in the Lease, shall be deemed to have occurred as of September 1, 2026.

5. On or before January 25, 2027, the One Canal Debtors shall remit to Baker Donelson $750,000.00 in Tenant Improvement Allowance funds; *provided* (i) there is sufficient debtor-in-possession financing related to the One Canal Debtors or (ii) the One Canal Debtors have engaged in a sale with sufficient proceeds (as mutually and reasonably agreed) to pay such amounts; *provided further*, that Baker Donelson may extend this deadline until such financing or sale with sufficient proceeds to pay such amounts has occurred. As security for the One Canal Debtor's payment obligation set forth in this paragraph, Baker Donelson shall be granted a lien against One Canal Place Real Estate LLC's interest in "Land Improvements" as set forth in Para. 55.2 of the One Canal Debtors' Schedules [Docket Nos. 753 and 754], which lien shall be subordinate to that of Fidelity Bank. If the One Canal Debtors engage in a sale and such buyer procures their own financing and satisfies the interests of Fidelity Bank, such Baker Donelson lien

shall be subordinate to the secured position of any new financing and Baker Donelson will undertake reasonable efforts to execute a satisfactory subordination agreement.

6. Baker Donelson's contribution of $243,021.00 towards the base building restroom project shall be added to the total amount of the Tenant Improvement Allowance granted to Baker Donelson under the Lease, and shall be secured by the lien set forth in paragraph 5 above.

7. An amount equal to the remainder of the unremitted Tenant Improvement Allowance (the total in the Lease is comprised of $3,605,310.00) PLUS the $243,021.00 base building restroom contribution, and PLUS the amount of the leasing commissions owed by the One Canal Debtors to Jones Lange LaSalle as Baker Donelson's broker in connection with the Lease, but LESS any amounts paid pursuant to paragraph 5 hereinabove, will be converted into free rent starting September 1, 2027, allocated on a monthly basis, over the balance of the remaining Lease term (the "Future Rent Reduction") for such period that the free rent comprises 50% of the Base Rental Rate.

8. The One Canal Debtors or any successor-in-interest to the One Canal Debtors, at any time and in their sole discretion, shall have the right to buy back all or any portion of the Future Rent Reduction in cash (applied on a dollar-for-dollar basis) paid to Baker Donelson. In the event the One Canal Debtors or any successor-in-interest to the One Canal Debtors buy back any portion of the Future Rent Reduction, such amounts shall be allocated, on a monthly basis, over the balance of the then remaining lease term for such period that the free rent comprises 50% of the Base Rental Rate.

9. Upon the entry of this Consent Order, Baker Donelson shall be immediately granted an allowed administrative expense claim pursuant to section 503(b) of the Bankruptcy Code in an amount equal to the Future Rent Reductions. In addition, Baker Donelson shall be entitled to assert any additional claim available under applicable law, including, without limitation, any administrative expense claim or cure claim, for amounts not paid hereunder, subject in all respects to the terms of the Lease and the One Canal Debtors' right to object to any portion of such claim; *provided, however*, that the Parties shall first attempt to resolve any dispute regarding such claim informally and in good faith. Any such additional claim, to the extent allowed, may be added to the Future Rent Reduction and treated in accordance with paragraph 7, which treatment shall be deemed a satisfaction of all such claims described herein.

10. In the event the Court does not enter this Consent Order, Baker Donelson shall not be granted an allowed administrative expense claim as provided for above and shall instead be entitled to assert any claim under applicable law, including, without limitation, an administrative claim or rejection damages claim, as applicable, for any amounts not paid under the Lease through the rejection effective date, subject to the One Canal Debtors' right to object to any portion of such claim, which the Parties must first attempt to resolve informally and in good faith.

11. Except as otherwise agreed to in writing, all Parties reserve all rights under the Bankruptcy Code, applicable non-bankruptcy law, and the Lease, and all other terms of the Lease shall remain unaffected.

12. To the extent applicable, Baker Donelson shall be granted relief from the automatic stay pursuant to section 362 of the Bankruptcy Code to effectuate these terms, as approved by the Court.

13. The One Canal Debtors shall execute a notice of lease in accordance with the provisions of the Lease and shall undertake reasonable efforts to cause the owners and mortgagees of the land and any intermediary owners and mortgagees of the building to execute a Subordination, Non-Disturbance, and Attornment Agreement with Baker Donelson on terms satisfactory to all Parties.

14. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Consent Order.

16. This Consent Order may be executed and delivered in any number of original or facsimile or electronic counterparts, each of which shall be deemed an original.

17. Notwithstanding anything in the Bankruptcy Rules or the Bankruptcy Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

*[Signature Page Follows]*

Dated: October 1, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601

Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

*/s/ Noah B. Kressler*

**BAKER, DONELSON, BEARMAN CADWELL & BERKOWITZ, PC**
Noah B. Kressler
Patrick Willis
Sean Davis
Joe Briggett
201 St. Charles Ste 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Email: nkressler@bakerdonelson.com
pwillis@bakerdonelson.com
sbdavis@bakerdonelson.com
jbriggett@bakerdonelson.com

*Baker, Donelson, Bearman Cadwell & Berkowitz, PC*

United States Bankruptcy Court

District of New Jersey

In re: Case No. 26-16388-CMG

SIMAD Holdings Ltd. Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1

Date Rcvd: Oct 28, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2026 Signature: /s/Gustava Winters