Order Filed on October 13, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |
| In re:<br><br>DAMIS Holdings LLC, *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16439 (CMG)<br><br>(Jointly Administered) |

**ORDER (A) MODIFYING AND (B) APPLYING TO DAMIS HOLDINGS LLC THE ORDER (I) APPROVING THE BIDDING PROCEDURES, (II) APPROVING THE STALKING HORSE BID PROTECTIONS, (III) SCHEDULING BID DEADLINES AND AUCTION(S), (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (V) ESTABLISHING NOTICE AND PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (VI) GRANTING RELATED RELIEF**

The relief set forth on the following pages numbered three (3) through nine (9), is hereby **ORDERED**.

**DATED: October 13, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

1 A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

2 A complete list of the DAMIS Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the DAMIS Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/DAMIS. The location of Debtor DAMIS Holdings LLC's principal place of business and the DAMIS Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota<br>Warren A. Usatine<br>David M. Bass<br>Felice R. Yudkin<br>Daniel J. Harris<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>dbass@coleschotz.com<br>fyudkin@coleschotz.com<br>dharris@coleschotz.com<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* | **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Michael P. Pompeo<br>600 Campus Drive<br>Florham Park, New Jersey 07932-1047<br>(973) 549-7000 (Telephone)<br>(973) 360-9831 (Facsimile)<br>michael.pompeo@faegredrinker.com<br><br>and<br><br>Ian J. Bambrick (*pro hac vice*)<br>Patrick A. Jackson (*pro hac vice*)<br>Sarah E. Silveira (*pro hac vice*)<br>222 Delaware Ave. Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200 (Telephone)<br>(302) 467-4201 (Facsimile)<br>ian.bambrick@faegredrinker.com<br>patrick.jackson@faegredrinker.com<br>sarah.silveira@faegredrinker.com<br><br>and<br><br>**HERBERT SMITH FREEHILLS KRAMER (US) LLP**<br><br>Adam C. Rogoff (*pro hac vice*)<br>Megan M. Wasson (*pro hac vice*)<br>1177 Avenue of the Americas<br>New York, New York 10036<br>(212) 715-9100 (Telephone)<br>(212) 715-8000 (Facsimile)<br>adam.rogoff@hsfkramer.com<br>megan.wasson@hsfkramer.com<br><br>*Counsel to the DAMIS Debtors and Debtors in Possession* |

Upon the *Debtors' Joint Motion For Entry of an Order (A) Modifying And (B) Applying to DAMIS Holdings LLC the Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* (the "Joint Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) modifying and (b) applying to the DAMIS Debtors solely for purposes of the Kiwi Sale Process that certain *Order (I) Approving the Bidding Procedures, (II) Approving the Stalking Horse Bid Protections, (III) Scheduling Bid Deadlines and Auction, (IV) Approving the Form and Manner of Notice Thereof, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [SIMAD Docket No. 298] (the "SIMAD Bidding Procedures Order"), all as more fully set forth in the Joint Motion; and upon the First Day Declarations; and the Court having jurisdiction to consider the Joint Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Joint Motion in this

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Joint Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the Debtors' notice of the Joint Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Joint Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Joint Motion and at the Hearing, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Joint Motion is **GRANTED** as set forth herein.

2. The Debtors have articulated good and sufficient reasons for authorizing and approving and applying the Bidding Procedures, as expressly modified herein (the "Modified Bidding Procedures"), to the chapter 11 cases of the DAMIS Debtor solely with respect to the sale of the Kiwi Assetss

3. The Modified Bidding Procedures are fair, reasonable, and appropriate under the circumstances and designed to maximize the recovery on, and realizable value of the Debtors' estates, in a sound exercise of their business judgment in accordance with the Modified Bidding Procedures.

4. SSG shall be the sole and exclusive person or entity entitled to a fee or commission with respect to the sale of the Kiwi Assets. Other than SSG, no broker, finder, or investment banker shall be entitled to any commission, finder's fee, transaction fee, or similar fee in connection with the sale of the Kiwi Assets; *provided* that nothing herein shall limit or affect the compensation of any professional retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, including counsel and financial advisors to the Debtors and to any statutory committee.

5. The Debtors' notice of the Joint Motion was (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) in compliance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iii) adequate and sufficient under the circumstances of these chapter 11 cases, and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to all interested persons and entities.

6. All objections to the relief requested in the Joint Motion that have not been withdrawn, waived, or settled prior to or at the Hearing are overruled.

**I. Important Dates and Deadlines.**

7. **Bid Deadline**. **October 19, 2026, at 4:00 p.m. prevailing Eastern Time**, is the deadline by which all Bids must be **actually received** by the parties specified in the Modified Bidding Procedures.

8. **Auction**. The date and time of the Auction, if needed, is **October 21, 2026, at 10:00 a.m. prevailing Eastern Time**, which time may be extended by the Debtors upon written notice to the Court.

9. **Sale Objection Deadline**. Objections to any Sale Transaction, Sale Order and the Notice of Successful Bidder ("Sale Objection Deadline"), if any, must be made on or before **October 23, 2026, at 4:00 p.m., prevailing Eastern Time**.

10. **Sale Hearing**. **October 26, 2026 at 12:00 p.m., prevailing Eastern Time**, or as soon thereafter as the Debtors may be heard, is the date and time for the hearing for the Court to consider the Successful Bid, if needed (the "Sale Hearing"). The Sale Hearing may be adjourned by announcement in open Court or on the Court's calendar without any further notice required.

## II. Modified Bidding Procedures.

11. Except as otherwise provided in this Order, the Bidding Procedures, substantially in the form attached as **Exhibit 1** to the SIMAD Bidding Procedures Order, are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to any proposed Sale Transaction of the Kiwi Assets in the DAMIS Debtors' chapter 11 cases.

12. The definition of "Consultation Parties" under the SIMAD Bidding Procedures Order solely for purposes of the sale of the Kiwi Assets is modified to include: (a) the Official Committee of Unsecured Creditors appointed in the DAMIS Debtors' chapter 11 cases; (b) Beacon

Bank; and (c) The Bank of Greene County. Each such party shall be entitled to the consultation rights afforded to Consultation Parties under the SIMAD Bidding Procedures Order.

13. Nothing in this Order or the Modified Bidding Procedures shall be deemed a waiver of any rights, remedies or defenses that any party (including the Debtors and any Stalking Horse Bidder, if applicable, or any other Potential Purchaser) has or may have under applicable bankruptcy and non-bankruptcy law, under any indemnity agreements, or related agreements or any letters of credit relating thereto, or any rights, remedies, or defenses of the Debtors with respect thereto, including seeking Bankruptcy Court relief with regard to the Auction, the Modified Bidding Procedures, any Sale Transaction, and any related items (including, if necessary, to seek an extension of the Bid Deadline).

14. The Debtors may modify any of the dates and deadlines set forth herein without further order of the Court in consultation with the Consultation Parties; *provided* that the Debtors will serve notice (email from the Debtors' counsel, to suffice) to any Qualified Bidder, Stalking Horse Bidder, and the U.S. Trustee, as applicable and appropriate, informing them of such modification. The Debtors are further authorized, but not directed, to conduct an Auction (as necessary) in substantial conformity with the Schedule and Modified Bidding Procedures.

15. The failure to include or reference a particular provision of the Modified Bidding Procedures specifically in this Order shall not diminish or impair the effectiveness or enforceability of such a provision.

16. Solely for purposes of the sale of the Kiwi Assets, in the event of any inconsistencies between this Order, the SIMAD Bidding Procedures Order, the Joint Motion, and/or the Modified Bidding Procedures, this Order shall govern in all respects.

17. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is a secured claim, an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Joint Motion or any order granting the relief requested by the Joint Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Joint Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens;

or (i) a waiver of the obligation of any party in interest to file a proof of claim. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Joint Motion.

19. Notice of the Joint Motion as provided herein shall be deemed good and sufficient notice of such Joint Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 26-16388-CMG |
| SIMAD Holdings Ltd. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Oct 29, 2026 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2026 Signature: /s/Gustava Winters