UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

**Order Filed on October 21, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]
Debtors.

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

**CONSENT ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PERSONAL INJURY LAWSUIT TO PROCEED LIMITED TO THE PROCEEDS OF DEBTORS' INSURANCE POLICIES**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED.**

**DATED: October 21, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

This consent order (the "Consent Order") is made by and between the above captioned debtors and debtors in possession (the "Debtors") and Yoav Coachav, as parent and natural guardian of JC, a minor, and individually ("Claimant" and together with the Debtors, the "Parties"), by and through their duly authorized representative or undersigned counsel.

**WHEREAS**, as on June 4 and 5, 2026 (together, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].

**WHEREAS**, Claimant wishes to bring suit for an eye injury the minor JC allegedly sustained while a camper at Camp Lavi on July 10, 2024 (the "Asserted Claim").

**WHEREAS**, the Debtors had a policy of insurance with Church Mutual Insurance Company (the "Insurance Policy") in the amount of $1,000,000 per occurrence.

**WHEREAS,** the relevant insurance claim is Church Mutual Insurance Company Claim No. 000-01295-450.

**WHEREAS**, Claimant filed the *Motion of Yoav Cochav, as PNG of JC, a Minor, and Individually, for Relief from the Automatic Stay Under Section 362 of the bankruptcy Reform Action of 1978* [Docket No. 1120] (the "Motion") seeking relief from section 362 of the Bankruptcy Code to pursue the Asserted Claim.

**WHEREAS**, Claimant seeks to recover only the under the Insurance Policy and will not seek contribution from the Debtors' assets.

**WHEREAS**, the Parties have agreed to resolve the Motion as set forth in this Consent Order.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Consent Order and are incorporated herein.

2. The Motion is **RESOLVED** as set forth herein.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby lifted, to the extent applicable, to permit the Claimant to proceed with a personal injury claim through a lawsuit filed in the Federal District for the Middle District of Pennsylvania limited to the proceeds of the Insurance Policy.

4. Notwithstanding anything herein to the contrary, the Claimant shall be entitled to pursue its claims solely to the extent of available insurance coverage under any applicable Insurance Policy. The Claimant shall have no right to seek recovery from the Debtors, their estates, or property of the Debtors' estates, and any recovery shall be limited exclusively to available insurance proceeds.

5. Nothing in this Order shall require the Debtors to defend the Claimant's claims, pay any deductible, self-insured retention, co-payment, or other amount arising under any applicable insurance policy, or otherwise incur any costs, liabilities, or expenses in connection with such claims.

6. Upon entry of this Order, any Proof of Claim filed by or on behalf of the Claimant against the Debtors, including Proof of Claim Nos.163 and 1876, shall be deemed fully satisfied, resolved, and withdrawn with prejudice, and the Claimant shall not hold or assert any claim against the Debtors or their estates on account of the matters that are the subject of the Claimant's claims, except solely as against available insurance proceeds as provided herein.

7. Nothing in this Consent Order shall modify or alter the contractual rights and obligations established by the terms and conditions of each of the Insurance Policy or the rights of any parties to or under the Policy.

8. This Consent Order shall be binding upon the Parties' successors, agents, and assigns, including any reorganized debtors, bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Consent Order.

11. The Debtors shall serve by regular mail a copy of this Consent Order on all parties required to receive such service pursuant to Local Rule 9013-5(f).

12. Notwithstanding anything in the Bankruptcy Rules or the Bankruptcy Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. Nothing contained in this Consent Order, nor any action taken to implement or comply with this Consent Order, shall constitute or be construed as an admission of liability, fault, wrongdoing, or responsibility by any Party.

Dated: October 19, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

*/s/ David B. Sherman*

**SOLOMON, SHERMAN, GABAY, BRISKIN AND SHERMAN**
David B. Sherman
The Ellipse Building
4201 Church Road, Suite 9A
Mt. Laurel, NJ 08054
Telephone: (215) 665-1103
Email: dsherman@solomonsherman.com

and

Eliezer (Eli) Gabay
8 Penn Center, Suite 2200
1628 JFK Boulevard
Philadelphia, PA 19103
Telephone: (215) 665-1103
Email: egabay18@gmail.com

*Counsel to the Claimant*

United States Bankruptcy Court

District of New Jersey

In re: Case No. 26-16388-CMG

SIMAD Holdings Ltd. Chapter 11

Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3 User: admin Page 1 of 1

Date Rcvd: Oct 31, 2026 Form ID: pdf903 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 01, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | SIMAD Holdings Ltd., 50 Quality Street #110357, Trumbull, CT 06611-7715 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 01, 2026 Signature: /s/Gustava Winters