100 YEARS COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Warren A. Usatine
Member
Admitted in NJ, NY and FL

Reply to New Jersey Office
Writer's Direct Line: 201.525.6233
Writer's E-Mail: WUsatine@coleschotz.com

November 4, 2026

**<u>Via ECF and E-mail</u>**

The Honorable Christine M. Gravelle
Chief Judge, United States Bankruptcy Court,
District of New Jersey
Clarkson S. Fischer Federal Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *In re SIMAD Holdings Ltd., et al.*
Case No. 26-16388 (CMG) (Jointly Administered)
*In re DAMIS Holdings Ltd., et al.*
Case No. 26-16439 (CMG) (Jointly Administered)

Dear Chief Judge Gravelle:

As Your Honor is aware, this firm represents the SIMAD Debtors in the above-referenced chapter 11 cases. We respectfully submit this letter in lieu of a more formal motion to object to the *Response of OrcaFunding LLC to the Joinder and Supplemental Memorandum of the DAMIS Debtors, and Further Memorandum in Support of a Determination That the OrcaFunding Sale of Future Receipts Agreements Are Sales, Not Loans* [Docket No. 1480] (the "<u>Response</u>"), filed on November 2, 2026. Although the Court authorized OrcaFunding to respond only to the *Joinder of the DAMIS Debtors* [Docket No. 1362] (the "<u>Joinder</u>"), roughly half of the Response is an unauthorized post-hearing brief that reargues the SIMAD Debtors' closing arguments, supplements OrcaFunding's answers at the September 29 evidentiary hearing, "clarifies" the closed record, and preemptively rebuts replies that have not yet been filed. Those portions of the Response violate the *Stipulation and Agreed Scheduling Order* [Docket No. 932] (the "<u>Scheduling Order</u>"), contravene the Federal Rules and the Local Rules of this District, and exceed the scope

of the Court's October 23, 2026 direction. The SIMAD Debtors respectfully request that the Court strike, or decline to consider, Points II and III of the Response.[1]

Prior to filing this letter, the SIMAD Debtors met and conferred with counsel to OrcaFunding regarding the relief sought herein. OrcaFunding was not willing to strike Points II and III of the Response.

## I. Background

The Scheduling Order – which OrcaFunding stipulated to, its counsel signed, and the Court approved – set a single round of briefing on the Characterization Dispute: OrcaFunding's opening brief by September 10, 2026, and the Debtors' response brief by September 17, 2026. Scheduling Order ¶¶ 5–6. It provided no reply for OrcaFunding, as OrcaFunding itself acknowledges. Response ¶¶ 5, 58 (*citing* Orca Mem. ¶ 38 n.7). The Scheduling Order designated the September 29 evidentiary hearing (the "Hearing") as the forum for "testimony . . . and documentary evidence, and argument, on all issues relevant to the Characterization Dispute," *id.* ¶ 9, and allowed its deadlines to be modified only by written stipulation of the parties or "by further order of the Court for good cause shown," *id.* ¶ 11. The Court held the Hearing, admitted all exhibits and the Joint Stipulation, and closed the record. Response ¶ 6 (*citing* Tr. 77:8–10).

At the close of the Hearing, the Court directed that a notice be filed on the DAMIS docket so that the DAMIS Debtors could state their position. Response ¶ 7. The DAMIS Debtors filed the Joinder on October 19, 2026. On October 20, 2026, the Court asked the parties to propose deadlines "for Orca's reply and the DAMIS response, if any," and whether to proceed on the papers or hold "oral argument solely as to the legal issues raised by the DAMIS filing." OrcaFunding's own submission to the Court on October 22, 2026 described its filing as one responding "only" to the DAMIS filing: "OrcaFunding has been directed to respond only to that filing." On October 23, the Court advised that Your Honor "would like OrcaFunding's reply filed by November 2, 2026," that any SIMAD and DAMIS replies be filed by November 9, 2026, and that the Court "will decide this matter on the papers."

## II. Argument

Points II and III of the Response should be stricken, or disregarded, for three independent reasons. First, they are a reply and post-hearing brief that the Scheduling Order does not permit and that no stipulation or order for good cause has authorized. Second, they contravene the Federal Rules and Local Rules that the Scheduling Order expressly incorporates, including the prohibition on unauthorized sur-replies. Third, they exceed the Court's October 23, 2026 direction, which authorized OrcaFunding to file a reply to the Joinder and nothing more. Each ground warrants the relief sought herein.

---

[1] References to Points II and III herein shall also be deemed to include paragraph 3 of OrcaFunding's Preliminary Statement (and each of the bulleted points in that paragraph), without repeating reference to that paragraph throughout.

**A. The Scheduling Order Does Not Authorize Points II and III**

The Scheduling Order governs this contested matter under Bankruptcy Rule 9014 and "all other applicable Federal and Local Rules." Scheduling Order ¶ 1. Paragraph 11 of the Scheduling Order provides that "[t]he deadlines set forth [in the Scheduling Order] may be extended by written stipulation of the Parties (email being sufficient) without further order of the Court . . . or by further order of the Court for good cause shown." *Id.* ¶ 11. OrcaFunding neither sought nor obtained a stipulation or an order modifying the briefing schedule, and it has never attempted to show "good cause." Instead, it used its Response to file both a reply brief the Scheduling Order did not provide and a post-hearing submission no party was authorized to file.

The Response confirms the Debtors' position. Point II (¶¶ 32–56) is captioned "Matters Left Open at the Hearing" and, by OrcaFunding's own description, addresses "several arguments [the SIMAD Debtors made] in closing, which OrcaFunding addressed only briefly at the Hearing," so that "the record is complete." Response ¶ 32. The Response concedes that OrcaFunding's answer at the Hearing "lacked depth" and offers "[t]he more complete answer" now, *id.* ¶ 33; it addresses an argument OrcaFunding "did not respond to . . . at the Hearing," *id.* ¶ 35; it supplies a new rationale on Addendum Section 5.1(e) because the one counsel gave at the Hearing "is not the main point," *id.* ¶ 38; and it offers "Clarifications of the Record" that revise counsel's statements on the record, *id.* ¶¶ 54–56. None of those points arises from the Joinder. Each is instead the SIMAD Debtors' hearing argument or the Court's bench questions, which OrcaFunding had a full opportunity to address at the Hearing. Point II is, in substance, a post-hearing brief: it parses the Hearing transcript, recasts counsel's arguments, and cites new case law. The Court did not authorize post-hearing briefing; it authorized a response to the Joinder.

Point III, captioned "Anticipated Replies," is likewise problematic because it rebuts in advance the arguments OrcaFunding predicts the SIMAD and DAMIS Debtors will make. Response ¶¶ 57–66. That is a sur-reply filed before the reply, designed to give OrcaFunding the last word in contravention of the Scheduling Order and the Court's October 23, 2026 direction.[2]

**B. Points II and III Violate the Applicable Federal and Local Rules**

Points II and III also disregard the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Bankruptcy Rules") and the briefing limits of the Local Civil Rules of the United States District Court for the District of New Jersey (the "Local Civil Rules"). Local Civil Rule 7.1(d)(6) provides that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." OrcaFunding neither sought nor received that permission. OrcaFunding's own correspondence confirms how the Local Bankruptcy Rules apply here. In seeking a longer response deadline, OrcaFunding told chambers that, by analogy to D.N.J. LBR 9013-2(a), "OrcaFunding's filing is an opposition, not a reply," and that it had "been directed to respond only to that filing." Having obtained additional time on that representation,

[2] At the same time, OrcaFunding asks the Court to confine the Debtors' replies "to matters raised in this response." *Id.* ¶ 10. OrcaFunding cannot both expand the scope of its own filing beyond the Joinder and limit the Debtors to answering it.

OrcaFunding cannot now treat its opposition to the Joinder as a license to reargue the entire Characterization Dispute.

**C. Points II and III Exceed the Court's Direction to "Reply" to the Joinder**

Points II and III likewise exceed the Court's October 23, 2026 direction, which set a deadline for "OrcaFunding's reply" and stated that the Court "will decide this matter on the papers." Nothing in that direction invited OrcaFunding to supplement its hearing presentation, respond again to the SIMAD Debtors' September 17 memorandum or closing argument, or revise the record. OrcaFunding anticipates this objection and answers that "the matters addressed in Point II are principally the Court's own questions and the SIMAD Debtors' closing arguments." Response ¶ 58. The Court's questions were asked, and the SIMAD Debtors' closing arguments were made, at the Hearing, and the Court did not request post-hearing submissions on either.

**III. Requested Relief**

The SIMAD Debtors will be prejudiced if the Court considers Points II and III. Those sections reopen arguments that were fully briefed and argued at the Hearing. The SIMAD Debtors therefore respectfully request that the Court strike, or decline to consider, Points II and III of the Response (¶¶ 32–66), and decide the Characterization Dispute on the Hearing record, the parties' briefs submitted under the Scheduling Order, the Joinder, and Point I of the Response.

We are available at the Court's convenience should Your Honor wish to discuss this matter.

Respectfully,

*/s/ Warren A. Usatine*

Warren A. Usatine

cc: Aaron Slavutin, Esq.
Richard J. Bernard, Esq.