JACOBS PC

November 4, 2026

***Via ECF and E-mail***
The Honorable Christine M. Gravelle
Chief Judge, United States Bankruptcy Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:** ***In re SIMAD Holdings Ltd., et al.*, Case No. 26-16388 (CMG) (Jointly Administered)**
***In re DAMIS Holdings Ltd., et al.*, Case No. 26-16439 (CMG) (Jointly Administered)**
**Response to SIMAD Debtors' November 4, 2026, Letter Regarding Striking a Portion of OrcaFunding LLC's Memorandum [SIMAD Docket No. 1485] [DAMIS Docket No. 1574]**

Dear Chief Judge Gravelle:

This firm represents OrcaFunding LLC ("OrcaFunding"). We write in response to the SIMAD Debtors' letter dated November 4, 2026 (the "Letter"), which asks the Court to strike, or decline to consider, Points II and III and paragraph 3 of OrcaFunding's Response [SIMAD Docket No. 1480] (the "Response") to the DAMIS Debtors' Joinder [SIMAD Docket No. 1362] (the "Joinder"). The request should be denied. Striking part of a brief is an extraordinary remedy, and nothing here approaches it. The Joinder adopted the SIMAD Debtors' Memorandum in its entirety, Chambers twice called OrcaFunding's filing a "reply," and both estates have replies due November 9. There is nothing to strike and no one to protect.

The Letter's real objection is not the Local Rules. It is that Point II "is, in substance, a post-hearing brief" that answers arguments the SIMAD Debtors made, and that "[t]he Court did not authorize post-hearing briefing." Letter at 3. OrcaFunding does not pretend otherwise. Point II answers some of the Court's questions at the Hearing and the SIMAD Debtors' hearing arguments, most of which restated the SIMAD Memorandum the Joinder adopted. OrcaFunding answered some of those points orally at the Hearing and had no reply brief in which to do so in writing. What the Court authorized is best read from what the Court did. At the Hearing it asked whether the DAMIS Debtors wanted "to add more." Tr. 136:20. They added a seventeen-page brief with new authority. The Court then set a schedule for "OrcaFunding's reply" and for replies by both estates. That is a full round of briefing, and it is the round the Court ordered. If the Court meant something narrower, the cure is to give Point II the weight the Court thinks it deserves. The Court can do that without striking anything.

**1. The Joinder adopted the SIMAD Memorandum "in its entirety." A response to the Joinder answers the SIMAD Debtors' arguments.**

The Letter treats the Joinder as if it consisted of three "supplemental arguments" and nothing else. The Joinder says otherwise. Its second paragraph "join[s] in and adopt[s] the SIMAD Memorandum in its entirety, including each of its arguments, authorities, and requested relief, as if fully set forth herein," and joins the Mishmeret and Bank of New Hampshire positions as well. Joinder ¶ 2; *see id.* ¶ 16. The three supplemental arguments come after that. *Id.* ¶ 3. The Notice of Briefing asked the DAMIS Debtors to "advise the Court of their position." *Id.* ¶ 14. Their position is that they adopt every argument in the SIMAD Memorandum. OrcaFunding responded to that filing, and to everything it incorporated. The Letter asks the Court to draw a line between the Joinder's three new arguments and the rest of it. The Joinder does not draw that line.

**2. The Joinder was itself a post-record brief. The Court permitted it. The response it invited is not confined to the arguments the Joinder labels new.**

The Letter relies on the proposition that the record closed on September 29 and the Scheduling Order allowed no further briefing. That proposition would have barred the Joinder. The DAMIS Debtors filed it on October 19, three weeks after the record closed. The Joinder cites several authorities that no party had cited. *See, e.g.*, Joinder ¶¶ 21, 24 n.6. It builds arguments on two provisions of the Agreements the SIMAD Memorandum never discussed, the Early Delivery Schedule and the ACH Authorization. *Id.* ¶¶ 18–19, 25. And it quotes the Hearing transcript. *Id.* ¶¶ 1, 14, 29 (quoting Hr'g Tr. 96:23–97:16). The Scheduling Order provided for none of that. The Court permitted it anyway, as it was entitled to do, having said it would "need to hear from DAMIS, too." Hr'g Tr. 36:2–11. Mr. Usatine proposed that the DAMIS estate "confirm that the position that these [SIMAD] debtors have taken with regard to this dispute is [the DAMIS] position, as well," and the Court added: "And see if they want to add more." Tr. 136:14–21. They did. OrcaFunding did not object.

Having opened the record to a new brief from one estate, the Court did not confine OrcaFunding to the sections of that brief the SIMAD Debtors now wish to designate. Point II introduces no evidence. Every factual citation in it is to the admitted exhibits, the Joint Stipulation, or the transcript. It cites cases, as the Joinder did. The "clarifications" in paragraphs 54 through 56 cite transcript pages and nothing else, which is exactly what the Joinder did at paragraph 29. The SIMAD Debtors' complaint is not that OrcaFunding went outside the record. It is that OrcaFunding answered their arguments in writing. OrcaFunding was entitled to. The Scheduling Order gave OrcaFunding one brief and the SIMAD Debtors the last one, Orca Mem. ¶ 38 n.7; everyone argued at the Hearing.

Post-hearing submissions of this kind are not foreign to this Court. In *G-I Holdings*, after the hearing had concluded and a party submitted a supplemental response citing decisions issued after the hearing, this Court "concluded that it would not allow renewed oral argument, but would allow additional briefing in the form of supplemental letter briefs." *In re G-I Holdings, Inc.*, 443 B.R. 645, 662 (Bankr. D.N.J. 2010). *See also Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-028-LPS, 2016 WL 873435, at *1 (D. Del. Mar. 7, 2016) ("Although the far preferable practice in such circumstances is to confer with opposing counsel and present a joint request for

leave to file an uninvited post-hearing submission, the Court has reviewed and considered the parties' letters and will not strike them."). The submission here was invited, and the Court set a schedule for it.

**3. Whatever the label, OrcaFunding's filing answers the Joinder, and the Joinder incorporates the SIMAD Memorandum.**

On October 20, Chambers asked for deadlines "for Orca's reply and the DAMIS response, if any." On October 23, Chambers advised that the Court "would like OrcaFunding's reply filed by November 2, 2026." OrcaFunding was the movant in the Characterization Dispute. Under the Scheduling Order it filed first and the SIMAD Debtors answered, with no reply brief for OrcaFunding. A movant's reply answers the opposition. The opposition here is the SIMAD Memorandum and the joinders to it. The word fits. OrcaFunding never had a reply brief under the Scheduling Order, and a reply is what this Court's motion practice ordinarily affords a movant. D.N.J. LBR 9013-2(a)(3).

The SIMAD Debtors used the same word. Their October 22 email measured OrcaFunding's deadline by what "would ordinarily be afforded a respondent to 'reply' under the Local Rules," and told the Court they were "prepared to provide a fulsome response." And the SIMAD Debtors, who did not file the Joinder, were given a reply of their own. They have until November 9 to use it.

The Letter quotes OrcaFunding's own October 22 email, which described its filing as "an opposition, not a reply." The email addressed one question: which Local Rule deadline should apply by analogy, the seven days the SIMAD Debtors proposed for a reply or the fourteen afforded an opposition. The Court set November 2, fourteen days from the Joinder. The label makes no difference to scope. A movant's reply answers the opposition, which here is the SIMAD Memorandum and the joinders to it. An opposition to the Joinder answers the Joinder, which adopted the SIMAD Memorandum in its entirety. Either way, OrcaFunding's filing was to answer the SIMAD Memorandum, and it did.

**4. Local Civil Rule 7.1(d)(6) does not apply here, and Point III is argument, not a sur-reply.**

The Letter's second ground is Local Civil Rule 7.1(d)(6), which provides that "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." That rule does not govern this contested matter. The Local Civil Rules apply in the District Court; this Court has its own: "In proceedings before a Bankruptcy Judge, the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for this District apply." D.N.J. L. Civ. R. 601.1(c). The Local Bankruptcy Rules adopt particular Local Civil Rules only for particular subjects. *See, e.g.*, D.N.J. LBR 8001-1 (appeals); D.N.J. LBR 7033-1 (interrogatories). The Letter identifies no Local Bankruptcy Rule that adopts Local Civil Rule 7.1. The Scheduling Order's reference to "all other applicable Federal and Local Rules," Scheduling Order ¶ 1, does not change that; the applicable Local Rule for motion practice in this Court is D.N.J. LBR 9013-2, which provides for a motion, an opposition, and a reply, and says nothing about sur-replies. D.N.J. LBR 9013-2(a)(1)–(3).

Even where Rule 7.1(d) applies, the District Court "has broad discretion to consider supplemental briefing as appropriate and fair," and it considers such briefing where "all parties received a fair and equal opportunity to address the substantive and procedural issues" raised. *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. 10-3336 (RBK/JS), 2011 WL 1098993, at *4–5 (D.N.J. Mar. 21, 2011) (Kugler, J.). That is this case. The SIMAD Debtors and the DAMIS Debtors have replies due November 9, and OrcaFunding has consented to their addressing anything in the Response. Every party will have been heard on every point before the Court rules.

Point III, in any event, is not a sur-reply. A sur-reply is an additional paper; Rule 7.1(d)(6) governs whether a party may file one, not the contents of a paper the Court has authorized. A brief that anticipates the response it expects and answers it is ordinary advocacy, and OrcaFunding's opening memorandum did the same thing, for the same reason, without objection. Orca Mem. ¶ 38 n.7. The Debtors remain free to make every argument Point III anticipates and to explain why OrcaFunding's answers are wrong.

**5. The Scheduling Order does not require the relief requested.**

Paragraph 11 of the Scheduling Order addresses deadlines, and the Court's October 23 direction setting a new schedule is the "further order of the Court" that paragraph contemplates. More fundamentally, the Scheduling Order contemplated no DAMIS filing at all. The Court's direction at the Hearing and its October 23 email superseded the Scheduling Order for this round of briefing, for every party. The SIMAD Debtors do not suggest that the Joinder should be stricken because the Scheduling Order did not provide for it. The same order cannot be read to permit the Joinder and forbid the response the Court invited.

Nor is the Court bound by its earlier schedule in the way the Letter supposes. As the Third Circuit has stated, "matters of docket control" are "committed to the sound discretion of the district court." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 880 n.6 (3d Cir. 2020) (stating a court's "control of its docket" will not be disturbed "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant" (citation omitted)). Courts in this District modify their own briefing schedules when the case requires it, including by vacating a schedule and setting a new one. *See, e.g.*, *United States ex rel. Silver v. Omnicare, Inc.*, No. 11-1326 (NLH/AMD), 2023 WL 5826724, at *1–2 & n.4 (D.N.J. Sept. 8, 2023) (Hilman, J.).

The same discretion reaches the Local Rules themselves: a court may "depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000); *see* D.N.J. LBR 1001-1(b) ("The court may modify the application of a Local Bankruptcy Rule in a particular case or proceeding."); *United States v. Hargrove*, No. CR 01-538 (SDW), 2024 WL 4818791, at *2 n.3 (D.N.J. Nov. 18, 2024) (citing *Eleven Vehicles*, 200 F.3d at 215). The Court had a sound rationale for the October 23 schedule: it had said it would need to hear from the DAMIS estate, and it set a reply for OrcaFunding before ruling. Hr'g Tr. 36:2–11, 137:3–4. No one relied on the Scheduling Order to their detriment. The SIMAD Debtors filed the last brief it provided for, argued at the Hearing, and

have a reply due November 9. Whatever they would have done differently had they known OrcaFunding would answer the Joinder in full, they can do now.

**6. There is no prejudice, striking a brief is an extraordinary remedy, and the remedy the SIMAD Debtors need already exists.**

The Letter says the SIMAD Debtors "will be prejudiced if the Court considers Points II and III." The prejudice it identifies is that those sections "reopen arguments that were fully briefed and argued." That is a description of a response, not of prejudice. The SIMAD Debtors have a reply due in six days, the last word, and OrcaFunding's consent, given here for the avoidance of doubt, to their addressing anything in the Response, Points II and III included. A party with the last word is not prejudiced by having something to say it about.

Whatever the vehicle, striking part of a brief is relief that courts in this Circuit reserve for extreme cases, and this is not one. Motions to strike are directed at pleadings. Fed. R. Civ. P. 12(f) "only addresses material in pleadings, not a motion in its entirety," *Shu v. Wang*, No. 10-5302 (JMV), 2016 WL 6080199, at *14 (D.N.J. Oct. 17, 2016), and "motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)," *Lin v. Hudson City Sav. Bank*, No. 18-15387 (RK/JBD), 2023 WL 6842574, at *6 (D.N.J. Oct. 17, 2023) (Kirsch, J.) (such motions are "highly disfavored" and "granted sparingly"). Courts in this District have declined to strike statements in briefs on that ground. *In re Amarin Corp. PLC Sec. Litig.*, No. 13-6663 (FLW/TJB), 2015 WL 3954190, at *3 n.5 (D.N.J. June 29, 2015) (declining to strike statements in a reply brief; whether to strike is "within the district court's sound discretion"). "Striking a brief is an extraordinary remedy reserved for flagrant disregard of the rules of the court," and where a brief is said to exceed its scope, the course is to deny the motion to strike and permit a response. *LaLoup v. United States*, 92 F. Supp. 3d 340, 354 (E.D. Pa. 2015); *see also Skretvedt v. E.I. DuPont de Nemours*, 98 Fed.Appx. 99, 101–02 (3d Cir. 2004) (affirming denial of a motion to strike an answering brief filed in violation of the local rules; whether to strike was within the trial court's discretion).

The Court has said it will decide this matter on the papers. It can read Point II and weigh it. If the Court concludes that any part of it goes beyond what the Court intended to invite, the Court can say so in its decision. An order striking half of a brief, entered on a letter, on a contested matter the Court has already said it will decide on the full submissions, is not the proportionate course.

[Remainder of page intentionally left blank.]

OrcaFunding respectfully requests that the Court deny the relief requested in the Letter and consider the Response in full, together with the replies the Court has already authorized. To the extent the Court concludes that leave was required for any part of the Response, OrcaFunding respectfully requests that leave be granted now, for the reasons stated above and because the replies the Court has already scheduled will answer it. We are available at the Court's convenience.

Respectfully submitted,

*/s/ Leo Jacobs*
Leo Jacobs

cc (via ECF and e-mail):

Warren A. Usatine, Esq., David M. Bass, Esq., and Daniel J. Harris, Esq., Cole Schotz P.C. (counsel to the SIMAD Debtors)
Richard J. Bernard, Esq. and Ian J. Bambrick, Esq., Faegre Drinker Biddle & Reath LLP (counsel to the DAMIS Debtors)
Adam Sherman, Esq., Wayne Greenwald, Esq., and Aaron Slavutin, Esq., Jacobs P.C.