**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD Holdings Ltd., *et al.*,[1] | Case No. 26-16388 (CMG) |
| Debtors. | (Jointly Administered) |

**SUPPLEMENTAL AFFIDAVIT OF SERVICE**

I, Paul Pullo, depose and say that I am employed by Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On September 30, 2026, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on the list of parties attached hereto as **Exhibit A**:

- Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 558]

On October 6, 2026, at my direction and under my supervision, employees of Kroll caused the following documents to be served via First-Class Mail on the Supplemental Mailing List attached hereto as **Exhibit B**:

- Notice of Deadlines for the Filing of Proofs of Claim, Including the Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code and Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, a copy of which has been attached hereto as **Exhibit C**

- Proof of Claim Form, customized to include the name and address of the party, a blank copy of which has been attached hereto as **Exhibit D**

[*Remainder of page intentionally left blank*]

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number May be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357 Trumbull, CT 06611.

On October 6, 2026, at my direction and under my supervision, employees of Kroll caused the following document to be served via First-Class Mail on Summer 365 LLC, (ADRID: 31421949), 4443 Bocaire Blvd, Boca Raton, FL 33487:

- First Supplemental Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases [Docket No. 779]

Dated: October 23, 2026

/s/ Paul Pullo
Paul Pullo

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on October 23, 2026, by Paul Pullo, proved to me on the basis of satisfactory evidence to be the person who executed this affidavit.

/s/ CINDY C. HOSEIN-MOHAN
Notary Public, State of New York
No. 01HO6295177
Qualified in Nassau County
Commission Expires December 30, 2029

**Exhibit A**

Exhibit A

| ADDRESSID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|---|
| 31494122 | CAMP KESEM | 440 N BARRANCA AVE | #2273 | | COVINA | CA | 91723 |
| 31494189 | CAMP LEADERS | 600 CONGRESS AVE | 16TH FLOOR | | AUSTIN | TX | 78701 |
| 31494201 | CAMPMINDER | 5766 CENTRAL AVE | SUITE 200 | | BOULDER | CO | 80301 |
| 31494109 | CHILDREN'S THEATRE COMPANY | MARGO PROEH | 526 WEST 26TH STREET | SUITE 1012 | NEW YORK | NY | 10001 |
| 31494441 | DURHAM SCHOOL SERVICES | HANY ABDEL-KADER | 27755 DIEHL RD. | SUITE 100 | WARRENVILLE | IL | 60555 |
| 31494113 | HC FOODS | AARIB JACOBSON | 1455 W. WILLOW ST | | CHICAGO | IL | 60642 |
| 31494454 | INTEREXCHANGE | 1 STATE STREET | FL 17 | | NEW YORK | NY | 10004 |
| 31494499 | MAINE CAMP EXPERIENCE | LAURIE KAIDEN | 110 MARGINAL WAY | #254 | PORTLAND | ME | 04101 |
| 31494401 | SMALLER EARTH INC. DBA CAMP LEADERS | 600 CONGRESS AVE | 16TH FLOOR | | AUSTIN | TX | 78701 |
| 31494426 | UPSIDE ARTS | 50 FOX RUN RD | #9 | | NEWINGTON | NH | 03801 |
| 31494191 | YPO NEW ENGLAND | 600 EAST LAS COLINAS BLVD | SUITE 1200 | | IRVING | TX | 75039 |

**Exhibit B**

Exhibit B

| ADDRESSID | NAME | ADDRESS 1 | ADDRESS 2 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| 31422369 | BACKCOUNTRY | 2855 E COTTONWOOD PKWY | STE 500 | SALT LAKE CTY | UT | 84121-7050 |
| 31417652 | BACKCOUNTRY.COM | 2855 E COTTONWOOD PKWY | STE 500 | SALT LAKE CTY | UT | 84121-7050 |
| 31416667 | CHILDREN'S THEATRE COMPANY | 425 BLOOM ST | UNIT U | HIGHLAND PARIL | IL | 60035-1465 |
| 31423210 | COLORADO DEPARTMENT OF REVENUE | PO BOX 17087 | | DENVER | CO | 80217-0087 |
| 31422646 | COLORADO DEPARTMENT OF REVENUE | PO BOX 17087 | | DENVER | CO | 80217-0087 |
| 31412701 | ENVIROVENTURES | 4443 BOCAIRE BLVD | | BOCA RATON | FL | 33487 |
| 31421517 | GUILD'S COUNTRY HARDWARE | PO BOX 610 | | LIVERMORE | ME | 04253-0610 |
| 31416057 | JENNIFER MALEK | ADDRESS ON FILE | | | | |
| 31421345 | JILL CHAZAN | ADDRESS ON FILE | | | | |
| 31409565 | LAKEWOOD GARAGE, INC | 1466 CROSSTOWN HWY | | LAKEWOOD | PA | 18439-3972 |
| 31416933 | MAIC | C/O JASON FELDGREBER | 1244 SHERWOOD RD | HIGHLAND PARK | IL | 60035-2936 |
| 31375084 | NEWCO | 17 STATE ST | STE 1800 | NEW YORK | NY | 10004-1600 |
| 31415518 | PARKMOBILE | 1075 PEACHTREE ST NE | STE 3100 | ATLANTA | GA | 30309-4088 |
| 31418701 | POULIN TREE LLC | 450 WINTHROP RD | | READFIELD | ME | 04355-3525 |
| 31419884 | SMUGMUG | PMB 32047 | 548 MARKET ST | SAN FRANCISCO | CA | 94104-5401 |
| 31421949 | SUMMER 365 LLC | 4443 BOCAIRE BLVD | | BOCA RATON | FL | 33487 |
| 31422486 | T-PRESENTS | 1237 JENIFER ST | APT 2 | MADISON | WI | 53703-4063 |
| 31422142 | TYLER REED | ADDRESS ON FILE | | | | |
| 31412009 | UNCLE VINNIES COMEDY CLUB | PO BOX 263 | | MANASQUAN | NJ | 08736-0263 |

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE SIMAD DEBTORS**

The United States Bankruptcy Court for the District of New Jersey (the "Court") has entered an order (the "Bar Date Order") establishing **5:00 p.m., prevailing Eastern Time, on August 14, 2026** (the "General Claims Bar Date"), as the last date for each Person or Entity[2] (including individuals, partnerships, corporations, joint ventures, and trusts) to submit proofs of claim (each, a "Proof of Claim") against the estates of the above-captioned debtors and debtors in possession (the "SIMAD Debtors").

Except for those holders of the Claims (as defined herein) listed below under "Claims for Which Proofs of Claim Need Not be Filed" that are specifically excluded from the General Claims Bar Date submission requirement, the General Claims Bar Date, the Rejection Damages Bar Date, the Supplemental Bar Date, and the Governmental Bar Date (each as defined herein and collectively, the "**Bar Dates**") and the procedures set forth below for submitting Proofs of Claim apply to all Claims against the SIMAD Debtors that arose prior to June 4, 2026 or June 5, 2026 (the "Petition Date"), the date on which the SIMAD Debtors commenced cases under chapter 11 of the United States Bankruptcy Code, including Claims pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim").

In addition, Governmental Units have until **5:00 p.m., prevailing Eastern Time, on December 2, 2026** (the date that is the one-hundred and eighty (180) days after the Petition Date) (the "Governmental Bar Date"), to submit Proofs of Claim.

---

1 A complete list of the SIMAD Debtors in these Chapter 11 Cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these Chapter 11 Cases is 50 Quality Street, #110357, Trumbull, CT 06611.

2 Except as otherwise defined herein, all terms specifically defined in title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "Entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (b) the term "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (c) the term "Person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**A holder of a possible Claim against the SIMAD Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

## Who Must Submit a Proof of Claim

You MUST submit a Proof of Claim to vote on a chapter 11 plan filed by the SIMAD Debtors or to share in distributions from the SIMAD Debtors' estates if you have a Claim that arose before the Petition Date and it is ***not*** one of the types of Claims described under the heading "Claims for Which Proofs of Claim Need Not Be Filed" below. Claims based on acts or omissions of the SIMAD Debtors that occurred before the Petition Date must be submitted on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this notice, "Claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## What to Submit

The SIMAD Debtors are enclosing a Proof of Claim form for use in this case. You may utilize the Proof of Claim Form(s) provided by the SIMAD Debtors to submit your Claim.

Your Proof of Claim Form must **NOT** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Additional Proof of Claim Forms may be obtained by contacting the SIMAD Debtors' notice and claims agent, Kroll Restructuring Administration LLC ("Kroll" or the "Notice and Claims Agent"), by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers, and/or visiting the SIMAD Debtors' restructuring website at: https://restructuring.ra.kroll.com/SIMAD/.

The following procedures for the submission of Proofs of Claim against the SIMAD Debtors in these Chapter 11 Cases shall apply:

(a) ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) be denominated in U.S. Dollars; (iii) conform substantially with a Proof of Claim Form provided by the SIMAD Debtors or the Official Form 410; and (iv) be signed or electronically transmitted through the interface available on Kroll's website, at https://restructuring.ra.kroll.com/SIMAD/, by the claimant or by an authorized agent or legal representative of the claimant;

(b) ***Receipt of Service***. Claimants submitting a Proof of Claim through non-electronic means who wish to receive a proof of receipt of their Proofs of Claim from the Notice and Claims Agent must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope;

(c) ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the SIMAD Debtors may request the full supporting documentation and (ii) such creditor must produce the supporting documentation to SIMAD Debtors' counsel and counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee") upon written request, at least ten (10) business days from the date of such request; *provided, further* that failure to provide such supporting documentation within ten (10) business days may result in an objection to such Claim;

(d) ***Section 503(b)(9) Claim***. In addition to the requirements set forth above, any Proof of Claim asserting a 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the SIMAD Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) Claim is being asserted; and (iii) attach documentation of any reclamation demand made to the SIMAD Debtors under section 546(c) of the Bankruptcy Code (if applicable).

## When and Where to Submit

Each Proof of Claim, including supporting documentation, must be submitted so that the Notice and Claims Agent ***actually receives*** the Proof of Claim on or before the applicable Bar Date by: (i) electronically using the interface available on the Notice and Claims Agent's website at https://restructuring.ra.kroll.com/SIMAD/, or (ii) by first-class U.S. Mail, overnight mail, or other hand-delivery system, which Proof of Claim must include an ***original*** signature, at the following addresses:

**If by First-Class U.S. Mail:**

**SIMAD Holdings Ltd. Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**If by Overnight Courier or Hand Delivery Mailing:**

**SIMAD Holdings Ltd. Claims Processing**
**c/o Kroll Restructuring Administration, LLC**
**850 3rd Avenue, Suite 412**
**Brooklyn, NY 11232**

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND DELIVERY, OR THROUGH KROLL'S WEBSITE.**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

**Claims for Which Proofs of Claim Need Not Be Filed**

Persons or Entities need ***not*** submit a Proof of Claim on behalf of a Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Claim falls into one of the following categories:

(a) any Claim that has already been asserted in a Proof of Claim against the SIMAD Debtors with the Notice and Claims Agent in a form substantially similar to Official Bankruptcy Form No. 410 (unless such Person or Entity wishes to assert a Claim against a SIMAD Debtor not identified in the prior Proof of Claim, in which case an additional Proof of Claim must be filed);

(b) any Claim that is listed on the Schedules filed by the SIMAD Debtors, *provided* that (i) the Claim is ***not*** scheduled as "disputed," "contingent," or "unliquidated"; (ii) the claimant does not disagree with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) the claimant does not dispute that the Claim is an obligation only of the specific Debtor against which the Claim is listed in the Schedules;

(c) any Person or Entity whose Claim is based upon a payment for a dependent child for the 2026 camping season or an advance deposit for the 2027 camping season;

(d) any Claim that has previously been allowed by order of this Court;

(e) any Claim that has already been paid in full by any of the SIMAD Debtors;

(f) any Claim for which a different deadline has previously been fixed by this Court;

(g) any Person or Entity that holds an equity interest in the SIMAD Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, warrants, options, or rights of purchase, or who sell or subscribe to such a security or interest; *provided* that any holder of an equity interest in the SIMAD Debtors who wishes to assert a Claim (as opposed to an ownership interest) against a SIMAD Debtor (including a Claim relating to such equity interest or the purchase or sale of such equity interest), must file a Proof of Claim on or before the applicable Bar Date;

(h) any Claim held by a current or former employee of the SIMAD Debtors already paid pursuant to an order of the Court authorizing the SIMAD Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; *provided, however*, that a current or former employee must submit a Proof of Claim by the General Claims Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment, and retaliation;

(i) any Professional Compensation Claim;[3]

(j) any Claim held by a current officer or director for indemnification, contribution, or reimbursement;

(k) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense, except that any holder of a 503(b)(9) Claim must file a Proof of Claim on or before the General Claims Bar Date;

(l) any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including as set forth in any interim or final orders entered by the Court approving the SIMAD Debtors' entry into any postpetition debtor-in-possession financing facility and any amendment thereto (in each case, the "DIP Order"), which shall include the DIP Orders entered at Docket Nos. 299, 335 and 370;

---

[3] "Professional Compensation Claims" means, at any given moment, all Claims for accrued fees and expenses (including success fees) for services rendered by a Professional (as defined herein) through and including the effective date of any confirmed chapter 11 plan, to the extent such fees and expenses have not been paid pursuant to any other order of the Court and regardless of whether a fee application has been filed for such fees and expenses. To the extent the Court denies or reduces by a final order any amount of a Professional's fees or expenses, then the amount by which such fees or expenses are reduced or denied shall reduce the applicable Professional Compensation Claim.

"Professional" means an Entity: (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 363, or 1103 of the Bankruptcy Code and to be compensated for services rendered prior to or on the Confirmation Date, pursuant to sections 327, 328, 329, 330, 331, and 363 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code.

(m) any Claim held by a SIMAD Debtor against another SIMAD Debtor;

(n) any Claim held by a SIMAD Debtor against another SIMAD Debtor; and

(o) any Claim held by any Person or Entity solely against a non-debtor entity.

THIS NOTICE IS BEING SENT TO MANY PERSONS AND ENTITIES THAT HAVE HAD SOME RELATIONSHIP WITH OR HAVE DONE BUSINESS WITH THE SIMAD DEBTORS BUT MAY NOT HAVE AN UNPAID CLAIM AGAINST THE SIMAD DEBTORS. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE SIMAD DEBTORS OR THE COURT BELIEVE THAT YOU HAVE ANY CLAIM.

**Executory Contracts and Unexpired Leases**

If you have a Claim arising from the rejection of an executory contract or unexpired lease, you must submit your Proof of Claim based on such rejection on or before the later of (a) the General Claims Bar Date or the Governmental Bar Date, as applicable, and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days following entry of the order approving the SIMAD Debtors' rejection of the applicable executory contract or unexpired lease (the "**Rejection Damages Bar Date**"). The SIMAD Debtors will provide notice of the Rejection Damages Bar Date to the contract or lease counterparty whose contract or lease is being rejected at the time the SIMAD Debtors reject any executory contract or unexpired lease.

**Amended Schedules Bar Date**

In the event the SIMAD Debtors amend or supplement their Schedules, the SIMAD Debtors shall give notice of any such amendment to the holders of any Claim affected thereby, and such holders shall submit their Claims by the later of (a) the applicable Bar Date and (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) calendar days after such person or entity is served with notice that the SIMAD Debtors have amended their Schedules in a manner that affects such Person or Entity (any such date, the "**Amended Schedules Bar Date**").

**The SIMAD Debtors' Schedules and Access Thereto**

You may be listed as the holder of a Claim against the SIMAD Debtors in the SIMAD Debtors' Schedules, which are due to be filed on or before August 3, 2026.

Copies of the SIMAD Debtors' Schedules will be available: (a) from the Notice and Claims Agent by calling (844) 408-3264 (toll free) for callers in the United States and Canada or by calling +1 (646) 814-4926 for international callers, and/or visiting the SIMAD Debtors' restructuring website at: https://restructuring.ra.kroll.com/SIMAD/; (b) by written request to Debtors' counsel at the address and telephone number set forth below; and/or (c) for inspection on the Court's Internet Website at http://ecf.njb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records are required to access this information and can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined

between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday, at the Office of the Clerk of the Court at Martin Luther King, Jr. Federal Building, 50 Walnut Street, Newark, NJ 07102.

If you rely on the SIMAD Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and classification of your Claim as listed in the SIMAD Debtors' Schedules and if your Claim is **not** described as "disputed," "contingent," or "unliquidated," **you need not submit a Proof of Claim**. Otherwise, or if you decide to submit a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this notice.

**Reservation of Rights**

Nothing contained in this Bar Date Notice is intended, or should be construed, as a waiver of the SIMAD Debtors' right to: (a) dispute, or assert offsets or defenses against, any submitted Proof of Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, or classification of such Claims; (b) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

**Consequences of Failure to Submit a Proof of Claim by the Applicable Bar Date**

ANY HOLDER OF A CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, (2) PARTICIPATING IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (3) RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM. SUCH PERSON OR ENTITY SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR ANY PURPOSE IN THESE CHAPTER 11 CASES.

[*Remainder of page intentionally left blank*]

Dated: July 16, 2026

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the SIMAD Debtors and*
*Debtors in Possession*

**For information regarding the SIMAD Debtors and each of their respective camp names, please consult the SIMAD Debtors' organizational chart enclosed herewith.**

# SIMAD Holdings Ltd. — Corporate Organizational Chart

Prepared for Bankruptcy Court Filing | District of New Jersey | All Debtor Entities




= Non-filing entity

* References to "SIMAD" in the left branch refer to SIMAD Holdings Ltd.

** References to "SIMAD" in the right branch refer to SIMAD Equities LLC.

Note: "DAMIS" means and refers to DAMIS Holdings LLC, a separately administered debtor affiliate, pending under the case caption *In re DAMIS Holdings LLC*, Case No. 26-16439 (CMG) (Bankr. D.N.J.).

**Exhibit D**

# United States Bankruptcy Court for the District of New Jersey

**Fill in this information to identify the case (Select only one Debtor per claim form):**

| | | |
|---|---|---|
| ☐ SIMAD Holdings Ltd. (Case No. 26-16388) | ☐ Rolling Hills Operatingco LLC (Case No. 26-16377) | ☐ Rolling Hills Landco LLC (Case No. 26-16379) |
| ☐ Country Roads Operatingco LLC (Case No. 26-16381) | ☐ Country Roads Landco LLC (Case No. 26-16382) | ☐ Eagle's Landing Day Camp LLC (Case No. 26-16384) |
| ☐ Meadowbrook Operatingco LLC (Case No. 26-16385) | ☐ Meadowbrook Landco LLC (Case No. 26-16386) | ☐ Mill Road Landco LLC (Case No. 26-16387) |
| ☐ Intermediate SIMAD 1 LLC (Case No. 26-16389) | ☐ SIMAD Equities LLC (Case No. 26-16390) | ☐ Achim Landco LLC (Case No. 26-16391) |
| ☐ BAHS Holdings LLC (Case No. 26-16392) | ☐ Achim Operatingco LLC (Case No. 26-16393) | ☐ BAHS Operating Inc. (Case No. 26-16394) |
| ☐ Banner Landco LLC (Case No. 26-16395) | ☐ Banner Operatingco LLC (Case No. 26-16396) | ☐ Belgrade Lakes Summer Camps LLC (Case No. 26-16397) |
| ☐ Bluestar Landco, LLC (Case No. 26-16398) | ☐ Camp Med-O-Lark, Inc. (Case No. 26-16399) | ☐ Bluestar Operatingco, LLC (Case No. 26-16400) |
| ☐ Chateaugay Landco LLC (Case No. 26-16401) | ☐ Club Getaway Operatingco, LLC (Case No. 26-16402) | ☐ Chateaugay Campco LLC (Case No. 26-16403) |
| ☐ Green Lane Operatingco, LLC (Case No. 26-16404) | ☐ Club Getaway Landco, LLC (Case No. 26-16405) | ☐ IAFALANDCO, LLC (Case No. 26-16406) |
| ☐ Island Lake Campco LLC (Case No. 26-16408) | ☐ Green Lane Landco, LLC (Case No. 26-16409) | ☐ Kiwi Operatingco LLC (Case No. 26-16410) |
| ☐ Greenvilleland LLC (Case No. 26-16411) | ☐ Waukeela Operatingco LLC (Case No. 26-16412) | ☐ IAFAOPERATINGCO, LLC (Case No. 26-16414) |
| ☐ MaineWekeelaco, LLC (Case No. 26-16415) | ☐ Mesorahco LLC (Case No. 26-16416) | ☐ Island Lake Landco LLC (Case No. 26-16417) |
| ☐ Mogenavco LLC (Case No. 26-16418) | ☐ Lavco LLC (Case No. 26-16419) | ☐ Mohawkcampco LLC (Case No. 26-16420) |
| ☐ Pine Forest Campco LLC (Case No.26-16421) | ☐ Lavland LLC (Case No. 26-16422) | ☐ Poland Campco LLC (Case No. 26-16423) |
| ☐ Malka Operatingco LLC (Case No.26-16424) | ☐ RDM Camps, LLC (Case No. 26-16425) | ☐ Shab Operating Inc. (Case No. 26-16426) |
| ☐ Mesorahland LLC (Case No.26-16427) | ☐ Washington Lake, LLC (Case No. 26-16428) | ☐ Mogenavland LLC (Case No. 26-16429) |
| ☐ Wekeeland LLC (Case No. 26-16430) | ☐ Mohawkland LLC (Case No. 26-16431) | ☐ WM Land, LLC (Case No. 26-16432) |
| ☐ Pine Forest Landco LLC (Case No. 26-16433) | ☐ WM Camp, LLC (Case No. 26-16434) | ☐ Poland Landco LLC (Case No. 26-16435) |
| ☐ Waukeela Landco LLC (Case No. 26-16436) | ☐ Summit Camp, LLC (Case No. 26-16437) | ☐ Shab Holdings LLC (Case No. 26-16438) |
| ☐ One Canal Place Leasing LLC (Case No. 26-16549) | ☐ One Canal Place Real Estate LLC (Case No. 26-16550) | ☐ Quadstar Realty LLC (Case No. 26-16567) |
| ☐ Mohawk Country Day School, Inc. (Case No. 26-16568) | | |

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

______________________________
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______________________________

**2. Has this claim been acquired from someone else?**

❑ No
❑ Yes. From whom? ______________________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name | Name |
| Number Street | Number Street |
| City State ZIP Code | City State ZIP Code |
| Contact phone ________ | Contact phone ________ |
| Contact email ________ | Contact email ________ |

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

❑ No
❑ Yes. Claim number on court claims registry (if known)_______ Filed on ________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

❑ No
❑ Yes. Who made the earlier filing? ______________________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**

❑ No
❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**

$____________________________. **Does this amount include interest or other charges?**

❑ No
❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

____________________________________________________________

9. **Is all or part of the claim secured?**

❑ No
❑ Yes. The claim is secured by a lien on property.

**Nature of property:**

❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
❑ Motor vehicle
❑ Other. Describe: ____________________________________________

**Basis for perfection:** ____________________________________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $__________________

**Amount of the claim that is secured:** $__________________

**Amount of the claim that is unsecured:** $__________________(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________________

**Annual Interest Rate** (when case was filed)_______%

❑ Fixed
❑ Variable

10. **Is this claim based on a lease?**

❑ No
❑ Yes. **Amount necessary to cure any default as of the date of the petition.** $____________________

11. **Is this claim subject to a right of setoff?**

❑ No
❑ Yes. Identify the property: ____________________________________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

❑ No
❑ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ❑ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ❑ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

❑ No
❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** $____________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.
❑ I am the creditor's attorney or authorized agent.
❑ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
❑ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ____________
MM / DD / YYYY

______________________________
Signature

**Name of the person who is completing and signing this claim:**

Name ______________________________
First name    Middle name    Last name

Title ______________________________

Company ______________________________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address ______________________________
Number    Street

______________________________
City    State    ZIP Code

Contact phone ____________    Email ____________

# Instructions for Proof of Claim

United States Bankruptcy Court 12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.**
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/SIMAD.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
SIMAD Holdings, Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
SIMAD Holdings, Ltd. Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at https://restructuring.ra.kroll.com/SIMAD/EPOC-Index.

**Do not file these instructions with your form**