**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY OF CONSENT ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW CONNECTICUT SUPERIOR COURT ACTION TO PROCEED LIMITED TO THE PROCEEDS OF DEBTORS' INSURANCE POLICIES**

TO THE HONORABLE CHIEF JUDGE CHRISTINE M. GRAVELLE,
CHIEF JUDGE, UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, respectfully state the following in support of this application (the

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

"Application"), pursuant to D.N.J. LBR 9019-4(b), seeking the approval and entry of the proposed Consent Order Modifying the Automatic Stay, to the Extent Applicable, to Allow Connecticut Superior Court Action to Proceed Limited to the Proceeds of Debtors' Insurance Policies:

1. On April 1, 2026, Ortega Guzman, Brendalys PPA Esther Guzman ("Claimant" and together with the Debtors, the "Parties") filed a complaint in the Connecticut Superior Court against two of the Debtors: (i) Club Getaway Operatingco, LLC and (ii) Club Getaway Landco, LLC (the "Connecticut Superior Court Action").

2. On June 4 and 5, 2026 (together, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].

3. Claimant seeks to recover only under the insurance policy, Policy No. 034801 02 728538 (the "Policy") in the Connecticut Superior Court Action and will not seek contribution from the Debtors' assets.

4. The Parties have agreed to a resolution as set forth in this Consent Order attached hereto as **Exhibit 1**.

5. A copy of the proposed Consent Order was provided to: (a) the Insurer (b) counsel to the Official Committee of Unsecured Creditors (the "Committee"), and (c) the Office of the United States Trustee ("U.S. Trustee"). The Debtors incorporated comments received from the Committee into the proposed Consent Order. The Debtors did not hear back from the U.S. Trustee

6. This Application is submitted pursuant to D.N.J. LBR 9019-4(b) in lieu of a motion in support of the Debtors' request that the Court enter the Consent Order, as presented. The Debtors submit that the Consent Order is in the best interests of the Debtors' estates and creditors.

7. No previous application for the relief sought herein has been made to this or any other Court.

Dated: November 12, 2026

/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and*
*Debtors in Possession*

/s/ *Dylan L. Takores*

**CLAGGETT, SKYES & GARZA, LLC**
Dylan L. Takores, Esq.
76 Batterson Park Road, Suite 301
Farmington, CT 06032
Telephone: (860) 471-8333
Email: dylan@csgtrials.com

*Counsel to the Claimant*

# EXHIBIT 1

**Consent Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| In re:<br>SIMAD HOLDINGS LTD., *et al.*,[1]<br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**CONSENT ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW CONNECTICUT SUPERIOR COURT ACTION TO PROCEED LIMITED TO THE PROCEEDS OF DEBTORS' INSURANCE POLICIES**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED.**

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of SIMAD Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

This consent order (the "Consent Order") is made by and between the above captioned debtors and debtors in possession (the "Debtors") and Ortega Guzman, Brendalys PPA Esther Guzman ("Claimant" and together with the Debtors, the "Parties"), by and through their duly authorized representative or undersigned counsel.

**WHEREAS**, on April 1, 2026, Claimant filed a complaint in the Connecticut Superior Court against two of the Debtors: (i) Club Getaway Operatingco, LLC and (ii) Club Getaway Landco, LLC (the "Connecticut Superior Court Action").

**WHEREAS**, as on June 4 and 5, 2026 (together, the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15].

**WHEREAS**, Claimant seeks to recover only the under the Debtors' insurance policy, Policy No. 034801 02 728538 (the "Policy") in the Connecticut Superior Court Action and will not seek contribution from the Debtors' assets.

**WHEREAS**, the Parties have agreed to a resolution as set forth in this Consent Order.

**NOW THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION THE PARTIES HERETO ACKNOWLEDGE RECEIVING, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1. The recitals set forth above are hereby made an integral part of the Consent Order and are incorporated herein.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby lifted, to the extent applicable, to permit the Claimant to continue the Connecticut Superior Court Action limited to the proceeds of the Policy.

3. Notwithstanding anything herein to the contrary, the Claimant shall be entitled to pursue its claims solely to the extent of available insurance coverage under the Policy. The Claimant shall have no right to seek recovery from the Debtors, their estates, or property of the Debtors' estates, and any recovery shall be limited exclusively to available insurance proceeds.

4. Nothing in this Order shall require the Debtors or any of its successors to defend the Claimant's claims, pay any deductible, self-insured retention, co-payment, or other amount arising under any applicable insurance policy, or otherwise incur any costs, liabilities, or expenses in connection with such claims. For the avoidance of doubt, any claim by any insurer against the Debtors or their estates arising from or relating to the defense or resolution of the Connecticut Superior Court Action, including on account of any deductible, self-insured retention, co-payment, or reimbursement obligation, shall not constitute an administrative expense of the Debtors' estates and, if allowed, shall constitute a prepetition general unsecured claim.

5. Upon entry of this Order, (a) any Proof of Claim filed by or on behalf of the Claimant against the Debtors , and (b) any claim of or relating to the Claimant listed on any of the Debtors' schedules of assets and liabilities, shall be deemed fully satisfied, resolved, and withdrawn with prejudice, and the Claimant shall not hold or assert any claim against the Debtors or their estates on account of the matters that are the subject of the Claimant's claims, except solely as against available insurance proceeds as provided herein.

6. Nothing in this Consent Order shall modify or alter the contractual rights and obligations established by the terms and conditions of the Policy or the rights of any parties to or under the Policy.

7. This Consent Order shall be binding upon the Parties' successors, agents, and assigns, including any reorganized debtors, bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

8. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Consent Order.

9. Nothing contained in this Consent Order, nor any action taken to implement or comply with this Consent Order, shall constitute or be construed as an admission of liability, fault, wrongdoing, or responsibility by any Party.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Consent Order.

11. The Debtors shall serve by regular mail a copy of this Consent Order on all parties required to receive such service pursuant to Local Rule 9013-5(f).

12. Notwithstanding anything in the Bankruptcy Rules or the Bankruptcy Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

Dated: November 12, 2026

*/s/ Michael D. Sirota, Esq.*
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors and Debtors in Possession*

*/s/ Dylan L. Takores, Esq.*
**CLAGGETT, SKYES & GARZA, LLC**
Dylan L. Takores, Esq.
76 Batterson Park Road, Suite 301
Farmington, CT 06032
Telephone: (860) 471-8333
Email: dylan@csgtrials.com

*Counsel to the Claimant*