UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET**
**FOR THE PERIOD JUNE 4, 2026 THROUGH OCTOBER 31, 2026**

| | |
|---|---|
| In re SIMAD Holdings Ltd., *et al.*,[1] | Applicant: Cole Schotz P.C. |
| Case No. 26-16388 (CMG) | Client: Debtors and Debtors in Possession |
| Chapter 11 | Case Filed: June 4, 2026 & June 5, 2026 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

*/s/Michael D. Sirota* 11/16/2026
Michael D. Sirota Date

**SECTION I**
**FEE SUMMARY**

First Interim Fee Application Covering the Period
June 4, 2026 through October 31, 2026

| | |
|---|---|
| FEE TOTALS | $9,088.112.50 |
| DISBURSEMENTS TOTALS | $160,372.57 |
| TOTAL FEE APPLICATION | $9,248,485.07 |

| | FEES | EXPENSES |
|---|---|---|
| TOTAL PREVIOUS FEES REQUESTED: | $9,088,112.50 | $160,372.57 |
| TOTAL FEES ALLOWED TO DATE: | $0.00 | $0.00 |
| TOTAL RETAINER REMAINING: | $713,085.04 | $0.00 |
| TOTAL HOLDBACK (IF APPLICABLE): | $1,548,030.50[2] | $0.00 |
| TOTAL RECEIVED BY APPLICANT: | $6,192,122.00 | $152,280.54 |

1 A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

2 Cole Schotz has not yet received payment on account of its October 2026 monthly fee statement and, accordingly, the total holdback and total received do not reflect related amounts.

## SECTION II
## CASE HISTORY

(1) Date cases filed: June 4, 2026 and June 5, 2026

(2) Chapter under which cases commenced: Chapter 11

(3) Date of retention: July 13, 2026, *nunc pro tunc* to June 4, 2026. See **Exhibit A**.

(4) If limit on number of hours or other limitations to retention, set forth: n/a

(5) Summarize in brief the benefits to the estate and attach supplements as needed: See narrative portion of fee application.

(6) Anticipated distribution to creditors:

(a) Administrative expense: Unknown at this time.

(b) Secured creditors: Unknown at this time.

(c) Priority creditors: Unknown at this time.

(d) General unsecured creditors: Unknown at this time.

(7) Final disposition of case and percentage of dividend paid to creditors (if applicable): This is the first interim compensation application. Final dividend percentages are unknown at this time.

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**FIRST INTERIM APPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION OF PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 327, 328, 330 AND 331**

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holding Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

Cole Schotz P.C. ("Cole Schotz"), as counsel for SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "SIMAD Debtors"), hereby submits this first interim application for compensation of professional services rendered and reimbursement of actual and necessary expenses (the "Application") pursuant to (i) sections 327, 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Jersey, (ii) the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), and (iii) this Court's *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court*, dated July 20, 2026 [Docket No. 550] (the "Interim Compensation Procedures Order"), for professional services rendered by Cole Schotz for the period commencing June 4, 2026 through and including October 31, 2026 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period. In support of this Application, Cole Schotz respectfully represents as follows:

## BACKGROUND

1. On June 4, 2026 and June 5, 2026 (collectively, the "Petition Date"), each of the SIMAD Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). A detailed description of the SIMAD Debtors, their businesses, and the facts and circumstances supporting the SIMAD Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Assaf Ravid, Chief Restructuring Officer of the SIMAD Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 62] and incorporated by reference herein.

2. On June 8, 2026, this Court entered an order directing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) [Docket No. 15]. The SIMAD Debtors are operating their business and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 9, 2026, the Office of the U.S. Trustee appointed the Official Committee of Unsecured Creditors in these Chapter 11 Cases (the "Committee"). [Docket No. 438].

## INFORMATION REQUIRED BY THE GUIDELINES

### A. The Scope of the Application

3. Consistent with the Guidelines, Cole Schotz discloses the following concerning the scope of the Application:

| | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | Debtors and Debtors in Possession |
| Petition Date | June 4, 2026 and June 5, 2026 |
| Retention Date | Order signed July13, 2026 [Docket No. 451] ("Retention Order"), effective June 4, 2026. |
| Date of Order Approving Employment | July 13, 2026; a true copy of the Retention Order is attached as **Exhibit A**. |
| Time Period Covered by Application | June 4, 2026 – October 31, 2026 |
| Terms and Conditions of Employment | Hourly |
| Interim / Final | Interim application under 11 U.S.C. § 331 |
| Date and Terms of Administrative Fee Order | On July 20, 2026, this Court entered the Interim Compensation Procedures Order. Pursuant to the Interim Compensation Procedures Order, Professionals (as defined therein) can file monthly fee statements with the Court. If there are no objections to a monthly fee statement, Professionals are entitled to payment of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in their monthly fee statement. The Interim Compensation Procedures Order further provides that Professionals may file interim fee applications for allowance of compensation and reimbursement of expenses of the amount sought in their monthly fee |

| | |
|---|---|
| | statements, including the twenty percent (20%) holdback pursuant to Section 331 of the Bankruptcy Code at four-month intervals or such other intervals directed by the Court. |
| 11 U.S.C. § 330 | Cole Schotz seeks compensation under 11 U.S.C. § 330. |
| Total Compensation (Fees) Sought this Period | $9,088,112.50 |
| Total Expenses Sought this Period | $160,372.57 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Blended rate in this application for all attorneys | $757.71 |
| Blended rate in this application for all timekeepers | $732.89 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $6,192,122.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $152,280.54 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | 33 |
| If applicable, difference between fees budgeted and compensation sought for this period | Cole Schotz budgeted $12,244,000.00 in fees during the Compensation Period and incurred $9,088,112.50 in compensation during the Compensation Period. |
| Number of professionals billing fewer than 15 hours to the case during this period | 20 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | [X] Yes [] No |
| | $8,759,874.00. To the extent a timekeeper was not employed by Cole Schotz at the time of retention, this amount was calculated using the timekeeper's current hourly rate. |

**B. <u>Summary of Time Keepers and Rate Increases</u>**

4. With respect to each professional and paraprofessional who billed on the matter during the Compensation Period, Cole Schotz discloses the following information on **<u>Exhibit B</u>** attached: (i) name; (ii) title or position; (iii) primary department, group, or section; (iv) date of first admission to the bar, if applicable; (v) total fees billed included in application; (vi) total

hours billed included in application; and (vii) current hourly rate. One rate increase was implemented during the Compensation Period. [Docket No. 903].

### C. Customary and Comparable Compensation

5. Cole Schotz submits its compensation is customary as evidenced by the blended hourly rate data set forth on **Exhibit C** attached for the 2025 calendar year as compared to the Compensation Period. As set forth in Exhibit C, Cole Schotz's blended hourly rate for all timekeepers during the Compensation Period was $732.89.

### D. Statements from the Applicant

6. Consistent with the Guidelines, Cole Schotz answers the following questions:

| **Question** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | The total fees requested in this application are not higher by 10% or more than the total budgeted amount for the Compensation Period. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes (minimal time/fees) |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes (minimal time/fees) |
| Does the fee application include any rate increases? | Yes |

### E. Budget and Staffing Plan

7. Consistent with the Guidelines, Cole Schotz provided the SIMAD Debtors with, and the SIMAD Debtors approved, a budget and staffing plan for the Compensation Period. Copies of the approved budgets and staffing plan for the Compensation Period are attached hereto as **Exhibits D-1** and **D-2**. As set forth below, the total hours and fees actually incurred did not exceed the budget by more than 10% in the aggregate during the Compensation Period:

| **Month** | **Hours Budgeted** | **Hours Incurred** | **Fees Budgeted** | **Fees Incurred** |
|---|---|---|---|---|
| June 2026 | 2,000.00 | 1,879.40 | $1,600,000.00 | $1,662,166.50 |
| July 2026 | 3,470.00 | 2,776.50 | $2,776,000.00 | $2,309,487.50 |
| August 2026 | 3,405.00 | 2,405.40 | $2,724,000.00 | $1,875,261.50 |
| September 2026 | 4,140.00 | 2,221.00 | $3,312,000.00 | $1,893,237.00 |
| October 2026 | 2,290.00 | 1,495.10 | $1,832,000.00 | $1,347,960.00 |
| **Total** | **15,305.00** | **10,777.40** | **$12,244,000.00** | **$9,088,112.50** |

**SUMMARY OF PROFESSIONAL SERVICES
RENDERED AND EXPENSES INCURRED**

8. Cole Schotz seeks allowance of compensation for professional services rendered to the SIMAD Debtors during the Compensation Period in the amount of $9,088,112.50. In addition, Cole Schotz seeks approval for reimbursement of expenses incurred in connection with the rendition of its services in the aggregate amount of $160,372.57. During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 10,777.40 hours for which compensation is requested. The fees charged by Cole Schotz in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.

9. The following summary highlights the major areas in which Cole Schotz rendered services during the Compensation Period. As required by the Guidelines, the summary is organized by project category. A summary chart setting forth the number of hours spent and the amount of compensation requested for each project category is attached as **Exhibit E-1** and a summary chart setting forth the amount of expenses requested by Cole Schotz in this Application is attached as **Exhibit E-2**. Detailed descriptions of services rendered are contained in Cole Schotz's monthly fee statements for the Compensation Period, which appear at Docket Nos. 703, 1043, 1280, 1358, and 1508, and are incorporated herein by reference.

**A. Asset Analysis**

10. This category includes time expended by Cole Schotz analyzing the SIMAD Debtors' assets. During the Compensation Period, Cole Schotz expended time and resources investigating the assets of the SIMAD Debtors, including their various camps, and analyzing the status of secured interests, including conducting lien searches.

**B. Asset/Business Disposition**

11. This category includes time Cole Schotz spent on the disposition of the SIMAD Debtors' assets and businesses. As of the Petition Date, the Debtors owned approximately 30 camp properties, including overnight and day camps. During the Compensation Period, Cole Schotz spent significant time and resources coordinating, preparing for, and participating in the auction and sale of the SIMAD Debtors' camp assets, including preparing and prosecuting the SIMAD Debtors' motion to approve bidding procedures. Before the auction, Cole Schotz negotiated four (4) private sale transactions and obtained approval for those sales. After the July 2026 auction concluded (which lasted 3 days), Cole Schotz prepared for, coordinated, and facilitated multiple transaction closings. In connection with those closings, Cole Schotz reviewed and negotiated asset purchase agreements, closing documentation, resolved transaction-related issues, coordinated the execution of closing deliverables, and communicated with counterparties, stakeholders, and other parties in interest. Cole Schotz also spent significant time and resources working with each buyer and its counsel to address the transaction-specific needs of each closing of the camp assets.

**C. Assumption and Rejection of Leases and Contracts**

12. This category includes time expended by Cole Schotz with respect to the SIMAD Debtors' assumption and rejection of leases and contracts. In connection with each of the sales of the SIMAD Debtors' camp assets, Cole Schotz assisted the SIMAD Debtors in evaluating

transactions and ensuring that the necessary leases or contracts were assumed and assigned to the buyer or rejected. Such work included evaluating contracts, preparing related notices and addressing cure disputes with contract counterparties.

**D. Business Operations**

13. This category includes time expended by Cole Schotz with respect to the SIMAD Debtors' business operations. During the Compensation Period, Cole Schotz engaged in ongoing discussions with the SIMAD Debtors, Retained Professionals (defined below) and other interested parties, and analyzed and made recommendations to the SIMAD Debtors with respect to a variety of business matters. Cole Schotz assisted the Chief Restructuring Officer and the SIMAD Debtors in managing numerous issues related to the operation of the SIMAD Debtors' camps during the busy summer season, including attending to individual camp-specific issues and conducting numerous calls with camp directors to ensure the smooth operation of all camps as the SIMAD Debtors transitioned to Chapter 11.

**E. Case Administration**

14. This category includes time expended by Cole Schotz on a variety of activities relating to the day-to-day management and prosecution of these Chapter 11 Cases, including, among other things, strategizing and coordinating with the Debtors' advisors regarding these Chapter 11 Cases and the customs, rules, and procedures of New Jersey practice. Cole Schotz has been responsible for interfacing with the U.S. Trustee as well as the Court. This category also includes time attending various hearings and strategizing regarding the drafting and filing of various administrative motions and applications critical to the smooth and efficient functioning of these Chapter 11 Cases. Cole Schotz's expertise has been instrumental to the success of the Chapter 11 Cases.

**F. Claims Administration and Objections**

15. This category includes time expended by Cole Schotz with respect to the administration of claims against the Debtors' estates. During the Compensation Period, Cole Schotz responded to inquiries from creditors and addressed matters related to the administrative claims, including investigating various claims and secured claims and preparing the SIMAD Debtors first omnibus objection to claims. This category also includes time expended by Cole Schotz investigating and pursuing claims on behalf of the SIMAD Debtors, including preparing and filing proofs of claims in the individual Chapter 11 cases of Michael and David Shabsels.

**G. Corporate Governance and Board Matters**

16. This category includes time expended by Cole Schotz regarding certain corporate matters related to the SIMAD Debtors organizational structure. Cole Schotz addressed matters related to the Debtors' corporate authority and corporate transactions including in connection with the closing of various camp sales.

**H. Data Analysis**

17. This category includes time expended by Cole Schotz with respect to analyzing and preparing data for a document review related to litigation issues. During the Compensation Period, Cole Schotz spent time updating its document review database with additional documents and customized review layouts to promote efficiency for the document review. In connection with the litigation matters, explained below, Cole Schotz continued to review relevant documents contained in the database.

**I. Employee Benefits/Pensions**

18. This category includes time expended by Cole Schotz regarding the SIMAD Debtors' employees and related compensation and benefits matters. Cole Schotz addressed

matters related to employment during the SIMAD Debtors' busy camp season and reviewed and analyzed matters related to the compensation of camp directors and staff.

**J. Fee Employment**

19. This category includes time expended by Cole Schotz regarding the retention and compensation of various professionals in the Chapter 11 Cases. Among other things, Cole Schotz conducted a thorough analysis of its required disclosures and prepared the Debtors' application to retain Cole Schotz as their bankruptcy counsel. Cole Schotz assisted the Debtors' other advisors and related professionals, including Kroll Restructuring Administration LLC, the restructuring officers, FTI Consulting, Inc. and SSG Advisors, LLC (collectively, the "Retained Professionals") in the preparation, filing, and service of their own professional retention papers and provided counsel regarding the Bankruptcy Rules, the Guidelines, and the Interim Compensation Procedures Order. Cole Schotz served as the primary liaison between the Retained Professionals and the U.S. Trustee regarding various retention and disclosure inquiries and coordinated the drafting and submission of related supplements to the Retained Professionals' retention applications. Separately, Cole Schotz facilitated the filing and service of declarations and questionnaires for ordinary course professionals, including responding to and addressing questions and comments from the U.S. Trustee regarding same.

**K. Fee Application Preparation**

20. This category includes time expended by Cole Schotz preparing and filing its own monthly fee statements, advising the other Retained Professionals with respect to their monthly fee statements and filing same, and coordinating the service of the foregoing and the filing of certifications of no objection with regard to same.

**L. Financing**

21. This category includes time expended by Cole Schotz with respect to the SIMAD Debtors' financing. During the Compensation Period, Cole Schotz worked with the SIMAD Debtors and their other Retained Professionals regarding court approval of use of cash collateral debtor-in-possession financing facilities from multiple lenders and responding to related issues. In connection with the financing facilities, Cole Schotz coordinated with various lenders and counsel to resolve related concerns and reach resolutions to ensure the SIMAD Debtors ability to operate in Chapter 11 and maintain the health, safety and well-being of thousands of young campers

**M. Litigation**

22. This category includes time expended by Cole Schotz with respect to various litigation matters. Cole Schotz has advised the Debtors and the Chief Restructuring Officer with respect to an ongoing investigation and related subpoena received from the Department of Justice's Office for the Eastern District of New York. In connection with the investigation, Cole Schotz has conducted numerous interviews, collected data from key witnesses, reviewed and analyzed documents and made substantial productions to the Department of Justice.

23. Additionally, Cole Schotz reviewed and analyzed various asserted security interests and developed a strategy regarding same, including preparing complaints to avoid such interests.

**N. Disclosure Statement and Plan of Reorganization**

24. These categories include time Cole Schotz spent strategizing with the SIMAD Debtors regarding their emergence from Chapter 11 and preparing the Debtors' plan of reorganization and disclosure statement. Cole Schotz participated in and advised the SIMAD Debtors regarding the negotiation of the plan and disclosure statement with various constituents.

Cole Schotz also addressed matters related to the proposed settlement between the Committee and certain lender parties.

**O. Relief from Stay**

25. This category includes time expended by Cole Schotz advising the SIMAD Debtors on matters related to the automatic stay. Cole Schotz attended to matters regarding enforcement of the stay and potential stay violations as against various parties-in-interest including preparing correspondence related to same. Cole Schotz reviewed related pleadings and coordinated with the SIMAD Debtors regarding responses to motions for relief from the stay.

**P. Reporting**

26. This time category includes time Cole Schotz spent preparing the SIMAD Debtors' schedules of assets and liabilities, statements of financial affairs, and monthly operating reports.

**Q. Tax Issues**

27. This category includes time spent addressing various tax issues arising in connection with ongoing sale transactions and the SIMAD Debtors' organizational structure. In particular, Cole Schotz analyzed the SIMAD Debtors' tax obligations and the tax requirements associated with the sale closings, including obligations arising under the Foreign Investment in Real Property Tax Act, and worked to resolve related compliance and withholding issues.

## RELIEF REQUESTED AND BASIS THEREFOR

28. The professional services performed by Cole Schotz on the SIMAD Debtors' behalf during the Compensation Period required an aggregate expenditure of 10,777.40 recorded hours by Cole Schotz's partners, associates, and paraprofessionals. Of the aggregate time expended, 5,123.80 recorded hours were expended by members of Cole Schotz, 1,002.60 recorded hours were expended by special counsel, 3,777.10 recorded hours were expended by

associates, 54.90 recorded hours were expended by staff attorneys and summer associates of Cole Schotz and 819.00 recorded hours were expended by paraprofessionals.

29. During the Compensation Period, Cole Schotz's hourly billing rates for attorneys, paraprofessionals and other support personnel ranged from $175.00 to $2,000.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $732.89, which represents a blended rate of $431.15 and $757.71 for paraprofessionals and attorneys, respectively, at Cole Schotz's regular billing rates in effect at the time of the performance of services.

30. Cole Schotz has incurred $160,372.57 in direct out-of-pocket expenses in providing professional services to the SIMAD Debtors during the Compensation Period. These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

31. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1).

32. Section 330 of the Bankruptcy Code contains two separate criteria, and before determining the reasonableness of the service, the Court must make a threshold inquiry into its necessity. See In re Engel, 190 B.R. 206, 209 (Bankr. D.N.J. 1995); see also In re Fleming Cos., 304 B.R. 85, 89 (D. Del. 2003) (discussing a two-tiered approach to determining whether compensation should be allowed—first "the court must be satisfied that the attorney performed actual and necessary services" and second "the court must assess a reasonable value for those services"). The majority of courts which have interpreted section 330 of the Bankruptcy Code have held that an element of whether such services are "necessary" is whether they benefitted the

bankruptcy estate. Engel, 190 B.R. at 209. Further, the test for determining necessity is objective, focusing on what services a reasonable lawyer would have performed under the same circumstances. In re APW Enclosure Sys., Inc., No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007) (citing Fleming, 304 B.R. at 89). This test does not rely on hindsight to determine the ultimate success or failure of the attorney's actions. See id. (citing, inter alia, Keate v. Miller (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

33. Once the court determines that a service was necessary, it also assesses the reasonable value of the service. 11 U.S.C. § 303(a)(3). Section 330(a)(3) of the Bankruptcy Code sets forth the criteria for the award of such compensation and reimbursement, stating:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. U.S.C. § 330(a)(3).

34. In determining the reasonableness of fees, courts routinely employ the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions;

(3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 123 n.8 (3d Cir. 1999).

35. In addition, Section 331 of the Bankruptcy Code provides that a debtor's attorney employed under section 327 of the Bankruptcy Code may apply to the Court for interim compensation not more than once every 120 days after an order for relief in a case under chapter 11. See 11 U.S.C. § 331; see also Interim Compensation Procedures Order.

36. Here, as described above, Cole Schotz devoted a substantial amount of time and effort to addressing the numerous issues involved in these Chapter 11 Cases. Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the SIMAD Debtors, were performed economically, effectively, and efficiently. Because Cole Schotz's services benefitted the bankruptcy estates, Cole Schotz respectfully submits that it performed "actual and necessary" services compensable under Section 330 of the Bankruptcy Code.

37. Further, Cole Schotz submits that consideration of the relevant factors enumerated in Lan Assocs. establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the SIMAD Debtors:

(a) *The Time and Labor Required*. The professional services rendered by Cole Schotz on behalf of the SIMAD Debtors have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered by the SIMAD Debtors in these cases with skill and dispatch. Cole Schotz respectfully represents

that the services rendered by it were performed efficiently, effectively, and economically.

(b) *The Novelty and Difficulty of Questions*. Many legal challenges have arisen in the course of these cases particularly related to the SIMAD Debtors' ongoing sale processes. While some of these issues may not be particularly novel or unique, Cole Schotz's effective assistance on these and other matters has facilitated the efficient resolution of such issues. Cole Schotz's effective assistance has facilitated and will continue to facilitate the resolution of these issues.

(c) *The Skill Required to Perform the Legal Services Properly*. Cole Schotz believes that its recognized expertise in the area of insolvency proceedings and reorganization and its knowledge of New Jersey practice and procedure contributed to the efficient and effective representation of the SIMAD Debtors in these Chapter 11 Cases.

(d) *The Preclusion of Other Employment by Applicant Due to Acceptance of the Case*. Cole Schotz's representation of the SIMAD Debtors did not preclude its acceptance of new clients. However, the issues that arose in these cases required attention on a continuing, and oftentimes emergent, basis, requiring Cole Schotz's professionals to commit significant portions of their time to these Chapter 11 Cases.

(e) *The Customary Fee*. The fee sought herein is based on Cole Schotz's normal hourly rates for services of this kind. Cole Schotz respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the SIMAD Debtors. Cole Schotz's hourly rates and the fees requested herein are commensurate with fees Cole Schotz has been awarded in other Chapter 11 Cases, as well as with fees charged by other attorneys of comparable experience.

(f) *Whether the Fee is Fixed or Contingent*. Not applicable.

(g) *Time Limitations Imposed by Client or other Circumstances*. Not applicable.

(h) *The Amount Involved and Results Obtained.* Cole Schotz respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous issues that had to be addressed.

(i) *The Experience, Reputation and Ability of the Attorneys*. Cole Schotz is a professional association with over 200 attorneys that practice extensively in the fields of bankruptcy and corporate restructuring; litigation; real estate; tax, trusts and estates; corporate, finance and business transactions; employment; environmental; construction services and other phases of the law. Cole Schotz has represented debtors, creditors, creditors' committees, fiduciaries and numerous other parties in hundreds of cases before the Bankruptcy Courts for the District of New Jersey as well as in various other Bankruptcy Courts throughout the country.

(j) *The Undesirability of the Case*. Not applicable.

(k) *Nature and Length of Professional Relationship*. Not applicable.

(l) *Awards in Similar Cases*. As previously indicated, the fees sought herein are commensurate with fees Cole Schotz has been awarded in other chapter 11 cases.

38. In addition, consistent with section 331 of the Bankruptcy Code, this is Cole Schotz's first interim fee application. This application is made more than 120 days from the Petition Date. See 11 U.S.C. § 331.

*[Remainder of Page Intentionally Left Blank.]*

# CONCLUSION

WHEREFORE, Cole Schotz respectfully requests a first interim fee allowance as bankruptcy counsel for the SIMAD Debtors during the Compensation Period in the amount of $9,088,112.50 for fees for services rendered, together with reimbursement of expenses in the amount of $160,372.57, for a total first interim fee award of $9,248,485.07.

Dated: November 16, 2026

*/s/ Michael D. Sirota*
**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
Email: msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Counsel to the Debtors*
*and Debtors in Possession*

# EXHIBIT A

## RETENTION ORDER

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Michael D. Sirota
Warren A. Usatine
David M. Bass
Felice R. Yudkin
Daniel J. Harris
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com
dharris@coleschotz.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**Order Filed on July 13, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

SIMAD HOLDINGS LTD., *et al.*,[1]

Debtors.

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

**ORDER APPROVING THE EMPLOYMENT AND RETENTION**
**OF COLE SCHOTZ P.C. AS COUNSEL TO THE SIMAD DEBTORS**
***NUNC PRO TUNC* TO THE PETITION DATE**

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

**DATED: July 13, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

[1] A complete list of the SIMAD Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the SIMAD Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the SIMAD Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS COUNSEL TO THE SIMAD DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

---

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (collectively, the "SIMAD Debtors"), pursuant to sections 327(a), 329, and 330 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the SIMAD Debtors to employ and retain Cole Schotz P.C. ("Cole Schotz") as their bankruptcy counsel in these proceedings *nunc pro tunc* to the Petition Date; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title* 11, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and upon the Declarations of Michael D. Sirota, Esq. and Assaf Rivad in support thereof; and the Court being satisfied that Cole Schotz does not hold or represent any interest adverse to the SIMAD Debtors, their estates, or their creditors, and is a disinterested person within the meaning of sections 327 and 101(14) of the Bankruptcy Code, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

---

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

(Page 3)
Debtors: SIMAD HOLDINGS LTD., *et al*.
Case No. 26-16388 (CMG)
Caption of Order: ORDER APPROVING THE EMPLOYMENT AND RETENTION OF COLE SCHOTZ P.C. AS COUNSEL TO THE SIMAD DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

2. In accordance with sections 327(a), 329, and 330 of the Bankruptcy Code, the SIMAD Debtors are hereby authorized and empowered to employ and retain Cole Schotz as their bankruptcy counsel in these Chapter 11 Cases effective as of the Petition Date in accordance with the terms set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1** to the extent set forth herein.

3. Any and all compensation to be paid to Cole Schotz for services rendered on the SIMAD Debtors' behalf, including compensation for services rendered in connection with the preparation of the petition and accompanying papers, shall be fixed by application to this Court in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules and Local Rules as may then be applicable, and any orders entered in these cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred. Cole Schotz also shall make a reasonable effort to comply with the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in the Chapter 11 Cases.

4. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Cole Schotz shall provide ten (10) days' prior notice of any such increases to the SIMAD Debtors, the U.S. Trustee, and statutory committee appointed in these chapter 11 cases and shall file such notice with the Court. All parties in interest retain rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. Cole Schotz (i) shall only bill 50% for non-working travel; (ii) shall not seek the reimbursement of any fees or costs, including attorney fees and costs, arising from the defense of any

objections to any of Cole Schotz's fee applications in this case; (iii) shall use the billing and expense categories set forth in the US Trustee Guidelines (Exhibit D-1 "Summary of Compensation Requested by Project Category"); and (iv) provide any and all monthly fee statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

6. Notwithstanding anything in the Application or the Sirota Declaration to the contrary, Cole Schotz shall seek reimbursement from the SIMAD Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

7. Notwithstanding anything in the Application and the Sirota Declaration to the contrary, Cole Schotz shall (i) to the extent that Cole Schotz uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that Cole Schotz pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Cole Schotz; (iv) file with this Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor invoices to its monthly fee statements, interim fee applications and/or final fee applications filed in these cases. Cole Schotz shall only be required to comply with (iii) and (iv) above concerning any Contractors that provide document review services. No agreement or understanding exists between Cole Schotz and any other person, other than as permitted by Bankruptcy Code section 504, to share compensation received for services rendered in connection with these cases, nor shall Cole Schotz share or agree to share compensation received for services rendered in connection with these cases with any other person other than as permitted by Bankruptcy Code section 504.

8. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision that "Our bills are due and payable upon receipt" shall be null and void during the pendency of these bankruptcy cases.

9. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, during the pendency of the Chapter 11 Cases, Cole Schotz's retainer shall be treated like a security retainer and shall not be drawn down absent Court order.

10. As set forth in Cole Schotz's Standard Terms of Engagement for Legal Services, Cole Schotz's fees and expenses will be considered "earned" at the time they are incurred, notwithstanding the fact that any such amounts shall only be payable as set forth in any order granting that certain *SIMAD Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* [Docket No. 204] and shall only be allowed upon entry of a Court order allowing them.

11. Notwithstanding Cole Schotz's Standard Terms of Engagement for Legal Services, the provision concerning fee disputes is null and void during the pendency of these Chapter 11 Cases.

12. To the extent the Application, the Sirota Declaration, or any engagement agreement pertaining to this retention is inconsistent with this Order, the terms of this Order shall govern.

13. The SIMAD Debtors are authorized to take all action necessary to carry out this Order.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# EXHIBIT 1

## Engagement Letter

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax

100 YEARS COLE SCHOTZ P.C.

New York
Delaware
Maryland
Texas
Florida
Washington, DC

Michael D. Sirota
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6262
Writer's E-Mail: msirota@coleschotz.com

May 28, 2026

**ATTORNEY-CLIENT PRIVILEGED**
**PERSONAL AND CONFIDENTIAL**

**Via E-mail: mshabsels@gmail.com: dshabsels@gmail.com**

Mr. Michael Shabsels
Mr. David Shabsels
DAMIS Holdings, LLC
Simad Holdings LTD

Re: Engagement Agreement

Dear Messrs. Shabsels:

Thank you for entrusting your legal needs to us. This letter and the accompanying Standard Terms of Engagement set forth the terms of Cole Schotz P.C.'s representation of DAMIS Holdings, LLC, Simad Holdings LTD and its approximate eighty (80) affiliates (hereinafter collectively referred to as "the Clients").

The scope of our representation shall be to provide strategic restructuring advice. The Firm's services will include, as needed, preparation and filing of chapter 11 petitions, reviewing related documents and preparation of supporting schedules and statements. During our representation, and subject to our ethical obligations discussed above, we will, as appropriate (1) advise and consult the Clients on the prosecution of the chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11; (2) prepare such administrative and procedural applications and motions as may be required for the orderly and efficient conduct of the case; (3) prosecute and defend litigation that may arise during the course of the case; (4) consult with you concerning and participate in the formulation, negotiation, preparation and filing of a plan or plans of reorganization/liquidation and disclosure statement(s) to accompany the plan(s); (5) review and object to claims; (6) analyze, recommend, prepare, and bring causes of action permitted under the Bankruptcy Code; (7) address conflict matters to the extent necessary; and (8) take all steps necessary and appropriate to bring the case to a conclusion.

The scope of our engagement can only be extended pursuant to supplemental written agreement. The Clients agree to fully cooperate with us and to provide us with all information

relevant to the issues involved in this matter. We agree to provide conscientious, competent and diligent services and at all times will seek to achieve a favorable outcome on a cost-effective basis. If you would like us to expand the scope of our engagement or the parties we represent, it must be subject to a separate written agreement.

The Firm's objective to charge a fair fee for the services rendered is achieved primarily by maintaining accurate records of the time spent by each attorney and paralegal on a particular matter and then billing for their time in accordance with the range of hourly rates established. I will be principally responsible for handling this matter. Presently my hourly rate is $1,800.00. I anticipate that I will also be working with, my partners, Warren Usatine, David Bass, Felice Yudkin and Daniel Harris, whose hourly rates are $1,375.00, $1,250.00, $1,150.00 and $950.00 respectively, among other lawyers and paralegals as needed. In addition to legal fees, our out-of-pocket expenses (as more particularly set forth in our Standard Terms of Engagement) will also be reflected in our monthly invoices

**Retainer**

A retainer is required of clients prior to undertaking representation. The initial retainer requested in this matter is $750,000.00 plus required filing fees of $150,000.00 for a total of $900,000.00. The Firm's invoices will be paid in regular intervals from the retainer account as fees are earned and expenses accrue. The initial retainer will be an evergreen retainer, replenished on a monthly basis (and before a chapter 11 proceeding is filed), such that the amount of the evergreen retainer will always be at least $750,000.00 plus the filing fees. We reserve the right, in our discretion, to request an additional retainer or replenishment of the retainer should circumstances warrant.

In the event of a Chapter 11 proceeding, post-petition fees, charges and disbursements will be due and payable immediately in accordance with fee procedures approved by the Bankruptcy Court. The Clients understand that while the arrangement in this paragraph may be altered in whole or in part by the Bankruptcy Court, the Clients shall nonetheless remain liable for payment of court approved post-petition fees and expenses. Such items are afforded administrative priority under 11 U.S.C. § 503(b)(1). The Bankruptcy Code provides in pertinent part, at 11 U.S.C. § 1129(a)(9)(A), that a plan of reorganization cannot be confirmed unless these priority expenses are paid in full (unless such claimants agree to different treatment) in cash on the effective date of any reorganization plan. After the petition date, the retainer shall be held and applied against the final Chapter 11 fee application. At the conclusion of our representation of the Clients, we will apply the balance of the retainer against our final statement and refund any excess to the Clients.

This agreement, as well as our entire attorney-client relationship, shall be governed exclusively by State of New Jersey law. Should any dispute arise regarding same which cannot be resolved amicably, the courts of the State of New Jersey shall be the exclusive jurisdiction for the dispute to be litigated.

If this agreement is acceptable, please indicate the Clients' understanding and acceptance of the terms and conditions set forth herein by countersigning and returning a copy of this letter

COLE SCHOTZ P.C.

Mr. Michael Shabsels, Mr. David Shabsels
May 28, 2026
Page 3

together with the retainer plus filing fees ($900,000.00). The Firm's wiring instructions are attached for your convenience.

We look forward to working with you.

Very truly yours,

*/s/ Michael D. Sirota*

Michael D. Sirota

MDS:cdc
Attachment
cc: Eric Ruder, Esq.
Warren A. Usatine, Esq.
David M. Bass, Esq.
Felice R. Yudkin, Esq.
Daniel J. Harris, Esq.

We consent to the terms and conditions set forth above and in the Standard Terms of Engagement for Legal Services attached herewith.

DAMIS Holdings LLC, Simad Holdings LTD
and its approximate eighty (80) affiliates

_______________________________
By: Michael Shabsels
Title: Manager

Dated: May 28__, 2026

100 YEARS COLE SCHOTZ P.C.

# STANDARD TERMS OF ENGAGEMENT FOR LEGAL SERVICES

This statement sets forth Cole Schotz P.C.'s ("we," "our," or the "Firm") standard terms of engagement as attorneys for the client(s) ("you" or "your") identified in the accompanying Engagement Letter. The Engagement Letter sets forth additional terms and conditions, and those terms control in any case where the Engagement Letter conflicts with these standard terms. The following terms are an integral part of our agreement and should be reviewed carefully. We also suggest that you retain this statement in your files. If at any time you have questions about these terms, please let us know as soon as possible so that we can provide you with timely answers.

## THE SCOPE OF OUR WORK

The scope of the legal services we agree to perform for you is only as expressly described in the Engagement Letter. If at any time you are not certain about the scope of our representation, please contact us for clarification. We are happy to answer any questions you may have.

We will do our best to serve you efficiently. The outcome of any matter is subject to inherent risks and other factors beyond our control. Therefore, we have not made, and cannot make, any guarantees or promises concerning the outcome of this matter. Any statements on our part concerning the likely outcome of a matter are expressions of our professional assessment of the matter in question, and such assessments always present a degree of uncertainty because they are limited by our knowledge of the facts, unsettled areas of the law, changes in the state of the law, equitable considerations, exercise of judgment in the application of the law, and many other unknown factors.

This engagement may result in a variety of tax or other consequences, including without limitation, regulatory matters or potential reporting requirements (such as under the Corporate Transparency Act). Unless specifically stated in the accompanying Engagement Letter, the scope of our engagement does not include such tax, regulatory matters, reporting or other advice, unless expressly contemplated herein. The Firm will only provide tax or any other advice upon your request and entry into a separate written agreement or amendment to this engagement acceptable to you and the Firm.

Also, unless specifically stated in the accompanying Engagement Letter, the scope of our representation does not include determining whether you possess insurance coverage for any of the losses or expenses that you may incur in connection with this matter. You should immediately contact your insurance company or broker if you believe such coverage may exist. Alternatively, you may retain the Firm to assist with making that inquiry and determining coverage, but such expansion of the scope of our engagement must be agreed to in writing.

## WHO PROVIDES THE LEGAL SERVICES

We assign an attorney as your primary contact at the Firm. This should be someone in whom you have confidence and with whom you enjoy working. You are free to request a change of contact person at any time. The legal work we perform for you may be performed by other lawyers, paralegals and legal assistants in the Firm as well. We delegate work among our lawyers, paralegals and legal assistants to promote effective and efficient rendition of necessary services. We are happy to advise you of the names of those attorneys, paralegals and legal assistants who work on your matters and their billing rates.

## GENERATIVE ARTIFICIAL INTELLIGENCE

We anticipate that during the course of this engagement, the firm will use generative artificial intelligence ("GenAI") to enhance and streamline certain aspects of our services. For example, we may use this technology for such things as aiding document analysis, summarizing information and assisting in legal research. Like any technology, GenAI carries some degree of risk, which may include the risk of errors in GenAI-generated content, data security vulnerabilities, and system malfunctions. We have implemented reasonable measures to safeguard against these risks, and our lawyers maintain oversight of GenAI-generated outputs. Accordingly, we believe that the benefits of using this technology outweigh the related risks. By engaging our firm, you hereby consent to our use of this technology.

You shall not use GenAI tools in conversations with the Firm without our consent, as the accuracy of such tools is unreliable and there is a potential risk that such tools will cause the loss of confidentiality and/or attorney-client privilege.

We strongly recommend that you exercise caution when using third-party artificial intelligence platforms (including publicly available tools such as ChatGPT, Claude, Gemini, CoPilot, and similar systems) in connection with any matter for which the Firm is engaged. In particular, you should avoid uploading, submitting, or analyzing any confidential, proprietary, or attorney-client privileged information using such platforms, as they may store, process, or disclose information to third parties, which could compromise the confidentiality of sensitive information. You acknowledge that use of such tools in this manner may result in a waiver of the attorney-client privilege or work-product protections. Because the Firm does not control or monitor the operation of these platforms or your use of them, the Firm is not responsible for any loss of confidentiality or privilege that may result from your independent use. We recommend that you consult with us before using any such tools in connection with matters on which we are advising you.

100 YEARS COLE SCHOTZ P.C.

## HOW FEES ARE SET

We bill you based on the hourly rates for our attorneys and other professionals, depending on the time involved in rendering the necessary services. We record the time spent on your work, such as internal and external meetings, conferences, negotiations, factual and legal research and analysis, court appearances, document preparation and revision, drafting and review of correspondence, travel on your behalf, and other related services.

The hourly rates of our lawyers, paralegals and legal assistants are based on each timekeeper's knowledge and experience in his/her field and are reviewed and adjusted annually (typically in September) to reflect current levels of legal experience, changes in overhead costs, and other relevant factors. Any rate changes will be reflected in our monthly invoices. You will not receive a separate rate change notice.

Our current range of hourly rates is as follows:

| | |
|---|---|
| Members | $670.00 to $1,800.00 per hour |
| Special Counsel | $700.00 to $950.00 per hour |
| Associates | $400.00 to $765.00 per hour |
| Staff Attorneys | $500.00 per hour |
| Paralegals | $330.00 to $485.00 per hour |
| eDiscovery Services Specialists | $310.00 to $560.00 per hour |
| External Document Reviewers | $250.00 to $500.00 per hour |

We are often requested to estimate the amount of fees and costs likely to be incurred in connection with a particular matter. Whenever possible, we furnish such an estimate based upon our professional judgment, but when we do so, it is always with the understanding that it is not a maximum or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

For certain well-defined services, we may quote a fixed fee. Generally, however, we do not accept a fixed fee engagement except in such circumstances or pursuant to a special arrangement tailored to the needs of a particular client. In all such situations, the fixed fee arrangement is expressed in the Engagement Letter, setting forth both the amount of the fee and the scope of the services to be provided in exchange for the fixed fee.

In certain situations, we provide legal services on a contingent fee basis. Any such arrangement must be reflected in a written contingent fee agreement.

## OUT-OF-POCKET EXPENSES

As part of our representation, we may incur expenses on your behalf, and these must be paid by you on a timely basis. Whenever such costs are incurred, we itemize and bill them. Typical of such costs are conference calls; postage; messenger services, and express delivery charges; filing fees; deposition and transcript costs; witness fees; travel and overnight expenses; copying, scanning and printing charges; computer research charges (e.g. Lexis and Westlaw research); charges from outside experts and consultants (including accountants, appraisers, and other legal counsel) and fees and expenses related to collecting, hosting and processing electronically stored information. We generally request that outside service providers directly bill our clients for individual charges in excess of $500, or we may invoice you for such charges billed to the Firm prior to your regularly scheduled invoicing.

## RETAINER AND TRUST DEPOSITS

You may be asked to pay a retainer in connection with our representation of you. If so, the Engagement Letter provides details about the terms of the retainer.

During the course of our representation, it may be necessary for us to hold funds on your behalf in our Attorney Trust Account. Such trust funds will be deposited and held in a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC").

Federal depository insurance coverage is currently limited to $250,000.00 per account holder in each insured financial institution. Funds held for you in our Attorney Trust Account are aggregated with all other funds belonging to you in the same financial institution in determining whether your deposit balance exceeds insurance limits. You will be notified by our trust accounting department of the financial institution(s) being used. The funds being held on your behalf in trust together with other funds not held by us on your behalf but to your credit in the same financial institution may exceed FDIC insurance coverage and therefore may not be insured in the event of a bank failure.

If you have any questions, you may contact our Accounting Department.

## BILLING ARRANGEMENTS AND TERMS OF PAYMENT

We bill you on a regular basis, normally each month, for both fees and disbursements. To efficiently render our bills, we may render a bill through a date other than month-end. Fees and expenses, and the associated retainer, will be considered to be "earned" at the time that any fees and expenses are incurred. Our bills are due and payable upon receipt.

If your account becomes delinquent, you agree to promptly bring the account current. If the delinquency continues and you do not arrange satisfactory payment terms, we may withdraw from the representation (subject to court approval, if necessary) and pursue collection of your account. You agree to pay the costs of collecting the debt, including court costs, filing fees, and reasonable attorneys' fees.

## FEE DISPUTES

If you disagree with any particular invoice, you must send us a written objection within thirty (30) days of your receipt of the invoice or you will be deemed to have approved the charges. Typically, such disagreements are

resolved to the satisfaction of both sides, with little inconvenience or formality. In the event of a fee dispute that is not readily resolved, you may have the right to request arbitration under supervision of the state bar for the jurisdictions in which we practice.

## POTENTIAL CONFLICTS/UNRELATED MATTERS WAIVER

Our Firm represents many other clients. It is possible that during the time we are representing you some of our present or future clients may have disputes with you. You agree that we may continue to represent, or may undertake in the future to represent, existing or new clients in any matter that is not substantially related to our work for you, even if the interests of such clients in those other matters are directly adverse to your interests. We agree, however, that your prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of you, we have obtained proprietary or other confidential information of a nonpublic nature that, if known to such other client, could be used in any such other matter by such client to your material disadvantage.

In bankruptcy matters, it is possible that we will be asked to represent other creditors or parties-in-interest. You agree that we may continue to represent or may undertake in the future to represent existing and new clients in such matters. Of course, we will not represent another client in such matters who will take action directly adverse to you.

## PRESERVATION OF ELECTRONICALLY STORED AND OTHER INFORMATION

If the matter for which we are engaged involves a dispute which could reasonably lead to litigation, you may be required to produce documents and other materials relating to such matter in the event of litigation. Therefore, it is vital in any such matter that you preserve all documents (hard copy and electronic), data compilations and tangible objects. The requirement to preserve these materials is a continuing one and will last until you are advised to stop. Failure to preserve these materials could result in Court-imposed penalties or sanctions against you and/or others and can expose those involved to claims for spoliation of evidence. In applicable matters, a "Legal Hold Notice" that further discusses these issues will accompany the Engagement Letter.

## TERMINATION

You may terminate our representation at any time by notifying us in writing. Your termination of our services does not affect your responsibility for payment of fees for legal services rendered and out-of-pocket costs incurred before termination and in connection with an orderly transition of the matter, including the collection, processing and transmittal of your file to you or substitute counsel.

Subject to the rules of professional responsibility for the jurisdictions in which we practice, we may withdraw from representation if you fail to abide by these Terms of Engagement as modified by the Engagement Letter, including, for example, nonpayment of fees or costs, misrepresentation or failure to disclose material facts, conflicts of interest with another client, or your failure to communicate or cooperate with us. We try to identify in advance and discuss with our client(s) any situation that may lead to our withdrawal and, if withdrawal ever becomes necessary, we immediately give written notice of our withdrawal. Our right to withdraw depends upon the circumstances existing at the time we seek withdrawal, and we will not withdraw unless withdrawal can be accomplished without violation of applicable rules of professional conduct.

## CONCLUSION OF REPRESENTATION; DISPOSITION OF DOCUMENTS

Unless previously terminated, our representation of you concludes upon our sending our final statement for services rendered in the matter covered in our Engagement Letter. We maintain in confidence any otherwise nonpublic information that you have supplied to us, and that we retain, in accordance with applicable rules of professional conduct. At your request, your papers and property are returned promptly upon receipt of payment for outstanding fees and costs. We may retain copies pertaining to the matter for our files. Any such documents retained by us may be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials after the termination of the engagement. We may also transfer the information on the documents to electronic media. If we are served with a subpoena for your file, we will notify you. If we are required to comply with the subpoena, you will be responsible for the legal fees and costs incurred, including the review and analysis of documents to determine if privileged documents should be withheld.

## DISCLOSURE OF REPRESENTATION

You hereby acknowledge and agree that, subject to the attorney-client privilege, we may represent to third parties that you are a client of the Firm, we may use your logo in connection with marketing and business development initiatives, and we may provide a general description of the services rendered for your benefit.

## POST-ENGAGEMENT MATTERS

You are engaging us to provide legal services in connection with a specific matter. After completion of the matter, changes may occur in the applicable laws or regulations or facts that could have an impact upon your compliance with law, or rights and liabilities. Unless you specifically engage us with regard to future legal development(s) relating to this matter, we have no continuing obligation to advise you with respect to future legal developments concerning the matter (whether arising

due to change in fact or law). In addition, and without limiting the generality of the foregoing, it is your responsibility, and we assume no responsibility for keeping track of critical dates, time periods by which notices must be given or advising you of the dates, or time periods by which you must address future deadlines or critical dates such as filings, renewal options, UCC continuation statements, payment due dates or otherwise. Finally, if the Firm is served with a subpoena for the production of documents or testimony relating to or arising from this representation, You agree to pay all reasonable attorneys' fees and costs incurred by the Firm in connection with the subpoena.

# EXHIBIT B

## SUMMARY OF TIMEKEEPERS INCLUDED IN THIS FEE APPLICATION

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Michael D. Sirota | Member | Bankruptcy | 1986 | $537,300.00 | 298.50 | $1,800.00 |
| Michael D. Sirota | Member | Bankruptcy | 1986 | $143,800.00 | 71.90 | $2,000.00 |
| Michael D. Sirota | Member | Bankruptcy | 1986 | $1,350.00 | 1.50 | $900.00 (travel) |
| Warren A. Usatine | Member | Bankruptcy | 1995 | $400,125.00 | 291.00 | $1,375.00 |
| Warren A. Usatine | Member | Bankruptcy | 1995 | $106,880.00 | 66.80 | $1,600.00 |
| David M. Bass | Member | Bankruptcy | 1994 | $737,375.00 | 589.90 | $1,250.00 |
| David M. Bass | Member | Bankruptcy | 1994 | $497,280.00 | 355.20 | $1,400.00 |
| David M. Bass | Member | Bankruptcy | 1994 | $1,500.00 | 2.40 | $625.00 (travel) |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | $664,700.00 | 578.00 | $1,150.00 |
| Felice R. Yudkin | Member | Bankruptcy | 2005 | $278,330.00 | 214.10 | $1,300.00 |
| Alan Rubin | Member | Tax | 1983 | $3,037.50 | 2.50 | $1,215.00 |
| James G. Stefanick | Member | Corporate | 2000 | $106,449.00 | 95.90 | $1,110.00 |
| James G. Stefanick | Member | Corporate | 2000 | $22,320.00 | 18.60 | $1,200.00 |
| Steven L. Klepper | Member | Litigation | 1993 | $12,834.00 | 12.40 | $1,035.00 |
| Steven L. Klepper | Member | Litigation | 1993 | $38,755.00 | 33.70 | $1,150.00 |
| Roger M. Iorio | Member | Corporate | 2002 | $349,134.50 | 334.10 | $1,045.00 |
| Roger M. Iorio | Member | Corporate | 2002 | $197,185.00 | 174.50 | $1,130.00 |
| Jennifer L. Horowitz | Member | Corporate | 1997 | $666.00 | 0.60 | $1,110.00 |
| Christopher J. Caslin | Member | Real Estate | 2000 | $20,292.00 | 22.80 | $890.00 |
| Christopher J. Caslin | Member | Real Estate | 2000 | $1,870.00 | 1.70 | $1,100.00 |
| Jeffrey H. Schechter | Member | Tax | 1988 | $16,150.00 | 17.00 | $950.00 |
| Jeffrey H. Schechter | Member | Tax | 1988 | $67,310.00 | 63.50 | $1,060.00 |
| Philip A. Selden | Member | Litigation | 2007 | $168,480.00 | 172.80 | $975.00 |
| Philip A. Selden | Member | Litigation | 2007 | $68,891.50 | 65.30 | $1,055.00 |
| Philip A. Selden | Member | Litigation | 2007 | $4,642.00 | 8.80 | $527.50 (travel) |

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Daniel J. Harris | Member | Bankruptcy | 2008 | $530,100.00 | 558.00 | $950.00 |
| Daniel J. Harris | Member | Bankruptcy | 2008 | $334,713.50 | 320.30 | $1,045.00 |
| Daniel J. Harris | Member | Bankruptcy | 2008 | $1,140.00 | 2.40 | $475.00 (travel) |
| Brian A. Flank | Member | Corporate | 2004 | $16,835.00 | 18.20 | $925.00 |
| Brian A. Flank | Member | Corporate | 2004 | $2,600.00 | 2.60 | $1,000.00 |
| Robyn A. Pellegrino | Member | Corporate | 1996 | $102,265.00 | 113.00 | $905.00 |
| Robyn A. Pellegrino | Member | Corporate | 1996 | $72,500.00 | 72.50 | $1,000.00 |
| Pamela L. Millard | Member | Corporate | 2008 | $18,522.00 | 18.90 | $980.00 |
| Evelyn D. Giaccio | Member | Real Estate | 1986 | $13,617.00 | 15.30 | $890.00 |
| W. John Park | Member | Real Estate | 1991 | $445.00 | 0.50 | $890.00 |
| Reuben G. Muller | Member | Tax | 2007 | $5,445.00 | 6.60 | $825.00 |
| John W. Dalo | Member | Corporate | 2014 | $62,495.00 | 86.20 | $725.00 |
| John W. Dalo | Member | Corporate | 2014 | $35,073.00 | 43.30 | $810.00 |
| Samantha B. Epstein | Member | Corporate | 2015 | $113,032.00 | 159.20 | $710.00 |
| Samantha B. Epstein | Member | Corporate | 2015 | $122,391.00 | 151.10 | $810.00 |
| Mitchell W. Abrahams | Member | Real Estate | 1983 | $720.00 | 0.90 | $800.00 |
| H.C. Jones, III | Member | Bankruptcy | 2016 | $38,936.00 | 49.60 | $785.00 |
| Joseph A. Armenti | Member | Corporate | 2014 | $8,482.50 | 11.70 | $725.00 |
| William E. Zapf | Special Counsel | Litigation | 2009 | $24,375.00 | 32.50 | $750.00 |
| William E. Zapf | Special Counsel | Litigation | 2009 | $23,040.00 | 25.60 | $900.00 |
| William E. Zapf | Special Counsel | Litigation | 2009 | $2,475.00 | 5.50 | $450.00 (travel) |
| Alicia L. O'Croinin | Special Counsel | Litigation | 2018 | $58,506.00 | 79.60 | $735.00 |
| Alicia L. O'Croinin | Special Counsel | Litigation | 2018 | $84,397.50 | 102.30 | $825.00 |
| Alicia L. O'Croinin | Special Counsel | Litigation | 2018 | $1,237.50 | 3.00 | $412.50 (travel) |
| Andreas D. Milliaressis | Special Counsel | Bankruptcy | 2016 | $312,742.50 | 425.50 | $735.00 |
| Andreas D. Milliaressis | Special Counsel | Bankruptcy | 2016 | $132,184.00 | 161.20 | $820.00 |
| Megan D. Ferris | Special Counsel | Tax | 2013 | $8,337.50 | 11.50 | $725.00 |

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Megan D. Ferris | Special Counsel | Tax | 2013 | $124,720.00 | 155.90 | $800.00 |
| Amanda A. Tersigni | Associate | Bankruptcy | 2019 | $256,026.00 | 360.60 | $710.00 |
| Amanda A. Tersigni | Associate | Bankruptcy | 2019 | $97,705.50 | 122.90 | $795.00 |
| Shefali M. Kotta | Associate | Bankruptcy | 2019 | $4,970.00 | 7.00 | $710.00 |
| Daniel Z. Adessky | Associate | Corporate | 2020 | $5,535.00 | 8.20 | $675.00 |
| David J. Jasphy | Associate | Tax | 2019 | $18,444.00 | 31.80 | $580.00 |
| David J. Jasphy | Associate | Tax | 2019 | $7,930.00 | 12.20 | $650.00 |
| Daniella G. Johner | Associate | Litigation | 2025 | $6,670.00 | 11.60 | $575.00 |
| Daniella G. Johner | Associate | Litigation | 2025 | $15,931.50 | 24.70 | $645.00 |
| John E. Cervera | Associate | Litigation | 2019 | $11,845.00 | 20.60 | $575.00 |
| John E. Cervera | Associate | Litigation | 2019 | $9,288.00 | 14.40 | $645.00 |
| Benjamin H. Diamond | Associate | Litigation | 2022 | $52,714.50 | 93.30 | $565.00 |
| Benjamin H. Diamond | Associate | Litigation | 2022 | $67,437.00 | 106.20 | $635.00 |
| Justin S. Mei | Associate | Real Estate | 2018 | $687.50 | 1.10 | $625.00 |
| Alexa D. Reed | Associate | Litigation | 2022 | $19,398.00 | 36.60 | $530.00 |
| Alexa D. Reed | Associate | Litigation | 2022 | $24,871.00 | 41.80 | $595.00 |
| Kori L. Pruett | Associate | Litigation | 2021 | $9,858.00 | 18.60 | $530.00 |
| Kori L. Pruett | Associate | Litigation | 2021 | $1,844.50 | 3.10 | $595.00 |
| Luke S. Alba | Associate | Corporate | 2022 | $165,637.50 | 315.50 | $525.00 |
| Luke S. Alba | Associate | Corporate | 2022 | $62,127.00 | 105.30 | $590.00 |
| Matthew N. Kipnis | Associate | Corporate | 2023 | $56,910.00 | 108.40 | $525.00 |
| Matthew N. Kipnis | Associate | Corporate | 2023 | $41,713.00 | 70.70 | $590.00 |
| Matthew N. Kipnis | Associate | Corporate | 2023 | $131.25 | 0.50 | $262.50 (travel) |
| Carol E. Thompson | Associate | Bankruptcy | 2022 | $166,549.00 | 329.80 | $505.00 |
| Carol E. Thompson | Associate | Bankruptcy | 2022 | $53,644.50 | 91.70 | $585.00 |
| Carol E. Thompson | Associate | Bankruptcy | 2022 | $858.50 | 3.40 | $252.50 (travel) |
| Mary Margaret Clark | Associate | Tax | 2023 | $3,132.00 | 5.40 | $580.00 |

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Amanda L. DeGroote | Associate | Litigation | 2022 | $7,467.50 | 14.50 | $515.00 |
| Amanda L. DeGroote | Associate | Litigation | 2022 | $8,050.00 | 14.00 | $575.00 |
| Toni M. Gallo | Associate | Corporate | 2021 | $1,150.00 | 2.00 | $575.00 |
| Dustin M. Dorsino | Associate | Corporate | 2022 | $10,050.00 | 20.10 | $500.00 |
| Dustin M. Dorsino | Associate | Corporate | 2022 | $9,016.00 | 16.10 | $560.00 |
| Julie A. Aberasturi | Associate | Bankruptcy | 2023 | $162,572.00 | 335.20 | $485.00 |
| Julie A. Aberasturi | Associate | Bankruptcy | 2023 | $43,709.00 | 80.20 | $545.00 |
| Julie A. Aberasturi | Associate | Bankruptcy | 2023 | $485.00 | 2.00 | $242.50 (travel) |
| Melissa M. Hartlipp | Associate | Bankruptcy | 2022 | $157,964.50 | 325.70 | $485.00 |
| Melissa M. Hartlipp | Associate | Bankruptcy | 2022 | $19,729.00 | 36.20 | $545.00 |
| Melissa M. Hartlipp | Associate | Bankruptcy | 2022 | $1,188.25 | 4.90 | $242.50 (travel) |
| Timothy J. Dumbroff | Associate | Bankruptcy | 2023 | $28,772.50 | 67.70 | $425.00 |
| Timothy J. Dumbroff | Associate | Bankruptcy | 2023 | $24,794.00 | 50.60 | $490.00 |
| Natalie C. Gibson | Associate | Bankruptcy | 2025 | $23,088.00 | 48.10 | $480.00 |
| Nicholas E. Pollera | Associate | Bankruptcy | 2025 | $123,625.00 | 287.50 | $430.00 |
| Nicholas E. Pollera | Associate | Bankruptcy | 2025 | $81,168.00 | 169.10 | $480.00 |
| Luisa A. Nin Reyes | Associate | Bankruptcy | 2025 | $24,080.00 | 60.20 | $400.00 |
| Luisa A. Nin Reyes | Associate | Bankruptcy | 2025 | $8,280.00 | 18.40 | $450.00 |
| Natalie P. Greenspan | Associate | Bankruptcy | 2025 | $6,435.00 | 14.30 | $450.00 |
| Ryan A. Lefkowitz | Associate | Bankruptcy | 2026 | $49,120.00 | 122.80 | $400.00 |
| Ryan A. Lefkowitz | Associate | Bankruptcy | 2026 | $62,415.00 | 138.70 | $450.00 |
| Gwendolyn J. Goodyear | Associate | Real Estate | N/A | $1,360.00 | 3.40 | $400.00 |
| Cherry Yao | Staff Attorney | N/A | 2004 | $8,295.00 | 21.00 | $395.00 |
| Heather D. Small | Staff Attorney | N/A | 2008 | $7,031.00 | 17.80 | $395.00 |
| Kashia N. Adams | Summer Associate | N/A | N/A | $5,313.00 | 16.10 | $330.00 |
| Daniel N. Sullivan | eDiscovery Manager | Litigation | N/A | $3,450.00 | 6.90 | $500.00 |

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Daniel N. Sullivan | eDiscovery Manager | Litigation | N/A | $12,337.50 | 23.50 | $525.00 |
| Bryan E. Navas | eDiscovery Manager | Litigation | N/A | $9,016.00 | 19.60 | $460.00 |
| Bryan E. Navas | eDiscovery Manager | Litigation | N/A | $6,159.50 | 12.70 | $485.00 |
| Christopher D. Sindo | eDiscovery Manager | Litigation | N/A | $6,670.00 | 14.50 | $460.00 |
| Christopher D. Sindo | eDiscovery Manager | Litigation | N/A | $11,688.50 | 24.10 | $485.00 |
| Roberto S. Severini | eDiscovery Analyst | Litigation | N/A | $7,436.00 | 16.90 | $440.00 |
| Roberto S. Severini | eDiscovery Analyst | Litigation | N/A | $11,040.00 | 24.00 | $460.00 |
| Andrew P. Whitley | eDiscovery Analyst | Litigation | N/A | $680.00 | 1.60 | $425.00 |
| Kaitlin Chapman | eDiscovery Analyst | Litigation | N/A | $496.00 | 1.60 | $310.00 |
| Kaitlin Chapman | eDiscovery Analyst | Litigation | N/A | $1,072.50 | 3.30 | $325.00 |
| Kim Calkin | Paralegal | Corporate | N/A | $33,030.00 | 73.40 | $450.00 |
| Kim Calkin | Paralegal | Corporate | N/A | $4,600.00 | 9.20 | $500.00 |
| Amy N. Figiel | Paralegal | Litigation | N/A | $20,315.00 | 47.80 | $425.00 |
| Amy N. Figiel | Paralegal | Litigation | N/A | $4,417.50 | 9.50 | $465.00 |
| Danielle E. Delehanty | Paralegal | Bankruptcy | N/A | $96,936.00 | 230.80 | $420.00 |
| Danielle E. Delehanty | Paralegal | Bankruptcy | N/A | $66,308.00 | 150.70 | $440.00 |
| Frances Pisano | Paralegal | Bankruptcy | N/A | $15,624.00 | 37.20 | $420.00 |

| NAME | TITLE OR POSITION | DEPARTMENT, GROUP, OR SECTION | DATE OF FIRST ADMISSION (if applicable) | FEES BILLED | HOURS BILLED | HOURLY RATE |
|---|---|---|---|---|---|---|
| Frances Pisano | Paralegal | Bankruptcy | N/A | $9,416.00 | 21.40 | $440.00 |
| Suhailah S. Sallie | Paralegal | Bankruptcy | N/A | $3,402.00 | 8.10 | $420.00 |
| Suhailah S. Sallie | Paralegal | Bankruptcy | N/A | $1,936.00 | 4.40 | $440.00 |
| Jonathan Cabán | Paralegal | Corporate | N/A | $2,847.00 | 7.30 | $390.00 |
| Jonathan Cabán | Paralegal | Corporate | N/A | $3,145.00 | 7.40 | $425.00 |
| Pauline Ratkowiak | Paralegal | Bankruptcy | N/A | $7,692.50 | 18.10 | $425.00 |
| Larry S. Morton | Paralegal | Bankruptcy | N/A | $1,302.00 | 3.10 | $420.00 |
| Gayle Colavito | Paralegal | Real Estate | N/A | $8,307.00 | 21.30 | $390.00 |
| Ali-Marcelle Lee-Sin | Paralegal | | N/A | $345.00 | 1.00 | $345.00 |
| Sarah G. Schwartz | Legal Practice Assistant | N/A | N/A | $259.00 | 1.40 | $185.00 |
| Joelene Novak | Legal Practice Assistant | N/A | N/A | $3,185.00 | 18.20 | $175.00 |
| **TOTALS** | | | | $9,088,112.50 | 10,777.40 | |

Client Name: SIMAD Holdings Ltd., *et al.*
Case Number: 26-16388 (CMG)
Applicant's Name: Cole Schotz P.C.
Date of Application: November 16, 2026
Interim or Final: Interim

# EXHIBIT C

## CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES WITH FEE APPLICATIONS

(*See* Guidelines ¶ C.3. for definitions of terms used in this Exhibit)

| **CATEGORY OF TIMEKEEPER** (using categories already maintained by the firm) | **BLENDED HOURLY RATE** | |
|---|---|---|
| | **Billed by New Jersey and New York Offices Excluding Bankruptcy**[1] | **BILLED** In this fee application |
| Member | $805.23 | $937.94 |
| Counsel | $731.30 | $770.01 |
| Associate | $508.91 | $533.84 |
| Staff Attorney | $496.39 | $395.00 |
| Paralegal | $390.72 | $429.73 |
| Other (please define) – Litigation Support Personnel[2] | $310.65 | $427.35 |
| All timekeepers aggregated | $636.96 | $748.27 |

Client Name: SIMAD Holdings Ltd., *et al.*
Case Number: 26-16388 (CMG)
Applicant's Name: Cole Schotz P.C.
Date of Application: November 16, 2026
Interim or Final: Interim

[1] In accordance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, the "preceding year" for which these figures were calculated is the 2025 calendar year; blended rates reflect work performed in the preceding year in each of the domestic offices in which timekeepers collectively billed at least 10% of the hours to the case during the application period, excluding all data from bankruptcy law matters.

[2] This category includes Litigation Support Specialists, eDiscovery personnel, Summer Associates, and Legal Practice Assistants.

# EXHIBIT D-1

## BUDGET FOR THE PERIOD JUNE 4, 2026 THROUGH JUNE 30, 2026

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 25.00 | $20,000.00 |
| Asset Disposition | 425.00 | $340,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $40,000.00 |
| Preference Actions/Response | 25.00 | $20,000.00 |
| Budgeting (Case) | 10.00 | $8,000.00 |
| Business Operations | 200.00 | $160,000.00 |
| Case Administration | 200.00 | $160,000.00 |
| Claims Administration and Objections | 25.00 | $20,000.00 |
| Corporate Governance and Board Matters | 50.00 | $40,000.00 |
| Data Analysis | 10.00 | $8,000.00 |
| Employee Benefits/Pensions | 10.00 | $8,000.00 |
| Fee Application Preparation | 10.00 | $8,000.00 |
| Fee Employment | 30.00 | $24,000.00 |
| Fee Objections | 10.00 | $8,000.00 |
| Financing | 200.00 | $160,000.00 |
| Litigation | 400.00 | $320,000.00 |
| Meetings of Creditors | 25.00 | $20,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 50.00 | $40,000.00 |
| Real Estate | 50.00 | $40,000.00 |
| Relief from Stay | 10.00 | $8,000.00 |
| Reporting | 100.00 | $80,000.00 |
| Tax Issues | 25.00 | $20,000.00 |
| Valuation | 25.00 | $20,000.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **2,000.00** | **$1,600,000.00** |

**BUDGET FOR THE PERIOD JULY 2026**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 50.00 | $40,000.00 |
| Asset Disposition | 1,250.00 | $1,000,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $40,000.00 |
| Preference Actions/Response | 25.00 | $20,000.00 |
| Budgeting (Case) | 10.00 | $8,000.00 |
| Business Operations | 200.00 | $160,000.00 |
| Case Administration | 250.00 | $200,000.00 |
| Claims Administration and Objections | 25.00 | $20,000.00 |
| Corporate Governance and Board Matters | 50.00 | $40,000.00 |
| Data Analysis | 10.00 | $8,000.00 |
| Employee Benefits/Pensions | 25.00 | $20,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 80.00 | $64,000.00 |
| Fee Objections | 10.00 | $8,000.00 |
| Financing | 250.00 | $200,000.00 |
| Litigation | 700.00 | $560,000.00 |
| Meetings of Creditors | 50.00 | $40,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 100.00 | $80,000.00 |
| Real Estate | 50.00 | $40,000.00 |
| Relief from Stay | 25.00 | $20,000.00 |
| Reporting | 150.00 | $120,000.00 |
| Tax Issues | 25.00 | $20,000.00 |
| Valuation | 25.00 | $20,000.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **3,470.00** | **$2,776,000.00** |

**BUDGET FOR THE PERIOD AUGUST 2026**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 75.00 | $60,000.00 |
| Asset Disposition | 1,250.00 | $1,000,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $40,000.00 |
| Preference Actions/Response | 25.00 | $20,000.00 |
| Budgeting (Case) | 10.00 | $8,000.00 |
| Business Operations | 150.00 | $120,000.00 |
| Case Administration | 150.00 | $120,000.00 |
| Claims Administration and Objections | 25.00 | $20,000.00 |
| Corporate Governance and Board Matters | 50.00 | $40,000.00 |
| Data Analysis | 10.00 | $8,000.00 |
| Employee Benefits/Pensions | 25.00 | $20,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 50.00 | $40,000.00 |
| Fee Objections | 10.00 | $8,000.00 |
| Financing | 250.00 | $200,000.00 |
| Litigation | 700.00 | $560,000.00 |
| Meetings of Creditors | 25.00 | $20,000.00 |
| Disclosure Statement | 25.00 | $20,000.00 |
| Plan of Reorganization | 190.00 | $152,000.00 |
| Real Estate | 50.00 | $40,000.00 |
| Relief from Stay | 25.00 | $20,000.00 |
| Reporting | 50.00 | $40,000.00 |
| Tax Issues | 150.00 | $120,000.00 |
| Valuation | 25.00 | $20,000.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **3,405.00** | **$2,724,000.00** |

**BUDGET FOR THE PERIOD SEPTEMBER 2026**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 125.00 | $100,000.00 |
| Asset Disposition | 1,400.00 | $1,120,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $40,000.00 |
| Preference Actions/Response | 25.00 | $20,000.00 |
| Budgeting (Case) | 10.00 | $8,000.00 |
| Business Operations | 200.00 | $160,000.00 |
| Case Administration | 150.00 | $120,000.00 |
| Claims Administration and Objections | 25.00 | $20,000.00 |
| Corporate Governance and Board Matters | 50.00 | $40,000.00 |
| Data Analysis | 10.00 | $8,000.00 |
| Employee Benefits/Pensions | 25.00 | $20,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 50.00 | $40,000.00 |
| Fee Objections | 10.00 | $8,000.00 |
| Financing | 150.00 | $120,000.00 |
| Litigation | 800.00 | $640,000.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 275.00 | $220,000.00 |
| Plan of Reorganization | 450.00 | $360,000.00 |
| Real Estate | 50.00 | $40,000.00 |
| Relief from Stay | 25.00 | $20,000.00 |
| Reporting | 50.00 | $40,000.00 |
| Tax Issues | 150.00 | $120,000.00 |
| Valuation | 25.00 | $20,000.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **4,140.00** | **$3,312,000.00** |

**BUDGET FOR THE PERIOD OCTOBER 2026**

| PROJECT CATEGORY | ESTIMATED HOURS | ESTIMATED FEES |
|---|---|---|
| Asset Analysis and Recovery | 125.00 | $100,000.00 |
| Asset Disposition | 650.00 | $520,000.00 |
| Assumption and Rejection of Leases and Contracts | 50.00 | $40,000.00 |
| Preference Actions/Response | 25.00 | $20,000.00 |
| Budgeting (Case) | 10.00 | $8,000.00 |
| Business Operations | 80.00 | $64,000.00 |
| Case Administration | 100.00 | $80,000.00 |
| Claims Administration and Objections | 25.00 | $20,000.00 |
| Corporate Governance and Board Matters | 50.00 | $40,000.00 |
| Data Analysis | 10.00 | $8,000.00 |
| Employee Benefits/Pensions | 25.00 | $20,000.00 |
| Fee Application Preparation | 25.00 | $20,000.00 |
| Fee Employment | 50.00 | $40,000.00 |
| Fee Objections | 10.00 | $8,000.00 |
| Financing | 50.00 | $40,000.00 |
| Litigation | 400.00 | $320,000.00 |
| Meetings of Creditors | 0.00 | $0.00 |
| Disclosure Statement | 100.00 | $80,000.00 |
| Plan of Reorganization | 350.00 | $280,000.00 |
| Real Estate | 20.00 | $16,000.00 |
| Relief from Stay | 25.00 | $20,000.00 |
| Reporting | 50.00 | $40,000.00 |
| Tax Issues | 50.00 | $40,000.00 |
| Valuation | 0.00 | $0.00 |
| Non-Working Travel | 10.00 | $8,000.00 |
| **Total:** | **2,290.00** | **$1,832,000.00** |

**EXHIBIT D-2**
**STAFFING PLAN FOR THE PERIOD JUNE 4, 2026 THROUGH OCTOBER 31, 2026**

| | CATEGORY OF TIMEKEEPER (using categories maintained by the firm) | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|---|
| | Member | 16 | $1,065.94 |
| | Counsel | 2 | $730.00 |
| | Sr. Associate (7 or more years since first admission) | 2 | $645.00 |
| | Associate (4-6 years since first admission) | 8 | $528.75 |
| | Jr. Associate (1-3 years since first admission) | 6 | $457.50 |
| | Paralegal | 4 | $420.00 |
| | Other (please define) – Litigation Support Services | 4 | $465.00 |

This staffing plan (the "Staffing Plan") is being provided pursuant to the Office of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013. The Staffing Plan is Cole Schotz's current best estimate of the professionals and paraprofessionals required to properly staff this matter for the immediate future and is subject to change as the case develops.

**EXHIBIT E-1**
**SUMMARY OF COMPENSATION REQUESTED BY PROJECT CATEGORY**
(*See* Guidelines § C.8. for project category information.)

| PROJECT CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Asset Analysis | 400.00 | $320,000.00 | 235.10 | $164,335.50 |
| Asset/Business Disposition | 4,975.00 | $3,980,000.00 | 4,449.00 | $3,624,345.00 |
| Assumption and Rejection of Leases and Contracts | 250.00 | $200,000.00 | 126.60 | $95,346.50 |
| Preference Actions/Response | 125.00 | $100,000.00 | 0.00 | $0.00 |
| Budgeting (Case) | 50.00 | $40,000.00 | 6.30 | $6,612.00 |
| Business Operations | 830.00 | $664,000.00 | 367.10 | $315,296.50 |
| Case Administration | 850.00 | $680,000.00 | 640.50 | $558,227.00 |
| Claims Administration and Objections | 125.00 | $100,000.00 | 168.50 | $142,822.50 |
| Corporate Governance and Board Matters | 250.00 | $200,000.00 | 95.10 | $72,045.00 |
| Data Analysis | 50.00 | $40,000.00 | 162.40 | $76,624.00 |
| Employee Benefits/Pensions | 110.00 | $88,000.00 | 22.90 | $15,158.00 |
| Fee Application Preparation | 110.00 | $88,000.00 | 251.60 | $134,930.00 |
| Fee Employment | 260.00 | $208,000.00 | 248.30 | $173,489.00 |
| Fee Objections | 50.00 | $40,000.00 | 0.00 | $0.00 |
| Financing | 900.00 | $720,000.00 | 1,216.00 | $1,287,259.00 |
| Litigation | 3,000.00 | $2,400,000.00 | 1,568.10 | $1,306,216.00 |
| Meetings of Creditors | 100.00 | $80,000.00 | 17.50 | $16,064.50 |
| Disclosure Statement | 450.00 | $360,000.00 | 123.20 | $90,359.50 |
| Plan of Reorganization | 1,140.00 | $912,000.00 | 298.90 | $321,543.00 |
| Real Estate | 220.00 | $176,000.00 | 0.00 | $0.00 |
| Relief from Stay | 110.00 | $88,000.00 | 60.90 | $50,506.50 |
| Reporting | 400.00 | $320,000.00 | 153.00 | $121,977.00 |
| Tax Issues | 400.00 | $320,000.00 | 532.00 | $499,948.50 |
| Valuation | 100.00 | $80,000.00 | 0.00 | $0.00 |
| Non-Working Travel | 50.00 | $40,000.00 | 34.40 | $15,007.50 |
| **Total:** | **15,305.00** | **$12,244,000.00** | **10,777.40** | **$9,088,112.50** |

| | |
|---|---|
| Client Name: | SIMAD Holdings Ltd., *et al.* |
| Case Number: | 26-16388 (CMG) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | November 16, 2026 |
| Interim or Final: | Interim |

**EXHIBIT E-2**

**SUMMARY OF EXPENSE REIMBURSEMENT REQUESTED BY CATEGORY**

(*See* Guidelines § C.8. for project category information.)

| CATEGORY | AMOUNT |
|---|---|
| Computer Assisted Legal Research | $6,877.23 |
| In-House Reproduction | $3,499.60 |
| Outside Reproduction | $0.00 |
| Filing Fees | $3,039.46 |
| Court Fees | $859.90 |
| Court Reporting | $37,752.40 |
| Travel | $2,196.01 |
| Delivery Services / Federal Express | $6,010.30 |
| Other (Lien/Litigation Work) | $63,908.50 |
| Other (Corporate Document Retrieval) | $283.55 |
| Other (Data Host) | $4,104.00 |
| Other (Copy of Official Documents) | $1,181.20 |
| Other (Luncheon/Dinner Conference) | $29,174.42 |
| Other (Data Translations) | $608.50 |
| Other (Other Client Costs) | $202.50 |
| Other (Service Process/Subpoena) | $675.00 |
| **DISBURSEMENTS TOTAL** | **$160,372.57** |

| | |
|---|---|
| Client Name: | SIMAD Holdings Ltd., *et al.* |
| Case Number: | 26-16388 (CMG) |
| Applicant's Name: | Cole Schotz P.C. |
| Date of Application: | November 16, 2026 |
| Interim or Final: | Interim |