UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**FEE APPLICATION COVER SHEET**
**FOR THE PERIOD OF JULY 10, 2026 THROUGH OCTOBER 31, 2026**

| | | | |
|---|---|---|---|
| IN RE: SIMAD Holdings Ltd., *et al*[1] | | Applicant: | Robinson & Cole LLP |
| Case No.: 26-16388 (CMG) | | Client: | Official Committee of Unsecured Creditors |
| Chapter: 11 | | Case Filed: | June 4 and June 5, 2026 |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

*/s/ Evan M. Lazerowitz* 11/16/2026
Evan M. Lazerowitz Date

**SECTION 1**
**FEE SUMMARY**

**First Interim Fee Application**
Period: July 10, 2026 through October 31, 2026

| | |
|---|---|
| FEE TOTALS | $1,531,330.00 |
| DISBURSEMENT TOTALS | $2,091.98 |
| TOTAL FEE APPLICATION | $1,533,421.98 |

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees Requested: | $1,531,330.00 | $2,091.98 |
| Total Fees Allowed to Date | $946,038.40 | $2,017.09 |
| Total Retainer (If Applicable) | $0.00 | n/a |
| Total Holdback (If Applicable) | $236,509.60 | n/a |
| Total Received by Applicant | $946,038.40 | $2,017.09 |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

## SUMMARY OF TIMEKEEPERS IN FIRST INTERIM FEE APPLICATION

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (Or Years of Professional Service) | RATE | HOURS | FEE |
|---|---|---|---|---|
| J. Zachary Balasko, Partner | Joined Firm in 2026 \| Member of TX Bar since 2025 \| Member of VA Bar since 2020 \| Member of WV Bar since 2016 \| Bankruptcy & Reorganizations | $1,250.00 | 101.4 | $126,750.00 |
| Benjamin M. Daniels, Partner | Joined Firm in 2021 \| Member of CT Bar since 2013 \| Member of NY Bar since 2009 \| Business Litigation | $1,120.00 | 17.8 | $19,936.00 |
| Amanda P. Donato, Associate | Joined Firm in 2025 \| Member of DE Bar since 2025 \| Member of PA Bar since 2026 \| Bankruptcy & Reorganizations | $525.00 | 123 | $64,575.00 |
| Steven L. Elbaum, Partner | Joined Firm in 1997 \| Member of CT Bar since 1992 \| Real Estate + Development | $910.00 | 9.6 | $8,736.00 |
| Brya M. Keilson, Partner | Joined Firm in 2026 \| Member of NJ Bar since 2004\| Member of DE Bar since 2005 \| Member of PA Bar since 2005 \| Bankruptcy & Reorganizations | $1,350.00 | 301.8 | $407,430.00 |
| Evan M. Lazerowitz, Counsel | Joined Firm in 2025 \| Member of NJ Bar since 2013 \| Member of NY Bar since 2014 \| Bankruptcy & Reorganizations | $1,160.00 | 585.9 | $679,644.00 |
| Destiney Parker-Thompson, Associate | Joined Firm in 2026 \| Member of DE Bar since 2025 \| Member of NY Bar since 2023 \| Member of NC Bar since 2020 \| Bankruptcy & Reorganizations | $700.00 | 137.1 | $95,970.00 |
| Tracy A. Bartlett, Paralegal | Joined Firm in 2021 \| Real Estate & Development | $315.00 | 24.8 | $7,812.00 |
| Kenneth Brayboy, Paralegal | Joined Firm in 2026 \| Bankruptcy & Reorganizations | $540.00 | 25.1 | $13,554.00 |
| Carol Ann DiBenedictis, Paralegal | Joined Firm in 2019 \| Insurance & Business Litigation | $310.00 | 9.3 | $2,883.00 |
| Jeffrey T. Hadisty, Paralegal | Joined Firm in 2016 \| Litigation Support Manager | $350.00 | 0.9 | $315.00 |

| NAME OF PROFESSIONAL & TITLE | YEAR ADMITTED (Or Years of Professional Service) | RATE | HOURS | FEE |
|---|---|---|---|---|
| Hayley F. Latta, Paralegal | Joined Firm in 2026 \| Bankruptcy & Reorganizations | $450.00 | 12.1 | $5,445.00 |
| Alyssa J. Merkey, Paralegal | Joined Firm in 2021 \| Bankruptcy & Reorganizations | $540.00 | 179.9 | $97,146.00 |
| C. Liana Shaw, Paralegal | Joined Firm in 2026 \| Bankruptcy & Reorganizations | $540.00 | 2.1 | $1,134.00 |
| | **FEE TOTAL** | | **1,530.8** | **$1,531,330.00** |

**SECTION II**
**SUMMARY OF SERVICES**

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| **UCC01 - Asset Analysis**<br>This category includes time spent on the analysis of Debtors' assets, liens, mortgages, loan documents, and related perfection issues, insurance policies, contracts, and related matters. | 63.0 | $45,946.00 |
| **UCC02 - Asset Disposition**<br>This category includes all time spent on the disposition of the Debtors' assets. During the Interim Period, time was devoted to analysis of portfolio bids, various asset purchase agreements, attendance at auction of Debtors' camp assets, preparation and filing of reservation of rights, communications and related activities. | 118.1 | $132,311.00 |
| **UCC03 - Assumption and Rejection of Leases & Contracts**<br>This category includes all time spent on contract and lease analysis and matters relating to assumption, assignment, rejection, or re-characterization of executory contracts and unexpired leases. | 1.9 | $2,039.00 |
| **UCC05 - Business Operations**<br>This category includes advice relating to business operations, operating reports, and other reports required by the UST, orders of the Bankruptcy Court, the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules. | 0.7 | $812.00 |
| **UCC06 - Case Administration**<br>This category includes all time spent on general case administration services; communications with the UST not within the scope of other matter numbers; maintenance of case docket and calendar; filing and circulation of papers; internal communications among R&C professionals to ensure that all tasks are performed and that the Committee's case strategy is effectuated; calls among Committee advisors; and preparation and review of other reports, notices, and service lists. | 306 | $292,654.50 |
| **UCC07- Claims Administration and Objections**<br>This category includes any bar date matters, claims objections, related contested matters, and other claims administration and resolution activities. | 27.0 | $31,134.00 |
| **UCC10 - Employment and Fee Application (R&C)**<br>This category includes all time spent preparing R&C's retention application and monthly fee statements filed during the Interim Period. This category also includes review of invoices to ensure that no privileged materials are included within those invoices, and communications with the UST regarding the same. | 110.9 | $98,324.50 |

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| **UCC11 - Employment and Fee Application (Other)**<br>This category includes all time spent providing assistance to Committee co-counsel and professionals related to the preparation and filing of their respective retention applications, motions for admission *pro hac vice*, and monthly fee statements and related activities and filings. | 72.4 | $71,021.50 |
| **UCC12 - Financing, Cash Collateral**<br>This category includes all time spent on matters related to financing, including negotiating the final debtor-in-possession financing orders. | 129.5 | $145,837.00 |
| **UCC13 - Litigation/Adversary Matters**<br>This category includes all matters relating to contested matters, litigation and adversary related issues including, but not limited to, the Visions adversary proceeding, discovery requests, review of documents produced and related activities. | 382.2 | $386,914.50 |
| **UCC14 - Meetings and Communications with Creditors**<br>This category includes all time spent preparing for and attending the section 341(a) meetings, meetings with non-Committee related creditors and communications and related activities. | 35.9 | $24,954.00 |
| **UCC16 - Plan and Disclosure Statement**<br>This category includes all time spent on the formulation, preparation, and promulgation of the plan of reorganization, research and analyses relating thereto, and matters related to plan support documents. It further involved time dedicated to plan alternatives. | 73.5 | $85,437.00 |
| **UCC17 - Relief from Stay and Adequate Protection**<br>This category includes all analysis of stay relief actions, including communications regarding various motions for relief from the automatic stay and related activities. | 1.2 | $1,392.00 |
| **UCC18 – Tax**<br>This category includes all time spent on tax-related matters including analysis of filings related to tax withholding obligations pursuant to Foreign Investment in Real Property Tax Act of 1980, communications and related activities. | 2.7 | $2,760.00 |
| **UCC21 - Hearings**<br>This category includes all time spent preparing for and attending hearings. | 37.1 | $33,082.00 |
| **UCC22 - First and Second Day Motions**<br>This category includes all time spent reviewing, analyzing, and responding to the first and second day motion practice by the Debtors. | 3.8 | $2,878.00 |
| **UCC23 - Lien Investigation**<br>This category includes all time spent investigating Debtors' liens and related activities to determine the perfection and priority of those liens and priority of potential claims. | 98.3 | $97,641.00 |

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| **UCC24 - Intercompany Claims**<br>This category includes all time spent investigating prepetition transactions and potential causes of action, including claims against insiders and lenders consistent with the Committee's duties under section 1103(c) of the Bankruptcy Code, and related activities. | 8.9 | $10,324.00 |
| **UCC25 - Other Motions/Applications**<br>This category includes all time spent on all other bankruptcy-related matters that do not fit within another, more specific matter number description. | 3.0 | $1,700.00 |
| **UCC29 - Committee Meetings and UCC Member Communications**<br>During the Application Period, R&C professionals kept the Committee apprised of actions occurring in these Chapter 11 Cases through regular updates including meetings and through R&C's preparation of memoranda and related materials. Time devoted to this category also includes preparation for and attendance at those meetings as well as communications with Committee members and their representatives, and Committee professionals. | 54.7 | $64,168.00 |
| **SERVICES TOTAL** | **1,530.8** | **$1,531,330.00** |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| DISBURSEMENTS | AMOUNT |
|---|---|
| Travel – Air/Rail | $0.00 |
| Taxi/Car Service/Parking | $0.00 |
| Mileage | $0.00 |
| Outside Copying/Printing | $0.00 |
| Internal Copying/Printing – B&W | $0.00 |
| Internal Copying/Printing – Color | $0.00 |
| Delivery Services | $0.00 |
| Overnight Deliveries | $0.00 |
| Telephone/Conference Services | $0.00 |
| Legal Research (Westlaw) | $12.00 |
| Court Fees | $250.00 |
| Non-Court Fees (Town/State) | $750.00 |
| Deposition Transcripts | $395.00 |
| Hearing Transcripts | $647.40 |
| Pacer Fees | $0.00 |
| Fax (Include per page fee charged) | $0.00 |
| Postage | $0.00 |
| Other (Relativity Monthly Hosting Fee) | $37.58 |
| **DISBURSEMENTS TOTAL** | **$2,091.98** |

I certify under penalty of perjury that the above is true.

Date: November 16, 2026

*/s/ Evan M. Lazerowitz*
Evan M. Lazerowitz

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br>SIMAD HOLDINGS LTD., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No. 26-16388 (CMG)<br>(Jointly Administered) |

**FIRST INTERIM FEE APPLICATION OF ROBINSON & COLE LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD OF JULY 10, 2026 THROUGH OCTOBER 31, 2026**

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

The undersigned hereby submits the First Interim Fee Application (the "Application") of Robinson & Cole LLP ("R&C") as co-counsel to The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for the period from July 10, 2026 through October 31, 2026 (the "Interim Period") respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 2016-1 (the "Local Rules").

## INTRODUCTION

4. On June 4 and June 5, 2026 (together, the "Petition Date"), each of the Debtors commenced this proceeding (the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey.

5. The Debtors have continued in the possession of their property and have continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 9, 2026, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Committee under Section 1102(a)(1) of the Bankruptcy Code. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 438].

7. On August 25, 2026, the Court entered an order in these Chapter 11 Cases approving R&C's retention as co-counsel to the Committee, effective as of July 10, 2026 (the "Retention Order"). [Docket No. 938]. A copy of the Retention Order is annexed hereto as Exhibit A.

8. On July 20, 2026, the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* (the "Interim Compensation Order") was entered in the Chapter 11 Cases, which order sets forth Compensation Procedures[2] for, *inter alia*, Professionals to submit Monthly Fee Statements such that Professionals may be paid 80% of their monthly fees and 100% of their monthly expenses. [Docket No. 550].

**ROBINSON & COLE LLP'S FEE STATEMENTS DURING THE INTERIM PERIOD**

9. During the Interim Period, R&C provided the Notice Parties with the following monthly fee statements in accordance Interim Compensation Order referred to therein:

- For July 10, 2026 to July 31, 2026 – fees of $321,522.00 and expenses of $1,986.30 [Docket No. 1032];
- For August 1, 2026 to August 31, 2026 – fees of $449,183.00 and expenses of $11.00 [Docket No. 1192];
- For September 1, 2026 to September 30, 2026 – fees of $411,843.00 and expenses of $19.79 [Docket No. 1394];
- For October 1, 2026 to October 31, 2026 – fees of $348,782.00 and expenses of $74.89 [Docket No. 1526];

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *SIMAD Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 204].

10. In total, R&C submitted monthly fee statements during the Interim Period for fees of $1,531,330.00 and expenses of $2,091.98. A chart summarizing the monthly statements submitted during this Interim Period is below:

| Application \| Date \| Docket No. \| CNO Date | Period | Requested Fees | Requested Expenses | Amounts that may be paid without Court Order | | Holdback | Total Fees & Expenses Sought to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | Fees | Expenses | | |
| 1st \| 8/28/2026 \| D.I. 1032 \| 9/14/2026 | 7/10/2026 to 7/31/2026 | $321,522.00 | $1,986.30 | $257,217.60 | $1,986.30 | $64,304.40 | $323,508.30 |
| 2nd \| 9/25/2026 \| D.I. 1192 \| 10/12/2026 | 8/1/2026 to 8/31/2026 | $449,183.00 | $11.00 | $359,346.40 | $11.00 | $89,836.60 | $449,194.00 |
| 3rd \| 10/27/2026 \| D.I. 1394 \| 11/11/2026 | 9/1/2026 to 9/30/2026 | $411,843.00 | $19.79 | $329,474.40 | $19.79 | $82,368.60 | $411,862.79 |
| 4th \| 11/16/2026 \| D.I. 1526 \| TBD | 10/1/2026 to 10/31/2026 | $348,782.00 | $74.89 | TBD | TBD | TBD | $348,856.89 |
| | **Total** | **$1,531,330.00** | **$2,091.98** | **$946,038.40** | **$2,017.09** | **$236,509.60** | **$1,533,421.98** |

11. No objections were received and/or filed to the First, Second and Third Monthly Fee Statements. Accordingly, certifications of no objection were filed at Docket Nos. 1110, 1338 and 1507.

12. The deadline to file an objection to the Fourth Monthly Fee Statement is November 30, 2026.

## DISCLOSURES AND SUMMARY OF SERVICES RENDERED

13. During the Interim Period, R&C's attorneys and paraprofessionals expended a total of 1,530.8 hours providing services to the Committee. All services for which R&C is requesting compensation were performed for or on behalf of the Committee and were necessary and appropriate to the administration of the Debtors' Chapter 11 Cases.

14. R&C's individual fee statements for each month covered by the Interim Period are attached to the monthly fee applications filed at Docket Nos. 1032, 1192, 1394 and 1526. Each fee statement contains daily time logs describing the time spent by each attorney and paraprofessional, broken down by task code, for each month, as well as any applicable expenses. The hourly rates set forth in the monthly fee statements are those customarily charged by R&C for similar legal services. R&C's fees for services rendered by lawyers, paralegals, and other professionals are customary and usual in the legal community in which R&C practices. To the best of R&C's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the U.S. Trustee, Rule 2016-3 of the Local Rules, and the Compensation Procedures Order.

15. The services rendered by R&C during the Interim Period are itemized and grouped into task codes and categories in accordance with the UST guidelines. The attorneys and paraprofessionals who provided services to the Committee during the Interim Period are also identified in the summary cover sheets. These services were in the best interests of the Debtors, its estate, and creditors. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

16. During the Interim Period, R&C professionals:

a. Conducted regular meetings with the Committee to provide updates as it relates to the case generally and for matters that bear special import to the Committee;

b. Conducted an analysis of the Debtor's assets, and worked with co-counsel and professionals selected by the Committee to develop a strategy with respect to same;

c. Worked to address open issues related to the chapter 11 plan of reorganization;

d. Reviewed and commented as necessary on the final orders approving certain of the "first day relief" requested by the Debtors and on the Debtors' "second day" motions;

e. Prepared R&C retention application and declarations in support, and motion for admission *pro hac vice* and communications with United States Trustee with respect to same.

f. Assisted professionals and co-counsel retained by Committee with the preparation and filing of retention applications, motions for admission *pro hac vice* and communications with United States Trustee with respect to the same;

g. Negotiated settlement with Mishmeret Trust, the Debtors and other parties in interest, and prepared, and filed a motion to approve settlement pursuant to BR 9019, motion to shorten notice, declaration in support and related filings;

h. Reviewed numerous motions, pleadings, and filings during the Interim Period, including those related to the sale of assets, bidding procedures, asset purchase agreements, term sheets and DIP financing. R&C commented on, and prepared and filed responsive pleadings thereto;

i. Investigated insider and lender matters, potential causes of action, lien-perfection issues, tax withholding motion and related litigation and adversary matters;

j. Reviewed, analyzed, and commented on claims-related issues and filings, waterfall recovery analysis prepared by the Committee's financial advisor and co-counsel, and reviewed proofs of claim that may impact recoveries for unsecured creditors;

k. Prepared discovery requests, reviewed document productions and coordinated depositions and related matters;

l. Prepared for and attended all hearings, 341(a) meetings of creditors, and auction that occurred during the Interim Period;

m. Prepared R&C's first, second, third and fourth monthly fee statements and related filings. *See* [Docket Nos. 1032, 1192, 1394 and 1526];

n. Assisted Committee's financial advisor and co-counsel with their monthly fee statements and related filings;

o. Performed administrative tasks such as tracking deadlines, conferring with parties to this case, and responding to inquiries;

p. Performed such other and further professional services in this case as lead counsel to the Committee.

17. In addition to the Cover Sheet filed herewith, and disclosures made in connection with R&C's retention, the following disclosures are made in connection with the Application:

| SUMMARY OF FIRST INTERIM APPLICATION | |
|---|---|
| Name of Applicant | Robinson & Cole LLP |
| Authorized to Provide Professional Services to | The Official Committee of Unsecured Creditors |
| Interim Application Time Period | July 10, 2026 to October 31, 2026 |
| Total Compensation Sought During Interim Period | $1,531,330.00 |
| Total Expenses Sought During Interim Period | $2,091.98 |
| Petition Date | June 4 and June 5, 2026 |
| Retention Date | July 10, 2026 |
| Date of Order Approving Employment | August 25, 2026 |
| Total Compensation Approved by Interim Order to Date | $0.00 |
| Total Expenses Approved by Interim Order to Date | $0.00 |
| Blended Rate in Interim Application for All Attorneys | $1,099.05 |
| Blended Rate in Interim Application for All Timekeepers | $1000.35 |
| Compensation Sought in Interim Application Already Paid Pursuant to the Compensation Procedures Order but Not Yet Allowed | $946,038.40 |
| Expenses Sought in Interim Application Already Paid Pursuant to the Compensation Procedures Order but Not Yet Allowed | $2,017.09 |
| Number of Professionals Included in Interim Application | 14 |
| If Applicable, Number of Professionals in Interim Application Not Included in Staffing Plans Approved by Client | n/a |
| Number of Professionals Billing Fewer than 10 Hours to the Case During this Interim Application Period | 4 |
| Are any rates higher than those approved or disclosed at retention | [ ] Yes [X] No |

## EXPENSES INCURRED BY ROBINSON & COLE LLP

18. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by the professionals employed in a chapter 11 case. Accordingly, R&C seeks reimbursement of actual expenses in the amount of $2,091.98 that it incurred in performing its services during the Interim Period. These reimbursable expenses include, but are not limited to: Court fees, postal and overnight courier charges, telephone calls to communicate with limited counsel and members of the Committee, external and internal duplicating charges, travel charges, and the use of on-line legal research tools. All expenses reflected herein comply with the Compensation Procedures. R&C submits that the actual expenses incurred in providing professional services during the Interim Period were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 Cases.

## BUDGET AND STAFFING PLANS

19. In accordance with the UST Guidelines, R&C prepared monthly budgets and staffing plans covering the Interim Period, copies of which are annexed hereto as Exhibit C.

20. R&C expected to incur $1,691,214.00 (on the high end) in fees during the Interim Period. R&C incurred actual fees of $1,531,330.00. This is $159,884.00 less than the amount budgeted for the Interim Period. As set forth below, the total hours and fees actually incurred did exceed the budget during the Interim Period.

| Month | Hours Budgeted | Hours Incurred | Fees Budgeted | Fees Incurred |
|---|---|---|---|---|
| July 2026 | 403.4 | 344.8 | $378,014.00 | $321,522.00 |
| August 2026 | 554.5 | 458.3 | $519,652.00 | $449,183.00 |
| September 2026 | 450 | 387.8 | $422,100.00 | $411,843.00 |
| October 2026 | 396 | 339.9 | $371,448.00 | $348,782.00 |
| **Total** | **1,803.90** | **1,530.80** | **1,691,214.00** | **$1,531,330.00** |

21. R&C's fees were incurred in the provision of necessary and beneficial services to the Committee required over the course of the Interim Period. During the course of the Interim

Period, R&C communicated and worked closely with the Committee, the Committee's professionals, and other parties on a host of complex issues that arose in these Chapter 11 Cases.

**LEGAL BASIS FOR REQUESTED RELIEF**

22. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).

23. Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement: In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

24. The foregoing professional services performed by R&C were appropriate and necessary to the effective administration of these Chapter 11 Cases. The services were in the best interests of the Committee. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, as well as issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner. In addition, R&C has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

25. In accordance with section 504 of the Bankruptcy Code, other than between R&C and the firm's partners and employees, no agreement or understanding exists between R&C and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

26. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by R&C.

**THE REQUESTED COMPENSATION AND**
**REIMBURSEMENT SHOULD BE ALLOWED**

27. The services for which R&C seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estate. The services rendered by R&C were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by R&C is fair and reasonable given (a) the complexity of these cases,

(b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## CONCLUSION

WHEREFORE, R&C respectfully requests that the Court: (i) enter an order approving the First Interim Fee Application and authorizing interim allowance of compensation in the amount of $1,531,330.00 for professional services rendered on behalf of the Committee and reimbursement for actual and necessary expenses in the amount of $2,091.98; (ii) direct payment by the Debtors of the foregoing amounts less any amount already paid pursuant to the Compensation Procedures Order; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 16, 2026

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Evan M. Lazerowitz*

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

*-and-*

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
David Momborquette (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com
Email: dmomborquette@mcdermottlaw.com

*-and-*

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of*
*Unsecured Creditors*

# **Exhibit A**

Retention Order

Order Filed on August 25, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

---

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

In re:

SIMAD HOLDINGS LTD., *et al.*,

Debtors.[1]

Chapter 11

Case No. 26-16388 (CMG)

(Jointly Administered)

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE JULY 10, 2026**

The Relief set forth on the following pages, numbered two (2) through seven (7) is hereby **ORDERED**

**DATED: August 25, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

(Page 2)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026

---

Upon the application (the "Application") of the Official Committee of Unsecured Creditors the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for the approval of the Committee's retention and employment of Robinson & Cole LLP ("R+C") as co-counsel in connection with these chapter 11 cases (the "Chapter 11 Cases"), effective July 10, 2026; and upon consideration of the declaration of Brya M. Keilson (the "Keilson Declaration"), attached to the Application as **Exhibit B**; and this Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and this Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and that no further or other notice need be given; and this Court being satisfied, based upon the representations made in the Application and the Keilson Declaration, that R+C (a) does not represent or hold any interest adverse to the Committee in connection with these Chapter 11 Cases, (b) is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and (c) does not represent any entity having an adverse interest in connection with these Chapter 11 Cases as required by section 1103 of the Bankruptcy Code; and this Court having determined that the legal and factual bases

(Page 3)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026 |

---

set forth in the Application and the Keilson Declaration establish good cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Application is granted and approved as set forth herein, effective as of July 10, 2026.

2. In accordance with section 1103(a) of the Bankruptcy Code and, with respect to R+C's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain R+C as its co-counsel in these Chapter 11 Cases, on the terms and conditions set forth in the Application and the Keilson Declaration, as modified by the terms of this Order.

3. R+C shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, the Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court [Docket No. 550], and such other applicable procedures and orders of this Court. R+C shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines

(Page 4)

| | |
|---|---|
| Debtors: | SIMAD HOLDINGS LTD., *et al.* |
| Case No. | 26-16388 (CMG) |
| Caption of Order: | ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026 |

---

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013, both in connection with the Application and any interim and final fee applications filed by R+C in these Chapter 11 Cases.

4. Notwithstanding anything to the contrary in the Application, Keilson Declaration, or Smith Brown Declaration, R+C shall not seek reimbursement of any fees or costs, including attorney fees and costs, from the estate arising from the defense of any objections to any of R+C's monthly fee statements or fee applications in these Chapter 11 Cases.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, R+C shall provide ten (10) business days' notice of any such increases to the U.S. Trustee, the Debtors, and the Committee and shall file such notice with this Court. All parties in interest retain all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. To the extent this Order is inconsistent with the Application, the Keilson Declaration, or the Smith Brown Declaration, the terms of this Order shall govern.

7. The Committee and R+C are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the

Application, including, without limitation, executing any additional or supplemental documents incidental to the relief granted herein.

8. R+C shall (a) comply with the requirements of Local Rule 2016-1; (b) only bill fifty percent (50%) for non-working travel; (c) use billing and expense categories that are substantially similar to those set forth in the U.S. Trustee Guidelines (Exhibit D-1, "Summary of Compensation Requested by Project Category"); and (d) provide all monthly fee statements, interim fee applications, and final fee applications in LEDES format to the U.S. Trustee.

9. Notwithstanding anything to the contrary in the Application, the Keilson Declaration, or the Smith Brown Declaration, R+C shall, to the extent R+C uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, (a) pass through the cost of such Contractors at the same rate R+C pays the Contractors; (b) seek reimbursement only for actual costs; (c) ensure that the Contractors (to the extent they are attorneys or accountants) (i) are subject to the same conflict checks and disclosures required of R+C and (ii) file any disclosures required by Bankruptcy Rule 2014; and (d) attach any Contractor invoices to its monthly fee statements, interim fee applications, and final fee applications.

10. Notwithstanding anything to the contrary in the Application, the Keilson Declaration, or the Smith Brown Declaration, R+C shall seek reimbursement from the Debtors' estates for its engagement-related expenses at R+C's actual cost paid.

(Page 6)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026

---

11. No agreement or understanding exists between R+C and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall R+C share or agree to share such compensation except as permitted by section 504 of the Bankruptcy Code.

12. R+C shall periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, R+C shall promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

13. In order to avoid any duplication of effort and provide services to the Committee in the most efficient and cost-effective manner, R+C shall coordinate with the other retained Committee professionals regarding their respective responsibilities in these Chapter 11 Cases. As such, R+C shall use its best efforts to avoid duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

14. Notice of the Application as provided therein is deemed good and sufficient notice of the Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

15. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately upon its entry.

(Page 7)
Debtors: SIMAD HOLDINGS LTD., *et al.*
Case No. 26-16388 (CMG)
Caption of Order: ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JULY 10, 2026

---

16. This Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to this Order or its interpretation, implementation, or enforcement.

# EXHIBIT B

**(Keilson Declaration)**

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**ROBINSON & COLE LLP**<br>Evan M. Lazerowitz (063232013)<br>Rachel Jaffe Mauceri (038102001)<br>Brya M. Keilson (022502004)<br>666 Third Avenue, 20th Floor<br>New York, New York 10017<br>Telephone: (212) 451-2900<br>Email: elazerowitz@rc.com<br>Email: rmauceri@rc.com<br>Email: bkeilson@rc.com<br><br>**MCDERMOTT WILL & SCHULTE LLP**<br>Darren Azman (admitted *pro hac vice*)<br>Kristin K. Going (admitted *pro hac vice*)<br>One Vanderbilt Avenue<br>New York, New York 10017<br>Telephone: (212) 547-5400<br>Email: dazman@mcdermottlaw.com<br>Email: kgoing@mcdermottlaw.com<br><br>**MCDERMOTT WILL & SCHULTE LLP**<br>Rachel Biblo Block (admitted *pro hac vice*)<br>2801 North Harwood Street, Suite 2600<br>Dallas, Texas 75201<br>Telephone: (214) 295-8000<br>Email: rbibloblock@mcdermottlaw.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* | |
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**DECLARATION OF ATTORNEY BRYA M. KEILSON IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY ROBINSON & COLE LLP AS CO-COUNSEL EFFECTIVE AS OF JULY 10, 2026**

I, Brya M. Keilson, hereby declare under penalty of perjury as follows:

1. I am a partner in the firm of Robinson & Cole LLP ("R+C" or the "Firm"), with offices located at 1201 N Market Street, 14th Floor Wilmington, DE 19801, and have been duly admitted to practice law in the State of New Jersey. I am authorized to submit this declaration (the "Keilson Declaration") in support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order, Pursuant to sections 327, 329, and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

2. This Declaration is made in support of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Robinson & Cole LLP as Co-Counsel Effective July 10, 2026* (the "Application"),[2] filed concurrently herewith. This Declaration also is submitted as the statement required pursuant to Section D.1 of the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines"), promulgated by the Office of the United States Trustee (the "U.S. Trustee").

3. I make this Declaration based upon my personal knowledge, upon information available to me, and upon reasonable inquiry into the Firm's records and professionals. If called as a witness, I could and would testify competently to the facts set forth herein.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**R+C'S QUALIFICATIONS**

4. Subject to Court approval, R+C was selected by the Committee effective as of July 10, 2026, to work with the Committee and the Committee's other advisors in these Chapter 11 Cases. Since being engaged, R+C has worked closely with the Committee to evaluate the Debtors' chapter 11 strategy, capital structure, financing and cash collateral issues, operations during the 2026 camp season, potential sale or restructuring alternatives, and issues affecting recoveries for unsecured creditors. As a result of this work, R+C has acquired knowledge regarding the Debtors, their businesses, their creditor constituencies, and many of the potential legal issues that may arise in these Chapter 11 Cases, which makes R+C well suited to serve as co-counsel to the Committee.

5. The Committee selected R+C because the attorneys and other professionals of R+C possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, debtors' and creditors' rights, creditors' committee representation, debt restructuring, chapter 11 litigation, and corporate reorganizations, among others. In addition, R+C's restructuring attorneys have substantial experience appearing before bankruptcy courts throughout the United States, including in complex chapter 11 proceedings, and are familiar with local bankruptcy practice and procedure in this District.

6. The Committee believes R+C has assembled a team of highly qualified professionals and paraprofessionals to provide services to the Committee in these Chapter 11 Cases, has determined that the retention of bankruptcy counsel and co-counsel is necessary to the Committee's performance of its statutory duties, and submits that R+C's employment is in the best interests of unsecured creditors and the Debtors' estates. R+C regularly represents official committees of unsecured creditors, ad hoc committees, secured and unsecured creditors, indenture trustees, purchasers, and other significant stakeholders in complex chapter 11 cases throughout the

country. R+C's restructuring attorneys regularly advise clients regarding debtor-in-possession financing, cash collateral disputes, asset sales under section 363 of the Bankruptcy Code, plan negotiations, valuation disputes, claims litigation, avoidance actions, investigations, and other matters affecting creditor recoveries. R+C's complex chapter 11 experience, creditor-side perspective, and ability to staff these cases efficiently make it well qualified to serve as co-counsel to the Committee in these Chapter 11 Cases. In sum, the Committee believes that R+C is well qualified and uniquely able to represent the interests of unsecured creditors in an efficient and timely manner and that the services of R+C are necessary and essential to the Committee's performance of its duties during these Chapter 11 Cases.

## SERVICES TO BE PROVIDED

7. Subject to the direction of the Committee and further order of the Court, the Committee seeks to retain R+C as its bankruptcy co-counsel to advise and represent the Committee in carrying out its statutory duties and protecting the interests of unsecured creditors in these Chapter 11 Cases, including in connection with the performance of the following legal services:[3]

(a) advising the Committee with respect to its powers and duties under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules");

(b) assisting and advising the Committee in evaluating the Debtors' chapter 11 filing;

(c) assisting and advising the Committee in its discussions with the Debtors and other parties-in-interest regarding the overall administration of these Chapter 11 Cases;

(d) assisting and advising the Committee in its examination and analysis of the conduct of the Debtors' affairs;

(e) analyzing, advising, and representing the Committee with regard to any causes of action belonging to the Debtors' estates, including, without limitation, reviewing and investigating pre-petition transactions in which the Debtors and/or its insiders

[3] By separate application, the Committee will seek to retain McDermott Will & Schulte LLP as lead counsel to the Committee. R+C will coordinate the division of responsibilities with McDermott throughout the engagement to ensure that there is no duplication of services rendered on the Committee's behalf.

were involved, pre-petition contracts and other arrangements to which the Debtors were parties;

(f) assisting, advising, and representing the Committee in analyzing and investigating the acts, conduct, assets, liabilities, corporate structure, and financial condition of the Debtor, including, without limitation, the Debtors' financial disclosures and related matters, the Debtors' operations, the desirability of the continuance of those operations, and any other matters relevant to this case;

(g) reviewing and analyzing pleadings, orders, schedules, and other documents filed and to be filed with this Court by interested parties in this case; advising the Committee as to the necessity, propriety, and impact of the foregoing upon this case; and responding, including consenting or objecting, to pleadings or orders on behalf of the Committee, as appropriate;

(h) assisting the Committee in preparing such applications, motions, memoranda, proposed orders, and other pleadings as may be required in support of positions taken by the Committee, including all trial preparation as may be necessary;

(i) representing the Committee at hearings to be held before this Court, any appellate courts, the UST, and communicating with the Committee regarding the matters heard and the issues raised as well as the decisions and considerations of this Court;

(j) conferring with the professionals retained by the Debtors and other parties-in-interest, as well as with such other professionals as may be selected and employed by the Committee;

(k) coordinating the receipt and dissemination of information prepared by and received from the Debtors' professionals, as well as such information as may be received from professionals engaged by the Committee, or other parties-in-interest in this case;

(l) participating in such examinations of the Debtors and other witnesses as may be necessary in connection with these Chapter 11 Cases;

(m) negotiating and formulating any plan of reorganization for the Debtors that may be proposed in these cases; and

(n) assisting the Committee generally in performing such other services as may be desirable or required for the discharge of the Committee's duties pursuant to section 1103 of the Bankruptcy Code.

(o) assisting in filing all necessary pleadings and ensuring compliance with the applicable local rules and requirements;

(p) assisting the Committee and providing advice concerning the proposed sale and liquidation of the Debtors' assets, including, without limitation, real property, personal property (including equipment), and intangible assets of every kind and

nature (including intellectual property and royalty streams), and addressing issues concerning potential competing bidders and the auction process; and

(q) performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

**PROFESSIONAL COMPENSATION**

8. R+C intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these Chapter 11 Cases on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any orders entered in these Chapter 11 Cases governing the compensation and reimbursement of professionals for services rendered and charges and disbursements incurred.

9. The attorneys and paralegals primarily responsible for representing the SIMAD Committee and their current standard hourly rates are as follows:

| Attorney | Title | Hourly Rate |
|---|---|---|
| Rachel Mauceri | Partner | $1350 |
| Brya Keilson | Partner | $1350 |
| Evan Lazerowitz | Counsel | $1160 |
| Destiney Parker-Thompson | Associate | $700 |
| Amanda Donato | Associate | $525 |
| Alyssa Merkey | Paralegal | $540 |

10. Other attorneys, paralegals, and case management clerks will be involved in representing the SIMAD Debtors. The range of hourly rates for such professionals are:

| Title | Hourly Rate |
|---|---|
| Partners/Counsel | $1160 – $1400 |
| Associates | $525 – $760 |
| Paralegals | $460 – $540 |

11. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature, which are subject to adjustment from time to time. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions.

12. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services. It is the Firm's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

13. The Firm will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and in accordance with the guidelines set forth in Local Bankruptcy Rule 2014-1, and all amendments and supplemental standing orders of the Court. The Firm believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## COMPENSATION RECEIVED

14. As of the Petition Date and the date of this Application, R+C has not received any compensation from the Debtors on account of the services for which retention is sought in these Chapter 11 Cases.

## DISCLOSURE OF CONNECTIONS

15. Section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizes an official committee appointed under section 1102 of the Bankruptcy Code to select and employ attorneys, subject to approval of the Court. Bankruptcy Rule 2014 requires that an application for employment disclose the professional's connections with the debtors, creditors, parties in interest, their respective attorneys and accountants, the U.S. Trustee, and persons employed in the Office of the U.S. Trustee.

16. In preparing this Declaration, through my colleagues and other R+C personnel, I submitted to R+C's computerized client and conflicts database an extensive list of interested parties and significant creditors (as set forth on **Schedule 1**, the "Searched Parties"). I then reviewed the results of that search to identify any connections between R+C and the Searched Parties.

17. R+C conflicts procedures include searching the Firm's internal records for the names of parties in interest provided to the Firm and reviewing the results of those searches for potential connections. The Firm will continue to review additional parties in interest as they are identified during the pendency of these Chapter 11 Cases.

18. Attached hereto as **Schedule 2** is a list of the entities or individuals, or entities that may be affiliates of the entities, identified in Schedule 1 that R+C has represented, currently represents, or may represent in the future in matters totally unrelated to these Chapter 11 cases.

19. Based upon the Firm's review to date, and except as otherwise disclosed herein or in any supplemental declaration, R+C does not hold or represent any interest adverse to the Committee with respect to the matters upon which R+C is to be employed, does not hold or represent any interest adverse to the Debtors' estates in connection with the services to be rendered herein, and is qualified to represent the Committee under sections 328 and 1103 of the Bankruptcy Code.

20. R+C is a full-service law firm and represents many clients in matters unrelated to these Chapter 11 Cases, including debtors, creditors, lenders, committees, trustees, purchasers, landlords, contract counterparties, and other parties in bankruptcy, restructuring, litigation, corporate, real estate, and commercial matters. Certain current or former clients of R+C may be creditors or parties in interest in these Chapter 11 Cases. However, R+C will not represent any such clients in connection with any claim against the Debtors or the Debtors' estates while serving as co-counsel to the Committee.

21. To date, R+C does not hold or represent any interest adverse to, and has no connection, subject to the disclosures set forth herein, with the Debtors, their creditors, the U.S. Trustee for the District of New Jersey, or any party in interest in the matters upon which R+C is to be retained.

22. R+C is continuing to conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts, connections, or relationships are discovered or arise, R+C will supplement its disclosure to the Court.

23. R+C is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

a. are not creditors, equity security holders or insiders of the Debtors;

b. are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

c. do not have an interest materially adverse to the interests of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

**SPECIFIC DISCLOSURES**

24. R+C represents Cole Schotz P.C., counsel to the Debtors, in certain matters wholly unrelated to the Debtors and these Chapter 11 cases. Based upon the nature of the engagement and information presently available, I do not believe there is any actual conflict arising from such relationship that would affect R+C's ability to act as counsel to the Committee.

25. R+C previously represented 12 Cambridge Drive Realty, LLC ("12 Cambridge"), one of the debtors in the separately administered chapter 11 cases of Damis Holdings LLC, et al., case no. 26-16439 (the "DAMIS Debtors"), in matters wholly unrelated to the chapter 11 cases of the Debtors and the DAMIS Debtors. R+C's engagement has ended. Based upon the nature of the disclosed engagements and information presently available, I do not believe there is any actual conflict arising from such relationship that would affect R+C's ability to act as counsel to the Committee.

**U.S. TRUSTEE GUIDELINES**

26. R+C provides the responses listed below as a courtesy to comply with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under the United States Code by Attorneys in Larger Chapter 11 Cases* (the "2013 UST Guidelines").[4] Pursuant to Part D1 of the 2013 UST Guidelines, R+C is seeking employment as co-counsel for the Committee under sections 328 and 1103 of the Bankruptcy Code and hereby provides the following responses set forth below:

[4] *See* 78 Fed. Reg. 36248 (June 17, 2013).

| Questions Required by Part D1 of 2013 UST Guidelines: | Answer: |
|---|---|
| 1. Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. |
| 2. Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. |
| 3. If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12-months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | R+C did not represent the client in the 12-month period prepetition. The billing rates for R+C are disclosed in the Application and are subject to periodic adjustment in accordance with the Firm's practice. |
| 4. Has your client approved your prospective budget and staffing plan, and, if so, for what budget period? | The Committee and R+C, in its capacity as co-counsel to the Committee, anticipate preparing a budget and staffing framework to address requests from the U.S. Trustee, comply with any required disclosures, and satisfy any directives issued by the Court. Given the evolving nature of these chapter 11 cases, the Committee and R+C also acknowledge that circumstances may arise that necessitate work beyond what can presently be anticipated, resulting in additional fees and expenses. |

27. R+C intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the 2013 UST Guidelines, both in connection with this Application and the interim and final fee applications to be filed by R+C in these Chapter 11 Cases. As to these Chapter 11 Cases and any other case in which R+C may be involved, R+C reserves all rights regarding the scope, application, and enforceability of the 2013 UST Guidelines.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 5, 2026

**Robinson & Cole LLP**

*/s/ Brya M. Keilson*
Brya M. Keilson

# SCHEDULE 1

## Searched Parties

**Debtors**
ROLLING HILLS OPERATINGCO LLC
ROLLING HILLS LANDCO LLC
COUNTRY ROADS OPERATINGCO LLC
COUNTRY ROADS LANDCO LLC
EAGLE'S LANDING DAY CAMP LLC
MEADOWBROOK OPERATINGCO LLC
MEADOWBROOK LANDCO LLC
MILL ROAD LANDCO LLC
SIMAD HOLDINGS LTD.
INTERMEDIATE SIMAD 1 LLC
SIMAD EQUITIES LLC
ACHIM LANDCO LLC
BAHS HOLDINGS LLC
ACHIM OPERATINGCO LLC
BAHS OPERATING INC.
BANNER LANDCO LLC
BANNER OPERATINGCO LLC
BELGRADE LAKES SUMMER CAMPS LLC
BLUESTAR LANDCO, LLC
CAMP MED-O-LARK, INC.
BLUESTAR OPERATINGCO, LLC
CHATEAUGAY LANDCO, LLC
CHATEAUGAY CAMPCO, LLC
CLUB GETAWAY OPERATINGCO, LLC
GREEN LANE OPERATINGCO, LLC
CLUB GETAWAY LANDCO, LLC
IAFALANDCO, LLC
ISLAND LAKE CAMPCO, LLC
GREEN LANE LANDCO, LLC
KIWI OPERATINGCO, LLC
GREENVILLELAND LLC
WAUKEELA OPERATINGCO LLC
IAFAOPERATINGCO, LLC
MAINEWEKEELACO, LLC
MESORHACO, LLC
ISLAND LAKE LANDCO, LLC
MOGENAVCO, LLC
LAVCO, LLC
MOHAWKCAMPCO, LLC
PINE FOREST CAMPCO, LLC
LAVLAND, LLC
POLAND CAMPCO, LLC
MALKA OPERATINGCO, LLC
RDM CAMPS, LLC
SHAB OPERATING INC.

MESORAHLAND, LLC
WASHINGTON LAKE, LLC
MOGENAVLAND LLC
WEKEELAND LLC
MOHAWKLAND LLC
WM LAND, LLC
PINE FOREST LANDCO LLC
WM CAMP, LLC
POLAND LANDCO, LLC
WAUKEELA LANDCO, LLC
SUMMIT CAMP, LLC
SHAB HOLDINGS LLC
ONE CANAL PLACE LEASING LLC
ONE CANAL PLACE REAL ESTATE LLC
QUADSTAR REALTY LLC
MOHAWK COUNTRY DAY SCHOOL, INC.

**Directors & Officers**
ADAM WEINER
DAVID SCHREIBER
DAVID SHABSELS
IVAN BELLOTTO
JACOB LABOVITZ
JAY FREEDMAN
JOSEPH STANSKY
KARLA BELLOTTO
KERRY LABOVITZ
LAUREN POPKIN-HERSCHTHAL
MICHAEL SHABSELS
RONEN GABBAY
SETH HERSCHTHAL
STACY KOTELOV
RONEN GABBAY
BENJAMIN GABBY
LIMOR BELADEV
DORON TURGEMAN
SHAHAR NACHMIAS

**Bankruptcy Judges**
CHIEF JUDGE CHRISTINE M. GRAVELLE
HON. MICHAEL B. KAPLAN
HON. ANDREW B. ALTENBURG, JR.
HON. JERROLD N. POSLUSNY, JR.
HON. JOHN K. SHERWOOD
HON. MARK E. HALL
HON. ROSEMARY GAMBARDELLA

HON. STACEY L. MEISEL
HON. VINCENT F. PAPALIA
HON. EAMONN J. O'HAGAN

**Separately Administered Debtors**
1000 ACRES HOLDINGS, LLC
1101 EAST GLENDALE BOULEVARD REAL ESTATE LLC
1101 EAST GLENDALE BOULEVARD LEASING LLC
11200 WEST FLORISSANT AVENUE LEASING LLC
11200 WEST FLORISSANT AVENUE REALTY LLC
1133 NORTHWEST L STREET LEASING LLC
1133 NORTHWEST L STREET REAL ESTATE LLC
1135 EAST CHOCOLTE AVENUE LEASING LLC
12 CAMBRIDGE DRIVE LEASING LLC
12 CAMBRIDGE DRIVE REALTY LLC
1323 AUGUSTA WEST PARKWAY LEASING LLC
1323 AUGUSTA WEST PARKWAY REAL ESTATE LLC
1401 US HIGHWAY 49B REAL ESTATE LLC
149 EMERALD STREET LEASING LLC
149 EMERALD STREET REAL ESTATE LLC
1600 EASTCHASE PARKWAY LEASING LLC
1600 EASTCHASE PARKWAY REAL ESTATE LLC
1912 MEMORIAL DRIVE REAL ESTATE LLC
194 WASHINGTON AVENUE LEASING LLC
194 WASHINGTON AVENUE REAL ESTATE LLC
200 GREAT POND DRIVE LEASING LLC
200 GREAT POND DRIVE REAL ESTATE LLC
201 CENTRE DRIVE LEASING LLC
201 CENTRE DRIVE REAL ESTATE LLC
2195 HARLEM ROAD LEASING LLC
2195 HARLEM ROAD REAL ESTATE LLC
2203 GRAND CANAL BOULEVARD LEASING LLC
2203 GRAND CANAL BOULEVARD REAL ESTATE LLC
2302 WINDSONG DRIVE LEASING LLC
2434 SOUTH INTERSTATE 35E LEASING LLC
2434 SOUTH INTERSTATE 35E REAL ESTATE LLC
250 PROGRESSIVE LEASING LLC
250 PROGRESSIVE REAL ESTATE LLC
2547 BRINDLE DRIVE LEASING LLC
2547 BRINDLE DRIVE REAL ESTATE LLC
2974 COPPERCREEK ROAD LEASING LLC
3385 NEWMARK DRIVE LLC
3413 TITTABWASSEE ROAD LEASING LLC
3413 TITTABWASSEE ROAD REAL ESTATE LLC
348 MORRIS AVENUE REAL ESTATE LLC
400 GREENS ROAD LEASING LLC

400 GREENS ROAD REAL ESTATE LLC
4200 PARK AVENUE LEASING LLC
4238 BAY ROAD LEASING LLC
4238 BAY ROAD REAL ESTATE LLC
44 SOUTHPOINT DRIVE LEASING LLC
45 COMMERCE DRIVE LEASING LLC
45 COMMERCE DRIVE REAL ESTATE LLC
4650 WESTWAY PARK BOULEVARD LEASING LLC
4650 WESTWAY PARK BOULEVARD REAL ESTATE LLC
4800 USH 280 LEASING LLC
4800 USH 280 REAL ESTATE LLC
5707 MACCORKLE AVENUE LEASING LLC
5707 MACCORKLE AVENUE REAL ESTATE LLC
7335 GLADIOLOUS LLC
771 CORPORATE DRIVE LEASING LLC
771 CORPORATE DRIVE REAL ESTATE LLC
830 COUNTY ROAD 64 LEASING LLC
830 COUNTY ROAD 64 REAL ESTATE LLC
90 PLEASANT VALLEY STREET LEASING LLC
90 PLEASANT VALLEY STREET REAL ESTATE LLC
BELMON APARTMENT PARTNERS LLC
CATSKILL WINE AND FOOD FESTIVAL LLC
DAMIS HOLDINGS LLC
DAMIS VENTURE LLC
DASMAS LANDCO LLC
EAST HARTFORD PROPERTIES LEASING LLC
EAST HARTFORD PROPERTIES REAL ESTATE LLC
FAIRPLAIN PLAZA LEASING LLC
FAIRPLAIN PLAZA REAL ESTATE LLC
HIGHLAND PARK PARTNERS LLC
MATTESON CENTER LEASING LLC
MATTESON CENTER REAL ESTATE LLC
MONTCLAIR CONDO HOLDINGS LLC
OKLAHOMA WILSHIRE LOFTS LEASING LLC
OKLAHOMA WILSHIRE LOFTS REAL ESTATE LLC
ROCKING HORSE RANCH LANDCO LLC
ROCKING HORSE RANCH OPERATINGCO LLC
SECONDARY PARAGOULD LLC
SIMAD HOLDINGS LLC
SIMAD VENTURE LLC
SOUTH LOOP WEST LEASING LLC
SOUTH LOOP WEST REAL ESTATE LLC
SOUTHWEST OHIO ASSOCIATES LLC
SPLASHDOWN BEACH LANDCO LLC
SPLASHDOWN BEACH OPERATINGCO LLC
STONY CREEK OPERATING CO, LLC

TURNPIKE ROAD HOLDINGS LLC
WG OPERATINGCO LLC
WOODLANDS EAGLE TIMBER LEASING LLC

**Bankruptcy Professionals**
ASSAF RAVID
COLE SCHOTZ P.C.
DANIEL Y. SASSON
FTI CONSULTING, INC.
KROLL RESTRUCTURING ADMINISTRATION
BENJAMIN J. STEELE
B. RILEY SECURITIES, INC.
MIKEWORLDWIDE
FELICE R. YUDKIN
DAVID M. BASS
WARREN A. USATINE
DANIEL J. HARRIS
FAEGRE DRINKER BIDDLE & REATH
IAN J. BAMBRICK
PATRICK A. JACKSON
MICHAEL P. POMPEO
MICHAEL D. SIROTA

**Banks/Lenders/Administrative Agents**
COLUMBIA
FIRST NATIONAL BANK
BYLINE BANK
FIRST CITIZENS BANK
ACE FUNDING SOURCE LLC
ASEND BANK
AGILE CAPITAL FUNDING, LLC
AGILE LENDING, LLC
AMERICAN CHOICE CAPITAL LLC
AUSTIN BUSINESS FINANCE, LLC
BANK IOWA
BANK OF AMERICA
BANK OF CLARK COUNTY
BANK OF NEW HAMPSHIRE
BARZELL
BEACON BANK
BLOC FUNDINGBYLINE BANK
CASHERA PRIVATE CREDIT INC.
CHASE BANK
CLEARVIEW FUNDING GROUP
COMMUNITY BANK
E ADVANCE SERVICES LLC

ENTERGY
FAIRPARK CAPITAL LLC
FINWISE BANK (MULLIGAN FUNDING)
FIRST CITIZENS BANK
FIRST FINANCIALBANK
FUNDERS WEST
FUNDING CLUB LLC
HOMETRUST BANK
IOU FINANCIAL
KETA CONSTRUCTION COMPANY
LIBERTAS
LIFETIME FUNDING LLC D/B/A LIFETIME FUNDING
LNS GROUP LLC D/B/A/ LNS GROUP
THE MERCHANT MARKETPLACE HOLDINGS CORP.
METROPOLITAN PARTNERS GROUP MANAGEMENT, LLC
METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC
MISHMERET TRUST COMPANY LTD
NBT BANK
NORWAY SAVINGS BANK
NEWCO CAPITAL GROUP VI LLC
OCEAN FUNDING CORP.
OPTIMUM LENDING PARTNERS
ORCAFUNDING LLC
PCSB
PROVIDENT BANK
RAMP BANK
REDSTONE ADVANCE INC
TIDEWAY
TD BANK
TRANSPARENCY ADVANCE D/B/A NITRO ADVANCE LLC
UNION BANK
VAULT 26 CAPITAL LLC
WAYNE BANK
WYNWOOD CAPITAL GROUP LLC
OCEAN FUNDING
LNS GROUP 2
ACE
WYNWOOD
MULLIGAN
REDSTONE
NEWCO
OPTIMUM LENDING
NITRO ADVANCE, INC., D/B/A TRANSPARENCY ADVANCE
LIFETIME FUNDING
AUSTIN BUSINESS FINANCE, LLC D/B/A BACKD
VAULT

CASHERA
FUNDING CLUB
AGILE
E ADVANCE SERVICES LLC/JJM ENTERPRISES LLC
ORCA CAPITAL
CLEARVIEW FUNDING
LIBERTAS FUNDING
MERCHANT MARKET
BMA CONTRACTING, INC.
IOU
FAIRPARK CAPITAL
METROPOLITAN PARTNERS GROUP
BARZEL CAPITAL
COMMITTEE OF UNSECURED CREDITORS - SIMAD HOLDINGS, LTD
BLOC FUNDING

**Equity Holders**
EZRIEL FRANKEL
MARK SHER
STACY KOTELOV
LAUREN POPKIN-HERSCHTHAL
ADAM WEINER
JAY FREEDMAN
IVAN BELLOTTO
KARLA BELLOTTO
JOSEPH STANSKY
RONEN GABBAY
DAVID SHABSELS
MICHAEL SHABSELS
GLYNIS CONYER
ALAN SMITH
BETON HOLDINGS LLC
JACOB LABOVITZ
KERRY LABOVITZ

**Insurers**
ALLIANZ GLOBAL CORPORATE & SPECIALTY
BROWN & BROWN OF GARDEN CITY, INC.
CHURCH MUTAL INSURANCE
FEDERAL INSURANCE COMPANY
MIDVALE INDEMNITY COMPANY
PHILADELPHIA INDEMNITY INSURANCE COMANY
RSG UNDERWRITING
THE HARTFORD INSURANCE GROUP
THE TRAVELERS INDEMNITY COMPANY

**Taxing Authorities/Governmental/Regulatory Agencies**

STATE OF NEW JERSEY DEPT OF LABOR
ACCH INCORPORATED
ANDERSEN TAX HOLDINGS LLC
CHESTER COUNTY TREASURER
CITY OF BETHLEHEM
INTERNAL REVENUE SERVICE
NEW YORK DEPT OF STATE
WAKE COUNTY REVENUE DEPT
COMMONWEALTH OF PENNSYLVANIA
HELLO BEE LLC
NORTH CAROLINA DEPARTMENT OF LABOR OSHA
WEST GOSHEN TOWNSHIP
SAN FRANCISCO TAX COLLECTOR
N.C. DEPARTMENT OF REVENUE
NORTH CAROLINA DEPT OF
DELAWARE DEPT OF LABOR
SPRINGFIELD TOWNSHIP
TREASURER LOWER MARION
EDGECOMBE COUNTY TAX COLLECTOR
PENNSYLVANIA HAZARDOUS MATERIAL
GALAXY US OPCO INC.
NEW HAMPSHIRE DIVISION OF EMERGENCY SERVICES AND COMMUNICATIONS
TOWN OF FRANCONIA
PHILADELPHIA DEPARTMENT OF REVENUE
NYC DEPARTMENT OF FINANCE
CONNECTICUT DEPARTMENT OF REVENUE
PENNSYLVANIA DEPARTMENT OF REVENUE
WAKE COUNTY REVENUE DEPARTMENT
ILLINOIS DEPARTMENT OF REVENUE,
NEW JERSEY DIVISION OF TAXATION,
NYS SALES TAX PROCESSING,
NORTH CAROLINA DEPARTMENT OF REVENUE
PA DEPARTMENT OF REVENUE
WEST GOSHEN
MECKLENBURG COUNTY
ANDERSEN TAX LLC
ILLINOIS DEPT. OF REVENUE
MAINE REVENUE SERVICES
LANCASTER COUNTY
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
DURHAM COUNTY, NC
COCALICO SCHOOL DISTRICT
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES

NORTH CAROLINA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
CONNECTICUT DEPT. OF REVENUE SERVICES
ILLINOIS DEPARTMENT OF REVENUE
PENNSYLVANIA DEPT. OF REVENUE
NEW JERSEY DIVISION OF TAXATION
ILLINOIS DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
CONNECTICUT DEPARTMENT OF LABOR
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF NEW JERSEY UNCLAIMED PROPERTY DIVISION
MAINE DEPARTMENT OF THE SECRETARY OF STATE
STATE OF DEPARTMENT OF ENVIRONMENTAL CONSERVATION
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NEW YORK ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE
EEOC PHILADELPHIA DISTRICT OFFICE
STATE OF CONNECTICUT UNCLAIMED PROPERTY DIVISION
STATE OF NORTH CAROLINA UNCLAIMED PROPERTY PROGRAM
MAINE SECRETARY OF STATE
DELAWARE SECRETARY OF STATE
SECRETARY OF STATE NEW JERSEY
NORTH CAROLINA SECRETARY OF STATE
STATE OF CONNECTICUT ATTORNEY GENERAL
STATE OF NORTH CAROLINA ATTORNEY GENERAL
STATE OF PENNSYLVANIA ATTORNEY GENERAL
STATE OF PENNSYLVANIA BUREAU OF CONSUMER PROTECTION
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
SECRETARY OF STATE NORTH CAROLINA
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE-ILLINOIS
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY REGION 2 RCRA PROGRAMS BRANCH
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY BUREAU OF SOLID WASTE MANAGEMENT
STATE OF ILLINOIS ATTORNEY GENERAL
EEOC NEW YORK DISTRICT OFFICE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
STATE OF ILLINOIS UNCLAIMED PROPERTY DIVISION
NORTH CAROLINA DEPARTMENT OF LABOR
NEW YORK DEPARTMENT OF LABOR
STATE OF NEW YORK CONSUMER PROTECTION DIVISION
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY
STATE OF CONNECTICUT CONSUMER PROTECTION DIVISION

ILLINOIS SECRETARY OF STATE
EEOC BUFFALO LOCAL OFFICE
EEOC PITTSBURGH AREA OFFICE
PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION (DEEP)
STATE OF MAINE UNCLAIMED PROPERTY DIVISION
EEOC NEWARK AREA OFFICE
STATE OF PENNSYLVANIA DEPT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE CONNECTICUT
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
SECRETARY OF STATE PENNSYLVANIA
SECRETARY OF STATE NEW YORK
STATE OF NEW YORK UNCLAIMED PROPERTY DIVISION
STATE OF PENNSYLVANIA UNCLAIMED PROPERTY DIVISION
STATE OF NEW JERSEY ATTORNEY GENERAL
NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
STATE OF NEW JERSEY CONSUMER AFFAIRS DIVISION
MAINE DEPARTMENT OF LABOR
DURHAM COUNTY ENGINEERING AND ENVIRONMENTAL SERVICES UTILITIES DIVISION
DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE
HARTFORD DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA
GREELEY SALES TAX DIVISION
D.C. OFFICE OF TAX & REVENUE
OFFICES OF THE UNITED STATES ATTORNEYS
WASHINGTON DC ATTORNEY GENERAL
WAYNE COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
WESTCHESTER COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
PUTNAM COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
WASHINGTON COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
CITY OF GREELEY TAX DEPARTMENT
CITY OF HARTFORD
CITY OF KENT
CITY OF GREENVILLE
COLORADO DEPARTMENT OF REVENUE
DC OFFICE OF FINANCE AND TREASURY
CITY OF WASHINGTON
CONNECTICUT OFFICE OF THE TREASURER
CITY OF LAKEWOOD-FINANCE DEPT.
GREENVILLE BOROUGH TAX COLLECTOR
CONNECTICUT COMMISSIONER OF REVENUE SERVICES
SOUTH STRABANE TOWNSHIP
TOWN OF WINDSOR
WAYNE COUNTY, PA AUDITOR

WASHINGTON TOWNSHIP TREASURER
NORTH FRANKLIN TOWNSHIP
TOWN OF BERLIN
THE DC OFFICE OF TAX AND REVENUE
WASHINGTON COUNTY TREASURER
TOWN OF HAMDEN
MONMOUTH COUNTY NJ COUNTY CONSUMER PROTECTION AGENCY
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS
TOWN OF CATSKILL
TOWN OF THOMPSON
TOWN OF LAKE FOREST
HENDERSONVILLE COUNTY
TOWN OF MERRILL
MANALAPAN TOWNSHIP
BRUNSWICK TOWNSHIP
BURLINGHAM TOWN
GREEN LANE BOROUGH
FRYEBURG TOWN OFFICE
STARRUCCA BOROUGH TAX COLLECTOR
GLEN SPEY TOWN
LONG VALLEY
TOWN OF GUILFORD
SWAN LAKE
TOWN OF BELGRADE
TOWN OF POLAND
TOWN OF EATON

**U.S. Trustee Office**
ADELA ALFARO
ANGELIZA ORTIZ-NG
DANIEL C. KROPIEWNICKI
DAVID GERARDI
FRAN B. STEELE
FRANCYNE D. ARENDAS
JAMES STIVES
JEFFREY SPONDER
KIRSTEN K. ARDELEAN
LAUREN BIELSKIE
MICHAEL ARTIS
PETER J. D'AURIA
RACHEL WOLF
SAMANTHA LIEB
SAVANNA CRUZ
TIA GREEN
TINA L. OPPELT

WILLIAM J. ZIEMER

**Utilities**
8X8, INC.
AMPION
ARCHIE'S INC.
AT&T WIRELESS
AXIOM
BANNON'S SANITATION
BLUE RIDGE
CASELLA WASTE
CASELLA WASTE / PINE TREE
CASSELLA
CASTELLA WASTE
CENTRAL MAINE POWER
CENTRAL MAINE POWER
CENTRAL MAINE POWER (CMP)
COMCAST
COMCAST BUSINESS
COMCAST/XFINITY
COMED
CON EDISON
CONSOLIDATED EDISON
DIRECT FIBER
DUMPSTER NORTH CONWAY INCINERATOR
ELECTRIC CENTRAL MAINE POWER
EVERSOURCE
EVERSOURCE ENERGY
FERREL GAS
FIRMSTONE OIL
FIRST ENERGY (PENELEC)
FIRST LIGHT
FIRSTLIGHT FIBER
FOURLEAF VOICE
FOWLER
GAS DEAD RIVER COMPANY
GORDONS CORNER
GRANITE STATE COMMUNICATIONS
GREGORY'S DISPOSAL
HELIX TELECOM INC.
HIGHHOUSE ENERGY
INTERNET/PHONES CAMP
JCP&L
JCPL
MAINE WATER CO
NEWTEL

NJNG
NORTH SHORE GAS
NYSEG
OOMA
OPTIMUM
OPTIMUM CABLE
ORANGE & ROCKLAND
PECO
PENELEC
PENELEC (FIRST ENERGY)
PPL
PSE&G
REPUBLIC SERVICES
RINGCENTRAL
SANICO
SIPTRUNK
SLIC
SOUTH BRUNSWICK WATER UTILITY
SPECTRUM
SPECTRUM BUSINESS
SPECTRUM MOBILE
STARLINK
SUBURBAN PROPANE
TELESYS AND STARLINK
THOMPSON SANITATION
TOWN OF GREENBURGH
TOWN OF HILLSBOROUGH
UBIQUITI
UNIFI PROTECT
VERIZON
VERIZON BUSINESS
VERIZON WIRELESS
VONAGE
WASTE MANAGEMENT
WASTE MANAGEMENT
WASTE MANAGEMENT OF NEW HAMPSHIRE
WASTE MANAGEMENT OF NEW JERSEY, INC.
WELSH SANITATION SERVICE
WIN WASTE INNOVATIONS
ZOOM

**Vendors**
ABBIE SOPHIA, LLC
AIFS CAMP AMERICA
AMUSEMENT SUPPLY CO
B&B ELECTRIC, LLC

BD CAMP TRIPS
BERNAS CONSTRUCTION LLC
BMA CONTRACTING, INC
BROWN COACH, INC.
CAMP LEADERS (SMALLER EARTH LIMITED)
CAROLINA GOLF CARS
CAROLINA LANDSCAPE MANAGEMENT
CBH ELECTRIC INC
COUNTY LINE SHEDS
CRUSTERS
CUSTOM POOLS & SPAS
DRISCOLL FOODS
FRANKEL DISPOSABLES B
FRANKEL DISPOSABLES G
GZA INC.
HALES BUS GARAGE
HOFFMAN PRODUCTIONS, INC
HOME DEPOT CREDIT SERVICES
IENA
IVY OAKS
IVY OAKS ANALYTICS
JOHN ROSS, INC
KOSHERLINE LLC
LOWE'S
MTC DJ SERVICE
NYSIF WORKERS' COMPENSATION
OXFORD HEALTH PLANS
POLJAK ASSOCIATES
POND HILL RANCH
ROYAL KOSHER B
RYCHIK DESIGN & CONSTRUCTION CO., INC.
SIMPLY SUSHI
TRI STATE BUSSING LLC
UPSTATE DAIRY/ GOLDEN FLOW- BOYS KITCHEN
WATERMARK LANDSCAPE ARCHITECTURE
WYDE LUMBER & SUPPLY

# SCHEDULE 2

**(Current, Former, and Closed Clients)**

**CURRENT[1] CLIENTS[2]**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Robinson + Cole Client |
|---|---|
| Allianz Global Corporate and Specialty | Allianz Global Corporate and Specialty; Allianz SE |
| AT&T Wireless | AT&T Corporation |
| Bank of America, N.A. | Bank of America, N.A. |
| Casella Waste; Casella Waste / Pine Tree | Casella Waste Systems, Inc. |
| Cole Schotz | Cole Schotz P.C. |
| Comcast; Comcast Business; Comcast/Xfinity | Comcast Corp.; Comcast Business Communications Inc.; Comcast Corporation; Comcast Spectacor, Inc. |
| Federal Insurance Company | Federal Insurance Company; Chubb & Son Inc.; Federal Insurance Company affiliates within Chubb matters |
| First Citizens Bank & Trust | First-Citizens Bank & Trust Company |
| Hartford Insurance Group, Inc., The | The Hartford; Hartford Insurance Group; Hartford Life Insurance Company; Hartford Fire Insurance Company |
| JP Morgan Chase Bank, N.A. | JPMorgan Chase Bank, N.A. |
| JPM Capital Corporation | JPM Capital Corporation; JPMorgan Chase Bank, N.A. |
| Oxford Health Plans | Oxford Health Plans, LLC; Oxford Health Plans, Inc.; United Healthcare Services Inc.; United Health Group Inc. |
| Philadelphia Indemnity Insurance Company | Philadelphia Indemnity Insurance Company |
| PPL | PPL Services Corporation; PPL Electric Utilities Corporation; PPL Holdings LLC |
| Provident Bank | Provident Bank |
| Spectrum; Spectrum Business; Spectrum Mobile, LLC | Spectrum New York Metro, LLC; Spectrum Northeast, LLC; Spectrum Mobile, LLC; |

[1] The term "current client" means a client to whom time was posted in the 12 months preceding July 10, 2026, the date that the Committee selected R+C as its proposed counsel.

[2] R+C may currently represent or have previously represented certain affiliates of the entities disclosed herein, and the disclosure is accordingly broad in scope.

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Robinson + Cole Client |
|---|---|
| | Spectrum NLP, LLC; Charter Communications affiliates |
| TD Bank, N.A. | TD Bank, N.A. |
| The Travelers Indemnity Company | The Travelers Indemnity Company; Travelers Indemnity Company; Travelers Companies Inc. |
| Verizon; Verizon Wireless | Verizon Wireless; Verizon New England; Verizon Wireless - Real Estate; Verizon Wireless New England East |

**FORMER[1] CLIENTS**

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity that is a Closed Robinson & Cole Client |
|---|---|
| Chase Bank USA, N.A. | Chase Bank USA, N.A. |
| 12 Cambridge Drive Realty LLC | 12 Cambridge Drive Realty LLC |

[1] The term "former client" means a client to whom time was posted 36 months preceding July 10, 2026, the date that the Committee selected R+C as its proposed counsel, but for whom no time has been posted in the 12 months preceding July 10, 2026.

**EXHIBIT C**

**(Smith Brown Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF KELLY SMITH BROWN IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY ROBINSON & COLE LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE JULY 10, 2026**

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

I, Kelly Smith Brown, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am Kelly Smith Brown, and I serve as Chairperson of the Committee in these chapter 11 cases (the "Chapter 11 Cases"). I am authorized to submit this Declaration on behalf of the Committee.

2. On July 9, 2026, the Office of the United States Trustee for Regions 3 and 9 (the "United States Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. I was appointed as a member of the Committee and designated to serve as its Chairperson.

3. I have reviewed and am familiar with the contents of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Robinson & Cole LLP as Co-Counsel Effective July 10, 2026* (the "Application"). In support of the Application, the Committee also relies upon the declaration of Brya M. Keilson (the "Keilson Declaration"), which is attached to the Application.

4. I submit this Declaration in support of the Committee's Application seeking authorization to retain Robinson & Cole LLP ("R+C") as co-counsel to the Committee pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and the applicable Local Rules, effective as of July 10, 2026.

5. Following its appointment, the Committee interviewed five qualified restructuring law firms possessing significant experience representing official committees of unsecured creditors in complex chapter 11 cases. The Committee carefully evaluated each firm's qualifications, experience, staffing, responsiveness, litigation capabilities, and experience representing creditor constituencies in large chapter 11 proceedings before selecting counsel.

6. After considering the firms' respective qualifications and conducting its selection process, the Committee unanimously selected R+C to serve as its co-counsel in these Chapter 11 Cases.

7. In my capacity as Chairperson, I participated in the Committee's discussions regarding the selection of counsel. The Committee's decision was based upon R+C's substantial experience representing official committees of unsecured creditors in complex chapter 11 proceedings, its extensive restructuring and litigation experience, the depth of its bankruptcy practice, its ability to respond quickly to the needs of the Committee, its experience in the United States Bankruptcy Court for the District of New Jersey, and its familiarity with the issues likely to arise during these cases. The Committee concluded that retaining R+C is necessary and appropriate to enable it to fulfill its statutory duties under the Bankruptcy Code and to protect the interests of unsecured creditors.

8. R+C has discussed with the Committee the connections disclosed in the Keilson Declaration. Based upon the disclosures made by R+C and the explanations provided to the Committee, I understand that those connections do not preclude R+C from representing the Committee in these Chapter 11 Cases.

9. The Committee has reviewed and discussed with R+C the firm's proposed compensation structure and hourly billing rates. Based upon the information provided by R+C, I understand that the professionals expected to be principally responsible for this engagement presently bill at the following hourly rates:

| Attorney | Title | Hourly Rate |
|---|---|---|
| Rachel Mauceri | Partner | $1350 |
| Brya Keilson | Partner | $1350 |
| Evan Lazerowitz | Counsel | $1160 |
| Destiney Parker-Thompson | Associate | $700 |
| Amanda Donato | Associate | $525 |

| Attorney | Title | Hourly Rate |
|---|---|---|
| Alyssa Merkey | Paralegal | $540 |

10. These rates are consistent with those set forth in the Application.

11. I understand that these hourly rates are R+C's ordinary and customary rates for services of this nature and that the firm periodically adjusts its rates in the ordinary course of business. Based upon the Committee's discussions with R+C and my understanding of the services to be performed, I believe the proposed rates are reasonable.

12. I understand that R+C will seek compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and any compensation procedures established by this Court.

13. I further understand that the United States Trustee and other appropriate parties will have the opportunity to review R+C's fee applications.

14. I further understand that, for so long as the Committee remains active, R+C will provide the Committee with periodic budgets and staffing information, furnish copies of its fee applications, and provide the Committee with an opportunity to review the fees and expenses incurred in connection with this engagement before seeking allowance from the Court.

15. I am authorized to execute and submit this Declaration on behalf of the Committee. If called upon to testify, I could and would testify competently to the matters set forth herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed: August 5, 2026

*/s/ Kelly Smith Brown*
Kelly Smith Brown

# **Exhibit B**

Certification of Evan M. Lazerowitz

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br>SIMAD HOLDINGS LTD., *et al.*,<br>Debtors.[4] | Chapter 11<br>Case No. 26-16388 (CMG)<br>(Jointly Administered) |

# CERTIFICATION OF EVAN M. LAZEROWITZ

Evan M. Lazerowitz, under penalty of perjury, certifies as follows:

4 A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1. I am counsel at the law firm of Robinson & Cole LLP ("R&C"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases of SIMAD Holdings Ltd., *et al.* (the "Debtors").

2. I respectfully submit this certification in support of the *First Interim Application for Compensation for Services Rendered and Reimbursement of Expenses of Robinson & Cole LLP as Co-Counsel to The Official Committee of Unsecured Creditors for the Period from July 10, 2026 through October 31, 2026* (the "Application").

3. In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Debtors, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors or their estates.

4. In accordance with § 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Debtors herein, nor will any division of fees prohibited by § 504 of the Bankruptcy Code be made by me, or any partner or associate of my firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 16, 2026

By: */s/ Evan M. Lazerowitz*
Evan M. Lazerowitz

**Exhibit C**

Budget and Staffing Plan

**Official Committee of Unsecured Creditors**
**SIMAD Holdings LTD., *et al.***
Case No. 26-16388 (CMG)

**Robinson & Cole LLP Budget**
July 2026

| **Project Category** | | **Estimated Hours** | | | **Estimated Fees** | | | |
|---|---|---|---|---|---|---|---|---|
| Code | Description | Low | High | | Low | | High | |
| 1 | Asset Analysis | 4 | 5 | | $ | 3,752 | $ | 4,690 |
| 2 | Asset Disposition | 75 | 80 | | $ | 70,350 | $ | 75,040 |
| 3 | Assumption and Rejection of Leases and Contracts | 2 | 2 | | $ | 1,876 | $ | 1,876 |
| 4 | Avoidance Action Analysis | 0 | 0 | | $ | - | $ | - |
| 5 | Business Operations | 2 | 2 | | $ | 1,876 | $ | 1,876 |
| 6 | Case Administration | 80 | 86 | | $ | 75,040 | $ | 80,668 |
| 7 | Claims Administration and Objections | 0 | 0 | | $ | - | $ | - |
| 10 | Employment and Fee Applications (RC) | 14 | 15 | | $ | 13,132 | $ | 14,070 |
| 11 | Employment and Fee Applications (Others) | 8 | 12 | | $ | 7,504 | $ | 11,256 |
| 12 | Financing, Cash Collateral | 40 | 45 | | $ | 37,520 | $ | 42,210 |
| 13 | Litigation/Adversary Matters | 95 | 105 | | $ | 89,110 | $ | 98,490 |
| 14 | Meetings and Communications with Creditors | 12 | 15 | | $ | 11,256 | $ | 14,070 |
| 15 | Non-Working Travel | 0 | 0 | | $ | - | $ | - |
| 16 | Plan and Disclosure Statement | 1 | 1 | | $ | 938 | $ | 938 |
| 17 | Relief from Stay and Adequate Protection | 1 | 2 | | $ | 938 | $ | 1,876 |
| 18 | Tax | 1 | 2 | | $ | 938 | $ | 1,876 |
| 19 | Valuation | 1 | 1 | | $ | 938 | $ | 938 |
| 21 | Hearings | 3 | 5 | | $ | 2,814 | $ | 4,690 |
| 22 | First and Second Day Motions | 3 | 5 | | $ | 2,814 | $ | 4,690 |
| 23 | Lien Investigation | 1 | 2 | | $ | 938 | $ | 1,876 |
| 24 | Intercompany Claims | 3 | 5 | | $ | 2,814 | $ | 4,690 |
| 25 | Other Motions/Applications | 3 | 5 | | $ | 2,814 | $ | 4,690 |
| 29 | Committee Meetings and TCC Member Communi | 6 | 8 | | $ | 5,628 | $ | 7,504 |
| | **TOTAL** | **355** | **403** | | **$** | **332,990** | **$** | **378,014** |

**Official Committee of Unsecured Creditors**
**SIMAD Holdings LTD., *et al.***
Case No. 26-16388 (CMG)

**Robinson & Cole LLP Budget**
August 2026

| **Project Category** | | **Estimated Hours** | | | **Estimated Fees** | |
|---|---|---|---|---|---|---|
| Code | Description | Low | High | | Low | High |
| 1 | Asset Analysis | 45 | 50 | | $ 42,210 | $ 46,900 |
| 2 | Asset Disposition | 37 | 45 | | $ 34,706 | $ 42,210 |
| 3 | Assumption and Rejection of Leases and Contracts | 2 | 2 | | $ 1,876 | $ 1,876 |
| 4 | Avoidance Action Analysis | 0 | 0 | | $ - | $ - |
| 5 | Business Operations | 1 | 1 | | $ 938 | $ 938 |
| 6 | Case Administration | 70 | 75 | | $ 65,660 | $ 70,350 |
| 7 | Claims Administration and Objections | 15 | 18 | | $ 14,070 | $ 16,884 |
| 10 | Employment and Fee Applications (RC) | 65 | 70 | | $ 60,970 | $ 65,660 |
| 11 | Employment and Fee Applications (Others) | 40 | 44 | | $ 37,520 | $ 41,272 |
| 12 | Financing, Cash Collateral | 27 | 30 | | $ 25,326 | $ 28,140 |
| 13 | Litigation/Adversary Matters | 85 | 98 | | $ 79,730 | $ 91,924 |
| 14 | Meetings and Communications with Creditors | 8 | 10 | | $ 7,504 | $ 9,380 |
| 15 | Non-Working Travel | 0 | 0 | | $ - | $ - |
| 16 | Plan and Disclosure Statement | 1 | 1 | | $ 938 | $ 938 |
| 17 | Relief from Stay and Adequate Protection | 1 | 2 | | $ 938 | $ 1,876 |
| 18 | Tax | 1 | 1 | | $ 938 | $ 938 |
| 19 | Valuation | 0 | 0 | | $ - | $ - |
| 21 | Hearings | 10 | 15 | | $ 9,380 | $ 14,070 |
| 22 | First and Second Day Motions | 3 | 5 | | $ 2,814 | $ 4,690 |
| 23 | Lien Investigation | 58 | 60 | | $ 54,404 | $ 56,280 |
| 24 | Intercompany Claims | 3 | 5 | | $ 2,814 | $ 4,690 |
| 25 | Other Motions/Applications | 2 | 2 | | $ 1,876 | $ 1,876 |
| 29 | Committee Meetings and TCC Member Communi | 15 | 20 | | $ 14,070 | $ 18,760 |
| | **TOTAL** | **489** | **554** | | **$ 458,682** | **$ 519,652** |

**Official Committee of Unsecured Creditors**
**SIMAD Holdings LTD., *et al.***
Case No. 26-16388 (CMG)

**Robinson & Cole LLP Budget**
September 2026

| **Project Category** | | **Estimated Hours** | | **Estimated Fees** | |
|---|---|---|---|---|---|
| Code | Description | Low | High | Low | High |
| 1 | Asset Analysis | 9 | 10 | $ 8,442 | $ 9,380 |
| 2 | Asset Disposition | 5 | 6 | $ 4,690 | $ 5,628 |
| 3 | Assumption and Rejection of Leases and Contracts | 1 | 2 | $ 938 | $ 1,876 |
| 4 | Avoidance Action Analysis | 0 | 0 | $ - | $ - |
| 5 | Business Operations | 1 | 1 | $ 938 | $ 938 |
| 6 | Case Administration | 80 | 88 | $ 75,040 | $ 82,544 |
| 7 | Claims Administration and Objections | 15 | 18 | $ 14,070 | $ 16,884 |
| 10 | Employment and Fee Applications (RC) | 17 | 18 | $ 15,946 | $ 16,884 |
| 11 | Employment and Fee Applications (Others) | 16 | 17 | $ 15,008 | $ 15,946 |
| 12 | Financing, Cash Collateral | 55 | 58 | $ 51,590 | $ 54,404 |
| 13 | Litigation/Adversary Matters | 98 | 114 | $ 91,924 | $ 106,932 |
| 14 | Meetings and Communications with Creditors | 8 | 13 | $ 7,504 | $ 12,194 |
| 15 | Non-Working Travel | 0 | 0 | $ - | $ - |
| 16 | Plan and Disclosure Statement | 7 | 10 | $ 6,566 | $ 9,380 |
| 17 | Relief from Stay and Adequate Protection | 1 | 2 | $ 938 | $ 1,876 |
| 18 | Tax | 1 | 1 | $ 938 | $ 938 |
| 19 | Valuation | 0 | 0 | $ - | $ - |
| 21 | Hearings | 7 | 9 | $ 6,566 | $ 8,442 |
| 22 | First and Second Day Motions | 1 | 1 | $ 938 | $ 938 |
| 23 | Lien Investigation | 35 | 45 | $ 32,830 | $ 42,210 |
| 24 | Intercompany Claims | 2 | 4 | $ 1,876 | $ 3,752 |
| 25 | Other Motions/Applications | 4 | 8 | $ 3,752 | $ 7,504 |
| 29 | Committee Meetings and TCC Member Communi | 22 | 25 | $ 20,636 | $ 23,450 |
| | **TOTAL** | **385** | **450** | **$ 361,130** | **$ 422,100** |

**Official Committee of Unsecured Creditors**
**SIMAD Holdings LTD., *et al.***
Case No. 26-16388 (CMG)

**Robinson & Cole LLP Budget**
October 2026

| **Project Category** | | **Estimated Hours** | | **Estimated Fees** | |
|---|---|---|---|---|---|
| Code | Description | Low | High | Low | High |
| 1 | Asset Analysis | 8 | 10 | $ 7,504 | $ 9,380 |
| 2 | Asset Disposition | 7 | 9 | $ 6,566 | $ 8,442 |
| 3 | Assumption and Rejection of Leases and Contracts | 1 | 1 | $ 938 | $ 938 |
| 4 | Avoidance Action Analysis | 0 | 0 | $ - | $ - |
| 5 | Business Operations | 1 | 1 | $ 938 | $ 938 |
| 6 | Case Administration | 70 | 73 | $ 65,660 | $ 68,474 |
| 7 | Claims Administration and Objections | 2 | 2 | $ 1,876 | $ 1,876 |
| 10 | Employment and Fee Applications (RC) | 17 | 18 | $ 15,946 | $ 16,884 |
| 11 | Employment and Fee Applications (Others) | 8 | 10 | $ 7,504 | $ 9,380 |
| 12 | Financing, Cash Collateral | 10 | 14 | $ 9,380 | $ 13,132 |
| 13 | Litigation/Adversary Matters | 98 | 108 | $ 91,924 | $ 101,304 |
| 14 | Meetings and Communications with Creditors | 10 | 12 | $ 9,380 | $ 11,256 |
| 15 | Non-Working Travel | 0 | 0 | $ - | $ - |
| 16 | Plan and Disclosure Statement | 68 | 72 | $ 63,784 | $ 67,536 |
| 17 | Relief from Stay and Adequate Protection | 1 | 1 | $ 938 | $ 938 |
| 18 | Tax | 3 | 5 | $ 2,814 | $ 4,690 |
| 19 | Valuation | 0 | 0 | $ - | $ - |
| 21 | Hearings | 17 | 20 | $ 15,946 | $ 18,760 |
| 22 | First and Second Day Motions | 0 | 0 | $ - | $ - |
| 23 | Lien Investigation | 10 | 14 | $ 9,380 | $ 13,132 |
| 24 | Intercompany Claims | 10 | 12 | $ 9,380 | $ 11,256 |
| 25 | Other Motions/Applications | 5 | 6 | $ 4,690 | $ 5,628 |
| 29 | Committee Meetings and TCC Member Communi | 6 | 8 | $ 5,628 | $ 7,504 |
| | **TOTAL** | **352** | **396** | **$ 330,176** | **$ 371,448** |

**Official Committee of Unsecured Creditors**
**SIMAD Holdings LTD., *et al.***
Case No. 26-16388 (CMG)

**Robinson & Cole LLP Staffing Plan**
July 10, 2026 through October 31, 2026

| **Category of Timekeeper** | **Total Number** | **Estimated Average Hourly Rate[(1)]** |
|---|---|---|
| Partner | | $ 1,350.00 |
| Counsel | | $ 1,160.00 |
| Associate | | $ 612.50 |
| Paralegal | | $ 540.00 |

Notes:
(1) Actual average hourly rate will vary with seniority of resources, and may be higher for some workstreams than others.