**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**FEE APPLICATION COVER SHEET FOR THE PERIOD**
**JULY 10, 2026 THROUGH AND INCLUDING OCTOBER 31, 2026**

| | |
|---|---|
| In re: SIMAD Holdings Ltd., *et al.*[1] | Applicant: McDermott Will & Schulte LLP ("McDermott") |
| Case No: 26-16388 (CMG) | Client: The Official Committee of Unsecured Creditors |
| Chapter: 11 | Case Filed: June 4 and June 5, 2026 |

☒ Interim Fee Application No. 1 or ☐ Final Fee Application

**SECTION I**
**FEE SUMMARY**

| SUMMARY OF AMOUNTS REQUESTED FROM JULY 10, 2026 THROUGH OCTOBER 31, 2026 | FEES | EXPENSES |
|---|---|---|
| Total Previously Requested:[2] | $4,531,500.25 | $5,492.52 |
| Total Allowed by Interim Order to Date: | $0.00 | $0.00 |
| Total Retainer Remaining: | $0.00 | $0.00 |
| Total Holdback/Unpaid Amounts:[3] | $1,585,236.05 | $348.24 |
| Total Received by Applicant: | $2,946,264.20 | $5,144.28 |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

[2] This Interim Fee Application seeks allowance of fees and expenses for October 1, 2026 through October 31, 2026 (the "October Fees"), set forth in the Fourth Monthly Statement [Docket No. 1524], filed contemporaneously herewith. The objection deadline for the Fourth Monthly Statement is November 30, 2026, and McDermott has received no payment on account of the October Fees. McDermott will file a supplemental notice before the hearing on this Interim Fee Application stating whether any objections to the Fourth Monthly Statement were received.

[3] Consists of (a) the 20% holdbacks of $277,630.95, $237,589.10, and $221,346.00 on fees requested in the First Monthly Statement, Second Monthly Statement, and Third Monthly Statement, respectively, and (b) unpaid fees of $848,670.00 and expenses of $348.24 requested in the Fourth Monthly Statement.

| NAME | TITLE | DEPARTMENT | YEAR ADMITTED | RATE | HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|---|---|
| Michael Wilder | Partner | Tax | 1995 (DC) | $2,415.00 | 14.60 | $35,259.00 |
| David Momborquette | Partner | Trial | 1992 (NY) | $2,315.00 | 199.00 | $460,685.00 |
| Jared Gerber | Partner | Trial | 2008 (NY) | $2,080.00 | 31.30 | $65,104.00 |
| Michael Bruno | Partner | Tax | 2012 (FL)<br>2013 (NY) | $2,025.00 | 7.30 | $14,782.50 |
| Kristin Going | Partner | Restructuring | 2002 (MD)<br>2004 (DC)<br>2011 (NY) | $1,960.00 | 98.30 | $192,668.00 |
| Zena Ho | Partner | Real Estate | 2009 (CA) | $1,950.00 | 1.00 | $1,950.00 |
| Riley Orloff | Partner | Corporate | 2015 (NJ)<br>2016 (NY) | $1,885.00 | 2.20 | $4,147.00 |
| Darren Azman | Partner | Restructuring | 2011 (NY, MA) | $1,860.00 | 161.30 | $300,018.00 |
| Deanna Boll | Counsel | Restructuring | 1998 (NJ)<br>2000 (NY) | $1,705.00 | 5.60 | $9,548.00 |
| Kristine Suh | Counsel | Corporate | 1997 (CA) | $1,705.00 | 154.70 | $263,763.50 |
| Rachel Biblo Block | Counsel | Restructuring | 2014 (DE)<br>2015 (TX) | $1,650.00 | 610.40 | $1,007,160.00 |
| | | | | $825.00 | 9.50 | $7,837.50 |
| Josh Stein | Counsel | Corporate | 2015 (GA) | $1,555.00 | 2.70 | $4,198.50 |
| Daniel Thomson | Associate | Restructuring | 2019 (NY) | $1,645.00 | 191.10 | $314,359.50 |
| Graciany Miranda | Associate | Corporate | 2019 (NY) | $1,625.00 | 20.60 | $33,475.00 |
| Mitch DaSilva | Associate | Corporate | 2021 (NY)<br>2022 (MA) | $1,535.00 | 8.40 | $12,894.00 |
| Carmen Dingman | Associate | Restructuring | 2021 (IL) | $1,535.00 | 328.50 | $504,247.50 |
| | | | | $767.50 | 15.10 | $11,589.25 |
| Anna Sikorski | Associate | Corporate | 2021 (IL) | $1,480.00 | 27.00 | $39,960.00 |
| Brandon Sarkauskas | Associate | Corporate | 2021 (IL) | $1,480.00 | 7.30 | $10,804.00 |
| Johnathan Terry | Associate | Trial | 2024 (NY) | $1,260.00 | 306.30 | $385,938.00 |
| Lauren Knight | Associate | Restructuring | 2024 (IL) | $1,125.00 | 313.10 | $352,237.50 |
| Matt Adams | Associate | Corporate | 2024 (CA) | $1,125.00 | 11.90 | $13,387.50 |
| Annmarie Gruick | Associate | Restructuring | 2025 (NY) | $1,125.00 | 1.40 | $1,575.00 |
| Sam Horowitz | Associate | Real Estate | 2025 (IL) | $985.00 | 23.00 | $22,655.00 |
| Jordan Zaia | Associate | Trial | 2026 (NY) | $985.00 | 0.70 | $689.50 |
| Ruosi Wang | Associate | Restructuring | 2026 (NY) | $985.00 | 63.50 | $62,547.50 |
| Jeremy Weiss | Associate | Restructuring | 2026 (NY) | $985.00 | 338.70 | $333,619.50 |
| Daniel Northrop | Specialist | Restructuring | | $910.00 | 2.90 | $2,639.00 |
| Nova Alindogan | Paralegal Specialist | Restructuring | | $910.00 | 39.20 | $35,672.00 |
| Jessica Hirshon | Paralegal | Finance | | $690.00 | 21.70 | $14,973.00 |
| Ed Kwon | Manager | Discovery | | $675.00 | 3.30 | $2,227.50 |
| Janet Gorodetsky | Manager | Discovery | | $640.00 | 6.90 | $4,416.00 |
| Daniel Valentino | Senior Analyst | Discovery | | $315.00 | 9.70 | $3,055.50 |
| Fitalesh Belayneh | Senior Analyst | Discovery | | $315.00 | 4.50 | $1,417.50 |
| | | | | **TOTAL** | **3,042.70** | **$4,531,500.25** |

## Summary of Amounts Requested for the Period July 10, 2026 through October 31, 2026

| | AMOUNT |
|---|---|
| Fee Total: | $4,531,500.25 |
| Expense Total: | $5,492.52 |
| **Grand Total:** | **$4,536,992.77** |
| Fees Previously Paid or to be Paid (80%): | $3,625,200.20 |
| Expenses Previously Paid or to be Paid (100%): | $5,492.52 |
| Total Amount Previously Paid or to be Paid: | $3,630,692.72 |
| **Total Amount Requested to be Paid in this Interim Fee Application** | **$906,300.05** |

## SECTION II
## SUMMARY OF SERVICES

| TASK CODE | PROJECT CATEGORY | GENERAL DESCRIPTION | HOURS | FEES |
|---|---|---|---|---|
| B110 | Case Administration | Critical workstream coordination; tasks related to case strategy in the chapter 11 cases; docket monitoring; contacts with the U.S. Trustee | 224.30 | $283,028.00 |
| B120 | Asset Analysis and Recovery | Identification and review of potential causes of actions on behalf of unsecured creditors | 17.50 | $24,213.00 |
| B130 | Asset Disposition | Analysis, due diligence, acquisitions, dispositions and other postpetition uses of estate property | 369.20 | $575,012.50 |
| B140 | Relief from Stay/Adequate Protection Proceedings | Matters relating to termination or continuation of the automatic stay and motions for adequate protection | 1.30 | $1,995.50 |
| B150 | Mtgs/Communications w/Creditor | Preparing for and attending Committee meetings; communications with creditor constituencies; minutes and notes | 367.00 | $524,123.00 |
| B155 | Court Hearings | Preparing for and attending court hearings | 88.70 | $138,457.00 |
| B160 | Fee/Employment Applications | Preparing McDermott's retention application and supplements, including engagement with the office of the U.S. Trustee; monthly fee statements, including pro forma time review | 133.00 | $166,081.50 |
| B170 | Fee Employment Objections | Reviewing retention applications and fee statements of other professionals | 6.20 | $9,795.00 |
| B180 | Avoidance Action Analysis | Investigation (including formal discovery) and analysis of prepetition transactions and assessment of potential claims and causes of action | 50.40 | $104,215.00 |
| B185 | Assumption/Rejection of Leases | Analysis of contracts and leases; assumption, assignment, or rejection of executory contracts and unexpired leases | 8.20 | $11,011.00 |
| B190 | Other Contested Matters | Analysis and preparation of all other motions, opposition to motions, and reply memoranda in support of motions | 28.70 | $50,112.00 |
| B195 | Non-Working Travel | All time spent traveling and not otherwise chargeable; billed at one-half rate | 24.60 | $19,426.75 |
| B210 | Business Operations | General matters involving the Debtors' business operations | 2.50 | $3,260.50 |
| B220 | Employee Benefits/Pensions | Review of such issues such as compensation, severance, and retention | 7.40 | $9,303.50 |
| B230 | Financing/Cash Collections | Negotiation and documentation of DIP financing; all cash collateral issues; review and analysis into the validity, priority, and enforceability of liens | 1,384.20 | $2,140,125.50 |

| TASK CODE | PROJECT CATEGORY | GENERAL DESCRIPTION | HOURS | FEES |
|---|---|---|---|---|
| B240 | Tax Issues | Analysis of income, property, excise, and other tax matters | 30.40 | $64,934.50 |
| B250 | Real Estate | Review and analysis of real estate matters, including purchase agreements and lease provisions | 35.00 | $37,064.00 |
| B270 | Utilities | Review of matters relating to utility service and adequate assurance | 0.70 | $1,074.50 |
| B280 | Vendor Matters | Review of matters relating to vendor communications and issues including critical vendor relief | 6.40 | $8,822.00 |
| B290 | Insurance | Review and analysis of the Debtors' insurance policies | 4.90 | $6,381.00 |
| B310 | Claims Administration & Objections | Specific claim inquiries and investigations; bar date order; analyses, objections, and allowances of claims | 60.60 | $87,104.50 |
| B320 | Plan and Disclosure Statement | Review, formulation, negotiations of plans, disclosure statement, and related documentation and research | 70.30 | $111,004.00 |
| B410 | Gen Bankruptcy Advice/Opinions | Review, research, and advice regarding general bankruptcy issues | 20.40 | $14,076.00 |
| B470 | Litigation | Review, discovery, and analyses regarding general litigation issues not covered under other bankruptcy-related task codes | 100.80 | $140,880.00 |
| | | **TOTAL** | **3,042.70** | **$4,531,500.25** |

## SECTION III
## SUMMARY OF EXPENSES

| DESCRIPTION | AMOUNT |
|---|---|
| Business Meals | $88.24 |
| Company Search Fees | $23.49 |
| Discovery Platform | $1,271.20 |
| Transportation/Parking | $158.85 |
| Travel Expenses | $3,950.74 |
| **TOTAL** | **$5,492.52** |

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED

| | |
|---|---|
| /s/ *Darren Azman* | November 16, 2026 |
| Darren Azman | Date |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br>SIMAD HOLDINGS LTD., *et al.*,<br>Debtors.[1] | Chapter 11<br>Case No.: 26-16388 (CMG)<br>(Jointly Administered) |

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**FIRST INTERIM FEE APPLICATION OF
MCDERMOTT WILL & SCHULTE LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE
PERIOD FROM JULY 10, 2026 THROUGH AND INCLUDING OCTOBER 31, 2026**

McDermott Will & Schulte LLP ("McDermott"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of SIMAD Holdings Ltd., *et al.* (the "Debtors") hereby submits this application (the "Interim Fee Application") for entry of an order, substantially in the form of **Exhibit F**, pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 550] (the "Interim Compensation Order"), and the *Order Authorizing the Employment and Retention of McDermott Will & Schulte LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of July 10, 2026* [Docket No. 937] (the "Retention Order") for allowance of compensation for services rendered in the amount of $4,531,500.25 and reimbursement of expenses in the amount of $5,492.52 for the period from July 10, 2026 through October 31, 2026 (the "Compensation Period"). In support of the Interim Fee Application, McDermott respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction to consider the Interim Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 330, 331, and 1103 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

4. This Interim Fee Application has been prepared in accordance with the Local Rules and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (effective as of November 1, 2013) (the "U.S. Trustee Guidelines," and together with the Local Rules, the "Guidelines").

## BACKGROUND

### A. The Chapter 11 Cases

5. On June 4, 2026 and June 5, 2026 (together, the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court (the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. On July 9, 2026, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 438]. No trustee or examiner has been appointed in these chapter 11 cases.

7. On July 10, 2026, the Committee selected McDermott and Robinson & Cole LLP ("RC") as co-counsel. On July 10, 2026, the Committee selected M3 Advisory Partners, LP ("M3") as financial advisor.

**B. The Retention of McDermott**

8. On August 3, 2026, the Committee filed the *Application of the Official Committee of Unsecured Creditors to Retain and Employ McDermott Will & Schulte LLP as Counsel Effective July 10, 2026* [Docket No. 773] (the "Application"). On August 25, 2026, the Court entered the Retention Order.

9. Pursuant to the Retention Order, McDermott was employed to represent the Committee as bankruptcy counsel in connection with these Chapter 11 Cases, effective as of July 10, 2026. The Retention Order authorized McDermott to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. A copy of the Retention Order is attached hereto as **Exhibit E**.

10. All services for which compensation is requested by McDermott were performed on behalf of the Committee. All expenses for which reimbursement is requested were incurred on behalf of the Committee and were actual and necessary to the performance of McDermott's services.

11. No agreement or understanding exists between McDermott and any other person other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 11 Cases, nor shall McDermott share or agree to share compensation received for services rendered in connection with these Chapter 11 Cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

**C. The Interim Compensation Order**

12. On June 22, 2026, the Debtors filed the *SIMAD Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court*

[Docket No. 204] (the "Interim Compensation Motion"), and on July 20, 2026, the Court entered the Interim Compensation Order.

13. The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in the Chapter 11 Cases. Specifically, the Interim Compensation Order provides that, upon expiration of the Objection Deadline (as defined in the Interim Compensation Order) for a Monthly Fee Statement (as defined in the Interim Compensation Order), a Professional (as defined in the Interim Compensation Motion) may file a certification of no objection or certification of partial objection and receive 80 percent of the fees and 100 percent of the expenses not subject to an objection, and may seek authorization in its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection. The Interim Compensation Order further provides that a Professional who has received monthly payments must, at four-month intervals (the "Interim Fee Period") or such other intervals directed by the Court, file and serve an Interim Fee Application (as defined in the Interim Compensation Order) for allowance of the compensation and reimbursement of expenses sought in the Monthly Fee Statements issued during the applicable Interim Fee Period, on or before the 45th day after the end of such Interim Fee Period.

**D. Monthly Fee Statements**

14. On August 28, 2026, McDermott filed its *First Monthly Fee Statement of McDermott Will & Schulte LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of July 10, 2026 Through July 31, 2026* [Docket No. 1034] (the "First Monthly Statement"). By the First Monthly Statement, McDermott sought approval of compensation of $1,388,154.75 and reimbursement of expenses in the amount of $4,197.83 for the period of July 10, 2026 through

July 31, 2026. The Certification of No Objection with respect to the First Monthly Statement was filed on September 14, 2026 [Docket No. 1111].

15. On September 25, 2026, McDermott filed its Se*cond Monthly Fee Statement of McDermott Will & Schulte LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of August 1, 2026 Through August 31, 2026* [Docket No. 1193] (the "Second Monthly Statement"). By the Second Monthly Statement, McDermott sought approval of compensation of $1,187,945.50 and reimbursement of expenses in the amount of $645.13 for the period of August 1, 2026 through August 31, 2026. The Certification of No Objection with respect to the Second Monthly Statement was filed on October 12, 2026 [Docket No. 1339].

16. On October 26, 2026, McDermott filed its *Third Monthly Fee Statement of McDermott Will & Schulte LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of September 1, 2026 Through September 30, 2026* [Docket No. 1387] (the "Third Monthly Statement"). By the Third Monthly Statement, McDermott sought approval of compensation of $1,106,730.00 and reimbursement of expenses in the amount of $301.32 for the period of September 1, 2026 through September 30, 2026. The Certification of No Objection with respect to the Third Monthly Statement was filed on November 10, 2026 [Docket No. 1505].

17. On November 16, 2026, McDermott filed its *Fourth Monthly Fee Statement of McDermott Will & Schulte LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors for the Period of October 1, 2026 Through October 31, 2026* [Docket No. 1524] (the "Fourth Monthly Statement" and, together with the First Monthly Statement, the Second Monthly Statement, and the Third

Monthly Statement, the "Monthly Statements"). By the Fourth Monthly Statement, McDermott seeks approval of compensation of $848,670.00 and reimbursement of expenses in the amount of $348.24 for the period of October 1, 2026 through October 31, 2026. Objections to the Fourth Monthly Statement are due November 30, 2026.

## RELIEF REQUESTED

18. In support of this Interim Fee Application, McDermott submits the following documentation: (a) McDermott's monthly invoices for the Compensation Period are attached hereto as **Exhibit A**; (b) a summary of expenses for the Compensation Period is attached hereto as **Exhibit B**, and detailed statements of fees and expenses are set forth in the Monthly Statements [Docket Nos. 1034, 1193, 1387, and 1524], which are incorporated herein by reference; (c) the customary and comparable compensation disclosures for McDermott are attached hereto as **Exhibit C**; (d) a summary of this Interim Fee Application, based on U.S. Trustee Guidelines Exhibit E, is attached hereto as **Exhibit D**; and (e) McDermott's budget and staffing plan for the Compensation Period is attached hereto as **Exhibit G**.

### A. Summary of Services by Subject Matter Category

19. The services performed by McDermott during the Compensation Period were categorized into twenty-four (24) categories encompassing various aspects of these Chapter 11 Cases. McDermott attempted to place such services in the category that best related to such services; however, because certain services may relate to more than one category, services pertaining to the same matter may be included in more than one category. Descriptions of the services rendered by McDermott attorneys and paraprofessionals during the Compensation Period, grouped by subject matter category, are set forth below.

a. Case Administration – B110
Fees: $283,028.00; Total Hours: 224.30

20. This category includes time spent by McDermott attorneys on matters involving case administration and tasks that do not fall within the other project categories, including: (a) reviewing and providing comments to the orders proposed in connection with "first day" and "second day" motions filed by the Debtors, (b) monitoring the Court's docket, case correspondence, and case deadlines, (c) reviewing and responding to filings that appear on the Court's docket, (d) maintaining a critical dates calendar for the Committee and McDermott's co-advisors, (e) conducting regularly scheduled internal meetings to develop and efficiently manage case workstreams, (f) participating in numerous internal and external conferences regarding case planning and case strategy, and (g) reviewing the Debtors' monthly operating reports.

b. Asset Analysis and Recovery – B120
Fees: $24,213.00; Total Hours: 17.50

21. This category includes time spent by McDermott attorneys on matters related to reviewing and analyzing the Debtors' unencumbered assets and potential claims that might serve as recovery for the Debtors' unsecured creditors. McDermott attorneys also spent time with M3 regarding such assets and related strategy.

c. Asset Disposition – B130
Fees: $575,012.50; Total Hours: 369.20

22. During the Compensation Period, McDermott advised the Committee on the Debtors' court-approved sale process for their camp properties. That process ended in competitive auctions for more than twenty (20) camps, with successful bids totaling hundreds of millions of dollars. This work included, among other things: (a) analyzing bid procedures, including stalking horse bid protections and private sale procedures; (b) reviewing and analyzing asset purchase

agreements and proposed sale orders; and (c) evaluating each successful bid along with the Committee's other professionals.

23. McDermott also drafted and filed: (a) the *Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Notice of Private Sale Transaction Regarding the Achim Debtors and Future Private Sales* [Docket No. 502]; (b) the *Statement of the Official Committee of Unsecured Creditors with Respect to the Notice of Private Sale Transaction Regarding Camp Chen-A-Wanda* [Docket No. 595]; and (c) the *Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' Sale Transactions* [Docket No. 829].

d. Relief from Stay/Adequate Protection Proceedings – B140
Fees: $1,995.50; Total Hours: 1.30

24. This category includes time spent by McDermott attorneys analyzing the *Motion of Yoav Cochav, as PNG of JC, a Minor, and Individually, for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Reform Act of 1978* [Docket No. 1120] and related pleadings concerning relief from the automatic stay.

e. Meetings/Communications With Creditors – B150
Fees: $524,123.00; Total Hours: 367.00

25. This category includes time spent by McDermott attorneys (a) preparing for (including coordinating with M3 and RC in developing presentations for the Committee on various topics, workstreams, status, and strategies relating to the Chapter 11 Cases, and the Debtors' operations and finances) and participating in weekly update meetings with the Committee, (b) preparing for and attending the section 341 meeting, and (c) facilitating discussions and

corresponding with the Committee, various unsecured creditors, and other parties regarding the Chapter 11 Cases.

26. In order to ensure that McDermott attorneys provided the most efficient and cost-effective services to the Committee, each weekly Committee call was typically attended by core members of the McDermott team working on this representation. Given the level of activity in these Chapter 11 Cases during the Compensation Period, these Committee calls often required extensive preparation by McDermott attorneys.

27. During Committee calls, McDermott attorneys addressed key issues with the full Committee and its advisors. Prior to such meetings, McDermott attorneys reviewed pending matters requiring the Committee's attention, analyzed any underlying documentation in connection therewith, and coordinated with other Committee professionals on providing advice to the Committee. Thereafter, McDermott attorneys discussed pending matters and ongoing workstreams with the Committee and assisted the Committee in formulating a position with respect to each matter and workstream. In addition, during the Compensation Period, McDermott attorneys provided Committee members with updates addressing pending motions and upcoming case matters, including the status of the Chapter 11 Cases and any important pleadings or issues that arose between Committee meetings or Committee calls.

f. Court Hearings – B155
Fees: $138,457.00; Total Hours: 88.70

28. This category includes time spent by McDermott related to the preparation for and participation in multiple hearings, including preparing talking points and other materials for the hearings, preparing exhibit and witness lists, attending the hearings, and collaborating with McDermott's co-advisors, the Debtors and their advisors, and counsel for other parties in interest. McDermott also summarized the hearings for the Committee.

g. Fee/Employment Applications – B160
Fees: $166,081.50; Total Hours: 133.00

29. During the Compensation Period, McDermott worked on and filed the *Application of the Official Committee of Unsecured Creditors to Retain and Employ McDermott Will & Schulte LLP as Counsel Effective July 10, 2026* [Docket No. 773]. McDermott drafted the declaration of Darren Azman in support of McDermott's retention [Docket No. 773, Ex. B], as well as a supplemental declaration in support of McDermott's retention [Docket No. 920] to inform the Court, creditors, and other parties in interest of additional connections. McDermott also communicated with the U.S. Trustee regarding the retention application, which the Court approved by entry of the Retention Order [Docket No. 937]. McDermott also assisted M3 and RC with their respective retention applications. In accordance with the Interim Compensation Order, McDermott drafted and filed the Monthly Statements [Docket Nos. 1034, 1193, 1387, and 1524], including reviewing time entries for compliance with the U.S. Trustee Guidelines.

h. Fee/Employment Objections – B170
Fees: $9,795.00; Total Hours: 6.20

30. This category includes time spent by McDermott attorneys reviewing and analyzing the Debtors' request for supplemental compensation for their chief restructuring officer, reviewing a limited objection filed with respect to the same, and reviewing the related proposed order. McDermott attorneys also reviewed and revised responses to questions from the U.S. Trustee regarding retention.

i. Avoidance Action Analysis– B180
Fees: $104,215.00; Total Hours: 50.40

31. This category includes time spent by McDermott attorneys with respect to reviewing, investigating, analyzing, and addressing potential avoidance actions. Tasks in this matter category include, among others, the analysis of prepetition payments made to the Debtors'

employees, directors, officers, insiders, and creditors within the applicable look-back periods and the review of the related documents.

j. Assumption/Rejection of Leases – B185
Fees: $11,011.00; Total Hours: 8.20

32. This category includes time spent by McDermott attorneys reviewing, analyzing, and negotiating issues related to assumption of executory contracts and unexpired leases of creditors. In particular, McDermott attorneys spent time analyzing the Debtors' *Notice to Contract Parties to Potentially Assumed Executory Contracts* and *Unexpired Leases* [Docket No. 558] and the contract schedules attached to private sale notices, including proposed cure amounts, and drafting and filing the Committee's *Reservation* of *Rights with Respect to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 700], which identified camps whose contracts were omitted from the assumption notice and cure amounts that did not reflect amounts owed to counterparties.

k. Other Contested Matters – B190
Fees: $50,112.00; Total Hours: 28.70

33. This category includes time spent by McDermott preparing for contested matters set for hearing early in the Chapter 11 Cases and drafting and revising discovery requests and subpoenas directed to the Debtors and Mishmeret Trust Company, as trustee ("Mishmeret").

l. Non-Working Travel – B195
Fees: $19,426.75; Total Hours: 24.60

34. The McDermott team representing the Committee is primarily located in New York. This category includes time spent by McDermott attorneys traveling to and from court hearings in New Jersey and other in-person proceedings, including the auction. Consistent with

the U.S. Trustee Guidelines and the Interim Compensation Order, non-working travel time was billed at 50% of the timekeeper's hourly rate.

m. Business Operations – B210
Fees: $3,260.50; Total Hours: 2.50

35. At the start of these Chapter 11 Cases, McDermott reviewed and analyzed certain of the Debtors' operational first day motions and the proposed final orders on them, including the proposed orders on cash management and utilities. McDermott also conferred with other Committee professionals regarding the Debtors' camp operations.

n. Employee Benefits/Pensions – B220
Fees: $9,303.50; Total Hours: 7.40

36. This category includes time spent by McDermott attorneys on matters relating to the Debtors' employees and compensation issues.

o. Financing/Cash Collections – B230
Fees: $2,140,125.50; Total Hours: 1,384.20

37. This category includes time spent by McDermott attorneys and paraprofessionals on matters relating to the Debtors' postpetition financing and the Committee's investigation and settlement of the Debtors' prepetition secured debt. Specifically, McDermott attorneys expended time: (a) analyzing the Debtors' proposed debtor-in-possession financing facilities and cash collateral and cash management relief; (b) preparing issues lists and markups regarding the debtor-in-possession facility provided by the prepetition bondholders [Docket No. 225] and negotiating with the Debtors and the lenders regarding the same, which resulted in revised terms reflected in the final order entered on July 21, 2026 [Docket No. 552]; (c) negotiating with the Debtors and Bank of New Hampshire ("BNH") regarding BNH's debtor-in-possession facility and filing a reservation of rights with respect thereto [Docket No. 513]; and (d) communicating with the Committee's other professionals regarding the foregoing.

38. This category also includes time spent by McDermott attorneys and paraprofessionals investigating the liens and claims asserted by Mishmeret and the prepetition bond transaction. McDermott attorneys served document requests and subpoenas, reviewed the resulting productions, prepared lien perfection analyses for the Debtors' prepetition secured debt, and analyzed the Debtors' merchant cash advance and other short-term financing arrangements. McDermott attorneys also negotiated extensions of the challenge period, including the stipulation with BNH approved by the Court [Docket No. 1116], and drafted a motion for standing and a related complaint.

39. Finally, this category includes time spent by McDermott attorneys negotiating a settlement of the Committee's challenges with Mishmeret. The settlement provides, among other things, a $13 million settlement fund for the benefit of holders of allowed general unsecured claims. McDermott drafted and filed, together with the Debtors and Mishmeret, a joint motion to approve the settlement under Bankruptcy Rule 9019 [Docket No. 1336]. McDermott also drafted and filed the Committee's response to the United States' objection to shortening notice [Docket No. 1343], its reply in support of the settlement motion [Docket No. 1376], and the declaration related thereto [Docket No. 1377].

p. Tax Issues – B240
Fees: $64,934.50; Total Hours: 30.40

40. This category includes time spent by McDermott attorneys on, among other things, researching and analyzing issues in connection with FIRPTA withholding requirements and the related hearing. McDermott attorneys also spent time analyzing and corresponding with the Debtors' counsel regarding tax considerations and related implications for the Chapter 11 Cases.

q. Real Estate – B250
Fees: $37,064.00; Total Hours: 35.00

41. This category includes time spent by McDermott attorneys and paraprofessionals reviewing and analyzing title policies, mortgages, and other real estate documentation in connection with the Committee's lien investigation, and preparing the real estate portions of the lien perfection analyses.

r. Utilities – B270
Fees: $1,074.50; Total Hours: 0.70

42. This category includes time spent by McDermott attorneys reviewing the Debtors' utilities motion and reviewing and revising the proposed order thereon.

s. Vendor Matters – B280
Fees: $8,822.00; Total Hours: 6.40

43. This category includes time spent by McDermott attorneys reviewing, analyzing, and commenting on the Debtors' critical vendors motion and proposed final order, and corresponding with Committee members and the Debtors regarding vendor issues.

t. Insurance – B290
Fees: $6,381.00; Total Hours: 4.90

44. This category includes time spent by McDermott attorneys reviewing and analyzing the Debtors' insurance motion, and revising the proposed final order thereon.

u. <u>Claims Administration and Objections – B310</u>
Fees: $87,104.50; Total Hours: 60.60

45. This category includes time spent by McDermott attorneys on tasks related to claims administration. In particular, McDermott attorneys spent time (a) reviewing the supplemental bar date notice; (b) reviewing and analyzing proofs of claim filed against the Debtors, including by merchant cash advance lenders; (c) analyzing claim pools and hypothetical recovery scenarios with M3 and RC; (d) reviewing the Debtors' first omnibus claims objection, conferring with the Debtors' counsel regarding the same, and drafting a statement with respect thereto; and (e) analyzing asserted administrative claims.

v. <u>Plan and Disclosure Statement – B320</u>
Fees: $111,004.00; Total Hours: 70.30

46. During the Compensation Period, McDermott attorneys spent time meeting with the Committee's other professionals regarding a waterfall analysis under a potential chapter 11 plan. Specifically, McDermott attorneys spent time corresponding with M3 regarding potential plan recovery scenarios. McDermott attorneys also reviewed the Debtors' motion to extend the exclusivity periods. In addition, McDermott attorneys reviewed, analyzed, and revised drafts of the Debtors' proposed chapter 11 plans, researched related plan and solicitation issues, and conferred with Committee and estate professionals regarding the same.

w. <u>General Bankruptcy Advice/Opinions – B410</u>
Fees: $14,076.00; Total Hours: 20.40

47. This category includes time spent by McDermott attorneys and paraprofessionals reviewing and analyzing the Debtors' organizational documents, charters, and British Virgin Islands and New York formation documents, and preparing an inventory of the Debtors and the results of lien searches against them.

x. Litigation – B470
Fees: $140,880.00; Total Hours: 100.80

48. This category includes time spent by McDermott attorneys and paraprofessionals on litigation matters in connection with the Committee's investigation of potential claims and causes of action. In particular, McDermott attorneys spent time (a) preparing for the deposition of Mishmeret's corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure and for the hearing on the Debtors' proposed debtor-in-possession financing, including preparing trial subpoenas, document requests, and exhibit lists; (b) drafting requests for production and meeting and conferring with the Debtors regarding the Committee's discovery requests; (c) reviewing and analyzing documents produced by the Debtors and Mishmeret; and (d) researching litigation pending against the Debtors in Israel and the Debtors' filings on the Tel Aviv Stock Exchange.

**B. Expense Reimbursement**

49. McDermott incurred $5,492.52 of actual and necessary expenses during the Compensation Period in connection with its representation of the Committee in these Chapter 11 Cases. A summary of such expenses by category is attached hereto as **Exhibit B**, and itemized detail of such expenses is set forth in the Monthly Statements, which are incorporated herein by reference. McDermott submits that the expenses for which reimbursement is requested were actual and necessary to the performance of McDermott's services to the Committee.

50. In accordance with the Retention Order, McDermott seeks reimbursement of its engagement-related expenses at McDermott's actual cost paid. McDermott maintains detailed

records of the actual and necessary costs and expenses incurred in connection with the legal services provided to the Committee.[2]

## VALUATION OF SERVICES

51. The rates charged by McDermott for these services are its normal hourly rates of compensation for work of this nature. A summary of the blended hourly rates for timekeepers billing to non-bankruptcy matters and blended hourly rates for timekeepers billing to these Chapter 11 Cases is attached hereto as **Exhibit C**. The reasonable value of the services rendered by McDermott for the Compensation Period as counsel for the Committee in these cases is $4,531,500.25.

52. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is reasonable, necessary, and appropriate given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under title 11.

[2] As an accommodation to the Committee, McDermott has voluntarily written off certain expenses incurred during the Compensation Period, including computerized legal research charges, totaling approximately $16,013.10. McDermott has not sought, and will not seek, reimbursement of such amounts.

**WHEREFORE**, McDermott respectfully requests that the Court: (i) enter an order approving the Interim Fee Application and authorizing interim allowance of compensation in the amount of $4,531,500.25 for professional services rendered on behalf of the Committee and reimbursement for actual and necessary expenses in the amount of $5,492.52; (ii) direct payment by the Debtors of the foregoing amounts less any amount already paid pursuant to the Interim Compensation Order; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 16, 2026

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Darren Azman*
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*