UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**FEE APPLICATION COVER SHEET**
**FOR THE PERIOD OF JULY 10, 2026 THROUGH OCTOBER 31, 2026**

| | |
|---|---|
| IN RE: SIMAD Holdings Ltd., *et al*[1] | Applicant: M3 Advisory Partners, LP |
| Case No.: 26-16388 (CMG) | Client: Official Committee of Unsecured Creditors (the "Committee") |
| Chapter: 11 | Case Filed: June 4 and June 5, 2026 |

---

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746.

RETENTION ORDER ATTACHED.

*/s/ Robert Winning* November 16, 2026
ROBERT WINNING Date

**SECTION 1**
**FEE SUMMARY**

**First Interim Fee Application**
Period: July 10, 2026 through October 31, 2026

| | |
|---|---|
| FEE TOTALS | $1,689,955.00 |
| DISBURSEMENT TOTALS | $4,328.58 |
| TOTAL FEE APPLICATION | $1,694,283.58 |

| | FEES | EXPENSES |
|---|---|---|
| Total Previous Fees Requested: | $1,689,955.00 | $4,328.58 |
| Total Fees Allowed to Date: | $647,258.00 | $4,100.40 |
| Total Retainer (If Applicable) | n/a | n/a |
| Total Holdback (If Applicable) | $337,991.00 | n/a |
| Total Received by Applicant | $647,258.00 | $4,100.40 |

---

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**SECTION 1**
**FEE SUMMARY *(cont)***

## SUMMARY OF TIMEKEEPERS IN FIRST INTERIM FEE APPLICATION

| NAME OF PROFESSIONAL | TITLE | HOURS | RATE | FEES |
|---|---|---|---|---|
| 1. Robert Winning | Managing Director | 80.2 | $1,290.00 | $103,458.00 |
| 2. Nicholas Weber | Managing Director | 606.1 | $1,220.00 | $739,442.00 |
| 3. William Murphy | Senior Director | 0.6 | $1,120.00 | $672.00 |
| 4. Matthew Altman | Vice President | 113.4 | $840.00 | $95,256.00 |
| 5. Spencer Lloyd | Vice President | 0.3 | $840.00 | $252.00 |
| 6. Megan Festival | Senior Associate | 529.0 | $725.00 | $383,525.00 |
| 7. Pratyush Gupta | Analyst | 488.7 | $500.00 | $244,350.00 |
| 8. Eitan Karsch | Analyst | 246.0 | $500.00 | $123,000.00 |
| | **FEE TOTAL** | **2,064.3** | | **$1,689,955.00** |

**SECTION II**
**SUMMARY OF SERVICES**

| Task Code | Task Description | Hours | Fees |
|---|---|---|---|
| 1 | Asset Sales | 302.9 | $290,514.50 |
| 2 | Business Operations | 2.1 | $1,671.00 |
| 3 | Case Administration | 18.0 | $17,822.50 |
| 4 | Claims/Liabilities Subject to Compromise | 190.8 | $162,861.00 |
| 5 | Court Attendance/Participation | 12.5 | $9,416.00 |
| 6 | Due Diligence & Information Requests | 236.4 | $172,036.00 |
| 7 | Fee Application | 25.8 | $15,339.00 |
| 8 | Financial Matters | 935.7 | $728,026.00 |
| 9 | Firm Retention | 0.7 | $896.00 |
| 10 | General Correspondence with Debtor & Debtors' Professionals | 15.6 | $13,321.50 |
| 11 | General Correspondence with UCC & UCC Counsel | 161.0 | $139,592.00 |
| 12 | Intercompany Claims | 0.3 | $366.00 |
| 13 | Investigations and Litigation Support | 88.4 | $76,348.50 |
| 14 | Plan of Reorganization/Disclosure Statement | 46.3 | $44,359.00 |
| 15 | SOFAs & SOALs | 27.8 | $17,386.00 |
| **TOTAL** | | **2,064.3** | **$1,689,955.00** |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| Expense Category | Amount |
|---|---|
| Airfare | $1,342.81 |
| Lodging | $1,284.82 |
| Meals | $458.86 |
| Taxi / Car Service | $1,242.09 |
| **DISBURSEMENTS TOTAL** | **$4,328.58** |

I certify under penalty of perjury that the above is true.

Date: 11/16/2026

*/s/ Robert Winning*
ROBERT WINNING

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re: | Chapter 11 |
| SIMAD HOLDINGS LTD., *et al.*, | Case No. 26-16388 (CMG) |
| Debtors.[1] | (Jointly Administered) |

# FIRST INTERIM FEE APPLICATION OF M3 ADVISORY PARTNERS, LP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS FINANCIAL ADVISOR

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

**FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD OF JULY 10, 2026 TO OCTOBER 31, 2026**

The undersigned hereby submits the First Interim Fee Application of M3 Advisory Partners, LP ("M3 Partners") as Financial Advisor to The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), for the period from July 10, 2026 through October 31, 2026 (the "Application Period"), and respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 330 and 331 of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and D.N.J. LBR 2016-1 (the "Local Rules").

## INTRODUCTION

4. On June 4 and June 5, 2026 (together, the "Petition Date"), each of the Debtors commenced this proceeding (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey.

5. The Debtors have continued in the possession of their property and have continued to operate and manage its business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On July 9, 2026, the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed the Committee under Section 1102(a)(1) of the Bankruptcy Code. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 438].

7. On August 25, 2026, the Court entered an order in the Chapter 11 Case approving M3 Partners' retention as Financial Advisor to the Committee, effective as of July 10, 2026 (the "Retention Order"). [Docket No. 934]. A copy of the Retention Order is annexed hereto as Exhibit A.

8. On July 20, 2026, the *Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* (the "Interim Compensation Order") was entered in the Chapter 11 Case, which order sets forth Compensation Procedures[2] for, *inter alia*, Professionals to submit Monthly Fee Statements such that Professionals may be paid 80% of their monthly fees and 100% of their monthly expenses. [Docket No. 550].

**M3 ADVISORY PARTNERS, LP'S FEE STATEMENTS DURING THE INTERIM PERIOD**

9. During the Interim Period, M3 Partners provided the Notice Parties with the following monthly fee statements in accordance with the Interim Compensation Order referred to therein:

- For July 10, 2026 to July 31, 2026 – fees of $464,444.00 and expenses of $4,100.40 [Docket No. 1160];

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *SIMAD Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of This Court* [Docket No. 204].

- For August 1, 2026 to August 31, 2026 – fees of $344,628.50 and expenses of $0.00 [Docket No. 1257];
- For September 1, 2026 to September 30, 2026 – fees of $474,852.50 and expenses of $0.00 [Docket No. 1492];
- For October 1, 2026 to October 31, 2026 – fees of $406,030.00 and expenses of $228.18 [Docket No. 1527].

10. In total, M3 Partners submitted monthly fee statements during the Application Period for fees of $1,689,955.00 and expenses of $4,328.58. A chart summarizing the monthly statements submitted during this Interim Period is below:

| Application \| Service Date \| Docket No. \| Date of CNO | Application Period | Requested Fees | Requested Expenses | Amounts that may be paid without Court Order | | Holdback | Total Fees & Expenses Sought to be Paid |
|---|---|---|---|---|---|---|---|
| | | | | Fees | Expenses | | |
| 1st \| 9/18/2026 \| D.I. 1160 \| 10/05/2026 | 7/10/2026 – 7/31/2026 | $464,444.00 | $4,100.40 | $371,555.20 | $4,100.40 | $92,888.80 | $468,544.40 |
| 2nd \| 9/29/2026 \| D.I. 1257 \| 10/14/2026 | 8/1/2026 – 8/31/2026 | $344,628.50 | $0.00 | $275,702.80 | $0.00 | $68,925.70 | $344,628.50 |
| 3rd \| 11/5/2026 \| D.I. 1492 \| TBD | 9/1/2026 – 9/30/2026 | $474,852.50 | $0.00 | $379,882.00 | $0.00 | $94,970.50 | $474,852.50 |
| 4th \| 11/30/2026 \| D.I. 1527 \| TBD | 10/1/2026 – 10/31/2026 | $406,030.00 | $228.18 | $324,824.00 | $228.18 | $81,206.00 | $406,258.18 |
| | **Total** | **$1,689,955.00** | **$4,328.58** | **$1,351,964.00** | **$4,328.58** | **$337,991.00** | **$1,694,283.58** |

11. No objections were received and/or filed to the First and Second Monthly Fee Statements. Accordingly, certifications of no objection were filed at Docket Nos. 1314 and 1353.

12. The deadline to file an objection to the Third Monthly Fee Statement is November 19, 2026.

13. The deadline to file an objection to the Fourth Monthly Fee Statement is November 30, 2026.

**DISCLOSURES AND SUMMARY OF SERVICES RENDERED**

14. During the Application Period, M3 Partners' professionals expended a total of 2,064.3 hours providing services to the Committee. All services for which M3 Partners is requesting compensation were performed for or on behalf of the Committee and were necessary and appropriate to the administration of the Debtors' Chapter 11 Case.

15. M3 Partners' individual fee statements for each month covered by the Application Period are attached to the monthly fee applications filed at Docket Nos. 1160, 1257, 1492 and 1527. Each fee statement contains daily time logs describing the time spent by each professional, broken down by task code, for each month, as well as any applicable expenses. The hourly rates set forth in the monthly fee statements are those customarily charged by M3 Partners for similar services. M3 Partners' fees for services rendered are customary and usual to the best of M3 Partners' knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Guidelines adopted by the U.S. Trustee, Rule 2016-3 of the Local Rules, and the Compensation Procedures Order.

16. The services rendered by M3 Partners during the Application Period are itemized and grouped into the task codes and categories in accordance with the UST guidelines. The professionals who provided services to the Committee during the Application Period are also identified in the summary cover sheets. These services were in the best interests of the Debtors, its estate, and creditors. The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

17. During the Application Period, M3 Partners professionals:

a. Attended to matters regarding the sale of the Debtors' assets, including without limitation analysis regarding the bids received for the Debtors' camp assets, attending the auction, reviewing draft asset purchase agreements and sale orders, and providing analysis related to the foregoing;

b. Attended to matters regarding the Debtors' DIP financing, including without limitation analyzing the Debtors' proposed DIP financing and DIP budgets by silo, preparing for related contested matters, assisting counsel with settlement discussions and resolutions, attending the DIP hearing, and monitoring the Debtors' liquidity, budgets and variance reporting;

c. Prepared sources and uses, waterfall and recovery analyses on consolidated and non-consolidated bases;

d. Prepared and tracked information requests to the Debtors and reviewed the diligence and discovery productions received;

e. Analyzed the claims register and filed proofs of claim, including asserted secured and merchant cash advance claims, and prepared general unsecured claims pool sizing analyses by legal entity;

f. Reviewed the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs, including joint and several liabilities and scheduled cash and personal property and conducted related analysis;

g. Conducted certain analysis of the Debtors' prepetition financial condition, historical indebtedness, and conduct and activities;

h. Provided analyses regarding miscellaneous motions filed in the Debtors' cases and attended material hearings;

i. Analyzed certain prepetition transfers, including without limitation merchant cash advance and insider transfers, and related bank activity;

j. Assisted Committee counsel in connection with the motion to approve the general unsecured claims settlement pursuant to Bankruptcy Rule 9019, including preparing a supporting declaration and preparing for and providing testimony at the related hearing;

k. Analyzed the Debtors' proposed plan of liquidation and potential plan structures, including without limitation convenience class scenarios, liquidation trust costs and plan recovery analyses, and reviewed and commented on drafts of the plan and related documents;

l. Prepared for, and participated in, regular meetings with the Committee and calls with Committee counsel regarding, *inter alia*, the sale process, liquidity, claims pool, and recovery sensitivities;

m. Corresponded with the Debtors' professionals regarding, among other things, budgets, the sale process, the Schedules and Statements and outstanding information requests; and

n. Prepared M3 Partners' retention materials and monthly fee statements.

18. In addition to the Cover Sheet filed herewith, and disclosures made in connection with M3 Partners' retention, the following disclosures are made in connection with the Application:

| SUMMARY OF FIRST INTERIM APPLICATION | |
|---|---|
| Name of Applicant | M3 Advisory Partners, LP |
| Authorized to Provide Professional Services to | The Official Committee of Unsecured Creditors |
| Interim Application Time Period | July 10, 2026 to October 31, 2026 |
| Total Compensation Sought During Application Period | $1,689,955.00 |
| Total Expenses Sought During Application Period | $4,328.58 |
| Petition Date | June 4 and June 5, 2026 |
| Retention Date | July 10, 2026 |
| Date of Order Approving Employment | August 25, 2026 |
| Blended Rate in this Application for all Professionals | $818.66 |
| Blended Rate in this Application for all Timekeepers | $818.66 |
| Total Compensation Approved by Interim Order to Date | $0.00 |
| Total Expenses Approved by Interim Order to Date | $0.00 |
| Compensation Sought in Interim Application Already Paid Pursuant to the Compensation Procedures Order but Not Yet Allowed | $647,258.00 |
| Expenses Sought in Interim Application Already Paid Pursuant to the Compensation Procedures Order but Not Yet Allowed | $4,100.40 |
| Number of Professionals Included in Interim Application | 8 |
| If Applicable, Number of Professionals in Interim Application Not Included in Staffing Plans Approved by Client | NA |
| Number of Professionals Billing Fewer than 10 Hours to the Case During this Interim Application Period | 2 |
| Are any rates higher than those approved or disclosed at retention | [ ] Yes [X] No |

**<u>EXPENSES INCURRED BY M3 ADVISORY PARTNERS, LP</u>**

19. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by the professionals employed in a chapter 11 case. Accordingly,

M3 Partners seeks reimbursement of actual expenses in the amount of $4,328.58 that it incurred in performing its services during the Interim Period. These reimbursable expenses include, but are not limited to: Airfare, lodging, meals and car services. All expenses reflected herein comply with the Compensation Procedures. M3 Partners submits that the actual expenses incurred in providing professional services during the Interim Period were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in this Chapter 11 Case.

**LEGAL BASIS FOR REQUESTED RELIEF**

20. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).

21. Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement: In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

22. The foregoing professional services performed by M3 Partners were appropriate and necessary to the effective administration of this Chapter 11 Case. The services were in the best interests of the Committee. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, as well as issues or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner. In addition, M3 Partners has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

23. In accordance with section 504 of the Bankruptcy Code, other than between M3 Partners and the firm's partners and employees, no agreement or understanding exists between M3 Partners and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

24. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by M3 Partners.

## THE REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED

25. The services for which M3 Partners seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estate. The services rendered by M3 Partners were consistently performed in a timely

manner commensurate with the complexity, importance, and nature of the issues involved. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by M3 Partners is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## CONCLUSION

WHEREFORE, M3 Partners respectfully requests that the Court: (i) enter an order approving the First Interim Fee Application and authorizing interim allowance of compensation in the amount of $1,689,955.00 for professional services rendered on behalf of the Committee and reimbursement for actual and necessary expenses in the amount of $4,328.58; (ii) direct payment by the Debtors of the foregoing amounts less any amount already paid pursuant to the Compensation Procedures Order; and (iii) grant such other and further relief as the Court deems just and proper.

Date: November 16, 2026

**M3 ADVISORY PARTNERS, LP**

*/s/ Robert Winning*
Robert Winning

**<u>Exhibit A</u>**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors[1] | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3 PARTNERS, LP AS FINANCIALADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE JULY 10, 2026**

The relief set forth on the following pages, numbered two (2) through nine (8), is **ORDERED**.

**Dated: August 25, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

[1] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

---

Upon the application (the "Application")[5] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases of SIMAD Holdings Ltd. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for the approval of the Committee's retention and employment of M3 Advisory Partners, LP ("M3 Partners") as financial advisor in connection with these chapter 11 cases, effective July 10, 2026; and upon consideration of the declaration of Robert Winning (the "Winning Declaration"), which is attached to the Application as **Exhibit B**; and this Court having jurisdiction pursuant to Sections 157 and 1334 of Title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to Sections 1408 and 1409 of Title 28 of the United States Code; and this Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and this Court being satisfied, based on the representations made in the Application and the Winning Declaration, that M3 Partners (a) does not represent or hold any interest adverse to the Committee in connection with these chapter 11 cases, (b) is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code, and (c) does not represent any entity having an adverse interest in connection with these chapter 11 cases as required by Section 1103 of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application, and the Winning

---

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

---

Declaration establish good cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Application is granted and approved as set forth herein effective as of July 10, 2026.

2. In accordance with Section 1103(a) of the Bankruptcy Code and, with respect to M3 Partners' hourly rates, Section 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and to retain M3 Partners as its financial advisor in these chapter 11 cases, on the terms and conditions set forth in the Application and the Winning Declaration, as modified by the terms of this Order.

3. M3 Partners shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330(a) and 331, Bankruptcy Rule 2016, the Local Rules, and any order establishing procedures for professionals' interim compensation and reimbursement of expenses. For billing purposes, M3 Partners shall keep its time in one tenth (1/10) hour increments in accordance with Local Rule 2016-1.

4. Notwithstanding anything to the contrary in the Application and the Winning Declaration, the Debtors are authorized to indemnify and hold harmless M3 Partners and its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "Indemnified Parties"), subject to the following:

---

(a) M3 Partners shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Application unless the indemnification, contribution, or reimbursement is approved by the Court;

(b) the Debtors shall have no obligation to indemnify M3 Partners, or provide contribution or reimbursement to M3 Partners, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from M3 Partners' fraud, breach of fiduciary duty, if any, gross negligence, willful misconduct, self-dealing, or bad faith; (ii) for a contractual dispute in which the Committee or the Debtors allege the breach of M3 Partners' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which M3 Partners should not receive indemnity, contribution or reimbursement as modified by this Order;

(c) if before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, M3 Partners believes that it is entitled to the payment of any amounts by the Debtors on account of indemnification, contribution, and/or reimbursement obligations, including without limitation the advancement of defense costs, M3 Partners must file an application in this Court, and the Debtors may not pay any such amounts to M3 Partners before the entry of an order by the Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by M3 Partners for indemnification, contribution, or reimbursement, and not to limit the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, M3 Partners. All parties in interest shall retain the right to object to any application by M3 Partners for indemnification, contribution, or reimbursement; and

(d) any limitation of liability set forth in the Application, the Winning Declaration, the Indemnification Provisions, or otherwise, is hereby eliminated for the duration of these chapter 11 cases.

5. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, M3 Partners shall provide ten (10) business days' notice of any such increases to the Debtors, the U.S. Trustee, and the Committee and such notice must be filed with the Court. All parties in interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. In the event that, during the pendency of these chapter 11 cases, M3 Partners seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be billed in one-tenth hour increments and shall be included in M3 Partners' fee applications and such invoices and time records shall be in compliance with the Local Rules, the U.S. Trustee Guidelines, and shall be subject to the approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, M3 Partners shall only be reimbursed for any legal fees incurred in connection with these chapter 11 cases to the extent permitted under applicable law. All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of M3 Partners' independent counsel.

---

7. M3 Partners shall review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, M3 Partners shall identify such further developments and shall promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. Notwithstanding anything in the Application to the contrary, to the extent that M3 Partners uses the services of independent contractors (the "Contractors") in these chapter 11 cases, M3 Partners shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that M3 Partners pays the Contractors; (b) seek reimbursement for actual costs only of the Contractors; (c) ensure that the Contractors are subject to the same conflict checks and disclosures as required for M3 Partners; (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014; and (e) attach any such Contractor invoices to any fee application filed in these chapter 11 cases.

9. To the extent M3 Partners uses the services of any subsidiary not covered by the disclosures in the Winning Declaration during the pendency of these chapter 11 cases, M3 Partners shall, prior to the subsidiary providing services, cause the applicable subsidiary to file a declaration of disinterestedness with applicable disclosures of connections, if any, and include whether such M3 Partners subsidiary has any interest adverse to the interests of the Debtors' estates, or any class of creditors or equity security holders and whether such M3 Partners subsidiary is a "disinterested

person" as that term is defined in section 101(14) of the Bankruptcy Code (the "Subsidiary Declaration"). Any party in interest reserves the right to object to any Subsidiary Declaration.

10. The Committee and M3 Partners are authorized and empowered to take all necessary actions to implement the relief granted in this Order. To the extent the Committee wishes to expand the scope of M3 Partners' services beyond those services set forth in this Order, the Committee shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Debtors, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 calendar days of the Committee's filing of such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing. All additional services shall be subject to the provisions of this Order.

11. M3 Partners shall not seek reimbursement of any fees or costs incurred in defending any of M3 Partners' fee applications in these chapter 11 cases.

12. Notwithstanding anything to the contrary in the Application or the Winning Declaration M3 Partners shall: (i) comply with the requirements of Local Rule 2016-1; (ii) only bill fifty percent (50%) for non-working travel; (iii) use the billing and expenses categories that are substantially similar to those set forth in the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "U.S. Trustee

---

Guidelines") (Exhibit D-1 "Summary of Compensation Requested by Project Category") or reasonably similar; and (iv) provide any and all fee applications in "LEDES," or similar agreed upon Excel format, to the U.S. Trustee.

13. Notwithstanding anything in the Application or the Winning Declaration to the contrary, M3 Partners shall seek reimbursement from the Debtors' estates for its engagement-related expenses at M3 Partners' actual cost paid.

14. None of the fees payable to M3 Partners shall constitute a "bonus" or fee enhancement under applicable law, except where authorized by this Order.

15. M3 Partners shall use reasonable efforts to avoid any duplication of services provided by any of the other retained professionals in these chapter 11 cases.

16. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

17. Notwithstanding any procedural rule to the contrary, this Order shall become effective and enforceable immediately on its entry.

15. To the extent this Order conflicts with the Application, including the Winning Declaration, the terms of this Order shall control.

16. This Court has and shall retain exclusive jurisdiction to hear and determine all matters arising from or relating to this Order or its interpretation, implementation, or enforcement.

# EXHIBIT B

## Winning Declaration

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[6] | Chapter 11<br><br>Case No.: 26-16388 (CMG)<br><br>(Jointly Administered) |

**DECLARATION OF ROBERT WINNING IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISOR EFFECTIVE JULY 10, 2026**

I, Robert Winning, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Managing Director at M3 Advisory Partners, LP ("M3 Partners") and am duly authorized to execute this declaration on behalf of M3 Partners with its principal office located at 1700 Broadway, 19th Floor, New York NY 10019.

2. I submit this declaration (the "Declaration") in support of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ M3 Advisory Partners, LP as Financial Advisor Effective as of July 10, 2026* (the "Application"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

**DISINTERESTEDNESS AND ELIGIBILITY**

3. M3 Partners utilizes certain procedures (the "M3 Procedures") to determine its relationships, if any, to parties that may have a connection to any of the Debtors in these chapter 11 cases. In implementing the M3 Procedures, the following actions were taken to identify

[6] A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

parties that may have connections to the Debtors and to determine M3's relationship with such parties:

(a) M3 Partners requested and obtained an extensive list of interested parties and significant creditors (the "Potential Parties in Interest"). The list of categories of Potential Parties in Interest which M3 reviewed is annexed hereto as Schedule 1;

(b) senior professionals of M3 Partners then reviewed the names of each of the Potential Parties in Interest and M3 Partners compared the names on the list with its records concerning current and former clients and key parties in interest with respect to those current and former clients; and

(c) known connections between former or recent clients of M3 Partners and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in Schedule 2 annexed hereto.

4. As a result of the M3 Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, M3 Partners:

(a) is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services, but excluding fees and expenses incurred since July 10, 2026) or an equity security holder of the Debtors;

(b) is not and has not been, within two (2) years of the Petition Date, a director, officer, or an employee of the Debtors; and

(c) does not have any interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

5. Further as part of its diverse practice, M3 Partners appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in these chapter 11 cases. Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create

interests materially adverse to the Debtors in matters upon which M3 Partners is to be employed, and none are in connection with these chapter 11 cases.

6. If any new material relevant facts or relationships are discovered or arise, M3 Partners will promptly file a supplemental declaration.

## PROFESSIONAL COMPENSATION

7. Subject to Court approval of the Application and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any Orders of the Court, M3 Partners will seek from the Debtors payment as compensation for services rendered to the Committee, as well as reimbursement of actual and necessary expenses incurred by M3 Partners. M3 Partners' customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application. These hourly rates are adjusted annually on or about January 1 of each year.

8. To the best of my knowledge, (i) no commitments have been made or received by M3 Partners with respect to compensation or payment in connection with these chapter 11 cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) M3 Partners has no agreement with any other entity to share with such entity any compensation received by M3 Partners in connection with these chapter 11 cases.

9. By reason of the foregoing, I believe M3 Partners is eligible for retention by the Committee pursuant to section 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 5, 2026

*/s/ Robert Winning*
Robert Winning
Managing Director
M3 Advisory Partners, LP

# SCHEDULE 1

## Potential Parties in Interest

**SIMAD Holdings – Amended Parties in Interest**

**Debtors**
ROLLING HILLS OPERATINGCO LLC
ROLLING HILLS LANDCO LLC
COUNTRY ROADS OPERATINGCO LLC
COUNTRY ROADS LANDCO LLC
EAGLE’S LANDING DAY CAMP LLC
MEADOWBROOK OPERATINGCO LLC
MEADOWBROOK LANDCO LLC
MILL ROAD LANDCO LLC
SIMAD HOLDINGS LTD.
INTERMEDIATE SIMAD 1 LLC
SIMAD EQUITIES LLC
ACHIM LANDCO LLC
BAHS HOLDINGS LLC
ACHIM OPERATINGCO LLC
BAHS OPERATING INC.
BANNER LANDCO LLC
BANNER OPERATINGCO LLC
BELGRADE LAKES SUMMER CAMPS LLC
BLUESTAR LANDCO, LLC
CAMP MED-O-LARK, INC.
BLUESTAR OPERATINGCO, LLC
CHATEAUGAY LANDCO, LLC
CHATEAUGAY CAMPCO, LLC
CLUB GETAWAY OPERATINGCO, LLC
GREEN LANE OPERATINGCO, LLC
CLUB GETAWAY LANDCO, LLC
IAFALANDCO, LLC
ISLAND LAKE CAMPCO, LLC
GREEN LANE LANDCO, LLC
KIWI OPERATINGCO, LLC
GREENVILLELAND LLC
WAUKEELA OPERATINGCO LLC
IAFAOPERATINGCO, LLC
MAINEWEKEELACO, LLC
MESORHACO, LLC
ISLAND LAKE LANDCO, LLC
MOGENAVCO, LLC
LAVCO, LLC
MOHAWKCAMPCO, LLC
PINE FOREST CAMPCO, LLC
LAVLAND, LLC
POLAND CAMPCO, LLC

MALKA OPERATINGCO, LLC
RDM CAMPS, LLC

**Directors & Officers**
ADAM WEINER*
DAVID SCHREIBER*
DAVID SHABSELS*
IVAN BELLOTTO*
JACOB LABOVITZ*
JAY FREEDMAN*
JOSEPH STANSKY*
KARLA BELLOTTO*
KERRY LABOVITZ *
LAUREN POPKIN-HERSCHTHAL*
MICHAEL SHABSELS*
RONEN GABBAY*
SETH HERSCHTHAL
STACY KOTELOV*

**Bankruptcy Judges**
CHIEF JUDGE CHRISTINE M. GRAVELLE
HON. MICHAEL B. KAPLAN
HON. ANDREW B. ALTENBURG, JR.
HON. JERROLD N. POSLUSNY, JR.
HON. JOHN K. SHERWOOD
HON. MARK E. HALL
HON. ROSEMARY GAMBARDELLA
HON. STACEY L. MEISEL
HON. VINCENT F. PAPALIA
HON. EAMONN J. O’HAGAN

**Separately Administered Debtors**
1000 ACRES HOLDINGS, LLC
1101 EAST GLENDALE BOULEVARD REAL ESTATE LLC
1101 EAST GLENDALE BOULEVARD LEASING LLC
11200 WEST FLORISSANT AVENUE LEASING LLC
11200 WEST FLORISSANT AVENUE REALTY LLC
1133 NORTHWEST L STREET LEASING LLC
1133 NORTHWEST L STREET REAL ESTATE LLC
1135 EAST CHOCOLTE AVENUE LEASING LLC
12 CAMBRIDGE DRIVE LEASING LLC
12 CAMBRIDGE DRIVE REALTY LLC
1323 AUGUSTA WEST PARKWAY LEASING LLC
1323 AUGUSTA WEST PARKWAY REAL ESTATE LLC
1401 US HIGHWAY 49B REAL ESTATE LLC

149 EMERALD STREET LEASING LLC
149 EMERALD STREET REAL ESTATE LLC
1600 EASTCHASE PARKWAY LEASING LLC
1600 EASTCHASE PARKWAY REAL ESTATE LLC
1912 MEMORIAL DRIVE REAL ESTATE LLC
194 WASHINGTON AVENUE LEASING LLC
194 WASHINGTON AVENUE REAL ESTATE LLC
200 GREAT POND DRIVE LEASING LLC
200 GREAT POND DRIVE REAL ESTATE LLC
201 CENTRE DRIVE LEASING LLC
201 CENTRE DRIVE REAL ESTATE LLC
2195 HARLEM ROAD LEASING LLC
2195 HARLEM ROAD REAL ESTATE LLC
2203 GRAND CANAL BOULEVARD LEASING LLC
2203 GRAND CANAL BOULEVARD REAL ESTATE LLC
2302 WINDSONG DRIVE LEASING LLC
2434 SOUTH INTERSTATE 35E LEASING LLC
2434 SOUTH INTERSTATE 35E REAL ESTATE LLC
250 PROGRESSIVE LEASING LLC
250 PROGRESSIVE REAL ESTATE LLC
2547 BRINDLE DRIVE LEASING LLC
2547 BRINDLE DRIVE REAL ESTATE LLC
2974 COPPERCREEK ROAD LEASING LLC
3385 NEWMARK DRIVE LLC
3413 TITTABWASSEE ROAD LEASING LLC
3413 TITTABWASSEE ROAD REAL ESTATE LLC
348 MORRIS AVENUE REAL ESTATE LLC
400 GREENS ROAD LEASING LLC
400 GREENS ROAD REAL ESTATE LLC
4200 PARK AVENUE LEASING LLC
4238 BAY ROAD LEASING LLC
4238 BAY ROAD REAL ESTATE LLC

**Bankruptcy Professionals**
ASSAF RAVID
COLE SCHOTZ P.C.
FAEGRE DRINKER BIDDLE & REATH LLP
PASHMAN STEIN WALDER HAYDEN P.C.
KIRKLAND & ELLIS LLP
DANIEL Y. SASSON
FTI CONSULTING, INC.
KROLL RESTRUCTURING ADMINISTRATION
MIKEWORLDWIDE
M3 PARTNERS
ROBINSON & COLE LLP

**Banks/Lenders/Administrative Agents**
ACE FUNDING SOURCE LLC
ASEND BANK
AGILE CAPITAL FUNDING, LLC
AGILE LENDING, LLC
AMERICAN CHOICE CAPITAL LLC
AUSTIN BUSINESS FINANCE, LLC
BANK IOWA
BANK OF AMERICA
BANK OF CLARK COUNTY
BANK OF NEW HAMPSHIRE
BARZELL
BEACON BANK
BLOC FUNDINGBYLINE BANK
CASHERA PRIVATE CREDIT INC.
CHASE BANK
CLEARVIEW FUNDING GROUP
COMMUNITY BANK
E ADVANCE SERVICES LLC
ENTERGY
FAIRPARK CAPITAL LLC
FINWISE BANK (MULLIGAN FUNDING)
FIRST CITIZENS BANK
FIRST FINANCIAL BANK
FUNDERS WEST
FUNDING CLUB LLC
HOMETRUST BANK
IOU FINANCIAL
KETA CONSTRUCTION COMPANY
LIBERTAS
LIFETIME FUNDING LLC D/B/A LIFETIME FUNDING
LNS GROUP LLC D/B/A/ LNS GROUP
THE MERCHANT MARKETPLACE HOLDINGS CORP.
METROPOLITAN PARTNERS GROUP MANAGEMENT, LLC
METROPOLITAN PARTNERS GROUP ADMINISTRATION, LLC
MISHMERET TRUST COMPANY LTD
NBT BANK
NORWAY SAVINGS BANK
NEWCO CAPITAL GROUP VI LLC
OCEAN FUNDING CORP.
OPTIMUM LENDING PARTNERS
ORCAFUNDING LLC
PCSB
PROVIDENT BANK
RAMP BANK
REDSTONE ADVANCE INC

TIDEWAY
TD BANK
TRANSPARENCY ADVANCE D/B/A NITRO ADVANCE LLC
UNION BANK
VAULT 26 CAPITAL LLC
WAYNE BANK
WYNWOOD CAPITAL GROUP LLC

**Creditors' Committee Members**
SMALLER EARTH GROUP dba CAMP LEADERS
AMERICAN INSTITUTE FOR FOREIGN STUDY INC. DBA CAMP AMERICA
TAVEZIO
CAMP SPECIALISTS LTD
KELLY SMITH BROWN, INDIVIDUALLY

**Equity Holders**
EZRIEL FRANKEL
MARK SHER
STACY KOTELOV
LAUREN POPKIN-HERSCHTHAL
ADAM WEINER
JAY FREEDMAN
IVAN BELLOTTO
KARLA BELLOTTO
JOSEPH STANSKY
RONEN GABBAY
DAVID SHABSELS
MICHAEL SHABSELS
GLYNIS CONYER
ALAN SMITH
BETON HOLDINGS LLC
JACOB LABOVITZ
KERRY LABOVITZ

**Insurers**

ALLIANZ GLOBAL CORPORATE & SPECIALTY

BROWN & BROWN OF GARDEN CITY, INC.

CHURCH MUTAL INSURANCE

FEDERAL INSURANCE COMPANY

MIDVALE INDEMNITY COMPANY

PHILADELPHIA INDEMNITY INSURANCE COMPANY

RSG UNDERWRITING

THE HARTFORD INSURANCE GROUP

THE TRAVELERS INDEMNITY COMPANY

**Proposed Acquiror**
CAMP ACHIM LLC

**Taxing Authorities/ Governmental/ Regulatory Agencies**
COMMONWEALTH OF PENNSYLVANIA
STATE OF NEW JERSEY DEPT OF LABOR A
CCH INCORPORATED
ANDERSEN TAX HOLDINGS LLC
CHESTER COUNTY TREASURER
CITY OF BETHLEHEM
INTERNAL REVENUE SERVICE
NEW YORK DEPT OF STATE
WAKE COUNTY REVENUE DEPT
COMMONWEALTH OF PENNSYLVANIA
HELLO BEE LLC
NORTH CAROLINA DEPARTMENT OF LABOR OSHA
WEST GOSHEN TOWNSHIP
SAN FRANCISCO TAX COLLECTOR
N.C. DEPARTMENT OF REVENUE
COMMONWEALTH OF PENNSYLVANIA
NORTH CAROLINA DEPT OF
DELAWARE DEPT OF LABOR
SPRINGFIELD TOWNSHIP
TREASURER LOWER MARION
EDGECOMBE COUNTY TAX COLLECTOR
ANDERSEN TAX LLC
PENNSYLVANIA HAZARDOUS MATERIAL
GALAXY US OPCO INC.
NORTH CAROLINA DEPARTMENT OF REVENUE
PENNSYLVANIA DEPARTMENT OF REVENUE
NEW HAMPSHIRE DIVISION OF EMERGENCY SERVICES AND COMMUNICATIONS
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
NORTH CAROLINA DEPARTMENT OF REVENUE
ILLINOIS DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
TOWN OF FRANCONIA
WAKE COUNTY REVENUE DEPARTMENT
CONNECTICUT DEPARTMENT OF REVENUE SERVICES

NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
PHILADELPHIA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
NYC DEPARTMENT OF FINANCE
CONNECTICUT DEPARTMENT OF REVENUE
MAINE REVENUE SERVICES
PENNSYLVANIA DEPARTMENT OF REVENUE
WAKE COUNTY REVENUE DEPARTMENT
CITY OF BETHLEHEM
ILLINOIS DEPARTMENT OF REVENUE,
NEW JERSEY DIVISION OF TAXATION,
NYS SALES TAX PROCESSING,
NORTH CAROLINA DEPARTMENT OF REVENUE
PA DEPARTMENT OF REVENUE
CITY OF BETHLEHEM
WEST GOSHEN
MECKLENBURG COUNTY
ANDERSEN TAX HOLDINGS LLC
ANDERSEN TAX LLC
ILLINOIS DEPT. OF REVENUE
MAINE REVENUE SERVICES
LANCASTER COUNTY
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
NORTH CAROLINA DEPT. OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
PENNSYLVANIA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NORTH CAROLINA DEPARTMENT OF REVENUE
CITY OF PHILADELPHIA – DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
DURHAM COUNTY, NC
PENNSYLVANIA DEPARTMENT OF REVENUE
COCALICO SCHOOL DISTRICT
NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE
(EASTERN) LEBANON COUNTY TREASURER
ILLINOIS DEPARTMENT OF REVENUE
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
NORTH CAROLINA DEPT. OF REVENUE
(EASTERN) LEBANON COUNTY TREASURER
NEW JERSEY DIVISION OF TAXATION
CONNECTICUT DEPT. OF REVENUE SERVICES
ILLINOIS DEPARTMENT OF REVENUE
PENNSYLVANIA DEPT. OF REVENUE
NEW JERSEY DIVISION OF TAXATION

MAINE REVENUE SERVICES
ILLINOIS DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
CONNECTICUT DEPARTMENT OF LABOR
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF NEW JERSEY UNCLAIMED PROPERTY DIVISION
MAINE DEPARTMENT OF THE SECRETARY OF STATE
STATE OF DEspPARTMENT OF ENVIRONMENTAL CONSERVATION
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NEW YORK ATTORNEY GENERAL
NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE
EEOC PHILADELPHIA DISTRICT OFFICE
ENVIRONMENTAL PROTECTION AGENCY
STATE OF CONNECTICUT UNCLAIMED PROPERTY DIVISION
STATE OF NORTH CAROLINA UNCLAIMED PROPERTY PROGRAM
SECURITIES AND EXCHANGE COMMISSION - REGIONAL OFFICE
STATE OF NORTH CAROLINA ATTORNEY GENERAL
MAINE SECRETARY OF STATE
SECRETARY OF STATE-ILLINOIS
STATE OF ILLINOIS ATTORNEY GENERAL
DELAWARE SECRETARY OF STATE
SECRETARY OF STATE NEW JERSEY
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
NORTH CAROLINA SECRETARY OF STATE
STATE OF CONNECTICUT ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION AGENCY
STATE OF NORTH CAROLINA ATTORNEY GENERAL
STATE OF PENNSYLVANIA ATTORNEY GENERAL
STATE OF PENNSYLVANIA BUREAU OF CONSUMER PROTECTION
NEW HAMPSHIRE DEPARTMENT OF REVENUE ADMINISTRATION
SECRETARY OF STATE NORTH CAROLINA
NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE-ILLINOIS INTERNAL REVENUE SERVICE
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY REGION 2 RCRA
PROGRAMS BRANCH
UNITED STATES ENVIRONMENTAL AND PROTECTION AGENCY BUREAU OF
SOLID
WASTE MANAGEMENT
ILLINOIS SECRETARY OF STATE
STATE OF ILLINOIS ATTORNEY GENERAL
EEOC NEW YORK DISTRICT OFFICE
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION
STATE OF ILLINOIS UNCLAIMED PROPERTY DIVISION
ILLINOIS SECRETARY OF STATE
NORTH CAROLINA DEPARTMENT OF LABOR

NEW YORK DEPARTMENT OF LABOR
STATE OF MAINE ATTORNEY GENERAL
STATE OF NEW YORK CONSUMER PROTECTION DIVISION
DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRY
STATE OF CONNECTICUT CONSUMER PROTECTION DIVISION
ILLINOIS SECRETARY OF STATE
EEOC BUFFALO LOCAL OFFICE
EEOC PITTSBURGH AREA OFFICE
PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION
STATE OF CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION (DEEP)
STATE OF MAINE UNCLAIMED PROPERTY DIVISION
EEOC NEWARK AREA OFFICE
STATE OF PENNSYLVANIA DEPT OF ENVIRONMENTAL PROTECTION
SECRETARY OF STATE CONNECTICUT
NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN RESOURCES
SECRETARY OF STATE PENNSYLVANIA
SECRETARY OF STATE NEW YORK
STATE OF NEW YORK UNCLAIMED PROPERTY DIVISION
STATE OF PENNSYLVANIA UNCLAIMED PROPERTY DIVISION
STATE OF NEW JERSEY ATTORNEY GENERAL
NEW JERSEY DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
STATE OF NEW JERSEY CONSUMER AFFAIRS DIVISION
MAINE DEPARTMENT OF LABOR
DURHAM COUNTY ENGINEERING AND ENVIRONMENTAL SERVICES UTILITIES DIVISION
COLORADO DEPARTMENT OF REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE
HARTFORD DEPARTMENT OF REVENUE SERVICES
DISTRICT OF COLUMBIA
CITY OF GREENVILLE
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
GREELEY SALES TAX DIVISION
D.C. OFFICE OF TAX & REVENUE
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CONNECTICUT DEPT. OF REVENUE SERVICES
STATE OF CONNECTICUT ATTORNEY GENERAL
OFFICES OF THE UNITED STATES ATTORNEYS
WASHINGTON DC ATTORNEY GENERAL
WAYNE COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY
WESTCHESTER COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
PUTNAM COUNTY, NY COUNTY CONSUMER PROTECTION AGENCY
WASHINGTON COUNTY, PA COUNTY CONSUMER PROTECTION AGENCY

CITY OF GREELEY TAX DEPARTMENT
CITY OF HARTFORD
CITY OF KENT
CITY OF GREENVILLE
COLORADO DEPARTMENT OF REVENUE
DC OFFICE OF FINANCE AND TREASURY
CITY OF WASHINGTON
CONNECTICUT OFFICE OF THE TREASURER
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
CITY OF LAKEWOOD-FINANCE DEPT.
GREENVILLE BOROUGH TAX COLLECTOR
CONNECTICUT COMMISSIONER OF REVENUE SERVICES
SOUTH STRABANE TOWNSHIP
NORTH FRANKLIN TOWNSHIP
TOWN OF WINDSOR
WAYNE COUNTY, PA AUDITOR
WASHINGTON TOWNSHIP TREASURER
NORTH FRANKLIN TOWNSHIP
TOWN OF BERLIN
THE DC OFFICE OF TAX AND REVENUE
WASHINGTON COUNTY TREASURER
TOWN OF HAMDEN
MONMOUTH COUNTY NJ COUNTY CONSUMER PROTECTION AGENCY
CONNECTICUT DEPARTMENT OF REVENUE SERVICES
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK WHITE PLAINS
TOWN OF CATSKILL
TOWN OF THOMPSON
TOWN OF LAKE FOREST
HENDERSONVILLE COUNTY
TOWN OF MERRILL
MANALAPAN TOWNSHIP
BRUNSWICK TOWNSHIP
BURLINGHAM TOWN
GREEN LANE BOROUGH
FRYEBURG TOWN OFFICE
STARRUCCA BOROUGH TAX COLLECTOR
GLEN SPEY TOWN
LONG VALLEY
TOWN OF GUILFORD
SWAN LAKE
TOWN OF BELGRADE
TOWN OF POLAND
TOWN OF EATON

**U.S. Trustee Office**
ADELA ALFARO

ANGELIZA ORTIZ-NG
DANIEL C. KROPIEWNICKI
DAVID GERARDI
FRAN B. STEELE
FRANCYNE D. ARENDAS
JAMES STIVES
JEFFREY SPONDER
KIRSTEN K. ARDELEAN
LAUREN BIELSKIE
MICHAEL ARTIS
PETER J. D'AURIA
RACHEL WOLF
SAMANTHA LIEB
SAVANNA CRUZ
TIA GREEN
TINA L. OPPELT
WILLIAM J. ZIEMER

**Utilities**
8X8, INC.
AMPION
ARCHIE'S INC.
AT&T WIRELESS
AXIOM
BANNON'S SANITATION
BLUE RIDGE
CASELLA WASTE
CASELLA WASTE / PINE TREE
CASSELLA
CASTELLA WASTE
CENTRAL MAINE POWER
CENTRAL MAINE POWER
CENTRAL MAINE POWER (CMP)
COMCAST
COMCAST BUSINESS
COMCAST/XFINITY
COMED
CON EDISON
CONSOLIDATED EDISON
DIRECT FIBER
DUMPSTER NORTH CONWAY INCINERATOR
ELECTRIC CENTRAL MAINE POWER
EVERSOURCE
EVERSOURCE ENERGY
FERREL GAS
FIRMSTONE OIL

FIRST ENERGY (PENELEC)
FIRST LIGHT
FIRSTLIGHT FIBER
FOURLEAF VOICE
FOWLER
GAS DEAD RIVER COMPANY
GORDONS CORNER
GRANITE STATE COMMUNICATIONS
GREGORY’S DISPOSAL
HELIX TELECOM INC.
HIGHHOUSE ENERGY
INTERNET/PHONES CAMP
JCP&L
JCPL
MAINE WATER CO
NEWTEL
NJNG
NORTH SHORE GAS
NYSEG
OOMA
OPTIMUM
OPTIMUM CABLE
ORANGE & ROCKLAND
PECO
PENELEC
PENELEC (FIRST ENERGY)
PPL
PSE&G
REPUBLIC SERVICES
RINGCENTRAL
SANICO
SIPTRUNK
SLIC
SOUTH BRUNSWICK WATER UTILITY
SPECTRUM
SPECTRUM BUSINESS
SPECTRUM MOBILE
STARLINK
SUBURBAN PROPANE
TELESYS AND STARLINK
THOMPSON SANITATION
TOWN OF GREENBURGH
TOWN OF HILLSBOROUGH
UBIQUITI
UNIFI PROTECT
VERIZON

VERIZON BUSINESS
VERIZON WIRELESS VONAGE
WASTE MANAGEMENT
WASTE MANAGEMENT
WASTE MANAGEMENT OF NEW HAMPSHIRE
WASTE MANAGEMENT OF NEW JERSEY, INC.
WELSH SANITATION SERVICE
WIN WASTE INNOVATIONS
ZOOM

**Vendors**
ABBIE SOPHIA, LLC
AIFS CAMP AMERICA
AMUSEMENT SUPPLY CO
B&B ELECTRIC, LLC
BD CAMP TRIPS
BERNAS CONSTRUCTION LLC
BMA CONTRACTING, INC
BROWN COACH, INC.
CAMP LEADERS (SMALLER EARTH LIMITED)
CAROLINA GOLF CARS
CAROLINA LANDSCAPE MANAGEMENT
CBH ELECTRIC INC
COUNTY LINE SHEDS
CRUSTERS
CUSTOM POOLS & SPAS
DRISCOLL FOODS
FRANKEL DISPOSABLES B
FRANKEL DISPOSABLES G
GZA INC.
HALES BUS GARAGE
HOFFMAN PRODUCTIONS, INC
HOME DEPOT CREDIT SERVICES
IENA
IVY OAKS
IVY OAKS ANALYTICS
JOHN ROSS, INC
KOSHERLINE LLC
LOWE’S
MTC DJ SERVICE
NYSIF WORKERS’ COMPENSATION
OXFORD HEALTH PLANS
POLJAK ASSOCIATES
POND HILL RANCH
ROYAL KOSHER B
RYCHIK DESIGN & CONSTRUCTION CO., INC.

SIMPLY SUSHI
TRI STA
TE BUSSING LLC
UPSTATE DAIRY/ GOLDEN FLOW- BOYS KITCHEN
WATERMARK LANDSCAPE ARCHITECTURE
WYDE LUMBER & SUPPLY

# SCHEDULE 2

## Known Connections[1]

- In the ordinary course of its financial advisory practice, M3 Advisory Partners, LP or its senior professionals (collectively, "M3 Partners") have recently had and/or currently have relationships with various law firms, accounting firms, financial advisory firms, claims agents, and other professionals and service providers, as well as affiliates of the foregoing who are listed on Schedule 1 (the "Debtor Disclosure Schedule") as parties-in-interest in these proceedings (each, an "Ancillary Entity"). Such relationships have included, among other things, M3 Partners or its senior professionals serving as an advisor to clients in engagements where (a) such client was or is represented by one or more Ancillary Entities or (b) one or more Ancillary Entities has represented or currently represents one or more parties-in-interest who are not clients of M3 Partners. Additionally, certain of the Ancillary Entities may have retained, or been retained by M3 Partners and its affiliates, in the recent past with respect to matters unrelated to the Debtors and their bankruptcy cases. The Persons shown on the Debtor Disclosure Schedule who constitute (or whose affiliates constitute) Ancillary Entities include, without limitation, Andersen Tax LLC / Andersen Tax Holdings LLC; Cole Schotz P.C.; FTI Consulting, Inc.; and Kroll Restructuring Administration. To the best knowledge of the senior professionals at M3 Partners on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 Partners currently has or recently has had relationships with various bank and non-bank lenders, trustees, other financial institutions acting in various capacities, and other equity and debt financing sources, as well as affiliates of any of the foregoing, who are listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings (collectively, the "Financial Institutions"). Such relationships may include, among other things, (a) a direct relationship between M3 Partners and one or more of the Financial Institutions, (b) M3 Partners advising Persons who themselves have relationships with such Financial Institutions and (c) M3 Partners being involved in a proceeding or other engagement in which one or more Financial Institutions was separately a party-in-interest (the parties-in-interest described in clauses (a), (b) and (c) collectively, "Ancillary Institutions"). Such Ancillary Institutions include, without limitation: Bank of America; Chase Bank; Entergy; First Citizens Bank; First Financial Bank; Metropolitan Partners

[1] References in this Schedule to parties-in-interest with which M3 Partners currently has or recently has had relationships in any category described above are not exclusive and the party-in-interest or an affiliate thereof also may have other relationships with M3 Partners in the same or other categories without specific identification. All disclosures contained herein are made to the knowledge of M3 Partners based upon parties-in-interest disclosures provided in various engagements and other information of which the senior professionals at M3 Partners have actual knowledge. For purposes of this Schedule, the term "Persons" shall include entities and natural persons and any reference to a specific Person shall be deemed to also be a reference to affiliates of such Person.

Group Management, LLC / Metropolitan Partners Group Administration, LLC; TD Bank; and Wayne Bank. To the best knowledge of the senior professionals at M3 Partners on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- M3 Partners currently purchases or recently has purchased goods and services in the ordinary course of business and in the open market from vendors who are listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. Similarly, clients of M3 Partners, and debtors and parties-in-interest with respect to matters in which M3 Partners is currently involved or recently has been involved in various capacities, also purchase or recently have purchased, or sell or recently have sold, goods and services in the ordinary course of business and in the open market from or to certain of the Persons listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. To the best knowledge of the senior professionals at M3 Partners on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings. M3 Partners currently serves or recently has served as a financial advisor to various Persons which have (a) purchased, or currently purchase, insurance (including, without limitation, health and similar insurance), suretyship, employment benefits services (including, without limitation, as third-party administrator), or utilities from, (b) leased property or assets from landlords or lease counterparties who are, or (c) recently have been or are subject to the taxing or other regulatory authority of, Persons listed on the Debtor Disclosure Schedule as parties-ininterest to these proceedings. In addition, M3 Partners itself purchases or has recently purchased insurance, suretyship, employment benefits services or utilities from, or currently or recently has leased property or assets from, or is or recently has been subject to the taxing or other regulatory authority of, Persons who are listed on the Debtor Disclosure Schedule as parties-in-interest to these proceedings. To the best knowledge of the senior professionals at M3 Partners on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

- In the ordinary course of its business, M3 Partners provides services to Persons currently or recently conducting, or involved in, bankruptcy proceedings in various federal bankruptcy courts in the United States. In connection with these proceedings and otherwise in the ordinary course of its business, M3 Partners interacts with Judges of the United States Bankruptcy Courts and personnel of the Office of the United States Trustee in various jurisdictions, including, without limitation, those of the District of New Jersey. To the best knowledge of the senior professionals at M3 Partners on the date hereof, such relationships have been unrelated to the Debtors, do not create interests adverse to the Debtors and are not in connection with these proceedings.

# <u>EXHIBIT C</u>

## Indemnification Provisions

**AGREEMENTS REGARDING INDEMNIFICATION**

In consideration of M3 Partners performing the Services for the benefit of the Committee, the Debtors (the "Indemnitor") shall indemnify M3 Partners and its affiliates, equity holders, partners, directors, employees, agents, representatives and contractors, including past, present or future partners, principals and personnel of each (collectively hereinafter called the "Indemnitees") against all costs, fees, expenses, damages, and liabilities (including defense costs) associated with any pending or threatened claim, action, proceeding or investigation (a "Claim") relating to or arising as a result of the Engagement or the provision of the Services, the Committee's use or disclosure of the Deliverables, or this Agreement ("Losses"). This provision is intended to apply regardless of the nature of any Claim (including contract, statute, any form of negligence, whether of the Committee, M3 Partners, or others, tort, strict liability or otherwise), except to the extent such Losses are determined by a final and non-appealable judgment of a court of competent jurisdiction to be the result of M3 Partners' bad faith, gross negligence or willful misconduct.

The Indemnitor shall not, without M3 Partners' prior written consent (which will not be unreasonably withheld), settle, compromise, or consent to the entry of any judgment in any pending or threatened Claim in respect of which indemnification could reasonably be sought hereunder (whether or not M3 Partners or any other Indemnitee is an actual or potential party to such Claim), if such settlement, compromise, or consent does not include an unconditional release of each Indemnitee from all liability arising out of such Claim; provided, however, that the Indemnitor shall not enter into any such settlement, compromise or consent of a Claim without M3 Partners' prior written consent (which may be granted or withheld in M3 Partners' sole discretion) if such settlement, compromise or consent provides for injunctive relief against an Indemnitee or an admission of liability by an Indemnitee or would require payment of any amount by an Indemnitee or any insurer of an Indemnitee. The Indemnitor shall not be liable hereunder to any Indemnitee for any amount paid or payable in the settlement of any action, proceeding or investigation entered into by such Indemnitee without the Indemnitor's written consent.

Upon receipt by an Indemnitee of actual notice of a Claim against such Indemnitee in respect of which indemnity may be sought hereunder, such Indemnitee shall promptly notify the Indemnitor with respect thereto. In addition, an Indemnitee shall promptly notify the Indemnitor after any action is commenced against such Indemnitee in respect of which indemnity may be sought hereunder. In any event, failure to notify the Indemnitor shall not relieve the Indemnitor from any liability which the Indemnitor may have on account of this indemnity or otherwise, except to the extent, and only to the extent, that the Indemnitor shall have been materially prejudiced by such failure.

Indemnitor shall advance all expenses indemnifiable hereunder that are reasonably incurred by or on behalf of each Indemnitee in connection with any Claim within thirty (30) days after receipt by Indemnitor of a statement or statements from Indemnitee requesting such advance or advances from time to time, whether prior to or after final disposition of such Claim. Such statement or statements shall reasonably evidence the expenses incurred by Indemnitee and shall include or be preceded or accompanied by a written undertaking by or on behalf of Indemnitee to repay any expenses advanced if it shall ultimately be determined by a final and non-appealable judgment of a court of competent jurisdiction that Indemnitee is not entitled to be indemnified

against such expenses. Any advances and undertakings to repay pursuant to this paragraph shall be unsecured and interest free.

To the extent that the Indemnitor so elects, it shall be entitled to assume the defense, with counsel selected by the Indemnitor (and approved by M3 Partners, with such approval not to be unreasonably withheld), of any action that is the subject of the Claim in respect of which indemnity may be sought. After notice to the Indemnitees of its election to assume the defense thereof, the Indemnitor will not be liable to the Indemnitee under this Agreement for any expenses subsequently incurred by such Indemnitee in connection with the defense thereof except as otherwise provided below. Notwithstanding the foregoing, each Indemnitee shall have the right to employ separate counsel with respect to any Claim and participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such Indemnitee, unless: (i) the Indemnitor has failed promptly to assume the defense and employ counsel or (ii) such Indemnitee shall have been advised by counsel that there may be one or more legal defenses available to it which are different from or in addition to those available to other parties to such Claim; provided that the Indemnitor shall not in such event be responsible hereunder for the fees and expenses of more than one separate counsel in connection with any Claim in the same jurisdiction, in addition to any local counsel.

In the event that the foregoing indemnity is not available to an Indemnitee pursuant to the requirements of applicable law, the Indemnitor shall contribute to the liabilities and expenses paid or payable by such Indemnitee in such proportion as is appropriate to reflect (i) the relative benefits to the Indemnitor, on the one hand, and to M3 Partners, on the other hand, of the matters contemplated by this Agreement, or (ii) if the allocation provided by the immediately preceding clause is not permitted by applicable law, not only such relative benefits but also the relative fault of the Indemnitor, on the one hand, and M3 Partners, on the other hand, in connection with the matters as to which such liabilities or expenses relate, as well as any other relevant equitable considerations.

Neither M3 Partners nor any other Indemnitee shall have any liability (whether direct or indirect and regardless of the legal theory advanced) to the Committee or any person or entity asserting claims on behalf of or in right of the Committee caused by, relating to, based upon or arising out of (directly or indirectly) this Agreement or the Engagement, except for losses, claims, damages, penalties or liabilities incurred by the Committee which are finally determined by a nonappealable judgment of a court of competent jurisdiction to have resulted primarily and directly from the bad faith, willful misconduct or gross negligence of M3 Partners or any such other Indemnitee. In no event shall M3 Partners or any other Indemnitee be liable to the Committee or its affiliates, successors, or any person claiming on behalf of or in the right of the Committee for (i) any amount which, when taken together with all losses for which M3 Partners and the Indemnitee are liable in connection with this Agreement or the Engagement, would exceed the amount of fees for the Services actually received by M3 Partners from the Committee in connection with the Engagement during the immediately preceding 12 months or (ii) any special, consequential, incidental or exemplary damages or loss (or any lost profits, savings or business opportunity).

In the event that any M3 Partners personnel are requested or required to appear as a witness in connection with any claim, action or proceeding relating to or arising as a result of the Engagement or the provision of the Services, the Committee's use or disclosure of the

Deliverables, or this Agreement, the Indemnitor shall, to the extent permitted by applicable law, reimburse M3 Partners for all reasonable and documented out-of-pocket expenses incurred by it in connection with such personnel appearing and preparing to appear as a witness, including the reasonable fees and disbursements of its legal counsel, and to compensate M3 Partners at a rate equal to M3 Partners' then standard hourly rate for the relevant personnel for each day that such personnel is involved in preparation, discovery proceedings or testimony pertaining to such Claim.

The provisions of this Exhibit C shall (a) be deemed to be an integral part of the retention of M3 Partners, (b) survive the termination or expiration of such retention for any reason, (c) inure to the benefit of any successors, assigns, heirs or personal representative of any Indemnitee and (d) be in addition to any other rights available to an Indemnitee under applicable law. The provisions of this Exhibit C shall be binding upon the Committee, the Indemnitor, and their respective successors and assigns.

# **Exhibit B**

Certification of Robert Winning

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**ROBINSON & COLE LLP**
Evan M. Lazerowitz (063232013)
Rachel Jaffe Mauceri (038102001)
Brya M. Keilson (022502004)
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: elazerowitz@rc.com
Email: rmauceri@rc.com
Email: bkeilson@rc.com

**MCDERMOTT WILL & SCHULTE LLP**
Darren Azman (admitted *pro hac vice*)
Kristin K. Going (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
Email: kgoing@mcdermottlaw.com

**MCDERMOTT WILL & SCHULTE LLP**
Rachel Biblo Block (admitted *pro hac vice*)
2801 North Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone: (214) 295-8000
Email: rbibloblock@mcdermottlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

| | |
|---|---|
| In re:<br><br>SIMAD HOLDINGS LTD., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-16388 (CMG)<br><br>(Jointly Administered) |

## CERTIFICATION OF ROBERT WINNING

Robert Winning, under penalty of perjury, certifies as follows:

1 A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/SIMAD. The location of Debtor SIMAD Holdings Ltd.'s principal place of business and the Debtors' service address in these chapter 11 cases is 50 Quality Street, #110357, Trumbull, CT 06611.

1. I am a Managing Director at M3 Advisory Partners, LP ("M3 Partners") and am duly authorized to execute this declaration on behalf of M3 Partners with its principal office located at 1700 Broadway, 19th Floor, New York NY 10019

2. I respectfully submit this certification in support of the *First Interim Application for Compensation for Services Rendered and Reimbursement of Expenses of M3 Advisory Partners, LP as Financial Advisors to the Official Committee of Unsecured Creditors for the Period from July 10, 2026 through October 31, 2026* (the "Application").

3. In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any professional of my firm has entered into any agreement, written or oral, express or implied, with the Debtors, any creditor, or any other party in interest, or any professional of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4. In accordance with § 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any professional thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Debtors herein, nor will any division of fees prohibited by § 504 of the Bankruptcy Code be made by me, or any partner or associate of my firm.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Date: November 16, 2026

**M3 ADVISORY PARTNERS, LP**

*/s/ Robert Winning*
Robert Winning